# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Joint Administration Requested) |

## DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT, (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING RELATED RELIEF, INCLUDING SETTING A FINAL HEARING RELATED THERETO

The above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for the entry of interim and final orders, substantially in the form attached hereto as **Exhibit A** (the "Interim Order") and **Exhibit B** (the "Final Order," and together with the Interim Order, the "Proposed Orders"), pursuant to sections 105(a) and 366(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) prohibiting the Debtors' utility service providers from altering, refusing, or discontinuing utility services on account of non-payment for any prepetition services; (ii) deeming the Debtors' utility service providers adequately assured of future payment; (iii) establishing procedures for determining additional adequate assurance of future payment and authorizing the Debtors to provide additional adequate assurance of future payment to their utility service providers; and (iv) granting related relief. In support of this Motion, the Debtors rely upon and

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

incorporate by reference the *Declaration of Carol Brault in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[2] filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief sought herein are sections 105(a) and 366 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004.

## BACKGROUND

### A.      General Background

3.      On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

appointed in the Chapter 11 Cases and no request has been made for the appointment of a trustee or an examiner.

4.      Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the First Day Declaration.

**B.      Utility Companies and Utility Services**

5.      In connection with the operation of their businesses, various utility companies (each, a "<u>Utility Company</u>," and collectively, the "<u>Utility Companies</u>") provide telecommunications and internet connectivity services (collectively, the "<u>Utility Services</u>") to the Debtors.  Attached hereto as **<u>Exhibit C</u>**[3] is a list (the "<u>Utility Service List</u>") of Utility Companies providing services to the Debtors as of the Petition Date.  The provision of services by the Utility Companies supports the Company's fully remote work environment and permit the Company's management and employees to remain connected to carry out all operational tasks.  Without the continued provision of services from the Utility Companies, the Debtors could not operate their businesses.  Thus, any interruption in such services would disrupt the Debtors' day-to-day operations and undermine their chapter 11 efforts.

6.      In general, the Debtors have established a good payment history with the Utility Companies, making payments on a regular and timely basis.  Historically, the Debtors have paid, on average over the past year, approximately $4,350.00 per month on account of the Utility Services.

---

[3]  The Debtors have endeavored to identify all of the Utility Companies on the Utility Services List.  However, inadvertent omissions may have occurred, and any omission from the Utility Services List of any entity providing Utility Services to the Debtors shall not be construed as an admission, waiver, acknowledgement, or consent that section 366 of the Bankruptcy Code does not apply to such entity.  In addition, the Debtors reserve the right to assert that any of the entities now or hereafter included on the Utility Service List are not "utilities" within the meaning of section 366(a) of the Bankruptcy Code.

29864735.8

## RELIEF REQUESTED

7.      By this Motion, the Debtors request that the Court enter the Proposed Orders: (i) prohibiting the Utility Companies from altering, refusing, or discontinuing the Utility Services on account of non-payment for any prepetition services, including the making of demands for security deposits or accelerated payment terms; (ii) determining that the Debtors have provided each of the Utility Companies with "adequate assurance of payment" within the meaning of section 366 of the Bankruptcy Code ("Adequate Assurance"), based on the Debtors' establishment of a segregated account in the amount of $2,175.00, which equals approximately 50% of the Debtors' estimated monthly cost of the Utility Services subsequent to the Petition Date; (iii) establishing procedures for determining additional adequate assurance of future payment, if any, and authorizing the Debtors to provide additional adequate assurance of future payment to the Utility Companies (the "Assurance Procedures"); and (iv) granting related relief, including setting a final hearing (the "Final Hearing") on the proposed Adequate Assurance and Assurance Procedures.

## BASIS FOR RELIEF

8.      The termination or cessation (even if only temporary) of any of the Utility Services will result in disruption to the Debtors' businesses and increase the risk of diminished revenue and profits. Any interruption of the Utility Services would impair the Debtors' efforts to maximize the value of their estates and to successfully prosecute the Chapter 11 Cases. Therefore, it is critically important that the Utility Services continue without disturbance.

