**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
(I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION TAXES AND
FEES AND RELATED OBLIGATIONS AND (II) AUTHORIZING BANKS
TO HONOR AND PROCESS CHECK AND ELECTRONIC
TRANSFER REQUESTS RELATED THERETO**

The above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") hereby file this motion (this "Motion") for the entry of interim and final orders, substantially in the form attached hereto as **Exhibit A** (the "Interim Order") and **Exhibit B** (the "Final Order," and together with the Interim Order, the "Proposed Orders"), pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing, but not directing, the Debtors, in their discretion, to pay certain prepetition taxes and fees and related obligations that are payable to certain federal, state, local, municipal and/or foreign authorities (collectively, the "Authorities"), and (ii) authorizing banks and other financial institutions (collectively, the "Banks") to honor and process check and electronic transfer requests related to the foregoing.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Carol Brault in Support of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

*Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[2] filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief sought herein are sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## BACKGROUND

### A.      General Background

3.      On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are authorized to operate their businesses and manage their properties as debtors in

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in the Chapter 11 Cases and no request has been made for the appointment of a trustee or an examiner.

4.     Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the First Day Declaration.

**B.     Taxes and Fees**

5.     In the ordinary course of business, the Debtors incur or collect and remit a variety of taxes and fees, including, without limitation, (i) sales and use taxes; (ii) regulatory taxes and fees; (iii) foreign taxes and fees; and (iv) certain other miscellaneous taxes (collectively, the "Taxes").  The Debtors also incur various customs duties, fees for business licenses and permits, and various other fees and assessments (collectively, the "Fees," and together with the Taxes, the "Taxes and Fees"), in connection with the operation of their businesses, including any necessary regulatory approval.  The Debtors periodically remit the Taxes and Fees to the Authorities in accordance with applicable law.

6.     As of the Petition Date, an estimated $450,000.00 in Taxes and Fees had accrued and remain unpaid.  To the extent the Debtors have inadvertently failed to timely pay any Taxes and Fees that became due and owing prior to the Petition Date, the Debtors are not by this Motion seeking authority to remit any "catch up" payments, late penalties, or similar fees to any Authorities (collectively, the "Past-Due Taxes").

7.     In many instances, certain Authorities may impose personal liability on directors and/or responsible officers of entities for failure to pay certain taxes or fees, as set forth below. While the Debtors believe that all tax and fee obligations applicable to them (and carrying the threat of personal liability for their directors and/or responsible officers) are described herein, other prepetition obligations of a similar nature may be discovered after the filing of this Motion.  To

29864733.8

the extent that such prepetition obligations exist, the Debtors will consider such obligations "Taxes and Fees" as that term is defined and used herein and request the authority to pay such Taxes and Fees as they may arise in the ordinary course of their business.

          *i.*    *Sales and Excise Taxes*

8.      The Debtors are required to collect a variety of sales, local gross receipt, excise, and similar taxes (the "Sales Taxes") from their customers on behalf of Authorities, and periodically remit the Sales Taxes to the Authorities.

9.      Generally, the Sales Taxes are calculated on the basis of statutorily mandated percentages of the purchase price for the Debtors' products, and such taxes accrue as the Debtors sell their products.  The Sales Taxes are remitted to the Authorities either on the basis of estimated Sales Tax collections for the coming period, or on the basis of Sales Taxes actually collected from customers, in each case depending on the method required by the Authorities, but generally, the Debtors pay significant Sales Taxes on a monthly basis.  Depending on the jurisdiction, the Debtors remit Sales Taxes to the Authorities on a monthly or quarterly basis.

10.     As of the Petition Date, the Debtors estimate that approximately $390,000.00 in Sales Taxes were payable to the Authorities.

