**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 6** |

**ORDER APPOINTING EPIQ CORPORATE RESTRUCTURING, LLC AS
CLAIMS AND NOTICING AGENT EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the application (the "Section 156(c) Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order, pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2002, and Local Rule 2002-1(f), appointing Epiq Corporate Restructuring, LLC ("Epiq") as the Claims and Noticing Agent in the Chapter 11 Cases, effective as of the Petition Date, to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Chapter 11 Cases, and (iii) provide such other administrative services as required by the Debtors that would fall within the purview of services to be provided by the Clerk's office, all as more fully set forth in the Section 156(c) Application; and this Court having jurisdiction to consider the Section 156(c) Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29,

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of the Chapter 11 Cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Section 156(c) Application.

29928943.1

2012; and consideration of the Section 156(c) Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Section 156(c) Application having been provided to the Notice Parties under the circumstances, and it appearing that no other or further notice need be provided; and upon the First Day Declaration and the Hunt Declaration; and this Court having determined that the legal and factual bases set forth in the Section 156(c) Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Section 156(c) Application is GRANTED, as set forth herein.

2. Notwithstanding the terms of the Retention Agreement attached to the Section 156(c) Application, the Section 156(c) Application is granted solely as set forth in this Order and solely with respect to the Claims Management and Noticing services set forth in the Services Schedule attached to the Retention Agreement.

3. Pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2002, and Local Rule 2002-1(f), the Debtors are authorized to retain Epiq as Claims and Noticing Agent in the Chapter 11 Cases, effective as of the Petition Date, under the terms of the Retention Agreement, and Epiq is authorized and directed to perform the Claims and Noticing Services and to receive, maintain, record, and otherwise administer the proofs of claim filed in the Chapter 11 Cases, and perform all related tasks as set forth in the Section 156(c) Application.

4. Epiq shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in the Chapter 11 Cases, and is authorized and directed to maintain the official Claims Register for the Debtors, to provide public access to every

29928943.1

proof of claim unless otherwise ordered by this Court, and to provide the Clerk with a certified duplicate thereof upon request of the Clerk.

5. Epiq is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

6. Epiq is authorized to take such other actions as required to comply with all duties set forth in the Section 156(c) Application and this Order.

7. Epiq shall comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

8. Without further order of this Court, the Debtors are authorized to compensate Epiq in accordance with the terms and conditions of the Retention Agreement upon receipt of reasonably detailed monthly invoices setting forth the services provided by Epiq and the rates charged for each, and to reimburse Epiq for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses as the Claims and Noticing Agent.

9. Epiq shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the Office of the United States Trustee for the District of Delaware, counsel for the Debtors, counsel for any statutory committee, and any party in interest that specifically requests service of the monthly invoices.

10. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Retention Agreement or monthly invoices, and the parties may seek resolution of the matter from this Court if resolution is not achieved.

11. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, Epiq's fees and expenses incurred in connection with the Claims and Noticing Services shall be an administrative expense of the Debtors' chapter 11 estates.

12. Epiq may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount of $10,000.00, and thereafter, Epiq may hold its retainer under the Engagement Agreement during the Chapter 11 Cases as security for payment of Epiq's final invoice for services rendered and expenses incurred under the Engagement Agreement.

13. The Debtors are authorized to indemnify Epiq under the terms of the Retention Agreement, subject to the following modifications:

   a. Epiq shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Retention Agreement for services other than the Claims and Noticing Services provided under the Retention Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

   b. Notwithstanding anything to the contrary in the Retention Agreement, the Debtors shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Epiq's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii),

but determined by this Court, after notice and a hearing, to be a claim or expense for which Claims and Noticing Agent should not receive indemnity, contribution, or reimbursement under the terms of the Retention Agreement as modified by this Order;

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) or (ii) the entry of an order closing the Chapter 11 Cases, Epiq believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Retention Agreement (as modified by this Order), including the advancement of defense costs, Epiq must file an application therefor in this Court, and the Debtors may not pay any such amounts to Epiq before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Epiq. All parties in interest shall retain the right to object to any demand by Epiq for indemnification, contribution, or reimbursement.

14. Notwithstanding anything to the contrary in the Retention Agreement, during the Chapter 11 Cases, the limitation of liability contained in paragraph 8 of the Agreement shall be given no effect.

15. In the event Epiq is unable to provide the Claims and Noticing Services, Epiq shall immediately notify the Clerk and the Debtors' counsel and cause all original proofs of claim and computer information to be turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

16. The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for services that are to be performed by Epiq but are not specifically authorized by this Order.

17. Epiq shall not cease providing Claims and Noticing Services during the Chapter 11 Cases for any reason, including nonpayment, without an order of this Court.

18. In the event of any inconsistency between the Retention Agreement, the Section 156(c) Application, and this Order, this Order shall govern.

19. The Debtors and Epiq are authorized to take all action necessary to effectuate the relief granted in this Order.

20. This Court shall retain jurisdiction and power to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: December 6th, 2022**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

29928943.1