**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 7** |

**INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES
FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES,
(II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE
PAYMENT, (III) ESTABLISHING PROCEDURES FOR DETERMINING
ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING
RELATED RELIEF, INCLUDING SETTING A FINAL
<u>HEARING RELATED THERETO</u>**

Upon consideration of the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for the entry of interim and final orders, pursuant to sections 105(a) and 366(b) of the Bankruptcy Code, (i) prohibiting the Utility Companies from altering, refusing, or discontinuing Utility Services on account of non-payment for prepetition services; (ii) deeming the Utility Companies adequately assured of future payment; (iii) establishing Assurance Procedures for determining additional adequate assurance of future payment and authorizing the Debtors to provide additional adequate assurance of future payment to the Utility Companies; and (iv) granting related relief, including setting a final hearing related thereto; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

no other or further notice of the Motion is required; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. Subject to the Assurance Procedures set forth below, no Utility Company may (i) alter, refuse, terminate, or discontinue Utility Services to, or discriminate against, the Debtors on the basis of the commencement of the Chapter 11 Cases or on account of non-payment for any prepetition services; or (ii) require additional assurance of payment, other than the Utility Deposit, as a condition to the Debtors receiving such Utility Services.

3. The Debtors shall deposit, as adequate assurance for the Utility Companies, $2,175.00 in the aggregate (the "Utility Deposit") into a segregated account within twenty (20) days of the Petition Date to be maintained during the pendency of the Chapter 11 Cases as provided for herein.

4. Subject to the Assurance Procedures set forth below, the Utility Deposit constitutes adequate assurance of future payment to the Utility Companies under section 366 of the Bankruptcy Code (the "Adequate Assurance").

5. The following Assurance Procedures are approved in all respects:

    a. Within two (2) business days of the date this Interim Order is docketed, the Debtors will mail a copy of this Interim Order to the Utility Companies on the Utility Service List;

    b. If a Utility Company is not satisfied with the proposed Adequate Assurance and seeks additional assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon (i) the Debtors, 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404, Attn: Brian Smith; (ii) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Allison S. Mielke, Esq. (amielke@ycst.com) and Joshua B. Brooks, Esq. (jbrooks@ycst.com); (iii) counsel to any statutory committee appointed in the Chapter 11 Cases; and (iv) counsel to the DIP Lender, Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn: Eric E. Walker, Esq. (ewalker@cooley.com) and Morris, Nichols, Arsht & Tunnell LLP, 2101 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Derek Abbott, Esq. (dabbott@morrisnichols.com) and Curtis Miller, Esq. (cmiller@morrisnichols.com) (collectively, the "Notice Parties");

    c. Each Additional Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); and (iii) identify and explain the basis of the Utility Company's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code;

    d. Upon the Notice Parties' receipt of an Additional Assurance Request at the addresses set forth in subparagraph (b) above, the Debtors shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request;

    e. If the Debtors determine that a timely received Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the applicable Utility Company, the Debtors shall, upon reasonable notice, calendar the matter (the "Adequate Assurance Dispute") for the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code;

    f. Pending resolution of any such Adequate Assurance Dispute, any such Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services, the filing of the Chapter 11 Cases, or any objection to the adequacy of the proposed Adequate Assurance;

  g. The Debtors may, in their discretion, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Company without further notice to the Court or any other party in interest and may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of the Court to the extent the Debtors believe that such additional assurance is reasonable in the exercise of their business judgment and the Debtors may, by mutual agreement with the objecting Utility Company and without further order of the Court, reduce the Utility Deposit by any amount allocated to such Utility Company; and

  h. If any utility account with a Utility Company is closed during the Chapter 11 Cases (a "Closed Account"), the Debtors may, in their discretion, and without further order of the Court, reduce the Utility Deposit by an amount not exceeding, for each Closed Account, the amount deposited with respect to such Closed Account; *provided* that for any Utility Company for which the Utility Deposit is reduced, the Debtors shall provide twenty-one (21) days' notice of its intent to reduce the Utility Deposit and shall have paid such Utility Company in full for any outstanding post-petition Utility Services with respect to the Closed Account before reducing the Utility Deposit.

  6. The Debtors shall, as necessary, provide a copy of this Interim Order, and any final order approving the relief requested in the Motion (any such order, the "Final Order"), to any Utility Company not listed on the Utility Service List (each, an "Additional Utility Company," and collectively, the "Additional Utility Companies") as such Utility Companies are identified. Promptly upon providing a copy of this Interim Order and the Final Order, as applicable, to an Additional Utility Company, the Debtors shall increase the Utility Deposit by an amount equal to approximately 50% of the Debtors' estimated aggregate monthly utility expense for such Additional Utility Company subsequent to the Petition Date. The Additional Utility Companies shall be subject to the terms of this Interim Order and the Final Order, including the Assurance Procedures.

  7. A final hearing on the relief sought in the Motion shall be conducted on January 6, 2023, at 2:00 p.m (ET) (the "Final Hearing"). Any party-in-interest objecting to the relief sought

4

at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon (i) the Debtors, 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404, Attn: Brian Smith; (ii) proposed counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com); (iii) the Office of the United States Trustee, 844 King Street, Room 2207, Wilmington, DE 19801, Attn: Jane Leamy, Esq. (jane.m.leamy@usdoj.gov); (iv) counsel to any statutory committee appointed in the Chapter 11 Cases; and (v) counsel to the DIP Lender, Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn: Eric E. Walker, Esq. (ewalker@cooley.com) and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Curtis Miller, Esq. (cmiller@morrisnichols.com) and Derek Abbott, Esq. (dabbott@morrisnichols.com), in each case so as to be received no later than December 30, 2022 at 4:00 p.m. (ET). If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

8. Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Utility Company; (iv) shall impair any Utility Company's rights with regard to any claims; or (v) shall be construed as a promise to pay a claim.

9. Nothing in this Interim Order is intended or shall be deemed to constitute a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List or is served with a copy of this Interim Order, the Motion or the Final Order.

10. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief requested in the Motion, as granted herein, is necessary to avoid immediate and irreparable harm to the Debtors.

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

13. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

**Dated: December 6th, 2022**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE