**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 8** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN
PREPETITION TAXES AND FEES AND RELATED OBLIGATIONS AND
(II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND
ELECTRONIC TRANSFER REQUESTS RELATED THERETO**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") for the entry of interim and final orders,

pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of the Bankruptcy Code,

(i) authorizing, but not directing, the Debtors, in their discretion, to pay Taxes and Fees related to

the period prior to the Petition Date to the Authorities, and (ii) authorizing the Banks to honor and

process check and electronic transfer requests related to the foregoing; and upon consideration of

the Motion and all pleadings related thereto, including the First Day Declaration; and due and

proper notice of the Motion having been given; and it appearing that no other or further notice of

the Motion is required; and it appearing that this Court has jurisdiction to consider the Motion in

accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from

the United States District Court for the District of Delaware, dated as of February 29, 2012; and it

appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed, in their discretion, to pay prepetition Taxes and Fees to the Authorities in the ordinary course of their business in an amount not to exceed $350,000 pending entry of the Final Order.

3.      Nothing in this Interim Order shall be construed as authorizing the Debtors to pay any amounts on account of Past-Due Taxes.

4.      The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

5.      A final hearing on the relief sought in the Motion shall be conducted on January 6, 2023 at 2:00 p.m. (ET) (the "Final Hearing").  Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection

29928977.2

2

shall be served upon (i) proposed counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Wilmington, DE 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Room 2207, Wilmington, DE 19801, Attn: Jane Leamy, Esq. (jane.m.leamy@usdoj.gov); (iii) counsel to the DIP Lender, Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn:  Eric E. Walker (ewalker@cooley.com) and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Derek Abbott, Esq. (dabbott@morrisnichols.com) and Curtis Miller, Esq. (cmiller@morrisnichols.com); and (iv) counsel to any statutory committee appointed in the Chapter 11 Cases, in each case so as to be received no later than December 30, 2022 at 4:00 p.m. (ET).  If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

6.      Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Authority; or (iv) shall be construed as a promise to pay a claim.

7.      The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

29928977.2

8.      The requirements of Bankruptcy Rule 6003(b) are satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

9.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

10.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

**Dated: December 6th, 2022**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
**UNITED STATES BANKRUPTCY JUDGE**

29928977.2

4