**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 11** |

**INTERIM ORDER AUTHORIZING (I) THE DEBTORS TO
(A) CONTINUE PREPETITION INSURANCE POLICIES, AND (B) PAY ALL
PREPETITION OBLIGATIONS IN RESPECT THEREOF; (II) AUTHORIZING THE
DEBTORS TO CONTINUE THEIR INSURANCE PREMIUM FINANCING PROGRAM;
AND (III) AUTHORIZING BANKS TO HONOR AND PROCESS
RELATED CHECKS AND TRANSFERS**

Upon consideration of the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), and 364(c) of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors to (a) continue to maintain and administer prepetition insurance policies and revise, extend, renew, supplement, or change such policies, or enter into new policies, including procuring directors' and officers' liability tail coverage, as needed, and (b) pay or honor obligations outstanding on account of prepetition insurance policies; (ii) authorizing, but not directing, the Debtors to continue their insurance premium financing program and renew or enter into new premium financing programs, as necessary, under substantially similar terms; and (iii) authorizing the Banks to honor and process all checks and electronic transfer requests related to the foregoing; and upon consideration of the Motion and all pleadings related thereto, including

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

29938322.1

the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. A final hearing on the relief sought in the Motion shall be conducted on January 6, 2023 at 2:00 p.m. (ET) (the "Final Hearing"). Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Wilmington, DE 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com); (ii) the Office of the United States Trustee, 844 King Street, Room 2207, Wilmington, DE 19801, Attn: Jane Leamy, Esq. (jane.m.leamy@usdoj.gov); (iii) counsel to the DIP Lender, Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn: Eric E. Walker, Esq. (ewalker@cooley.com) and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Derek Abbott, Esq. (dabbott@morrisnichols.com) and Curtis Miller, Esq. (cmiller@morrisnichols.com); and (iv) counsel to any statutory committee appointed in the

Chapter 11 Cases, in each case so as to be received no later than December 30, 2022 at 4:00 p.m. (ET).  If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

3. Subject to Paragraph 4, the Debtors are authorized to maintain the Insurance Policies without interruption and to renew, supplement, modify, extend, or change the Insurance Policies, or enter into new insurance policies, and to incur and pay premiums, claims, deductibles, retentions, retrospective adjustments, administrative fees, broker fees (including, without limitation, the Broker Fees), and any other obligations arising thereunder or in connection therewith, in accordance with the same practices and procedures as were in effect prior to the Petition Date.

4. The Debtors are authorized, but not directed, in their discretion to pay, honor, or otherwise satisfy premiums, claims, deductibles, retentions, retrospective adjustments, administrative fees, broker fees (including, without limitation, the Broker Fees), and any other obligations that (a) were either due and payable on or related to the period prior to the Petition Date on account of the Insurance Policies and the Finance Agreement, in an amount not to exceed $65,000 pending entry of the Final Order, and (b) are, or become, due and payable or related to the period after the commencement of the Chapter 11 Cases.

5. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued

by the Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

6. Nothing in this Interim Order (i) is intended or shall be deemed to constitute the Debtors' assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates to contest the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (iv) shall be construed as the Debtors' promise to pay a claim or continue any applicable programs postpetition, which decision shall be in the sole discretion of the Debtors. Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

7. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

8. The requirements of Bankruptcy Rule 6003(b) are satisfied.

9. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

10. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

29938322.1

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

**Dated: December 6th, 2022**
**Wilmington, Delaware**

*/s/ Laurie Selber Silverstein*
**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

29938322.1

5