IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 12** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO
HONOR CUSTOMER OBLIGATIONS AND CONTINUE CUSTOMER
PROGRAMS IN THE ORDINARY COURSE OF BUSINESS AND (II) AUTHORIZING
BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC
TRANSFER REQUESTS RELATED THERETO**

Upon consideration of the motion (the "Motion")[2] filed by the Debtors for entry of interim and final orders (i) authorizing, but not directing, the Debtors, in their sole discretion, to honor the Customer Obligations and to otherwise continue, renew, replace, modify, or terminate any of the Customer Programs in the ordinary course of business without the need for further court order; (ii) authorizing the Debtors to utilize electronic means of communication, namely, electronic mail, to provide notice of the DTC Customer Pleadings to DTC Customers; and (iii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of the Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

29934531.2

1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and upon the record in the Chapter 11 Cases and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors, in their business judgment, are authorized, but not directed, to continue the Customer Programs and pay, satisfy, setoff, or recoup the Customer Obligations in the ordinary course of business; *provided, however*, that amounts paid in cash on account of Customer Obligations outstanding as of the Petition Date shall not exceed $191,000 pending entry of the Final Order.

3. The Debtors, in their business judgment, are authorized, but not directed, to continue, renew, replace, implement, modify and/or terminate their Customer Programs, in the ordinary course of business, without further application to the Court.

4. The Payment Processors are authorized to offset Chargebacks, returns, and fees on account of Customer purchases that may have arisen before the Petition Date in the ordinary course of business and in a manner consistent with past practice.

5.     The Debtors are authorized to continue to utilize their Payment Processors and are further authorized to pay the Fees and Charges, including Chargebacks and returns that may have arisen before the Petition Date in the ordinary course of business and in a manner consistent with past practice.

6.     The Debtors shall not be required to serve hard copies of the DTC Customer Pleadings upon the DTC Customers who would otherwise be served with such hard copy notices or pleadings; *provided* that the Debtors shall instead provide notices and service of the DTC Customer Pleadings to the DTC Customers via email using the email addresses maintained by the Debtors in their books and records.

7.     The Banks are authorized, when requested by the Debtors, in the Debtors' sole discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

8.     A final hearing on the relief sought in the Motion shall be conducted on January 6, 2023 at 2:00 p.m. (ET) (the "<u>Final Hearing</u>").  Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com)

29934531.2

and Allison S. Mielke, Esq. (amielke@ycst.com); (ii) the Office of the United States Trustee, 844 King Street, Room 2207, Wilmington, DE 19801, Attn: Jane Leamy, Esq. (jane.m.leamy@usdoj.gov); (iii) counsel to the DIP Lender, Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn: Eric E. Walker, Esq. (ewalker@cooley.com) and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Derek Abbott, Esq. (dabbott@morrisnichols.com) and Curtis Miller, Esq. (cmiller@morrisnichols.com); and (iv) counsel to any statutory committee appointed in the Chapter 11 Cases, in each case so as to be received no later than December 30, 2022 at 4:00 p.m. (ET). If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

9. Nothing in this Interim Order (i) is intended or shall be deemed to constitute Debtors' assumption of any agreement pursuant to section 365 of the Bankruptcy Code or Debtors' admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (iv) shall be construed as the Debtors' promise to pay a claim or continue any applicable programs postpetition, which decisions shall be in the sole discretion of the Debtors. Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or waiver of the Debtors' rights to subsequently dispute such claim.

10. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

11. The requirements of Bankruptcy Rule 6003(b) are satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

13. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Interim Order.

**Dated: December 6th, 2022**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

29934531.2