**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 13** |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) PAY
PREPETITION EMPLOYEE WAGES, SALARIES, AND OTHER COMPENSATION
AND (B) CONTINUE EMPLOYEE BENEFITS OBLIGATIONS AND PAY RELATED
ADMINISTRATIVE OBLIGATIONS; (II) AUTHORIZING DEBTORS TO HONOR ANY
WORKERS' COMPENSATION OBLIGATIONS; (III) AUTHORIZING BANKS TO
HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS
RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for the entry of an interim order and a final order (i) authorizing, but not directing, the Debtors, in their sole discretion, and in accordance with their stated policies, to (a) pay, honor, or otherwise satisfy the Wages and Benefits, including amounts and obligations related to the period prior to the Petition Date, and (b) continue their Benefits Programs in effect as of the Petition Date (and as may be amended, renewed, replaced, modified, revised, supplemented, and/or terminated from time to time in the ordinary course of business) and pay related administrative obligations; (ii) authorizing, but not directing, the Debtors, in their sole discretion, and in accordance with their stated policies, to honor any Workers' Compensation Obligations; (iii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and (iv) granting related relief; and upon consideration of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

29934542.3

the First Day Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of the Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon the record in the Chapter 11 Cases and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein on an interim basis.

2. The Debtors are authorized, but not directed, in their sole discretion, to: (i) pay, honor, or otherwise satisfy amounts and obligations on account of the Wages and Benefits in the ordinary course of their business, including, without limitation, any amounts and obligations related to the period prior to the Petition Date, any amounts due to Ascentis and the Staffing Agencies, and any amounts on account of the Employment Taxes as required by federal, state, local, and/or foreign tax law; and (ii) allow prepetition checks on account of Wages and Fees that were not cashed prior to the Petition Date to be honored on a postpetition basis notwithstanding the commencement of the Chapter 11 Cases; *provided*, *however*, that: (a) no payment to any Employee on account of

29934542.3

Wages and Fees shall exceed, in the aggregate, the $15,150 statutory cap provided for under section 507(a)(4) of the Bankruptcy Code; and (b) the aggregate amount of payments made on account of prepetition Wages and Benefits shall not exceed $445,000 pending entry of the Final Order.

3. Subject to Paragraph 2 of this Interim Order, the Debtors are authorized, in their sole discretion, in the ordinary course of their business, to (i) continue to pay, honor, or otherwise satisfy Wages and Fees, Employee Expenses, and Paid Time Off; (ii) withhold and remit to the applicable third-parties Deductions and Taxes; and (iii) administer the Employee Benefits and the Workers' Compensation Program.

4. The Debtors are authorized, in their sole discretion, and in the ordinary course of business, to continue to utilize and pay the Staffing Agencies.

5. Notwithstanding any provision in the Motion or this Interim Order to the contrary, this Interim Order does not authorize any payments that may implicate the provisions of section 503(c) of the Bankruptcy Code, including (a) any bonus or severance obligations, or (b) obligations to cash out unpaid Paid Time Off upon termination of an Employee, unless applicable nonbankruptcy law requires such payment; *provided* that nothing in this Interim Order shall prejudice the Debtors' ability to seek approval of such relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

6. The Banks are authorized, when requested by the Debtors, in the Debtors' sole discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such

Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

7. A final hearing on the relief sought in the Motion shall be conducted on January 6, 2023 at 2:00 p.m. (ET) (the "Final Hearing"). Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com); (ii) the Office of the United States Trustee, 844 King Street, Room 2207, Wilmington, DE 19801, Attn: Jane Leamy, Esq. (jane.m.leamy@usdoj.gov); (iii) counsel to the DIP Lender, Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn: Eric E. Walker, Esq. (ewalker@cooley.com) and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Derek Abbott, Esq. (dabbott@morrisnichols.com) and Curtis Miller, Esq. (cmiller@morrisnichols.com); and (iv) counsel to any statutory committee appointed in the Chapter 11 Cases, in each case so as to be received no later than December 30, 2022 at 4:00 p.m. (ET). If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

8. Nothing in this Interim Order (i) is intended or shall be deemed to constitute the Debtors' assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates to contest the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (iv) shall be construed as the Debtors' promise to pay a claim or continue any applicable programs postpetition, which decision shall be

29934542.3

in the sole discretion of the Debtors. Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

9. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

10. The requirements of Bankruptcy Rule 6003(b) are satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

12. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

**Dated: December 6th, 2022**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

29934542.3