## EXHIBIT D

**Cure Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Contract Rejection Deadline**<br>**[•], 2022 at [•] p.m.** |

**NOTICE OF POSSIBLE ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES IN CONNECTION WITH SALE**

　　　　**PLEASE TAKE NOTICE THAT** on December 7, 2022, the above-captioned debtors and debtors in possession (each, a "Debtor" and, collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") their motion (the "Motion")[2] for entry of (a) an order (i) approving bidding procedures, substantially in the form attached as **Annex 1** to the Bidding Procedures Order (the "Bidding Procedures"), to govern the marketing and sale of all or substantially all of the Debtors' assets (the "Assets"), (ii) approving bid protections in connection therewith, (iii) authorizing the Debtors to schedule an auction to sell the Assets (the "Auction"), (iv) scheduling the hearing to approve a sale of the Assets (the "Sale Hearing") for a date that is on or before January 16, 2023, (v) approving the form and manner of notice of the proposed sale transactions, the Bidding Procedures, the Auction, the Sale Hearing, and related dates and deadlines, and (vi) authorizing procedures governing the assumption and assignment of certain executory contracts and unexpired leases (the "Assigned Contracts") to the prevailing bidder(s) acquiring the Assets (each, a "Successful Bidder"); and (b) one or more orders (collectively, the "Sale Order") (i) approving the applicable form(s) of purchase agreement between the Debtors and the Stalking Horse Bidder (as defined below) or any other Successful Bidder(s), and (ii) authorizing the sale(s) (collectively, the "Sale") of the Assets and the assumption and assignment of the Assigned Contracts to the Stalking Horse Bidder or such other Successful Bidder free and clear of all liens, claims, encumbrances, and other interests (collectively, "Liens"), other than any permitted Liens as set forth in the applicable form(s) of purchase agreement.

　　　　**PLEASE TAKE FURTHER NOTICE THAT** the Sale Hearing to approve the Sale to the Successful Bidder, free and clear of all liens, claims, interests, charges, and encumbrances

---

[1]　The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2]　Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures. Any summary of the Bidding Procedures and the Bidding Procedures Order contained herein is qualified in its entirety by the actual terms and conditions thereof. To the extent that there is any conflict between any such summary and such actual terms and conditions, the actual terms and conditions shall control.

29915048.4

(with any such liens, claims, interests, charges, and encumbrances attaching to the net proceeds of the Sale with the same rights and priorities therein as in the sold assets), shall take place at **[•] a.m. (prevailing Eastern time) on January 16, 2023**, or as soon thereafter as the Debtors may be heard, before the Honorable Laurie Selber Silverstein in the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Bidding Procedures Order, the Auction shall be held at the offices of Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 on January 11, 2023 at 10:00 a.m. (prevailing Eastern Time). Only Qualified Bidders shall be entitled to bid at the Auction. The Debtors may, in consultation with the Consultation Parties, designate the Backup Bid (and the corresponding Backup Bidder) to purchase the Assets, without the need for further order of the Bankruptcy Court and without the need for further notice to any interested parties, in the event that a Successful Bidder does not close the Sale. The Sale Hearing may be adjourned by the Debtors from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or by filing a notice on the docket of the Debtors' Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE THAT** to facilitate the Sale, the Debtors are seeking to assume and assign to the Successful Bidder the Assumed Contracts in accordance with the Bidding Procedures Order. The Assumed Contracts that the Debtors may, but are not required to, seek to assume and assign in connection with the Sale and the corresponding cure amount (each, a "Proposed Cure Amount"), if any, that the Debtors believe is required to be paid to the applicable counterparty (each, a "Counterparty," and collectively, the "Counterparties") to each of the Assumed Contracts under sections 365(b)(1)(A) and (B) of the Bankruptcy Code are identified on **Exhibit 1** attached hereto.

**PLEASE TAKE FURTHER NOTICE THAT** each Counterparty shall have until **4:00 p.m. (prevailing Eastern time) on [•], 2023** (the "Contract Objection Deadline") to object to the assumption and assignment of its Contract on any grounds, including, without limitation, the amount of the Proposed Cure Amounts, but excluding any objection as to adequate assurance of future performance under section 365(b)(1) of the Bankruptcy Code or, other than the Stalking Horse Bidder, on the basis of the identity of the Successful Bidder (each, a "Contract Objection"). Any such objection must be filed and served on the following parties (collectively, the "Objection Notice Parties"), so as to be actually received by the Contract Objection Deadline:

(a) counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Michael R. Nestor, Esq (mnestor@ycst.com); Matthew B. Lunn, Esq. (mlunn@ycst.com); and Allison S. Mielke, Esq. (amielke@ycst.com);

(b) counsel for the DIP Lender, Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn: Eric Walker, Esq. (ewalker@cooley.com) and Joseph Brown, Esq. (jbrown@cooley.com); and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899, Attn: Derek C. Abbott, Esq. (dabbott@mnat.com) and Curtis S. Miller, Esq. (cmiller@mnat.com);

29915048.4

2

      (c)      counsel for the Prepetition Secured Lender, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067, Attn: Richard M. Pachulski, Esq. (rpachulski@pszj.com);

      (d)      proposed counsel to the Committee, if any.

