**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>January 6, 2023 at 2:00 p.m. (ET)<br><br>**Objection Deadline:**<br>December 30, 2022 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF PROFESSIONALS**

The above captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases") hereby file this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), establishing procedures for interim compensation and reimbursement of expenses of professionals in the Chapter 11 Cases. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

29956972.4

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief requested herein are sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-2.

**BACKGROUND**

**A. General Background**

3.  On November 30, 2022 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On December 12, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of general unsecured creditors (the "Committee") in the Chapter 11 Cases.  *See* Docket No. 54.  No request has been made for the appointment of a trustee or examiner.

4.   Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of*

29956972.4

*Carol Brault in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration"), which is incorporated herein by reference.[2]

**B. Retention of Professionals**

5. The Debtors have filed or will file applications to retain, pursuant to section 327 of the Bankruptcy Code, the following professionals: (a) Young Conaway Stargatt & Taylor, LLP ("Young Conaway"), as counsel to the Debtors; (b) RPA Asset Management Services, LLC ("RPA"), as financial advisor; (c) Canaccord Genuity LLC ("Canaccord"), as investment banker; and (d) Epiq Corporate Restructuring, LLC ("Epiq") as administrative agent. The Debtors may need to retain other professionals in the Chapter 11 Cases under section 327 of the Bankruptcy Code. Such professionals would likewise be subject to the compensation and reimbursement procedures set forth in this Motion. In addition, the Committee will likely retain other professionals in connection with the provision of its duties (together with Young Conaway, RPA, Canaccord, Epiq, and any other professionals retained after the Petition Date, the "Professionals").[3]

**RELIEF REQUESTED**

6. By this Motion, the Debtors request entry of the Proposed Order authorizing and establishing procedures for the compensation and reimbursement of the Professionals on a monthly basis. The Debtors submit that entry of such an order would, among other things, enable the Court,

---

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the First Day Declaration.

[3] In addition to the applications to employ the Professionals enumerated herein, the Debtors have contemporaneously filed or will file a motion for authority to retain and compensate certain professionals employed by the Debtors in the ordinary course of its business (the "OCP Motion"). For the avoidance of doubt, the procedures set forth herein shall not apply to professionals retained pursuant to any order approving the OCP Motion unless such professionals' fees and expenses exceed the monthly cap set forth in the OCP Motion.

29956972.4

the U.S. Trustee, and all other interested parties to monitor the fees and expenses incurred by the Professionals in the Chapter 11 Cases.

## THE PROPOSED COMPENSATION PROCEDURES

7. The Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals (the "Compensation Procedures") be structured as follows:

(a) No earlier than the (5th) day of each calendar month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application (including the relevant time entry and description and expense detail) with the Court pursuant to section 331 of the Bankruptcy Code for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application"), and serve a copy of such Monthly Fee Application by first class mail on the following parties (collectively, the "Notice Parties" and each, a "Notice Party"): (i) proposed counsel to the Debtors: Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com); (ii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Jane Leamy, Esq. (jane.m.leamy@usdoj.gov); (iii) counsel to the Committee: (a) ArentFox Schiff LLP, 800 Boylston Street, 32nd Floor, Boston, MA 02199, Attn: George P. Angelich, Esq. (george.angelich@afslaw.com), Justin A. Kesselman, Esq. (justin.kesselman@afslaw.com), and James E. Britton, Esq. (james.britton@afslaw.com); and (b) A.M. Saccullo Legal LLC, 27 Crimson King Drive, Bear, Delaware 19701, Attn: Mark Hurford, Esq. (mark@saccullolegal.com); (iv) counsel to the DIP Lender: Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn: Eric E. Walker, Esq. (ewalker@cooley.com), and 55 Hudson Yards, New York, New York 10001, Attn: Joseph Brown, Esq. (jbrown@cooley.com); (v) co-counsel to the DIP Lender: Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, P.O. Box 1347, Wilmington, DE 19899, Attn: Curtis S. Miller, Esq. (cmiller@mnat.com) and Derek C. Abbott, Esq. (dabbott@mnat.com); and (vi) counsel to Banc of California, N.A., as successor-by-merger to Pacific Mercantile Bank (the "Prepetition Secured Lender"), Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067, Attn: Richard M. Pachulski, Esq. (rpachulski@pszj.com) and Maxim B. Litvak, Esq. (mlitvak@pszjlaw.com). Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with the applicable provisions of the Bankruptcy Code,

the Bankruptcy Rules, the Local Rules, and applicable orders of the Court. The first Monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through and including December 2022.

