# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. \_\_\_** |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF PROFESSIONALS**

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order"), pursuant to sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-2, establishing procedures for the interim compensation and reimbursement of professionals; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and proper and adequate notice of the Motion and the hearing thereon having been given; and it appearing that no other or further notice is necessary; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief sought in the Motion is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

29956972.4

in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Except as may otherwise be provided in orders of this Court authorizing the retention of specific Professionals, all Professionals in the Chapter 11 Cases may seek compensation for professional services rendered and reimbursement of expenses incurred in accordance with the following Compensation Procedures:

    (a) No earlier than the fifth (5th) day of each calendar month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application (including the relevant time entry and description and expense detail) with the Court pursuant to section 331 of the Bankruptcy Code for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application"), and serve a copy of such Monthly Fee Application by first class mail on the following parties (collectively, the "Notice Parties"):  (i) proposed counsel to the Debtors:  Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com); (ii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Jane Leamy, Esq. (jane.m.leamy@usdoj.gov); (iii) counsel to the Committee: (a) ArentFox Schiff LLP, 800 Boylston Street, 32nd Floor, Boston, MA 02199, Attn: George P. Angelich, Esq. (george.angelich@afslaw.com), Justin A. Kesselman, Esq. (justin.kesselman@afslaw.com), and James E. Britton, Esq. (james.britton@afslaw.com); and (b) A.M. Saccullo Legal LLC, 27 Crimson King Drive, Bear, Delaware 19701, Attn: Mark Hurford, Esq. (mark@saccullolegal.com); (iv) counsel to the DIP Lender:  Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn:  Eric E. Walker, Esq. (ewalker@cooley.com), and 55 Hudson Yards, New York, New York 10001, Attn: Joseph Brown, Esq. (jbrown@cooley.com); (v) co-counsel to the DIP Lender: Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, P.O. Box 1347, Wilmington, DE 19899, Attn:  Curtis S. Miller, Esq. (cmiller@mnat.com) and Derek C. Abbott, Esq. (dabbott@mnat.com); and (vi) counsel to Banc of California, N.A., as successor-by-merger to Pacific Mercantile Bank (the "Prepetition Secured Lender"), Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067, Attn:  Richard M. Pachulski, Esq. (rpachulski@pszj.com) and Maxim B. Litvak, Esq. (mlitvak@pszjlaw.com).  Any Professional that fails to file a Monthly Fee

        Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months.  All Monthly Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.  The first Monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through and including December 2022.

(b)      Each Notice Party will have fourteen (14) days after service of a Monthly Fee Application (the "<u>Objection Deadline</u>") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below.  Upon the expiration of the Objection Deadline, each Professional may file with this Court a certificate of no objection (a "<u>CNO</u>") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application.  After a CNO is filed, the Debtor is authorized to pay the applicable Professional an amount (the "<u>Actual Monthly Payment</u>") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "<u>Maximum Monthly Payment</u>") or (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (c) below.

(c)      If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with this Court and serve on such Professional and each other Notice Party a written objection (an "<u>Objection</u>") so as to be received on or before the Objection Deadline.  Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection.  Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis.  If the parties are unable to reach a resolution within fourteen (14) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with this Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Professional (the "<u>Incremental Amount</u>") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time this Court will consider and rule on the Objection if requested by the parties.

(d)      With respect to the first three-month period after the Petition Date and each subsequent three-month period, each Professional shall file with the Court and serve on the Notice Parties an application (an "<u>Interim Fee Application</u>") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during each such three-month period (the "<u>Interim Fee Period</u>") pursuant to section 331 of the Bankruptcy Code.  The Interim Fee Application must identify the covered Monthly Fee Applications and include any other information requested by the Court or required by the applicable Local Rules.  Interim Fee Applications shall be filed with the Court and served on the Notice Parties within forty-five (45) days after the end of the applicable Interim Fee Period. Each Professional shall file its first Interim Fee Application on or before April 14,

29956972.4

3

2023, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including February 28, 2023. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the fourteenth (14th) day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

(e) The Debtors shall request that this Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as this Court deems appropriate. This Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a certification of counsel. Upon allowance by this Court of a Professional's Interim Fee Application, the Debtor shall be authorized to pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(f) The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

(g) Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or this Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by this Court.

(h) Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due shall be ineligible to receive further monthly or interim payments of fees or expenses with respect to any subsequent period until such time as a Monthly Fee Application or an Interim Fee Application covering the prior period is filed and served by the Professional. There shall be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(i) Professionals shall file final applications for compensation and reimbursement (collectively, the "Final Fee Applications") by such deadline as may be established in a confirmed chapter 11 plan or in any other order of this Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of this Court.

3. In each Interim Fee Application and Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code,

29956972.4

unless such attorney is employed and retained pursuant to the OCP Motion and is not required to file fee applications in accordance with the terms thereof, shall (a) apply for compensation for professional services rendered and for reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court and (b) intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013.

4. Each member of the Committee shall be permitted to submit statements of expenses (excluding third-party legal fees and expenses of individual Committee members) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures; *provided*, however, that Committee members' requests for reimbursement of attorneys' fees and expenses must be made by separate application and scheduled for hearing upon proper notice.

5. Service of the Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and Hearing Notices is approved as follows:  (a) the Notice Parties shall be entitled to receive the Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and Hearing Notices; and (b) all the parties in interest that have requested notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only Hearing Notices.

6. The Debtors will include all payments made to Professionals in accordance with the Compensation Procedures in its monthly operating reports identifying the amounts paid to each Professional.

7. Nothing in this Order shall alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code.

8. All of the time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.