## OCPIN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**: **January 6, 2023 at 2:00 p.m. (ET)** |
| | **Objection Deadline:** **December 30, 2022 at 4:00 p.m. (ET)** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) WAIVING CERTAIN INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2

The above-captioned affiliated debtors and debtors-in-possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases") respectfully submit this motion (this "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) establishing procedures (the "OCP Procedures") for (a) retention and employment of ordinary course professionals; (b) the compensation of such professionals for postpetition services rendered and reimbursement of postpetition expenses

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

incurred; and (ii) waiving certain information requirements of Local Rule 2016-2, as applicable. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of the Chapter 11 Cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory and legal predicates for the relief sought herein are sections 105(a), 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2.

## BACKGROUND

3.    On November 30, 2022 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On December 12, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of general unsecured creditors (the "Committee") in the Chapter 11 Cases.  *See* Docket No. 54.  No request has been made for the appointment of a trustee or examiner.

4.      Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Carol Brault in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration"), which is incorporated herein by reference.[2]

A.      **The Ordinary Course Professionals**

5.      In the ordinary course of their business, the Debtors utilize the services of various professionals, including attorneys and other professionals, in a variety of matters unrelated to the Chapter 11 Cases (collectively, the "Ordinary Course Professionals").  The Debtors require the services of professionals with specialized expertise, including securities and intellectual property counsel.  A nonexclusive list of the Debtors' current Ordinary Course Professionals is attached as **Schedule 1** (the "OCP List") to the Proposed Order.  The Debtors reserve the right to amend or supplement the OCP List at any time in accordance with the OCP Procedures.

6.      The Ordinary Course Professionals provide a variety of professional services in the same manner and for the same purposes as such professionals were retained prior to the Petition Date.  It is essential to employ these Ordinary Course Professionals, many of whom are already familiar with the Debtors' business and affairs, to avoid disruption of the Debtors' operations.  The Debtors believe that the postpetition employment and compensation of the Ordinary Course Professionals is in the best interests of the Debtors' estates, their creditors, and other parties in interest.  In light of the significant costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical and inefficient for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each Ordinary Course

---

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the First Day Declaration.

Professional.  Likewise, the Debtors believe that the OCP Procedures (as laid out in more detail below) will relieve the Court, the U.S. Trustee, and other interested parties in the Chapter 11 Cases of the burden of reviewing fee applications involving relatively modest fees and expenses for Ordinary Course Professionals.

**B.      Proposed OCP Procedures**

7.      The Debtors propose to employ Ordinary Course Professionals to render professional services in the ordinary course of the Debtors' business under the following OCP Procedures:

      a.     Within thirty (30) days following the later of (i) the entry of an order granting the Motion and (ii) the date on which the Ordinary Course Professional commences postpetition services for the Debtors, or as soon thereafter as is practicable, each Ordinary Course Professional will provide to the Debtors' attorneys an affidavit (an "OCP Declaration"), substantially in the form attached to the Proposed Order as **Schedule 2**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter for which the Ordinary Course Professional is to be employed.

      b.     Within a reasonable time, the Debtors will file the OCP Declaration with the Court and serve, by email or first class mail, a copy on:  (i) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn:  Jane Leamy, Esq. (Jane.M.Leamy@usdoj.gov); (ii) counsel to the Debtors' prepetition secured lender (the "Prepetition Secured Lender"), Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California, Attn:  Richard M. Pachulski, Esq. (rpachulski@pszjlaw.com) and Maxim B. Litvak, Esq. (mlitvak@pszjlaw.com), and Pachulski Stang Ziehl & Jones LLP, 919 N. Market St., Suite 1700, Wilmington, Delaware 19801, Attn:  James O'Neill, Esq. (joneill@pszjlaw.com); (iii) counsel to the DIP Lender, (a) Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn:  Eric Walker, Esq. (ewalker@cooley.com), and Cooley LLP, 55 Hudson Yards, New York, New York, 10001; and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899, Attn:  Derek C. Abbott, Esq. (dabbott@mnat.com) and Curtis S. Miller, Esq. (cmiller@mnat.com); and (iv) counsel to the Committee:  (a) ArentFox Schiff LLP, 800 Boylston Street, 32nd Floor, Boston MA 02199, Attn:  George P. Angelich, Esq. (George.angelich@afslaw.com), Justin A. Kesselman, Esq. (justinkesselman@afslaw.com), and James E. Britton, Esq. (james.britton@afslaw.com); and (b) A.M. Saccullo Legal LLC, 27 Crimson King Drive, Bear, Delaware 19701, Attn:  Mark Hurford, Esq. (mark@saccullolegal.com) (collectively, the "Reviewing Parties" and each, a

