# **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. \_\_\_** |

**ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE**
**PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF**
**BUSINESS AND (II) WAIVING CERTAIN INFORMATION**
**REQUIREMENTS OF LOCAL RULE 2016-2**

Upon consideration of the Debtors' motion (the "Motion")[2] for entry of an order pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2, (i) authorizing the retention and compensation of Ordinary Course Professionals pursuant to the OCP Procedures, effective as of the Petition Date or such later date as applicable, without the necessity of submitting formal retention or fee applications for each Ordinary Course Professional, and (ii) waiving certain information requirements of Local Rule 2016-2, at such time as they would be applicable, in connection therewith, all as more fully described in the Motion; and upon the Court's consideration of the Motion and all objections and pleadings filed with respect to the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

29947138.2

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of this proceeding being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief sought in the Motion is in the best interests of the Debtors' estates, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The OCP Procedures are approved, and the Debtors are authorized, but not directed, to retain, compensate, and reimburse Ordinary Course Professionals, including, without limitation, those listed on the OCP List annexed hereto as **Schedule 1**, effective as of the Petition Date or such later date as applicable, in accordance with the terms of this Order.

3. Ordinary Course Professionals retained in the Chapter 11 Cases may seek compensation in accordance with the following OCP Procedures:

    a. Within thirty (30) days following the later of (i) the entry of an order granting the Motion and (ii) the date on which the Ordinary Course Professional commences postpetition services for the Debtors, or as soon thereafter as is practicable, each Ordinary Course Professional will provide to the Debtors' attorneys an affidavit (an "OCP Declaration"), substantially in the form attached to the Proposed Order as **Schedule 2**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter for which the Ordinary Course Professional is to be employed.

    b. Within a reasonable time, the Debtors will file the OCP Declaration with the Court and serve, by email or first class mail, a copy on: (i) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Jane Leamy, Esq. (Jane.M.Leamy@usdoj.gov); (ii) counsel to the Debtors' prepetition secured lender, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor,

Los Angeles, California, Attn: Richard M. Pachulski, Esq. (rpachulski@pszjlaw.com) and Maxim B. Litvak, Esq. (mlitvak@pszjlaw.com), and Pachulski Stang Ziehl & Jones LLP, 919 N. Market St., Suite 1700, Wilmington, Delaware 19801, Attn: James O'Neill, Esq. (joneill@pszjlaw.com); (iii) counsel to the DIP Lender, (a) Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn: Eric Walker, Esq. (ewalker@cooley.com), and Cooley LLP, 55 Hudson Yards, New York, New York, 10001; and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899, Attn: Derek C. Abbott, Esq. (dabbott@mnat.com) and Curtis S. Miller, Esq. (cmiller@mnat.com); and (iv) counsel to the Committee: (a) ArentFox Schiff LLP, 800 Boylston Street, 32nd Floor, Boston, MA 02199, Attn: George P. Angelich, Esq. (george.angelich@afslaw.com), Justin A. Kesselman, Esq. (justin.kesselman@afslaw.com), and James E. Britton, Esq. (james.britton@afslaw.com); and (b) A.M. Saccullo Legal LLC, 27 Crimson King Drive, Bear, Delaware 19701, Attn: Mark Hurford, Esq. (mark@saccullolegal.com); (collectively, the "Reviewing Parties" and each, a "Reviewing Party"). Each Reviewing Party or any other entity will have fourteen (14) days following service of an OCP Declaration (the "Objection Deadline") to notify the Debtors, the other Reviewing Parties, and the affected Ordinary Course Professional, in writing, of any objection to the retention based upon the OCP Declaration (an "Objection"). If, upon the Objection Deadline, no Objection is filed, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved, without further order from the Court. If an Objection is filed on or before the Objection Deadline and such objection cannot be resolved within fourteen (14) days of the filing date of the Objection, the Debtors may schedule the Objection for a hearing before the Court.

c. During the pendency of the Chapter 11 Cases, the Debtors are authorized, but not directed, to pay, without formal application to the Court by any Ordinary Course Professional, 100 percent of the interim fees and disbursements of each Ordinary Course Professional retained pursuant to the Proposed Order approving this Motion, upon receipt of reasonably detailed invoices indicating the nature of the services rendered and expenses incurred after the Petition Date, and calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' and their estates' right to dispute any such invoices) up to $30,000 per month on average over a rolling three-month period for each Ordinary Course Professional listed on **Schedule 1** attached to **Exhibit A** attached hereto ("OCP Cap").

d. If an Ordinary Course Professional's fees and expenses exceed the OCP Cap, as applicable, (i) the Debtors may pay such fees and expenses upon agreement by the Reviewing Parties, such agreement to be evidenced by the filing of a notice of increased cap amount, which will be deemed approving upon the filing of such notice, without further action by the Court, or (ii) absent such agreement, such Ordinary Course Professional shall file a monthly fee application (a "Monthly OCP Fee Application") on account of the excess amount over the OCP Cap, as

applicable, and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, and any other procedures and orders of the Court; *provided, however*, that if an Ordinary Course Professional does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and indicates that to be the case in its Declaration, and no party objects thereto or any such objection is resolved, the requirements of Local Rule 2016-2 shall be waived to permit said Ordinary Course Professional to submit time records in whatever time increments such professional ordinarily maintains their time and setting forth, in summary format, a description of the services rendered and the professionals rendering such services on behalf of the Debtors. The Reviewing Parties shall then have fourteen (14) days to object to the Monthly OCP Fee Application. If no objection is timely filed, the fees and expenses requested in the Monthly OCP Fee Application shall be deemed approved without further order of the Court, and the Ordinary Course Professional may be paid one hundred percent (100%) of its fees and one hundred percent (100%) of its expenses. No Ordinary Course Professional shall be required to submit interim or final fee applications solely because such Ordinary Course Professional's fees and expenses exceeded the OCP Cap.

