**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** <br> January 6, 2023 at 2:00 p.m. (ET) |
| | **Objection Deadline:** <br> December 30, 2022 at 4:00 p.m. (ET) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

The above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") hereby submit this application (this "Application") for entry of an order, substantially in the form attached hereto as **Exhibit D** (the "Proposed Order"), pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to retain and employ Young Conaway Stargatt & Taylor, LLP (the "Firm" or "Young Conaway") as counsel to the Debtors in these chapter 11 cases (the "Chapter 11 Cases"), effective as of the Petition Date (as defined below). In support of this Application, the Debtors rely upon the declaration of Matthew B. Lunn (the "Lunn Declaration"), attached hereto as **Exhibit A**, and the declaration of Brian Smith (the "Smith

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

29915018.3

Declaration"), attached hereto as **Exhibit C**. In further support of this Application, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory and legal predicates for the relief sought herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

3.  On November 30, 2022 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 12, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of general unsecured creditors (the "Committee") in the Chapter 11 Cases. *See* Docket No. 54. No request has been made for the appointment of a trustee or examiner.

4.  Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Carol*

*Brault in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "<u>First Day Declaration</u>").

## RELIEF REQUESTED

5. By this Application, the Debtors request entry of the Proposed Order authorizing them to retain and employ Young Conaway as counsel to the Debtors, effective as of the Petition Date.

## BASIS FOR RELIEF

**A.     <u>Young Conaway's Qualifications</u>**

6. The Debtors seek to retain Young Conaway as their counsel in light of the Firm's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Young Conaway's knowledge, expertise, and experience practicing before the Court will enable the Firm to work in an efficient and cost-effective manner on behalf of the Debtors' estates. Additionally, in preparing for the Chapter 11 Cases, Young Conaway has become familiar with the Debtors' business and affairs and many of the potential legal issues that may arise in the context of the Chapter 11 Cases. Accordingly, the Debtors believe that Young Conaway is uniquely qualified to represent them as counsel in the Chapter 11 Cases and will do so in an efficient manner.

7. In selecting Young Conaway, the Debtors reviewed the Firm's rates, including rates for bankruptcy services, and compared them to outside law firms that the Debtors have used in the past to determine that the rates are reasonable. Young Conaway has informed the Debtors that its current hourly rates are the Firm's standard hourly rates for work of the nature proposed herein. Young Conaway further informed the Debtors that the Firm operates in both national and regional marketplaces for legal services in which rates are driven by multiple factors relating to the

individual lawyer, his or her area of specialty, the Firm's expertise, performance, and reputation, the nature of the work involved, as well as other factors.

8.      The Debtors supervise all legal fees and expenses in order to reasonably manage costs. The Debtors have procedures and policies for reviewing fees of outside counsel, and the Debtors intend to review fees in the Chapter 11 Cases in accordance with such procedures and policies. The rates Young Conaway charged the Debtors in the period prior to the Petition Date are the same as the rates Young Conaway has indicated it will charge the Debtors postpetition. Young Conaway has informed the Debtors (and discloses herein) that the Firm's hourly rates are subject to periodic adjustments to reflect economic and other conditions.

9.      The Debtors recognize that it is their responsibility to closely monitor the billing practices of their counsel to ensure that the fees and expenses paid by the Debtors' estates remain consistent with the Debtors' expectations and the exigencies of the Chapter 11 Cases. As they did prepetition, the Debtors will continue to review and monitor professional fees and expense reimbursement requests for reasonableness.

**B.      Payment of Fees and Expenses**

10.     Young Conaway will seek Court approval of its compensation and reimbursement of its actual, necessary, and reasonable expenses, and other charges incurred by the Firm in connection with the Chapter 11 Cases, upon the filing of appropriate applications for interim and final compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The principal attorneys and paralegal presently designated to represent the Debtors, and their current standard hourly rates, are:

29915018.3

|    |                            |                    |
|----|----------------------------|--------------------|
| a. | Michael R. Nestor          | $1,105.00 per hour |
| b. | Matthew B. Lunn            | $915.00 per hour   |
| c. | Allison S. Mielke          | $600.00 per hour   |
| d. | Joshua B. Brooks           | $450.00 per hour   |
| e. | Shella Borovinskaya        | $450.00 per hour   |
| f. | Troy Bollman (paralegal)   | $325.00 per hour   |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.[2] Other attorneys and paralegals from Young Conaway may from time to time also serve the Debtors in connection with the matters described herein.

11. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client, such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. It is the Debtors' understanding that the Firm believes that it is fairer to charge these

---

[2] Generally, the Firm implements rate increases on January 1 of each year.

