# EXHIBIT C

**Smith Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF BRIAN SMITH IN SUPPORT OF THE DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS
COUNSEL FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

I, Brian Smith, hereby submit this declaration (this "Declaration") under penalty of perjury:

1.      I submit this Declaration in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Counsel for the Debtors, Effective as of the Petition Date* (the "Application").[2]  Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtors' management and the Debtors' advisors.

2.      I am the Interim Chief Executive Officer of the Debtors.  In this capacity, I am familiar with the Debtors' decision to retain and employ Young Conaway as counsel in the Chapter 11 Cases.  I generally am responsible for, among other things, supervising the Debtors' outside counsel and monitoring and controlling legal costs.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2]  Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

29915018.3

## The Debtors' Selection of Young Conaway as Counsel

3.      The Debtors selected Young Conaway as their bankruptcy counsel because of the Firm's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  Young Conaway's knowledge, expertise, and experience practicing before the Court will enable the Firm to work in an effective and efficient manner on behalf of the Debtors' estates.  Additionally, in preparing for the Chapter 11 Cases, Young Conaway has become familiar with the Debtors' business and affairs and many of the potential legal issues that might arise in the context of the Chapter 11 Cases. Therefore, the Debtors believe that Young Conaway is uniquely qualified to represent them as bankruptcy counsel in the Chapter 11 Cases.  The Debtors did not interview any other Delaware firms to serve as their bankruptcy counsel.

## Rate Structure

4.      Young Conaway has informed the Debtors that their hourly rates for bankruptcy representations are comparable to (a) the hourly rates they charge for non-bankruptcy representations; and (b) the rates of other comparably skilled professionals in the national marketplace for legal services.  Having had experience working with large law firms, and having previously reviewed invoices from other large law firms, I can verify that the rates being charged by Young Conaway in connection with this representation are within the range typically charged by similar firms in complex matters.

5.      I am the primary individual responsible for reviewing the invoices regularly submitted by Young Conaway, and I am informed that the rates that Young Conaway charged the Debtors in the prepetition period are the same as the rates that Young Conaway will charge the

29915018.3

Debtors during the Chapter 11 Cases, subject to periodic adjustment to reflect economic and other conditions.

### **Cost Supervision**

6.      The Debtors and Young Conaway have developed a prospective budget and staffing plan for the postpetition period, recognizing that, during the course of the Chapter 11 Cases, it is possible that there may be issues or disputes that create the need for additional fees and expenses charged by Young Conaway.  The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of the Chapter 11 Cases.  The Debtors will continue to review the invoices that Young Conaway regularly submits and periodically amend the budget and staffing plans as the Chapter 11 Cases develop.

7.      As they did prepetition, the Debtors will continue to closely monitor Young Conaway's fees and expenses.  Young Conaway's fees and expenses will be subject to review, comment, and objection (if warranted), and court approval pursuant to interim compensation procedures that provide for the interim allowance and payment of fees and expenses during the Chapter 11 Cases.  Young Conaway's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the Chapter 11 Cases by the U.S. Trustee, the official committee appointed in the Chapter 11 Cases and the Court, as well as by the Debtors.

*[Signature page follows]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 16, 2022

Respectfully submitted,

Winc, Inc., *et al.*
Debtors and Debtors in Possession


*/s/ Brian Smith*
Brian Smith
Interim Chief Executive Officer

29915018.3