# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22- 11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** <br> January 6, 2023 at 2:00 p.m. (ET) |
| | **Objection Deadline:** <br> December 30, 2022 at 4:00 p.m. (ET) |

## DEBTORS' APPLICATION FOR AUTHORIZATION TO RETAIN AND EMPLOY EPIQ CORPORATE RESTRUCTURING, LLC AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE

The above-captioned affiliated debtors and debtors-in-possession (the "Debtors") hereby submit this application (this "Application") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), appointing Epiq Corporate Restructuring, LLC ("Epiq") as the Debtors' administrative advisor effective as of the Petition Date (as defined below). In support of this Application, the Debtors rely upon the *Declaration of Brian Hunt in Support of Application of the Debtors for Authorization to Retain and Employ Epiq Corporate Restructuring, LLC as Administrative Advisor Effective as of the Petition Date* (the "Hunt Declaration"), a copy of which is attached hereto as **Exhibit B** and respectfully states as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

29914928.3

*Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by this Court in connection with this Application to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1 and 2016-2.

## BACKGROUND

3. On November 30, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") with this Court. The Debtors are authorized to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 12, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of general unsecured creditors (the "Committee") in the Chapter 11 Cases. *See* Docket No. 54. No request has been made for the appointment of a trustee or examiner.

29914928.3

4. Additional information about the Debtors' business and the events leading to the commencement of the Chapter 11 Cases can be found in the *Declaration of Carol Brault in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").[2]

## RELIEF REQUESTED

5. The Debtors request entry of an order appointing Epiq as the Debtors' administrative advisor in the Chapter 11 Cases, effective as of the Petition Date, in accordance with the *Standard Services Agreement* attached hereto as **Exhibit C** (the "Engagement Agreement").

6. On the Petition Date, the Debtors filed an application (the "Section 156(c) Application") for an order appointing Epiq as claims and noticing agent pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code and Local Rule 2002-1(f). On December 6, 2022, the Court entered the *Order Appointing Epiq Corporate Restructuring, LLC as Claims and Notice Agent Effective as of the Petition Date* [Docket No. 34]. The administration of the Chapter 11 Cases will require Epiq to perform duties outside the scope of services covered by the Section 156(c) Application. Accordingly, the Debtors submit this Application to enable Epiq to provide services under the Engagement Agreement that are outside the scope of the services authorized to be provided to the Debtors by Epiq pursuant to the order approving the Section 156(c) Application.

## EPIQ'S QUALIFICATIONS

7. Epiq is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases. Epiq has substantial experience in matters of this size and complexity, and has acted as administrative advisor in many large bankruptcy cases in this District and other

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the First Day Declaration.

districts nationwide. *See, e.g.*, *In re RTI Holding Co., LLC*, Case No. 20-12456 (JTD) (Bankr. D. Del. December 11, 2020) [Docket No. 700]; *In re Town Sports Int'l LLC*, Case No. 20-12168, (CSS) (Bankr. D. Del. September 16, 2020) [Docket No. 57]; *In re RGN-Group Holdings, LLC*, Case No. 20-11961 (BLS) (Bankr. D. Del. September 29, 2020) [Docket No. 376]; *In re Tonopah Solar Energy, LLC*, Case No. 20-11884 (KBO) (Bankr. D. Del. August 20, 2020) [Docket No. 114]; *In re Lucky Brand Dungarees, LLC*, Case No. 20-11768 (CSS) (Bankr. D. Del. July 28, 2020) [Docket No. 112]; *In re Advantage Holdco, Inc.*, Case No. 20-11259 (JTD) (Bankr. D. Del. June 29, 2020) [Docket No. 303]; *In re BroadVision, Inc.*, Case No. 20-10701 (CSS) (Bankr. D. Del. April 29, 2020) [Docket No. 108]; *In re Earth Fare, Inc.*, Case No. 20-10256 (KBO) (Bankr. D. Del. February 26, 2020) [Docket No. 217]; and *In re Southland Royalty Co. LLC*, Case No. 20-10158 (KBO) (Bankr. D. Del. February 25, 2020) [Docket No. 171].

## **SERVICES TO BE PROVIDED**

8. Pursuant to the Engagement Agreement, the Debtors seek to retain Epiq to provide, among other things, the following bankruptcy administration services, if and to the extent requested:

(a) Assist with, among other things, solicitation, balloting and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

(b) Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c) Assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

(d) Provide a confidential data room, if requested;

(e) Manage and coordinate any distributions pursuant to a chapter 11 plan; and

  (f)  Provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Bankruptcy Court (the "Clerk").

## EPIQ'S COMPENSATION

9. The fees Epiq will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement. The Debtors respectfully submit that Epiq's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a review and comparison of other firms' rates before selecting Epiq as administrative advisor. Epiq's rates are more than reasonable given the quality of Epiq's services and its professionals' bankruptcy expertise. Additionally, Epiq will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

10. Epiq intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as administrative advisor pursuant to the Engagement Agreement. Epiq will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in the Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

11. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Epiq and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Epiq's actual fraud, gross negligence, or willful misconduct or as otherwise provided in the Engagement Agreement or Proposed Order. The Debtors believe that such an indemnification

obligation is customary, reasonable, and necessary to retain the services of an administrative advisor in the Chapter 11 Cases.

## DISINTERESTEDNESS

12. Epiq has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest identified by the Debtor. To the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Hunt Declaration, Epiq is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

13. Epiq believes that it does not have any relationships with creditors or other parties in interest in the Chapter 11 Cases that would present a disqualifying conflict of interest. To the extent that Epiq discovers any connection with any interested party or enters into any new relationship with any interested party, Epiq will promptly supplement its disclosure to the Court.

## BASIS FOR RELIEF

14. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for

29914928.3

>compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

15. In light of the size and complexity of the Chapter 11 Cases, the Debtors respectfully submit that retaining and employing Epiq pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest in the Chapter 11 Cases. The Debtors also believe that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties in interest that will be involved in the Chapter 11 Cases.

16. Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties that are expected to be involved in the Chapter 11 Cases, the Debtors respectfully request that the Court enter an order appointing Epiq as the Debtors' administrative advisor in the Chapter 11 Cases pursuant to sections 327(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-2.

## **NOTICE**

17. Notice of this Application will be provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Prepetition Lender; (iv) counsel to the DIP Lender; and (v) all parties who, as of the filing of this Application, have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 16, 2022						By: */s/ Brian Smith*
										Brian Smith
										Interim Chief Executive Officer

29914928.3