9

# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No.** ___ |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN
AND EMPLOY EPIQ CORPORATE RESTRUCTURING, LLC
AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF PETITION DATE**

Upon consideration of the Debtors' application (the "Application")[2] requesting entry of an order pursuant to section 327 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1 and 2016-2, authorizing the Debtors to retain Epiq Corporate Restructuring, LLC ("Epiq") as administrative advisor ("Administrative Advisor") in the Chapter 11 Cases, effective as of the Petition Date, in accordance with the *Standard Services Agreement* attached to the Application as **Exhibit C** (the "Engagement Agreement"), all as more fully described in the Application; and upon consideration of the Hunt Declaration submitted in support of the Application; and this Court being satisfied that Epiq has the capability and experience to provide the services described in the Application and that Epiq does not hold or represent an interest adverse to the Debtors or the estates related to any matter for which Epiq will be employed; and it appearing that this Court has jurisdiction to consider the Application in accordance with 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* dated February 29, 2012, from

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

29914928.3

the United States District Court for the District of Delaware; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided under the circumstances, and such notice having been adequate and appropriate under the circumstances; and having determined that no other or further notice need be provided; and upon the record of the proceedings had before this Court; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

        **IT IS HEREBY ORDERED THAT**:

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized to retain Epiq as Administrative Advisor under section 327(a) of the Bankruptcy Code, effective as of the Petition Date, under the terms of the Engagement Agreement as modified herein, and Epiq is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3. Epiq is authorized to take such other action to comply with all duties set forth in the Application.

4. Epiq shall apply to this Court for allowance of its compensation and reimbursement of expenses incurred after the Petition Date in accordance with §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders the Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

5. The Debtors shall indemnify Epiq and each other Indemnified Person, as that term is defined in the Engagement Agreement (collectively, the "Indemnified Persons"), under the terms of the Engagement Agreement, as modified pursuant to this Order.

6. The Indemnified Persons shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court.

7. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify the Indemnified Persons, or provide contribution or reimbursement to the Indemnified Persons, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from an Indemnified Person's gross negligence, willful misconduct or fraud; (b) for a contractual dispute in which the Debtors allege the breach of an Indemnified Person's contractual obligations if this Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (c) settled before a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which an Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

8. Notwithstanding anything to the contrary in the Engagement Agreement, for services rendered pursuant to this Order, the limitation of liability contained in paragraph 8 of the Engagement Agreement shall have no force or effect during the pendency of the Chapter 11 Cases.

9. If, before the earlier of the entry of an order (a) confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), or

29914928.3

(b) closing the Chapter 11 Cases, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, the Indemnified Person or Epiq must file an application therefor in this Court, and the Debtors may not pay any such amounts to such Indemnified Person before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution or reimbursement.

10. The Debtors and Epiq are authorized to take all action necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. Notwithstanding any term in the Engagement Agreement to the contrary, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order and the Epiq engagement.

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

13. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.