# EXHIBIT 1

**Proposed Further Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Docket Ref. Nos. 14 & 44** |

**FURTHER INTERIM ORDER (I) AUTHORIZING DEBTORS TO
(A) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361,
362, 364(c)(1), 364(c)(3), 364(d)(1), AND 364(e) AND (B) USE CASH COLLATERAL
PURSUANT TO 11 U.S.C. § 363, AND (II) GRANTING ADEQUATE PROTECTION
PURSUANT TO 11 U.S.C. §§ 361, 362, 363, AND 364**

**WHEREAS**, on December 2, 2022, the above-captioned debtors and debtors and debtors-in-possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Grant Senior Secured Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Determining that the Prepetition Secured Lender Is Adequately Protected; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* [Docket No. 14] (the "Motion");

**WHEREAS**, on December 6, 2022, this Court held a hearing during which it considered approval of the Motion on an interim basis. Thereafter, on December 7, 2022, the Court entered an order [Docket No. 44] (the "Interim Order")[2] approving the Motion on an interim basis and scheduling a final hearing (the "Final Hearing") to consider the Motion.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Interim Order.

**WHEREAS**, the Debtors, DIP Lender, Prepetition Secured Party, and Creditors' Committee (collectively, the "Interested Parties") have agreed to adjourn the Final Hearing to January 6, 2023 at 2:00 p.m. (ET) to provide the Interested Parties with additional time to resolve issues raised by the Creditors' Committee. Accordingly, the Interested Parties have agreed to certain revisions to the Interim Order as set forth herein; and

**WHEREAS**, the Debtors have represented to this Court that the relief provided for herein has been consented to by each of the Interested Parties.

**THEREFORE, IN CONSIDERATION OF THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The Interim Order shall remain in full force and effect with no modifications or additions thereto except as expressly set forth in this order (this "Order").

2. Section (a) in the preamble and paragraph 2(i) of the Interim Order are hereby amended by replacing "2,000,000" with "3,500,000."

3. Paragraphs 1 and 5 of the Interim Order are hereby amended by replacing "twenty-eight (28)" with "forty (40)".

4. The Approved Budget attached as Exhibit A to the Interim Order shall be replaced and superseded by the budget attached hereto as **Exhibit 1** (the "Revised Budget").

5. The Debtors shall give counsel to the Creditors' Committee three days' prior notice (the "Objection Period") in writing, which may be by email, of (i) any payments (the "Critical Vendor Payments") to be made to any "Critical Vendors" on account of any "Critical Vendor Claims" (including, but not limited to, purchases of inventory), each as defined in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Claims of (A) Critical Vendors and Service Providers, (B) Certain Vendors with*

*Claims Entitled to Administrative Expense Status Under Section 503(b)(9) of the Bankruptcy Code, (C) Foreign Vendors, and (D) Shippers, Warehouseman, and Other Lienholders; (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto; and (III) Granting Related Relief* [Docket No. 10] and (ii) any payments on account of prepetition or postpetition inventory (the "Inventory Payments"). Any objection by the Creditors' Committee to any Critical Vendor Payment or Inventory Payment (a "Vendor Payment Objection") shall be provided to counsel to the Debtors and the DIP Lender, in writing, which may be by email (an "Objection Notice"), within the Objection Period. Unless otherwise agreed by the Debtors and the Creditors' Committee, if the Debtors and Creditors' Committee cannot resolve the Vendor Payment Objection within two (2) business days of the date that the Debtors receive an Objection Notice, the Creditors' Committee shall file with this Court and serve on counsel for the Debtors, Prepetition Secured Party, and the DIP Lender, an objection, setting forth the basis for such unresolved Vendor Payment Objection, and the Debtors will not object to expedited consideration of any such Vendor Payment Objection.

6.  All rights of the Creditors' Committee are expressly reserved to, without limitation, object, move, oppose, support, request adjournment, or otherwise be heard with respect to the terms of and/or any relief sought by any party in these Chapter 11 Cases, including in any document filed in or that may be filed in the Chapter 11 Cases (including, without limitation, the Critical Vendor Motion, Cash Management Motion,³ DIP Motion, any further proposed Interim DIP Order, any proposed Final DIP Order, any Auction, and/or any proposed Sale, and any payments under or pursuant to any of the foregoing); and all rights of the Creditors' Committee

---

³ For purposes of this paragraph, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Creditors' Committee's *Omnibus (I) Preliminary Objection to Debtors' (A) Motion for Entry of Order Authorizing Debtors to Obtain Postpetition Financing, (B) Motion for Approval of Bid Procedures, and (C) to Certain Other Relief; and (II) Request for Adjournment* [Docket No. 75].

with respect to, without limitation, the Debtors, the Chapter 11 Cases, the DIP Lender, the Stalking Horse Bidder, any Critical Vendor, and/or any of their respective successor and/or assigns are expressly reserved; and prior to the hearing scheduled for January 6, 2023, the Debtors, Committee and any other applicable party-in-interest shall meet and confer concerning a budget for the Committee's professionals for the period following the Sale through confirmation of any plan.

