**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |

**STATEMENT OF FINANCIAL AFFAIRS FOR**
**<u>BWSC, LLC (CASE NO. 22-11239)</u>**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, collectively, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes and Statement of Limitations, Methodology, and Disclaimer regarding the Schedules and Statements (the "Global Notes") pertain to the Schedules and Statements. These Global Notes should be referred to as part of, and reviewed in connection with, the Schedules and Statements.[2]

The Schedules and Statements have been prepared based on information provided by the Debtors' Chief Financial Officer and professional advisors, and are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such information and data; however, subsequent information, data, or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions, or inaccuracies may exist. The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2] These Global Notes are in addition to any specific notes that may be contained in each of the Schedules or Statements. The fact that the Debtors have prepared a general note herein with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to the Debtors' remaining Schedules and Statements, as appropriate.

**Reservation of Rights**.  Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any rights of the Debtors and their estates or an admission with respect to the Debtors' chapter 11 cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws.

**Description of the Cases and "As of" Information Date**.  On November 30, 2022 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief with the Court under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors in the Schedules and Statements and these Global Notes is provided as of the Petition Date or as close to the Petition Date as reasonably practicable under the circumstances.

As of the Petition Date, the Debtors' headquarters was located at 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.  However, effective as of December 31, 2022, the Debtors will have rejected the lease associated with their headquarters.  The Debtors' go-forward mailing address is 12405 Venice Blvd., Box #1, Los Angeles, CA 90066.

**Basis of Presentation**.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to any financial statements prepared by the Debtors.

**Recharacterization**.  Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in the Schedules and Statements, and the Debtors and their estates reserve all rights in this regard.

**Accounts Payable and Disbursement Systems**.  The Debtors maintain a cash management system (the "Cash Management System") to collect and disburse funds in the ordinary course of business.  A more complete description of the Cash Management System is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Continued Use of Cash Management System, (II) Authorizing Continued Use of Corporate Credit Cards and Granting Administrative Expense Status to Postpetition Credit Card Obligations; (III) Authorizing Use of Prepetition Bank Accounts and Business Forms, (IV) Waiving the Requirements of Section 345(b) on an Interim Basis, (V) Granting Administrative Expense Status to Postpetition Intercompany Claims, and (VI) Granting Certain Related Relief* [Docket No. 9] filed on December 2, 2022.

**Insiders**.  Payments to insiders are listed in part 2, question 4 of the Statements.  Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should it be construed as, a legal characterization of such person as an insider, nor does it serve as an admission of any fact, claim, right or defense, and all such claims, rights, and defenses with respect thereto are hereby expressly reserved.  Further, the Debtors and their estates do not

2

take any position with respect to:  (a) any such person's influence over the control of the Debtors; (b) the management responsibilities or functions of any such individual; (c) the decision-making or corporate authority of any such individual; or (d) whether any such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

      a.      **Current Market Value – Net Book Value**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all estate assets.  Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is indicated herein or in the Schedules and Statements), and may not reflect the net realizable value.

      b.      **Interim Orders**.  Pursuant to the interim employee wage and tax orders and any supplements or amendments to such orders entered by the Court on December 6, 2022 (the "Interim Orders"), the Debtors and their estates are authorized to pay certain prepetition claims, including, without limitation, certain claims relating to employee wages and benefits as well as taxes and fees.  The Debtors have not included claims of this nature in the Schedules to the extent that such claims were paid under the Interim Orders.

      c.      **Setoffs**.  To the extent the Debtors have incurred or effectuated any ordinary course setoffs with third parties (including, without limitation, customers and vendors) prior to the Petition Date, or are subject to the occurrence of, or maintain the right to effectuate, ordinary course setoffs on account of activities occurring prior to the Petition Date, claims of creditors listed may not reflect all such setoffs.  The Debtors and their estates reserve all rights with respect to any such setoffs.

      d.      **Credits and Adjustments**.  Claims of creditors are listed in the amounts entered on the Debtors' books and records, and may not reflect all credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors and their estates reserve all rights with regard to any such credits, allowances and other adjustments, including, without limitation, the right to assert claims, objections, setoffs and recoupments with respect to the same.

      e.      **Leases**.  In the ordinary course of business, the Debtors may lease certain equipment or non-residential real property from certain third-party lessors for use in the ordinary course of their business.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

      f.      **Executory Contracts and Unexpired Leases**.  The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  Rather, executory contracts and unexpired leases have been set forth solely on Schedule G.  The Debtors' rejection

of executory contracts and unexpired leases may result in the assertion of rejection damages claims against the Debtors and their estates; however, the Schedules and Statements do not reflect any claims for rejection damages. The Debtors and their estates reserve all rights with respect to the assertion of any such claims.

g. **Unknown or Undetermined Amounts**. Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

h. **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information available at the time of filing the Schedules and Statements. If additional information becomes available or further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors and their estates reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

i. **Estimates**. The Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses. The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

j. **Classifications**. Listing a claim (a) on Schedule D as "secured;" (b) on Schedule E/F as "unsecured priority," or "unsecured non-priority;" or (c) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to amend these Schedules and Statements to recharacterize or reclassify any claim or contract.

k. **Claims Description**. The Debtors and their estates reserve all rights to dispute, and to assert any offsets or defenses to, any claim reflected on the applicable Schedule on any grounds, including, without limitation, amount, liability, validity, priority or classification, and to subsequently designate any claim as "disputed," "contingent," or "unliquidated."

l. **Guaranties and Other Secondary Liability Claims**. Guaranties and other secondary liability claims (collectively, the "Guaranties") with respect to the Debtors' contracts and leases may not be included on Schedule H. Therefore, the Debtors and their estates reserve all rights to amend the Schedules to the extent additional Guaranties are identified.

## NOTES FOR SCHEDULES

**Schedule A/B – Assets – Real and Personal Property**.

**Part 2, Item 8**.  In Part 2, Item 8, the Debtors have listed certain amounts in the aggregate for Prepaid Merchant Fees and Prepaid Freight.  The Debtors pay merchant fees based on subscription credit transactions, which are expensed in the Debtors' books and records at the time that the Debtors' customers apply their credits towards the purchase of merchandise.  In addition, the Debtors incur various freight costs to move inventory between warehouses and such costs are expensed in the Debtors' books and records as the inventory is shipped to customers.  In each case, such amounts are listed in the aggregate because such costs are recorded in the Debtors' books and records in the aggregate and it would be costly, burdensome, and impractical to itemize such amounts.

