# Exhibit B

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. ——7 & —— 35** |

### FINAL ORDER (I) PROHIBITING UTILITY COMPANIES
### FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES,
### (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE
### PAYMENT, (III) ESTABLISHING PROCEDURES FOR DETERMINING
### ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT,
### AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") for the entry of interim and final orders,

pursuant to sections 105(a) and 366(b) of the Bankruptcy Code, (i) prohibiting the Utility

Companies from altering, refusing, or discontinuing Utility Services on account of non-payment

for any prepetition services; (ii) deeming the Utility Companies adequately assured of future

payment; (iii) establishing Assurance Procedures for determining additional adequate assurance of

future payment and authorizing the Debtors to provide additional adequate assurance of future

payment to the Utility Companies; and (iv) granting related relief, including setting a final hearing

related thereto; and upon consideration of the Motion and all pleadings related thereto, including

the First Day Declaration; and due and proper notice of the Motion having been given; and it

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street12405 Venice Boulevard, Studio 3Box #1, Santa MonicaLos Angeles, CA 9040490066.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

appearing that no other or further notice of the Motion is required; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      Subject to the Assurance Procedures set forth below, no Utility Company may (i) alter, refuse, terminate or discontinue Utility Services to, or discriminate against, the Debtors on the basis of the commencement of the Chapter 11 Cases or on account of non-payment for any prepetition services; or (ii) require additional assurance of payment, other than the Utility Deposit, as a condition to the Debtors receiving such Utility Services.

3.      To the extent not already deposited, the Debtors shall deposit, as adequate assurance for the Utility Companies, $2,175.00 in the aggregate (the "Utility Deposit") into a segregated account within twenty (20) days of the Petition Date to be maintained during the pendency of the Chapter 11 Cases as provided for herein.

4.      Subject to the Assurance Procedures set forth below, the Utility Deposit constitutes adequate assurance of future payment to the Utility Companies under section 366 of the Bankruptcy Code (the "Adequate Assurance").

5.      The following Assurance Procedures are approved in all respects:

a.      If a Utility Company is not satisfied with the proposed Adequate Assurance and seeks additional assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon (i) the Debtors, 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404, Attn: Brian Smith; (ii) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Allison S. Mielke, Esq. (amielke@ycst.com) and Joshua B. Brooks, Esq. (jbrooks@ycst.com); (iii) counsel to ~~any statutory committee appointed in the Chapter 11 Cases~~the Committee of Unsecured Creditors: (a) ArentFox Schiff LLP, 800 Boylston Street, 32nd Floor, Boston, MA 02199, Attn: George P. Angelich, Esq. (george.angelich@afslaw.com), Justin A. Kesselman, Esq. (justin.kesselman@afslaw.com), and James E. Britton, Esq. (james.britton@afslaw.com); and (b) A.M. Saccullo Legal LLC, 27 Crimson King Drive, Bear, Delaware 19701, Attn: Mark Hurford, Esq. (mark@saccullolegal.com); and (iv) counsel to the DIP Lender, Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn: Eric E. Walker, Esq. (ewalker@cooley.com) and Morris, Nichols, Arsht & Tunnell LLP, 2101 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Derek Abbott, Esq. (dabbott@morrisnichols.com) and Curtis Miller, Esq. (cmiller@morrisnichols.com) (collectively, the "Notice Parties");

b.      Each Additional Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); and (iii) identify and explain the basis of the Utility Company's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code;

c.      Upon the Notice Parties' receipt of an Additional Assurance Request at the addresses set forth in subparagraph (b) above, the Debtors shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request;

d.      If the Debtors determine that a timely received Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the applicable Utility Company, the Debtors shall, upon reasonable notice, calendar the matter (the "Adequate Assurance Dispute") for the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code;

e.      Pending resolution of any such Adequate Assurance Dispute, any such Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services, the filing of the Chapter 11 Cases, or any objection to the adequacy of the proposed Adequate Assurance;

f.     The Debtors may, in their discretion, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Company without further notice to this Court or any other party in interest and may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of this Court to the extent the Debtors believe that such additional assurance is reasonable in the exercise of their business judgment and the Debtors may, by mutual agreement with the objecting Utility Company and without further order of this Court, reduce the Utility Deposit by any amount allocated to such Utility Company; and

g.     If any utility account with a Utility Company is closed during the Chapter 11 Cases (a "Closed Account"), the Debtors may, in their discretion, and without further order of the Court, reduce the Utility Deposit by an amount not exceeding, for each Closed Account, the amount deposited with respect to such Closed Account; *provided* that for any Utility Company for which the Utility Deposit is reduced, the Debtors shall provide twenty-one (21) days' notice of its intent to reduce the Utility Deposit and shall have paid such Utility Company in full for any outstanding post-petition Utility Services with respect to the Closed Account before reducing the Utility Deposit.

6.     The Debtors shall, as necessary, provide a copy of this Final Order to any Utility Company not listed on the Utility Service List (each, an "Additional Utility Company," and collectively, the "Additional Utility Companies") as such Utility Companies are identified. Promptly upon providing a copy of this Final Order to an Additional Utility Company, the Debtors shall increase the Utility Deposit by an amount equal to approximately 50% of the Debtors' estimated aggregate monthly utility expense for such Additional Utility Company subsequent to the Petition Date.  The Additional Utility Companies shall be subject to the terms of this Final Order, including the Assurance Procedures.

7.     Prior to terminating or assigning any Waste Management ("WM") services including, but not limited to, all Waste Management accounts, the Debtors shall provide notice of such termination or assignment in writing, including by e-mail, to:  (i) counsel of record for WM, Attention:  Rachel B. Mersky, Esq., Monzack Mersky and Browder, PA, 1201 N. Orange Street,

Suite 400, Wilmington, DE 19801, and (ii) Waste Management, Attention:  Jacqulyn E. Hatfield-Mills, Waste Management, 800 Capitol Suite 3000, Houston, TX 77002, jmills@wm.com.  The notice of termination or assignment shall include:  (a) the date of termination or assignment; and (b) the location at which services are being terminated or assigned as defined in the agreement or invoice between WM and the Debtors.

8.      2.Nothing in this Final Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Utility Company; (iv) shall impair any Utility Company's rights with regard to any claims; or (v) shall be construed as a promise to pay a claim.

9.      3.Nothing in this Final Order is intended or shall be deemed to constitute a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List or is served with a copy of the Interim Order, this Final Order or the Motion.

10.      4.The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

11.      5.Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

12.      **6.**This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.