# **Exhibit B**

**Blackline**

29993611.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. ⎯⎯9 & ⎯⎯37** |

**FINAL ORDER (I) AUTHORIZING AND APPROVING
CONTINUED USE OF CASH MANAGEMENT SYSTEM, (II) AUTHORIZING
CONTINUED USE OF CORPORATE CREDIT CARDS AND GRANTING
ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION CREDIT CARD
OBLIGATIONS, (III) AUTHORIZING USE OF PREPETITION BANK ACCOUNTS
AND BUSINESS FORMS, (IV) WAIVING THE REQUIREMENTS OF SECTION
345(b) ON AN INTERIM BASIS, (V) GRANTING ADMINISTRATIVE EXPENSE
STATUS TO POSTPETITION INTERCOMPANY CLAIMS, AND
(VI) GRANTING CERTAIN RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order authorizing (i) continued use of the Cash Management System; (ii) continued use of Corporate Credit Cards and granting administrative expense status to postpetition Credit Card Obligations; (iii) waiver of certain bank account and related requirements of the U.S. Trustee to the extent that such requirements are inconsistent with the Debtors' practices in connection with their existing Cash Management System; (iv) waiver of the requirements of section 345(b) of the Bankruptcy Code with respect to the Debtors' deposit practices on a final basis; and (v) administrative expense status for postpetition Intercompany Claims, and; (vi) certain related relief; and this Court having found

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of the Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and upon the record in the Chapter 11 Cases and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis, as set forth herein.

2. The Debtors are authorized to maintain and use the Cash Management System as described in the Motion.

3. The Debtors are authorized to (i) continue to use, with the same account numbers, the Bank Accounts including, without limitation, those accounts identified on Exhibit C to the Motion; (ii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (iii) use, in their present form, all Business Forms, without reference to their status as debtors in possession, except as otherwise provided in this Final Order; and (iv) pay the Prepetition Bank Fees, up to a cap of $2,500 on a final basis.

4. ~~The Debtors are authorized to continue to use the Corporate Credit Cards on a postpetition basis, and all postpetition extensions of credit under the Corporate Credit Cards shall be entitled to administrative expense status under sections 364(a) and 503(b) of the Bankruptcy Code. The Debtors are authorized to pay the~~ Outstanding Credit Card Obligations ~~in an amount not to exceed $800,000.~~

4. The Debtors are not authorized to and shall not pay the prepetition Outstanding Credit Card Obligations without further order of the Court.

5. The Banks are hereby authorized to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the usual and ordinary course, and to receive, process, honor, and pay any and all checks and drafts drawn on, or electronic transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided, however*, that any check drawn or issued by the Debtors before the Petition Date may be honored by a Bank if specifically authorized by order of this Court.

6. Notwithstanding any other provision of this Final Order, no Bank that honors a prepetition check or other item drawn on any account that is the subject of this Final Order (i) at the direction of the Debtors; (ii) in good faith belief that this Court has authorized such prepetition check or item to be honored; or (iii) as the result of an innocent mistake made despite implementation of reasonable item-handling procedures, shall be deemed to be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Final Order.

7. Each of the Banks is authorized to debit the Debtors' accounts in the ordinary course of business without need for further order of this Court for: (i) all checks and other payment

orders drawn on the Debtors' accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of notice of filing of the Chapter 11 Cases; and (ii) all checks, automated clearing house entries, and other items deposited or credited to one of Debtors' accounts with such Bank prior to filing of the Chapter 11 Cases which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to filing of the Chapter 11 Cases.

8. Each of the Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and the Banks shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

9. The Debtors are authorized to open any new bank accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their sole discretion; *provided* that the Debtors give notice within fifteen (15) days thereafter to the U.S. Trustee, the Debtors' prepetition secured lender, and ~~any statutory committee appointed in the Chapter 11 Cases~~the Official Committee of Unsecured Creditors (the "Creditors' Committee"); *provided, further*, that the Debtors shall only open any such new bank accounts at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at banks that are willing to immediately execute such an agreement.

10. The Banks are authorized to continue to charge, and the Debtors are authorized to pay, honor, or allow the deduction from the appropriate account, the Bank Fees in the ordinary course of business, whether such items are dated prior to, on, or subsequent to the Petition Date.

11. The Debtors are authorized to use their existing Business Forms and checks; *provided,* that once the Debtors' existing checks have been used, the Debtors shall, when reordering such checks, require the designation "Debtor in Possession" and the corresponding lead bankruptcy case number on the check; *provided, further,* that, with respect to checks that the Debtors or their agents print themselves, the Debtors shall use commercially reasonable efforts to begin printing the "Debtor in Possession" legend and the lead bankruptcy case number on such checks within ten (10) business days of the date of entry of the Interim Order.

12. The Debtors are authorized to continue performing Intercompany Transactions in the ordinary course of business; *provided* that the Debtors shall not be authorized by this Final Order to undertake any Intercompany Transactions that are not on terms materially consistent with the Debtors' operation of their business in the ordinary course during the prepetition period.

13. All Intercompany Claims arising after the Petition Date as a result of Intercompany Transactions and transfers in the ordinary course of business shall be accorded administrative expense status in accordance with sections 503(b) and 507(b) of the Bankruptcy Code; *provided,* that nothing herein shall limit or be construed to limit the Debtors' ability to reconcile amounts owed between and among any Debtors, including netting and setting off obligations arising from Intercompany Transactions, whether arising prepetition or postpetition, in the ordinary course of business, as determined by the applicable Debtor in its sole discretion.

14. The Debtors shall maintain accurate and detailed records of all Intercompany Transactions in accordance with their prepetition practices so that all transactions may be ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions and provide the Creditors' Committee with copies of all such records upon request.

15. Notwithstanding use of a consolidated Cash Management System, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity makes those disbursements.

16. Within two (2) business days from the entry of this Final Order, the Debtors shall serve a copy of this Final Order on each Bank.

17. Nothing in this Final Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

19. The notice of the relief requested in the Motion satisfies Bankruptcy Rule 6004(a) and, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this ~~Interim~~ Final Order shall be immediately effective and enforceable upon its entry.

20. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.