# **Exhibit B**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 10 & 41** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF (A) CRITICAL VENDORS AND SERVICE PROVIDERS, (B) CERTAIN VENDORS WITH CLAIMS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, (C) FOREIGN VENDORS; AND (D) SHIPPERS, WAREHOUSEMAN, AND OTHER LIENHOLDERS; (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING CERTAIN RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 503(b), 1107(a), and 1108 of title 11 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors, in their sole discretion, to pay the Vendor Claims, in the ordinary course of business; and (ii) authorizing Banks to honor and process check and electronic transfer requests related to the foregoing; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of the Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and upon the record in the Chapter 11 Cases and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, in their discretion, to pay, honor or otherwise satisfy prepetition Vendor Claims in the ordinary course of their business up to an aggregate amount of $3,730,000, subject to and in accordance with the procedures set forth herein.

3. For the period beginning from entry of this Final Order until the closing of a sale of substantially all of the Debtors' assets, the Debtors shall give the Official Committee of Unsecured Creditors (the "Creditors' Committee") three days' prior notice (the "Objection Period"), in writing, which may be by email, of any proposed (a) payments to be made to any Vendors on account of the Vendor Claims (the "Vendor Payments"); or (b) purchases or payments toward the purchase of inventory (the "Inventory Payments"). Any objection by the Creditors' Committee to any Vendor Payments or Inventory Payments (a "Payment Objection") shall be provided to the Debtors and counsel for the DIP Lender, in writing, which may be by email (an "Objection Notice"), within the Objection Period. Unless otherwise agreed by the Debtors and the

Creditors' Committee, if the Debtors and the Creditors' Committee cannot resolve a Payment Objection within two (2) business days of the date that the Debtors receive an Objection Notice, the Creditors' Committee shall file with this Court and serve on counsel for the Debtors and counsel for the DIP Lender, an objection, setting forth the basis for such unresolved Payment Objection, and neither the Debtors, the DIP Lender, nor the Creditors' Committee will object to the expedited consideration of such Payment Objection by the Court.

4.     ~~3.~~Nothing in this Final Order shall prejudice the Debtors' right to request authority to pay additional amounts on account of Vendor Claims and the Debtors' right to seek such relief is expressly reserved.

5.     ~~4.~~The Debtors are authorized, but not directed, to condition the payment of a Vendor Claim on the agreement of the Vendor to continue supplying goods and services to the Debtors on the Customary Trade Terms, or such other trade terms as are agreed to by the Debtors and the Vendor.

6.     ~~5.~~The Debtors are authorized, but not directed, in their discretion, to enter into Trade Agreements with the Vendors, including, without limitation, on the following terms:

- a. The amount of the Vendor's estimated prepetition claim, after accounting for any setoffs, other credits, and discounts thereto, shall be as mutually determined in good faith by the Vendor and the Debtors (but such amount shall be used only for purposes of this Final Order and shall not be deemed a claim allowed by this Court, and the rights of all parties in interest to object to such claim shall be fully preserved until further order of this Court);

- b. The amount and timing of any payment agreed to be paid in satisfaction of such estimated prepetition claim by the Debtors, subject to the terms and conditions set forth in this Final Order;

- c. The Vendor's agreement to provide goods and services to the Debtors based upon the Customary Trade Terms (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, normal product mix and availability, and other applicable terms and programs), or such other trade terms as are agreed to by the Debtors and the

    Vendor, and the Debtors' agreement to pay the Vendor in accordance with such terms;

  d. The Vendor's agreement not to file or otherwise assert against any of the Debtors, their estates or any of their respective assets or property (real or personal) any lien (a "Lien") (regardless of the statute or other legal authority upon which such Lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to the Vendor by the Debtors arising from goods and services provided to the Debtors prior to the Petition Date, and that, to the extent that the Vendor has previously obtained such a Lien, the Vendor shall immediately take all necessary actions to release such Lien;

  e. The Vendor's acknowledgment that it has reviewed the terms and provisions of this Final Order and consents to be bound thereby;

  f. The Vendor's agreement that it will not separately assert or otherwise seek payment of any reclamation claims; and

  g. If a Vendor that has received payment of a prepetition claim subsequently refuses to provide goods and services to the Debtors on Customary Trade Terms or such other trade terms as are agreed to by the Debtors and the Vendor, then, without the need for any further order of the Court, any payments received by the Vendor on account of such prepetition claim shall be deemed to have been in payment of any then outstanding postpetition obligations owed to such Vendor. The Debtors shall have the authority to file a motion to compel such Vendor to immediately repay to the Debtors any payments received on account of its prepetition claim to the extent that the aggregate amount of such payments exceed the postpetition obligations then outstanding to such Vendor, without the right of setoff, recoupment or reclamation. If the Court orders such Vendor to repay any such prepetition amounts, the Vendor's claim shall be reinstated as a prepetition claim in the Chapter 11 Cases and subject to the terms of any bar date order entered in the Chapter 11 Cases.

7. 6.The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder and in accordance with the terms of this Final Order, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to

whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

8.    ~~7.~~Nothing in this Final Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

9.    ~~8.~~Payments made to pursuant to this Final Order shall be applied, in the first instance, against claims which arise under section 503(b)(9) of the Bankruptcy Code, in whole or in part as applicable.

10.    ~~9.~~The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

11.    ~~10.~~Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

12.    ~~11.~~This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.