# Exhibit B

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ──64** |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF RPA ASSET MANAGEMENT SERVICES, LLC AS FINANCIAL ADVISOR TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the Debtors' application (the "Application")[2] for entry of an order (this "Order") authorizing the employment and retention of RPA Asset Management Services, LLC ("RPA") as the Debtors' financial advisor, effective as of the Petition Date, as more fully described in the Application; and due and sufficient notice of the Application having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Application and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Application and the Policano Declaration; and this Court having found and determined that (a) RPA does not hold or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Application.

29989538.2

represent any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed, (b) RPA is a "disinterested person" as contemplated under sections 327 and 328 of the Bankruptcy Code, and (c) employment of RPA is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Debtors are authorized, pursuant to ~~sections~~ section 327(a) ~~and 328(a)~~ of the Bankruptcy Code, to employ and retain RPA as their financial advisor in accordance with the terms and conditions set forth in the Engagement Letter and Application, as modified by this Order, effective as of the Petition Date.

3. RPA shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules of this Court, and such procedures as may be fixed by order of this Court. RPA shall file interim and final fee applications, if and as appropriate, for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

4. Notwithstanding paragraph 3 of this Order and any provision to the contrary in the Application or the Engagement Letter, the U.S. Trustee and/or the Official Committee of Unsecured Creditors (the "Creditors' Committee") shall have the right to object to RPA's request for compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code.

5.    ~~4.~~The Indemnification Provisions included in the Engagement Letter are approved, subject to the provisions of the subparagraphs below:

(a) The Indemnified Persons shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

(b) Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person, for any claim or expense to the extent it is either: (i) judicially determined (that determination having become final) to have arisen from an Indemnified Person's gross negligence, willful misconduct, fraud or bad faith; (ii) for a contractual dispute in which the Debtors allege the breach of an Indemnified Person's contractual obligations unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which an Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Chapter 11 Cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including the advancement of defense costs, the Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to any Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by the Indemnified Persons for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Persons. All parties in interest~~-~~, including, for the avoidance of doubt, the Creditors' Committee, shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, or reimbursement~~; and~~.

6. Any limitation on liability pursuant to the terms of the Engagement Letter shall be eliminated.

7. ~~5.~~In the event that, during the pendency of the Chapter 11 Cases, RPA seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in RPA's fee applications and such invoices and time records shall be in compliance with Local Rule 2016-2(f), and shall be subject to approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C); *provided, however*, that RPA shall not seek reimbursement of any fees incurred defending any of RPA's fee applications in the Chapter 11 Cases, as applicable.

8. ~~6.~~To the extent there are any conflicts between this Order, the Application, the Engagement Letter or the Policano Declaration, the terms of this Order shall govern.

9. ~~7.~~This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.