# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 13 & 40** |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) PAY
PREPETITION EMPLOYEE WAGES, SALARIES, AND OTHER COMPENSATION
AND (B) CONTINUE EMPLOYEE BENEFITS OBLIGATIONS AND PAY RELATED
ADMINISTRATIVE OBLIGATIONS; (II) AUTHORIZING DEBTORS TO HONOR ANY
WORKERS' COMPENSATION; (III) AUTHORIZING BANKS TO HONOR
AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS
RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for the entry of an order (i) authorizing, but not directing, the Debtors, in their sole discretion, and in accordance with their stated policies, to (a) pay, honor, or otherwise satisfy the Employee Wages and Benefits, including amounts and obligations related to the period prior to the Petition Date, and (b) continue their Benefits Programs in effect as of the Petition Date (and as may be amended, renewed, replaced, modified, revised, supplemented, and/or terminated from time to time in the ordinary course of business) and pay related administrative obligations; (ii) authorizing, but not directing, the Debtors, in their sole discretion, and in accordance with their stated policies, to honor any Workers' Compensation Obligations; (iii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and (iv) granting related relief; and upon consideration of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

29934548.2

the First Day Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of the Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon the record in the Chapter 11 Cases and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, in their sole discretion, to: (i) pay, honor, or otherwise satisfy amounts and obligations on account of the Wages and Benefits in the ordinary course of their business, including, without limitation, any amounts and obligations related to the period prior to the Petition Date, any amounts due to Ascentis and the Staffing Agencies, and any amounts on account of the Employment Taxes as required by federal, state, local, and/or foreign tax law; and (ii) allow prepetition checks on account of Wages and Fees that were not cashed prior to the Petition Date to be honored on a post-petition basis notwithstanding the commencement of the Chapter 11 Cases; *provided*, *however*, that: (i) no payment to any Employee on account of

Wages and Fees shall exceed, in the aggregate, the $15,150 statutory cap provided for under section 507(a)(4) of the Bankruptcy Code; (ii) the aggregate amount of payments made on account of prepetition Wages and Benefits, inclusive of the amount of payments approved by the Interim Order, shall not exceed $618,500 unless further ordered by this Court.

3. Subject to Paragraph 2 of this Final Order, the Debtors are authorized, in their sole discretion, in the ordinary course of their business, to: (i) continue to pay, honor, or otherwise satisfy Wages and Fees, Employee Expenses, and Paid Time Off; (ii) withhold and remit to the applicable third-parties Deductions and Taxes; and (iii) administer the Employee Benefits and the Workers' Compensation Program.

4. The Debtors are authorized, in their sole discretion, and in the ordinary course of business, to continue to utilize and pay the Staffing Agencies.

5. Notwithstanding any provision in the Motion or this Final Order to the contrary, this Final Order does not authorize any payments that may implicate the provisions of section 503(c) of the Bankruptcy Code. The Debtors are authorized, but not directed, to continue to maintain the Bonus Program in the ordinary course during the administration of the Chapter 11 Cases, to provide bonuses in the ordinary course of business, and to honor obligations under the Bonus Program, regardless of when such obligations arose. The Debtors will seek approval of any insider bonus or incentive programs, if any, under separate motion under section 503(c) of the Bankruptcy Code and nothing herein shall prejudice the Debtors' ability to seek such relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

6. The Banks are authorized, when requested by the Debtors, in the Debtors' sole discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are

29934548.2

available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

7. Nothing in this Final Order (i) is intended or shall be deemed to constitute the Debtors' assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates to contest the validity, priority, or amount of any claim against the Debtors and their estates; or (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (iv) shall be construed as the Debtors' promise to pay a claim or continue any applicable programs postpetition, which decision shall be in the sole discretion of the Debtors.  Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

8. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

9. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

10. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

29934548.2

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

**Dated: January 4th, 2023**
**Wilmington, Delaware**

*[signature]*
LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE