## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WINC, INC., *et al.*,[1] | ) Case No. 22-11238 (LSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket Nos. 47, 91** |

### LIMITED OBJECTION OF VV1515 LLC
### TO CURE AMOUNTS AND RESERVATION OF RIGHTS

VV1515 LLC ("Velocity"), by and through its undersigned counsel, hereby objects to the cure amounts proposed by the above captioned debtors and debtors in possession (collectively, the "Debtors") and reserves all rights in connection therewith, and in support thereof, respectfully states as follows:

### BACKGROUND

1. On November 30, 2022 (the "Petition Date"), the Debtors commenced their cases by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). Since the Petition Date, the Debtors have continued in possession of its properties and continued to operate and manage its businesses as a debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

10329882.v1

2. On December 7, 2022, the Debtors filed a motion seeking approval of bidding procedures and a sale or sale of their assets (Docket No. 47, the "Sale Motion").

3. On December 22, 2022, the Court entered an order (Docket No. 85, the "Bidding Procedures Order") approving bidding procedures to be utilized in connection with the Sale Motion.

4. On December 28, 2022, the Debtors filed the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale* (Docket No. 91, the "Cure Notice").

5. The Cure Notice lists three agreements with Velocity that related to a lease (the "Lease") of non-residential real property located at 1515 Garnet Mine Road, Bethel Township, Pennsylvania. Each of these agreements have a proposed cure amount of $0.

6. Prior to the commencement of these cases Velocity and the Debtors were engaged in discussions regarding the Debtors' purported exercise of its renewal option with respect to the Lease. If such renewal option was not effective, the Lease will terminate by its own terms at the end of January 2023.

**LIMITED OBJECTION**

7. The Debtors have recently made payment of the January rent along with certain CAM and other adjustments that have been billed to date. Certain CAM and adjustments continue to accrue and will be billed at a later date, including after closing of the sale. The Cure Notice makes no provision for these future reconciliations that will be billed post closing of the sale. In order to fully cure the Lease, the sale order or asset purchase agreement must provide for the payment of the reconciliations under the Lease that relate, in full or in part, to pre-closing periods but are not billed until after closing.

8. Section 365(b)(1) of the Bankruptcy code requires the Debtors to cure the defaults and compensates the counterparty for pecuniary losses resulting from the default. The concept of pecuniary loss includes compensation for attorneys' fees due under the Lease. *See In re Crown Books Corp.*, 269 B.R. 12 (Bankr. D. Del. 2001) ("courts have held that attorneys' fees are recoverable as part of a cure claim only if the contract or lease specifically requires their payment") (citing *In re Child World, Inc.*, 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993). The Lease requires the Debtors to compensate Velocity for attorneys fees relating to the assumption and assignment of the Lease. Accordingly, the cure amount relating to Velocity must be adjusted to include Velocity's attorneys' fees.

9. The Debtors must provide adequate assurance of future performance under the Distribution Agreement pursuant to Section 365(b)(1)(C) of the Bankruptcy Code. Velocity requires that the Debtors and/or any potential assignee of the Lease provide evidence of the proposed assignees' ability to perform under the Lease.

10. Prior to the commencement of these cases, the Debtors attempted to exercise an option to extend the term of the Lease. Without such extension, the Lease will terminate at the end of this month and thus the assumption and assignment of the Lease would be of little benefit to any prospective purchaser. The Debtors and Velocity were in discussion regarding the effectiveness of such extension prior to the Petition Date and such discussions had not concluded when these cases were filed. The assumption and assignment of the Lease, if permitted, must assume the Lease as it exists without modification. Velocity requests that any order permitting the assumption and assignment of the Lease must clarify that the assumption and assignment does not change the terms of the Lease or otherwise render the extension effective.

WHEREFORE, Velocity respectfully requests the entry of an order conditioning the assumption and assignment of the Lease on (i) the payment of all outstanding cure amounts prior to the sale, including additional amounts incurred subsequent to the filing of this limited objection; (ii) providing Velocity with adequate assurance of future performance with respect to the Lease; and (iii) providing that all parties' rights with respect to the exercise of renewal options are preserved and not affected by the assumption and assignment of the Lease, together with such other and further relief as is just and proper.

| | |
|---|---|
| Dated: January 6, 2023<br>Wilmington, Delaware | /s/ Michael W. Yurkewicz<br>Michael W. Yurkewicz (DE Bar No. 4165)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 Market Street, Suite 1000<br>Wilmington, Delaware 19801-3062<br>Telephone: (302) 426-1189<br>Facsimile: (302) 426-9193<br>Email: myurkewicz@klehr.com<br><br>*Counsel for VV1515 LLC* |

10329882.v1