UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>WINC, INC., et al.,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Sale Hearing**: Jan.17, 2023, 2:00 p.m.<br>Obj. Deadline: Jan. 10, 2023 as extended by Debtors<br>Re: Docket Nos. 47, 91 |

**ALTA LOMA VINEYARD LLC, HIGHLAND VINEYARD SB LLC, JOHN HANCOCK LIFE INS. COMPANY (USA), KYLIX VINEYARDS CALIFORNIA LP, LOMA DE RIO VINEYARDS LLC, SB COMINO LLC, SWG PASO VINEYARDS LLC, AND TESTANEY INC's OBJECTIONS TO DEBTORS' MOTION TO SELL FREE AND CLEAR OF LIENS & OBJECTION TO CURE AMOUNTS, AND RESERVATION OF RIGHTS**

COME NOW creditors Alta Loma Vineyard LLC, Highland Vineyard SB LLC, John Hancock Life Ins. Company (USA), Kylix Vineyards California LP, Loma de Rio Vineyards LLC, SB Comino LLC, SWG Paso Vineyards LLC, and Testaney Inc. (collectively, "Creditors" or "Producers") and object to *Debtors' Motion For Entry Of (A) An Order (I) Approving Bidding Procedures In Connection With The Sale Of The Debtors' Assets And Related Bid Protections, (II) Approving Form And Manner Of Notice, (III) Scheduling Auction And Sale Hearing, (IV) Authorizing Procedures Governing Assumption And Assignment Of Certain Contracts And Unexpired Leases, And (V) Granting Related Relief; And (B) An Order (I) Approving Purchase*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A/). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

{00237411-2}

*Agreements, And (II) Authorizing A Sale Free And Clear Of All Liens, Claim, Encumbrances, And Other Interests*, at ECF 47, (the "Sale Motion") filed by Winc, Inc., *et al.* ("Debtors").  The objection deadline was extended by agreement of the movant.  *See*, Del. Bankr. L.R. 9006-1.

Creditors further object to the cure amounts as set forth as Exhibit A, ECF 91-1.

## BACKGROUND

1. Debtors sell proprietary wine products through a wholesale channel and an online direct-to-consumer channel.  *Declaration of Carol Brault In Support Of Chapter 11 Petitions And First Day Pleadings* ¶ 5, ECF 15.  Debtors develop, process, and distribute a number of wine products.  Their corporate headquarters is in Santa Monica, California, and they have distribution facilities in California and Pennsylvania.  *Id.* ¶ 8.

2. The objecting Creditors are California producers and viticulturists that sold grapes to Debtors during the 2022 harvest.

3. Debtors filed this bankruptcy to complete the sale of Debtors' assets to the Stalking Horse Bidder.[2]  *Brault Decl.* ¶ 36.  The Sale Motion requests this Court authorize the sale of Debtors' assets pursuant to 11 U.S.C. § 363(f), which allows the sale of property "free and clear of any interest in such property" only if one of the five enumerated provisions are satisfied.  *See* Sale Motion p. 28, ECF 47.  The grapes grown by Creditors and the grape products developed by Debtors are part of the Sale Motion, as are Debtors' accounts receivables.  *See* Asset Purchase Agreement, Article I, 1.1.

4. Each of the objecting Creditors has a valid, enforceable lien on the inventory and Debtors' accounts receivable.  No applicable nonbankruptcy law permits the sale free and clear of Creditors' liens.  Creditors do not consent to the sale.  The price at which the property is to be sold

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Sale Motion and underlying Asset Purchase Agreement.

{00237411-2}                                                                        1844105v3

is not greater than the aggregate value of all liens on the property. Creditors' liens are not in bona fide dispute. Creditors could not be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. Accordingly, Debtors' Sale Motion, to the extent it allows the sale free and clear of liens, must be denied.

