# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| WINC, INC., *et al.*[1] | : | Case No. 22-11238 (LSS) |
| | : | |
| | : | Jointly Administered |
| Debtors. | | |

**Objections Due: Jan. 11, 2023 at noon**[2]
**Hearing Date:   Jan. 17, 2023 at 2:00 p.m.**

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF CANACCORD GENUITY LLC AS INVESTMENT BANKER FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE; AND (II) WAIVING THE INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2(d)**

In support of his objection (the "Objection") to the *Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Canaccord Genuity LLC as Investment Banker for the Debtors, Effective as of the Petition Date; and (II) Waiving the Information Requirements of Local Rule 2016-2(d)* (the "Application") [D.I. 67], Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, states as follows:

## JURISDICTION, VENUE AND STANDING

1. This Court has jurisdiction to hear the Application and this Objection.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899), and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] The objection deadline was extended by agreement of the parties.

the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.    Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the Application.

## PRELIMINARY STATEMENT

4.    The U.S. Trustee objects to the Application on the basis that the amount of the proposed Transaction Fee sought by Canaccord Genuity LLC ("CG") does not appear to be reasonable. In particular, the Transaction Fee is unreasonably high when compared to the proposed purchase price for the Debtors' assets. In addition, the U.S. Trustee's counsel raised certain issues other than those set forth in this Objection with counsel for the Debtors. The U.S. Trustee believes that such issues will be resolved through modifications to the proposed form of order. The U.S. Trustee reserves the right to supplement this Objection, or to assert additional objections at the hearing on the Application, if such modifications are not made.

## BACKGROUND

5.    On November 30, 2022 (the "Petition Date"), each of the Debtors[3] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

---

[3] All capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

6. On December 12, 2022, the U.S. Trustee appointed a statutory committee of unsecured creditors in these cases.

7. On December 16, 2022, the Debtors filed the Application, seeking to retain CG as their investment banker, *nunc pro tunc* to the Petition Date. The Debtors executed an Engagement Letter with CG on March 16, 2002, which was filed separately from the Application at D.I. 90. The Debtors executed an amendment to the Engagement Letter with CG on November 25, 2022, a copy of which is attached to the Application as Exhibit C.

8. Through the Application, the Debtors request authorization for CG to provide investment banking services in connection with the Debtors' chapter 11 sales efforts. Appl. ¶ 10. The Application contains, as Exhibit B, the *Declaration of Brian Bacal in Support of Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Canaccord Genuity LLC as Investment Banker for the Debtors, Effective as of the Petition Date; and (II) Waiving the Information Requirements of Local Rule 2016-2(d)* (the "Bacal Declaration").

9. The Debtors seek to compensate CG for its services through (x) a Monthly Fee of $100,000 per month, payable in advance of each month, and (y) a Transaction Fee equal to the greater of (i) 2% of the Aggregate Consideration or (ii) $2,000,000. After three full Monthly Fees have been paid, 100% of any subsequent Monthly Fees shall be credited against any payable Transaction Fee. Bacal Decl. ¶ 11.[4]

**ARGUMENT**

10. The Debtors have not established that the amount of the proposed Transaction Fee

---

[4] Prior to the Petition Date, CG received a Signing Fee of $50,000, two Work Fees totaling $50,000, a monthly fee of $100,000 and an advance expense retainer of $75,000. Application, fn 3.

3

is a reasonable term or condition of employment under the Bankruptcy Code.

11. Section 328(a) of the Bankruptcy Code provides in part that a debtor may, with the Court's approval, employ a professional person under Section 327 "on any reasonable terms and conditions of employment." 11 U.S.C. §328(a). The starting point in a reasonableness inquiry is a review of what is common in the marketplace. *See In re Insilco Technologies, Inc.,* 291 B.R. 628, 633-34 (Bankr. D. Del. 2003) (*citing In re United Artists Theatre Co.*, 315 F.3d 217, 229 (3d Cir. 2003) ("[S]ome reference to the market is not out of place when considering whether terms of retention are 'reasonable' in the bankruptcy context.")). Reasonableness is market-driven, not market-determined, "especially in the realm of bankruptcy, where courts play a special supervisory role." *In re United Artists Theatre Co.*, 315 F.3d at 230. Practices common in the marketplace are not automatically reasonable under Section 328. *See id.*

12. The reasonableness inquiry "must be tailored to Bankruptcy Code requirements, including the particular circumstances of a chapter 11 proceeding, the court's supervisory role and the interests of the various constituents." *In re Insilco Technologies, Inc.*, 291 B.R. at 634. Factors to be considered include whether (1) the terms of the proposed engagement agreement reflect normal business terms in the marketplace; (2) the debtor and the professional are sophisticated business entities with equal bargaining power who negotiated at arms' length; (3) the terms of the retention are in the best interests of the estate; (4) creditors oppose the retention provisions; and (5) any retainer is reasonable given the size, circumstances and posture of the case. *See id*

13. CG seeks a Transaction Fee equal to the greater of (i) 2% of Aggregate Consideration or (ii) $2,000,000. The current stalking horse bid for the Debtors' assets is approximately $11 million cash, plus assumption of certain liabilities, which, upon information

and belief, total approximately $4 million, for a total of $15 million in Aggregate Consideration. Given the anticipated purchase price for the Debtors' assets, the proposed Transaction Fee of $2 million appears excessive -- constituting 13.3% of the stalking horse bid. The proposed Transaction Fee is substantially in excess of the fees approved in the cases cited by CG in its Application, and thus appears well above market. *See, e.g. In re Hipcricket, Inc.*, Case No. 15-10104 (LSS) (Bankr. D. Del Feb. 11, 2015 (approving Transaction Fee equal to the greater of (i) $500,000 and (ii) 5% of the Aggregate Compensation up to and including $15 million, plus 4% of the Aggregate Consideration over $15 million up to and including $20 million, plus 3% of the Aggregate Consideration over $20 million); *In re Vertis Holdings, Inc.,* Case No. 12-12821 (CSS) (Bankr. D. Del. Nov. 20, 2012) (approving a Restructuring Fee of $1,200,000, plus Monthly Fees of $150,000).

14. In light of the Debtors' failure to meet their burden to establish that the Transaction Fee that CG will be charging is reasonable, the Application should be denied.

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Application for the reasons set forth in this Objection and/or granting such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

**By:**   */s/ Jane M. Leamy*
Jane M. Leamy (#4113)
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
Telephone: (302) 573-6566
Email: Jane.M.Leamy@usdoj.gov

Dated: January 11, 2023