IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**January 17, 2023, at 2:00 p.m. (ET)**<br><br>Re: Docket Nos. 67, 90 |

**LIMITED OBJECTION OF PROJECT CRUSH ACQUISITION CORP. LLC, AS DIP LENDER, TO DEBTORS' APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF CANACCORD GENUITY LLC AS INVESTMENT BANKER FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE; AND (II) WAIVIN GTHE INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2(d)**

Project Crush Acquisition Corp. LLC, as debtor-in-possession financing lender (the "DIP Lender")[2] to Winc, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), respectfully submits this limited objection (the "Limited Objection") to the Debtors' *Application for Entry of an Order (I) Authorizing the Employment and Retention of Canaccord Genuity LLC as Investment Banker for the Debtors, Effective as of the Petition Date; and (II) Waiving the Information Requirements of Local Rule 2016-2(d)* [Docket No. 67] (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application or the Final Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(C)(1), 364(C)(3), 364(D)(1), and 364(E) and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(B) and (C) (the "Final DIP Order"), as applicable.

1

"Application"). In support of this Limited Objection, the DIP Lender respectfully states as follows:

**LIMITED OBJECTION**

1. The DIP Lender supports the Debtors' retention of Canaccord Genuity LLC ("Canaccord") and recognizes the important and necessary services provided by Canaccord in connection with the Debtors' prepetition and postpetition marketing process for the sale of substantially all of the Debtors' assets as a going concern. Nevertheless, the DIP Lender files this Limited Objection with respect to the Fee Structure proposed by the Debtors and Canaccord.[3] Specifically, Canaccord is seeking upfront Court approval of an excessive $2 million Transaction Fee that far exceeds those sought by investment bankers in comparable chapter 11 cases. As proposed by the Debtors and Canaccord, the Transaction Fee alone equates to 18 percent of the Aggregate Consideration of the Transaction, which simply does not reflect the economic realities of these cases or the market rate for transaction fees in similar cases.[4]

---

[3] This Transaction Fee was not reflected in the DIP Budget and has not been approved by the DIP Lender in accordance with the Final DIP Order. As provided for in paragraph 2 of the Final DIP Order, the Debtors are authorized to use Cash Collateral subject to and in accordance with the terms, conditions, and limitations set forth in the Final DIP Order, the Approved Budget (and permitted variances as set forth in the DIP Loan Documents) and the DIP Loan Documents. The Approved Budget "shall at all times be in form and substance acceptable to the DIP Lender and the Prepetition Secured Party, and approved in writing by the DIP Lender and the Prepetition Secured Lender in their sole and absolute discretion." *See* Final DIP Order, ¶ 2(iii).

[4] *See, e.g., In re Taronis Fuels, Inc.*, Case No. 22-11121 (BLS) (Bankr. D. Del. Dec. 1, 2022) [Docket Nos. 76, 204] (seeking sale transaction fee of the higher of $500,000 or 5% of the aggregate transaction value if greater than $10,000,000); *In re Genapsys, Inc.*, Case No. 22-10621 (BLS) (Bankr. D. Del. Jul. 25, 2022) [Docket Nos. 70, 169] (seeking sale transaction fee of 2.50% for a sale with aggregate consideration of $0-$150 million); *In re Retrotope, Inc.*, Case No. 22-10228 (JTD) (Bankr. D. Del. Apr. 20, 2022) [Docket Nos. 133, 184] (seeking (i) a sale fee of $300,000 if no qualified bids received apart from the stalking horse bid, and (b) if additional qualified bidders, a sale fee of $350,000 plus 5% of the first $5 million of total consideration above the stalking horse bid plus 2% of total consideration thereafter); *In re PBS Brand Co., LLC*, Case No. 20-13157 (JTD) (Bankr. D. Del. Feb. 24, 2021) [Docket Nos. 180, 345] (seeking sale transaction fee of the greater of (i) $500,000 or (ii) 3% of total consideration); *In re Furniture Factory Ultimate Holding, L.P.*, Case No. 20-12816 (Bankr. D. Del. Dec.

2. Although the DIP Lender understands that Canaccord is entitled to a transaction fee for its work, that fee should be consistent with market rates for investment banker fees in similar cases. Despite the Limited Objection, the DIP Lender will continue to work with the Debtors and Canaccord with the goal of resolving the issues set forth herein without the need for Court intervention.

## **CONCLUSION**

WHEREFORE, the DIP Lender respectfully requests that the Court modify the Transaction Fee as discussed in this Limited Objection and grant such other and further relief as the Court deems just and proper.

*[Remainder of Page Left Intentionally Blank]*

---

4, 2020) [Docket Nos. 157, 205] (seeking (i) a fee of $250,000 if current lender acquired the assets, including through a credit bid of the debtor-in-possession facility claim, or (ii) the greater of (a) $500,000 and (b) the sum of 5% of the transaction value up to $14 million plus $7.5% of the transaction value in excess of $14 million if a third party bid is received); *In re Permian Holdco 1, Inc.*, Case No. 20-11822 (MFW) (Bankr. D. Del. Jul. 27, 2020) [Docket Nos. 49, 124] (seeking a sale transaction fee of $250,000); *In re Valeritas Holdings, Inc.*, Case No. 20-10290 (LSS) (Bankr. D. Del. Feb. 20, 2020) [Docket Nos. 82, 176] (seeking a sale transaction fee of the greater of $1,250,000 or 2.5% of the enterprise value up to $75,000,000 plus incremental incentives in excess of $75,000,000); *In re uBiome, Inc.*, Case No. 19-11938 (LSS) (Bankr. D. Del. Sept. 11, 2019) [Docket Nos. 62, 159] (seeking sale transaction fee of 1.5% of the aggregate consideration); *In re Mitshti Holdings LLC*, Case No. 19-11813 (CSS) (Bankr. D. Del. Nov. 26, 2019) [Docket Nos. 274, 333] (seeking sale fee equal to (i) $500,000, plus (ii) 4% of the aggregate consideration of such sale between $9-$15 million, plus 4% of the aggregate consideration of such sale in excess of $15 million); *In re Beauty Brands, LLC*, Case No. 19-10031 (CSS) (Bankr. D. Del. Feb. 25, 2019) [Docket Nos. 174, 318] (seeking a sale transaction fee with a base fee of $400,000, plus an incentive fee of 10-30% of the incremental amount over the aggregate consideration that exceeds $9,879,063).

| | |
|---|---|
| Dated: January 11, 2023 | <u>*/s/ Curtis S. Miller*</u><br>Derek C. Abbott (No. 3376)<br>Curtis S. Miller (No. 4583)<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street, Floor 16<br>Wilmington, DE 19801<br>Tel: (302) 658-9200<br>Fax: (302) 658-3989<br>Email: dabbott@morrisnichols.com<br>           cmiller@morrisnichols.com<br><br>-and-<br><br>Eric E. Walker (admitted *pro hac vice*)<br>COOLEY LLP<br>110 N. Wacker Drive<br>Chicago, IL 60606<br>Tel: (312) 881-6375<br>Fax: (312) 881-6598<br>Email: ewalker@cooley.com<br><br>*Counsel to Project Crush Acquisition Corp. LLC* |