# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. 67** |

### BANC OF CALIFORNIA, N.A.'S OBJECTION TO DEBTORS' APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF CANACCORD GENUITY LLC AS INVESTMENT BANKER FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE; AND (II) WAIVING THE INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2(d)

Banc of California, N.A., as successor-by-merger to Pacific Mercantile Bank ("BOC"), the Prepetition Secured Party to the above-captioned chapter 11 cases of Winc, Inc. *et al.* (collectively, the "Debtors") submits this objection ("Objection") to the *Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Canaccord Genuity LLC as Investment Banker for the Debtors, Effective as of the Petition Date; and (II) Waiving the Information Requirements of Local Rule 2016-2(d)* [Docket No. 67] (the "Application").[2]

## PRELIMINARY STATEMENT

1. BOC does not question the credentials of Canaccord Genuity LLC ("CG") as the Debtors' investment banker, nor does BOC *per se* object to the Debtors' retention of CG as their investment banker. However, BOC objects to the grossly excessive $2 million Transaction Fee—which amounts to over 18% of the total Purchase Price—that CG requests to be paid pursuant to the Application. Accordingly, BOC respectfully objects to the Application.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

**RELEVANT BACKGROUND**

2. On November 30, 2022 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 12, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of general unsecured creditors (the "Committee").[3]

3. Pursuant to the Prepetition Senior Loan Documents[4] the Debtors granted to BOC, as Prepetition Secured Party, a first priority lien upon and senior security interest in substantially all of the Debtors' property and assets to secure the Prepetition Senior Obligations due and owing thereunder.[5] As of the Petition Date, the aggregate principal amount of the Prepetition Senior Obligations owed to BOC was not less than $3.4 million.[6]

4. On December 22, 2022, the Court entered the Bidding Procedures Order [Docket No. 85], pursuant to which, among other things, the Court (a) authorized the Debtors to enter into the *Amended and Restated Asset Purchase Agreement* [Docket No. 80-1] (the "Stalking Horse Agreement") with the DIP Lender (in such capacity, the "Stalking Horse Bidder"), subject to higher or otherwise better offers;[7] and (b) established January 9, 2023 as the Bid Deadline.[8]

---

[3] *See* Docket No. 54.

[4] Capitalized terms utilized but not defined in this paragraph shall have the meanings ascribed to them in the *Final Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(3), 364(d)(1), and 364(e) and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [Docket No. 134] (the "Final DIP Order").

[5] *See* Final DIP Order at ¶ D.

[6] *Id.* at ¶ E(i).

[7] Bidding Procedures Order at ¶ 2.

[8] *Id.* at ¶ 20.

Pursuant to the Stalking Horse Agreement, the Stalking Horse Bidder agreed to purchase substantially all of the Debtors' assets for $11 million (the "<u>Purchase Price</u>").[9] The Debtors did not receive any other bids prior to the January 9 Bid Deadline.

## **OBJECTION**

5.      Under section 328(a) of the Bankruptcy Code, a debtor "may employ or authorize the employment of a professional person under section 327 of 1103 of this title, as the case may be, on any ***reasonable*** terms and conditions of employment, including . . . on a fixed or percentage fee basis."[10] Accordingly, the Court, in its role as gatekeeper, thus "has an obligation to determine the reasonableness of terms and conditions before authorizing the employment of professionals under § 328(a) and may eliminate, modify, or impose additional terms and conditions to satisfy the requirement of reasonableness."[11] Courts are guided by "market driven" standard of reasonableness when analyzing the terms and conditions of engagements of professionals.[12] As the applicant seeking employment under section 328(a), CG "must establish that the terms and conditions of employment are reasonable, and evidence, not conclusory statements, is required to satisfy that burden."[13] Here, with respect to the Transaction Fee, CG has not done so.

6.      As noted above, CG's proposed Fee Structure includes a Transaction Fee, payable to CG at the Closing of the Sale, equal to the greater of 2.0% of the Aggregate

---

[9] Stalking Horse Agreement at § 4.1.

[10] 11 U.S.C. § 328(a) (emphasis added).

[11] *In re Energy Partners, Ltd.*, 409 B.R. 211, 225-26 (Bankr. S.D. Tex. 2009) (quoting *In re High Voltage Engineering Corp.*, 311 B.R. 320, 333 (Bankr. D. Mass. 2004)).

[12] *See, e.g., In re Insilico Techs., Inc.*, 291 B.R. 628, 633 (Bankr. D. Del. 2003) (citing *United Artists Theatre Co. v. Walton* (*In re United Artists Theatre Co.*), 315 F.3d 217 (3d Cir. 2003).

[13] *Energy Partners*, 409 B.R. at 225-26.

3

Consideration or $2,000,000.  At the Stalking Horse Bidder's $11 million purchase price, therefore, the Transaction Fee is $2 million—*nearly 20 percent of the Purchase Price*—far in excess of industry standard.  Accordingly, BOC respectfully submits that the Court should not approve the Application absent a material modification to the Transaction Fee to bring such amount in line with market standards.

WHEREFORE, for the reasons set forth herein, BOC respectfully requests that this Court deny the Application as set forth herein, and grant BOC such other and further relief as is just and proper.

Dated:  January 11, 2023

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Maxim B. Litvak (CA Bar No. 215852)
James E. O'Neill (DE Bar No. 5503)
Steven W. Golden (DE Bar No. 6807)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile:  302-652-4400
E-mail:  rpachulski@pszjlaw.com
             joneill@pszjlaw.com
             mlitvak@pszjlaw.com
             sgolden@pszjlaw.com

*Counsel to Banc of California, N.A., as successor-by-merger to Pacific Mercantile Bank*