**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC. INC., *et al.*,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>Sale Obj. Deadline: January 9, 2023 at 4:00 p.m. (ET)<br>Assumption/Assignment Obj. Deadline:<br>January 11, 2023 at 4:00 p.m. (ET)<br>Agreed Extended Obj. Deadline for Sale and Assumption/Assignment: January 12, 2023 at 11:30 a.m. (ET)<br>Hearing Date: January 17, 2023 at 2:00 p.m. (ET)<br><br>RE: D.I. 47, 85, 91 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF**
**SUMMERLAND WINE BRANDS TO THE DEBTORS' SALE MOTION**

Summerland Wine Brands, a dba of Terravant Wine Company, LLC ("Summerland"), by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (the "Limited Objection") to the *Debtors' Motion for Entry of an Order (I) Approving Bidding Procedures in Connection with the Sale of the Debtors' Assets and Related Bid Protections, (II) Approving Form and Manner of Notice, (III) Scheduling Auction and Sale Hearing, (IV) Authorizing Procedures Governing Assumption and Assignment of Certain Contracts and Unexpired Leases, and (V) Granting Related Relief; and (B) an Order (I) Approving Purchase Agreements, and (II) Authorizing a Sale Free and Clear of all Liens, Claims, Encumbrances, and Other Interests* [D.I. 47] (the "Sale Motion")[2] in the chapter 11

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] Capitalized terms used but not defined herein shall have the same meaning ascribed to such terms in the Sale Motion.

{01872816;v1 }

cases of the above-captioned debtors and debtors in possession (the "Debtors"). In support of this Limited Objection, Summerland respectfully states as follows:

## BACKGROUND

1. On November 30, 2022 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 12, 2022, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Chapter 11 Cases [D.I. 54]. No trustee or examiner has been appointed.

3. On December 22, 2022, the Court entered an *Order (I) Approving Bidding Procedures in Connection with Sale of the Debtors' Assets and Related Bid Protections; (II) Approving Form and Manner of Notice; (III) Scheduling Auction and Sale Hearing; (IV) Authorizing Procedures Governing Assumption and Assignment of Certain contracts and Unexpired Leases; and (V) Granting Related Relief* [D.I. 85] (the "Bidding Procedures Order"), approving, in part, (a) the bidding procedures to govern the marketing and sale of all or substantially all of the Debtors' assets (the "Assets"), and (b) authorizing procedures governing the assumption and assignment of certain executory contracts and unexpired leases (the "Assumed Contracts") to the prevailing bidder(s) acquiring the Assets. Pursuant to the Bidding Procedures Order, objections to the proposed sale of the Assets must be filed and served upon the applicable parties on or before 4:00 p.m. (prevailing Eastern Time) on January 9, 2023 (the "Sale Objection Deadline"). As Summerland had not received responses to its informal requests (all of which requests are requested relief in this Limited Objection), Summerland also

requested, and the Debtors agreed, to extend Sale Objection Deadline, solely with respect to Summerland, to January 12, 2023 at 11:30 a.m. (prevailing Eastern Time).

4. Prior to the Petition Date, Summerland entered into that certain Host Winery Facilities Agreement, dated as of May 16, 2022, by and among Debtor BWSC, LLC ("BWSC") and Summerland (the "Facilities Agreement"). Contemporaneously therewith, the parties entered into that certain memorandum of understanding (the "MOU", and together with the Facilities Agreement, the "Agreement"). Pursuant to the Agreement, Summerland was to provide BWSC with space within its winery facility to be used for BWSC's bonded winery. Summerland provided, on request, staff, equipment and facilities in order to help BWSC produce, process, blend, bottle and store wine. The Agreement provides that it will be governed by, construed and enforced in accordance with, and subject to, the laws of the State of California. The Debtors and Summerland are also California businesses.

5. Pursuant to Section 14 of the Facilities Agreement, Summerland may retain the Debtors' wine stored at Summerland's facilities until all invoices have been paid in full. Moreover, if BWSC fails to pay any charges assessed in relation to the Facilities Agreement after a period of ninety (90) days following an invoice date, Summerland may, in its sole discretion, dispose, destroy or sell the wine to satisfy any such unpaid amounts.

6. The Agreement expired by its terms on December 31, 2022.

7. As of the Petition Date, Summerland was owed amounts incurred in connection with wine produced and stored on behalf of the Debtors at Summerland's facilities, and continues to incur such storage fees and costs during the pendency of these Chapter 11 Cases. As of the date hereof, Summerland is owed $223,257.11 on account of the wine produced,

processed, blended, bottled and currently stored at Summerland's facilities (the "Stored Wine"), pursuant to the Agreement.

8. Summerland, by virtue of the terms of the Agreement, and as a matter of law, is a secured creditor with a warehouseman's lien on the Stored Wine (and the proceeds thereof) for all amounts due to Summerland as set forth in the Agreement (the "Warehouseman's Lien"). *See* Cal. Com. Code § 7209 ("A warehouse has a lien against the bailor on the goods covered by a warehouse receipt or storage agreement or on the proceeds thereof in its possession for charges for storage or transportation, including demurrage and terminal charges, insurance, labor, or other charges, present or future, in relation to the goods, and for expenses necessary for preservation of the goods or reasonably incurred in their sale pursuant to law."). Moreover, Summerland also possesses a artisan's lien on the Stored Wine (and the proceeds thereof), pursuant to the Agreement and California law (the "Artisan's Lien", and together with the Warehouseman's Lien, the "Summerland Liens"). *See* California Constitution, Article XIV § 3 ("Mechanics, materialmen, artisans, and laborers of every class shall have a lien upon the property upon which they have bestowed labor or furnished materials, for the value of such materials, for the value of such labor done and materials furnished; and the Legislature shall provide by law, for speedy and efficient enforcement of such liens").

