**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,<br><br>                       Debtors. [1] | Chapter 11<br><br>Case No.:  22-11238 (LSS)<br>(Jointly Administered)<br><br>**Hearing Date: February 23, 2023 @ 2:00 pm**<br>**Objection Deadline: January 27, 2023 @ 4:00 pm** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT**
**AND RETENTION OF A.M. SACCULLO LEGAL, LLC, AS ITS CO-COUNSEL,**
**<u>EFFECTIVE AS OF DECEMBER 15, 2022</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>") hereby submits this application (the "<u>Application</u>") for entry of an order (the "<u>Order</u>"), substantially in the form annexed hereto, authorizing the Committee to employ and retain A.M. Saccullo Legal, LLC ("<u>AMSL</u>") as its co-counsel effective as of December 15, 2022, pursuant to Sections 328 and 1103 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").  In support of the Application, the Committee submits the declaration of Anthony M. Saccullo, a member of AMSL (the "<u>Saccullo Declaration</u>"), attached hereto as **Exhibit A**.  In further support of the Application, the Committee respectfully represents as follows:

**<u>JURISDICTION AND VENUE</u>**

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are Sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

3.      Pursuant to Local Rule 9013-1(f), the Committee confirms its consent to the entry of a final order or judgment by the Court with respect to this Application if it is determined that this Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

4.      On November 30, 2022 (the "Petition Date"), the Debtors commenced these cases (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to operate its businesses as debtors in possession. No trustee or examiner has been appointed in these cases.

5.      On December 12, 2022, the Committee was appointed in these Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware, consisting of the following: (i) FedEx Corporate Services, Inc.; (ii) Frederic Chaudiere Famille Chaudiere (SARL); and (iii) Ranch Canada de los Pinos.

6.      On December 15, 2022, the Committee selected ArentFox Schiff LLP ("ArentFox") as its lead counsel and A.M. Saccullo Legal, LLC ("AMSL") as its co-counsel.  On December 20, 2022, the Committee selected CohnReznick Capital Markets Securities, LLC, the affiliated Financial Industry Regulatory Authority, Inc. licensed investment bank of CohnReznick, LLP ("CohnReznick") as its financial advisor.

## RELIEF REQUESTED

7.      By this Application, the Committee requests entry of an order approving and authorizing the employment and retention of A.M. Saccullo Legal, LLC to serve as counsel for the Committee effective as of December 15, 2022 pursuant to 11 U.S.C. §§ 105(a), 328, and 1103 and Bankruptcy Rule 2014, and Local Rule 2014-1.

## BASIS FOR RELIEF REQUESTED

*Qualifications of Professionals*

8.      The Committee has selected AMSL as its counsel because of the firm's experience, knowledge and expertise in the fields of committee representation and participation, creditors' rights, lien investigation and litigation, bankruptcy, and commercial and suretyship litigation. The professionals at AMSL have substantial committee experience and bankruptcy experience, including the representation of committee chairs, independent boards of directors, litigation trustees, and liquidating trustees, and have participated in numerous bankruptcy cases in this jurisdiction.

*Services to Be Rendered*

9.      The Committee anticipates that AMSL's services in these Chapter 11 Cases will include, *inter alia*, the following:

      a.      providing legal advice regarding local rules, practices, and procedures;

      b.      reviewing and commenting on drafts of documents to ensure compliance with local rules, practices, and procedures;

      c.      filing documents as requested by Committee counsel and coordinating for service of documents;

      d.      preparing certificates of no objection, certifications of counsel, and related documents;

      e.      appearing in Court and at any meeting of creditors on behalf of the Committee in its capacity as co-counsel to the Committee;

     f.     monitoring the docket for filings and coordinating with ArentFox, and any other counsel to the Committee, on pending matters that need responses;

     g.     assisting the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with holders of claims;

     h.     assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and of the operation of the Debtors' businesses;

     i.     assisting the Committee in its investigation of the liens and claims of the Debtors' lenders and the prosecution of any claims or causes of action revealed by such investigation;

