**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*, | Case No.:  22-11238 (LSS) |
| | (Jointly Administered) |
| Debtors. [1] | |

**ORDER APPROVING THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF A.M. SACCULLO LEGAL, LLC, AS ITS CO-COUNSEL, EFFECTIVE AS OF DECEMBER 15, 2022**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Winc, Inc. *et al.* (the "Debtors") appointed pursuant to section 1102 of Title 11 of the United States Code (the "Bankruptcy Code") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") for entry of an order authorizing the employment and retention of A.M. Saccullo Legal, LLC ("AMSL") as co-counsel to the Committee, effective as of December 15, 2022, pursuant to sections 328 and 1103 of the Bankruptcy Code, Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United Bankruptcy Court for the District of Delaware (the "Local Rules"); and upon the Saccullo Declaration; and the Court having jurisdiction to consider the Application; and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2), on which the Court may enter a final order consistent with Article III of the United States Constitution; and venue being properly in this district under 28 U.S.C. §§ 1408 and 1409; and having found based on the representations made in the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Application and the Saccullo Declaration and the Chairperson Declaration that: (i) AMSL does not hold or represent any interest adverse to the Committee with respect to the matters for which it is being retained, (ii) AMSL is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by section 1103(b) of the Bankruptcy Code); (iii) neither AMSL nor its professionals have any connection with the Debtor, its estate, or creditors, except as disclosed in the Saccullo Declaration; and (iv) AMSL's employment and retention is necessary and in the best interest of the Debtor's estates, its creditors, and other parties in interest; and good and adequate notice of the Application having been given; and it appearing that no other or further notice need be provided; and it appearing that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Application is GRANTED.

2.     The Committee is authorized to retain AMSL as its co-counsel effective as of December 15, 2022, pursuant to 11 U.S.C. §§ 328 and 1103 under the terms and conditions set forth in the Application and the Saccullo Declaration.

3.     AMSL shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court.

4.     To the extent the Application, the Saccullo Declaration, or any later declarations are inconsistent with this Order, the terms of this Order shall govern.

5.     Notwithstanding anything in the Application to the contrary, and with the exception of the attorneys listed in the Saccullo Declaration, AMSL shall, (i) to the extent that it uses the

services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in this case, passthrough the cost of such Contractors at the same rate that AMSL pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for AMSL; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

6.      Prior to any increases in AMSL's rates beyond the 2023 rates set forth in the Application, AMSL shall file a supplemental declaration with this Court and provide ten days' notice to counsel to the Debtor, the Committee and the U.S. Trustee.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and this Court retains the right to review any rate increase pursuant to 11 U.S.C. § 330.

7.      The requirements set forth in Local Rule 9013-1(b) are satisfied by the contents of this Application.

8.      AMSL shall use its best efforts to avoid any unnecessary duplication of services provided by any of the Committee's retained professionals in this case;

9.      This Order shall be immediately effective and enforceable upon its entry;

10.     The Committee is authorized or empowered to take all actions necessary to implement the relief granted in this order; and

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.