IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,<br><br>Debtors. [1] | Chapter 11<br><br>Case No.: 22-11238 (LSS)<br>(Jointly Administered)<br><br>Hearing Date: February 23, 2023 @ 2:00 pm<br>Objection Deadline: January 27, 2023 @ 4:00 pm |

**APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF COHNREZNICK LLP AS FINANCIAL ADVISORS AND COHNREZNICK CAPITAL MARKETS SECURITIES, LLC AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO DECEMBER 20, 2022**

The Official Committee of Unsecured Creditors (the "Committee") of Winc, Inc., et al. (the "Debtors"), hereby submits this application (the "Application") for entry of an Order, substantially in the form attached hereto as Exhibit "E", authorizing and approving the retention and employment of CohnReznick LLP ("CohnReznick") as its financial advisors and CohnReznick Capital Markets Securities, LLC ("CRC") as its investment banker, pursuant to sections 328 and 1103 of title 11 of the United States Code, 11 U.S.C. §§101 *et seq*. (as amended, the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Rule 2014-1 and 2016-1 of the Local Rules For the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), *nunc pro tunc* to December 20, 2022 (the "Retention Date").

The Application is made and based upon the authorities provided herein, and in support of the Application to Retain and Employ CohnReznick as Financial Advisors and CRC as Investment Banker to the Unsecured Creditors' Committee *Nunc Pro Tunc* to the December 20, 2022, the (i)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

Declaration of Kevin P. Clancy of CohnReznick, a true and correct copy of which is attached hereto as Exhibit "B" (the "Clancy Declaration"), and (b) the Declaration of Jeffrey R. Manning, Sr. of CRC, a true and correct copy of which is attached hereto as Exhibit "C" (the "Manning Declaration", together with the "Clancy Declaration, the "Declarations"). In further support of this Application, the Committee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue for this proceeding and the Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief sought are §§ 328 and 1103 of title 11 of the United States Code (as 11 U.S.C. §§ 101 et seq. amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 2014-1(B) and 2016-1.

## BACKGROUND

3. On November 30, 2022 (the "Petition Date"), each of the Debtors commenced a voluntary case under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

4. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

5. On December 12, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") notified the Court that it had appointed the Committee in accordance with 11 U.S.C. § 1102. [Dkt. No. 54]. The Committee consists of the following: (a) FedEx Corporate Services, Inc. Attn: John Pittman, (b) Frederic Chaudiere Famille Chaudiere (SARL)

Attn: Frederic Chaudiere, and (c) Ranch Canada de los Pinos Attn: Douglas Circle. The Committee selected FedEx Corporate Services, Inc. as its Chair.

6. On December 15, 2022, the Committee selected Arent Fox LLP and A.M. Saccullo Legal, LLC, as its proposed counsel in these cases.

7. On December 20, 2022, the Committee selected CohnReznick as its financial advisors and CRC as its investment banker in these cases.

## RELIEF REQUESTED AND BASIS FOR RELIEF

8. By this application, pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Bankruptcy Local Rules 2014-1, 2016-1 and 9013-1, the Committee respectfully requests entry of an order approving and authorizing the employment and retention of CohnReznick to serve as financial advisors and CRC to serve as investment banker for the Committee effective *nunc pro tunc* as to December 20, 2022.

9. Section 1103(a) of the Bankruptcy Code provides that:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

> Moreover, Bankruptcy Rule 2014 requires that an application for retention include: [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

10. The Committee submits that, pursuant to section 1103(a), Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014-1, CohnReznick should be employed as the Committee's financial advisor and CRC should be employed as the Committee's investment banker in these Chapter 11 cases.

11. The terms of this engagement were negotiated by the Committee, CR and CRC at arm's-length and in good-faith. The Committee, CR and CRC respectfully submit that the terms of CR and CRC's retention are customary and reasonable for professionals' engagements, both out-of-court and in comparable Chapter 11 cases, and in the best interests of the Debtors' estate, creditors and all parties-in-interest.

