**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF AMENDED[2] AGENDA OF MATTERS SCHEDULED FOR**
**HEARING ON JANUARY 17, 2023 AT 2:00 P.M. (ET)**

> **THE HEARING WILL BE CONDUCTED IN-PERSON.  ANY EXCEPTIONS MUST BE APPROVED BY CHAMBERS.  PARTIES MAY OBSERVE THE HEARING REMOTELY BY REGISTERING WITH THE ZOOM LINK BELOW NO LATER THAN JANUARY 17, 2023 AT 8:00 A.M. (ET).**
>
> https://debuscourts.zoomgov.com/meeting/register/vJIscOyhpzopE_0cOWmdrA0NUvQGFz681Ko
>
> **ONCE REGISTERED, PARTIES WILL RECEIVE A CONFIRMATION EMAIL CONTAINING PERSONAL LOG-IN INFORMATION FOR THE HEARING.**

**MATTERS GOING FORWARD**

1. Debtors' Motion for Entry of (A) an Order (I) Approving Bidding Procedures in Connection with the Sale of the Debtors' Assets and Related Bid Protections, (II) Approving Form and Manner of Notice, (III) Scheduling Auction and Sale Hearing, (IV) Authorizing Procedures Governing Assumption and Assignment of Certain Contracts and Unexpired Leases, and (V) Granting Related Relief; and (B) an Order (I) Approving Purchase Agreements, and (II) Authorizing a Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests [D.I. 47; 12/7/22]

    Related Pleadings:

    a) Notice of Filing of Revised Asset Purchase Agreement [D.I. 80; 12/22/22]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2] **Amended items appear in bold.**

b)     Order (I) Approving Bidding Procedures in Connection with the Sale of the Debtors' Assets and Related Bid Protections; (II) Approving Form and Manner of Notice; (III) Scheduling Auction and Sale Hearing; (IV) Authorizing Procedures Governing Assumption and Assignment of Certain Contracts and Unexpired Leases; and (V) Granting Related Relief [D.I. 85; 12/22/22]

c)     Notice of Sale, Bidding Procedures, Auction, Sale Hearing, and Objection Deadline [D.I. 86; 12/22/22]

d)     Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale [D.I. 91; 12/28/22]

e)     Notice of Successful Bidder [D.I. 149; 1/10/23]

f)     Supplemental Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale [D.I. 151; 1/10/23]

g)     Notice of Filing of Proposed Sale Order [D.I. 168; 1/12/23]

Sale Objection Deadline:     January 9, 2023 at 4:00 p.m. (ET) *[Extended to 4:00 p.m. (ET) on January 10, 2023 for Alta Loma Vineyard LLC, et al.; extended to 12:00 p.m. (ET) on January 11, 2023 for the Official Committee of Unsecured Creditors; extended to January 12, 2023 for Natural Merchants, Inc.; Extended to 11:30 a.m. (ET) on January 12, 2023 for Summerland Wine Brands]*

Sale Objections/Informal Responses:

h)     Alta Loma Vineyard LLC, Highland Vineyard SB LLC, John Hancock Life Ins. Company (USA), Kylix Vineyards California LP, Loma de Rio Vineyards LLC, SB Comino LLC, SWG Paso Vineyards LLC, and Testaney Inc.'s Objections to Debtors' Motion to Sell Free and Clear of Liens & Objection to Cure Amounts, and Reservation of Rights [D.I. 150; 1/10/23]

i)     Official Committee of Unsecured Creditors' Omnibus Objection to (A) Debtors' Motion for Entry of an Order (I) Approving Stalking Horse Purchase Agreement and (II) Authorizing a Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (B) Application to Retain Canaccord Genuity, LLC as Investment Banker; and (C) Certain Inventory Payments [D.I. 159; 1/11/23]

2

j) Limited Objection and Reservation of Rights of Summerland Wine Brands to the Debtors' Sale Motion [D.I. 167; 1/12/23]

k) Informal Response from Natural Merchants, Inc.

