IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> WINC, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 22-11238 (LSS) <br><br> (Jointly Administered) <br><br> **Ref. Docket No. 67** |

### ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF CANACCORD GENUITY LLC AS INVESTMENT BANKER FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE; AND (II) WAIVING THE INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2(d)

Upon the Debtors' application (the "Application")[2] for entry of an order (this "Order") authorizing the employment and retention of Canaccord Genuity LLC ("CG") as the Debtors' investment banker, effective as of the Petition Date, as more fully described in the Application; and due and sufficient notice of the Application having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Application and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Application, the Bacal Declaration, the *Objection to Debtors*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2] Capitalized terms used, but not otherwise defined, herein have the meaning given to them in the Application.

29989579.3

*Application for Entry of an Order (I) Authorizing the Employment and Retention of Canaccord Genuity LLC as Investment Banker for the Debtors, Effective as of the Petition Date; and (II) Waiving the Information Requirements of Local Rule 2016-2(d)* [Docket No. 155], the *Limited Objection of Project Crush Acquisition Corp. LLC, as DIP Lender, to Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Canaccord Genuity LLC as Investment Banker for the Debtors, Effective as of the Petition Date; and (II) Waiving the Information Requirements of Local Rule 2016-2(d)* [Docket No. 156], the *Banc of California, N.A.'s Objection to Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Canaccord Genuity LLC as Investment Banker for the Debtors, Effective as of the Petition Date; and (II) Waiving the Information Requirements of Local Rule 2016-2(d)*, the *Official Committee of Unsecured Creditors' Omnibus Objection to (A) Debtors' Motion for Entry of an Order (I) Approving Stalking Horse Purchase Agreement and (II) Authorizing a Sale Free and Clear of All Liens, Claims, Encumbrances, and other Interests; (B) Application to Retain Canaccord Genuity, LLC as Investment Banker; and (C) Certain Inventory Payments* [Docket No0. 159], and the *Statement of Canaccord Genuity LLC in Further Support of Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Canaccord Genuity LLC as Investment Banker for the Debtors* [Docket No. 185]; and this Court having held a hearing on the Application and considered all of the statements made on the record and that hearing; and this Court having found and determined that (a) CG does not hold or represent any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed, (b) CG is a "disinterested person" as contemplated under sections 327 and 328 of the Bankruptcy Code, and (c) employment of CG is necessary and in the best interests of the Debtors' estates,

29989579.3

2

creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as modified herein.

2. Notwithstanding anything to the contrary in the Application, the Engagement Letter or the Retention Letter, Canaccord shall receive the following for its post-petition services in these Chapter 11 Cases:

   a. Payment in cash of $975,000 upon the closing of the sale to Project Crush Acquisition, LLC or its successor or assignee;

   b. One additional Monthly Fee of $100,000, 80% of which shall be credited against the $975,000 paid at closing of the sale to Project Crush Acquisition, LLC or its successor or assignee; and.

   c. Additional expense reimbursement of up to $4,999.99.

3. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, effective as of the Petition Date, to employ and retain CG as their investment banker in accordance with the terms and conditions set forth in the Application and the Retention Agreement attached to the Application as **Exhibit C**, subject to the terms of this Order.

4. CG shall file interim and final applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee, and any other applicable procedures and orders of this Court; *provided*; *however*, that CG shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code. CG shall file monthly fee applications with time entries and requests for reimbursement that comply with Rule 2016-2 of the Local Rules of this Court, except as otherwise

29989579.3

expressly set forth in this Order, pursuant to the deadlines and other procedures set forth in any interim compensation procedures order.

5. The payment of the fees and expenses approved herein shall be subject to approval by the Court pursuant to a final fee application.

6. Notwithstanding paragraph 3 of this Order and any provision to the contrary in the Application or the Retention Agreement, the U.S. Trustee shall have the right to object to CG's request for compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code; provided, however, that "reasonableness" shall be evaluated by comparing (among other things) the fees payable in this case to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated primarily on an hourly or length-of-case based criteria.

7. The Indemnification Provisions set forth in the Retention Agreement are approved, subject during the pendency of the Chapter 11 Cases to the following:

   a. CG shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Retention Agreement for services, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

   b. The Debtors shall have no obligation to indemnify CG, or provide contribution or reimbursement to CG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from CG's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of CG's contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which CG should not receive indemnity, contribution, or reimbursement under the terms of the Retention Agreement as modified by this Order; and

      c.      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, CG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Retention Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, CG must file an application therefor in this Court, and the Debtors may not pay any such amounts to CG before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by CG for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify CG. All parties in interest shall retain the right to object to any demand by CG for indemnification, contribution, or reimbursement.

8.      Any limitation on liability under the terms of the Retention Agreement shall be eliminated.

9.      Notwithstanding any provision in the Retention Agreement to the contrary, the contribution obligations of the Indemnified Parties (as such term is defined in the Retention Agreement) shall not be limited to the aggregate amount in excess of the amount of fees actually received by CG from the Debtors pursuant to the Retention Agreement, this Order, or subsequent orders of this Court.

10.      CG is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d), in particular CG is authorized to maintain time records in half hour (0.5) increments setting forth, in a summary format, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors.

11.      Notwithstanding anything to the contrary in the Application or the Retention Agreement, during the course of the Chapter 11 Cases, the only fiduciary duties of CG shall be those imposed upon it by applicable law.

29989579.3

12. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

*Dated: January 18th, 2023*
*Wilmington, Delaware*

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

29989579.3