IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**:<br>February 23, 2023 at 2:00 p.m. (ET) |
| | **Objection Deadline**:<br>February 14, 2023 at 4:00 p.m. (ET) |

**DEBTORS' SECOND OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS, EFFECTIVE AS OF THE REJECTION DATE**

> **EACH CONTRACT COUNTERPARTY RECEIVING THIS MOTION SHOULD LOCATE THEIR RESPECTIVE NAMES AND CONTRACT DESCRIPTION IN THE SCHEDULE ATTACHED TO THE PROPOSED ORDER AS SCHEDULE 1.**

The above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for the entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to reject, effective as of the Rejection Date (as defined below), certain executory contracts, including any amendments or modifications thereto, which the Debtors have determined, in their business judgment, should be rejected. In support of this Motion, the Debtors rely on the *Declaration of Carol Brault in Support of Chapter 11 Petitions and First Day Pleadings* [Docket

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

30069356.2

No. 15] (the "First Day Declaration").[2] In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory and legal predicates for the relief requested herein are sections 105(a) and 365(a) of the Bankruptcy Code, and Bankruptcy Rules 6004 and 6006.

## BACKGROUND

**A.    General Background**

3.  On November 30, 2022 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 12, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of general unsecured creditors (the "Committee") in the Chapter

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

30069356.2

11 Cases. *See* Docket No. 54. No request has been made for the appointment of a trustee or an examiner.

4. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the First Day Declaration.

**B.     Sale of the Debtors' Assets and Efforts to Confirm a Plan of Liquidation**

5. On December 18, 2023, the Court entered its *Order Authorizing (I) the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (II) the Debtors to Enter into and Perform Their Obligations Under the Project Crush Acquisition Corp LLC Asset Purchase Agreement and Related Documents; (III) the Debtors to Assume and Assign Certain Contracts and Unexpired Leases; (IV) Waiver of the Stay Periods Under Bankruptcy Rules 6004(h) and 6006(d); and (V) Granting Related Relief* [Docket No. 203] (the "Sale Order") pursuant to which the Debtors sold substantially all of their assets (the "Sale") to Project Crush Acquisition Corp LLC ("PCAC").

6. Prior to the Sale of substantially all of the Debtors' assets to PCAC, the Debtors sought to reject certain executory contracts and unexpired leases that the Debtors deemed detrimental to their value-maximizing efforts. *See* Docket No. 62. On January 4, 2023, the Court entered its *Order Authorizing (I) Rejection of (A) Certain Unexpired Leases of Non-Residential Real Property and (B) Certain Executory Contracts Effective as of the Rejection Dates and (II) Abandonment of Any Remaining Property Located at the Premises* [Docket No. 128].

7. On January 23, 2023, the Sale closed. Subsequent to the Sale, the Debtors entered into certain agreements with PCAC, including a transition services agreement (the "TSA") that governs, among other things, the operation of the Debtors' business during the period that the Debtors transition their assets to PCAC. *See* Docket No. 203, Ex. B-1. Going forward, the Debtors

30069356.2

3

are focusing their efforts on formulating and soliciting approval of a chapter 11 plan and eliminating unnecessary administrative expenses of the Debtors' estates.

8.  The Debtors have determined that certain of their executory contracts confer no benefit to the estates. In fact, the continued operation under such executory contracts is detrimental to the Debtors' estates, amassing unnecessary administrative costs. Accordingly, in the exercise of their sound business judgment, the Debtors have determined to reject such executory contracts.

**C.  Rejection of Executory Contracts**

9.  The Debtors have entered into certain agreements in the ordinary course of their business. Continued performance by the Debtors under these agreements is no longer necessary or beneficial to the operation of the Debtor's business under the TSA. Included among such agreements are those executory contracts set forth on **Schedule 1** to the Proposed Order (collectively, including any amendments, supplements, or modifications thereto, the "Rejected Contracts"). The Debtors have determined to immediately reject the Rejected Contracts, effective as of January 31, 2023 (the "Rejection Date"), to avoid potentially incurring further costs and expenses that would only undermine the Debtors' efforts to maximize value of the Debtors' assets for the benefit of their stakeholders.

**RELIEF REQUESTED**

10.  By this Motion, the Debtors request entry of the Proposed Order authorizing and approving the Debtors' rejection of the Rejected Contracts effective as of the Rejection Date.

**BASIS FOR RELIEF REQUESTED**

**A.  Rejection of the Rejected Contracts Is Authorized by Sections 105(a) and 365(a) of the Bankruptcy Code**

11.  Section 365(a) of the Bankruptcy Code provides that a trustee or debtor in possession, "subject to the court's approval may . . . reject any executory contract or unexpired

30069356.2

lease of the debtor." 11 U.S.C. § 365(a); *see also In re Univ. Med. Ctr.*, 973 F.2d 1065, 1075 (3d Cir. 1992). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (quoting *Phoenix Exploration, Inc. v. Yaquinto (In re Murexco Petroleum, Inc.)*, 15 F.3d 60, 62 (5th Cir. 1994)).

