**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**February 23, 2023 at 2:00 p.m. (ET)**<br><br>**Objection Deadline:**<br>**February 17, 2023 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND**
**(II) APPROVING THE FORM, TIMING, AND MANNER OF NOTICE THEREOF**

The above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") hereby file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 501, 502, and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 3003(c)(3) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) establishing deadlines for filing proofs of claim in these chapter 11 cases (the "Chapter 11 Cases") and (ii) approving the form, timing, and manner of notice of such deadlines. In support of the Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

30064019.3

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final judgments or orders consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are sections 501, 502, and 503 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003(c)(3), and 9007, and Local Rules 1009-2 and 2002-1(e).

**BACKGROUND**

3. On November 30, 2022 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 12, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Chapter 11 Cases (the "Committee"). *See* Docket No. 54. The U.S. Trustee filed Amended Notices of Appointment for the Committee on January 18, 2023 and January 25, 2023. *See* Docket Nos. 201 & 213. No request has been made for the appointment of a trustee or an examiner. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

30064019.3

5. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Carol Brault in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").[2]

6. On December 22, 2022, the Court entered an order (i) approving, among other things, bidding procedures in connection with the sale of the Debtors' assets (the "Sale"); and (ii) authorizing, among other things, procedures governing the assumption and assignment of certain executory contracts and unexpired leases [Docket No. 85] (the "Bidding Procedures Order").

7. On December 28, 2022, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 93, 94, 95, 96, 97, & 98] (together, the "Schedules").

8. Consistent with the Bidding Procedures Order, the Debtors filed notices of possible assumption and assignment of certain executory contracts and unexpired leases in connection with the Sale. *See* Docket Nos. 91, 151, & 183.

9. On January 4, 2023, the Court authorized the rejection of certain executory contracts and unexpired leases. *See* Docket No. 128.

10. On January 18, 2023, the Court entered an order approving the Sale to the Stalking Horse Bidder. *See* Docket No. 203. The Sale closed on January 23, 2023.

11. The Debtors are now devoting their efforts toward formulating and soliciting approval of a chapter 11 plan for the benefit of their creditors and other parties in interest.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the First Day Declaration.

30064019.3

3

**RELIEF REQUESTED**

12. By this Motion, the Debtors request that the Court enter an order (the "Bar Date Order"), substantially in the form attached hereto as **Exhibit A**:

   (a) establishing **March 30, 2023 at 5:00 p.m. (prevailing Eastern Time)** as the deadline by which each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, must file a proof of claim (each, a "Proof of Claim") based on claims against the Debtors that arose prior to the Petition Date, including requests for allowance and payment of claims under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by the Debtors in the twenty (20) days prior to the Petition Date (the "General Bar Date");

   (b) establishing **May 30, 2023 at 5:00 p.m. (prevailing Eastern Time)** as the deadline by which any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) must file a Proof of Claim against the Debtors based on claims against the Debtors that arose prior to the Petition Date (the "Government Bar Date");

   (c) establishing **March 30, 2023 at 5:00 p.m. (prevailing Eastern Time)** as the deadline by which any person or entity, not including governmental units, must file a Proof of Claim against the Debtors based on claims against the Debtors under section 503(b) and/or 507(a)(2) that arose on or after the Petition Date through and including January 31, 2023 (excluding claims (i) for fees and expenses of professionals retained in these proceedings; and (ii) arising under section 503(b)(9) of the Bankruptcy Code for goods and/or services delivered to the Debtors in the twenty (20) days prior to the Petition Date) (the "Administrative Claims Bar Date");

   (d) approving the proposed bar date notice procedures (the "Bar Date Notice Procedures"), as set forth below;

   (e) approving extensions of the General Bar Date with respect to claims filed in response to amendments of the Schedules, for rejection damages claims, or for claims by certain persons or entities provided with a Bar Date Package subsequent to the date by which the Debtors shall mail, consistent with the Bar Date Notice Procedures, the Bar Date Package, in each case as set forth below;

   (f) approving the proposed form of bar date notice (the "Bar Date Notice") and notice of assumed gift card and subscription obligations (the "Notice of Assumed Obligations"); and

   (g) approving the proposed manner of publication of the Bar Date Notice.

