# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: TBD**<br>**Objection Deadline: March 1, 2023 at 4:00 p.m. (ET)** |

**SUMMARY OF FIRST MONTHLY AND FINAL APPLICATION OF CANACCORD GENUITY LLC, AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM NOVEMBER 30, 2022 THROUGH JANUARY 23, 2023**

| | |
|---|---|
| Name of Applicant: | Canaccord Genuity LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | November 30, 2022 (order entered January 18, 2023) |
| Period for which compensation and reimbursement is sought: | November 30, 2022 through January 23, 2023 |
| Amount of compensation sought as actual, reasonable and necessary: | $995,000.00 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $79,999.99 |

This is a:   __X__ monthly   __X__ final application

Prior applications:   N/A

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| **Date Filed / Docket No.** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| - | - | - | - | - | - |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

30052221.4

## SUMMARY OF SERVICES RENDERED BY PROFESSIONALS

| Name of Professional Person | Position of the Applicant | Total Hours |
|---|---|---|
| Morgan Ley | Managing Director | 79.0 |
| David Istock | Managing Director | 36.5 |
| Brian Bacal | Managing Director | 216.5 |
| Brian Hurley | Director | 165.0 |
| Jaemin Oh | Senior Associate | 64.0 |
| Bronwyn Davies | Associate | 126.0 |
| Tyler Kennedy | Analyst | 8.0 |
| **TOTAL** | | **695.0** |

## EXPENSE SUMMARY

| Expenses Detail | Total Expenses |
|---|---|
| Willkie Farr | $154,347.83 |
| Cozen O'Connor | $7,571.00 |
| Less: Expense retainer previously paid | ($75,000.00) |
| **Subtotal Due:** | **$86,918.83** |
| Cap of additional expense reimbursement of up to $4,999.99 | $4,999.99 |
| **TOTAL** | **$4,999.99** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> WINC, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 22-11238 (LSS) <br><br> (Jointly Administered) <br><br> **Hearing Date: TBD** <br> **Objection Deadline: March 1, 2023 at 4:00 p.m. (ET)** |

**FIRST MONTHLY AND FINAL APPLICATION OF CANACCORD GENUITY LLC,
AS INVESTMENT BANKER FOR THE DEBTORS AND
DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE
<u>PERIOD FROM NOVEMBER 30, 2022 THROUGH JANUARY 23, 2023</u>**

Pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and in accordance with that certain *Order (I) Authorizing the Employment and Retention of Canaccord Genuity LLC as Investment Banker for the Debtors, Effective as of the Petition Date; and (II) Waiving the Information Requirements of Local Rule 2016-2(d)* [Docket No. 204] (the "<u>Retention Order</u>") and that certain *Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* [Docket No. 126] (the "<u>Interim Compensation Order</u>"), Canaccord Genuity LLC ("<u>CG</u>") hereby applies (this "<u>Application</u>") to the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") for reasonable compensation for professional services rendered as investment banker to the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), in the amount of $995,000.00, together with reimbursement for actual and necessary expenses incurred in the amount of $79,999.99 (as capped

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

30052221.4

1

by agreement, though total expenses incurred exceed $79,999.99),[2] for the final period from November 30, 2022 through and including January 23, 2023 (the "Final Fee Period"). In support of this Application, CG respectfully represents as follows:

## BACKGROUND

1. On November 30, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.

2. The terms and conditions of CG's retention in these cases, which are embodied in the Retention Order, are based upon CG's engagement letter (the "Engagement Letter") with the Debtors, dated as of March 16, 2022 (as amended by written agreement dated November 25, 2022 (and together with the Engagement Agreement, the "Retention Agreement").[3]

3. All services for which compensation is requested herein by CG were performed for or on behalf of the Debtors.

4. As outlined in the Retention Agreement, the Debtors retained CG to render, among other things, the following investment banking services:

    a.    manage the sale and marketing process in connection with the potential sale of substantially all of the Debtors' Assets;

    b.    assist the Debtors in evaluating any proposed Transaction, and alternatives and strategies thereto;

    c.    assist the Debtors in identifying and screening potential Strategic Partners, and preparing descriptive materials for distribution and presentation to potential Strategic Partners;

    d.    assist the Debtors in coordinating potential Strategic Partners' due diligence investigations;

---

[2] CG received an expense retainer in the amount of $75,000.00, which was funded prepetition and will be exhausted to satisfy any approved expenses incurred by CG.

[3] Capitalized terms used, but not otherwise defined herein, shall have the meaning given to them in the Retention Agreement.

30052221.4

      e.      assist the Debtors in structuring and negotiating the financial aspects of any Transaction;

      f.      meet, at the Debtors' reasonable request, with their Board of Directors to discuss any proposed Transaction and its financial implications; and

      g.      participate in hearings before the Court and provide relevant testimony with respect to the matters described herein and arising in connection with any Transaction.

5.      Under the Retention Order, CG is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d), in particular CG is authorized to maintain time records in half hour (0.5) increments setting forth, in a summary format, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors. In addition to the significant prepetition services provided by CG to the Debtors, during the Final Fee Period, CG's professionals rendered approximately 695 hours of services to the Debtors, based on the time records those professionals maintained pursuant to the Retention Order. Attached hereto as **Exhibit A** is a schedule setting forth hours worked by the applicable professionals during the Final Fee Period.

