**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| WINC, INC., *et al.*,[1] | : | |
| | : | Case No. 22-11238 (LSS) |
| Debtors. | : | |
| | : | (Jointly Administered) |
| | : | |
| | : | **Re: Docket No. 174** |
| | : | |

**ORDER PURSUANT TO §§328 AND 1103 OF THE BANKRUPTCY CODE AND FED.R.BANKR. P. 2014 AUTHORIZING THE EMPLOYMENT AND RETENTION OF COHNREZNICK LLP AS FINANCIAL ADVISORS AND COHNREZNICK CAPITAL MARKETS SECURITIES, LLC AS INVESTMENT BANKER TO THE COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC*, EFFECTIVE DECEMBER 20, 2022**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above captioned debtors (the "Debtors"), for an entry of an order to employ and retain CohnReznick LLP ("**CohnReznick**") as its financial advisors and CohnReznick Capital Markets Securities, LLC ("CRC") as Investment Banker, effective as of December 20, 2022, and upon consideration of the Declaration of Kevin P. Clancy (the "Clancy Declaration") and Jeffrey R. Manning, Sr. (the "Manning Declaration") in support of the Application; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and due and proper notice of the Application having been provided to the necessary

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of the chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

parties, and it appearing that no other or further notice need be provided; and it appearing that CohnReznick and CRC neither hold nor represent any interest adverse to the Debtors' estates; and it appearing that CohnReznick and CRC are "disinterested persons," as that term is defined in Bankruptcy Code section 101(14); and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors and other parties in interest; and as required by Section 327(a) of the Bankruptcy Code; and notice of the Application having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1. The Application is granted to the extent provided herein.

2. Pursuant to §§328 and 1103(a) of the Bankruptcy Code, the Committee shall be, and hereby is authorized to retain and employ CohnReznick LLP as its financial advisors and CohnReznick Capital Markets Securities, LLC as its investment banker *nunc pro tunc* to December 20, 2022 and in accordance with the terms and conditions set forth in the Application.

3. CohnReznick and CRC will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Section 330 and 331 of the Bankruptcy Code.

4. Prior to any increases in CohnReznick or CRC's rates for any individual employed or employed by CohnReznick or CRC and providing services in these cases, CohnReznick or CRC (as applicable) shall file a supplemental affidavit with the Court and provide ten (10) business days' prior notice to the Debtors, the United States Trustee, and the Committee of such increase. The supplemental affidavit shall explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Committee has consented

to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review under section 330 of the Bankruptcy Code and rate increase.

5. To the extent that this Order is inconsistent with the application, the terms of this Order shall govern.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Final Order.

Dated: February 10th, 2023
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE