# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 22-11238 (LSS)<br>(Jointly Administered)<br><br>**Objection Deadline: March 7, 2023 at 4:00 p.m.** |

**FIRST MONTHLY APPLICATION[2] OF COHNREZNICK LLP AS FINANCIAL ADVISORS AND COHNREZNICK CAPITAL MARKETS SECURITIES, LLC AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE <u>PERIOD FROM DECEMBER 20, 2022 THROUGH DECEMBER 31, 2022</u>**

| | |
|---|---|
| **Name of Applicant:** | CohnReznick LLP and CohnReznick Capital Markets Securities, LLC |
| **Authorized to Provide Professional Services to:** | Official Committee of Unsecured Creditors |
| **Date of Retention:** | February 10, 2023 *nunc pro tunc* to December 20, 2022 |
| **Period for which Compensation and Reimbursement is Sought:** | December 20, 2022 through December 31, 2022 |
| **Amount of Compensation Sought as Actual, Reasonable and Necessary:** | $52,177.50[3] |
| **Interim Payment of Fees Requested (80%):** | $41,742.00 |
| **Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary:** | $0.00 |
| **This is a[n]☑ monthly ☐ interim ☐ final application** | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] CohnReznick LLP ("CohnReznick") and CohnReznick Capital Market Securities, LLC ("CRC") (collectively, "CohnReznick") files this first monthly fee application in compliance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* Docket No. 126.

[3] As an accommodation to the Committee, the normal billing rates for CohnReznick are capped at a blended rate of $675.00 per hour. CohnReznick's capped blended rate reflects a voluntary courtesy reduction of $9,134.50 bringing the amount of compensation sought as actual, reasonable and necessary to a total blended fee of $52,177.50.

**SUMMARY OF PRIOR MONTHLY FEE APPLICATIONS**

| Date Filed and Docket No. | Period Covered | Fees and Expenses Requested | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Remaining Unpaid | |
|---|---|---|---|---|---|---|---|---|---|
| | | Fees Requested | Expenses Requested | Fees Awarded | Expenses Awarded | Fees | Expenses | Fees | Expenses |
| NO PREVIOUS APPLICATIONS | | | | | | | | | |
| | | | | | | | | | |

**SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS
DECEMBER 20, 2022 THROUGH AND INCLUDING DECEMBER 31, 2022**

| Name of Professional | Title/Position | Total Hours | Hourly Billing Rate* | Total Compensation |
|---|---|---|---|---|
| Kevin Clancy | Partner | 23.0 | $995 | $22,885.00 |
| Vinni Toppi | Partner | 13.1 | $995 | $13,034.50 |
| Jeffrey Manning | CRC Managing Director, CTP | 13.4 | $925 | $12,395.00 |
| Molly Jobe | Director | 8.1 | $875 | $7,087.50 |
| Maria Valle | Paraprofessional | 6.4 | $300 | $1,920.00 |
| Paula Lourenco | Paraprofessional | <u>13.3</u> | $300 | <u>$3,990.00</u> |
| | Total | **<u>77.3</u>** | | $61,312.00 |
| Voluntary Courtesy Reduction* | | | | <u>$(9,134.50)</u> |
| Blended Fees after Courtesy Reduction* | | | | $52,177.50 |
| | | | | |
| | | | | **<u>$52,177.50</u>** |
| Blended Rate After Courtesy Reduction (All Timekeepers) | | | $675.00* | |
| | | | | |
| * As an accommodation to the Committee, the normal hourly billing rates for CohnReznick LLP and for CohnReznick Capital Markets Securities, LLC are capped at a blended rate of $675 per hour. | | | | |

*[Remainder of Page Left Intentionally Blank]*

| SUMMARY BY ACTIVITY CODE CATEGORY<br>DECEMBER 20, 2022 THROUGH AND INCLUDING DECEMBER 31, 2022 | | |
|---|---|---|
| **Description** | **Hours** | **Fees** |
| Analyze Assets and Liabilities | 1.6 | $1,544.00 |
| Case Administration (including retention matters) | 16.0 | $6,190.00 |
| DIP Facility | 7.5 | $7,141.50 |
| Document Request/Response | 6.3 | $6,149.50 |
| Document Review/Index | 8.2 | $6,352.00 |
| Evaluate Sale of Debtors' Assets/Liquidation | 11.4 | $10,866.00 |
| General Telephone Conference | 4.5 | $4,227.50 |
| Prepare/Review Flash Report for Period Ending | 2.6 | $2,503.00 |
| Review of Proposed Transactions of Debtors | 18.4 | $15,542.50 |
| Review/Analyze Historical Information | 0.8 | $796.00 |
| **Services Total:** | **77.3** | **$61,312.00** |

