## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**:<br>**March 15, 2023 at 2:00 p.m. (ET)** |
| | **Objection Deadline**:<br>**March 7, 2023 at 4:00 p.m. (ET)** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER,
### PURSUANT TO BANKRUPTCY RULES 9006 AND 9027,
### EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS
### MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452

The debtors and debtors in possession (collectively, the "Debtors" ) in the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 from the current deadline of February 28, 2023 (the "Current Removal Deadline") through and including May 30, 2023. In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.	The statutory predicates for the relief requested herein are Bankruptcy Rules 9006 and 9027.

## BACKGROUND

### A.	General Background

3.	On November 30, 2022 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.	On December 12, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Chapter 11 Cases (the "Committee").  *See* Docket No. 54.  The U.S. Trustee filed Amended Notices of Appointment for the Committee on January 18, 2023 and January 25, 2023.  *See* Docket Nos. 201 & 213.  No request has been made for the appointment of a trustee or examiner in the Chapter 11 Cases.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.	Additional factual background relating to the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration*

30121077.2

*of Carol Brault in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").[2]

**B.     The Sale Process**

6.     On December 22, 2022 the Court entered its *Order (I) Approving Bidding Procedures in Connection with Sale of the Debtors' Assets and Related Bid Protections; (II) Approving Form and Manner of Notice; (III) Scheduling Auction and Sale Hearing; (IV) Authorizing Procedures Governing Assumption and Assignment of Certain Contracts and Unexpired Leases; and (V) Granting Related Relief* [Docket No. 85] (the "Bidding Procedures Order"), and the Debtors conducted a sale/marketing process in accordance with the bidding procedures.  Bids were due on January 9, 2023.

7.     On January 10, 2023, after not receiving any additional qualified bids, in accordance with the Bidding Procedures Order, the Debtors filed the *Notice of Successful Bidder* [Docket No. 149], announcing the designation of Project Crush Acquisition Corp LLC (the "Purchaser") as the Successful Bidder for the sale (the "Sale") of substantially all of the Debtors' assets (the "Assets").

8.     On January 18, 2023, the Bankruptcy Court entered an order [Docket No. 203] (the "Sale Order") approving the Sale to the Purchaser and the settlement term sheet among the Debtors, Purchaser, and Committee, which resolved, among other things, the Committee's objection to certain vendor payments, the Sale, and which codified the Debtors' and the Committee's agreement to work in good faith to pursue a jointly proposed chapter 11 plan following the closing of the Sale.  On January 23, 2023, the Sale closed.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**C.     Chapter 11 Plan and Post-Sale Case Administration**

9.     Following the closing of the Sale, the Debtors and the Committee have been working on the terms of a chapter 11 plan that will provide for, among other things, distribution of the Debtors' remaining assets to creditors.  The Debtors have also been working with the Purchaser to perform the Debtors' obligations under that certain *Transition Services Agreement* (the "TSA") entered into between the Debtors and the Purchaser in connection with the Sale. Debtor BWSC, LLC continues to operate its business pursuant to the TSA, and the Purchaser remains obligated to satisfy related costs and expenses, as required by the TSA.

## RELIEF REQUESTED

10.     By this Motion, the Debtors request entry of the Proposed Order, extending the Current Removal Deadline by ninety (90) days, through and including May 30, 2023,[3] without prejudice to the rights of the Debtors and their estates to seek further extensions of the time within which to remove actions and related proceedings.

## BASIS FOR RELIEF

11.     Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions.  Specifically, section 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).  Bankruptcy Rule 9027(a)(2) further provides, in pertinent part that:

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may

---

[3]  Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Current Removal Deadline shall automatically extend the Current Removal Deadline until the Court acts on this Motion without the necessity for entry of a bridge order.

be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

12.    Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Debtors' removal period, without notice:

[W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).  Accordingly, the Court is authorized to grant the relief requested herein.  *See Raff v. Gordon*, 58 B.R. 988, 991 (Bankr. E.D. Pa. 1986) (stating that the period within which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (same); *see also Doan v. Loomis (In re Fort Dodge Creamery Co.)*, 117 B.R. 438, 442–43 (Bankr. N.D. Iowa 1990) (implying that the time period within which a removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19, 26 (Bankr. N.D.N.Y. 1988) (same).

