## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**:<br>**March 15, 2023 at 2:00 p.m. (ET)** |
| | **Objection Deadline**:<br>**March 8, 2023 at 4:00 p.m. (ET)** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

The above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") hereby file this motion (the "Motion") in accordance with section 365(d)(4) of title 11 of the United States Code, 11 U.S.C §§ 101–532 (the "Bankruptcy Code"), requesting entry of the proposed form of order, attached hereto as **Exhibit A** (the "Proposed Order"), extending the time by which the Debtors must decide to assume or reject unexpired leases of nonresidential real property (the "Unexpired Leases") through and including September 28, 2023. In support of the Motion, the Debtors respectfully represent and set forth as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to rule

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory and legal predicates for the relief requested herein are sections 105(a) and 365(d)(4)(b) of the Bankruptcy Code.

## BACKGROUND

### A.    General Background

3.       On November 30, 2022 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.       On December 12, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Chapter 11 Cases (the "Committee"), which was subsequently reconfigured.  *See* Docket Nos. 54, 201 & 213.  No request has been made for the appointment of a trustee or examiner in the Chapter 11 Cases.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.       Additional factual background relating to the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration*

30160822.1

*of Carol Brault in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").[2]

**B.      Sale of Substantially All of the Debtors' Assets**

6.      As discussed in the First Day Declaration, prior to the Petition Date, the Debtors commenced a marketing process to explore a sale of their assets (the "Sale Process").  To further the Sale Process, on December 7, 2022, the Debtors filed a motion [Docket No. 47] for the entry of an order approving, among other things, bidding procedures in connection with the sale of the Debtors' assets.

7.      On December 22, 2022 the Court entered its *Order (I) Approving Bidding Procedures in Connection with Sale of the Debtors' Assets and Related Bid Protections; (II) Approving Form and Manner of Notice; (III) Scheduling Auction and Sale Hearing; (IV) Authorizing Procedures Governing Assumption and Assignment of Certain Contracts and Unexpired Leases; and (V) Granting Related Relief* [Docket No. 85] (the "Bidding Procedures Order"), and the Debtors conducted a sale/marketing process in accordance with the bidding procedures.  Bids were due on January 9, 2023.

8.      On January 10, 2023, after not receiving any additional qualified bids, in accordance with the Bidding Procedures Order, the Debtors filed the *Notice of Successful Bidder* [Docket No. 149], announcing the designation of Project Crush Acquisition Corp LLC (the "Purchaser") as the Successful Bidder for the sale (the "Sale") of substantially all of the Debtors' assets (the "Assets").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

9.      On January 18, 2023, the Bankruptcy Court entered an order [Docket No. 203] (the "Sale Order") approving (a) the Sale to the Purchaser pursuant to that certain *Asset Purchase Agreement*, dated January 17, 2023 (as amended, the "APA"), which was attached to the Sale Order as Exhibit A; and (b) a settlement term sheet among the Debtors, Purchaser, and Committee, which resolved, among other things, the Committee's objection to certain vendor payments, the Sale, and which codified the Debtors' and the Committee's agreement to work in good faith to pursue a jointly proposed chapter 11 plan following the closing of the Sale.  On January 23, 2023, the Sale closed.

10.      Following the closing of the Sale, the Debtors and the Committee have been working on the terms of a chapter 11 plan that will provide for, among other things, distribution of the Debtors' remaining assets to holders of allowed claims in accordance with the priorities of the Bankruptcy Code.

## C.      Debtors' Executory Contracts and Unexpired Leases

11.      On December 16, 2022, the Debtors filed the *Debtors' First Omnibus Motion for Entry of an Order, Authorizing (I) Rejection of (A) Certain Unexpired Leases of Non-Residential Real Property and (B) Certain Executory Contracts Effective as of the Rejection Dates and (II) Abandonment of any Remaining Property Located at the Premises* [Docket No. 62] (the "First Omnibus Rejection Motion").  The Court granted the relief requested in the First Omnibus Rejection Motion on January 4, 2023 [Docket No. 128].

12.      On January 31, 2023, the Debtors filed the *Debtors' Second Omnibus Motion for Entry of an Order, Authorizing (I) Rejection of Certain Executory Contracts, Effective as of the Rejection Date* [Docket No. 219] (the "Second Omnibus Rejection Motion").  The Court granted the relief requested in the Second Omnibus Rejection Motion on February 21, 2023 [Docket No. 254].

