# EXHIBIT 1

**Revised Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 223** |

### ORDER (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND (II) APPROVING THE FORM, TIMING, AND MANNER OF NOTICE THEREOF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for the entry of an order, pursuant to sections 501, 502, and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 3003(c)(3), and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) establishing deadlines for filing proofs of claim and (ii) approving the form, timing, and manner of notice of such deadlines; and upon consideration of the record of the Chapter 11 Cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 28, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

United States Constitution; and it appearing that venue of the Chapter 11 Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Except as otherwise provided herein, (i) **5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after entry of this Order is established as the General Bar Date**, (ii) **May 30, 2023 at 5:00 p.m. (prevailing Eastern Time) is established as the Government Bar Date**, and (iii) **5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after entry of this Order is established as the Administrative Claims Bar Date**.  The Debtors shall file a copy of the Bar Date Notice on the docket of the Chapter 11 Cases that identifies the Bar Dates.

3.      If the Debtors file an amendment to or supplement their Schedules subsequent to the mailing of the Bar Date Notice to reduce the undisputed, noncontingent, and liquidated amount of a claim, to change the nature, priority, or classification of a claim, or to add a new claim, they will provide notice of any such amendment or supplement to the holders of the claims affected thereby within five (5) business days of such filing.  Holders of the claims affected by any such amendments must file Proofs of Claim with respect to such claims on or before the later of (i) the General Bar Date, the Government Bar Date, or the Administrative Claims Bar Date, as applicable, and (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days after the date

30146952.2

on which notice is served (the "Supplemental Schedules Bar Date"); *provided, however*, that any affected party who filed a Proof of Claim prior to the date when the Debtors file an amendment or supplement to their Schedules shall not be required to file another Proof of Claim if the claim set forth in such Proof of Claim is not affected by the amendment or supplementation.

4.     Any counterparty or other party in interest asserting a claim or claims against the Debtors arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection on or before the later of (i) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the date of entry of an order approving the rejection of the executory contract or unexpired lease and (ii) the General Bar Date (the "Rejection Bar Date" and with the General Bar Date, Government Bar Date, the Supplemental Schedules Bar Date, and the Supplemental Bar Date (as defined in paragraph 8 of this Order) the "Bar Dates"). Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim (other than a rejection damages claim) on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease must file a Proof of Claim for such amounts on or before the General Bar Date, the Government Bar Date, or the Administrative Claims Bar Date, as applicable, unless such party is expressly excluded from filing a Proof of Claim by this Order.

5.     The following persons or entities are **not** required to file a Proof of Claim on or before the General Bar Date, the Government Bar Date, or the Administrative Claims Bar Date, as applicable:

> (a)     any person or entity whose claim is listed on the Schedules and (i) whose claim is not described therein as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount, priority, or nature of the claim as set forth in the Schedules, and (iii) who does not dispute that the claim as listed in the Schedules is an obligation of the specific Debtor against which the claim is listed;

(b)     any person or entity whose claim has been paid in full;

(c)     any person or entity that holds a direct or indirect interest in any of the Debtors, which interest is based exclusively upon the ownership of membership interests, or rights to purchase, sell, or subscribe to such an interest; *provided, however*, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including, without limitation, claims that arise out of or relate to the ownership or purchase of an interest, or the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date unless another exception identified herein applies;[3]

(d)     any person or entity that holds a claim that has been allowed by a final order of this Court entered on or before the applicable Bar Date;

(e)     any holder of a claim for which a separate deadline is fixed by this Court;

(f)     any holder of a claim against the Debtors that has previously been properly filed with the Clerk of the Court or with the Claims Agent (utilizing a claim form that substantially conforms to the Proof of Claim Form);

(g)     any current officer or director of any of the Debtors;

(h)     any Debtor holding a claim against another Debtor;

(i)     any person or entity holding a claim for fees or expenses of professionals retained in these proceedings;

(j)     any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930; and

(k)     any other person or entity asserting a prepetition claim which by order of the Court is not required to file a proof of claim.

6.      Any person or entity that relies on the Schedules has the responsibility to determine that such person's or entity's claim is accurately listed in the Schedules.

