# **EXHIBIT 1**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No.** ___ |

**NOTICE OF (I) DEADLINE FOR FILING OF PROOFS OF CLAIM BY CREDITORS ON OR BEFORE [●], 2023 AT 5:00 P.M. AND (II) DEADLINE REQUIRING FILING OF PROOFS**
<u>**OF CLAIM BY GOVERNMENTAL UNITS ON OR BEFORE MAY 30, 2023 AT 5:00 P.M.**</u>

The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>"), having jurisdiction over the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), has entered an order [Docket No. [____]] (the "<u>Bar Date Order</u>") establishing (i) **April [●], 2023 at 5:00 p.m. (prevailing Eastern Time)** as the deadline by which each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, must file a proof of claim (each, a "<u>Proof of Claim</u>") based on any asserted claims against the Debtors that arose prior to the Petition Date (as defined below), ***including requests for allowance and payment of claims under section 503(b)(9) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532*** (the "<u>Bankruptcy Code</u>") ***for goods delivered and received by the Debtors in the 20 days prior to the Petition Date*** (the "<u>General Bar Date</u>"), (ii) **May 30, 2023 at 5:00 p.m. (prevailing Eastern Time)** as the deadline by which any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) must file Proofs of Claim against the Debtors (the "<u>Government Bar Date</u>"), and (iii) **April [●], 2023 at 5:00 p.m. (prevailing Eastern Time)** as the deadline by which any holder of a claim allowable under section 503(b) or 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates that arose during the period from the Petition Date (as defined below) through an including January 31, 2023 must file Proofs of Claim against the Debtors (the "<u>Administrative Claims Bar Date</u>" and together with the General Bar Date, the Government Bar Date, the Rejection Bar Date (as defined below), the Supplemental Schedules Bar Date (as defined below), and the Supplemental Bar Date (as defined below) the "<u>Bar Dates</u>"). The Bar Date Order, the Bar Dates, as applicable, and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors that arose prior to November 30, 2022 (the "<u>Petition Date</u>"), on which day each of the Debtors commenced chapter 11 cases under the Bankruptcy Code (the "<u>Chapter 11 Cases</u>").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

1. **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim to vote on any chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim (as defined in section 101(5) of the Bankruptcy Code) that arose prior to the Petition Date and it is not one of the other types of claims described in Section 2 below. Acts or omissions of the Debtors that arose before the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2. **PARTIES WHO NEED NOT FILE A PROOF OF CLAIM**

The following persons or entities are *not required* to file a Proof of Claim on or before the applicable Bar Date:

(a) any person or entity whose claim is listed on the Debtors' *Schedules of Asset and Liabilities* [Docket Nos. 93, 95, and 97] (the "Schedules") and (i) whose claim is not described therein as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount, priority, or nature of the claim as set forth in the Schedules, and (iii) who does not dispute that the claim as listed in the Schedules is an obligation of the specific Debtor against which the claim is listed;

(b) any person or entity whose claim has been paid in full;

(c) any person or entity that holds a direct or indirect interest in any of the Debtors, which interest is based exclusively upon the ownership of membership interests, or rights to purchase, sell, or subscribe to such an interest; *provided, however*, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including, without limitation, claims that arise out of or relate to the ownership or purchase of an interest, or the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date unless another exception identified herein applies;[2]

(d) any person or entity that holds a claim that has been allowed by a final order of this Court entered on or before the applicable Bar Date;

(e) any holder of a claim for which a separate deadline is fixed by this Court;

---

[2] The Debtors reserve all rights with respect to such claims, including, without limitation, to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

30146952.2

2

(f) any holder of a claim against the Debtors that has previously been properly filed with the Clerk of the Court or with the Claims Agent (utilizing a claim form that substantially conforms to the Proof of Claim Form);

(g) any current officer or director of any of the Debtors;

(h) any Debtor holding a claim against another Debtor;

(i) any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930; and

(j) any other person or entity asserting a prepetition claim which by order of the Court is not required to file a proof of claim.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors, but may not have a claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim against the Debtors or that the Debtors or the Court believe that you have such a claim.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST ANY OF THE DEBTORS.**

If the Debtors amend or supplement their Schedules subsequent to the mailing of this Bar Date Notice to reduce the undisputed, noncontingent, and liquidated amount of a claim, to change the nature, priority, or classification of a claim, or to add a new claim, they will provide notice of any amendment or supplement of their Schedules to the holders of the claims affected thereby within five (5) business days of filing any such amendment or supplement. Holders of the claims affected thereby must file Proofs of Claim with respect to such claims by the later of (i) the applicable Bar Date and (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days from the date on which notice is served (the "Supplemental Schedules Bar Date"); *provided, however*, that any affected party who filed a Proof of Claim prior to the date when the Debtors file an amendment or supplement to their Schedules shall not be required to file another Proof of Claim if the claim set forth in such Proof of Claim is not affected by the amendment or supplementation.

3. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising from the rejection of an executory contract or unexpired lease, then you must file a Proof of Claim based on such rejection on or before the later of (i) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the date of entry of an order approving the rejection of the executory contract or unexpired lease or (ii) the General Bar Date (the "Rejection Bar Date"). Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you assert a claim (other than a rejection damages claim) on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease, you must file a Proof of Claim for such amounts on or before the General Bar Date or Government Bar Date, as applicable, unless you are expressly excluded from filing a Proof of Claim by the Bar Date Order.

