**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.:  22-11238 (LSS)<br>(Jointly Administered)<br><br>**Hearing Date: May 16, 2023 @ 2:30 pm (ET)**<br>**Objection Deadline: May 4, 2023 @ 4:00 pm (ET)** |

**SUMMARY OF FIRST INTERIM FEE APPLICATION[2] OF COHNREZNICK LLP AS FINANCIAL ADVISORS AND COHNREZNICK CAPITAL MARKETS SECURITIES, LLC AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM DECEMBER 20, 2022 THROUGH FEBRUARY 28, 2023**

| | |
|---|---|
| **Name of Applicant:** | CohnReznick LLP and CohnReznick Capital Markets Securities, LLC |
| **Authorized to Provide Professional Services to:** | Official Committee of Unsecured Creditors |
| **Date of Retention:** | *February 10, 2023 nunc pro tunc* to December 20, 2022 |
| **Prior Applications:** | 0 |
| **Period for which Compensation and Reimbursement is Sought:** | December 20, 2022 through February 28, 2023 (the "First Interim Period") |
| **Amount of Compensation Sought as Actual, Reasonable and Necessary During the First Interim Period (Including Holdbacks):** | $179,077.50[3] |
| **Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary During the First Interim Period:** | $380.50 |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2]  CohnReznick LLP ("CohnReznick") and CohnReznick Capital Market Securities, LLC ("CRC") (collectively, "CohnReznick") files this First Interim Fee Application in compliance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* Docket No. 126.

[3]  As an accommodation to the Committee, the normal billing rates for CohnReznick LLP ("CR") and for CohnReznick Capital Markets Securities, LLC ("CRC") (collectively, "CohnReznick") are capped at a blended rate of $675.00 per hour. Due to CohnReznick's capped blended rate of $675 per hour, the 1st monthly statement application reflects a reduction of excess fees of $9,134.50 and the 2nd monthly statement application reflects a reduction of excess fees of $31,684.50, for a total carry over of excess fees in the amount of $40,819.00. The amount of $11,898.50 has been applied from the excess carry over to the 3rd monthly statement application for the month of February 2023. After applying a portion of the carry over, the excess fee carry-over balance is $28,920.50 and remains to be used.

| | |
|---|---|
| **Total Compensation and Expense Reimbursement Requested During the First Interim Period (Including Holdbacks):** | $179,458.00 |
| **Compensation Sought in this Application Previously Paid Pursuant to Interim Compensation Order But Not Yet Allowed:** | $105,948.00 |
| **Expenses Sought in this Application Previously Paid Pursuant to Interim Compensation Order But Not Yet Allowed (100% of Expenses):** | $380.50 |
| **Total Compensation and Expenses Sought in this Application Previously Paid Pursuant to the Interim Compensation Order But Not Yet Allowed:** | $106,328.50 |
| **Total Compensation and Expenses Sought in this Application Not Yet Paid:** | $73,129.50 |
| **Total Amount of Compensation Previously Awarded by the Court:** | $0.00 |
| **Total Amount of Expense Reimbursement Previously Awarded by the Court:** | $0.00 |
| **Capped Blended Rate (All Timekeepers)** | $675.00[3] |
| **Number of Timekeepers Included in this Application:** | 7 (5 professionals and 2 paraprofessionals) |
| **Number of Timekeepers Billing Fewer than 15 Hours to the Case During the First Interim Period:** | 2 |
| **Increase in Rates Since Date of Retention** | 0 |
| **This is a[n]☐ monthly ☑ interim ☐ final application** | |

*[Remainder of Page Left Intentionally Blank]*

## SUMMARY OF PRIOR MONTHLY APPLICATIONS

| Monthly / Date Filed / Docket No. | Period Covered | Fees and Expenses Requested | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Remaining Unpaid (inclusive of Holdback Fees) | |
| | | Fees Requested at 100% | Expenses Requested | Fees Allowed / Awarded at 80% | Expenses Awarded | Fees | Expenses | Fees | Expenses |
|---|---|---|---|---|---|---|---|---|---|
| 1st Monthly Application 2/14/23 DI #239 | 12/20/22 - 12/31/22 | $52,177.50 | $0.00 | $41,742.00 | $0.00 | $41,742.00 | | $10,435.50 | |
| 2nd Monthly Application 2/14/23 DI#240 | 01/01/23 – 01/31/23 | $80,257.50 | $380.50 | $64,206.00 | $380.50 | $64,586.50 | | $16,051.50 | |
| 3rd Monthly Application 4/13/23 DI#320 | 02/01/23 – 02/28/23 | $46,642.50[4] | $0.00 | Pending | Pending | $0.00 Objections due May 3, 2023 | | $0.00 Objections due May 3, 2023 | |