9.      Section 366 of the Bankruptcy Code provides that, in a chapter 11 case, during the initial thirty (30) days after the commencement of the case, utilities may not alter, refuse, or discontinue service to, or discriminate against, a debtor solely on the basis of the commencement

of its case or the existence of prepetition debts owed by the debtor.[4]  In a chapter 11 case, following the thirty-day period under section 366(c) of the Bankruptcy Code, utilities may discontinue service to the debtor if the debtor does not provide adequate assurance of future payment of its postpetition obligations in a form that is satisfactory to the utility, subject to the Court's ability to modify the amount of adequate assurance.  11 U.S.C. § 366(c)(2).

10.    The Debtors intend to pay in the ordinary course of business undisputed postpetition charges for the Utility Services when such charges become due.  Nonetheless, to provide adequate assurance of payment for future services to the Utility Companies under section 366 of the Bankruptcy Code, the Debtors propose to deposit a sum of $2,175.00 (the "Utility Deposit"), which represents approximately 50% of the Debtors' estimated aggregate monthly cost for the Utility Services subsequent to the Petition Date, into a segregated account within twenty (20) days of the Petition Date, to be maintained during the pendency of the Chapter 11 Cases in the manner provided for herein and in the Proposed Orders.

11.    While section 366(c)(1)(A) enumerates the types of security which may be provided as adequate assurance of payment,[5] the Court has discretion to determine the amount of the adequate

---

[4]  There is an apparent discrepancy between subsections (b) and (c) of section 366 of the Bankruptcy Code because these two subsections set forth different time periods during which a utility is prohibited from altering, refusing or discontinuing utility service.  Specifically, section 366(b) of the Bankruptcy Code allows a utility to alter, refuse or discontinue service "if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment," while section 366(c)(2) of the Bankruptcy Code allows a utility in "a case filed under chapter 11 . . . to alter, refuse or discontinue service" to a chapter 11 debtor "if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service[.]"  11 U.S.C. § 366(b)–(c) (emphasis added).

Under the statutory construction canon *lex specialis derogut legi generali* ("specific language controls over general"), the language of section 366(c)(2) controls here because the Debtors filed petitions under chapter 11 of the Bankruptcy Code.  *See* 3 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 366.03 (16th ed. 2021) ("It is unclear how the 30-day period [in section 366(c)(2) of the Bankruptcy Code] meshes with the normal 20-day period in section 366(b).  The better view is that, because section 366(c) is more specifically applicable to chapter 11 cases, the 30-day period, rather than the 20-day period in section 366(b), should apply.").

[5]  Section 366(c)(1)(A) provides that "assurance of payment" may be in the form of a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment of utility consumption, or another form of security that is mutually agreed on between the utility and the debtor.  11 U.S.C. § 366(c)(1)(A).

29864735.8

assurance.  It is well established that the requirement that a utility receive adequate assurance of

payment does not require a guarantee of payment.  Instead, section 366 of the Bankruptcy Code

serves to prevent exposing the utility to an unreasonable risk of nonpayment.

12.     The Debtors submit that the Utility Deposit constitutes sufficient adequate assurance

to the Utility Companies.  However, the Debtors seek to establish the Assurance Procedures under

which a Utility Company may request additional adequate assurance of payment (an "Additional

Assurance Request") if it believes additional assurance is required.   The proposed Assurance

Procedures are as follows:

> a.     Within two (2) business days of the date the Interim Order is
> docketed, the Debtors will mail a copy of the Interim Order to the Utility
> Companies on the Utility Service List;
>
> b.     If a Utility Company is not satisfied with the proposed Adequate
> Assurance and seeks additional assurance of payment in the form of a
> deposit, letter of credit, prepayment, or otherwise, it must serve an
> Additional Assurance Request upon (i) the Debtors, 1751 Berkeley Street,
> Studio 3, Santa Monica, CA 90404, Attn: Brian Smith; (ii) proposed counsel
> to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square,
> 1000 North King Street, Wilmington, DE 19801, Attn: Allison S. Mielke,
> Esq. (amielke@ycst.com) and Joshua B. Brooks, Esq. (jbrooks@ycst.com);
> (iii) counsel to any statutory committee appointed in the Chapter 11 Cases;
> and (iv) counsel to the DIP Lender, Cooley LLP, 110 N. Wacker Drive, Suite
> 4200, Chicago, IL 60606, Attn:  Eric E. Walker, Esq. (ewalker@cooley.com)
> and Morris, Nichols, Arsht & Tunnell LLP, 2101 North Market Street, 16th
> Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn:  Derek Abbott,
> Esq.   (dabbott@morrisnichols.com)   and   Curtis   Miller,   Esq.
> (cmiller@morrisnichols.com) (collectively, the "Notice Parties");
>
> c.     Each Additional Assurance Request must (i) be made in writing;
> (ii) set forth all location(s) for which utility services are provided and the
> relevant account number(s); and (iii) identify and explain the basis of the
> Utility Company's proposed adequate assurance requirement under section
> 366(c)(2) of the Bankruptcy Code;
>
> d.     Upon the Notice Parties' receipt of an Additional Assurance Request
> at the addresses set forth in subparagraph (b) above, the Debtors shall
> promptly negotiate with such Utility Company to resolve such Utility
> Company's Additional Assurance Request;

e.      If the Debtors determine that a timely received Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the applicable Utility Company, the Debtors shall, upon reasonable notice, calendar the matter (the "Adequate Assurance Dispute") for the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code;

f.      Pending resolution of any such Adequate Assurance Dispute, any such Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services, the filing of the Chapter 11 Cases, or any objection to the adequacy of the proposed Adequate Assurance;

g.      The Debtors may, in their discretion, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Company without further notice to the Court or any other party in interest and may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of the Court to the extent the Debtors believe that such additional assurance is reasonable in the exercise of their business judgment and the Debtors may, by mutual agreement with the objecting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by any amount allocated to such Utility Company; and

h.      If any utility account with a Utility Company is closed during the Chapter 11 Cases (a "Closed Account"), the Debtors may, in their discretion, and without further order of the Court, reduce the Utility Deposit by an amount not exceeding, for each Closed Account, the amount deposited with respect to such Closed Account; *provided* that the Debtors shall have paid such Utility Company in full for any outstanding postpetition Utility Services with respect to the Closed Account before reducing the Utility Deposit.

13.      In addition to establishing the Assurance Procedures, the Debtors request a Final Hearing on this Motion to be held within twenty-five (25) days of the Petition Date to ensure that the Debtors will have the opportunity to request that the Court modify the Assurance Procedures in time to avoid any potential termination of the Utility Services should a Utility Company argue that it can unilaterally refuse service to the Debtors on the thirty-first (31st) day after the Petition Date.

14.      It is possible that, despite the Debtors' efforts, the Debtors have not yet identified or included certain Utility Companies on the Utility Service List (each, an "Additional Utility

Company," and collectively, the "Additional Utility Companies").  Thus, promptly upon the discovery of an Additional Utility Company and with notice to the DIP Lender, the Debtors will increase the Utility Deposit by an amount equal to approximately 50% of the Debtors' estimated aggregate monthly utility expense for each Additional Utility Company subsequent to the Petition Date.  In addition, the Debtors request that the Court direct the terms of the Proposed Orders (including the Assurance Procedures) be applicable to the Additional Utility Companies once entered by the Court.