          *ii.*    *Regulatory Taxes and Fees*

11.     Various federal, state and local taxing authorities and other regulatory agencies impose franchise taxes, business license and annual report taxes and fees, privilege fees and other taxes, fees and assessments (collectively, the "Regulatory Taxes and Fees") on the Debtors in connection with the operation of their business.  The Debtors must also adhere to laws and regulations governing the production, storage, sale and distribution of wine, as determined by various Authorities.  Historically, the Debtors have paid Regulatory Taxes and Fees in at least twenty-three states.  Remittance of the Regulatory Taxes and Fees permits the Debtors to, among

other things, continue operating their business within a particular jurisdiction.  The Debtors simply cannot operate their businesses without the ability to conduct marketing, sales, and other activities in various U.S. states.  The Debtors are subject to substantial administrative, civil, and criminal penalties should they fail to comply with the mandates of such Authorities.  Therefore, it is essential that the Debtors remain current on their obligations to pay the Regulatory Taxes and Fees in order to keep their business operable for the duration of the Chapter 11 Cases.  Accordingly, the Debtors request authority to remit, in their sole discretion, any and all Regulatory Taxes and Fees to the relevant Authorities pursuant to the Proposed Orders.

12.     As of the Petition Date, the Debtors estimate that approximately $50,000.00 in Regulatory Taxes and Fees were payable to the Authorities.

iii.     *Foreign Taxes and Fees*

13.     The Debtors' business involves shipping various goods from other countries, which draws significant tax and fee obligations, including, without limitation, permits, customs duties, and certain other miscellaneous taxes and fees (collectively, the "Foreign Taxes and Fees").  To maintain the Debtors' ability to transact across state and national borders, the Debtors request authority to remit, in their sole discretion, any and all Foreign Taxes and Fees to the relevant Authorities pursuant to the Proposed Orders.

14.     As of the Petition Date, the Debtors estimate that approximately $10,000 in Foreign Taxes and Fees were payable to the Authorities.

iv.     *Other Taxes and Fees*

15.     In the ordinary course of business, the Debtors incur, collect, and remit various other federal, state, and local taxes, charges, fines, penalties, and fees (including any amounts required to be withheld, incurred or collected under applicable law) (collectively, "Other Taxes and Fees").  The Other Taxes and Fees include, without limitation, excise taxes, gross receipts

taxes, and personal property taxes.  The Debtors are required to remit these Other Taxes and Fees to various Authorities on a periodic basis.  Accordingly and upon advising the DIP Lender of such Other Taxes and Fees, the Debtors request authority to remit, in their sole discretion, any and all Other Taxes and Fees to the relevant Authorities pursuant to the Proposed Orders.

## RELIEF REQUESTED

16.     By this Motion, the Debtors request that the Court enter the Proposed Orders, (i) authorizing, but not directing, the Debtors, in their discretion, to pay the Taxes and Fees owing on account of periods prior to the Petition Date, when and as those Taxes and Fees come due in the ordinary course, subject to the $350,000 cap provided for in the Interim Order and the $450,000 cap provided for in the Final Order; and (ii) authorizing the Banks to honor and process check and electronic transfer requests related thereto.

## BASIS FOR RELIEF

### A.    The Court Should Authorize, but not Direct, the Debtors, in Their Discretion, to Pay the Taxes and Fees

17.     The Court should grant the relief requested herein for multiple reasons.  *First*, section 363(b)(1) of the Bankruptcy Code provides that, after notice and a hearing, the trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).  Section 105(a) of the Bankruptcy Code empowers a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Bankruptcy courts have invoked the equitable power of section 105 of the Bankruptcy Code to authorize the postpetition payment of prepetition claims where such payment is necessary to preserve the value of a debtor's estate.  *See, e.g.*, *Tropical Sportswear Int'l Corp.*, 320 B.R. 15, 20 (Bankr. M.D. Fla. 2005) ("Bankruptcy courts recognize that section 363 is a source for authority to make critical vendor payments, and section 105 is used to fill in

the blanks."). Similarly, courts have acknowledged that "[u]nder [section] 105, the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor." *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (*citing In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989)); *see In re Just for Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999) (*citing In re Penn Central Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972)) (holding that the court is authorized under section 105(a) of the Bankruptcy Code to allow immediate payment of prepetition claims of vendors found to be critical to the debtor's continued operation).