Any unresolved Contract Objections shall be heard at the Sale Hearing, unless otherwise agreed by the parties; *provided* that the Debtors shall have the right to adjourn any Sale Hearing without the consent of any objecting party. If any objections to the amount of the Proposed Cure Amounts remain unresolved as of the date of the Closing of the Sale of the Assets, the Debtors may (but are not required to) deposit the disputed amount of Proposed Cure Amounts relating to such Asset(s) in a segregated account to hold pending resolution of such objections.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to paragraph 11 of the Bidding Procedures Order, each Counterparty may raise objections as to adequate assurance of future performance under section 365(b)(1) of the Bankruptcy Code or on the basis of the identity of a Successful Bidder until 4:00 p.m. (prevailing Eastern time) on the date that is five (5) days after the filing and service by the Debtors to the Counterparty of a notice identifying the applicable Successful Bidder, which, for the avoidance of doubt, may be provided with this Cure Notice or the Previously Omitted Contract Notice or at any time thereafter with respect to the Stalking Horse Bidder; *provided, however,* that objections, if any, on the basis of the identity of the Successful Bidder shall not, in any event, be raised later than one (1) hour prior to the commencement of the Sale Hearing (the "Buyer Specific Objection Deadline"). Any such objection must be filed and served on the Objection Notice Parties, so as to be actually received by the Buyer Specific Objection Deadline. Any such objection must be filed and served on the Debtors and their counsel, the Committee and its counsel, and the applicable Successful Bidder of Stalking Horse Bidder (if any), as applicable, and its counsel, so as to actually be received by the Buyer Specific Objection Deadline. Any such unresolved objections shall be heard at the Sale Hearing, unless otherwise agreed by the parties.

**PLEASE TAKE FURTHER NOTICE THAT**, at the Sale Hearing, the Debtors will seek Court approval of the assumption and assignment to the Successful Bidder of only those Assumed Contracts that have actually been selected by the Successful Bidder to be assumed and assigned (collectively, the "Assumed Contracts"). The Debtors and their estates reserve any and all rights with respect to any Assumed Contracts that are not ultimately designated as Assumed Contracts.

**PLEASE TAKE FURTHER NOTICE THAT nothing contained in this notice or on the exhibits hereto shall constitute a waiver of any rights of the Debtors and their estates or an admission with respect to the Debtors' chapter 11 cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws.**

29915048.4

> **If no Contract Objection is timely received with respect to an Assumed Contract: (i) the Counterparty to such Assumed Contract shall be deemed to have consented to the assumption by the Debtors and assignment to the Successful Bidder of the Assumed Contract, and be forever barred from asserting any objection with regard to such assumption and assignment (including, without limitation, with respect to adequate assurance of future performance by the Successful Bidder); (ii) any and all defaults under the Assumed Contract and any and all pecuniary losses related thereto shall be deemed cured and compensated pursuant to sections 365(b)(1)(A) and (B) of the Bankruptcy Code upon payment of the Proposed Cure Amount set forth in this Cure Notice for such Assumed Contract; and (iii) the Proposed Cure Amount set forth in this Cure Notice for such Assumed Contract shall be controlling, notwithstanding anything to the contrary in such Assumed Contract, or any other related document, and the Counterparty shall be deemed to have consented to the Proposed Cure Amount and shall be forever barred from asserting any other claims related to such Assumed Contract against the Debtors and their estates or the Successful Bidder, or the property of any of them, that existed prior to the entry of the order resolving the Contract Objections.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain copies of the Motion, the Bidding Procedures, the Bidding Procedures Order, the applicable underlying agreements, or any other pleadings or orders of the Bankruptcy Court, they are publicly available, for a fee via PACER at: http:/www.deb.uscourts.gov, or free of charge from the claims agent at **https://dm.epiq11.com/Winc**. Such documents and pleadings may also be obtained by calling the Debtors' restructuring hotline at (855) 608-2412 (toll-free) or (503) 461-3028 (international).

29915048.4

|  |  |  |
|---|---|---|
| Dated: | December [•], 2022<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP |

_____
Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Joshua B. Brooks (No. 6765)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile:  (302) 571-1253
Email: mnestor@ycst.com
          mlunn@ycst.com
          amielke@ycst.com
          jbrooks@ycst.com
          sborovinskaya@ycst.com

*Proposed Counsel to the Debtors and
Debtors in Possession*

29915048.4

# EXHIBIT 1

## Proposed Cure Amounts

29915048.4