(b) Each Notice Party will have fourteen (14) days after service of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection (a "CNO") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized to pay the applicable Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Maximum Monthly Payment") or (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (c) below.

(c) If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on such Professional and each other Notice Party a written objection (an "Objection") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fourteen (14) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties.

(d) With respect to the first three-month period after the Petition Date and each subsequent three-month period thereafter, each Professional shall file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during each such three-month period (the "Interim Fee Period") pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must identify the covered Monthly Fee Applications and include any other information requested by the Court or required by the applicable Local Rules. Interim Fee Applications shall be filed with the Court and served on the Notice Parties within forty-five (45) days after the end of the applicable Interim Fee Period. Each Professional shall file its first Interim Fee Application on or before April 14, 2023, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including February 28, 2023. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before

the fourteenth (14th) day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

(e) The Debtors shall request that the Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a certification of counsel. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtor shall be authorized to pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(f) The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

(g) Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

(h) Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due shall be ineligible to receive further monthly or interim payments of fees or expenses with respect to any subsequent period until such time as a Monthly Fee Application or an Interim Fee Application covering the prior period is filed and served by the Professional. There shall be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(i) Professionals shall file final applications for compensation and reimbursement (collectively, the "<u>Final Fee Applications</u>") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.

8. The Debtors also request that each member of the Committee be permitted to submit statements of expenses (excluding third-party legal fees and expenses of individual Committee members) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the

29956972.4

Compensation Procedures. Approval of these Compensation Procedures, however, will not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the practices of the Court.

9. In addition, the Debtors further request that the Court limit service of the Monthly Fee Applications, Interim Fee Applications, Final Fee Applications (collectively, the "<u>Applications</u>") to the Notice Parties. All other parties in interest that have requested notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only notices of hearings on the Applications (collectively, the "<u>Hearing Notices</u>"). Providing notice of Applications and Hearing Notices in this manner will permit the parties most active in the Chapter 11 Cases to monitor the fees and expenses incurred by Professionals and will avoid unnecessary duplication and mailing expenses.

## BASIS FOR RELIEF REQUESTED

10. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

11. Absent an order of the Court, section 331 of the Bankruptcy Code limits the Professionals rendering services in the Chapter 11 Case to payment of fees and expenses to only three (3) times per year.

29956972.4

12. Congress's intent in enacting section 331 is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

13. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Thus, the Court has the authority to enter an order establishing procedures for interim compensation and reimbursement of expenses.

14. The implementation of the proposed Compensation Procedures is justified in this proceeding. The Chapter 11 Cases will add further complexities to the day-to-day administrative burden already being shouldered by the Debtors' staff. The Debtors anticipate that the Professionals will provide integral advice and services to the Debtors in administering the Chapter 11 Cases. Absent streamlined compensation procedures, the professional fee application and review process could be burdensome on the Debtors, the Professionals, the Court, and other parties in interest. By contrast, the proposed Compensation Procedures will enable the Debtors to monitor closely the costs of administration of the Chapter 11 Cases, maintain level and predictable cash flows, and implement efficient cash management procedures. The Compensation Procedures will also allow the Court and key parties in interest to verify the reasonableness and necessity of the compensation and reimbursement sought pursuant to such Compensation Procedures before the Debtors make any payment thereon.

15. Accordingly, the relief requested is in the best interests of the Debtors, their estates, and their creditors.

## NOTICE

16. Notice of this Motion has been given to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Prepetition Secured Lender; (iv) counsel to the DIP Lender; and (v) all parties that, as of the filing of this Motion, have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: December 16, 2022
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Shella Borovinskaya*
Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Joshua B. Brooks (No. 6765)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mnestor@ycst.com
      mlunn@ycst.com
      amielke@ycst.com
      jbrooks@ycst.com
      sborovinskaya@ycst.com

*Proposed Counsel to the Debtors and Debtors in Possession*

29956972.4