"<u>Reviewing Party</u>"). Each Reviewing Party or any other entity will have fourteen (14) days following service of an OCP Declaration (the "<u>Objection Deadline</u>") to notify the Debtors, the other Reviewing Parties, and the affected Ordinary Course Professional, in writing, of any objection to the retention based upon the OCP Declaration (an "<u>Objection</u>"). If, upon the Objection Deadline, no Objection is filed, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved, without further order from the Court. If an Objection is filed on or before the Objection Deadline and such objection cannot be resolved within fourteen (14) days of the filing date of the Objection, the Debtors may schedule the Objection for a hearing before the Court.

c.    During the pendency of the Chapter 11 Cases, the Debtors are authorized, but not directed, to pay, without formal application to the Court by any Ordinary Course Professional, 100 percent of the interim fees and disbursements of each Ordinary Course Professional retained pursuant to the Proposed Order approving this Motion, upon receipt of reasonably detailed invoices indicating the nature of the services rendered and expenses incurred after the Petition Date, and calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' and their estates' right to dispute any such invoices) up to $30,000 per month on average over a rolling three-month period for each Ordinary Course Professional listed on **Schedule 1** attached to **Exhibit A** attached hereto ("<u>OCP Cap</u>").

d.    If an Ordinary Course Professional's fees and expenses exceed the OCP Cap, as applicable, (i) the Debtors may pay such fees and expenses upon agreement by the Reviewing Parties, such agreement to be evidenced by the filing of a notice of increased cap amount, which will be deemed approving upon the filing of such notice, without further action by the Court, or (ii) absent such agreement, such Ordinary Course Professional shall file a monthly fee application (a "<u>Monthly OCP Fee Application</u>") on account of the excess amount over the OCP Cap, as applicable, and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, and any other procedures and orders of the Court; *provided, however*, that if an Ordinary Course Professional does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and indicates that to be the case in its Declaration, and no party objects thereto or any such objection is resolved, the requirements of Local Rule 2016-2 shall be waived to permit said Ordinary Course Professional to submit time records in whatever time increments such professional ordinarily maintains their time and setting forth, in summary format, a description of the services rendered and the professionals rendering such services on behalf of the Debtors. The Reviewing Parties shall then have fourteen (14) days to object to the Monthly OCP Fee Application. If no objection is timely filed, the fees and expenses requested in the Monthly OCP Fee Application shall be deemed approved

without further order of the Court, and the Ordinary Course Professional may be paid one hundred percent (100%) of its fees and one hundred percent (100%) of its expenses. No Ordinary Course Professional shall be required to submit interim or final fee applications solely because such Ordinary Course Professional's fees and expenses exceeded the OCP Cap.

e. At three (3) month intervals (each a "Quarter") during the pendency of the Chapter 11 Cases, the Debtors shall file a statement reflecting the fees and expenses paid to the Ordinary Course Professionals for the preceding three-month period (each, a "Quarterly OCP Statement") and serve copies of the Quarterly OCP Statement on the Reviewing Parties; *provided that* the initial Quarter shall be the Petition Date through February 28, 2023. The Quarterly OCP Statement shall include the following information: (i) the name of each Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by each Ordinary Course Professional during the reported Quarter; and (iii) a general description of the services rendered by that Ordinary Course Professional.

f. If the Debtors seek to retain an Ordinary Course Professional not already listed on **Schedule 1** of the Proposed Order, the Debtors shall file with the Court and serve upon the Reviewing Parties a notice listing any such Ordinary Course Professional to be added to the OCP List (the "OCP List Supplement"), along with the OCP Declaration for any professional so added to the OCP List.

g. If no objection to an OCP List Supplement is filed with the Court and served upon the Debtors' counsel, as set forth herein, so as to be actually received within fourteen (14) days after the service thereof, the OCP List Supplement will be deemed approved by the Court in accordance with the provisions of the Proposed Order approving this Motion and without the need for a hearing or further order from the Court. Any Ordinary Course Professionals retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in the OCP Procedures.