e. At three (3) month intervals (each a "Quarter") during the pendency of the Chapter 11 Cases, the Debtors shall file a statement reflecting the fees and expenses paid to the Ordinary Course Professionals for the preceding three-month period (each, a "Quarterly OCP Statement") and serve copies of the Quarterly OCP Statement on the Reviewing Parties; *provided that* the initial Quarter shall be the Petition Date through February 28, 2023. The Quarterly OCP Statement shall include the following information: (i) the name of each Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by each Ordinary Course Professional during the reported Quarter; and (iii) a general description of the services rendered by that Ordinary Course Professional.

f. If the Debtors seek to retain an Ordinary Course Professional not already listed on **Schedule 1** of the Proposed Order, the Debtors shall file with the Court and serve upon the Reviewing Parties a notice listing any such Ordinary Course Professional to be added to the OCP List (the "OCP List Supplement"), along with the OCP Declaration for any professional so added to the OCP List.

g. If no objection to an OCP List Supplement is filed with the Court and served upon the Debtors' counsel, as set forth herein, so as to be actually received within fourteen (14) days after the service thereof, the OCP List Supplement will be deemed approved by the Court in accordance with the provisions of the Proposed Order approving this Motion and without the need for a hearing or further order from the Court. Any Ordinary Course Professionals retained pursuant to an OCP

List Supplement will be paid in accordance with the terms and conditions set forth in the OCP Procedures.

4. The OCP Declaration, substantially in form annexed hereto as **Schedule 2**, is approved.

5. Nothing in this Order shall preclude any Ordinary Course Professional from seeking retention as an estate professional under sections 327 or 338 of the Bankruptcy Code, and nothing in this Order shall alter the requirements of sections 330 and 331 of the Bankruptcy Code governing fee applications.

6. This Order shall not apply to any professional that has been retained pursuant to a separate order of this Court.

7. Nothing in the Motion or in this Order shall be deemed or construed as impairing the Debtors' right to contest the validity or amount of any claim against the Debtors arising in connection with the fees or charges of any Ordinary Course Professional, and nothing in the Motion or in this Order shall be deemed or construed as approval of an assumption or rejection of any contract, lease, or other agreement under section 365 of the Bankruptcy Code, and all of the Debtors' rights and defenses are reserved with respect thereto.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

*[Remainder of page intentionally left blank.]*

29947138.2

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## SCHEDULE 1

**Ordinary Course Professionals Subject to $30,000 OCP Cap**

| Ordinary Course Professional & Address | Types of Services Provided |
|---|---|
| Latham & Watkins LLP<br>650 Town Center Drive, 20th Floor<br>Orange County, CA 92626 | Legal Services - Securities |
| Holland & Hart LLP<br>555 17th Street, Suite 3200<br>Denver, CO 80202 | Legal Services – Intellectual Property |

# SCHEDULE 2

## Form Declaration of Disinterestedness

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>                 Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Docket Ref No. \_\_\_**<br>**Objection Deadline: [●], 2023** |

### DECLARATION OF DISINTERESTEDNESS OF PROPOSED ORDINARY COURSE PROFESSIONAL

      I, _____, being duly sworn, state the following under penalty of perjury:

1.     I am _____ of _____, which firm maintains offices at _____ (the "Firm").  The Firm's practice consists of:  [insert business description].

2.     Neither I, the Firm, nor any other owner or associate of the Firm, to the best of my knowledge, information, and belief, has any connection with Winc, Inc. or its affiliates in the above-captioned cases (collectively, the "Debtors"), their creditors, any other parties in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth in this declaration.

3.     The Firm has worked with the Debtors in providing the following services:  [insert services, if any, provided to the Debtors prepetition].

4.     The Debtors have requested, and the Firm has agreed, for the Firm to represent and advise the Debtors with respect to the matter set forth above and such other matters as may be ordinarily rendered by the Firm.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

29947138.2

5. The Debtors [do not owe the Firm for prepetition services/owe the Firm $_____ for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code]. [FOR NON-LEGAL FIRMS: The Firm has waived or will waive any prepetition claim against the Debtors' estates.].

6. The Firm [does/does not] keep, in the ordinary course of business, time records in one-tenth-of-an-hour increments. [If the Firm does not keep time in one-tenth-of-an hour increments, explain how time records are kept.]

7. Except as set forth herein, no promises have been received by the Firm, or any owner or associate thereof, as to compensation in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the U.S. Trustee Guidelines, and all orders of the Court.[2]

8. Neither I nor any other owner of the Firm has agreed to share, or will share, any portion of the compensation received from the Debtors with any person other than the owners, associates, and regular employees of the Firm.

9. The Firm and its owners and associates may have in the past represented, currently represent, and may in the future represent entities that are affiliates of, or related to, the Debtors or other parties in interest in the Chapter 11 Cases in matters unrelated to the Chapter 11 Cases. However, the Firm does not, and will not, represent any such entity in connection with the Chapter 11 Cases, and does not have any relationship with any such entity, its attorneys, or accountants that would be materially adverse to the Debtors or their estates.

---

[2] Capitalized terms used but not otherwise defined herein have the meaning set forth in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business, Effective as of the Petition Date and (II) Waiving Certain Requirements of Local Rule 2016-2* [Docket No. [\_\_\_]].

29947138.2

10. Neither I, the Firm, nor any other owner or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates in matters upon which the Firm is to be engaged.

11. The foregoing constitutes the statement of the Firm pursuant to sections 327(a) and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: _____, 2023          Respectfully submitted,

                                              _____
                                              [Name of Declarant]

29947138.2