29915018.3

expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

12. Young Conaway was retained by the Debtors pursuant to an engagement agreement dated as of October 31, 2022 (the "Engagement Agreement") to provide counsel to the Debtors in connection with certain restructuring matters. In accordance with the Engagement Agreement, on November 7, 2022, Young Conaway received a retainer in the amount of $100,000.00 (the "Retainer") in connection with the planning and preparation of initial documents and its proposed representation of the Debtors. Since Young Conaway was retained by the Debtors, the Debtors have made the following payments:

| Payment Date | Amount | Payment Type | Retainer Balance |
| --- | --- | --- | --- |
| November 7, 2022 | $100,000.00 | Wire | $100,000.00 |
| November 16, 2022 | $100,000.00 | Wire | $200,000.00 |
| November 22, 2022 | $99,861.70 | Applied Retainer to Invoice | $100,138.30 |
| November 30, 2022 | $150,000.00 | Wire | $250,138.30 |
| December 5, 2022 | $245,258.90 | Applied Retainer to Invoice | $4,879.40 |

13. On December 5, 2022, Young Conaway applied the Retainer to its outstanding balance as of the Petition Date, including fees and expenses associated with the filing of the Chapter 11 Cases. After doing so, Young Conaway continues to hold a Retainer in the amount of $4,879.40, which will constitute a general security retainer for postpetition services and expenses.

14. In this instance, the general security retainer is appropriate for several reasons. *See In re Insilco Techs., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("Factors to be considered, include, but are not necessarily limited to (1) whether terms of an engagement agreement reflect normal business terms in the marketplace; (2) the relationship between the Debtor and the

29915018.3

professionals, i.e., whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation; [and] (3) whether the retention, as proposed, is in the best interests of the estate . . . ."); *see also In re CTC Commc'ns Grp., Inc.*, Case No. 02-12873 (PJW) (Bankr. D. Del. May 22, 2003), Hr'g Tr. 43:14–15 ("I agree and adopt wholeheartedly Judge Carey's decision in the *Insilco* case."). First, these types of retainer agreements reflect normal business terms in the marketplace. *See Insilco.*, 291 B.R. at 634 ("[I]t is not disputed that the taking of [security] retainers is a practice now common in the market place."). Second, both Young Conaway and the Debtors are sophisticated business entities that have negotiated the Retainer at arm's length. Third, the retention of Young Conaway is in the best interests of the Debtors' estates because the retention agreement and Retainer allow the Debtors to maintain the prepetition relationship established with Young Conaway. Thus, under the standards articulated in *In re Insilco Technologies, Inc.*, and adopted *In re CTC Communications Group, Inc.*, the facts and circumstances of these Chapter 11 Cases support the approval of the security retainer.

15.   As set forth in the Lunn Declaration, Young Conaway has not shared nor agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

**C.    Services to be Provided**

16.   The professional services that Young Conaway will render to the Debtors include, but shall not be limited to, the following:

      a.   providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business, management of their properties, and the potential sale of their assets;

      b.   preparing documents in connection with and pursuing the sale of substantially all the Debtors' assets under section 363 of the Bankruptcy

29915018.3

7

          Code and confirmation of a plan and approval of a disclosure statement, if applicable;

    c.    preparing, on behalf of the Debtors, necessary applications, motions, answers, orders, reports, and other legal papers;

    d.    appearing in Court and protecting the interests of the Debtors before the Court; and

    e.    performing all other legal services for the Debtors that may be necessary and proper in the Chapter 11 Cases.

17.    By separate applications, the Debtors are or will be seeking Court approval for the retention of: (a) Epic Corporate Restructuring, LLC as their administrative agent; (b) RPA Asset Management Services, LLC as their financial advisor; and (c) Canaccord Genuity LLC as their investment banker. The Debtors may also file motions or applications to employ additional professionals and will seek authority to retain certain ordinary course professionals.

18.    Each of the firms listed above works, and will continue to work, under the direction of the Debtors' management. The Debtors' directors and senior management are committed to minimizing duplication of services to reduce professional costs. To that end, Young Conaway will work closely with each professional to ensure that there is no unnecessary duplication of effort or cost.

**D.**    **Bankruptcy Rule 2014 Disclosure**

19.    To the best of the Debtors' knowledge, and except as disclosed herein and in the Lunn Declaration, Young Conaway has not represented the Debtors, their creditors, or any other parties-in-interest, or their respective attorneys, in any matter relating to the Debtors or their estates. Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel, and associates:

    a.    are not creditors, equity security holders, or insiders of the Debtors;

  b.  are not and were not, within two years of the Petition Date, directors, officers, or employees of the Debtors; and

  c.  do not have an interest materially adverse to the interests of the Debtors' estates or of any class of the Debtors' creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

20. For the above reasons, the Debtors submit that Young Conaway's employment is necessary and in the best interests of the Debtors and their estates.

### **NOTICE**

21. Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) proposed counsel for the Committee; (iii) counsel to the Debtors' prepetition secured lender; (iv) counsel to the DIP Lender; and (v) all parties who, as of the filing of this Application, have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: December 16, 2022    By: */s/ Brian Smith*
                 Brian Smith
                 Interim Chief Executive Officer

29915018.3