7. This Order shall be effective and enforceable immediately upon entry.

8. This Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order.

## **EXHIBIT 1**

**Revised Approved Budget**

**Winc, Inc.** *CONFIDENTIAL DRAFT*
**Proposed DIP Budget** *SUBJECT TO MATERIAL REVISION*
*as of 12/21/22*

| ($, 000s) | Week-Ending | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | *Actual 12/9* | *Actual 12/16* | 12/23 | 12/30 | 1/6 | 1/13 | 1/20 | Total |
| DTC Receipts | $739 | $718 | $520 | $560 | $560 | $480 | $500 | $4,077 |
| Wholesale Receipts | 188 | 406 | 200 | 320 | 320 | 320 | 320 | 2,074 |
| Bulk Sales & Other | 204 | 4 | - | 298 | - | - | - | 506 |
| Total Receipts | $1,131 | $1,128 | $720 | $1,178 | $880 | $800 | $820 | $6,657 |
| Inventory Expenses | - | ($453) | ($950) | ($404) | ($855) | ($855) | ($855) | ($4,371) |
| Selling Costs | (305) | (426) | (175) | (150) | (530) | (125) | (275) | (1,986) |
| Payroll (incl Temp) | (45) | (297) | (205) | (310) | (45) | (310) | (45) | (1,257) |
| Rent | - | - | (131) | - | (100) | - | - | (231) |
| Insurance | (13) | (15) | (22) | (35) | (35) | - | - | (119) |
| G&A & Other | (66) | (326) | (126) | (279) | (208) | (287) | (205) | (1,497) |
| Total Disbursements | ($429) | ($1,517) | ($1,609) | ($1,178) | ($1,772) | ($1,577) | ($1,379) | ($9,461) |
| **Operating Cash Flow** | **$702** | **($388)** | **($889)** | **($1)** | **($892)** | **($777)** | **($559)** | **($2,803)** |
| Debtor Professionals | (10) | - | - | - | - | - | - | (10) |
| UCC, 1L Prof. & US Trustee | - | - | - | - | - | - | - | - |
| 503(b)(9) & Other Misc | - | - | (50) | (50) | (50) | (50) | - | (200) |
| Other Restructuring Related | - | - | - | - | - | - | - | - |
| Total Restructuring Costs | ($10) | - | ($50) | ($50) | ($50) | ($50) | - | ($210) |
| **Net Cash Flow** | **$692** | **($388)** | **($939)** | **($51)** | **($942)** | **($827)** | **($559)** | **($3,013)** |
| **Beginning Cash Balance** | **$960** | **$3,317** | **$2,592** | **$1,239** | **$778** | **$822** | **$1,082** | **$960** |
| Net Cash Flow | 692 | (388) | (939) | (51) | (942) | (827) | (559) | (3,013) |
| Professional Fee Escrow | (336) | (337) | (413) | (410) | (515) | (413) | (411) | (2,835) |
| DIP Draws/Repayments | 2,000 | - | - | - | 1,500 | 1,500 | - | 5,000 |
| **Ending Cash Balance** | **$3,317** | **$2,592** | **$1,239** | **$778** | **$822** | **$1,082** | **$112** | **$112** |

**Professional Fee Accruals & US Trustee Fees**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| *Debtor Professionals Fees* | ($290) | ($300) | ($300) | ($300) | ($400) | ($300) | ($300) | ($2,190) |
| *UCC Fees* | (25) | (25) | (80) | (80) | (80) | (80) | (80) | (450) |
| *1L Professionals* | - | - | (20) | (20) | (20) | (20) | (20) | (100) |
| *US Trustee Fees* | (21) | (12) | (13) | (10) | (15) | (13) | (11) | (94) |
| *Total* | ($336) | ($337) | ($413) | ($410) | ($515) | ($413) | ($411) | ($2,834) |

*\*Fees and expenses for the DIP Lender associated with the DIP shall accrue and be paid in accordance with the terms of the DIP Order.*