Payments made to the estates' retained professionals are listed on Part 6, Item 11 of the Statements rather than Part 2, Item 8 of the Schedules.

**Part 5**.  As set forth above, all inventory values identified in Schedule A/B, Part 5 are listed as net book value unless otherwise stated.

**Part 7**.  The Debtors' books and records do not differentiate between office furniture and office fixtures.  Accordingly, the Debtors have listed all office furniture and fixtures in the aggregate in their response to question 39.

**Part 11, Item 72**.  Debtor Winc, Inc. is the parent of a consolidated tax group that comprises all of the Debtors.  Accordingly, the Debtors file Federal and state tax returns on a consolidated or combined basis.  The Debtors maintain net operating losses from consolidated or combined tax filings, which are listed under Schedule A/B, Part 11, Item 72 for Winc, Inc.  The Debtors reserve all rights to assert that the net operating losses are property of a different Debtor.

**Part 11, Item 73**.  In response to Part 11, Item 73, the Debtors have not listed the insurance policies comprising their insurance program, as disclosed in the Debtors' *Motion for Entry of Interim and Final Orders Authorizing (I) the Debtors to (A) Continue Prepetition Insurance Policies, (B) Pay All Prepetition Obligations in Respect Thereof, and (C) Continue Their Insurance Premium Financing Program; and (II) Banks to Honor and Process Related Checks and Transfers* [Docket No. 11], filed on December 2, 2022.

**Part 11, Item 74**.  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed certain causes of action or potential causes of action against third parties as assets in Schedule A/B, Part 11, Item 74, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws (including, but not limited to, intellectual property laws).  The Debtors and their estates reserve all rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and causes of action.

29975035.3

**Part 11, Item 77.1**.  Debtors BWSC, LLC and Winc, Inc. engage in ordinary course intercompany transactions that result in credit and debit book entries for accounting purposes.  Such intercompany transactions result in a net zero balance and have not been listed in Part 11, Item 77.1.

**Schedule D – Creditors Who Have Claims Secured by Property**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or other order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any of the Debtors.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken.  Except as otherwise agreed pursuant to a stipulation, agreed order, or other order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document, or instrument related to any such claim.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of other Debtors.  No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies and other parties which may hold security deposits.

Certain of the amounts listed for parties on Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses that such parties may be entitled to, and are not reflective of any payments made by the Debtors subsequent to the Petition Date.

**Schedule E/F – Creditors Who Have Unsecured Claims**.

**Part 2**.  Certain creditors listed on Part 2 of Schedule E/F may owe amounts to the Debtors; accordingly, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts.  Also, the amounts listed on Part 2 of Schedule E/F reflect known prepetition claims as of the Petition Date.  The Debtors and their estates reserve all rights to challenge any setoff and recoupment rights that may be asserted against them.  The Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of Schedule E/F.

The Debtors have used commercially reasonable efforts to include all creditors on Part 2 of Schedule E/F.  The amounts listed for liabilities on Schedule E/F may be exclusive of certain contingent and unliquidated amounts.

Certain of the Debtors' liabilities do not lend themselves to identification of individual claims and/or claimants. Specifically, Part 2 of Schedule E/F for BWSC, LLC does not include estimated liabilities for outstanding gift cards on an individual basis because BWSC, LLC does not track individual gift card holders. The total amount outstanding on account of gift cards issued by BWSC, LLC is $4,050,315.59 as of the Petition Date.

The Debtors have approximately 160,000 customers (the "DTC Customers") associated with their direct to consumer business. In the ordinary course of business, the DTC Customers purchase subscription credits (collectively, the "Subscription Credits") for merchandise on the Debtors' e-commerce platform. The Debtors believe that the Subscription Credits will either be honored on a go-forward basis or have been forfeited pursuant to existing policies and applicable laws governing such Subscription Credits and have not listed amounts corresponding to such Subscription Credits on an individual basis in their Schedules. Instead, the Debtors have listed the maximum liability associated with such potential claims on an aggregate basis in Schedule E/F, as it would be impractical, cost prohibitive, and unduly burdensome to list such claims on an individual basis as of the Petition Date, and would cause the Schedules to become unwieldy and voluminous.

All amounts payable under that certain Collaboration Agreement dated February 1, 2019, between Atticus Publishing, LLC and Winc Lost Poet, LLC are paid by BWSC, LLC and are listed on Schedule F, Part 2 for BWSC, LLC.

**Schedule G – Executory Contracts and Unexpired Leases**. Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred in preparing Schedule G. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted executory contracts, unexpired leases and other agreements to which the Debtors are a party, including, without limitation, to add any that the Debtors did not list on Schedule G at this time. Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date or is valid or enforceable. The agreements listed on Schedule G may have expired, or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements that may not be listed on Schedule G.

All rights, claims, and causes of action of the Debtors and their estates with respect to the agreements listed on Schedule G are hereby reserved and preserved. The Debtors and their estates hereby reserve all rights to: (a) dispute the validity, status, or enforceability of any agreements set forth on Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (c) amend or supplement Schedule G, as necessary.

*[Remainder of page intentionally left blank]*

## NOTES FOR STATEMENTS

**Statement 3**.  Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days prior to filing, except for those made to insiders or in connection with the bankruptcy, which are reflected on Statements 4 and 11, respectively.

**Statement 4**.  Statement 4 has been presented on a gross payment basis.  Actual amounts received by the parties listed on Statement 4 may differ based upon withholding and other tax obligations.

**Statement 7**.  BWSC, LLC is not currently involved in any pending formal legal action or administrative proceedings.  However, BWSC, LLC is periodically involved in audits and informal administrative inquiries with certain state agencies to ensure regulatory and licensure compliance, and it engages in interviews with state agencies in the ordinary course of business.  Such informal proceedings have not been listed in Statement 7.  The Debtors and their estates reserve all rights, claims, and defenses with respect to all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings).