5. With respect to the cure amounts set forth in Exhibit A, ECF 91-1, Creditors object to the amounts because (a) certain Creditors are not provided for in the cure schedule and (b) certain Creditors that are provided for in the cure schedule are incorrect.[3]

6. A summary:

| Producer | Value of Grapes Delivered, 2022 Harvest | Treatment in Cure Schedule | Objection & Lien Status |
|---|---|---|---|
| Alta Loma Vineyard LLC | $55,650 | Listed at $55,650. | If assumed and paid in full, no objection to cure. Valid, enforceable lien until satisfaction. |
| Highland Vineyard, SB LLC | $185,160 | Not currently provided for.[4] | Objection to exclusion from cure schedule. Valid, enforceable lien until satisfaction. |
| Kylix Vineyards California LP | $57,848 | Listed at $57,848. | If assumed and paid in full, no objection to cure. Valid, enforceable lien until satisfaction. |
| Loma del Rio Vineyards, LLC | $172,564 | Listed at $172,564. | If assumed and paid in full, no objection to cure. Valid, enforceable lien until satisfaction. |

---

[3] To the extent payment under a contract with a Producer is not yet due, the Producer nevertheless holds a lien from the time of delivery until payment in full.

[4] But, Debtor has informed the creditor that a supplemental cure notice will be provided/served, with this amount.

| | | | |
|---|---|---|---|
| SP Comino, LLC | $218,805 | Listed at $218,805. | If assumed and paid in full, no objection to cure. Valid, enforceable lien until satisfaction. |
| SWG Paso Vineyard, LLC | $119,568 | Listed at $0. | Objection to amount on cure schedule. Valid, enforceable lien until satisfaction. |
| John Hancock Life Insurance Company (USA) | $190,535 | Not currently provided for. | Objection to exclusion from cure schedule. Valid, enforceable lien until satisfaction. |
| Testaney, Inc. (Coastal Vineyard Care Associates) | $314,263.20 | Certain purchaser orders listed with a $0 cure amount; purchase order numbers not reconciled with creditor contract amounts. | Objection to exclusion from cure schedule. Valid, enforceable lien until satisfaction. |

## LAW & ARGUMENT

7. Section 363(f) of the Bankruptcy Code allows a debtor in possession to sell property under § 363(b) "free and clear of any interest in such property" **only if**:

a. applicable nonbankruptcy law permits sale of such property free and clear of such interest;

b. such entity consents;

c. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

d. such interest is in bona fide dispute; or

e. such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

8. California, home to some of the world's most productive farmland, protects the interests of growers by providing for a statutory lien commonly called the producer's lien. *See* Cal. Food & Agr. Code §§ 55631, 55632. "Every producer of any farm product that sells any product that is grown by him or her to any processor under contract, express or implied, . . . has a lien upon that product and upon all processed or manufactured forms of that farm product . . . ." *Id.* at § 55631. The lien "shall be to the extent of the agreed price," (*id.*) and attaches "from the date of delivery" (*id.* at § 55632). *See also In re T.H. Richards Processing Co.*, 910 F.2d 639, 643 (9th Cir. 1990) (producer cannot be compelled to release lien when accepting deferred payment arrangement for products); *Frazier Nuts, Inc. v. American Ag Credit*, 46 Cal.Rptr.3d 869 (Cal. App. 2006) (producer's rights in proceeds meet the definition of a lien and have priority under State law). The producer's lien extends to accounts receivable to the extent the receivables must be used to satisfy obligations to producers. *Id.* at 875-77; Cal. Food & Agr. Code § 55638.

9. A California producer's lien can be enforced by an action to foreclose the lien or by filing suit for damages and other remedies. *See* Cal. Food & Agr. Code § 55647. The producer's lien does not require the filing of a financing statement or other documentation, and is effective against bona fide purchasers under 11 U.S.C. § 545(2). *In re S.N.A. Nut Co.*, 197 B.R. 642, 648-49 (Bankr. N.D. Ill. 1996).

10. To the extent Debtors wish to complete the sale, and the Stalking Horse Purchaser (or highest bidder) will continue Debtors' business as a going concern, a processor who fails to pay producers will have its processor's license revoked by the California Department of Food and Agriculture. *See* Cal. Food & Agr. Code §§ 55872, 55524, 55524.5.