9. Further, on December 28, 2022, the Debtors filed the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale* [D.I. 91] (the "Cure Notice"). Pursuant to the Cure Notice, counterparties to the Assumed Contracts must object to the assumption and assignment of its contracts on or before 4:00 p.m. (prevailing Eastern Time) on January 11, 2023.

10.     <u>Exhibit I</u> to the Cure Notice lists the Assumed Contracts the Debtors may or may not assume and assign in connection with the sale of the Assets (the "<u>Assumption List</u>") and the corresponding cure amount (the "<u>Proposed Cure Amount</u>"), if any, the Debtors believe is required to be paid to the applicable counterparty to each of the Assumed Contracts. The Assumption List includes reference to the MOU with a Proposed Cure Amount of $0.00.

**LIMITED OBJECTION**

A.     **<u>Proposed Sale.</u>**

11.     Summerland hereby objects to the relief sought in the Sale Motion and the Debtors' proposed sale of the Assets and seeks protective and clarifying language to be included in any order approving a sale of the Assets (such order, a "<u>Proposed Sale Order</u>").

12.     As outlined above, Summerland possesses a claim against the Debtors that is secured by the Summerland Liens (the "<u>Secured Claim</u>").

13.     The Debtors, pursuant to § 363 of the Bankruptcy Code, are seeking to sell the Assets free and clear of all liens, claims, interests and encumbrances. No applicable non-bankruptcy law permits the sale of the Assets free and clear of the Summerland Liens. As such, to the extent the Court approves any Proposed Sale Order free and clear of all liens, claims, interests and encumbrances, Summerland requests that the Court protect Summerland's interests in the Stored Wine and the proceeds thereof by conditioning any relief so that upon the closing of any sale of the Assets and the transfer of the Stored Wine to the Successful Bidder, the Debtors pay in full Summerland's Secured Claim.

B.     **<u>Assumption and Assignment of the MOU.</u>**

14.     Not every contract may be assumed or rejected by a trustee or a debtor in possession. A trustee or debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). While the

Bankruptcy Code does not define the term "executory contract," courts, including the Third Circuit, have adopted the "Countryman" definition which states that an executory contract is "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *In re Weinstein Co. Holdings LLC*, 997 F.3d 497, 504 (3d Cir. 2021). Thus, unless both parties have "unperformed obligations that would constitute a material breach if not performed, the contract is not executory under § 365." *Id.*

15.     Generally, the relevant date for determining whether a contract is executory is initially at the time when the bankruptcy petition is filed. However, "events after the filing ... may cause the contract to be regarded as not executory when the motion to assume or reject was made, such as contracts which expired post-petition by their own terms after the date of [filing] but before the motion was heard." *In re Child World,* 147 B.R. 847, 852 (Bankr. S.D.N.Y. 1992); *see e.g., Counties Contracting & Constr. Co. v. Constitution Life Ins. Co.,* 855 F.2d 1054, 1061 (3d Cir. 1988) ("A contract may not be assumed under § 365 if it has already expired according to its terms."); *In re Pesce Baking Co., Inc.,* 43 B.R. 949, 957 (Bankr.N.D.Ohio 1984) (holding that a collective bargaining agreement that expired by its own terms prior to hearing on motion to reject was no longer executory because "there can be no performance by either party under the terms of the agreement").

16.     As stated above, the MOU expired by its terms on December 31, 2022. As such, the MOU is no longer executory and, pursuant to § 365 of the Bankruptcy Code, may not be assumed by the Debtors and assigned to any potential purchaser of the Debtors' Assets.

**RESERVATION OF RIGHTS**

17. Nothing herein is intended to be, or should be construed as, a waiver by Summerland to any of its rights under the Bankruptcy Code, California state law, or other applicable law. Summerland expressly reserves and preserves all its respective rights and remedies. Further, Summerland reserves its right to amend or supplement this Limited Objection.

**WHEREFORE**, Summerland requests that (i) any Proposed Sale Order that is ultimately approved by the Court include language ensuring that upon the closing of any sale of the Assets and the transfer of the Stored Wine to the Successful Bidder, the Debtors pay in full Summerland's Secured Claim, and (ii) the Court deny the assumption and assignment of the MOU to the Successful Bidder.

Dated: January 12, 2023
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

/s/ *Gregory A. Taylor*
Gregory A. Taylor, Esq. (DE No. 4008)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19801
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
Email: gtaylor@ashbygeddes.com

- and -

**PAUL HASTINGS LLP**
Justin Rawlins (*pro hac vice* admission pending)
1999 Avenue of the Stars, 27th Floor
Century City, CA 90067
Telephone: (310 620-5700
Facsimile: (310) 620-5899
Email  justinrawlins@paulhastings.com

- and -

Cole Harlan (*pro hac vice* admission pending)
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: coleharlan@paulhastings.com

*Co-Counsel to Summerland Wine Brands, a dba of Terravant Wine Company, LLC*