     j.     assisting the Committee in its analysis of, and negotiations with, the Debtors or any third-party concerning matters related to, among other things, the assumption or rejection of leases of nonresidential real property and executory contracts, asset dispositions, financing or other transactions, and the terms of one or more plans of reorganization for the Debtors and accompanying disclosure statements and related plan documents;

     k.     assisting and advising the Committee in communicating with unsecured creditors regarding significant matters in these Chapter 11 Cases;

     l.     reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee as to their propriety;

     m.     maintaining critical dates memorandum to monitor pending applications, motions, hearing dates and other matters and the deadlines associated with same and any necessary coordination for pending matters;

     n.     performing such other legal services as may be required or requested or as may otherwise be deemed in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law; and

     o.     providing additional support to ArentFox, and any other professional to the Committee, as requested.

10.    The Committee requires knowledgeable counsel to render these professional services.  AMSL has substantial expertise in all of these areas.  Accordingly, AMSL is well

qualified to perform these services and represent the Committee's interest in these Chapter 11 Cases.

*Proposed Compensation and Reimbursement of Costs*

11.     AMSL intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any administrative compensation order entered in these Chapter 11 Cases.  The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, legal assistants, and staff who provide services to the Committee.  These hourly rates are subject to periodic adjustment, and the Committee has been advised of that fact.

12.     The hourly rates and corresponding rate structure AMSL will use in these Chapter 11 Cases are the same as the hourly rates and corresponding rate structure that AMSL uses in other restructuring matters, as well as similar complex corporate litigation matters whether in court or otherwise, regardless of whether a fee application is required.  These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

13.     For calendar year 2022, AMSL's ordinary hourly rates ranged from $485 to $550 per hour for attorneys. AMS does not employ para-professionals—the services customarily rendered by paraprofessionals are rendered by a third-party service provider, at a pre-negotiated expense. These expenses are passed through to the estates without mark-up for AMSL. For calendar year 2023, AMSL's ordinary hourly rates will range from $525 to $605 per hour for attorneys. The primary attorneys that will work on this representation and their respective hourly

rates, for both 2022 and 2023, are as follows:

| Professional | Position | 2022 Hourly Rate | 2023 Hourly Rate |
|---|---|---|---|
| Anthony M. Saccullo | Founder | $550 | $605 |
| Mark T. Hurford | Attorney[2] | $515 | $565 |
| Thomas Kovach | Attorney | $515 | $565 |
| Mary (Meg) Augustine | Attorney | $485 | $525 |

14.     AMSL understands that any compensation and expenses paid to it must be approved by this Court upon application in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and Orders of this Court.  No promises have been received by AMSL or any member or attorney of that firm as to compensation from the Debtors' estates.

15.     In addition to the hourly rates, it is AMSL's policy to charge its clients in all areas of practice for the expenses incurred in connection with the client's case, including, among other things, court appearance fees, video conference expenses, teleconference charges, fax transmissions, postage, messenger and express mail charges, special or hand-delivery charges, photocopying charges, filing fees, travel expenses, expenses for work-related meals, the catering of meetings and business meetings, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime and late-night transportation, where necessary to meet deadlines and client expectations.  AMSL will charge the Debtors' estates for expenses incurred by AMSL on behalf of the Committee in a manner and at rates consistent

---

[2]     Mr. Hurford, Mr. Kovach and Ms. Augustine are special counsel to AMSL, who are compensated as independent contractors of AMSL based, in substantial part, on fees received by AMSL from Mr. Hurford's, Mr. Kovach's and Ms. Augustine's practice.  Substantially all of Mr. Hurford's, Mr. Kovach's and Ms. Augustine's legal services are rendered through AMSL; Mr. Hurford, Mr. Kovach and Ms. Augustine are regular attorneys of AMSL; their practices are fully integrated into AMSL and are featured attorneys on AMSL's marketing materials.

with charges made generally to AMSL's other clients and in a manner consistent with the local bankruptcy rules and orders of this Court.