12. Additionally, the Committee requests approval of the employment of CR and CRC *nunc pro tunc* to December 20, 2022.

## RETENTION OF COHNREZNICK AND CRC
### Necessity for Employment

13. The Committee seeks to retain CohnReznick as its financial advisors because of its extensive experience in providing financial and operational guidance to companies in distressed situations and in restructuring scenarios. CohnReznick offers a full complement of services, including, audit, tax, financial advisory, and transactional advisory services to organizations within the industry. CohnReznick is headquartered in New York with additional offices throughout United States and is one of the largest financial advisory firms in the United States, with approximately 3,000 employees and a presence of 27 different cities. CohnReznick's professionals have provided financial advisory services to many debtors, creditors and other constituents in Chapter 11 and Chapter 7 cases, including, among others: Agfeed USA, Inc., Allen Family Foods, Inc., Belle Foods LLC, Cagles Inc., Zacky Farms, Inc., Deb El Food Products, Nebraska Meat

Corp., WorldCom, Inc., TOUSA, Inc., Fleming Companies, Inc., F&O Scarsdale LLC, et. al., RMP Harbor Services, Inc., Fargo Trucking Company, Inc., XPO Logistics; Interstate Waste Services, Geodis Wilson USA, Inc.; Doing It Right Technology, LLC; PrePrint Logistics Management; Commodity Trucking Acquisition LLC; Pacifica Trucks, LLC, Arabella Petroleum Company, LLC, Townsends, Inc., Allied Industries, Inc., Henry Mayo Newhall Memorial Hospital, Rubie's Costume Company, Inc., et al., Shapes/Arch Holdings, Inc., Shorebank Corporation, Infinia at Willmar, Inc., and Isaac Hazan & Co. Inc. The services to be rendered by CohnReznick and CRC are necessary and essential to the performance of the Committee's duties and obligations, and will not duplicate the services to be rendered by any other professionals in these cases.

14. The Committee anticipates that CohnReznick will, in connection with these Chapter 11 cases and subject to orders of this Court, render professional services to the Committee, including, but not limited to include the following:

   a) Review the reasonableness of the cash collateral/DIP arrangements as to cost to the Debtors and the likelihood that the Debtors will be able to comply with the terms of the Order;

   b) At the request of Committee's counsel, analyze and review key motions to identify strategic financial issues in the cases;

   c) Gain an understanding of the Debtors' corporate structure, including non-Debtor entities;

   d) Perform a preliminary assessment of the Debtors' short-term budgets;

   e) Establish reporting procedures that will allow for the monitoring of the Debtors' post-petition operations and sales efforts;

f) Monitor, evaluate and/or assist in the bidding procedures and sales process, including identifying alternative strategies to maximize potential recoveries to the unsecured creditors;

g) Scrutinize proposed transactions, including the assumption and/or rejection of executory contracts;

h) Provide forensic accounting services to identify and quantify hidden assets and the extent to which insiders (i.e., officers, directors and owners) and third parties benefited to the detriment of the unsecured creditors.

i) Monitor Debtors' weekly operating results;

j) Monitor Debtors' budget to actual results on an ongoing basis for reasonableness and cost control;

k) Communicate findings to the Committee;

l) Review the nature and origin of other significant claims asserted against the Debtors;

m) Investigate and analyze all potential avoidance action claims;

n) Prepare preliminary dividend analyses to determine the potential return to unsecured creditors; and

o) Render such assistance as the Committee and its counsel may deem necessary.

15. CRC is the independent affiliated investment bank of CohnReznick LLP and is a registered broker-dealer and a member firm of Financial Industry Regulatory Authority ("FINRA"). CRC will provide investment banking support services to the Committee, including: (a) identifying strategies, opportunities, and issues relating to a sale of the assets of the Debtors;

(b) advising the Committee on enterprise valuation; and (c) participating on the Committee's behalf in negotiations with various stakeholders, as requested by the Committee.