Cure/Assumption
Objection Deadline: January 11, 2023 at 4:00 p.m. (ET) *[Extended to 11:00 a.m. (ET) on January 12, 2023 for Republic National Distributing Co. LLC and Young's Market Company LLC,* **and January 16, 2022 for Natural Merchants, Inc.***]*

Cure/Assumption Objections/Informal Responses:

l) Limited Objection of VV1515 LLC to Cure Amounts and Reservation of Rights [D.I. 138; 1/6/23]

m) Oracle's Limited Objection and Reservation of Rights [D.I. 143; 1/9/23]

n) Informal Response from Natural Merchants, Inc.

o) Informal Response from Republic National Distributing Co. LLC

p) Informal Response from Young's Market Company LLC

q) Informal Response from American Express Company

r) Informal Response from Columbia Business Partners L.P.

s) **Informal Response from Santa Barbara Highlands Vineyard, Inc.**

t) **Limited Objection of LangeTwins Wine Company, Inc. and LangeTwins Winery & Vineyards to Proposed Cure Amounts and Reservation of Rights [D.I. 177;1/13/23]**

u) **Supplemental Limited Objection of LangeTwins Wine Company, Inc. and LangeTwins Winery & Vineyards to Proposed Cure Amounts and Reservation of Rights [D.I. 180;1/15/23]**

**Additional Pleadings:**

v) **Second Supplemental Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale [D.I. 183; 1/16/23]**

w) **Declaration of Morgan Ley in Support of Sale to the Stalking Horse Bidder [D.I. 184; 1/16/23]**

      x)      **Declaration of Carol Brault in Support of Sale to the Stalking Horse Bidder [D.I. 186; 1/17/23]**

      y)      **Notice of Filing of (I) Revised Asset Purchase Agreement; (II) Blackline; (III) Transition Services Agreement; and (IV) Master Services Agreement [D.I. 191; 1/17/23]**

Status:      **The current status of the various objections and informal responses that have been received to date can be found in the summary chart attached hereto as <u>Exhibit A</u>. The Debtors are continuing to engage with interested parties to address any outstanding objections. This matter is going forward. The Debtors anticipate filing a revised form of order in advance of the hearing.**

2. Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Canaccord Genuity LLC as Investment Banker for the Debtors, Effective as of the Petition Date; and (II) Waiving the Information Requirements of Local Rule 2016-2(d) [D.I. 67; 12/16/22]

    Related Pleadings:

        a)    Notice of Filing of Exhibit [D.I. 90; 12/28/22]

    Objection Deadline:    December 30, 2022 at 4:00 p.m. (ET) *[Extended to January 11, 2023 for Project Crush Acquisition Corp. LLC, Banc of California, N.A, the Official Committee of Unsecured Creditors, and the Office of the United States Trustee]*

    Objections/Informal Responses:

        b)    United States Trustee's Objection to Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Canaccord Genuity LLC as Investment Banker for the Debtors, Effective as of the Petition Date; and (II) Waiving the Information Requirements of Local Rule 2016-2(d) [D.I. 155; 1/11/23]

        c)    Limited Objection of Project Crush Acquisition Corp. LLC, as DIP Lender, to Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Canaccord Genuity LLC as Investment Banker for the Debtors, Effective as of the Petition Date; and (II) Waiving the Information Requirements of Local Rule 2016-2(d) [D.I. 156; 1/11/23]

        d)    Banc of California, N.A.'s Objection to Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Canaccord Genuity LLC as Investment Banker for the Debtors, Effective as of the

Petition Date; and (II) Waiving the Information Requirements of Local Rule 2016-2(d) [D.I. 157; 1/11/23]

e) Official Committee of Unsecured Creditors' Omnibus Objection to (A) Debtors' Motion for Entry of an Order (I) Approving Stalking Horse Purchase Agreement and (II) Authorizing a Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (B) Application to Retain Canaccord Genuity, LLC as Investment Banker; and (C) Certain Inventory Payments [D.I. 159; 1/11/23]

**Additional Pleadings:**

f) **Statement of Canaccord Genuity LLC in Further Support of Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Canaccord Genuity LLC as Investment Banker for the Debtors [D.I. 185; 1/17/23]**

Status:     This matter is going forward.