12. The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the trustee. *See NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *Delightful Music Ltd. v. Taylor (In re Taylor)*, 913 F.2d 102, 107 (3d Cir. 1990); *see also Computer Sales Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business judgment standard mandates that a court approve a trustee's business decision unless the decision is the product of bad faith, whim, or caprice. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *In re Fed. Mogul Global, Inc.*, 293 B.R. at 126 (court should approve a debtor's decision to reject a contract unless the decision is the product of bad faith or a gross abuse of discretion); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) ("[C]ourt approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course.").

13. Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract or lease would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp.*, 872 F.2d 36, 39 (3d Cir. 1989). The standard for rejection is satisfied when a trustee or debtor has made a business determination that rejection will benefit the estate. *See Com.*

30069356.2

*Fin., Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.)*, 47 B.R. 425, 427 (D. Haw. 1985) ("Under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate."). Accordingly, if the trustee's or debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an executory contract or an unexpired lease. *See, e.g.*, *Bildisco & Bildisco*, 465 U.S. at 523; *In re Fed. Mogul Global, Inc.*, 293 B.R. at 126.

14. A court may permit such retroactive rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses. *See Bildisco & Bildisco*, 465 U.S. at 523 (stating that rejection relates back to the petition date); *Thinking Machs. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) ("In the section 365 context . . . bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC (In re CCI Wireless, LLC)*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *In re Amber's Stores*, 193 B.R. 819, 827 (N.D. Tex. 1996); *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 37–38 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection).

15. Courts in this jurisdiction have previously considered the question of retroactive rejection of unexpired leases. *See In re Namco Cybertainment, Inc.*, Case No. 98-00173 (PJW) (Bankr. D. Del. Feb. 6, 1998). In *Namco*, the court permitted retroactive rejection on the conditions that (a) the property (and the keys thereto) subject to a lease were surrendered with an unequivocal statement of abandonment to the landlord or lessor; (b) the motion was filed and served on the landlord or lessor; (c) the official committee consented to the relief requested in the motion; and

(d) the debtor acknowledged that it would not have the right to withdraw the motion prior to the hearing.

16. Here, the Debtors have analyzed each of the Rejected Contracts, and have determined that such agreements do not provide the Debtors any material benefit, and should be immediately rejected to cut off the potential incurrence of additional administrative cost or expense.

17. The facts and circumstances of the Chapter 11 Cases and the balance of the equities favor the Debtors' rejection of the Rejected Contracts effective as of the Rejection Date. Without a retroactive date of rejection, the Debtors may incur unnecessary administrative charges. Moreover, the counterparties to the Rejected Contracts will not be unduly prejudiced if the Rejected Contracts are rejected effective as of the Rejection Date because the Debtors will serve this Motion on the each counterparty or its agent or representative by overnight delivery and, if possible, electronic mail, stating that the Debtors intend to reject the Rejected Contracts.

18. Therefore, as it is in the Debtors' and their estates' interests to eliminate the potential incurrence of administrative expenses, and to avoid the potential accrual of any further obligations under the Rejected Contracts, the Debtors respectfully submit that the retroactive rejection of the Rejected Contracts effective as of the Rejection Date is appropriate.

**REQUEST FOR WAIVER OF STAY**

19. To implement the foregoing, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors

30069356.2

for the reasons set forth herein. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

20. To implement the foregoing immediately, the Debtors also respectfully request a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent that they are deemed applicable.

## DEBTORS' RESERVATION OF RIGHTS

21. The Debtors may have claims against parties arising under, or independently of, the Rejected Contracts. The Debtors do not waive such claims by the filing of this Motion or by the rejection of the Rejected Contracts. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors or a waiver of the Debtors' rights to dispute any claim, and nothing shall prejudice any party's rights to assert that any of the Rejected Contracts are not, in fact, executory within the meaning of Bankruptcy Code section 365.

## NOTICE

22. The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) proposed counsel to the Committee; (iii) counsel to Project Crush Acquisition Co LLC; (iv) the counterparties to the Rejected Contracts and their counsel, if known; and (v) all parties that, as of the filing of this Motion, have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

30069356.2

**CONCLUSION**

WHEREFORE, the Debtors respectfully submit that, in light of the foregoing facts and circumstances, effective as of the Rejection Date, rejection of the Rejected Contracts in each case is necessary, prudent, and in the best interest of the Debtors, their estates, their creditors, and all other parties in interests, and respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

| | | |
|---|---|---|
| Dated: | January 31, 2023<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Allison S. Mielke*<br>Michael R. Nestor (No. 3526)<br>Matthew B. Lunn (No. 4119)<br>Allison S. Mielke (No. 5934)<br>Joshua B. Brooks (No. 6765)<br>Shella Borovinskaya (No. 6758)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mnestor@ycst.com<br>       mlunn@ycst.com<br>       amielke@ycst.com<br>       jbrooks@ycst.com<br>       sborovinskaya@ycst.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

30069356.2