**A.     Bar Dates**

13.    In compliance with Bankruptcy Rule 2002(a)(7), the proposed General Bar Date and the proposed Administrative Claims Bar Date provide claimants with more than twenty-one (21) days' notice of the General Bar Date and the Administrative Claims Bar Date to review the Schedules and their own records and, if necessary, prepare and file a Proof of Claim.  In addition, the proposed Government Bar Date meets the requirements of section 502(b)(9) of the Bankruptcy Code by providing governmental units a minimum of 180 days after the Petition Date to file any Proofs of Claim.

14.    If the Debtors file an amendment to or supplement their Schedules subsequent to the mailing of the Bar Date Notice to reduce the undisputed, noncontingent, and liquidated amount of a claim, to change the nature, priority, or classification of a claim, or to add a new claim, they will provide notice of any such amendment or supplement to the holders of the claims affected thereby within five (5) business days of such filing.  Consequently, pursuant to Local Rule 1009-2, the Debtors propose that holders of the claims affected by any such amendments must file Proofs of Claim with respect to such claims on the later of (i) the General Bar Date, the Government Bar Date, or the Administrative Claims Bar Date, as applicable, and (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days after the date on which such notice of amendment or supplement is served (the "Supplemental Schedules Bar Date"); *provided, however*, that any affected party who filed a Proof of Claim prior to the date when the Debtors file an amendment or supplement to their Schedules shall not be required to file another Proof of Claim if the claim set forth in such Proof of Claim is not affected by the amendment or supplementation.

15.    With respect to the claims of any affected counterparty or other party in interest asserting a claim or claims against the Debtors arising from the rejection of an executory contract or unexpired lease, the Debtors propose the deadline for filing a Proof of Claim asserting any

claims based on such rejection to be the later of (i) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the date of entry of an order approving the rejection of the executory contract or unexpired lease; and (ii) the General Bar Date (the "Rejection Bar Date" and, collectively with the General Bar Date, the Government Bar Date, the Administrative Claims Bar Date, the Supplemental Schedules Bar Date, and the Supplemental Bar Date (as defined below), the "Bar Dates").  Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim (other than a rejection damages claim) on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease must file a Proof of Claim for such amounts on or before the General Bar Date, the Government Bar Date, or the Administrative Claims Bar Date, as applicable, unless such party is expressly excluded from filing a Proof of Claim by the Bar Date Order.

**B.    Bar Date Notice Form**

16.    Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to mail a Bar Date Notice, in the manner set forth below, in a form substantially similar to **Exhibit 1** attached to the proposed Bar Date Order.  The proposed Bar Date Notice provides notice of the Bar Dates and contains information regarding who must file a Proof of Claim, the procedure for filing a Proof of Claim, the consequences of failure to timely file a Proof of Claim, and instructions for completing a Proof of Claim.

17.    Pursuant to the proposed Bar Date Order and the Bar Date Notice, an original Proof of Claim must be filed with the claims and noticing agent, Epiq Corporate Restructuring, LLC (the "Claims Agent"), so as to be received on or before the applicable Bar Date either (i) electronically via the interface available on the Claims Agent's website at **https://dm.epiq11.com/Winc** or (ii) by first-class mail, overnight delivery service, or hand delivery to the Claims Agent at the address set forth in the Bar Date Notice.  The Bar Date Order and Bar Date Notice will further

30064019.3

6

provide that (i) the Claims Agent will not accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission; and (ii) Proofs of Claim shall be deemed timely filed only if such claims are actually received by the Claims Agent on or before the applicable Bar Date, in accordance with the requirements set forth in this Motion.

**C.     Creditors Who Must File a Proof of Claim**

18.     Pursuant to the proposed Bar Date Order, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, or governmental unit) that asserts any claim (as defined in section 101(5) of the Bankruptcy Code) against a Debtor that arose prior to the Petition Date, must file an original, written proof of such claim that substantially conforms to the proof of claim form (the "Proof of Claim Form") annexed to the proposed Bar Date Order as **Exhibit 2**, so as to be received on or before the applicable Bar Date by the Claims Agent.  The Proof of Claim Form is based on Official Bankruptcy Form No. 410. Except as otherwise provided herein, a holder that asserts a claim against multiple Debtors must file a separate Proof of Claim Form against each such Debtor.