## SUMMARY OF SERVICES RENDERED

6.      During the Final Fee Period, CG worked diligently on the matters for which it was engaged and, as a result, was uniquely situated to advise the Debtors. The Debtors chose CG to act as its investment banker because CG had substantial expertise in investment banking and was well qualified to perform these services. Although a number of professionals worked on this engagement, the following professionals in CG's offices performed substantial services for the Debtors in these cases:

30052221.4

| | |
|---|---|
| Brian Bacal | Managing Director |
| Morgan Ley | Managing Director |
| David Istock | Managing Director |
| Brian Hurley | Director |
| Jaemin Oh | Senior Associate |
| Bronwyn Davies | Associate |
| Tyler Kennedy | Analyst |

CG's work on behalf of the Debtors during the Final Fee Period involved tasks that are briefly summarized below[4].

a. General Case Administration. CG expended time on administrative matters including, but not limited to, preparing its employment application, tracking hours, and detailing expenses. CG spent meaningful time reviewing and commenting on legal filings prepared by the Debtors' counsel, and, notably, preparing for and providing a declarations in support of the Sale Hearing and the Debtors' Bid Procedures Motion and Stalking Horse Agreement. CG has also spent meaningful time preparing for depositions and attending hearings in person and over zoom.

b. Third Party Communications. CG communicated with the Debtors' stakeholders, their respective advisors, and other parties in interest regarding strategy and the Debtors' restructuring.

c. Sale Process Related. CG produced detailed marketing materials, identified and contacted numerous prospective buyers, facilitated due diligence performed by parties-in-interest, and assisted the Debtors' board of directors in monitoring and evaluating the sale process. CG has also spent a considerable amount of time facilitating negotiations reviewing and negotiating potential buyer asset purchase agreements.

d. Analysis, Preparation, Presentation and Due Diligence. CG was involved in the investigation and associated analyses in connection with providing advice regarding many of the decisions facing the Debtors, including issues related to the Debtors' financial condition, bankruptcy matters, asset purchase agreements, the sale process and alternatives, and other strategy and tactics related to the case. CG has also supported and coordinated

---

[4] The summary is not intended to be a detailed description of the work CG has performed during the Final Fee Period, but rather is a guideline offered to the Court and other interested parties with respect to the services performed by CG.

30052221.4

4

    extensive due diligence performed by parties-in-interest. This included creation and maintenance of a data room, creation of a confidential information memorandum, and a review of operations, assets, employees and corresponding liabilities, amongst others. CG also coordinated internally on various matters related to these Chapter 11 cases.

 e. Correspondence with Debtors and Advisors. CG engaged in extensive correspondence, meetings and calls with the Debtors' management, board, counsel, and the Debtors' other advisors in these Chapter 11 cases, as well as significant preparations related to such communications. In addition, CG provided periodic situation and process updates to the Debtors, the Debtors' other advisors, and other relevant stakeholders. During these updates, CG reported on the status of the sale process, feedback from parties-in-interest, and the status of diligence and other process-related issues.

7. Pursuant to the Retention Order, CG is entitled to, among other things, the following consideration for its services:

 a. payment in cash of $975,000 upon the closing of the sale to Project Crush Acquisition Corp LLC or its successor or assignee;

 b. one additional Monthly Fee of $100,000, 80% of which shall be credited against the $975,000 paid at closing of the sale to Project Crush Acquisition, Corp LLC or its successor or assignee; and

 c. additional net expense reimbursement of up to $4,999.99, after the application of a $75,000.00 expense retainer.

## DISBURSEMENTS

8. CG has incurred out-of-pocket disbursements during the Final Fee Period in the amount of $79,999.99 (as capped by agreement, though CG incurred expenses in excess of $79,999.99). Attached hereto as **Exhibit B** is a detailed statement of expenses paid during the Final Fee Period. A complete review by category of the expenses incurred for the Final Fee Period may be found attached hereto as **Exhibit B**.

## RELIEF REQUESTED

9. By this Application, CG requests entry of the proposed order, attached hereto as **Exhibit C**, authorizing (i) allowance and approval of fees in the amount of $999,999.99, including

30052221.4

5

net fees of $995,000.00, and (ii) reimbursement of expenses in the amount of $79,999.99[5] for the Final Fee Period.

10. The amount of time spent by the various professionals providing services to the Debtors for the Final Fee Period can be found in the schedule attached hereto as **Exhibit A**.

11. The undersigned has reviewed the requirements of Local Rule 2016-2 and hereby attests that this Application materially conforms to such requirements in accordance with the Retention Order.

## CONCLUSION

WHEREFORE, CG requests that allowance be made to it in the sum of $995,000.00 as compensation for necessary professional services rendered to the Debtors for the Final Fee Period, and the sum of $79,999.99 for reimbursement of actual necessary costs and expenses incurred during that period, and requests such other and further relief as the Court may deem just and proper.

Dated: February 9, 2023

/s/ Brian Bacal
Brian Bacal
Managing Director

---

[5] After the application of the $75,000.00 expense retainer funded prepetition by the Debtors, net expenses due amount to $4,999.99.

30052221.4

## VERIFICATION

I, Brian Bacal, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury:

1. I am a Managing Director at Canaccord Genuity Corp., an affiliate of the applicant firm, Canaccord Genuity LLC ("CG").

2. I have personally performed many of the services rendered by CG to Winc, Inc. and its affiliated debtors and debtors in possession in connection with their chapter 11 cases, and am familiar with all other work performed on behalf of professionals at CG.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

Dated: February 9, 2023

/s/ Brian Bacal
Brian Bacal
Managing Director