*[Remainder of Page Left Intentionally Blank]*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,<br><br>Debtors.[4] | Chapter 11<br><br>Case No.: 22-11238 (LSS)<br>(Jointly Administered)<br><br>**Objection Deadline: March 7, 2023 at 4:00 p.m.** |

**FIRST MONTHLY APPLICATION OF COHNREZNICK LLP AS FINANCIAL ADVISORS AND COHNREZNICK CAPITAL MARKETS SECURITIES, LLC AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM DECEMBER 20, 2022 THROUGH DECEMBER 31, 2022**

CohnReznick LLP ("CohnReznick"), as Financial Advisors, and CohnReznick Capital Markets Securities, LLC ("CRC"), as investment banker (collectively, "CohnReznick") to the Official Committee of Unsecured Creditors (the "Committee") of Winc, Inc. ("Winc") and its debtor affiliates (collectively, the "Debtors"), hereby submits its first monthly application (the "Application") pursuant to (i) sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Procedure for the District of Delaware (the "Local Rules"), (iv) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 126] (the "Compensation Order"), and (v) the *Guidelines for Reviewing Applications for Compensation Filed Under 11 U.S.C. § 330*, effective May 17, 1996 (the "Guidelines") for interim allowance of

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

compensation for services rendered in the aggregate amount of $52,177.50[5] and for reimbursement of actual and necessary expenses incurred by CohnReznick in connection therewith in the amount of $0.00 for the period from December 20, 2022 through December 31, 2022 (the "Compensation Period"). In support of this Application, CohnReznick respectfully represents as follows:

## JURISDICTION

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are Bankruptcy Code sections 1103 and 330, Bankruptcy Rule 2016, and Local Rule 2016-2.

## BACKGROUND

4.  On December 1, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[5] As an accommodation to the Committee, the normal billing rates for CohnReznick are capped at a blended rate of $675.00 per hour. CohnReznick's capped blended rate reflects a voluntary courtesy reduction of $9,134.50 bringing the amount of compensation sought as actual, reasonable and necessary to a total blended fee of $52,177.50.

5. On December 12, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") notified the Court that it had appointed the Committee in accordance with 11 U.S.C. § 1102. [Docket. No. 54].

6. On December 15, 2022, the Committee selected Arent Fox LLP and A.M. Saccullo Legal, LLC, as its proposed counsel in these cases.

7. On December 20, 2022, the Committee selected CohnReznick as its financial advisors and CRC as its investment banker in these cases.

8. On February 10, 2023, the Court approved the retention of CohnReznick *nunc pro tunc* to December 20, 2022 [Docket No. 233].

**RELIEF REQUESTED AND BASIS FOR RELIEF**

9. By this application, CohnReznick seeks (i) interim allowance and award of compensation for the professional services rendered by CohnReznick as financial advisors and CRC as investment banker during the Compensation Period in the amount of $52,177.50, representing 57.6 hours of professional services and 19.7 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by CohnReznick during the Compensation Period in connection with the rendition of such professional and paraprofessional services in the amount of $0.00.

10. CohnReznick seeks payment of eighty percent (80%) of its fees ($41,742.00) and one hundred percent (100%) of its expenses ($0.00) relating to services rendered during the Compensation Period.

11. In support of this Application and pursuant to Local Rule 2016-2, CohnReznick submits the declaration of Kevin P. Clancy of CR, which certification is annexed hereto as **Exhibit A**.

12. In further support of this Application and pursuant to Local Rule 2016-2, CRC submits the declaration of Jeffrey R. Manning, Sr., of CRC, which certification is annexed hereto as **Exhibit A1**.

13. CohnReznick has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application for the Compensation Period. Pursuant to Bankruptcy Rule 2016(a), CohnReznick has not shared, nor has CohnReznick agreed to share, (i) any compensation it has received or may receive with another party or person other than with the partners and principals or (ii) any compensation another person or party has received or may receive in these chapter 11 cases.