13.    The Debtors are parties to actions currently pending in the courts of certain states and federal districts (each, an "Action," and collectively, the "Actions"), and believe that it is prudent to seek an extension of the time established by Bankruptcy Rule 9027 to protect the rights of the Debtors and their estates to remove the Actions.

14.      The Debtors submit that extending the Current Removal Deadline is essential and in the best interests of the Debtors, their estates, and their creditors.  Since commencing the Chapter 11 Cases, the Debtors' management and professional advisors have devoted substantial effort to preserving and maximizing the value of the Debtors' estates for the benefit of all stakeholders through the Sale, along with preparing and filing motions, applications, and other pleadings to ensure a smooth transition into chapter 11.  In the approximately three months since the Petition Date, the Debtors have: (i) obtained interim and final approval of certain "first-day" motions, including, among others, motions to pay certain prepetition tax, insurance, critical vendor, and employee wage claims, and to continue the use of their prepetition cash management system [*see* Docket Nos. 120, 121, 122, 123, 124 & 125]; (ii) obtained interim and final approval of debtor-in-possession financing facilities [Docket Nos. 44 & 134],; (iii) filed their Schedules of Assets and Liabilities and Statements of Financial Affairs and complied with their other reporting requirements under the Bankruptcy Code and the U.S. Trustee Guidelines; (iv) worked diligently to respond to the Committee's various information requests, and address issues raised by the Committee, U.S. Trustee, and parties in interest in connection with the Chapter 11 Cases and the Sale; (v) obtained entry of orders approving the Debtors' retention and employment of certain estate professionals [Docket Nos. 129, 130, 131 & 204]; (vi) obtained entry of the Bidding Procedures Order and worked with their professional advisors to solicit bids for the Assets, respond to diligence inquiries, and prepare documentation of the Sale; (vii) negotiated, obtained approval of, and closed the Sale of the Assets; (viii) prepared and filed a motion to establish bar dates for the filing of proofs of claim in the Chapter 11 Cases [Docket No. 223]; (ix) in an effort to minimize the administrative obligations of the estates, sought and obtained entry of an order authorizing the rejection of certain executory contracts and unexpired leases [Docket No. 128]; (x) worked with

the Committee to regarding the terms of a chapter 11 plan; (xi)  responded to numerous creditor inquiries and demands; and (xii) handled the myriad other tasks related to the administration of the Debtors' estates and the Chapter 11 Cases.

15.    As a result of the foregoing efforts and various others, the Debtors have been unable to devote sufficient time to review the Actions to determine if any should be removed pursuant to Bankruptcy Rule 9027(a).  Accordingly, the Debtors submit that extending the Current Removal Deadline is in the best interests of the Debtors, their estates, and creditors.  The extension sought will permit the Debtors to make more fully informed decisions concerning the removal of any Actions, and will assure that the Debtors and their estates do not forfeit rights afforded to them under 28 U.S.C. § 1452.  Furthermore, the Debtors submit that granting the extension requested herein will not prejudice the rights of their adversaries in the Actions because, in many (if not all) circumstances, such parties may not prosecute such Actions absent relief from the automatic stay. In addition, nothing herein will prejudice any party to any Action that the Debtors may ultimately attempt to remove from seeking the remand of such Action under 28 U.S.C. § 1452(b) at the appropriate time.

16.    For the reasons set forth above, the Debtors submit that extending the Current Removal Deadline through and including May 30, 2023, is necessary, prudent, and in the best interests of the Debtors, their estates, and creditors.

## **NOTICE**

17.    Notice of this Motion will be given to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) all known parties to the Actions or their counsel, if known; and (iv) parties who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, extending the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 through and including May 30, 2023, and grant such other and further relief as the Court may deem just and proper.

Dated:  February 21, 2023
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Joshua B. Brooks*
Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Joshua B. Brooks (No. 6765)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
      mlunn@ycst.com
      amielke@ycst.com
      jbrooks@ycst.com
      sborovinskaya@ycst.com

*Counsel to the Debtors and Debtors in Possession*

30121077.2