13.    Pursuant to the APA, as approved by the Sale Order, the Purchaser shall designate certain contracts (the "Delayed Assumption Contracts") for assumption and assignment no later than termination of that certain *Transition Services Agreement* (the "TSA") entered into between certain of the Debtors and Purchaser and attached as Exhibit B-1 to the Sale Order.  Accordingly, there are certain executory contracts and unexpired leases that the Debtors will maintain (and the Purchaser will reimburse the Debtors' estates for any costs associated therewith) during the pendency of the TSA.

14.    Pursuant to section 365(d)(4), the Debtors' deadline to assume or reject Unexpired Leases is currently June 28, 2023 (the "Assumption/Rejection Deadline").  In the event that the TSA has not terminated in advance of the Assumption/Rejection Deadline, the Debtors are seeking a ninety (90) day extension of the Assumption/Rejection Deadline to preserve the rights of the Debtors and their estates to assume or reject the Unexpired Leases, as permitted by section 365(d)(4)(B)(i) of the Bankruptcy Code.  The proposed extension of time—from June 28, 2023 through and including September 28, 2023—will preserve the Debtors ability to continue to assume or reject the Unexpired Leases (as required under the APA) during the pendency of the TSA and to make informed decisions concerning such Unexpired Leases for the benefit of the Debtors' estates.[3]  Accordingly, the Debtors submit that cause exists for the relief requested herein.

---

[3]  The Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, div. FF, tit. X, section 1001(f)(1)(C) (the "365(d)(4) Amendment"), extended the Debtors' deadline to assume or reject unexpired leases of nonresidential real property under section 365(d)(4) from 120 days to 210 days.  The 365(d)(4) Amendment was scheduled to sunset on December 27, 2022.  *See* Pub. L. No. 116-260, div. FF, tit. X, section 1001(f)(2)(A).  Given that the Chapter 11 Cases were filed prior to December 27, 2022, the Assumption/Rejection Deadline is June 28, 2023.  At this time, however, the Debtors have sought an extension of such deadline, out of an abundance of caution, to ensure that the Debtors are in compliance with Bankruptcy Code section 365(d)(4).

## RELIEF REQUESTED

15.     By this Motion, the Debtors request entry of the Proposed Order, pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code, extending the Assumption/Rejection Deadline through and including September 28, 2023.  Such an extension would be without prejudice to the Debtors' rights, pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, to request a further extension of the Assumption/Rejection Deadline with the consent of the affected lessor(s).

## BASIS FOR RELIEF

16.     The Debtors submit that ample cause exists to extend the Assumption/Rejection Deadline as requested herein.  As highlighted above, as part of the Sale, the Debtors agreed to maintain certain Delayed Assumption Contracts until the termination of the TSA to permit the Purchaser to obtain certain necessary licenses and to effect an orderly transition of the Assets.  The TSA provides for certain payment and reimbursement procedures to ensure that the Debtors' estates do not bear the cost of maintaining such contracts during the pendency of the TSA. Accordingly, the Debtors seek the instant relief to ensure that the Debtors preserve their ability to assume and assign, or reject, the Unexpired Leases during the pendency of the TSA and satisfy their obligations thereunder.  The requested extension of the Assumption/Rejection Deadline is consistent with the goal of maximizing value for the Debtors' estates and will not unduly prejudice any of the lessors, as any administrative costs incurred during the pendency of the TSA will be satisfied as when due.

17.     Section 365(d)(4)(A)–(B) of the Bankruptcy Code provides that:

(A)     Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—

(i) the date that is 120 days after the date of the order for relief; or

(ii) the date of the entry of an order confirming a plan.

(B)    (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

(ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4)(A)–(B).

18.    The Third Circuit Court of Appeals has recognized that nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is warranted. *In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993); *see also Coleman Oil Co. v. Circle K Corp.* (*In re Circle K Corp.*), 127 F.3d 904, 909 (9th Cir. 1997), *cert. denied*, 118 S. Ct. 1166 (1998) (noting that bankruptcy courts often grant a debtor's request for an extension).

19.    The term "cause," as used in section 365(d)(4)(B), is not defined in the Bankruptcy Code, nor does the Bankruptcy Code establish formal criteria for evaluating a request for an extension of the initial 120-day period. Although the decision to extend a debtor's time to assume or reject unexpired leases of nonresidential real property is generally within the sound discretion of the court, in determining whether cause exists for an extension of the initial 120-day period, courts have relied on several factors, including the following:

(1) whether the debtor was paying for the use of the property;

(2) whether the debtor's continued occupation . . . could damage the lessor beyond the compensation available under the Bankruptcy Code;

(3) whether the lease is the debtor's primary asset; and

(4) the complexity of the bankruptcy case, including the number of
leases the debtor must evaluate.