7.      The Debtors' Claims Agent shall mail, by first class mail, the Bar Date Package on a date that is not more than three (3) business days after entry of this Order.  Each party in interest that is entitled to receive notice hereunder will receive (i) the Bar Date Notice and (ii) a Proof of

---

[3] The Debtors reserve all rights with respect to such claims, including, without limitation, to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

Claim Form, substantially in the form attached hereto as **Exhibit 2**, *provided*, *however*, that such Proof of Claim Form may, but is not required to, be customized for each creditor whose claim is listed on the Schedules (whose claim is not disputed, contingent, or unliquidated) with the creditor's name, address, and information regarding the nature, amount, and status of its claim(s) as reflected in the Schedules; *provided*, *further*, that the Debtors shall only be required to send the Bar Date Package to the Debtors' direct-to-consumer business customers (the "DTC Customers") by email and such notice of the Bar Dates shall be deemed good, adequate, and sufficient notice; *provided, further*, that the Debtors shall not be required to send the Bar Date Package to the holders of any of the Debtors' pre-paid gift cards (the "Gift Cards").

8.        After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (i) notices are returned by the post office with forwarding addresses; (ii) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to equity or interest holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (iii) additional potential claimants become known as a result of the Bar Date mailing process. If notices are returned as "return to sender" without a forwarding address (or the electronic equivalent in the case of emails), the Debtors shall not be required to send additional notices to such creditors. If the Debtors determine after the Bar Date Notice Mailing Date that additional parties should receive the Bar Date Package, then the date by which a Proof of Claim must be filed by such parties shall be the later of (i) the General Bar Date, the Government Bar Date, or the Administrative Claims Bar Date, as applicable, and (ii) twenty-one (21) days from the mailing of the Bar Date Package to such parties (the "Supplemental Bar Date").

9. The Claims Agent shall prominently display the Bar Dates and post the Proof of Claim Form, Bar Date Notice, and Notice of Assumed Obligations on its website at **https://dm.epiq11.com/Winc**.

10. In accordance with Bankruptcy Rule 2002(p)(2), the Debtor shall serve the Bar Date Package on its known creditors with foreign addresses so as to provide such creditors with not less than thirty (30) days' notice of the Bar Dates;

11. All Proofs of Claim filed against the Debtors must substantially conform to the Proof of Claim Form and all original Proofs of Claim must be received by the Claims Agent on or before the applicable Bar Date either (i) electronically through the Claims Agent's website at https://dm.epiq11.com/Winc or (ii) by first-class mail, overnight delivery service, or hand delivery at the following address:

<table>
<tr><td>If by First-Class Mail:<br>Winc, Inc. Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4419<br>Beaverton, OR 97076-4419</td><td>If by Hand Delivery or Overnight Mail:<br>Winc, Inc. Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005</td></tr>
</table>

12. Proofs of Claim will be deemed timely filed only if actually received by the Claims Agent on or before the applicable Bar Date.

13. Each Proof of Claim must:

(a) be written in the English language;

(b) denominate the claim in lawful currency of the United States as of the Petition Date;

(c) conform substantially with the Proof of Claim Form;

(d) be signed by the claimant or by an authorized agent of the claimant;

(e) indicate the particular Debtor against which the claim is asserted;

(f)    include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; *provided, however*, that a Proof of Claim may be filed without supporting documentation upon the prior written consent of the Debtors;

(g)    set forth the legal and factual basis for the alleged claim; and

(h)    with respect to any request for payment of a claim under section 503(b)(9) of the Bankruptcy Code, (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date, (ii) attach any documentation identifying which of the Debtors the goods were shipped to and the date such goods were received by such Debtors, (iii) state whether the amount asserted in the Proof of Claim represents a combination of goods and services and, if applicable, the portion of the claim that relates solely to the value of goods, and (iv) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted. Parties who wish to receive from the Claims Agent a proof of receipt of their proofs of claim, must also include with their original Proof of Claim a copy of such claim and a self-addressed and pre-stamped envelope.

14.    Parties who wish to receive from the Claims Agent a proof of receipt of their submission must also include with their original Proof of Claim a copy of such claim and a self-addressed and pre-stamped envelope.

15.    All entities asserting claims against more than one Debtor shall be required to file a separate Proof of Claim with respect to each such Debtor.

16.    All holders of claims allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates (except for a prepetition claim arising under section 503(b)(9) of the Bankruptcy Code, which must be asserted by filing a Proof of Claim on or prior to the General Bar Date) shall be required to file a Proof of Claim prior to the Administrative Claims Bar Date.