4. **WHEN AND WHERE TO FILE**

All original Proofs of Claim must be filed so as to be received on or before the applicable Bar Date at 5:00 p.m. (prevailing Eastern Time) either (i) electronically through the Claims

30146952.2

3

Agent's website at https://dm.epiq11.com/Winc or (ii) by first-class mail, overnight delivery service, or hand delivery at the following address:

|  |  |
|---|---|
| <u>If by First-Class Mail</u>:<br>Winc, Inc. Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4419<br>Beaverton, OR 97076-4419 | <u>If by Hand Delivery or Overnight Mail</u>:<br>Winc, Inc. Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

**PROOFS OF CLAIM WILL BE DEEMED TIMELY FILED ONLY IF <u>ACTUALLY RECEIVED</u> BY THE CLAIMS AGENT ON OR BEFORE THE APPLICABLE BAR DATE AT 5:00 P.M. (PREVAILING EASTERN TIME). PROOFS OF CLAIM MAY NOT BE DELIVERED BY FACSIMILE, TELECOPY, OR EMAIL.**

5. **WHAT TO FILE**

The Debtors are enclosing a proof of claim form (the "<u>Proof of Claim Form</u>") for use in the Chapter 11 Cases. If your claim is scheduled by the Debtors (and not scheduled as disputed, contingent, or unliquidated), the form also may set forth the amount of your claim as scheduled by the Debtors and the specific Debtor against which the claim is scheduled. You will receive a different Proof of Claim Form for each claim scheduled in your name by the Debtors. You may use utilize the proof of claim form(s) provided by the Debtors to file your claim.

**IF YOU FILE A PROOF OF CLAIM, YOUR FILED PROOF OF CLAIM MUST (I) BE WRITTEN IN THE ENGLISH LANGUAGE; (II) DENOMINATE THE CLAIM IN LAWFUL CURRENCY OF THE UNITED STATES AS OF THE PETITION DATE; (III) CONFORM SUBSTANTIALLY WITH THE PROOF OF CLAIM FORM; (IV) BE SIGNED BY THE CLAIMANT OR BY AN AUTHORIZED AGENT OF THE CLAIMANT; (V) INDICATE THE PARTICULAR DEBTOR AGAINST WHICH THE CLAIM IS ASSERTED; (VI) SET FORTH THE LEGAL AND FACTUAL BASIS FOR THE ALLEGED CLAIM; AND (VII) INCLUDE SUPPORTING DOCUMENTATION (OR, IF SUCH DOCUMENTATION IS VOLUMINOUS, INCLUDE A SUMMARY OF SUCH DOCUMENTATION) OR AN EXPLANATION AS TO WHY SUCH DOCUMENTATION IS NOT AVAILABLE; *PROVIDED, HOWEVER*, THAT A PROOF OF CLAIM MAY BE FILED WITHOUT SUPPORTING DOCUMENTATION UPON THE PRIOR WRITTEN CONSENT OF THE DEBTORS.**

Vendors of goods may be entitled to assert claims arising prior to the Petition Date under section 503(b)(9) of the Bankruptcy Code to the extent that they delivered goods to the Debtors within the 20-day period prior to the Petition Date. The Court has deemed the filing of a proof of claim as satisfying the procedural requirements for asserting such a claim arising under section 503(b)(9) of the Bankruptcy Code. In addition to meeting all the other requirements of the immediately preceding paragraph above, any Proof of Claim asserting a section 503(b)(9) claim must (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date, (ii) attach any documentation identifying which of the Debtors the goods were shipped to and the date such goods were received by such Debtors, (iii) state whether the amount asserted in the Proof of Claim represents a combination of goods and services and, if applicable, the portion of the claim that relates solely to the value of goods, and (iv) attach any

documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted.

Holders of all claims must use the Proof of Claim Form. Proof of Claim Forms may be obtained from the Claims Agent website: **https://dm.epiq11.com/Winc**. Proof of Claim Forms may also be obtained from the Court's website: www.deb.uscourts.gov.

### 6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

**EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTION 2 ABOVE, OR UNLESS OTHERWISE ORDERED BY THE COURT, ANY HOLDER OF A CLAIM AGAINST ANY OF THE DEBTORS WHO IS REQUIRED, BUT FAILS, TO FILE A PROOF OF SUCH CLAIM IN ACCORDANCE WITH THE BAR DATE ORDER ON OR BEFORE THE APPLICABLE BAR DATE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTIONS IN THE CHAPTER 11 CASES.**

### 7. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against the Debtors in the Schedules. Copies of the Schedules and the Bar Date Order may be examined by interested parties on the Court's electronic docket for the Chapter 11 Cases, which is available at http://www.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov). Additionally, electronic copies of the Schedules and the Bar Date Order may be viewed free of charge at the Debtors' Claims Agent's website at https://dm.epiq11.com/Winc. Copies of the Schedules may also be examined by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

30146952.2

**8.      ADDITIONAL INFORMATION**

If you require additional information regarding the contents hereof, you may contact the Claims Agent's restructuring center for the Debtors by phone at (855) 608-2412 (U.S. and Canada) or +1 (503) 461-3028 (Outside the U.S.) or by email at WincInfo@epiqglobal.com.  Please be advised that the Claims Agent is not permitted to provide legal advice.

| | |
|---|---|
| Dated:  March [___], 2023<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Joshua B. Brooks*<br>Michael R. Nestor (No. 3526)<br>Matthew B. Lunn (No. 4119)<br>Allison S. Mielke (No. 5934)<br>Joshua B. Brooks (No. 6765)<br>Shella Borovinskaya (No. 6758)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 571-6600<br>Facsimile:  (302) 571-1253<br>Email:  mnestor@ycst.com<br>           mlunn@ycst.com<br>           amielke@ycst.com<br>           jbrooks@ycst.com<br>           sborovinskaya@ycst.com<br><br>*Counsel to the Debtors and*<br>*Debtors in Possession* |

30146952.2

6