Summary of Any Objections to Monthly Fee Statements:  None

Compensation and Expenses Sought in This Application Not Yet Paid: $73,129.50

*[Remainder of Page Left Intentionally Blank]*

---

[4] The fees and expenses requested in the *Third Monthly Application of CohnReznick LLP As Financial Advisors And CohnReznick Capital Markets Securities, LLC As Investment Banker To The Official Committee Of Unsecured Creditors For Interim Allowance Of Compensation And Reimbursement Of Expenses For Services Rendered During The Period From February 1, 2023 Through February 28, 2023* (the, "Third Monthly Application") [Docket No. 320] have not yet been approved. To the extent the Third Monthly Application is approved before the hearing on this Interim Fee Application, CohnReznick seeks payment of the holdback fees associated with such Third Monthly Application.

## SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| Date Filed and Docket No. | Period Covered | Fees and Expenses Requested | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Remaining Unpaid | |
|---|---|---|---|---|---|---|---|---|---|
| | | Fees Requested | Expenses Requested | Fees Awarded | Expenses Awarded | Fees | Expenses | Fees | Expenses |
| NO PREVIOUS APPLICATIONS | | | | | | | | | |
| | | | | | | | | | |

## SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS
## FIRST INTERIM FEE APPLICATION
## DECEMBER 20, 2022 THROUGH AND INCLUDING FEBRUARY 28, 2023

| Name of Professional | Title/Position | Total Hours | Hourly Billing Rate* | Total Compensation |
|---|---|---|---|---|
| Kevin Clancy | Partner | 66.7 | $995 | $66,366.50 |
| Vinni Toppi | Partner | 50.7 | $995 | $50,446.50 |
| Jeffrey Manning | CRC Managing Director, CTP | 45.0 | $925 | $41,625.00 |
| Molly Jobe | Director | 27.1 | $875 | $23,712.50 |
| Lydia Swonke | Senior Associate | 11.3 | $575 | $6,497.50 |
| Paula Lourenco | Paraprofessional | 58.1 | $300 | $17,430.00 |
| Maria Valle | Paraprofessional | 6.4 | $300 | $1,920.00 |
| | **Total** | **265.3** | | $207,998.00 |
| Carry-Over Reduction of Excess Fees*/[3] | | | | $(28,920.50)[3] |
| Blended Fees after Carry-Over*/[3] | | | | $179,077.50 |
| | | | | |
| | | | | **$179,077.50** |
| Capped Blended Rate (All Timekeepers) | | | $675.00*/[3] | |
| | | | | |
| * As an accommodation to the Committee, the normal hourly billing rates for CohnReznick LLP and for CohnReznick Capital Markets Securities, LLC are capped at a blended rate of $675 per hour. | | | | |

| SUMMARY BY ACTIVITY CODE CATEGORY<br>FIRST INTERIM FEE APPLICATION<br>DECEMBER 20, 2022 THROUGH AND INCLUDING FEBRUARY 28, 2023 | | |
|---|---|---|
| **Description** | **Hours** | **Fees** |
| Analyze Assets and Liabilities | 4.3 | $4,158.50 |
| Analyze/Reconcile Claims | 1.7 | $1,691.50 |
| Attendance at Committee Meetings | 8.4 | $7,910.00 |
| Case Administration (including retention matters) | 20.2 | $8,626.50 |
| DIP Facility | 17.5 | $16,539.50 |
| Dividend Analysis | 5.9 | $5,606.50 |
| Document Request/Response | 7.3 | $7,144.50 |
| Document Review/Index | 34.4 | $15,463.00 |
| Evaluate Sale of Debtors' Assets/Liquidation | 24.8 | $23,652.00 |
| General Telephone Conference | 5.4 | $5,123.00 |
| Litigation Matters/Attendance at Court | 7.3 | $6,930.50 |
| Monthly and Interim Fee Applications | 20.4 | $8,066.00 |
| Operating Reports/Results | 1.0 | $995.00 |
| Other Contested Matters | 4.5 | $4,162.50 |
| Plan and Disclosure Statement | 23.5 | $22,993.50 |
| Prepare/Review Cash Collateral Budgets | 0.2 | $199.00 |
| Prepare/Review Cashflow Projections | 3.1 | $3,084.50 |
| Prepare/Review Flash Report for Period Ending | 13.7 | $13,319.50 |
| Review of Proposed Transactions of Debtors | 25.6 | $22,323.00 |
| Review/Analyze Budget | 8.0 | $7,756.00 |
| Review/Analyze Historical Information | 16.1 | $11,153.50 |
| Travel at 50% of actual | 12.0 | $11,100.00 |
| **Services Total:** | **265.3** | **$207,998.00** |