15.     The Debtors submit that none of the Utility Companies will be prejudiced by the suggested means of providing adequate assurance of payment for postpetition Utility Services, and that such means are in the best interest of the Debtors' estates and creditors.  Moreover, it is essential that the Utility Services remain uninterrupted to support the Debtors' efforts in the Chapter 11 Cases.  Therefore, the relief requested herein is necessary and in the best interests of the Debtors' estates and creditors.  Such relief ensures that the Debtors' business operations will not experience any unexpected or inopportune interruption at the hands of the Utility Companies during the pendency of the Chapter 11 Cases, and provides the Utility Companies and the Debtors with an orderly, fair procedure for determining "adequate assurance" of payment.

16.     For the foregoing reasons, the Debtors believe that granting the relief requested herein is appropriate and in the best interests of their estates and creditors.

## SATISFACTION OF BANKRUPTCY RULE 6003

17.     Pursuant to Bankruptcy Rule 6003(b), any motion of the Debtors seeking to use property of the estate pursuant to section 363 of the Bankruptcy Code or to satisfy prepetition claims within twenty-one (21) days of the Petition Date must demonstrate that such relief "is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003(b).  As set forth throughout this

Motion, any disruption of the Utility Services would substantially obfuscate the Debtors' efforts in the Chapter 11 Cases to preserve and maximize the value of their estates and directly undermine the Debtors' ability to operate their businesses.

18.     For this reason and those set forth above, the Debtors respectfully submit that the bases asserted in this Motion satisfy Bankruptcy Rule 6003(b) and demonstrate that the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

### REQUEST FOR WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

19.     Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As set forth throughout this Motion, if the provision of Utility Services is interrupted, the Debtors stand to suffer great harm and obstruction of their efforts to successfully administer the Chapter 11 Cases.  For this reason and those set forth above, the Debtors submit that ample justification exists to waive the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable to the Proposed Orders.

20.     To implement the foregoing immediately, the Debtors also respectfully request a waiver of the notice requirements of Bankruptcy Rule 6004(a), to the extent they are deemed applicable to the Proposed Orders.

### RESERVATION OF RIGHTS

21.     Nothing in the Proposed Orders or this Motion: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the

validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Utility Company; or (iv) shall be construed as a promise to pay a claim.

## **NOTICE**

22.     Notice of this Motion has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (iii) counsel to the Debtors' prepetition secured lender; (iv) counsel to the DIP Lender; (v) the Internal Revenue Service; (vi) the U.S. Securities and Exchange Commission; and (vii) the Utility Companies.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

29864735.8

## CONCLUSION

WHEREFORE, the Debtors request that the Court enter the Proposed Orders, granting the

relief requested herein and such other and further relief as is just and proper.

Dated:    December 2, 2022          YOUNG CONAWAY STARGATT & TAYLOR, LLP
          Wilmington, Delaware

                                    */s/ Joshua B. Brooks*
                                    Michael R. Nestor (No. 3526)
                                    Matthew B. Lunn (No. 4119)
                                    Allison S. Mielke (No. 5934)
                                    Joshua B. Brooks (No. 6765)
                                    Shella M. Borovinskaya (No. 6758)
                                    Rodney Square
                                    1000 North King Street
                                    Wilmington, Delaware 19801
                                    Telephone:  (302) 571-6600
                                    Facsimile:  (302) 571-1253
                                    Email:  mnestor@ycst.com
                                            mlunn@ycst.com
                                            amielke@ycst.com
                                            jbrooks@ycst.com
                                            sborovinskaya@ycst.com

                                    *Proposed Counsel to the Debtors and*
                                    *Debtors in Possession*

29864735.8

11

## EXHIBIT A

**Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ___** |

**INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES
FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES,
(II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE
PAYMENT, (III) ESTABLISHING PROCEDURES FOR DETERMINING
ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING
RELATED RELIEF, INCLUDING SETTING A FINAL
HEARING RELATED THERETO**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") for the entry of interim and final orders,

pursuant to sections 105(a) and 366(b) of the Bankruptcy Code, (i) prohibiting the Utility

Companies from altering, refusing, or discontinuing Utility Services on account of non-payment

for prepetition services; (ii) deeming the Utility Companies adequately assured of future payment;