18.     In a long line of well-established cases, federal courts consistently have permitted postpetition payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors. *See, e.g.*, *Miltenberger v. Logansport, C. & S. W. Ry. Co.*, 106 U.S. 286, 312 (1882) (payment of pre-receivership claim permitted to prevent "stoppage of [crucial] business relations"); *In re Lehigh & New Eng. Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that "if payment of a claim which arose prior to [the commencement of the bankruptcy case] is essential to the continued operation of the . . . [business] during [the bankruptcy case], payment may be authorized even if it is made out of [the] corpus"); *Dudley v. Mealey*, 147 F.2d 268, 271 (2d Cir. 1945) (extending doctrine for payment of pre-petition claims beyond railroad reorganization cases).

19.     This legal principle—known as the "doctrine of necessity"—functions in chapter 11 cases as a mechanism by which a bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code. *See Just for Feet*, 242 B.R. at 826 (finding that "to invoke the necessity of payment doctrine, a debtor must show that payment of the pre-petition claims is critical to the debtor's [continued

operation].""); *In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 939 (Bankr. D. Del. 1992) (recognizing that "[i]f payment of a pre-petition claim is essential to the continued operation of [the debtor], payment may be authorized"); *In re Boston & Me. Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to the debtor's continued operation).  The doctrine is frequently invoked early in a bankruptcy case.  In one case, the court indicated its accord with "the principle that a bankruptcy court may exercise its equity powers under section 105(a) to authorize payment of pre-petition claims where such payment is necessary 'to permit the greatest likelihood of . . . payment of creditors in full or at least proportionately.'"  *In re Structurelite Plastics Corp.*, 86 B.R. 922, 931 (Bankr. S. D. Ohio 1988).

20.    The Debtors submit that it is imperative for them to continue paying the Taxes and Fees on time in order to preserve and maximize the value of their estates for the benefit of all stakeholders.  Failure to pay these obligations could damage the Debtors' relations with the Authorities and cause the Authorities to harmful measures, including, among other things, conducting audits, filing liens, attempting to revoke licenses and permits, seeking to impose liability against the Debtors and their officers and directors and, if applicable, seeking to lift the automatic stay, all of which could disrupt the Debtors' chapter 11 efforts and impose significant costs on the Debtors' estates.  Payment of the Taxes and Fees will avoid these potentially burdensome and costly governmental actions, as well as the incurrence of potential penalties and interest if such Taxes and Fees are not timely paid.  Thus, the Debtors submit that granting the relief requested herein is necessary and will maximize the value of the Debtors' estates and benefit their creditors.

21.     *Second*, sections 1107(a) and 1108 of the Bankruptcy Code also provide authority for satisfying the Taxes and Fees.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors operate their business as fiduciaries, "holding the bankruptcy estate[s] and operating the business for the benefit of [their] creditors and (if the value justifies) equity owners."  *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).  Implicit in the duties of a chapter 11 debtor in possession is the duty "to protect and preserve the estate, including an operating business's going-concern value."  *Id.*

22.     Courts have noted that there are instances in which a debtor in possession can fulfill its fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim."  *Id.*  The *CoServ* court specifically noted that preplan satisfaction of prepetition claims would be a valid exercise of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate,"  *Id.*  The court provided a three-pronged test for determining whether a preplan payment on account of a prepetition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

*Id.*

23.     Present circumstances support the Debtors' belief that payment of the Taxes and Fees meet each element of the *CoServ* court's standard.  Any failure to pay the Taxes and Fees could jeopardize the Debtors' ability to continue their business operations.  Moreover, any unanticipated or inopportune disruption of the Debtors' operations during the pendency of the Chapter 11 Cases could diminish estate value and frustrate the Debtors' chapter 11 efforts.  Therefore, the Debtors submit that payment of the Taxes and Fees in the ordinary course of

business is the only method that allows the Debtors to meet their fiduciary duties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

24.     *Third*, to the extent that the Taxes and Fees are entitled to priority status under section 507(a)(8) of the Bankruptcy Code, they must be paid in full under any chapter 11 plan before any of the Debtors' general unsecured obligations may be satisfied.  As such, the payment of the Taxes and Fees affects only the timing of the payments to the Authorities, and not the amounts that such Authorities ultimately would receive.