8.    The foregoing proposed OCP Procedures shall not apply to those professionals for whom the Debtors have filed or will file separate applications for approval of employment, such as the Debtors' proposed bankruptcy counsel, financial advisor, investment banker and administrative advisor.

## **RELIEF REQUESTED**

9.    The Debtors request that the Court enter the Proposed Order (i) authorizing the Debtors to (a) retain certain professionals utilized in the ordinary course of the Debtors' business

pursuant to the OCP Procedures, and (b) pay such professionals, without application to the Court, 100% of their postpetition fees and expenses, subject to the limitations set forth herein; and (ii) waiving certain information requirements of Local Rule 2016-2, as applicable, in connection therewith.  By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to Ordinary Course Professionals.

## BASIS FOR RELIEF

A.  **Retention of the Ordinary Course Professionals and the Proposed OCP Procedures Are Appropriate and in the Best Interests of the Debtors, Their Estates, and Their Creditors**

10.    Section 327(a) of the Bankruptcy Code provides that "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."  Section 327(e) of the Bankruptcy Code further provides that "with the court's approval," a debtor may employ:

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11.    Section 328(a) of the Bankruptcy Code provides that the trustee, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment."  Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to . . . a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

12.     Therefore, subject and pursuant to sections 327, 328, and 330 of the Bankruptcy Code, upon any reasonable terms and conditions and with approval of the Court, the Debtors may retain and compensate their Ordinary Course Professionals.  Moreover, section 105(a) of the Bankruptcy Code vests the Court with authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

13.     Although some of the Ordinary Course Professionals may hold unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their creditors, or other parties in interest.  Further, the OCP Procedures require each Ordinary Course Professional to file an OCP Declaration to be eligible for compensation.

14.     Authority to retain the Ordinary Course Professionals is essential and should be granted to prevent unnecessary disruption of the Debtors' day-to-day business operations. Although the Debtors require the services of the Ordinary Course Professionals to preserve and maximize the value of their ongoing business operations during the Chapter 11 Cases, and while the Ordinary Course Professionals may wish to continue to represent the Debtors on an ongoing basis, the Ordinary Course Professionals may be unwilling to do so if the Debtors cannot pay them on a regular basis.  It is, therefore, in the best interests of the Debtors' estates, their creditors, and all parties in interest that the Debtors avoid any disruption in the professional services required to operate the Debtors' business on a daily basis.

15.     Moreover, the proposed OCP Procedures will mitigate the substantial expense associated with the submission an application to retain and compensate each Ordinary Course

Professional.  Specifically, granting the requested relief will avoid the Debtors incurring additional fees and expenses pertaining to preparing and prosecuting individual retention applications and fee applications for each Ordinary Course Professional.  In addition, the procedures outlined herein will relieve the Court, the U.S. Trustee, and other interested parties of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.  Furthermore, the Ordinary Course Professionals will not be involved in the administration of the Chapter 11 Cases, but rather will provide services in connection with the Debtors' ongoing business operations.  Accordingly, the Debtors do not believe that the Ordinary Course Professionals are "professionals," as the term is used in section 327(a) of the Bankruptcy Code, whose retention must be approved by the Court.[3]

16.    Finally, the relief requested herein is consistent with the relief frequently granted by courts in this district.  Accordingly, the Debtors respectfully submit that the Court should grant this Motion and approve the OCP Procedures proposed herein.