**Statement 26**.  Debtor Winc, Inc.'s financial statements include information for Debtors BWSC, LLC and Winc Lost Poet, LLC.  Accordingly, the information included in the Statement of Financial Affairs for Winc, Inc. is applicable to each of the other Debtors.

**Statement 26(d)**.  Additionally, from time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.  Recipients have included regulatory agencies, financial institutions, investment banks, vendors, landlords, debtholders and their legal and financial advisors.  In addition, in connection with the Debtors' IPO and sale processes, the Debtors have provided financial statements to various parties.  Due to the confidentiality requirements of related non-disclosure agreements, and the number of parties that have received such statements, all of the recipients of such information may not be listed in response to this question.  Moreover, as a public company, the Debtors' financial statements are publicly available.

**Statement 28**.  As disclosed in the Schedule 14A Proxy Statement filed on April 14, 2022, Dreamer Pathway Limited (BVI) ("Dreamer Pathway"), Shiningwine Limited (BVI) ("Shiningwine"), and Dream Catcher Investments ("Dreamcatcher" and collectively with Dreamer Pathway and Shiningwine, the "Shining Capital Affiliates") each directly own shares of Winc, Inc. Shining Capital Holdings II L.P. and Shining Capital Management III Limited (together, "Shining Capital"), act as the investment managers for Shining Capital Affiliates.  Xiangwei Weng is a director of Winc, Inc. and founder and Chief Executive Officer of Shining Capital.  Mr. Weng may be deemed to have voting and investment control over the shares held by Shining Capital Affiliates. The business address of Shining Capital and Shining Capital Affiliates is Suite 8101, Level 81, International Commerce Centre, 1 Austin Road West Kowloon, Hong Kong, Hong Kong.

29975035.3

**Fill in this information to identify the case:**

Debtor    BWSC, LLC

United States Bankruptcy Court for the:    District of Delaware

Case number
(if known)    22-11239

☐ Check if this is an
    amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

---

**Part 1:    Income**

**1.   Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|---|---|
| FROM THE BEGINNING OF THE FISCAL YEAR TO FILING DATE: | From 1/1/2022 | To 11/30/2022 | ☑ Operating a business<br>☐ Other | $62,095,981.83 |
| FOR PRIOR YEAR: | From 1/1/2021 | To 12/31/2021 | ☑ Operating a business<br>☐ Other | $72,068,663.53 |
| FOR THE YEAR BEFORE THAT: | From 1/1/2020 | To 12/31/2020 | ☑ Operating a business<br>☐ Other | $64,707,176.13 |

**2.   Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected
from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