11. The objecting Creditors sold grapes to Debtors but have not yet been paid for the grapes. The producer's liens favoring Creditors total over $1.0 million.

    a. On or about September 9, 2022, producer Highland Vineyard SB, LLC

delivered to Debtors $185,160 of grenache grapes.

  b. In or about late September 2022, producer Alta Loma Vineyard, LLC delivered to Debtors $55,650 of grenache grapes.

  c. In or about October 2022, producer Kylix Vineyards California LP delivered to Debtors $57,848 of grenache grapes.

  d. In or about late September 2022, producer Loma del Rio Vineyards, LLC delivered to Debtors $172,564 of grenache grapes.

  e. In or about late August 2022, producer SP Comino, LLC delivered to Debtors $218,805 of grenache grapes.

  f. In or about late August 2022, producer SWG Paso Vineyard, LLC delivered to Debtors $119,568 of grenache grapes.

  g. Testaney Inc. through Coastal Vineyard Care Associates provided $314,263.20 of grenche grapes to Debtors in or about September 2022.

  h. For the 2022 harvest, producer John Hancock Life Insurance Company (USA) delivered to Debtors $190,535 of grenache grapes.

12. Debtors are not entitled to a sale free and clear of liens under § 363(f) of the Bankruptcy Code for the following reasons:

  a. As discussed above, applicable nonbankruptcy law does not permit the sale of such property free and clear of Creditors producer's liens. In fact, California law imposes severe penalties when property subject to a producer's lien is sold without satisfying the producer's lien.

  b. Creditors do not consent to the sale.

  c. The Sale Motion does not contemplate a sale price that is greater than the aggregate value of all liens on such property. The Sale Motion and related Asset Purchase Agreement state that the Stalking Horse Bidder will pay $10 million cash, "less the sum of (a) the

aggregate amount of any unpaid and outstanding DIP Facility (as defined in the Final DIP Financing Order) (whether or not then due and owing), including the principal and interest balance thereof (which amount will be offset against the aggregate amount of any unpaid and outstanding DIP Facility (as defined in the Final DIP Financing Order) in satisfaction thereof), and (b) any fees, costs, or expenses provided for under the Final DIP Financing Order (including those due upon Closing), including any fees, costs and expenses owed to counsel or advisors to the SEllers under the Final DIP Financing Order to the extent not previously paid by the Sellers prior to the Closing . . . ." *Asset Purchase Agreement*, Article IV, 4.1, ECF 47-3.  *See also*, Final Order, ECF 134.  Comparing the Asset Purchase Agreement and the Court's Final DIP Financing Order, the property will not be sold at a price greater than the aggregate value of all liens.

        d.      Creditors' producer's liens are not in bona fide dispute.

        e.      The holder of a producer's lien cannot be compelled to accept a money satisfaction of the lien. *In re T.H. Richards Processing Co.*, 910 F.2d 639, 643 (9th Cir. 1990).

## CONCLUSION

WHEREFORE, Creditors respectfully request the Sale Motion be denied to the extent it requests relief under 11 U.S.C. § 363(f).  Creditors also object to the Cure Schedule.  To the extent that Creditors are provided for in the cure schedule or any amendment thereto, Creditors do not waive, release, or otherwise modify their rights as holders of producer's liens.  Creditors are working with Debtors to resolve Creditors' objections before the hearing, and will continue to engage in good faith towards a resolution.

DATED: January 10, 2023

        MONZACK MERSKY AND BROWDER P.A.

        */s/ Rachel B. Mersky*
        Rachel B. Mersky (#2049)
        1201 N. Orange Street, Suite 400
        Wilmington, DE 19801
        Telephone: 302-656-8162
        Facsimile: 302-656-2769
        Email: rmersky@monlaw.com

        Attorneys for Alta Loma Vineyard, LLC; Highland Vineyard SB, LLC; John Hancock Life Ins. Company (USA); Kylix Vineyards California, LP; Loma de Rio Vineyards, LLC; SB Comino, LLC; SWG Paso Vineyard, LLC; Testaney, Inc.

        AND

        DOWNEY BRAND LLP

        */s/ Jamie P. Dreher*
        Pro Hac to be filed
        JAMIE P. DREHER (Cal. Bar No. 209380)
        (pro hac vice to be filed)
        jdreher@downeybrand.com
        621 Capitol Mall, 18th Floor
        Sacramento, California 95814
        Telephone:     916.444.1000
        Facsimile:     916.444.2100

        Attorneys for Alta Loma Vineyard, LLC; Highland Vineyard SB, LLC; John Hancock Life Ins. Company (USA); Kylix Vineyards California, LP; Loma de Rio Vineyards, LLC; SB Comino, LLC; SWG Paso Vineyard, LLC; Testaney, Inc.