16.     AMSL currently charges its clients $0.10 per page for standard duplication in its offices.  AMSL does not charge its clients for incoming facsimile transmissions.  AMSL has negotiated a discounted rate for Westlaw computer-assisted legal research.  Computer-assisted legal research is AMSL's only method of research.  AMSL has advised the Committee that it will charge all costs and expenses in accordance, and only to the extent consistent, with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines.

17.     AMSL did not receive any retainer from the Debtors, the Committee, or any other entity in these Chapter 11 Cases.  Other than as set forth herein, there is no proposed arrangement to compensate AMSL.  AMSL has not shared or agreed to share (i) any compensation it has received or may receive with any other party or person, other than with the attorneys of AMSL, or (ii) any compensation another person or party has received or may receive.

18.     The Committee believes the compensation arrangements with AMSL are consistent with and typical of arrangements entered by AMSL and other law firms with respect to rendering similar services for clients such as the Committee.  The Committee, therefore, respectfully requests entry of an order, substantially in the form submitted herewith, authorizing the retention and employment of AMSL as counsel to the Committee.

19.     The Committee is committed to minimizing duplication of services in order to, among other things, manage professional costs.  To that end, AMSL is prepared to work closely with any other professionals engaged by the Committee to ensure that there is no unnecessary duplication of effort or cost.

20.     Given the experience and background of the AMSL attorneys involved in these cases, the type of services to be performed, and the market prices in existence for such services, the compensation arrangements proposed by AMSL herein are reasonable.

*Disclosure of Connections and Disinterestedness of Professionals*

21.     Other than as set forth in the Saccullo Declaration, to the best of the Committee's knowledge and information after due inquiry, AMSL and its attorneys have no connection with the Debtors, its creditors, the United States Trustee for Region 3, or their respective attorneys or accountants or other professionals, and do not represent any entity having an interest adverse to the Committee or to the creditors of the Debtors' estates in connection with the matters for which the Committee proposes to employ AMSL.  AMSL will supplement the Saccullo Declaration if and when necessary to disclose any further relationships that require disclosure in these Chapter 11 Cases.

22.     Based on the foregoing statements and the disclosures made in the Saccullo Declaration, the Committee is satisfied that AMSL neither holds nor represents an interest adverse to the Committee with respect to the matters for which AMSL will be employed and is a "disinterested person" under sections 101(14) and 328(c) of the Bankruptcy Code.  The Committee believes that the employment of AMSL would be in the best interest of the Committee and the Debtors' estates.

**EMPLOYMENT EFFECTIVE AS OF DECEMBER 15, 2022**

23.     The Committee believes that the employment of AMSL effective as of December 15, 2022 is warranted under the circumstances of this Chapter 11 Cases.  AMSL has provided, and will continue to provide, valuable services to the Committee regarding the contemplated restructuring transactions.  Due to the size and complex nature of this Chapter 11 Cases, there was

an immediate need for AMSL to perform services for the Committee upon its retention.

## NOTICE AND NO PRIOR REQUEST

24.     Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) counsel

for the Debtors; (iii) counsel to the Debtors' prepetition secured lender; (iv) counsel to the DIP

Lender; and (v) all parties who, as of the filing of this Application, have requested notice in these

Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested

herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE the Committee requests that this Court enter an order approving the

retention and employment of AMSL as the Committee's counsel effective as of December 15,

2022 and granting such other and further relief as the Court deems just and appropriate.

Dated: January 13, 2023

Respectfully submitted,

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF WINC INC, *et al.*

By: */s/ John Pittman*
Chairperson of the Official Committee of Unsecured
Creditors of Winc Inc., *et al.* [2]

---

[2]     Under the Bylaws of the Official Committee of Unsecured Creditors of Winc Inc. FedEx Corporate Services, Inc. is Chairperson of the Committee, by and through its representatives, and has authority to sign documents on behalf of the Committee as appropriate to implement decisions of the Committee made in accordance with the Bylaws.