16. The activities of CRC are separate and distinct from the work of CohnReznick's consultants, and there is no overlap or redundancy. CRC will provide services to the Committee in accordance with its hourly rates, although in the event circumstances require CRC to expand into a full investment banking role, CRC reserves the right, with the Committee's written approval, to petition the Bankruptcy Court for additional investment banking compensation.

17. The Committee believes that CohnReznick and CRC possess the requisite resources and are both highly qualified and uniquely able to assist the Committee in these cases going forward.

18. The Committee would further show that CohnReznick and CRC neither represent nor hold any interest adverse to the estates in the matter in which they are to be engaged.

19. The Committee believes that CohnReznick and CRC should be employed and compensated at the rates reflected in the Clancy Declaration and Manning Declaration filed contemporaneously herewith. All charges for fees and expenses are subject to review by the Court, in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and any other applicable procedures and orders of the Court.

20. CohnReznick and CRC intend to work closely with the Debtors' representatives and the other professionals retained by the Committee to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates. The Committee intends to monitor and direct the services to be provided to maximize efficiencies and promote economy of efforts for the benefit of the estates.

**TERMS OF RETENTION**

21. Subject to this Court's approval and in accordance with §§ 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Orders and Rules of this Court, the Committee requests that CohnReznick and CRC be compensated on an hourly basis in accordance with its ordinary and hourly rates for services of this type and nature and for this type of matter in effect on the date such services are rendered. CohnReznick's normal hourly billing rates for financial advisory work range from $745 to $995 for Partners/Principals, $620 to $875 for Managing Directors/Directors, $505 to $755 for Senior Managers/Managers, $325 to $575 for Seniors/Associate Staff, and $220 to $300 for Paraprofessionals, all subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. CRC's normal hourly billing rates for the accounting and financial advisory work are $925 for Managing Director, $670 for Director, $550 for Vice President, $400 for Senior Associate, $325 for Associate, and $150 for Analyst and Other professionals, all subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. CohnReznick's proposed compensation is set forth in paragraph seven (7) of the Clancy Declaration and CRC's normal hourly billing rates for proposed compensation is set forth in paragraph seven (7) of the Manning Declaration. Hourly rates vary with the experience and seniority of the individuals assigned. The hourly rates of CohnReznick are subject to periodic adjustments to reflect economic and other conditions and are revised in the normal course of business on February 1 of each year and CRC revises its hourly rates on January 1 of each year. The Committee respectfully submits that such rates are reasonable in light of the quality and specialized nature of the services being provided and are consistent with the market. However, as a further accommodation, CohnReznick and CRC have agreed to a blended cap of $675.00 per hour of the normal hourly billing rates referenced herein. The

Committee believes these rates, and the terms and conditions of CohnReznick's and CRC's employment are reasonable.

22.     In addition, CohnReznick and CRC will also seek reimbursement for actual and necessary out-of-pocket expenses incurred in connection with its engagement with the Committee in these Chapter 11 cases, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging. Consistent with local practice, nonworking travel time will be charged at half rates.

23.     CohnReznick and CRC will maintain detailed, contemporaneous time records and apply to the Court for the allowance of compensation for professional services and reimbursement of expense in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any additional procedures that may be established by the Court in these Chapter 11 cases. CohnReznick and CRC have agreed to accept as compensation such sums as may be allowed by the Court. CohnReznick and CRC understand that interim and final fee awards are subject to approval by this Court.

24.     CohnReznick and CRC will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation (the "UST Guidelines") established by the Office of the United States Trustee (the "U.S. Trustee"), and further orders of this Court, for all services performed and expenses incurred on and after its *nunc pro tunc* retention date. It is further contemplated that CohnReznick and CRC may seek interim compensation during these Chapter 11 cases as permitted by Section 331 of the Bankruptcy Code, Bankruptcy Rule

2016 and any further order of this Court. CohnReznick and CRC understand that its compensation is subject to prior Court approval and will make reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the UST Guidelines in connection with this Application and any interim and final fee applications to be filed in these Chapter 11 cases.

25. CohnReznick and CRC have not received a retainer in these cases. Additionally, no prepetition services were performed by either CohnReznick or CRC.