Dated:  January 17, 2023                      YOUNG CONAWAY STARGATT & TAYLOR, LLP
        Wilmington, Delaware

                                              */s/ Allison S. Mielke*
                                              Michael R. Nestor (No. 3526)
                                              Matthew B. Lunn (No. 4119)
                                              Allison S. Mielke (No. 5934)
                                              Joshua B. Brooks (No. 6765)
                                              Shella Borovinskaya (No. 6758)
                                              Rodney Square
                                              1000 North King Street
                                              Wilmington, Delaware 19801
                                              Telephone: (302) 571-6600
                                              Facsimile: (302) 571-1253
                                              Email: mnestor@ycst.com
                                                     mlunn@ycst.com
                                                     amielke@ycst.com
                                                     jbrooks@ycst.com
                                                     sborovinskaya@ycst.com

                                              *Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

30042929.1

# EXHIBIT A

# WINC - SUMMARY OF SALE MOTION OBJECTIONS AND RESPONSES[1]

| | Objection | Specific Objection(s) | Response(s) to Objections/Status |
|---|---|---|---|
| 1. | **VV1515 LLC's Limited Objection to Cure Amounts and Reservation of Rights [Docket No. 138]** | **Assumption and Assignment:** VV1515 LLC ("Velocity") objects to the cure amounts listed in the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale* [Docket No. 91] (the "Initial Cure Notice"). In addition, Velocity clarifies that its lease associated with commercial property located at 1515 Garnet Mine Road, Bethel Township, Pennsylvania must be assumed without modification. | Velocity and the Stalking Horse Bidder have negotiated the terms of a lease amendment/extension, which has resolved the objection. |
| 2. | **Oracle's Limited Objection and Reservation of Rights [Docket No. 143]** | **Assumption and Assignment:** Oracle America, Inc. ("Oracle") objects to the Sale Motion to the extent it seeks to authorize the Debtors to (i) assume and assign any Oracle agreement without Oracle's consent or (ii) transfer, share, or otherwise utilize Oracle's license in a way that is prohibited under the terms of the license.<br><br>**Cure:** Oracle also objects to the Debtors' proposed cure amount of $31,605.25 on the basis that Oracle is still in the process of reviewing its records and is currently unable to determine whether the cure amount is accurate.<br><br>**Adequate Assurance:** Oracle requests adequate assurance information of the potential purchaser. | The Debtors have included language in the Sale Order to resolve Oracle's objection. |
| 3. | **Alta Loma Vineyard LLC, Highland Vineyards SB LLC, John Hancock Life Ins. Company (USA), Kylix Vineyards California LP, Loma De Rio Vineyards, LLC, SB Comino LLC, SWG Paso Vineyards, LLC, and Testaney Inc.'s Objections to Sale Motion and Cure Amounts [Docket No. 150]** | **Sale:** Alta Loma Vineyard LLC, Highland Vineyards SB LLC, John Hancock Life Ins. Company (USA), Kylix Vineyards California LP, Loma De Rio Vineyards, LLC, SB Comino LLC, SWG Paso Vineyards, LLC, and Testaney Inc. (collectively, the "Producers") object to the Motion to the extent it permits the Debtors to transfer their assets free and clear of the Producers' liens without the Producers' consent and to the extent there are insufficient sale proceeds to satisfy the Producers' claims.<br><br>**Cure:** The Producers object to certain of the proposed cure amounts listed on the Initial Cure Notice or not included on the Initial Cure Notice. | The Stalking Horse Bidder has agreed to satisfy the claims associated with the Producers' objection. The Debtors and counsel for the Producers are conferring and hope to come to a consensual resolution of the Producers' objection prior to the hearing.<br><br>The Debtors have filed the Supplemental *Notice of Possible Assumption and Assignment* [Docket No. 151] *and Second Supplemental Notice of Possible Assumption and Assignment* [Docket No. 183], which resolves the Producers' cure objections. |

---

[1] Capitalized terms used but not defined have the meaning given to them in the Motion.