19.     Pursuant to the proposed Bar Date Order, the following persons or entities ***will not be required*** to file a Proof of Claim on or before the applicable Bar Date:

(a)     any person or entity whose claim is listed on the Schedules and (i) whose claim is not described therein as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount, priority, or nature of the claim as set forth in the Schedules, and (iii) who does not dispute that the claim as listed in the Schedules is an obligation of the specific Debtor against which the claim is listed;

(b)     any person or entity whose claim has been paid in full;

(c)     any person or entity that holds a direct or indirect interest in any of the Debtors, which interest is based exclusively upon the ownership of membership interests, or rights to purchase, sell, or subscribe to such an interest; *provided, however*, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including, without limitation, claims that arise out of or relate to the ownership or

purchase of an interest, or the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date unless another exception identified herein applies;[3]

(d) any person or entity that holds a claim that has been allowed by a final order of this Court entered on or before the applicable Bar Date;

(e) any holder of a claim for which a separate deadline is fixed by this Court;

(f) any holder of a claim against the Debtors that has previously been properly filed with the Clerk of the Court or with the Claims Agent (utilizing a claim form that substantially conforms to the Proof of Claim Form);

(g) any current officer or director of any of the Debtors;

(h) any Debtor holding a claim against another Debtor;

(i) any person or entity holding a claim for fees and expenses of professionals retained in these proceedings;

(j) any person or entity holding a claim for an unredeemed gift card or subscription credits issued by the Debtors;

(k) any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930; and

(l) any other person or entity asserting a prepetition claim which by order of the Court is not required to file a proof of claim.

D. **Consequence of Failure to File a Proof of Claim**

20. Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that, unless otherwise ordered by the Court, any holder of a claim against any of the Debtors who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in the Chapter 11 Cases.

---

[3] The Debtors reserve all rights with respect to such claims, including, without limitation, to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

30064019.3

**E.    Procedure for Filing a Proof of Claim**

21.    The Proof of Claim Form to be used in the Chapter 11 Cases is substantially similar to the Official Bankruptcy Form 410 and will be made available on the Claim Agent's website at https://dm.epiq11.com/Winc. As reflected in the proposed Bar Date Order, each Proof of Claim must:

(a)    be written in the English language;

(b)    denominate the claim in lawful currency of the United States as of the Petition Date;

(c)    conform substantially with the Proof of Claim Form;

(d)    be signed by the claimant or by an authorized agent of the claimant;

(e)    indicate the particular Debtor against which the claim is asserted;

(f)    include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; provided, however, that a Proof of Claim may be filed without supporting documentation upon the prior written consent of the Debtors;

(g)    set forth the legal and factual basis for the alleged claim; and

(h)    with respect to any request for payment of a claim under section 503(b)(9) of the Bankruptcy Code, (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date, (ii) attach any documentation identifying which of the Debtors the goods were shipped to and the date such goods were received by such Debtors, (iii) state whether the amount asserted in the Proof of Claim represents a combination of goods and services and, if applicable, the portion of the claim that relates solely to the value of goods, and (iv) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted.

22.    Each original Proof of Claim, including supporting documentation, must be (i) filed electronically through the Claims Agent's website at https://dm.epiq11.com/Winc or (ii) sent by United States Postal Service mail, overnight delivery, or hand delivery, so as to actually be received by the Claims Agent on or before the applicable Bar Date in accordance with the Bar Date Order, at the following address:

30064019.3

| <u>If by First-Class Mail</u>: | <u>If by Hand Delivery or Overnight Mail</u>: |
|---|---|
| Winc, Inc. Claims Processing Center | Winc, Inc. Claims Processing Center |
| c/o Epiq Corporate Restructuring, LLC | c/o Epiq Corporate Restructuring, LLC |
| P.O. Box 4419 | 10300 SW Allen Blvd. |
| Beaverton, OR 97076-4419 | Beaverton, OR 97005 |

23. Parties who wish to receive from the Claims Agent a proof of receipt of their Proofs of Claim must also include with their original Proof of Claim a copy of such claim and a self-addressed and pre-stamped envelope.

24. The Debtors also propose that all entities asserting claims against more than one Debtor be required to file a separate Proof of Claim with respect to each such Debtor. If entities are permitted to assert claims against more than one Debtor in a single Proof of Claim, the Claims Agent may have difficulty maintaining separate claims registers for each Debtor, and the Debtors may be required to object to a Proof of Claim simply to clarify the proper Debtor liable for the amounts identified in the claim. Requiring parties to identify a specific Debtor against which a claim is asserted will expedite the Debtors' review of Proofs of Claim in the Chapter 11 Cases. This requirement will not unduly burden claimants because those entities will know, or should know, the identity of the Debtor against which they are asserting a claim.