14. All services for which compensation is requested by CohnReznick were performed for or on behalf of the Committee.

## SUMMARY OF SERVICES RENDERED

15. This application provides a brief summary of the services rendered by CohnReznick on behalf of the Committee during the Compensation Period by category. While it is not possible or practical to describe each and every activity undertaken by CohnReznick, CohnReznick maintains contemporaneous time records which include a detailed chronology of the daily services rendered describing the precise nature of the work, the specific tasks performed, and the time expended by each professional and paraprofessional. A summary of compensation by timekeeper

is annexed hereto as **Exhibit B**, and a summary of compensation requested by project category is annexed hereto as **Exhibit C** for the Compensation Period in this Application.

16. The itemized time records recorded in increments of one-tenth of an hour for CohnReznick professionals and paraprofessionals performing services during the Compensation Period by project category is annexed hereto in **Exhibit D.**

17. In classifying services into tasks, CohnReznick attempted to place the services performed in the category that most closely relate to the services provided.

18. Moreover, the following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed. Rather, it merely is an attempt to highlight certain of those areas in which services were rendered, as well as to identify certain of the matters and issues that CohnReznick was required to address during the Compensation Period.

A. **Analyze Assets and Liabilities**

| Total Hours | Fees |
|---|---|
| 1.6 | $1,544.00 |

19. During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) reviewed, analyzed liability and related documents, and (ii) performing other necessary tasks.

B. **Case Administration (including retention matters)**

| Total Hours | Fees |
|---|---|
| 16.0 | $6,190.00 |

20. During the Compensation Period, CohnReznick expended time attending to various case administration matters in furtherance of these Chapter 11 Cases, including, among others, (i)

conducting oral and written communications with counsel for the Committee to discuss and review pending tasks and other work in progress, (ii) reviewed, analyzed and prepared retention documents, (iii) conducted internal and external calls with other professionals to discuss retention and related information, and (v) performing other necessary administrative tasks. CohnReznick's attention to the administrative matters reflected in this category enabled CohnReznick's team to coordinate in an efficient manner.

C. **DIP Facility**

| Total Hours | Fees |
|---|---|
| 7.5 | $7,141.50 |

21.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) reviewed, analyzed DIP proposal and related information, (ii) conducted oral and written communications with counsel for the Committee regarding DIP budget; (iii) communicated with counsel for the committee on hearing preparation and related information, (iv) reviewed, analyzed vendor schedules, payments, inventory and related documents; and (v) performed other necessary and related tasks.                    .

D. **Document Request/Response**

| Total Hours | Fees |
|---|---|
| 6.3 | $6,149.50 |

22.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) communicated with Debtors' professionals regarding document requests, data access and related information, (ii) reviewed, analyzed document production and related information, (iii) reviewed and analyzed document information, (iv) conducted internal and external calls with other professionals to discuss production of

documents and related issues, and (v) performed other necessary tasks related to document requests/response.

E.  **Document Review/Index**

| Total Hours | Fees |
|---|---|
| 8.2 | $6,352.00 |

23.     During the Compensation Period, CohnReznick expended time devoted to reviewing and analyzing information, including, among others, (i) reviewed and analyzed court docket pleadings and related information, (ii) performed other necessary document review, document index related to motions, objections and related information, and (iii) performed other necessary related tasks.

F.  **Evaluate Sale of Debtors' Assets/Liquidation**

| Total Hours | Fees |
|---|---|
| 11.4 | $10,866.00 |

24.     During the Compensation Period, CohnReznick expended time attending to various activities related to review Debtors' assets, including, among others, (i) reviewed, analyzed inventory appraisal and related information, (ii) written and oral communication with committee counsel regarding sale process, strategy and related issues, (iii) review, analyze options of sale versus liquidation processes, and (iv) performing other necessary tasks.                                    .

G.  **General Telephone Conference**

| Total Hours | Fees |
|---|---|
| 4.5 | $4,227.50 |

25.     During the Compensation Period, CohnReznick expended time, (i) communicating with committee counsel and other professionals to discuss pending hearing and related information, and (ii) performing other necessary tasks.

H. **Prepare/Review Flash Report for Period Ending**

| Total Hours | Fees |
|---|---|
| 2.6 | $2,503.00 |

26.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others (i) reviewed and prepared information for Committee report, (ii) reviewed budget versus actual, (iii) communicated with professionals on report for Committee and related information, and (iv) performed other related tasks.

I. **Review of Proposed Transactions of Debtors**

| Total Hours | Fees |
|---|---|
| 18.4 | $15,542.50 |

27.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) written and oral communication with committee counsel regarding draft objection and related information, (ii) communicated with committee counsel and other professionals regarding operations, inventory spend and related issues, (iii) review, analyze proposed orders and related information, (iv) communicated with committee counsel on pending litigation matters and related issues, and (v) performing other necessary tasks.