*See S. St. Seaport L.P. v. Burger Boys, Inc.* (*In re Burger Boys, Inc.*), 94 F.3d 755,760–61 (2d Cir.

1996) (citing *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105–06 (2d Cir. 1982)); *see also In*

*re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987) (considering, among other factors,

the complexity of the case facing debtor and the number of leases the debtor must evaluate);

*Channel Home Ctrs. Inc.*, 989 F.2d at 689 ("[I]t is permissible for a bankruptcy court to consider

a particular debtor's need for more time in order to analyze leases in light of the plan it is

formulating." (citing *Wedtech*, 72 B.R at 471–72)).

20.     The above factors weigh in favor of extending the time within which the Debtors

may assume or reject the Unexpired Leases.

21.     *First*, lessors of nonresidential real property are receiving timely payment of all rent

coming due after the Petition Date, as required by section 365(d)(3) of the Bankruptcy Code.

*Second*, the lessors will not be damaged by continued occupation of the leased premises during the

proposed extended period given that all undisputed obligations under the Unexpired Leases that

arise after the Petition Date are being performed in a timely manner, to the extent required by

section 365(d)(3) of the Bankruptcy Code, and subject to the Purchaser obtaining necessary

licenses, the Purchaser is positioned to continue as a business partner for the lessors on a go-

forward basis.  *Third*, the Debtors' inventory is stored at the leased facilities and, as a result, the

Unexpired Leases represent important assets of the Debtors' estates that were material to the

Purchaser's decision to purchase the Debtors' businesses.  *Fourth*, the licensing issues arising in

the context of the APA and TSA inject a level of complexity that requires that the Debtors to have

additional time to comply with its obligations and determine whether to assume or reject the

Unexpired Leases.  To that end, the Debtors have been working with the Purchaser to ensure a

smooth transition of the Assets, and will continue to work diligently toward achieving termination of the TSA.

22.     Further the Debtors' landlords have been provided ample notice of the Debtors' Sale and potential assumption of executory contracts [Docket Nos. 86, 91, 99, 141, 191 & 203], and none have objected or otherwise responded to the proposed Sale, assumption of contracts, or related issues and documents as it relates to the Unexpired Leases.  As such, the Debtors' request for an extension of time to assume or reject the Unexpired Leases will not prejudice or otherwise affect the substantive rights of the landlords.  *See,* e.g., *Chapman Inv. Assocs. v. Am. Healthcare Mgmt.* (*In re Am. Healthcare Mgmt., Inc.*), 900 F.2d 827, 832 (5th Cir. 1990) (stating that "an order extending the time for a debtor to assume or reject a lease merely preserves the status quo") (quoting *In re Victoria Station Inc.*, 875 F.2d 1380, 1386 (9th Cir. 1989)); *In re Bon Ton Rest. & Pastry Shop, Inc.*, 52 B.R. 850, 854–55 (Bankr. N.D. Ill. 1985) (concluding that a lessor who received continuing monthly rent payments was not prejudiced by an extension of the section 365(d)(4) deadline).

23.     Based on the foregoing, the Debtors submit that cause exists for an extension of the Assumption/Rejection Deadline.  Absent an extension of the Assumption/Rejection Deadline, the Debtors may not be able to comply with their obligations under the TSA, potentially subjecting the Debtors' estates to additional costs and burdens.  Rather, the Debtors should have a full opportunity to preserve optionality with respect to the Unexpired Leases for the period through and including September 28, 2023.  Accordingly, the Debtors submit that the requested extension of the Assumption/Rejection Deadline should be granted.

## NOTICE

Notice of this Motion will be provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) the affected lessors; and (iv) all parties that, as of the filing of this Motion, have

30160822.1

requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature

of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, and (b) grant such other and further relief as is just and proper.

Dated:  March 1, 2023
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Shella Borovinskaya*
Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Joshua B. Brooks (No. 6765)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
       mlunn@ycst.com
       amielke@ycst.com
       jbrooks@ycst.com
       sborovinskaya@ycst.com

*Counsel to the Debtors and Debtors in Possession*