17.    Unless otherwise ordered by the Court, any holder of a claim against any of the Debtors who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order

on or before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in the Chapter 11 Cases.

18.    Notice of the Bar Date Package shall be deemed good, adequate, and sufficient notice if it is served as provided for herein, upon the following Bar Date Notice Parties:

(a)    the U.S. Trustee;

(b)    counsel to the Committee;

(c)    all known holders of claims listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time);

(d)    all parties known to the Debtors as having potential claims against any of the Debtors' estates;

(e)    all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time);

(f)    all parties to litigation with any of the Debtors (as of the date of the entry of the Bar Date Order);

(g)    all parties who have requested notice pursuant to Bankruptcy Rule 2002;

(h)    the Internal Revenue Service;

(i)    all regulatory agencies that have jurisdiction over the Debtors;

(j)    all applicable state and local tax authorities and all environmental authorities listed in the Debtors' statement of financial affairs, as required by Local Rule 2002-1(e);

(k)    the Debtors' current officers, members, managers, and employees;

(l)    the DTC Customers;

(m)    the Debtors' former officers, members, managers, and employees (to the extent that contact information for such former officers, members, managers, and employees is available in the Debtors' records) for the two years prior to the Petition Date; and

(n)    all holders of equity interests in the Debtors.

30146952.2

19.     The Bar Date Notice and Proof of Claim Form, each substantially in the forms annexed hereto as **Exhibit 1**, and **Exhibit 2**, respectively, are approved in all respects.

20.     Pursuant to Bankruptcy Rule 2002(1), the Court finds that notice by mail to all potential creditors is impracticable and therefore the Debtors shall, within five (5) business days of the Bar Date Notice Mailing Date, publish the Bar Date Notice, with such changes as may be required for publication, once in the national edition of *The New York Times* (or similar national news publication), which publication is hereby approved in all respects and which shall be deemed good, adequate, and sufficient publication notice of the Bar Dates.

21.     Prior to mailing the Bar Date Package and publishing the Bar Date Notice, the Debtors may cause to be filled in any missing dates and other information, correct any typographical errors, conform the provisions thereof to this Order, and make such other non-material changes to the Bar Date Notice and the Proof of Claim Form as the Debtors deem necessary or appropriate.

22.     Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to (i) dispute and/or object to any prepetition claim reflected in the Schedules (or any amendments thereto) or any Proof of Claim filed in the Chapter 11 Cases on any grounds; (ii) to assert offsets, recoupment rights or defenses with respect to any claim, including but not limited to amount, liability, classification, or otherwise; (iii) to assert any defenses related to substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers; or (iv) to assert defenses to any claim based on, and/or subsequently designated any claim as, disputed, contingent, unliquidated, or undetermined.

30146952.2

23.     Notification of the relief granted in this Order as provided herein is fair and reasonable and is approved, and will provide good, sufficient, and proper notice to all creditors in connection with claims they may have against any of the Debtors in the Chapter 11 Cases.

24.     Entry of this Order is without prejudice to the rights of the Debtors and their estates to seek a further order of this Court fixing the date by which holders of claims not subject to the Bar Dates established herein must file such claims against the Debtors.

25.     The Debtors and the Claims Agent are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

26.     The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

30146952.2

## EXHIBIT 1

**Bar Date Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ___** |

**NOTICE OF (I) DEADLINE FOR FILING OF PROOFS OF CLAIM BY CREDITORS ON OR BEFORE [●], 2023 AT 5:00 P.M. AND (II) DEADLINE REQUIRING FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS ON OR BEFORE MAY 30, 2023 AT 5:00 P.M.**

The United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), has entered an order [Docket No. [___]] (the "Bar Date Order") establishing (i) **April [●], 2023 at 5:00 p.m. (prevailing Eastern Time)** as the deadline by which each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, must file a proof of claim (each, a "Proof of Claim") based on any asserted claims against the Debtors that arose prior to the Petition Date (as defined below), *including requests for allowance and payment of claims under section 503(b)(9) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532* (the "Bankruptcy Code") *for goods delivered and received by the Debtors in the 20 days prior to the Petition Date* (the "General Bar Date"), (ii) **May 30, 2023 at 5:00 p.m. (prevailing Eastern Time)** as the deadline by which any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) must file Proofs of Claim against the Debtors (the "Government Bar Date"), and (iii) **April [●], 2023 at 5:00 p.m. (prevailing Eastern Time)** as the deadline by which any holder of a claim allowable under section 503(b) or 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates that arose during the period from the Petition Date (as defined below) through an including January 31, 2023 must file Proofs of Claim against the Debtors (the "Administrative Claims Bar Date" and together with the General Bar Date, the Government Bar Date, the Rejection Bar Date (as defined below), the Supplemental Schedules Bar Date (as defined below), and the Supplemental Bar Date (as defined below) the "Bar Dates").  The Bar Date Order, the Bar Dates, as applicable, and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors that arose prior to November 30, 2022 (the "Petition Date"), on which day each of the Debtors commenced chapter 11 cases under the Bankruptcy Code (the "Chapter 11 Cases").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