## EXPENSE SUMMARY
## FIRST INTERIM FEE APPLICATION
## DECEMBER 20, 2022 THROUGH AND INCLUDING FEBRUARY 28, 2023

| Expense Category | Service Provider | Total Expenses |
|---|---|---|
| Pacer | | $380.50 |
| | **TOTAL EXPENSES** | **$380.50** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*, | Case No.:  22-11238 (LSS) (Jointly Administered) |
| Debtors.[5] | **Hearing Date: May 16, 2023 @ 2:30 pm (ET)** **Objection Deadline: May 4, 2023 @ 4:00 pm (ET)** |

**FIRST INTERIM FEE APPLICATION OF COHNREZNICK LLP AS FINANCIAL ADVISORS AND COHNREZNICK CAPITAL MARKETS SECURITIES, LLC AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM DECEMBER 20, 2022 THROUGH FEBRUARY 28, 2023**

1.      CohnReznick LLP ("CohnReznick"), as Financial Advisors and CohnReznick Capital Markets Securities, LLC ("CRC"), as investment banker (collectively, "CohnReznick") to the Official Committee of Unsecured Creditors (the "Committee") of Winc, Inc. ("Winc") and its debtor affiliates (collectively, the "Debtors"), hereby submits its first application (the "Application") pursuant to (i) sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Procedure for the District of Delaware (the "Local Rules"), (iv) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 126] (the "Compensation Order"), and (v) the *Guidelines for Reviewing Applications for Compensation Filed Under 11 U.S.C. § 330*, effective May 17, 1996 (the "Guidelines") for interim allowance of compensation for services

---

[5]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

rendered to the Committee for the period December 20, 2022 through and including February 28, 2023 (the "<u>First Interim Period</u>") and for reimbursement of expenses incurred in connection therewith. In support of this Application and pursuant to Local Rule 2016-2, CohnReznick submits the declaration of Kevin P. Clancy of CR, which declaration is attached hereto as **Exhibit A** and incorporated by reference into this Application. Also, in support of this Application and pursuant to Local Rule 2016-2, CRC submits the declaration of Jeffrey R. Manning, Sr., of CRC, which declaration is attached hereto as **Exhibit A1** and incorporated by reference into this Application. In further support of this Application, CohnReznick respectfully represents as follows:

### JURISDICTION

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are Bankruptcy Code sections 1103 and 330, Bankruptcy Rule 2016, and Local Rule 2016-2.

### BACKGROUND

5.      On December 1, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      On December 12, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") notified the Court that it had appointed the Committee in accordance with 11 U.S.C. § 1102. [Docket. No. 54].  On March 16, 2023, the U.S. Trustee filed *Third Amended Notice of Appointment of Committee of Unsecured Creditors* pursuant to § 1102(a)(1). [Docket No. 299].

7.      On December 15, 2022, the Committee selected Arent Fox LLP and A.M. Saccullo Legal, LLC, as its proposed counsel in these cases.

8.      On December 20, 2022, the Committee selected CohnReznick as its financial advisors and CRC as its investment banker in these cases.

9.      On February 10, 2023, the Court approved the retention of CohnReznick *nunc pro tunc* to December 20, 2022 [Docket No. 174].

## PRIOR MONTHLY APPLICATIONS FILED
## DURING THE FIRST INTERIM PERIOD

10.      On February 14, 2023, CohnReznick filed and served the *First Monthly Application of CohnReznick LLP As Financial Advisors and CohnReznick Capital Market Securities, LLC As Investment Banker To The Official Committee Of Unsecured Creditors For Interim Allowance Of Compensation And Reimbursement Of Expenses For Services Rendered During The Period From December 20, 2022 Through December 31, 2022* [Docket No. 239] (the "First Monthly Application"), pursuant to which CohnReznick sought payment of (i) $41,742.00 (80% of $52,177.50) as compensation for professional services rendered, and (ii) $0.00 for reimbursement of expenses. CohnReznick did not receive any objections to the First Monthly Application and received payment in respect thereof on March 10, 2023.

11.     On February 14, 2023, CohnReznick filed and served the *Second Monthly Application of CohnReznick LLP As Financial Advisors and CohnReznick Capital Market Securities, LLC As Investment Banker To The Official Committee Of Unsecured Creditors For Interim Allowance Of Compensation And Reimbursement Of Expenses For Services Rendered During The Period From January 1, 2023 Through January 31, 2023* [Docket No. 240] (the "Second Monthly Application"), pursuant to which CohnReznick sought payment of (i) $64,206.00 (80% of $80,257.50) as compensation for professional services rendered, and (ii) $380.50 for reimbursement of expenses. CohnReznick did not receive any objections to the Second Monthly Application and received payment in respect thereof on March 10, 2023.