(iii) establishing Assurance Procedures for determining additional adequate assurance of future

payment and authorizing the Debtors to provide additional adequate assurance of future payment

to the Utility Companies; and (iv) granting related relief, including setting a final hearing related

thereto; and upon consideration of the Motion and all pleadings related thereto, including the First

Day Declaration; and due and proper notice of the Motion having been given; and it appearing that

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

29864735.8

no other or further notice of the Motion is required; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      Subject to the Assurance Procedures set forth below, no Utility Company may (i) alter, refuse, terminate, or discontinue Utility Services to, or discriminate against, the Debtors on the basis of the commencement of the Chapter 11 Cases or on account of non-payment for any prepetition services; or (ii) require additional assurance of payment, other than the Utility Deposit, as a condition to the Debtors receiving such Utility Services.

3.      The Debtors shall deposit, as adequate assurance for the Utility Companies, $2,175.00 in the aggregate (the "Utility Deposit") into a segregated account within twenty (20) days of the Petition Date to be maintained during the pendency of the Chapter 11 Cases as provided for herein.

4.      Subject to the Assurance Procedures set forth below, the Utility Deposit constitutes adequate assurance of future payment to the Utility Companies under section 366 of the Bankruptcy Code (the "Adequate Assurance").

5.    The following Assurance Procedures are approved in all respects:

a.    Within two (2) business days of the date this Interim Order is docketed, the Debtors will mail a copy of this Interim Order to the Utility Companies on the Utility Service List;

b.    If a Utility Company is not satisfied with the proposed Adequate Assurance and seeks additional assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon (i) the Debtors, 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404, Attn: Brian Smith; (ii) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Allison S. Mielke, Esq. (amielke@ycst.com) and Joshua B. Brooks, Esq. (jbrooks@ycst.com); (iii) counsel to any statutory committee appointed in the Chapter 11 Cases; and (iv) counsel to the DIP Lender, Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn:  Eric E. Walker, Esq. (ewalker@cooley.com) and Morris, Nichols, Arsht & Tunnell LLP, 2101 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn:  Derek Abbott, Esq. (dabbott@morrisnichols.com) and Curtis Miller, Esq. (cmiller@morrisnichols.com) (collectively, the "Notice Parties");

c.    Each Additional Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); and (iii) identify and explain the basis of the Utility Company's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code;

d.    Upon the Notice Parties' receipt of an Additional Assurance Request at the addresses set forth in subparagraph (b) above, the Debtors shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request;

e.    If the Debtors determine that a timely received Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the applicable Utility Company, the Debtors shall, upon reasonable notice, calendar the matter (the "Adequate Assurance Dispute") for the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code;

f.    Pending resolution of any such Adequate Assurance Dispute, any such Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services, the filing of the Chapter 11 Cases, or any objection to the adequacy of the proposed Adequate Assurance;

29864735.8

g.      The Debtors may, in their discretion, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Company without further notice to the Court or any other party in interest and may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of the Court to the extent the Debtors believe that such additional assurance is reasonable in the exercise of their business judgment and the Debtors may, by mutual agreement with the objecting Utility Company and without further order of the Court, reduce the Utility Deposit by any amount allocated to such Utility Company; and

h.      If any utility account with a Utility Company is closed during the Chapter 11 Cases (a "Closed Account"), the Debtors may, in their discretion, and without further order of the Court, reduce the Utility Deposit by an amount not exceeding, for each Closed Account, the amount deposited with respect to such Closed Account; *provided* that for any Utility Company for which the Utility Deposit is reduced, the Debtors shall provide twenty-one (21) days' notice of its intent to reduce the Utility Deposit and shall have paid such Utility Company in full for any outstanding post-petition Utility Services with respect to the Closed Account before reducing the Utility Deposit.