25.     *Fourth*, the Authorities might assert that certain of the Taxes and Fees are so-called "trust fund" taxes that the Debtors are required to collect from third parties and hold in trust for the benefit of the Authorities.  Any portion of Taxes and Fees that the Debtors collect on behalf of the Authorities do not constitute property of the Debtors' bankruptcy estates.  *See Begier v. I.R.S.*, 496 U.S. 53, 57-60 (1990); *City of Ferrell v. Sharon Steel Corp.*, 41 F.3d 92, 97 (3d Cir. 1994); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 433 (2d Cir. 1985) (sales taxes are "trust fund" taxes); *Al Copeland Enters., Inc. v. Texas*, 991 F.2d 233 (5th Cir. 1993) (debtor's prepetition collection of sales taxes and interest thereon were held subject to trust and were not property of the estates); *In re Shank*, 792 F.2d 829, 830 (9th Cir. 1986) (sales taxes required by state law to be collected by sellers from their customers are "trust fund" taxes); *In re Tap, Inc.*, 52 B.R. 271, 272 (Bankr. D. Mass. 1985) (withholding taxes are "trust fund" taxes).  To the extent that the Taxes and Fees are "trust fund" taxes and the funds representing such Taxes and Fees can be adequately identified and traced, the Debtors would have no equitable interest in such funds, as they would not be property of their estates.  *See* 11 U.S.C. § 541(d); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987).  Accordingly, the Debtors submit that the Court should authorize them to pay any of the Taxes and Fees that constitute trust fund taxes, and, further, that payment of such

Taxes and Fees would not prejudice the rights of any of the Debtors' other creditors or other parties in interest.

26.     *Finally*, some states hold corporate officers personally liable for unpaid taxes in certain circumstances. *See, e.g.*, JOHN F. OLSEN, ET AL., DIRECTOR & OFFICER LIABILITY: INDEMNIFICATION AND INSURANCE § 3:21 (2003) ("some states hold corporate officers personally liable for any sales tax and penalty owed and not paid by the corporation regardless of cause").  In the event that the Debtors do not pay any such "trust fund taxes," their directors and officers could be subject to lawsuits or criminal prosecution during the pendency of the Chapter 11 Cases. Extreme disruption to the Chapter 11 Cases could result, detracting the attention of the Debtors, the named officers and directors, and the Court, whom may be asked to entertain various requests for injunctions in connection with such potential state court actions against any of the directors and officers.  At the least, the possibility of any such lawsuit or criminal prosecution distracts the Debtors and their directors and officers, and may interfere with their objectives in the Chapter 11 Cases.  In addition, the Authorities may conduct additional audits of the Debtors if the Taxes and Fees are not timely paid.  Therefore, payment of the Taxes and Fees will maintain the focus of the Debtors' directors, officers, and other employees on the chapter 11 process, and prevent the risk of personal liability and/or audits.

27.     Accordingly, the Debtors believe that granting the relief requested herein is necessary, appropriate and in the best interests of their estates and creditors.

**B.     The Court Should Authorize the Banks to Honor and Process the Debtors' Payments on Account of the Taxes and Fees**

28.     The Debtors also request that the Court authorize the Banks, upon the Debtors' request, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations described herein, irrespective of when such checks or other

requests were submitted, provided that the applicable bank account for such payments has sufficient funds.  The Debtors further request that all of the Banks be authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to this Motion.

## SATISFACTION OF BANKRUPTCY RULE 6003(b)

29.     Pursuant to Bankruptcy Rule 6003(b), any motion of the Debtors seeking to use property of the estate pursuant to section 363 of the Bankruptcy Code or to satisfy prepetition claims within twenty-one (21) days of the Petition Date must demonstrate that such relief "is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003(b).  The Debtors believe that, among other things, the maintenance of their good standing with the Authorities is necessary to avoid disruption to their business operations and distractions from the chapter 11 process.  Failure to pay the Authorities may cause the Debtors, their directors and officers, and their employees to devote significant attention to issues arising from a failure to pay the Taxes and Fees instead of devoting their attention to the Chapter 11 Cases.  Such disruptions or diversions would greatly diminish or impair the Debtors' restructuring efforts.  The Debtors have included in the interim cap only those amounts that they believe must be paid prior to the anticipated hearing on the Final Order.  Thus, absent the relief requested herein, the Debtors' failure to satisfy the Taxes and Fees would cause the Debtors' estates immediate and irreparable harm by upending the Debtors' chapter 11 efforts.