**B.    The Requested Limited Waiver of Local Rule 2016-2
Is Justified Under the Circumstances**

17.    Finally, pursuant to the proposed OCP Procedures, in the event that an Ordinary Course Professional exceeds the applicable OCP Cap, such Ordinary Course Professional shall be required to file with the Court a fee application for its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any

---

[3] *See In re First Merchs. Acceptance Corp.*, 1997 WL 873551, at *2 (D. Del. Dec. 15, 1997) (defining "professionals" within the meaning of section 327 as those whose "occupations . . . play a central role in the administration of the debtor proceeding, and not those occupations which are [merely] involved in the day-to-day mechanics of the debtor's business . . . [or those who are] given discretion or autonomy in some part of administration of the debtor's estate"); *see also Comm. of Asbestos-Related Litigants v. Johns-Manville Corp.* (*In re Johns–Manville Corp.*), 60 B.R. 612, 621 (Bankr. S.D.N.Y. 1986) (stating that lobbyists routinely hired in ordinary course of prepetition business were not professionals within meaning of section 327(a) as "[t]hey were not hired to represent or assist [the debtor] in carrying out its duties under Title 11.  They did not play any part in negotiating a plan, adjusting debtor/creditor relationship, or disposing of or acquiring assets").

applicable orders of the Court.  However, it may not be the general practice of the Ordinary Course Professionals to keep detailed time records similar to those customarily kept by attorneys and required by Local Rule 2016-2(d).  Because such Ordinary Course Professionals may not ordinarily maintain such time records—and would not be required to submit time records to the Court unless the applicable OCP Cap is exceeded—requiring such Ordinary Course Professionals to comply with Local Rule 2016-2(d) in those instances when a fee application is necessary would in effect require such Ordinary Course Professional to start maintaining such records at the outset of the Chapter 11 Cases in the unlikely event the applicable OCP Cap is exceeded at some point during the course of the Chapter 11 Cases.  It would be difficult, time-consuming, and expensive for such Ordinary Course Professionals to comply with Local Rule 2016-2(d) and, given the relatively modest amounts likely to be at issue, a waste of resources.  As such, the Debtors seek a waiver of the information requirements set forth in Local Rule 2016-2(d) for those Ordinary Course Professionals, *and only those professionals*, that do not, in the ordinary course of business, keep detailed time records in tenths-of-an-hour.

18.     Notwithstanding that such Ordinary Course Professionals do not keep time records in increments of tenths-of-an-hour, if a fee application is ultimately required, such Ordinary Course Professionals shall submit time records setting forth, in a summary format, a description of the services rendered, and the professionals rendering such services on behalf of the Debtors.  In addition, the waiver requested hereby shall only apply to those Ordinary Course Professionals whose Declaration of Disinterestedness states that it does not keep, in the ordinary course of business, detailed time records that would comply with Local Rule 2016-2(d).  As such, the Reviewing Parties will have an opportunity to object to any such requested waiver to the extent appropriate.

29947138.2

19.     Accordingly, the Debtors respectfully request that the Court grant the relief requested herein.

## **RESERVATION OF RIGHTS**

20.     Nothing herein should be deemed or construed as impairing the Debtors' right to contest the validity or amount of any claim against the Debtors arising in connection with the fees or charges of any Ordinary Course Professional, and nothing herein shall be deemed or construed as an approval or assumption of any contract, lease, or other agreement under section 365 of the Bankruptcy Code.  The Debtors expressly reserve all of their rights and defenses with respect thereto.

## **NOTICE**

21.     The Debtors will provide notice of this motion to: (a) the U.S. Trustee; (b) proposed counsel to the Committee; (c) counsel to the Prepetition Secured Lender; (d) counsel to the DIP Lender; and (e) any party that requests service pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.


*[Remainder of page intentionally left blank]*

29947138.2

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and granting the Debtors such other and further relief as is just and proper.

Dated:    December 16, 2022           YOUNG CONAWAY STARGATT & TAYLOR, LLP
          Wilmington, Delaware

          */s/ Joshua B. Brooks*
          Michael R. Nestor (No. 3526)
          Matthew B. Lunn (No. 4119)
          Allison S. Mielke (No. 5934)
          Joshua B. Brooks (No. 6765)
          Shella Borovinskaya (No. 6758)
          Rodney Square
          1000 North King Street
          Wilmington, Delaware 19801
          Telephone:  (302) 571-6600
          Facsimile:  (302) 571-1253
          Emails:  mnestor@ycst.com
                   mlunn@ycst.com
                   amielke@ycst.com
                   jbrooks@ycst.com
                   sborovinskaya@ycst.com

          *Proposed Counsel to the Debtors and*
          *Debtors in Possession*

29947138.2

12