---

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

**3.   Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days
before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted
on 4/1/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| | 09/02/2022 | $115,814.23 | VENDOR |
| | 09/07/2022 | $200,000.00 | VENDOR |
| | 09/09/2022 | $40,845.26 | VENDOR |
| | 09/09/2022 | $5,790.00 | VENDOR |
| | 09/12/2022 | $107,806.52 | VENDOR |
| | 09/19/2022 | $106,723.61 | VENDOR |
| | 09/20/2022 | $76.39 | VENDOR |
| | 09/23/2022 | $108,534.91 | VENDOR |
| | 09/27/2022 | $95,630.66 | VENDOR |
| | 10/07/2022 | $318,380.23 | VENDOR |
| | 10/07/2022 | $300,000.00 | VENDOR |
| | 10/21/2022 | $31,522.57 | VENDOR |
| | 10/24/2022 | $83,423.41 | VENDOR |
| | 10/31/2022 | $83,289.58 | VENDOR |
| | 11/07/2022 | $130,000.00 | VENDOR |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|
| | 11/10/2022 | $104,639.83 | VENDOR |
| | 11/17/2022 | $60,604.28 | VENDOR |
| | 11/29/2022 | $145,734.85 | VENDOR |
| **TOTAL FOR** | | **$2,038,816.33** | |
| ALLEGIS GROUP HOLDINGS, INC. (AEROTEK, INC.) 7301 PARKWAY DRIVE HANOVER, MD 21076 | 09/09/2022 | $15,157.50 | PROFESSIONAL SERVICES |
| | 09/16/2022 | $15,042.75 | PROFESSIONAL SERVICES |
| | 09/23/2022 | $9,543.43 | PROFESSIONAL SERVICES |
| | 11/10/2022 | $26,182.73 | PROFESSIONAL SERVICES |
| | 11/17/2022 | $19,160.11 | PROFESSIONAL SERVICES |
| **TOTAL FOR ALLEGIS GROUP HOLDINGS, INC. (AEROTEK, INC.)** | | **$85,086.52** | |
| AMC USA INC 142 W 57TH STREET NEW YORK, NY 10019 | 09/02/2022 | $99,883.10 | VENDOR |
| | 10/21/2022 | $22,243.39 | VENDOR |
| **TOTAL FOR AMC USA INC** | | **$122,126.49** | |
| BLUE-GRACE LOGISTICS LLC 2846 S. FALKENBURG RD RIVERVIEW, FL 33578 | 09/09/2022 | $2,375.00 | VENDOR |
| | 09/23/2022 | $11,650.00 | VENDOR |
| | 10/21/2022 | $725.00 | VENDOR |
| **TOTAL FOR BLUE-GRACE LOGISTICS LLC** | | **$14,750.00** | |
| BODEGAS IRANZO S.L. CRITA, MADRID, 60 CAUDETE DE LA FUENTES, ES - VALENCIA 46315 | 09/16/2022 | $26,936.20 | VENDOR |
| **TOTAL FOR BODEGAS IRANZO S.L.** | | **$26,936.20** | |
| COLUMBIA BUSINESS CENTER PARTNERS, L.P. 750 PISMO STREET SAN LUIS OBISPO, CA 93401 | 09/09/2022 | $51,733.00 | UTILITY |
| | 09/30/2022 | $47,030.00 | UTILITY |
| | 10/14/2022 | $8,026.43 | UTILITY |
| | 10/21/2022 | $5,417.18 | UTILITY |
| | 11/10/2022 | $51,733.00 | UTILITY |
| | 11/30/2022 | $55,464.85 | UTILITY |
| **TOTAL FOR COLUMBIA BUSINESS CENTER PARTNERS, L.P.** | | **$219,404.46** | |
| CORK SUPPLY USA, INC 531 STONE ROAD BENICIA, CA 94510 | 09/09/2022 | $3,144.00 | VENDOR |
| | 09/23/2022 | $4,515.00 | VENDOR |
| **TOTAL FOR CORK SUPPLY USA, INC** | | **$7,659.00** | |
| CREAM WINE COMPANY, LLC. 2455 S. DAMEN AVE. SUITE 900 CHICAGO, IL 60608 | 09/23/2022 | $9,390.84 | VENDOR |
| **TOTAL FOR CREAM WINE COMPANY, LLC.** | | **$9,390.84** | |
| EMPIRE MARKETING STRATEGIES, INC. 11243 CORNELL PARK DR CINCINNATI, OH 45242 | 09/23/2022 | $11,506.25 | VENDOR |
| **TOTAL FOR EMPIRE MARKETING STRATEGIES, INC.** | | **$11,506.25** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| ENCORE GLASS, INC PO BOX 49243 SAN JOSE, CA 95161-9243 | 09/02/2022 | $21,987.10 | VENDOR |
|  | 09/23/2022 | $4,645.18 | VENDOR |
| **TOTAL FOR ENCORE GLASS, INC** |  | **$26,632.28** |  |
| ETS LABORATORIES-BWSC 899 ADAMS STREET SUITE A SAINT HELENA, CA 94574 | 09/02/2022 | $1,189.00 | VENDOR |
|  | 09/09/2022 | $1,737.00 | VENDOR |
|  | 10/21/2022 | $5,855.00 | VENDOR |
| **TOTAL FOR ETS LABORATORIES-BWSC** |  | **$8,781.00** |  |
| FAVORITE BRANDS LLC 3900 NORTH MCCOLL ROAD MCALLEN, TX 78501 | 09/23/2022 | $7,743.26 | VENDOR |
|  | 10/21/2022 | $1,436.44 | VENDOR |
|  | 10/21/2022 | $1,436.44 | VENDOR |
|  | 10/31/2022 | $1,436.44 | VENDOR |
| **TOTAL FOR FAVORITE BRANDS LLC** |  | **$12,052.58** |  |
| HALL WINES 401 ST. HELENA HWY SOUTH SAINT HELENA, CA 94574 | 10/07/2022 | $12,935.25 | VENDOR |
| **TOTAL FOR HALL WINES** |  | **$12,935.25** |  |
| INFORMATION AND COMPUTING SERVICES, INC (RF-SMART) RF-SMART 3563 PHILIPS HIGHWAY SUITE F-601 JACKSONVILLE, FL 32207 | 09/09/2022 | $480.00 | VENDOR |
|  | 09/16/2022 | $2,756.25 | VENDOR |
|  | 11/22/2022 | $21,867.12 | VENDOR |
| **TOTAL FOR INFORMATION AND COMPUTING SERVICES, INC (RF-SMART)** |  | **$25,103.37** |  |
| JF HILLEBRAND USA INC. (DBA HILLEBRAND) P.O. BOX 536411 PITTSBURGH, PA 15253 | 09/09/2022 | $17,282.46 | VENDOR |
|  | 09/16/2022 | $10,999.67 | VENDOR |
|  | 10/14/2022 | $20,216.14 | VENDOR |
|  | 10/21/2022 | $98,389.82 | VENDOR |
| **TOTAL FOR JF HILLEBRAND USA INC. (DBA HILLEBRAND)** |  | **$146,888.09** |  |
| LA CANTINA PIZZOLATO S.R.L. VIA IV NOVEMBRE 12 - VILLORBA (TV) 31020 ITALY | 09/09/2022 | $122,199.94 | VENDOR |
|  | 09/30/2022 | $45,538.53 | VENDOR |
|  | 11/17/2022 | $32,973.79 | VENDOR |
|  | 11/22/2022 | $137,878.00 | VENDOR |
| **TOTAL FOR LA CANTINA PIZZOLATO S.R.L.** |  | **$338,590.26** |  |
| LABEL TRONIX, INC. 2419 E WINSTON RD ANAHEIM, CA 92806 | 09/02/2022 | $18,773.53 | VENDOR |
|  | 09/09/2022 | $6,835.18 | VENDOR |
| **TOTAL FOR LABEL TRONIX, INC.** |  | **$25,608.71** |  |
| LANGETWINS FAMILY WINERY & VINEYARDS 1525 E JAHANT ROAD ACAMPO, CA 95220 | 09/09/2022 | $150.59 | VENDOR |
|  | 09/23/2022 | $85.80 | VENDOR |
|  | 10/21/2022 | $167,758.37 | VENDOR |
| **TOTAL FOR LANGETWINS FAMILY WINERY & VINEYARDS** |  | **$167,994.76** |  |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| LAST MILE MANAGEMENT<br>1 BELMONT AVE. SUITE 520<br>BALA CYNWYD, PA 19004 | 09/09/2022 | $49,240.66 | VENDOR |
| | 10/11/2022 | $49,240.66 | VENDOR |
| | 11/10/2022 | $49,240.66 | VENDOR |
| | 11/30/2022 | $49,240.66 | VENDOR |
| **TOTAL FOR LAST MILE MANAGEMENT** | | **$196,962.64** | |
| LOCAL LA<br>1113 ELECTRIC AVE 4<br>VENICE, CA 90291 | 09/16/2022 | $10,000.00 | VENDOR |
| **TOTAL FOR LOCAL LA** | | **$10,000.00** | |
| MICHLITS WERNER GMBH<br>HAUPTSTRASSE 86<br>PAMHAGEN A-7152<br>AUSTRIA | 10/17/2022 | $50,507.05 | VENDOR |