26. As set forth in the Clancy Declaration, CohnReznick has not shared, nor agreed to share (i) any compensation it has received or may receive with any other party or person, other than with the Members of their respective firms, or (ii) any compensation another person or party has received or may receive.

27. As set forth in the Manning Declaration, CRC has not shared, nor agreed to share (i) any compensation it has received or may receive with any other party or person, other than with the Members of their respective firms, or (ii) any compensation another person or party has received or may receive.

28. CohnReznick and CRC have provided financial advisory services to other committees, debtors and trustees in cases before the United States Bankruptcy Court for the District of Delaware. Such prior representation in no way affects the proposed representation as provided for herein.

## DISINTERESTEDNESS OF PROFESSIONALS

29. As set forth in the accompanying Clancy Declaration (attached hereto as <u>Exhibit "B"</u>) and Manning Declaration (attached hereto as <u>Exhibit "C"</u>) in support of this Application,

filed contemporaneously herewith, CohnReznick and CRC have completed conflicts check for the following people and entities, among others:

    a) Debtors;

    b) Directors and Officers;

    c) Ordinary Course Professionals; ;

    d) Equity Holder(s);

    e) Landlord/Sublessees;

    f) Debtors' Professionals;

    g) Material Vendors and Contract Counterparties;

    h) Banks/Lenders/UCC Lien Parties/Administrative Agents;

    i) Top 30 Unsecured Creditors;

    j) Other Creditors;

    k) Insurers/Brokers;

    l) United States Trustee and Staff (Region 3);

    m) United States Bankruptcy Judges (D. Del.);

    n) Government and Government Agencies;

    o) Secretary of State; and

    p) Taxing Authorities.

    30. Except as set forth in the Clancy Declaration[2], Manning Declaration and below, this conflicts check did not reveal any connection with the Debtors, their creditors, the United States Trustee, or any other party in interest, or their respective attorneys or accountants:

---

[2] Winc, Inc. was a supplier to a former CohnReznick LLP ("CR") client that had done business with the debtors, although, the CR former client is not listed on the referenced Schedule 1-List of Potential Parties in Interest and not included in any specific disclosure herein, the former CR client is no longer in business and CR does not see any conflict of interest.

11

| Interested Party | Schedule 1 Category | Disclosure |
|---|---|---|
| Edward Field | Material Vendors and Contract Counterparties | CohnReznick has provided tax services to an entity with a similar name in matters unrelated to the Debtors' Chapter 11 cases. Revenues in connection with these services are less than 1% of CohnReznick's total revenues for the fiscal year ending 1/31/21. |
| Guardian Life Insurance Company of America | Insurers/Brokers | CohnReznick has provided CFO Advisory/consulting services to an entity with a similar name in matters unrelated to the Debtors' Chapter 11 cases. Revenues in connection with these services are less than 1% of CohnReznick's total revenues for the fiscal year ending 1/31/21. |
| Konica Minolta Business Solutions U.S.A., Inc. | Material Vendors and Contract Counterparties | CohnReznick has provided tax services to an entity with a similar name in matters unrelated to the Debtors' Chapter 11 cases. Revenues in connection with these services are less than 1% of CohnReznick's total revenues for the fiscal year ending 1/31/21. |
| Los Angeles Philharmonic Association | Material Vendors and Contract Counterparties | CohnReznick has provided assurance services to an entity with a similar name in matters unrelated to the Debtors' Chapter 11 cases. Revenues in connection with these services are less than 1% of CohnReznick's total revenues for the fiscal year ending 1/31/21. |
| Pension Benefit Guaranty Corp | Governmental and Taxing Authorities | CohnReznick has provided assurance services to an entity with a similar name in matters unrelated to the Debtors' Chapter 11 cases. Revenues in connection with these services are less than 1% of CohnReznick's total revenues for the fiscal year ending 1/31/21. |
| Rosenstein Henry, LLC | Landlords/Sublessees | CohnReznick has provided tax services to an entity with a similar name in matters unrelated to the Debtors' Chapter 11 cases. Revenues in connection with these services are less than 1% of CohnReznick's total revenues for the fiscal year ending 1/31/21. |
| Terravant Wine Company LLC | Material Vendors and Contract Counterparties | CohnReznick has provided tax services to an entity with a similar name in matters unrelated to the Debtors' Chapter 11 cases. Revenues in connection with these services |