| | Objection | Specific Objection(s) | Response(s) to Objections/Status |
|---|---|---|---|
| 4. | **Official Committee of Unsecured Creditors' Objection to Sale Motion [Docket No. 159]** | **Sale:** The Official Committee of Unsecured Creditors (the "Committee") objects to the Sale Motion on the following bases:<br><br>• The Committee objected to the Sale on the basis that the (i) Debtors' have not articulated a sound business justification for the Sale and (ii) APA is an inferior alternative to liquidation and litigation.<br><br>• The Committee took the position that the Stalking Horse Bid will leave the Debtors' estates administratively insolvent.<br><br>• The Committee argued that the Sale should be subject to a heightened scrutiny because the Debtors have proposed to sell the Assets to one of the Debtors' former founders, which the Committee suggests is an insider.<br><br>• The Committee objected to payment of certain critical vendor claims on the basis that there is no material risk to the estates in deferring payment. | The Debtors, Committee, and Stalking Horse Bidder have agreed to a resolution in principle, subject to documentation, which will be reflected in a term sheet attached to a proposed revised order that the Debtors anticipate filing prior to the hearing. |
| 5. | **Limited Objection and Reservation of Rights of Summerland Wine Brands [Docket No. 167]** | **Sale:** Summerland Wine Brands ("Summerland") objects to the Motion to the extent that the proposed Sale seeks to sell the Assets free and clear of Summerland's asserted statutory liens. Summerland requests that the order authorizing the Sale provide that the Successful Bidder must pay Summerland's claim in full. Summerland further objects on the grounds that the *Memorandum of Understanding* between the Debtors and Summerland expired by its terms on December 31, 2022 and is no longer executory, and therefore cannot be assumed and assigned. | The Debtors have included language in the Sale Order to resolve Summerland's objection. |
| 6. | **Limited Cure Objection and Reservation of Rights of LangeTwins Wine Company, Inc. and LangeTwins Winery & Vineyards [Docket No. 177]**<br><br>-and- | **Cure:** LangeTwins Wine Company, Inc. and LangeTwins Winery & Vineyards (together, "LangeTwins"), object to the proposed cure amounts listed on the Initial Cure Notice. | The Debtors have filed a supplemental cure notice, which resolves LangeTwins' objection. |

| | Objection | Specific Objection(s) | Response(s) to Objections/Status |
|---|---|---|---|
| | **Supplemental Limited Cure Objection and Reservation of Rights of LangeTwins Wine Company, Inc. and LangeTwins Winery & Vineyards [Docket No. 180]** | | |
| 7. | **Informal Response from Natural Merchants, Inc.** | **Sale/Assumption and Assignment/Cure:** Natural Merchants, Inc. ("NMI") provided comments to the Debtors regarding (i) certain funds held in escrow pursuant to certain agreements between Debtor BWSC, LLC and Los Fields, Inc. (f/k/a Natural Merchants, Inc.), Comex Consulting, S.L. and related principals and affiliates; (ii) an the exclusion from the Cure Notice of certain agreements and ancillary documents; and (iii) proposed cure amounts. | The Debtors have resolved NMI's informal comments by including language in the Sale Order and filing a supplemental cure notice. |
| 8. | **Informal Response from Republic National Distributing Co. LLC** | **Cure:** Republic National Distributing Co. LLC ("RNDC") provided comments to the Debtors regarding the proposed cure amount associated with its contract. | The Debtors have filed a supplemental cure notice, which resolves RNDC's objection. |
| 9. | **Informal Response from Young's Market Company LLC** | **Cure:** Young's Market Company LLC ("YMC") provided comments to the Debtors regarding the proposed cure amount associated with its contract. | The Debtors have filed a supplemental cure notice, which resolves YMC's objection. |
| 10. | **Informal Response from American Express Travel Related Services Company, Inc.** | **Cure:** American Express Travel Related Services Company, Inc. provided comments to the Debtors regarding the exclusion of its agreement from the Cure Notice and related proposed cure amounts. | The Debtors filed a supplemental cure notice to address the informal comments. |
| 11. | **Informal Response from Columbia Business Partners L.P.** | **Cure:** Columbia Business Partners L.P. provided comments to the Debtors regarding the exclusion of its agreement from the Cure Notice. | The Debtors filed a supplemental cure notice to address the informal comments. |
| 12. | **Informal Response from Santa Barbara Highlands Vineyard, Inc.** | **Cure:** Santa Barbara Highlands Vineyard, Inc. provided comments to the Debtors regarding exclusion of its agreement from the Cure Notice. | The Debtors filed a supplemental cure notice to address the informal comments. |