**F.    Bar Date Notice Procedures**

25. Bankruptcy Rule 2002(a)(7) requires that the Clerk of the Court or a party ordered by the Court give "at least 21 days' notice by mail of . . . the time fixed for filing proofs of claims pursuant to Rule 3003(c)." Fed. R. Bankr. P. 2002(a)(7). Consistent with Bankruptcy Rule 2002(a)(7), the Debtors propose to mail, by first class mail, a Bar Date Package (as defined below) on a date that is not more than three (3) business days after the entry of the Bar Date Order (such mailing date, the "<u>Bar Date Notice Mailing Date</u>"), that will allow all claim holders whose claims are subject to the General Bar Date more than twenty-one (21) days to prepare and file their Proofs

of Claim; *provided*, *however*, that the Debtors shall not be required to mail or otherwise send a Bar Date Package to any of the Debtors' direct-to-consumer business customers (the "DTC Customers") or the holders of any of the Debtors' pre-paid gift cards (the "Gift Cards") and shall instead send the DTC Customers a Notice of Assumed Obligations, as set forth below. The Bar Date Package (as defined below) will be delivered to the following parties (the "Bar Date Notice Parties"):

(a) the U.S. Trustee;

(b) counsel to the Committee;

(c) all known holders of claims listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time) and their counsel if known;

(d) all parties known to the Debtors, and their counsel if known, as having potential claims against any of the Debtors' estates;

(e) all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time);

(f) all parties to litigation with any of the Debtors (as of the date of the entry of the Bar Date Order);

(g) all parties who have requested notice pursuant to Bankruptcy Rule 2002;

(h) the Internal Revenue Service;

(i) all regulatory agencies that have jurisdiction over the Debtors;

(j) all applicable state and local tax authorities and all environmental authorities listed in the Debtors' statement of financial affairs, as required by Local Rule 2002-1(e);

(k) the Debtors' current officers, members, managers, and employees;

(l) the Debtors' former officers, members, managers, and employees (to the extent that contact information for such former officers, members, managers, and employees is available in the Debtors' records) for the two years prior to the Petition Date; and

(m) all holders of equity interests in the Debtors.

26. The Debtors propose to mail the following documents to the Bar Date Notice Parties (the "Bar Date Package"):

    (a)    the Bar Date Notice;

    (b)    a Proof of Claim Form; and

    (c)    where applicable, information from the Schedules regarding the claimant's claim, which information may be pre-printed on the Proof of Claim Form.

27. After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (i) notices are returned by the post office with forwarding addresses;[4] (ii) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to equity or interest holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (iii) additional potential claimants become known as a result of the Bar Date mailing process.  In this regard, the Debtors request that the Court permit them to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time. These proposed supplemental mailings will help provide actual notice to known creditors wherever practicable, while at the same time preserving the integrity of the applicable Bar Date.  If the Debtors determine after the Bar Date Notice Mailing Date that additional parties should receive the Bar Date Package, then the date by which a Proof of Claim must be filed by any such parties shall be the later of (i) the General Bar Date, the Government Bar Date, or the Administrative Claims Bar Date, as applicable, or (ii) twenty-one (21) days from the mailing of the Bar Date Package to such additional parties (the "Supplemental Bar Date").

---

[4] However, if notices are returned as "return to sender" without a forwarding address, the Debtors respectfully request that they not be required to mail additional notices to such creditors.

30064019.3

28. In lieu of sending the Bar Date Package to the DTC Customers, the Debtors propose to send, by email, the Notice of Assumed Obligations, annexed to the proposed Bar Date Order as **Exhibit 3**, to the DTC Customers, informing such parties that all gift card and subscription liabilities of the Debtors have been assumed by Project Crush Acquisition Co LLC (the "Purchaser") in connection with the Sale and will be honored in the ordinary course of business. *See Second Amended and Restated Asset Purchase Agreement*, § 1.1(c)(v) [Docket No. 203]. The Debtors further request that they not be required to provide holders of Gift Cards with either the Bar Date Package or the Notice of Assumed Obligations given that (i) the Purchaser has agreed to honor Gift Card obligations in the ordinary course of business; and (ii) the Debtors do not track the identities of individual Gift Card holders and do not have the means to reasonably ascertain adequate service information to provide actual notice to such parties.