J. **Review/Analyze Historical Information**

| Total Hours | Fees |
|---|---|
| 0.8 | $796.00 |

28.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) reviewed, analyzed statements, schedules filed by debtor entities and related information, and (ii) performing other necessary related tasks.

## STATUTORY BASIS FOR COMPENSATION

29.     The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016. CohnReznick seeks compensation for actual, necessary professional services rendered and reimbursement of reasonable expenses incurred on behalf of the Committee during the Compensation Period.

30.     Section 331 of the Bankruptcy Code permits professionals employed by the Bankruptcy Court to apply for interim compensation under the standards set forth in section 330. Section 330(a)(1) of the Bankruptcy Code allows for the following: "(A) reasonable compensation for actual, necessary services rendered by. . . [an] professional and by any paraprofessional person employed by such [attorney]; and (B) reimbursement for actual, necessary expenses."

31.     Section 330(a)(3)(A) of the Bankruptcy Code provides that,

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

        (F)        whether the compensation is reasonably based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title [11].

11 U.S.C. § 330(a)(3).

32. The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citations and internal quotations omitted)

33. In assessing the "reasonableness" of the fees requested, courts have looked to a number of factors, including those first enumerated by the Fifth Circuit in *Am. Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of Am.*), 544 F.2d 1291, 1298-99 (5th Cir. 1977), superseded by statute as stated in *Barron & Newburger, P.C. v. Tex. Skyline, Ltd.* (*In re Woerner*), 783 F.3d 266 (5th Cir. 2015), and thereafter adopted by most courts. *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212-13 (Bankr. S.D.N.Y 1986) (same); *see generally* 3 Collier on Bankruptcy ¶ 330.03[9] (enumerating *First Colonial* and *Johnson* as the "leading cases to be considered in determining a reasonable allowance of compensation").

34. As demonstrated in CohnReznick's itemized time records for the Compensation Period, the services were performed efficiently and effectively and were done at the request of the

Committee in furtherance of the fiduciary obligations or statutory duty of the Committee and were necessary and beneficial to the bankruptcy estates. CohnReznick believes that the foregoing rates for the services rendered are in accordance with the market rates that the majority of professional services firms charge their clients for such services.

## ACTUAL AND NECESSARY EXPENSES

35. During the Compensation Period CohnReznick incurred $0.00 in expenses on behalf of the Committee.

36. In connection with the reimbursement of actual, reasonable and necessary expenses, it is CohnReznick's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to CohnReznick's clients include, among other things, telephone and telecopier, toll and other charges, mail and express mail charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, out-of-town travel expenses, and computerized research. CohnReznick charges Debtors' estate for these expenses at rates consistent with those charged to CohnReznick's other bankruptcy clients, which rates are equal to or less than the rates charged by CohnReznick to its non-bankruptcy clients. CohnReznick believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. In providing a reimbursable expense, CohnReznick does not make a profit on that expense, whether the service is performed by CohnReznick in-house or through a third party.

**NOTICE**

37.     CohnReznick has served this application in accordance with the Interim Compensation Order and the Bankruptcy Rules. CohnReznick submits that no other or further notice is necessary.

**NO PRIOR REQUEST**

38.     No prior Application for the relief sought herein has been made to this or any other Court.

*[Remainder of Page Left Intentionally Blank]*

## CONCLUSION

**WHEREFORE**, CohnReznick and CRC respectfully request that the Court:

(a) approve, on an interim basis, the allowance of $52,177.50 for compensation for professional services rendered to the Committee during the period from December 20, 2022 through and including December 31, 2022;

(b) approve the reimbursement of CohnReznick and CRC's out-of-pocket expenses incurred in connection with the rendering of such services during the period from December 20, 2022 through and including December 31, 2022, in the amount of $0.00; and

(c) authorize and direct the Debtors to immediately pay to CohnReznick and CRC the amount of $41,742.00, which is equal to the sum of 80% of CohnReznick and CRC's fees and 100% of CohnReznick and CRC's expenses incurred during the Compensation Period.

Dated: February 14, 2023            COHNREZNICK

*/s/ Kevin Clancy*
14 Sylvan Way
Parsippany, NJ 07054
Phone: (732) 672-0874
Email: Kevin.Clancy@CohnReznick.com

*Financial Advisors and Investment Bankers for the Official Committee of Unsecured Creditors*