## 1.    WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a Proof of Claim to vote on any chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim (as defined in section 101(5) of the Bankruptcy Code) that arose prior to the Petition Date and it is not one of the other types of claims described in Section 2 below.  Acts or omissions of the Debtors that arose before the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2.    PARTIES WHO NEED NOT FILE A PROOF OF CLAIM

The following persons or entities are ***not required*** to file a Proof of Claim on or before the applicable Bar Date:

(a)    any person or entity whose claim is listed on the Debtors' *Schedules of Asset and Liabilities* [Docket Nos. 93, 95, and 97] (the "Schedules") and (i) whose claim is not described therein as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount, priority, or nature of the claim as set forth in the Schedules, and (iii) who does not dispute that the claim as listed in the Schedules is an obligation of the specific Debtor against which the claim is listed;

(b)    any person or entity whose claim has been paid in full;

(c)    any person or entity that holds a direct or indirect interest in any of the Debtors, which interest is based exclusively upon the ownership of membership interests, or rights to purchase, sell, or subscribe to such an interest; *provided, however*, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including, without limitation, claims that arise out of or relate to the ownership or purchase of an interest, or the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date unless another exception identified herein applies;[2]

(d)    any person or entity that holds a claim that has been allowed by a final order of this Court entered on or before the applicable Bar Date;

(e)    any holder of a claim for which a separate deadline is fixed by this Court;

---

[2]  The Debtors reserve all rights with respect to such claims, including, without limitation, to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

(f)     any holder of a claim against the Debtors that has previously been properly filed with the Clerk of the Court or with the Claims Agent (utilizing a claim form that substantially conforms to the Proof of Claim Form);

(g)     any current officer or director of any of the Debtors;

(h)     any Debtor holding a claim against another Debtor;

(i)     any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930; and

(j)     any other person or entity asserting a prepetition claim which by order of the Court is not required to file a proof of claim.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors, but may not have a claim against the Debtors.  The fact that you have received this Notice does not mean that you have a claim against the Debtors or that the Debtors or the Court believe that you have such a claim.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST ANY OF THE DEBTORS.**

If the Debtors amend or supplement their Schedules subsequent to the mailing of this Bar Date Notice to reduce the undisputed, noncontingent, and liquidated amount of a claim, to change the nature, priority, or classification of a claim, or to add a new claim, they will provide notice of any amendment or supplement of their Schedules to the holders of the claims affected thereby within five (5) business days of filing any such amendment or supplement.  Holders of the claims affected thereby must file Proofs of Claim with respect to such claims by the later of (i) the applicable Bar Date and (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days from the date on which notice is served (the "Supplemental Schedules Bar Date"); *provided, however*, that any affected party who filed a Proof of Claim prior to the date when the Debtors file an amendment or supplement to their Schedules shall not be required to file another Proof of Claim if the claim set forth in such Proof of Claim is not affected by the amendment or supplementation.

**3.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising from the rejection of an executory contract or unexpired lease, then you must file a Proof of Claim based on such rejection on or before the later of (i) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the date of entry of an order approving the rejection of the executory contract or unexpired lease or (ii) the General Bar Date (the "Rejection Bar Date").  Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you assert a claim (other than a rejection damages claim) on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease, you must file a Proof of Claim for such amounts on or before the General Bar Date or Government Bar Date, as applicable, unless you are expressly excluded from filing a Proof of Claim by the Bar Date Order.