12.     On April 13, 2023, CohnReznick filed and served the *Third Monthly Application of CohnReznick LLP As Financial Advisors and CohnReznick Capital Market Securities, LLC As Investment Banker To The Official Committee Of Unsecured Creditors For Interim Allowance Of Compensation And Reimbursement Of Expenses For Services Rendered During The Period From February 1, 2023 Through February 28, 2023* [Docket No. 320] (the "Third Monthly Application"), pursuant to which CohnReznick sought payment of (i) $37,314.00 (80% of $46,642.50) as compensation for professional services rendered, and (ii) $0.00 for reimbursement of expenses. As of the date of this Application, CohnReznick has not received any objections to the Third Monthly Application.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

13.     By this application, CohnReznick requests (i) interim allowance and award of compensation for the professional services rendered by CohnReznick as financial advisors and CRC as investment banker during the First Interim Period in the amount of $179,077.50[6], representing 200.8 hours of professional services and 64.5 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by CohnReznick during the First Interim Period in connection with the rendition of such professional and paraprofessional services in the amount of $380.50.

14.     The fees charged by CohnReznick and CRC in the Chapter 11 Cases are billed in accordance with CohnReznick and CRC's existing billing rates and procedures in effect during the First Interim Period. The rates CohnReznick and CRC charge for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates CohnReznick and CRC charge for professionals and paraprofessionals services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

15.     CohnReznick seeks payment of one hundred percent (100%) of its fees (inclusive of the holdbacks) and of its expenses relating to services rendered during the First Interim Period.

---

[6] As an accommodation to the Committee, the normal billing rates for CohnReznick LLP ("CR") and for CohnReznick Capital Markets Securities, LLC ("CRC") (collectively, "CohnReznick") are capped at a blended rate of $675.00 per hour. Due to CohnReznick's capped blended rate of $675 per hour, the 1st monthly statement application reflects a reduction of excess fees of $9,134.50 and the 2nd monthly statement application reflects a reduction of excess fees of $31,684.50, for a total carry over of excess fees in the amount of $40,819.00. The amount of $11,898.50 has been applied from the excess carry over to the 3rd monthly statement application for the month of February 2023. After applying a portion of the carry over, the excess fee carry-over balance is $28,920.50 and remains to be used.

16.    In accordance with the Compensation Order, CohnReznick received payment of an amount equal to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the First and Second Monthly Applications.

17.    CohnReznick has received no other payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application for the First Interim Period.  Pursuant to Bankruptcy Rule 2016(a), CohnReznick has not shared, nor has CohnReznick agreed to share, (i) any compensation it has received or may receive with another party or person other than with the partners and principals or (ii) any compensation another person or party has received or may receive in these chapter 11 cases.

18.    All services for which compensation is requested by CohnReznick were performed for or on behalf of the Committee.

## SUMMARY OF SERVICES RENDERED

19.    This application provides a brief summary of the services rendered by CohnReznick on behalf of the Committee during the First Interim Period by category.  While it is not possible or practical to describe each and every activity undertaken by CohnReznick, CohnReznick maintains contemporaneous time records which include a detailed chronology of the daily services rendered describing the precise nature of the work, the specific tasks performed, and the time expended by each professional and paraprofessional.  A summary of compensation by timekeeper is annexed hereto as **Exhibit B**, and a summary of compensation requested by project category is annexed hereto as **Exhibit C** for the First Interim Period in this Application.

20.     The itemized time records recorded in increments of one-tenth of an hour for CohnReznick professionals and paraprofessionals performing services during the First Interim Period by project category is annexed hereto in **Exhibit D.**

21.     In classifying services into tasks, CohnReznick attempted to place the services performed in the category that most closely relate to the services provided.

22.     Moreover, the following summary of services rendered during the First Interim Period is not intended to be a detailed description of the work performed.  Rather, it merely is an attempt to highlight certain of those areas in which services were rendered, as well as to identify certain of the matters and issues that CohnReznick was required to address during the First Interim Period.

### A.  Analyze Assets and Liabilities

| Total Hours | Fees |
|:---:|:---:|
| 4.3 | $4,158.50 |

23.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) reviewed, analyzed liability and related documents, and (ii) communicated with counsel and other professionals regarding liability and related issues; and (iii) performing other necessary tasks.

### B.  Analyze/Reconcile Claims

| Total Hours | Fees |
|:---:|:---:|
| 1.7 | $1,691.50 |

24.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) communicated with other professionals regarding

claim analysis and related information, (ii) reviewed, prepared summary of creditors and (iii) performing other necessary tasks.