6.      The Debtors shall, as necessary, provide a copy of this Interim Order, and any final order approving the relief requested in the Motion (any such order, the "Final Order"), to any Utility Company not listed on the Utility Service List (each, an "Additional Utility Company," and collectively, the "Additional Utility Companies") as such Utility Companies are identified. Promptly upon providing a copy of this Interim Order and the Final Order, as applicable, to an Additional Utility Company, the Debtors shall increase the Utility Deposit by an amount equal to approximately 50% of the Debtors' estimated aggregate monthly utility expense for such Additional Utility Company subsequent to the Petition Date.  The Additional Utility Companies shall be subject to the terms of this Interim Order and the Final Order, including the Assurance Procedures.

7.      A final hearing on the relief sought in the Motion shall be conducted on _____, 2022 at _____ (ET) (the "Final Hearing").  Any party-in-interest objecting to

the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon (i) the Debtors, 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404, Attn: Brian Smith; (ii) proposed counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com); (iii) the Office of the United States Trustee, 844 King Street, Room 2207, Wilmington, DE 19801, Attn: Jane Leamy, Esq. (jane.m.leamy@usdoj.gov); (iv) counsel to any statutory committee appointed in the Chapter 11 Cases; and (v) counsel to the DIP Lender, Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn: Eric E. Walker, Esq. (ewalker@cooley.com) and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Curtis Miller, Esq. (cmiller@morrisnichols.com) and Derek Abbott, Esq. (dabbott@morrisnichols.com), in each case so as to be received no later than _____, 2022 at 4:00 p.m. (ET). If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

8.      Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Utility Company; (iv) shall impair any Utility Company's rights with regard to any claims; or (v) shall be construed as a promise to pay a claim.

29864735.8

9.      Nothing in this Interim Order is intended or shall be deemed to constitute a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List or is served with a copy of this Interim Order, the Motion or the Final Order.

10.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

11.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief requested in the Motion, as granted herein, is necessary to avoid immediate and irreparable harm to the Debtors.

12.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

13.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

29864735.8

## **EXHIBIT B**

**Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. ___ & ___** |

**FINAL ORDER (I) PROHIBITING UTILITY COMPANIES**
**FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES,**
**(II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE**
**PAYMENT, (III) ESTABLISHING PROCEDURES FOR DETERMINING**
**ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT,**
**AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") for the entry of interim and final orders,

pursuant to sections 105(a) and 366(b) of the Bankruptcy Code, (i) prohibiting the Utility

Companies from altering, refusing, or discontinuing Utility Services on account of non-payment

for any prepetition services; (ii) deeming the Utility Companies adequately assured of future

payment; (iii) establishing Assurance Procedures for determining additional adequate assurance of

future payment and authorizing the Debtors to provide additional adequate assurance of future

payment to the Utility Companies; and (iv) granting related relief, including setting a final hearing

related thereto; and upon consideration of the Motion and all pleadings related thereto, including

the First Day Declaration; and due and proper notice of the Motion having been given; and it

appearing that no other or further notice of the Motion is required; and it appearing that this Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant

to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion

and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and

after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      Subject to the Assurance Procedures set forth below, no Utility Company may
(i) alter, refuse, terminate or discontinue Utility Services to, or discriminate against, the Debtors
on the basis of the commencement of the Chapter 11 Cases or on account of non-payment for any
prepetition services; or (ii) require additional assurance of payment, other than the Utility Deposit,
as a condition to the Debtors receiving such Utility Services.

3.      To the extent not already deposited, the Debtors shall deposit, as adequate
assurance for the Utility Companies, $2,175.00 in the aggregate (the "Utility Deposit") into a
segregated account within twenty (20) days of the Petition Date to be maintained during the
pendency of the Chapter 11 Cases as provided for herein.

4.      Subject to the Assurance Procedures set forth below, the Utility Deposit constitutes
adequate assurance of future payment to the Utility Companies under section 366 of the
Bankruptcy Code (the "Adequate Assurance").