30.     For all of the reasons set forth above, the Debtors submit that Bankruptcy Rule 6003(b) has been satisfied and that the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

29864733.8

## **REQUEST FOR WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)**

31.     Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  As set forth throughout this Motion, late payment of the Taxes and Fees would be detrimental to the Debtors, their estates, and creditors, as the Debtors' must remain current with such obligations in order to successfully manage their business as debtors in possession during the Chapter 11 Cases.  For this reason and those set forth above, the Debtors submit that ample justification exists to waive the fourteen day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable to the Proposed Orders.

32.     To implement the foregoing immediately, the Debtors also respectfully request a waiver of the notice requirements of Bankruptcy Rule 6004(a), to the extent they are deemed applicable to the Proposed Orders.

## **RESERVATION OF RIGHTS**

33.     Nothing in the Proposed Orders or this Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Authority; or (iv) shall be construed as a promise to pay a claim.

**NOTICE**

34.     Notice of this Motion has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (iii)  counsel to the Debtors' prepetition secured lender; (iv) counsel to the DIP Lender; (v) the Internal Revenue Service; (vi) the U.S. Securities and Exchange Commission; and (vii) the Banks.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors request that the Court enter the Proposed Orders, granting the

relief requested herein and such other and further relief as is just and proper.

| | | |
|---|---|---|
| Dated: | December 2, 2022 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| | Wilmington, Delaware | |

*/s/ Joshua B. Brooks*
Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Joshua B. Brooks (No. 6765)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email: mnestor@ycst.com
        mlunn@ycst.com
        amielke@ycst.com
        jbrooks@ycst.com
        sborovinskaya@ycst.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

29864733.8

15

**<u>EXHIBIT A</u>**

**Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ___** |

## INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION TAXES AND FEES AND RELATED OBLIGATIONS AND (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors, in their discretion, to pay Taxes and Fees related to the period prior to the Petition Date to the Authorities, and (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is GRANTED on an interim basis as set forth herein.

2.    The Debtors are authorized, but not directed, in their discretion, to pay prepetition Taxes and Fees to the Authorities in the ordinary course of their business in an amount not to exceed $350,000 pending entry of the Final Order.

3.    Nothing in this Interim Order shall be construed as authorizing the Debtors to pay any amounts on account of Past-Due Taxes.

4.    The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

5.    A final hearing on the relief sought in the Motion shall be conducted on _____, 2022 at _____ (ET) (the "Final Hearing").  Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection,

29864733.8

2

which objection shall be served upon (i) proposed counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Wilmington, DE 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Room 2207, Wilmington, DE 19801, Attn: Jane Leamy, Esq. (jane.m.leamy@usdoj.gov); (iii) counsel to the DIP Lender, Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn:  Eric E. Walker (ewalker@cooley.com) and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Derek Abbott, Esq. (dabbott@morrisnichols.com) and Curtis Miller, Esq. (cmiller@morrisnichols.com); and (iv) counsel to any statutory committee appointed in the Chapter 11 Cases, in each case so as to be received no later than _____, 2022 at 4:00 p.m. (ET).  If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

6.       Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Authority; or (iv) shall be construed as a promise to pay a claim.

7.       The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

8.      The requirements of Bankruptcy Rule 6003(b) are satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

9.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

10.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

29864733.8

**EXHIBIT B**

**Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. ___ & ___** |

### FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN
### PREPETITION TAXES AND FEES AND RELATED OBLIGATIONS
### AND (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK
### AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors, in their discretion, to pay Taxes and Fees related to the period prior to the Petition Date to the Authorities, and (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, in their discretion, to pay prepetition Taxes and Fees to the Authorities in the ordinary course of their business in an amount not to exceed $450,000.

3.      Nothing in this Final Order shall be construed as authorizing the Debtors to pay any amounts on account of Past-Due Taxes.

4.      The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

5.      Nothing in this Final Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive,

29864733.8

2

or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Authority; or (iv) shall be construed as a promise to pay a claim.

6.      The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

7.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.