| **TOTAL FOR MICHLITS WERNER GMBH** | | **$50,507.05** | |
| MONARCH STUDIOS LLC (MONVERA GLASS DE'COR)<br>1414 HARBOUR WAY SOUTH, SUITE 1400<br>RICHMOND, CA 94804 | 09/16/2022 | $17,198.48 | VENDOR |
| **TOTAL FOR MONARCH STUDIOS LLC (MONVERA GLASS DE'COR)** | | **$17,198.48** | |
| MOTIVE MARKETING GROUP, INC.<br>10142 BATTLE POINT DRIVE NE<br>BAINBRIDGE ISLAND, WA 98110 | 09/16/2022 | $250.00 | VENDOR |
| | 10/21/2022 | $26,100.00 | VENDOR |
| **TOTAL FOR MOTIVE MARKETING GROUP, INC.** | | **$26,350.00** | |
| OAKTREE IMPORTS INC<br>PO BOX 5504<br>SANTA BARBARA, CA 93150 | 10/14/2022 | $135,993.00 | VENDOR |
| **TOTAL FOR OAKTREE IMPORTS INC** | | **$135,993.00** | |
| PEOPLESHARE, LLC<br>100 SPRINGHOUSE DRIVE, STE 200<br>COLLEGEVILLE, PA 19426 | 09/02/2022 | $6,177.63 | VENDOR |
| | 09/09/2022 | $10,847.05 | VENDOR |
| | 09/16/2022 | $5,405.41 | VENDOR |
| | 09/23/2022 | $5,248.56 | VENDOR |
| | 10/14/2022 | $4,922.79 | VENDOR |
| | 10/21/2022 | $10,678.09 | VENDOR |
| | 11/10/2022 | $10,460.93 | VENDOR |
| **TOTAL FOR PEOPLESHARE, LLC** | | **$53,740.46** | |
| PROTEK CARGO, INC.<br>1568 AIRPORT BOULEVARD<br>NAPA, CA 94558 | 09/02/2022 | $191.25 | VENDOR |
| | 09/09/2022 | $2,150.00 | VENDOR |
| | 11/17/2022 | $7,281.25 | VENDOR |
| **TOTAL FOR PROTEK CARGO, INC.** | | **$9,622.50** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| RAPID SECURITY PLUS LLC<br>113 WEST PARK DRIVE<br>MOUNT LAUREL, NJ  08054 | 09/09/2022 | $30.99 | VENDOR |
| | 09/16/2022 | $1.01 | VENDOR |
| | 11/15/2022 | $7,412.81 | VENDOR |
| | 11/15/2022 | $7,412.81 | VENDOR |
| | 11/15/2022 | $36.99 | VENDOR |
| **TOTAL FOR RAPID SECURITY PLUS LLC** | | **$14,894.61** | |
| REPUBLIC NATIONAL DISTRIBUTING<br>COMPANY OF CA (RNDC CA)<br>14402 FRANKLIN AVE<br>TUSTIN, CA  92780 | 09/02/2022 | $805.84 | VENDOR |
| | 09/16/2022 | $356.50 | VENDOR |
| | 09/23/2022 | $11,585.00 | VENDOR |
| **TOTAL FOR REPUBLIC NATIONAL DISTRIBUTING COMPANY<br>OF CA (RNDC CA)** | | **$12,747.34** | |
| RNDC FL - REPUBLIC NATIONAL<br>DISTRIBUTING LLC<br>1 NATIONAL DRIVE SW<br>ATLANTA, GA  30336 | 09/02/2022 | $15,124.57 | VENDOR |
| | 09/23/2022 | $5,086.19 | VENDOR |
| **TOTAL FOR RNDC FL - REPUBLIC NATIONAL DISTRIBUTING<br>LLC** | | **$20,210.76** | |
| ROMANO BEVERAGE<br>185 W. INDUSTRIAL DRIVE<br>ELMHURST, IL  60126 | 09/02/2022 | $3,019.13 | VENDOR |
| | 11/17/2022 | $7,124.61 | VENDOR |
| **TOTAL FOR ROMANO BEVERAGE** | | **$10,143.74** | |
| S.S. SKIKOS, INC.<br>1289 SEBASTOPOL RD.<br>SANTA ROSA, CA  95407 | 09/02/2022 | $2,711.00 | VENDOR |
| | 09/09/2022 | $4,483.20 | VENDOR |
| | 09/23/2022 | $2,441.60 | VENDOR |
| | 10/21/2022 | $1,898.00 | VENDOR |
| **TOTAL FOR S.S. SKIKOS, INC.** | | **$11,533.80** | |
| SAS ALB WINE INTERNATIONAL<br>LAGAROLE<br>SAINT-LAURENT-DU-BOIS  33540<br>FRANCE | 09/09/2022 | $95,514.30 | VENDOR |
| **TOTAL FOR SAS ALB WINE INTERNATIONAL** | | **$95,514.30** | |
| SAS RAYMOND VFI<br>3 LIEU-DIT LAGARDE<br>SAINT LAURENT DU BOIS  33540<br>FRANCE | 09/09/2022 | $47,122.67 | VENDOR |
| **TOTAL FOR SAS RAYMOND VFI** | | **$47,122.67** | |
| SAXCO INTERNATIONAL, LLC<br>1855 GATEWAY BLVD., STE 400<br>CONCORD, CA  94520 | 09/23/2022 | $120.00 | VENDOR |
| | 11/16/2022 | $20,576.33 | VENDOR |
| **TOTAL FOR SAXCO INTERNATIONAL, LLC** | | **$20,696.33** | |
| SELECT STAFFING<br>SELECT TEMPORARY SERVICES<br>PO BOX 512007<br>LOS ANGELES, CA  90051-0007 | 09/09/2022 | $1,988.42 | VENDOR |
| | 09/16/2022 | $6,959.87 | VENDOR |
| | 09/23/2022 | $3,415.66 | VENDOR |
| | 10/14/2022 | $2,406.30 | VENDOR |
| | 10/21/2022 | $1,021.51 | VENDOR |
| **TOTAL FOR SELECT STAFFING** | | **$15,791.76** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| SENGEN LLC<br>1130 CREEKSIDE PKWY  110381<br>NAPLES, FL  34108 | 09/09/2022 | $2,500.00 | VENDOR |
| | 09/16/2022 | $2,500.00 | VENDOR |
| | 09/23/2022 | $2,500.00 | VENDOR |
| | 11/17/2022 | $2,500.00 | VENDOR |
| **TOTAL FOR SENGEN LLC** | | **$10,000.00** | |
| SERENDIPITY WINES, LLC.<br>2314 RUTLAND DRIVE SUITE 120<br>AUSTIN, TX  78758 | 09/02/2022 | $13,958.90 | VENDOR |
| | 10/21/2022 | $31,894.62 | VENDOR |
| **TOTAL FOR SERENDIPITY WINES, LLC.** | | **$45,853.52** | |
| SIN ALCOHOL S.L.<br>CTRA. SAN BERNARDO S/N, 47359<br>VALBUENA DE DUERO<br>VALLADOLID<br>SPAIN | 09/02/2022 | $37,207.68 | VENDOR |
| | 11/17/2022 | $120,328.17 | VENDOR |
| **TOTAL FOR SIN ALCOHOL S.L.** | | **$157,535.85** | |
| SLOCUM & SONS<br>EBER-CONNECTICUT, LLC<br>30 CORPORATE DRIVE<br>NORTH HAVEN, CT  06473 | 09/02/2022 | $4,805.00 | VENDOR |
| | 10/21/2022 | $2,959.55 | VENDOR |
| **TOTAL FOR SLOCUM & SONS** | | **$7,764.55** | |
| STAR LANE AND DIERBERG VINEYARDS, LLC<br>2121 ALISOS RD<br>SANTA YNEZ, CA  93460 | 09/02/2022 | $22,508.62 | VENDOR |
| | 09/16/2022 | $9,253.50 | VENDOR |
| **TOTAL FOR STAR LANE AND DIERBERG VINEYARDS, LLC** | | **$31,762.12** | |
| SYNERGY NORTH AMERICA INC.<br>11001 W 120TH AVE SUITE 400<br>BROOMFIELD, CO  80021 | 09/02/2022 | $12,554.64 | VENDOR |
| | 09/16/2022 | $8,700.00 | VENDOR |
| **TOTAL FOR SYNERGY NORTH AMERICA INC.** | | **$21,254.64** | |
| T ELENTENY HOLDINGS, LLC<br>285 W. BROADWAY, SUITE 500<br>NEW YORK, NY  10013 | 09/09/2022 | $4,617.06 | VENDOR |
| | 09/23/2022 | $4,273.20 | VENDOR |
| **TOTAL FOR T ELENTENY HOLDINGS, LLC** | | **$8,890.26** | |
| TERRAVANT/SUMMERLAND<br>ACF FINCO I LP FBO TERRAVANT WINE COMPANY<br>P.O. BOX 845658<br>LOS ANGELES, CA  90084-5658 | 09/02/2022 | $41,730.00 | VENDOR |
| | 09/16/2022 | $32,796.00 | VENDOR |
| | 10/21/2022 | $19,885.66 | VENDOR |
| **TOTAL FOR TERRAVANT/SUMMERLAND** | | **$94,411.66** | |
| TESTANEY, INC. (TRES HERMANAS)<br>1490 DOVE MEADOW RD<br>SOLVANG, CA  93463 | 09/16/2022 | $271,614.00 | VENDOR |
| | 10/14/2022 | $511,875.00 | VENDOR |
| | 11/17/2022 | $527,925.00 | VENDOR |
| **TOTAL FOR TESTANEY, INC. (TRES HERMANAS)** | | **$1,311,414.00** | |