| Interested Party | Schedule 1 Category | Disclosure |
|---|---|---|
| | | are less than 1% of CohnReznick's total revenues for the fiscal year ending 1/31/21. |
| United States Department of Labor | Governmental and Taxing Authorities | CohnReznick has provided consulting services to an entity with a similar name in matters unrelated to the Debtors' Chapter 11 cases. Revenues in connection with these services are less than 1% of CohnReznick's total revenues for the fiscal year ending 1/31/21. |

31. To the best of the Committee's knowledge and based upon the (i) Clancy Declaration, and (ii) Manning Declaration, CohnReznick and CRC are "disinterested persons" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

32. Section 101(14) states that a "disinterested person" is a person that

   a) is not a creditor, an equity security holder, or an insider;

   b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtors; and

   c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtors, or for any other reason.

33. The Committee has been advised that, except as set forth in the Clancy Declaration and Manning Declaration, CohnReznick and CRC are not aware of representing any other entity in connection with these or their respective attorneys and accountants, the United States Trustee or any other person employed in the Office of the United States Trustee in any matter relating to the Debtors or their estates. CohnReznick and/or CRC will supplement the Clancy Declaration

and/or Manning Declaration if and when necessary to disclose any further relationships that require disclosure in these Chapter 11 cases.

34. The Committee is aware that, because CohnReznick is a large accounting and consulting firm with diverse clients, CohnReznick may represent, may have represented, or may have connections to certain creditors of the Debtor's estate or other parties-in-interest in matters unrelated to the Debtors or these Chapter 11 cases. Any such representations and connections are disclosed in the (i) Clancy Declaration, and (ii) Manning Declaration in an abundance of caution.

35. The Committee is satisfied that CohnReznick and CRC do not represent an interest adverse to the Committee with respect to the matters for which they will be employed. To the best of the Committee's knowledge and except as set forth therein and in the attached Clancy Declaration and Manning Declaration, CohnReznick and CRC have no interest in or connection with any creditor or other party-in-interest in the Debtors' pending Chapter 11 proceedings. Neither CohnReznick nor CRC hold any interest adverse to the interests of the Committee in the matters for which they are proposed to be employed. The employment of CohnReznick and CRC would be in the best interest of the Committee and Debtors' estates.

## MOTION PRACTICE

36. This Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to the Application. Accordingly, the Committee submits that this Application satisfies Local Bankruptcy Rule 9013-1(a).

## NOTICE

37. Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) counsel for the Debtors; (iii) counsel to the Debtors' prepetition secured lender; (iv) counsel to the DIP

Lender; and (v) all parties who, as of the filing of this Application, have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

The Committee submits that, given the nature of the relief requested, no further or other notice is necessary.

## NO PRIOR REQUEST

38. No prior application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that the Court (a) enter an order, substantially in the form annexed hereto as **Exhibit "A"**, authorizing it to retain and employ CohnReznick to represent it as its financial advisors and CRC to represent it as its investment banker in accordance with Bankruptcy Code section 328 and Bankruptcy Rule 2014 *nunc pro tunc* to December 20, 2022, in these Chapter 11 cases, and (b) grant such other and further relief as the Court deems just and proper.

Dated: January 13, 2023

Respectfully submitted,

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WINC INC, *et al.*

By: */s/ John Pittman*
Chairperson of the Official Committee of
Unsecured Creditors of Winc Inc., *et al.* [3]

---

[3] Under the Bylaws of the Official Committee of Unsecured Creditors of Winc Inc. FedEx Corporate Services, Inc. is Chairperson of the Committee, by and through its representatives, and has authority to sign documents on behalf of the Committee as appropriate to implement decisions of the Committee made in accordance with the Bylaws.