G. **Publication of the Notice of Bar Date**

29. It is possible that potential claims against the Debtors may exist that the Debtors have been unable to identify on the Schedules. Such unknown potential claims may include, for example: (i) claims of trade vendors that failed to submit invoices to the Debtors; (ii) claims of former employees; (iii) claims of current or former customers; (iv) claims of persons or entities with unasserted causes of action against the Debtors; and (v) other claims that, for various other reasons, are not recorded in the Debtors' books and records, are unknown to the Debtors, or are in respect of creditors with addresses unknown to the Debtors. It is in best interests of the Debtors' estates to give notice to certain parties by publication of the Bar Dates.

30. Pursuant to Bankruptcy Rule 2002(1), within five (5) business days of the Bar Date Notice Mailing Date, the Debtors propose to publish the Bar Date Notice, with such changes as may be required for publication, once, in the national edition of *The New York Times* (or similar national news publication), thus satisfying the notice requirements of Bankruptcy Rule 2002(a)(7).

**BASIS FOR RELIEF**

A.   **The Court Is Empowered to Set the Bar Dates**

31.   Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Fed. R. Bankr. P. 3003(c)(3).  Bankruptcy Rule 3003(c)(2) further provides that any creditor who asserts a claim against the debtor, and whose claim is not scheduled in the debtor's schedules of assets and liabilities, or whose claim is listed on such schedules as disputed, contingent, or unliquidated, must file a proof of claim, failing which such creditor shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.  Fed. R. Bankr. P. 3003(c)(2). In addition, section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief . . . ."  11 U.S.C. § 502(b)(9).

32.   Section 503(a) of the Bankruptcy Code provides that "an entity may timely file a request for payment of an administrative expense."  11 U.S.C. § 503(a).  In addition, Local Rule 2002-1(e) provides that "[i]n all cases under chapter 11, the debtor may request a bar date for the filing of proofs of claim or interest."  Del. Bankr. L.R. 2002-1(e).  Bankruptcy Rule 3003(c)(3) further provides that "[t]he court shall fix . . . the time within which proofs of claim or interest may be filed."  Fed. R. Bankr. P. 3003(c)(3).  Neither the Bankruptcy Rules nor the Local Rules specify the time by which proofs of claim or interest or requests for payment of administrative expense claim must be filed in a chapter 11 case.  However, when the Bankruptcy Rules are silent as to notice required to be given under the Bankruptcy Rules, the Court has general authority, pursuant to Bankruptcy Rule 9007, to regulate "the time within which, the entities to whom, and the form and manner in which the notice shall be given."  Fed. R. Bankr. P. 9007  As a result, the Court has discretion in setting such a date and is authorized to grant the relief requested herein as to claim

30064019.3

14

arising under section 503(b)(9) of the Bankruptcy Code. 11 U.S.C. § 105(a) (empowering a court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code"); *Polysat, Inc. v. Union Tank Car Co. (In re Polysat, Inc.)*, 152 B.R. 886, 895-96 (Bankr. E.D. Pa. 1993) ("a bankruptcy court has the general authority to impose an administrative bar date" (citing *In re Holywell Corp.*, 68 B.R. 134, 137 (Bankr. S.D. Fla. 1986))).

33. The Bar Dates the Debtors have proposed are more than adequate, considering that Bankruptcy Rule 2002(a)(7) requires that twenty-one (21) days' notice of the deadlines for filing proofs of claim against the debtor be provided to creditors. Here, the Debtors propose to establish (i) a General Bar Date that gives potential claimants more than twenty-one (21) days' notice following the Bar Date Notice Mailing Date, (ii) a Government Bar Date consistent with the provisions of section 502(b)(9) of the Bankruptcy Code, (iii) an Administrative Claims Bar Date that provides potential claimants more than twenty-one (21) days' notice following the Bar Date Notice Mailing Date, (iv) a Supplemental Schedules Bar Date limited solely to amendments and modifications to the Schedules allowing twenty-one (21) days to file a Proof of Claim in response to any such change, (v) a Rejection Bar Date allowing thirty (30) days to file a Proof of Claim; and (vi) a Supplemental Bar Date providing certain persons or entities that are provided with a Bar Date Package subsequent to the Bar Date Notice Mailing Date with at least twenty-one (21) days to file a Proof of Claim. Under the circumstances of the Chapter 11 Cases, the Bar Dates provide creditors ample time to prepare and file their Proofs of Claim and are reasonable and necessary for the efficient administration of the Chapter 11 Cases. The Debtors respectfully submit that establishment of the Bar Dates will allow the Debtors to reconcile claims more efficiently and will provide the Debtors with greater certainty regarding the extent of claims.