**4.     WHEN AND WHERE TO FILE**

All original Proofs of Claim must be filed so as to be received on or before the applicable Bar Date at 5:00 p.m. (prevailing Eastern Time) either (i) electronically through the Claims

Agent's website at https://dm.epiq11.com/Winc or (ii) by first-class mail, overnight delivery service, or hand delivery at the following address:

<table>
<tr><td align="center">If by First-Class Mail:<br>Winc, Inc. Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4419<br>Beaverton, OR 97076-4419</td><td align="center">If by Hand Delivery or Overnight Mail:<br>Winc, Inc. Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005</td></tr>
</table>

**PROOFS OF CLAIM WILL BE DEEMED TIMELY FILED ONLY IF <u>ACTUALLY RECEIVED</u> BY THE CLAIMS AGENT ON OR BEFORE THE APPLICABLE BAR DATE AT 5:00 P.M. (PREVAILING EASTERN TIME).  PROOFS OF CLAIM MAY NOT BE DELIVERED BY FACSIMILE, TELECOPY, OR EMAIL.**

5.      <u>**WHAT TO FILE**</u>

The Debtors are enclosing a proof of claim form (the "Proof of Claim Form") for use in the Chapter 11 Cases.  If your claim is scheduled by the Debtors (and not scheduled as disputed, contingent, or unliquidated), the form also may set forth the amount of your claim as scheduled by the Debtors and the specific Debtor against which the claim is scheduled.  You will receive a different Proof of Claim Form for each claim scheduled in your name by the Debtors.  You may use utilize the proof of claim form(s) provided by the Debtors to file your claim.

**IF YOU FILE A PROOF OF CLAIM, YOUR FILED PROOF OF CLAIM MUST (I) BE WRITTEN IN THE ENGLISH LANGUAGE; (II) DENOMINATE THE CLAIM IN LAWFUL CURRENCY OF THE UNITED STATES AS OF THE PETITION DATE; (III) CONFORM SUBSTANTIALLY WITH THE PROOF OF CLAIM FORM; (IV) BE SIGNED BY THE CLAIMANT OR BY AN AUTHORIZED AGENT OF THE CLAIMANT; (V) INDICATE THE PARTICULAR DEBTOR AGAINST WHICH THE CLAIM IS ASSERTED; (VI) SET FORTH THE LEGAL AND FACTUAL BASIS FOR THE ALLEGED CLAIM; AND (VII) INCLUDE SUPPORTING DOCUMENTATION (OR, IF SUCH DOCUMENTATION IS VOLUMINOUS, INCLUDE A SUMMARY OF SUCH DOCUMENTATION) OR AN EXPLANATION AS TO WHY SUCH DOCUMENTATION IS NOT AVAILABLE; *PROVIDED, HOWEVER*, THAT A PROOF OF CLAIM MAY BE FILED WITHOUT SUPPORTING DOCUMENTATION UPON THE PRIOR WRITTEN CONSENT OF THE DEBTORS.**

Vendors of goods may be entitled to assert claims arising prior to the Petition Date under section 503(b)(9) of the Bankruptcy Code to the extent that they delivered goods to the Debtors within the 20-day period prior to the Petition Date.  The Court has deemed the filing of a proof of claim as satisfying the procedural requirements for asserting such a claim arising under section 503(b)(9) of the Bankruptcy Code.  In addition to meeting all the other requirements of the immediately preceding paragraph above, any Proof of Claim asserting a section 503(b)(9) claim must (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date, (ii) attach any documentation identifying which of the Debtors the goods were shipped to and the date such goods were received by such Debtors, (iii) state whether the amount asserted in the Proof of Claim represents a combination of goods and services and, if applicable, the portion of the claim that relates solely to the value of goods, and (iv) attach any

documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted.

Holders of all claims must use the Proof of Claim Form.  Proof of Claim Forms may be obtained from the Claims Agent website: **https://dm.epiq11.com/Winc**.  Proof of Claim Forms may also be obtained from the Court's website: www.deb.uscourts.gov.

6.    **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

**EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTION 2 ABOVE, OR UNLESS OTHERWISE ORDERED BY THE COURT, ANY HOLDER OF A CLAIM AGAINST ANY OF THE DEBTORS WHO IS REQUIRED, BUT FAILS, TO FILE A PROOF OF SUCH CLAIM IN ACCORDANCE WITH THE BAR DATE ORDER ON OR BEFORE THE APPLICABLE BAR DATE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTIONS IN THE CHAPTER 11 CASES.**

7.    **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Schedules.  Copies of the Schedules and the Bar Date Order may be examined by interested parties on the Court's electronic docket for the Chapter 11 Cases, which is available at http://www.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov).  Additionally, electronic copies of the Schedules and the Bar Date Order may be viewed free of charge at the Debtors' Claims Agent's website at https://dm.epiq11.com/Winc.  Copies of the Schedules may also be examined by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

30146952.2

8. **ADDITIONAL INFORMATION**

If you require additional information regarding the contents hereof, you may contact the Claims Agent's restructuring center for the Debtors by phone at (855) 608-2412 (U.S. and Canada) or +1 (503) 461-3028 (Outside the U.S.) or by email at WincInfo@epiqglobal.com.  Please be advised that the Claims Agent is not permitted to provide legal advice.