### C.    Attendance at Committee Meetings

| Total Hours | Fees |
|:---:|:---:|
| 8.4 | $7,910.00 |

25.    During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) oral communications with committee counsel, committee and professionals on status, updates and related discussions, and (ii) attending to other necessary related tasks.

### D.   Case Administration (including retention matters)

| Total Hours | Fees |
|:---:|:---:|
| 20.2 | $8,626.50 |

26.    During the Compensation Period, CohnReznick expended time attending to various case administration matters in furtherance of these Chapter 11 Cases, including, among others, (i) conducting oral and written communications with counsel for the Committee to discuss and review pending tasks and other work in progress, (ii) communicated with committee counsel to discuss status of retention and related information, (iii) reviewed, analyzed and prepared retention documents, (iv) conducted internal and external calls with other professionals to discuss retention and related information, (v) communications with committee counsel and other professionals to discuss first and second monthly statements, applications and related information, and (vi) performing other necessary administrative tasks.  CohnReznick's attention to the administrative matters reflected in this category enabled CohnReznick's team to coordinate in an efficient manner.

### E.  DIP Facility

| Total Hours | Fees |
|---|---|
| 17.5 | $16,539.50 |

27.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) reviewed, analyzed DIP proposal and related information, (ii) conducted oral and written communications with counsel for the Committee regarding DIP budget; (iii) communicated with counsel for the committee on hearing preparation and related information, (iv) reviewed, analyzed and prepared responses to proposal vendor payments and related information, (v) reviewed, analyzed vendor schedules, payments, inventory and related documents; (vi) internal and external communications with professionals on critical vendor payments, updates and related information, (vii) conducted oral and written communications with counsel for the Committee regarding CV payments, vendor schedules, inventory and related documents, and (viii) performed other necessary and related tasks.

### F.   Dividend Analysis

| Total Hours | Fees |
|---|---|
| 5.9 | $5,606.50 |

28.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) conducting oral and written communications with counsel for the Committee to discuss and review waterfall analysis and related information, (ii) conducted internal and external calls with other professionals to discuss waterfall analysis, calculations and related information, and (iii) performed other necessary and related tasks.

### G.  Document Request/Response

| Total Hours | Fees |
|---|---|
| 7.3 | $7,144.50 |

29.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) communicated with Debtors' professionals regarding document requests, data access and related information, (ii) reviewed, analyzed document production and related information, (iii) reviewing and analyzing document information, (iv) conducted internal and external calls with other professionals to discuss production of documents and related issues, (v) document hold letter review, and (vi) performed other necessary tasks related to document requests/response.

### H.  Document Review/Index

| Total Hours | Fees |
|:-----------:|:----:|
| 34.4 | $15,463.00 |

30.     During the Compensation Period, CohnReznick expended time devoted to reviewing and analyzing information, including, among others, (i) reviewed and analyzed court docket pleadings and related information, (ii) performed other necessary document review, document index related to motions, objections and related information, (iii) reviewed professionals' fees and related information, (iv) performed other necessary document review, and related information, and (v) performed other necessary related tasks.

### I.  Evaluate Sale of Debtors' Assets/Liquidation

| Total Hours | Fees |
|:-----------:|:----:|
| 24.8 | $23,652.00 |

31.     During the Compensation Period, CohnReznick expended time attending to various activities related to review Debtors' assets, including, among others, (i) reviewed, analyzed inventory appraisal and related information, (ii) written and oral communication with committee counsel regarding sale process, strategy and related issues, (iii) review, analyze options of sale versus liquidation processes, (iv) written and oral communication with committee counsel

regarding bidding interests and status updates, (v) reviewed, analyzed settlement scenarios and related documents, (vi) internal and external communications with committee counsel and professionals regarding sale, next steps and related discussions, and (vii) performing other necessary tasks.                    .

### J.  General Telephone Conference

| Total Hours | Fees |
|---|---|
| 5.4 | $5,123.00 |

32.     During the Compensation Period, CohnReznick expended time, (i) communicating with committee counsel and other professionals to discuss pending hearing and related information, (ii) communicating with committee counsel and other professionals to discuss draft term sheets and related information, and (iii)  performing other necessary tasks.

### K.  Litigation Matters/Attendance at Court

| Total Hours | Fees |
|---|---|
| 7.3 | $6,930.50 |

33.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others (i) reviewed and prepared deposition questions and related topic information, (ii) reviewed, analyzed documents, exhibits for deposition and related information, (iii) communicated with committee counsel regarding depositions and related discussions, and (iv) performed other related tasks.