5.      The following Assurance Procedures are approved in all respects:

a.      If a Utility Company is not satisfied with the proposed Adequate
Assurance and seeks additional assurance of payment in the form of a

29864735.8

2

deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon (i) the Debtors, 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404, Attn: Brian Smith; (ii) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Allison S. Mielke, Esq. (amielke@ycst.com) and Joshua B. Brooks, Esq. (jbrooks@ycst.com); (iii) counsel to any statutory committee appointed in the Chapter 11 Cases; and (iv) counsel to the DIP Lender, Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn:  Eric E. Walker, Esq. (ewalker@cooley.com) and Morris, Nichols, Arsht & Tunnell LLP, 2101 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn:  Derek Abbott, Esq. (dabbott@morrisnichols.com) and Curtis Miller, Esq. (cmiller@morrisnichols.com) (collectively, the "Notice Parties");

b.      Each Additional Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); and (iii) identify and explain the basis of the Utility Company's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code;

c.      Upon the Notice Parties' receipt of an Additional Assurance Request at the addresses set forth in subparagraph (b) above, the Debtors shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request;

d.      If the Debtors determine that a timely received Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the applicable Utility Company, the Debtors shall, upon reasonable notice, calendar the matter (the "Adequate Assurance Dispute") for the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code;

e.      Pending resolution of any such Adequate Assurance Dispute, any such Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services, the filing of the Chapter 11 Cases, or any objection to the adequacy of the proposed Adequate Assurance;

f.      The Debtors may, in their discretion, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Company without further notice to this Court or any other party in interest and may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of this Court to the extent the

Debtors believe that such additional assurance is reasonable in the exercise of their business judgment and the Debtors may, by mutual agreement with the objecting Utility Company and without further order of this Court, reduce the Utility Deposit by any amount allocated to such Utility Company; and

g.       If any utility account with a Utility Company is closed during the Chapter 11 Cases (a "Closed Account"), the Debtors may, in their discretion, and without further order of the Court, reduce the Utility Deposit by an amount not exceeding, for each Closed Account, the amount deposited with respect to such Closed Account; *provided* that for any Utility Company for which the Utility Deposit is reduced, the Debtors shall provide twenty-one (21) days' notice of its intent to reduce the Utility Deposit and shall have paid such Utility Company in full for any outstanding post-petition Utility Services with respect to the Closed Account before reducing the Utility Deposit.

6.       The Debtors shall, as necessary, provide a copy of this Final Order to any Utility Company not listed on the Utility Service List (each, an "Additional Utility Company," and collectively, the "Additional Utility Companies") as such Utility Companies are identified. Promptly upon providing a copy of this Final Order to an Additional Utility Company, the Debtors shall increase the Utility Deposit by an amount equal to approximately 50% of the Debtors' estimated aggregate monthly utility expense for such Additional Utility Company subsequent to the Petition Date.  The Additional Utility Companies shall be subject to the terms of this Final Order, including the Assurance Procedures.

7.       Nothing in this Final Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or

causes of action against any Utility Company; (iv) shall impair any Utility Company's rights with regard to any claims; or (v) shall be construed as a promise to pay a claim.

8.      Nothing in this Final Order is intended or shall be deemed to constitute a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List or is served with a copy of the Interim Order, this Final Order or the Motion.

9.      The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

10.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

11.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

29864735.8

**EXHIBIT C**

**Utility Service List**

| Utility Provider Name and Address | Account # | Type of Service Provided |
|---|---|---|
| AT&T Mobility<br>P.O. Box 6463<br>Carol Stream, IL 60197-6463 | 287267902693 | Telecommunications |
| Comcast Corp.<br>P.O. Box 70219<br>Philadelphia, PA 19176-0219 | 8499100340135903 | Internet |
| Charter Communications (d/b/a Spectrum)<br>P.O. Box 60074<br>City of Industry, CA 91716-0074 | 844820026214325 | Internet |
| Waste Management of Pennsylvania, Inc.<br>1001 Fannin Street, Suite 4000<br>Houston, TX 77002 | 16-67348-93007 | Waste Disposal |