| Debtor | BWSC, LLC | | Case number (if known) | 22-11238 |
|---|---|---|---|---|
| | (Name) | | | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| THE BACCHUS GROUP INC. 100-565 GREAT NORTHERN WAY VANCOUVER, BC  V5T OH8 CANADA | 09/16/2022 | $11,036.06 | VENDOR |
| **TOTAL FOR THE BACCHUS GROUP INC.** | | **$11,036.06** | |
| TOP NOTCH CORPORATE EVENT MANAGEMENT 3010 AVENIDA IMPERIAL SAN CLEMENTE, CA  92673 | 10/21/2022 | $15,010.01 | VENDOR |
| **TOTAL FOR TOP NOTCH CORPORATE EVENT MANAGEMENT** | | **$15,010.01** | |
| TOTAL QUALITY LOGISTICS, LLC PO BOX 799 MILFORD, OH  45150 | 09/02/2022 | $15,000.00 | VENDOR |
| | 09/09/2022 | $49,475.00 | VENDOR |
| | 09/23/2022 | $49,100.00 | VENDOR |
| | 10/21/2022 | $22,500.00 | VENDOR |
| | 11/10/2022 | $50,400.00 | VENDOR |
| | 11/17/2022 | $49,300.00 | VENDOR |
| | 11/17/2022 | $10,600.00 | VENDOR |
| **TOTAL FOR TOTAL QUALITY LOGISTICS, LLC** | | **$246,375.00** | |
| TRELLIS WINE GROUP, INC. DBA TRELLIS WINE & SPIRITS 19201 SONOMA HWY  255 SONOMA, CA  95476 | 09/09/2022 | $1,500.00 | VENDOR |
| | 11/17/2022 | $7,500.00 | VENDOR |
| **TOTAL FOR TRELLIS WINE GROUP, INC. DBA TRELLIS WINE & SPIRITS** | | **$9,000.00** | |
| VERMONT INFORMATION PROCESSING, INC. 402 WATERTOWER CIRCLE COLCHESTER, VT  05446 | 11/10/2022 | $21,183.10 | VENDOR |
| **TOTAL FOR VERMONT INFORMATION PROCESSING, INC.** | | **$21,183.10** | |
| VIN-GLOBAL LLP 4501 MANATEE AVE W SUITE 314 BRADENTON, FL  34209 | 09/02/2022 | $14,668.84 | VENDOR |
| | 09/09/2022 | $12,690.03 | VENDOR |
| | 11/17/2022 | $58,057.45 | VENDOR |
| **TOTAL FOR VIN-GLOBAL LLP** | | **$85,416.32** | |
| **GRAND TOTAL:** | | **$6,126,198.92** | |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/1/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| WINC, INC. 1751 BERKELEY STREET, STUDIO 3 SANTA MONICA, CA  90404 **Relationship to Debtor** OWNER AND SOLE MEMBER | 12/23/2021 | $2,000,000.00 | INTERCOMPANY TRANSFER |
| | 02/04/2022 | $1,500,000.00 | INTERCOMPANY TRANSFER |
| | 02/11/2022 | $500,000.00 | INTERCOMPANY TRANSFER |
| | 03/11/2022 | $2,000,000.00 | INTERCOMPANY TRANSFER |
| | 03/18/2022 | $1,000,000.00 | INTERCOMPANY TRANSFER |
| | 04/11/2022 | $600,000.00 | INTERCOMPANY TRANSFER |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| | 04/27/2022 | $1,000,000.00 | INTERCOMPANY TRANSFER |
| | 05/06/2022 | $1,000,000.00 | INTERCOMPANY TRANSFER |
| | 05/11/2022 | $500,000.00 | INTERCOMPANY TRANSFER |
| | 05/16/2022 | $300,000.00 | INTERCOMPANY TRANSFER |
| | 05/21/2022 | $800,000.00 | INTERCOMPANY TRANSFER |
| | 06/06/2022 | $1,000,000.00 | INTERCOMPANY TRANSFER |
| | 06/23/2022 | $1,000,000.00 | INTERCOMPANY TRANSFER |
| | 06/28/2022 | $1,000,000.00 | INTERCOMPANY TRANSFER |
| | 07/12/2022 | $1,000,000.00 | INTERCOMPANY TRANSFER |
| | 07/13/2022 | $500,000.00 | INTERCOMPANY TRANSFER |
| | 07/21/2022 | $800,000.00 | INTERCOMPANY TRANSFER |
| | 07/28/2022 | $1,000,000.00 | INTERCOMPANY TRANSFER |
| | 08/01/2022 | $1,500,000.00 | INTERCOMPANY TRANSFER |
| | 08/12/2022 | $500,000.00 | INTERCOMPANY TRANSFER |
| | 08/27/2022 | $1,500,000.00 | INTERCOMPANY TRANSFER |
| | 08/31/2022 | $1,000,000.00 | INTERCOMPANY TRANSFER |
| | 09/13/2022 | $1,000,000.00 | INTERCOMPANY TRANSFER |
| | 09/21/2022 | $1,000,000.00 | INTERCOMPANY TRANSFER |
| | 10/03/2022 | $1,000,000.00 | INTERCOMPANY TRANSFER |
| | 10/06/2022 | $500,000.00 | INTERCOMPANY TRANSFER |
| | 10/12/2022 | $800,000.00 | INTERCOMPANY TRANSFER |
| | 10/20/2022 | $500,000.00 | INTERCOMPANY TRANSFER |
| | 10/27/2022 | $500,000.00 | INTERCOMPANY TRANSFER |
| | 10/31/2022 | $500,000.00 | INTERCOMPANY TRANSFER |
| | 11/08/2022 | $500,000.00 | INTERCOMPANY TRANSFER |
| | 11/10/2022 | $500,000.00 | INTERCOMPANY TRANSFER |
| | 11/17/2022 | $1,500,000.00 | INTERCOMPANY TRANSFER |
| | 11/22/2022 | $500,000.00 | INTERCOMPANY TRANSFER |
| | 11/25/2022 | $1,000,000.00 | INTERCOMPANY TRANSFER |
| | 11/29/2022 | $500,000.00 | INTERCOMPANY TRANSFER |
| | 11/30/2022 | $500,000.00 | INTERCOMPANY TRANSFER |
| **TOTAL FOR WINC, INC.** | | **$32,800,000.00** | |