B. **Bar Date Notice and Procedures are Adequate and Appropriate**

34. The Debtors must ensure that creditors and other interested parties receive adequate and appropriate notice of the Bar Dates. To determine the adequacy of notice given to a creditor, the law distinguishes between "known" and "unknown" creditors. *See Chemetron Corp. v. Jones (In re Chemetron Corp.)*, 72 F.3d 341, 345–46 (3d Cir. 1995). As the Third Circuit in *Chemetron* explained, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown claimants, notification by publication will generally suffice." *Id.* at 346 (citations omitted). A "known" creditor is one whose identity is "either known or 'reasonably ascertainable by the debtor.'" *Id.* (quoting *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Chemetron*, 72 F.3d at 346 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

35. In defining the efforts required to identify "known" creditors, the Third Circuit has stated:

> Precedent demonstrates that what is required is not a vast, open-ended investigation . . . . The requisite search instead focuses on the debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required. Only those claimants who are identifiable through a diligent search are "reasonably ascertainable" and hence "known" creditors.

*Chemetron*, 72 F.3d at 346-47 (citations omitted). As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a given case.'" *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (quoting *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir. 1989), *cert denied*, 493 U.S. 811 (1989)).

30064019.3

16

36. The Debtors submit that the proposed notice procedures respecting the Bar Dates satisfy the *Chemetron* standard. Through the process of completing the Schedules, the Debtors have identified, following careful review of the Debtors' books and records and those of the Debtors' professionals, where applicable, those persons and entities that are known to the Debtors to hold claims against the Debtors, or are likely to be potential holders of claims.

37. The Bar Date Notice that the Debtors will publish in the national edition of The New York Times (or similar national news publication) has been tailored to provide notice of the Bar Dates on an extensive basis throughout the United States. The proposed publication of the Bar Date Notice constitutes good and sufficient notice to "unknown" creditors, as defined by the Third Circuit in *Chemetron*.

38. The proposed form of Bar Date Notice is reasonable and appropriate in the context of the Chapter 11 Cases. The proposed Bar Date Notice is easy to comprehend, provides clear notice of the Bar Dates, and contains information regarding who must file a Proof of Claim, the procedure for filing a Proof of Claim, the consequences of failure to timely file a Proof of Claim, and instructions for completing a Proof of Claim. The form is similar to those used effectively in similarly complex cases, and is appropriate in the context of the Chapter 11 Cases.

39. Moreover, the proposed form of Notice of Assumed Obligations provides the DTC Customers with notice that any potential claim held by such parties on account of subscription credits or Gift Cards will be satisfied by the Purchaser in the ordinary course of business and that filing a claim in the Chapter 11 Cases on account of such potential claims is unnecessary.[5] Given

---

[5] Additional information about the DTC Customers and Gift Cards is available in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Honor Customer Obligations and Continue Customer Programs in the Ordinary Course of Business; and (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto* [Docket No. 12].

30064019.3

that the Debtors have nearly 160,000 DTC Customers, ensuring that the DTC Customers do not have to file a proof of claim in the Chapter 11 Cases will provide substantial administrative efficiencies to the Debtors' estates, while also eliminating the burden on claimants to file claims.

40. In light of the foregoing, the fixing of the Bar Dates as proposed herein will assist in the efficient administration of the Debtors' estates, and will ultimately maximize value for the Debtors, their estates, and all parties in interest. Accordingly, the relief requested in this Motion is in the best interest of the Debtors and their estates.

## NOTICE

41. Notice of this Motion will be provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) and all parties that, as of the filing of this Motion, have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court enter the proposed Bar Date Order (i) establishing the applicable Bar Dates for filing Proofs of Claim; (ii) approving the form, timing, and manner of notice of such Bar Dates; and (iii) granting such other and further relief as it deems just and proper.

30064019.3

| | |
|---|---|
| Dated: February 3, 2023<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Joshua B. Brooks*<br>Michael R. Nestor (No. 3526)<br>Matthew B. Lunn (No. 4119)<br>Allison S. Mielke (No. 5934)<br>Joshua B. Brooks (No. 6765)<br>Shella Borovinskaya (No. 6758)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mnestor@ycst.com<br>   mlunn@ycst.com<br>   amielke@ycst.com<br>   jbrooks@ycst.com<br>   sborovinskaya@ycst.com<br><br>*Counsel to the Debtors and*<br>*Debtors in Possession* |

30064019.3