Dated:  March [____], 2023
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Joshua B. Brooks*
Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Joshua B. Brooks (No. 6765)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email: mnestor@ycst.com
      mlunn@ycst.com
      amielke@ycst.com
      jbrooks@ycst.com
      sborovinskaya@ycst.com

*Counsel to the Debtors and*
*Debtors in Possession*

## **EXHIBIT 2**

**Proof of Claim Form**

**Winc, Inc., Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4419**
**Beaverton, OR 97076-4419**

To submit your form online please go to https://dm.epiq11.com/cases/WNC under "Case Actions."

**Name of Debtor:**

**Case Number:**

☐ Check box if the address on the envelope sent to you by the court needs to be updated.  Identify your replacement address in Part 1 (Section 3) below.

**For Court Use Only**

# Proof of Claim (Official Form 410)

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

**2.   Has this claim been acquired from someone else?**   ☐ No   ☐ Yes.   From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name _____ | Name _____ |
| Number        Street _____ | Number        Street _____ |
| City                    State           ZIP Code | City                    State           ZIP Code |
| Country (if International): _____ | Country (if International): _____ |
| Contact phone: _____ | Contact phone: _____ |
| Contact email: _____ | Contact email: _____ |

**4.   Does this claim amend one already filed?**

☐ No

☐ Yes.   Claim number on court claims register (if known) _____

Filed on _____
MM   / DD   / YYYY

**5.   Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes.   Who made the earlier filing?

_____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6.   Do you have any number you use to identify the debtor?**

☐ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____  ____  ____  ____

**7.   How much is the claim?**

$_____.

**Does this amount include interest or other charges?**

☐ No

☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.   What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other.  Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                                 $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)    _____%

☐ Fixed    ☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes.  *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier.  11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(_____) that applies.

*  Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes.  Identify the property:

_____

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. Indicate the amount of your **claim arising from the value of any goods received by the Debtors within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtors in the ordinary course of such Debtors' business.** Attach documentation supporting such claim.

$_____

---

**14.  Is all or part of the claim an administrative expense arising on or after November 30, 2022 through and including January 31, 2023?**

☐ No

☐ Yes.  Indicate the amount of your **administrative expense claim incurred or arising on or after November 30, 2022 through and including January 31, 2023.** Attach documentation supporting such claim.

$_____

---

**Part 3:**    **Sign Below**

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                        MM / DD / YYYY        Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
        First name            Middle name            Last name

Title _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number        Street

_____
        City                        State        ZIP Code

Contact Phone _____        Email _____

# Instructions for Proof of Claim

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571

### How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.
- **In the caption at the top of the form, check the box of the Debtor against whom you are asserting a claim. If you assert a claim against more than one Debtor you must file a separate claim for each such Debtor.** The full list of debtors is provided under the overview section on the Claims Agent's website: https://dm.epiq11.com/Winc
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any supporting documents to the form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. If such documentation is voluminous, you may include a summary of such documentation; provided, that, upon the request for additional documentation, you shall be required to transmit such written documentation no later than five (5) business days following the date of such request. If such documentation is unavailable, provide an explanation as to why such documentation is unavailable. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**
- **A Proof of Claim form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State).* See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (https://dm.epiq11.com/winc) to view your filed form under "Claims."

### Where to Send Proof of Claim Form

**First-Class Mail:**
**Winc, Inc.**
**Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4419**
**Beaverton, OR 97076-4419**

**Hand Delivery or Overnight Mail:**
**Winc, Inc.**
**Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**10300 SW Allen Blvd.**
**Beaverton, OR 97005**

**Electronic Filing:**
**By accessing the E-filing Claims link at**
**https://dm.epiq11.com/Winc**

### Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A Proof of Claim form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the Proof of Claim form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

Do not file these instructions with your form.