### L.  Monthly and Interim Fee Applications

| Total Hours | Fees |
|---|---|
| 20.4 | $8,066.00 |

34.     During the Compensation Period, CohnReznick expended time in this category, including among others (i) communicating with committee counsel and other professionals to

regarding its monthly fee statement applications and related information in accordance with the interim compensation order, (ii)  review and analysis of documents for preparation of its first and second monthly statement applications/fee statements; (iii) communicated with committee counsel regarding monthly fee statements/applications and timeline, and (iv) performing other necessary tasks.

### M. Operating Reports/Results

| Total Hours | Fees |
|:---:|:---:|
| 1.0 | $995.00 |

35.     During the Compensation Period, CohnReznick expended *de minimis* amount of time in this category, including, among others (i) reviewed and analysis of monthly operating reports and related information; (ii) communicated with committee counsel regarding monthly operating reports, and (iii) performed other related tasks.

### N.  Other Contested Matters

| Total Hours | Fees |
|:---:|:---:|
| 4.5 | $4,162.50 |

36.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others (i) reviewed and prepared Declaration and related information in opposition to sales and investment banking fee, (ii) corresponded with committee counsel on review of declaration pre-filing, and (iii) performed other related tasks.

### O.  Plan and Disclosure Statement

| Total Hours | Fees |
|:---:|:---:|
| 23.5 | $22,993.50 |

37.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others (i) communications with committee counsel regarding

plan of reorganization and trust agreement, (ii) oral and written communications with committee counsel regarding analysis of options and strategy regarding plan terms and plan process and settlement discussions, (iii) oral and written communications with other professionals regarding settlement structures and related discussions, (iv) oral and written communications with counsel regarding settlement proposals and related information, and (v) performed other related tasks.

### P.  Prepare/Review Cash Collateral Budgets

| Total Hours | Fees |
|---|---|
| 0.2 | $199.00 |

38.    During the Compensation Period, CohnReznick expended *de minimis* time in this category related to services, (i) professional fee reserve.

### Q.  Prepare/Review Cashflow Projections

| Total Hours | Fees |
|---|---|
| 3.1 | $3,084.50 |

39.    During the Compensation Period, CohnReznick expended time in this category related to services, including, among others (i) review, correspond with counsel regarding waterfall analysis and information required from Debtors, and (ii) performed other related tasks.

### R.  Prepare/Review Flash Report for Period Ending

| Total Hours | Fees |
|---|---|
| 13.7 | $13,319.50 |

40.    During the Compensation Period, CohnReznick expended time in this category related to services, including, among others (i) reviewed, prepared, updated flash report for Committee, (ii) internal and external communications with committee counsel and professionals regarding report for Committee, updates and related information, and (iii) performed other related tasks.

### S.  Review of Proposed Transactions of Debtors

| Total Hours | Fees |
|---|---|
| 25.6 | $22,323.00 |

41.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) oral and written communication with committee counsel regarding waterfall analysis and related information, (ii) oral and written communication with professionals regarding waterfall analysis and related discussions, (iii) review, analysis of assumed liability schedules submitted by debtors, (iv) written and oral communication with committee counsel regarding draft objection and related information, (v) communicated with committee counsel and other professionals regarding operations, inventory spend and related issues, (vi) review, analyze proposed orders and related information (vii) review, analysis of draft objections and related information, (viii) review, analysis of monthly operating reports filed by debtors, and (ix) performing other necessary tasks.

### T.  Review/Analyze Budget

| Total Hours | Fees |
|---|---|
| 8.0 | $7,756.00 |

42.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) communicated with committee counsel and other professionals regarding historical reporting and required analysis, (ii) reviewed, analyzed balance sheet statements for 10Ks and 10Qs and related, and (iii) performing other necessary related tasks.

### U.    Review/Analyze Historical Information

| Total Hours | Fees |
|---|---|
| 16.1 | $11,153.50 |

43.    During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) reviewed, analyzed financials for 2020 and 2021 and related documents, (ii) communicated with committee counsel and other professionals regarding historical reporting and required analysis, (iii) reviewed, analyzed balance sheet statements for 10Ks and 10Qs and related, and (iv) performing other necessary related tasks.

### V.    Travel at 50% of actual

| Total Hours | Fees |
|:---:|:---:|
| 12.0 | $11,100.00 |

44.    During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) travel to and from meeting, and (ii) performing other necessary related tasks.