**GRAND TOTAL:**      **$32,800,000.00**

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☑ None

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ☑ None

| Part 3: | Legal Actions or Assignments |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

   ☐ None

   SEE GLOBAL NOTES

Debtor    BWSC, LLC

(Name)

Case number (if known)    22-11238

**8.  Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

---

| Part 4: | Certain Gifts and Charitable Contributions |
|---------|---------------------------------------------|

**9.  List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

---

| Part 5: | Certain Losses |
|---------|----------------|

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

---

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

---

| Part 7: | Previous Locations |
|---------|--------------------|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy | |
|---------|--------------------|---|
| 39 28TH AVE<br>VENICE, CA  90291 | From  7/15/2021 | To  7/15/2022 |
| 12130 MILLENNIUM DRIVE<br>SUITE 300<br>LOS ANGELES, CA  90094 | From  1/2021 | To  6/2021 |
| 12575 BEATRICE STREET<br>PLAYA VISTA, CA  90066 | From  10/2020 | To  12/2020 |
| 5340 ALLA ROAD<br>LOS ANGELES, CA  90066 | From  8/2014 | To  10/2020 |

---

| Part 8: | Health Care Bankruptcies |
|---------|--------------------------|

**15. Health Care bankrupcies**

Is the debtor primarily engaged in offering services and facilities for :
—  diagnosing or treating injury, deformity, or disease, or
—  providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

---

Debtor    BWSC, LLC
  (Name)

                                                    Case number (if known)    22-11238

---

**Part 9:**  **Personal Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
☑ Yes. State the nature of the information collected and retained.     FIRST NAME, LAST NAME, ADDRESS, DATE OF BIRTH, EMAIL
                                                         ADDRESS, PHONE NUMBER

    Does the debtor have a privacy policy about that information?

    ☐ No
    ☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No.  Go to Part 10.
☐ Yes.  Does the debtor serve as plan administrator?

---

**Part 10:**  **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name , or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

---

**Part 11:**  **Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

---

**Part 12:**  **Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

■ *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

■ *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

■ *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes.  Provide details below.

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes.  Provide details below.