### ACTUAL AND NECESSARY EXPENSES

45.    During the First Interim Period CohnReznick incurred $380.50 in expenses on behalf of the Committee. A summary that itemizes all expenses that CohnReznick advanced on behalf of the Committee during the First Interim Period and lists them by category is annexed hereto as **Exhibit E.**

46.    In connection with the reimbursement of actual, reasonable and necessary expenses, it is CohnReznick's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to CohnReznick's clients include, among other things, telephone and telecopier, toll and other charges, mail and express mail charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, out-of-town travel expenses, and computerized research. CohnReznick charges Debtors' estate for these

expenses at rates consistent with those charged to CohnReznick's other bankruptcy clients, which rates are equal to or less than the rates charged by CohnReznick to its non-bankruptcy clients. CohnReznick believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. In providing a reimbursable expense, CohnReznick does not make a profit on that expense, whether the service is performed by CohnReznick in-house or through a third party.

### STATUTORY BASIS FOR COMPENSATION

47.     The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016.  CohnReznick seeks compensation for actual, necessary professional services rendered and reimbursement of reasonable expenses incurred on behalf of the Committee during the First Interim Period.

48.     Section 331 of the Bankruptcy Code permits professionals employed by the Bankruptcy Court to apply for interim compensation under the standards set forth in section 330. Section 330(a)(1) of the Bankruptcy Code allows for the following: "(A) reasonable compensation for actual, necessary services rendered by. . . [an] professional and by any paraprofessional person employed by such [attorney]; and (B) reimbursement for actual, necessary expenses."

49.     Section 330(a)(3)(A) of the Bankruptcy Code provides that,

In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonably based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title [11].

11  U.S.C. § 330(a)(3).

50.    The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy  specialists to practice in the bankruptcy courts.") (citations and internal quotations omitted).

51.    In assessing the "reasonableness" of the fees requested, courts have looked to a number of factors, including those first enumerated by the Fifth Circuit in *Am. Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of Am.*), 544 F.2d 1291, 1298-99 (5th Cir. 1977), superseded by statute as stated in *Barron & Newburger, P.C. v. Tex. Skyline, Ltd.* (*In re Woerner*), 783 F.3d 266 (5th Cir. 2015), and thereafter adopted by most courts. *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212-13 (Bankr. S.D.N.Y 1986) (same); *see generally* 3

Collier on Bankruptcy ¶ 330.03[9] (enumerating *First Colonial* and *Johnson* as the "leading cases to be considered in determining a reasonable allowance of compensation").

52.     As demonstrated in CohnReznick's itemized time records for the First Interim Period, the services were performed efficiently and effectively and were done at the request of the Committee in furtherance of the fiduciary obligations or statutory duty of the Committee and were necessary and beneficial to the bankruptcy estates.  CohnReznick believes that the foregoing rates for the services rendered are in accordance with the market rates that the majority of professional services firms charge their clients for such services.

53.     CohnReznick respectfully submits that a consideration of these factors should result in the Court's allowance of the full compensation sought in this Application.

    a.  <u>Time and Labor Required</u>.  CohnReznick billed a total of 200.8 hours of professional services and 64.5 hours of paraprofessional and other non-legal services during the First Interim Period.  As evidenced by this Application, CohnReznick professionals and paraprofessionals worked diligently and efficiently without unnecessary duplication of efforts throughout the First Interim Period.  This is especially true when considering the nature and complexity of the issues that arose in the Chapter 11 Cases during the First Interim Period.

    b.  <u>Novelty and Difficulty of the Questions</u>.  The work performed by CohnReznick has involved issues of varying complexity, as described herein and, also as set forth in substantial detail in the attached billing detail.

    c.  <u>Skill Requisite to Perform the Legal Services Properly</u>. CohnReznick believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of CohnReznick's practice and its creative approach to the resolution of issues has contributed to the successful administration of the Chapter 11 Cases. The cases involve a number of complex issues which required considerable knowledge and expertise in the area of debtors' and creditors' rights under  Chapter 11 of the Bankruptcy Code.

    d.  <u>Preclusion of Other Employment by Applicant Due to Acceptance of the Case</u>.  The professionals and paraprofessionals of CohnReznick and CRC have

devoted a substantial amount of time and resources to these cases, to the possible preclusion of involvement in other matters.

e.  Customary Fee.  The rates CohnReznick charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates CohnReznick charges for professional and paraprofessional services rendered in comparable nonbankruptcy matters.  CohnReznick's fee structure also is equivalent to the fee structure used by CohnReznick for restructuring, workout, bankruptcy, insolvency and comparable matters, as well as similar complex corporate and litigation matters, whether in-court or otherwise, regardless of whether a fee application is required.  The firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise and severe time pressures, as is the case here.  CohnReznick's rate structure is similar to the rate structure used by other, similar firms that work on other, similar matters.