---

Debtor    BWSC, LLC
         (Name)

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

---

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

---

**26. Books, records, and financial statements**

26a.   List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|---|---|---|
| CAROL BRAULT<br>1751 BERKELEY STREET, STUDIO 3<br>SANTA MONICA, CA  90404 | From  2/2018 | To  CURRENT |
| KATIE SLIWOWSKI<br>1751 BERKELEY STREET, STUDIO 3<br>SANTA MONICA, CA  90404 | From  11/2021 | To  3/2022 |
| MAYRA VALLE<br>1751 BERKELEY STREET, STUDIO 3<br>SANTA MONICA, CA  90404 | From  11/2020 | To  11/2021 |
| NEIL TRAVANTI<br>1751 BERKELEY STREET, STUDIO 3<br>SANTA MONICA, CA  90404 | From  3/2022 | To  CURRENT |

26b.   List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|---|---|---|
| BAKER TILLY US, LLP<br>PO BOX 7398<br>MADISON, WI  53707-7398 | From  11/2020 | To  CURRENT |
| CONNOR GROUP<br>DEPT 3748<br>PO BOX 123748<br>DALLAS, TX  75312-3742 | From  4/2021 | To  CURRENT |
| KAISER CONSULTING, LLC<br>34 GRACE DRIVE<br>POWELL, OH  43065 | From  4/2021 | To  CURRENT |
| KBF CPA'S LLP<br>111 SW FIFTH AVE<br>STE  1850<br>PORTLAND, OR  97204 | From  4/2021 | To  CURRENT |

26c.   List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed .

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| CAROL BRAULT<br>1751 BERKELEY STREET, STUDIO 3<br>SANTA MONICA, CA  90404 | |
| NEIL TRAVANTI<br>1751 BERKELEY STREET, STUDIO 3<br>SANTA MONICA, CA  90404 | |

26d.   List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

---

| Name and address |
| --- |
| BANC OF CALIFORNIA, N.A.<br>ATTN: MICHAEL BARANOWSKI<br>3 MACARTHUR PLACE<br>SANTA ANA, CA  92707 |

**27. Inventories**

Have any inventories of the debtor's property been taken within  2 years before filing this case?

☐ None

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory | |
| --- | --- | --- | --- |
| BAKER TILLY US, LLP AND<br>JEFF REED & MARK WHITE - WINC WAREHOUSE MANAGERS<br><br>**Name and address of the person who has possession of inventory records**<br>BAKER TILLY US, LLP<br>11150 SANTA MONICA BOULEVARD SUITE 600<br>LOS ANGELES, CA 90025<br><br>WINC, INC.<br>12405 VENICE BLVD #1<br>LOS ANGELES, CA 90066 | 12/30/2021 | $18,085,259.49 | COST |
| JEFF REED & MARK WHITE - WAREHOUSE MANAGERS<br><br>**Name and address of the person who has possession of inventory records**<br>WINC, INC.<br>12405 VENICE BLVD #1<br>LOS ANGELES, CA  90066 | 3/1/2022 | $18,284,673.17 | COST |
| JEFF REED & ASHLEY GJINO - WAREHOUSE MANAGERS<br><br>**Name and address of the person who has possession of inventory records**<br>WINC, INC.<br>12405 VENICE BLVD #1<br>LOS ANGELES, CA  90066 | 12/1/2022 | $16,298,207.32 | COST |
| JEFF REED & ASHLEY GJINO - WAREHOUSE MANAGERS<br><br>**Name and address of the person who has possession of inventory records**<br>WINC, INC.<br>12405 VENICE BLVD #1<br>LOS ANGELES, CA  90066 | 11/1/2022 | $17,731,313.25 | COST |
| JEFF REED & ASHLEY GJINO - WAREHOUSE MANAGERS<br><br>**Name and address of the person who has possession of inventory records**<br>WINC, INC.<br>12405 VENICE BLVD #1<br>LOS ANGELES, CA  90066 | 9/30/2022 | $18,309,521.08 | COST |
| JEFF REED & ASHLEY GJINO - WAREHOUSE MANAGERS<br><br>**Name and address of the person who has possession of inventory records**<br>WINC, INC.<br>12405 VENICE BLVD #1<br>LOS ANGELES, CA  90066 | 9/1/2022 | $19,752,775.71 | COST |
| JEFF REED & ASHLEY GJINO - WAREHOUSE MANAGERS<br><br>**Name and address of the person who has possession of inventory records**<br>WINC, INC.<br>12405 VENICE BLVD #1<br>LOS ANGELES, CA  90066 | 8/1/2022 | $21,266,643.67 | COST |

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory | |
|---|---|---|---|
| JEFF REED & ASHLEY GJINO - WAREHOUSE MANAGERS<br><br>**Name and address of the person who has possession of inventory records**<br>WINC, INC.<br>12405 VENICE BLVD #1<br>LOS ANGELES, CA  90066 | 7/1/2022 | $22,274,308.73 | COST |
| JEFF REED & ASHLEY GJINO - WAREHOUSE MANAGERS<br><br>**Name and address of the person who has possession of inventory records**<br>WINC, INC.<br>12405 VENICE BLVD #1<br>LOS ANGELES, CA  90066 | 6/1/2022 | $20,469,223.26 | COST |
| JEFF REED & ASHLEY GJINO - WAREHOUSE MANAGERS<br><br>**Name and address of the person who has possession of inventory records**<br>WINC, INC.<br>12405 VENICE BLVD #1<br>LOS ANGELES, CA  90066 | 4/29/2022 | $19,269,250.06 | COST |
| JEFF REED & ASHLEY GJINO - WAREHOUSE MANAGERS<br><br>**Name and address of the person who has possession of inventory records**<br>WINC, INC.<br>12405 VENICE BLVD #1<br>LOS ANGELES, CA  90066 | 4/1/2022 | $18,541,158.40 | COST |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| WINC, INC. | 1751 BERKELEY STREET, STUDIO 3<br>SANTA MONICA, CA  90404 | OWNER AND SOLE MEMBER | 100 |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ None

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ None

   SEE RESPONSE TO QUESTION 4

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ None

| Name of the parent corporation | Employer identification number of the parent corporation. |
|---|---|
| WINC, INC. | 45-2988960 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ None

| Part 14: | Signature and Declaration |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/28/2022.

✗ /s/ Carol Brault                                Carol Brault
_____                 _____
Signature of individual signing on behalf of the debtor    Printed Name

Chief Financial Officer
_____
Position or relationship to debtor

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☒ No
☐ Yes