f.  Whether the Fee Is Fixed or Contingent.  Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are contingent pending final approval by the Court and are subject to adjustment depending upon the services rendered and the results obtained. CohnReznick and CRC accepted this engagement on an hourly basis, with no retainer. CohnReznick and CRC's fees and expenses are subject to Court approval. CohnReznick and CRC's fees, however, are not otherwise contingent.

g.  Time Limitations Imposed by the Client or Other Circumstances.  Certain deadlines have been applicable herein pursuant to Court orders and/or other provisions of Chapter 11 Cases.

h.  Amount Involved and Results Obtained.  CohnReznick professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors.

i.  Experience, Reputation and Ability of Attorneys.  CohnReznick has extensive experience in bankruptcy matters. CohnReznick and CRC's reputation and ability are well known in the industry.

j.  "Undesirability" of the Cases.  This factor is not applicable to the Chapter 11 Cases.

k.  Nature and Length of Professional Relationship.  CohnReznick and CRC were employed by the Committee on December 20, 2022 after the commencement of the Chapter 11 Cases. CohnReznick was employed to provide financial advisory services to the Committee and CRC was employed to provide investment banking services to the Committee.

l.   <u>Awards in Similar Cases</u>.   CohnReznick believes that this first interim application is in keeping with similar applications for compensation and reimbursement by financial advisors to committees and by investment bankers to the committee in other bankruptcy courts in similar cases.

54.     The above narrative portions of this Application is intended to serve as a summary recapitulation of the major areas of CohnReznick and CRC's activities and responsibilities. The exhibits provide complete recapitulation of the acts taken by CohnReznick and CRC on behalf of the Committee during the First Interim Period.

55.     For the reasons set forth above, the services rendered by CohnReznick were necessary and beneficial to the Committee and consistently performed in a timely manner.  The compensation sought in this Application is reasonable in light of the value of such services to the Committee, CohnReznick's demonstrated skill and expertise in the bankruptcy field (as well as other areas of expertise relevant to the Chapter 11 Cases) and the customary compensation charged by comparably skilled professionals at CohnReznick and CRC.  Accordingly, CohnReznick respectfully submits that the Court should approve the compensation for professional services and reimbursement of expenses sought herein.

56.     CohnReznick further states pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedures that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners and principals of CohnReznick, or (b) any compensation another person or party has received or may receive.

57.     Further, CRC states pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedures that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the principals of CRC, or (b) any compensation another person or party has received or may receive.

### STATEMENT OF COHNREZNICK

58.     The following is provided in response to the request for additional information set forth in  ¶ C.5. of the U.S. Trustee Guidelines.

    **A.**      **Did you agree to any variations from, or alternatives to, your standard customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.**

         CohnReznick and CRC's billing rates, fees, and terms for this engagement are consistent with standard billing rates, fees, and terms used for other engagements.

    **B.**      **Have any of the professionals included in this Fee Application varied their hourly rate based on the geographic location of the bankruptcy case?**

         No professional, paraprofessional or timekeeper from CohnReznick or CRC during the First Interim Period covered by this Application has varied their hourly rates based on  the geographic location of these Chapter 11 Cases.

    **C.**      **Does this fee application include time or fees related to reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify hours and fees.**

         This Application includes a reasonable amount of time and fees related to reviewing to ensure compliance with the UST Guidelines.

    **D.**      **Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.**

         This Application does not include time and fees related to reviewing time records to redact any privileged or other confidential information.

**E.**      **If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?**

No, this Application does not include a rate increase since CohnReznick and CRC's retention.

## <u>NOTICE</u>

59.      CohnReznick has served this application in accordance with the Interim Compensation Order and the Bankruptcy Rules. CohnReznick submits that no other or further notice is necessary.

*[Remainder of Page Left Intentionally Blank]*

## **CONCLUSION**

**WHEREFORE**, CohnReznick and CRC respectfully request that the Court:

(a)    approve, an interim allowance in the amount of $179,077.50 for compensation for professional services rendered to and on behalf of the Committee during the First Interim Period from December 20, 2022 through and including February 28, 2023;

(b)    approve the reimbursement of CohnReznick and CRC's out-of-pocket expenses incurred in connection with the rendering of such services during the First Interim Period from December 20, 2022 through and including February 28, 2023, in the amount of $380.50;

(c)    for a total interim award of $179,458.00; and

(d)    such other and further relief as the Court deems just, proper and equitable.

Dated: April 14, 2023
        Parsippany, New Jersey

By:    */s/ Kevin Clancy*
       14 Sylvan Way
       Parsippany, New Jersey 07054
       Phone: (732)672-0874
       Email: Kevin.Clancy@CohnReznick.com

       *Financial Advisors and Investment*
       *Bankers for the Official Committee of*
       *Unsecured Creditors*