## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**:<br>**June 26, 2023 at 2:00 p.m. (ET)** |
| | **Objection Deadline**:<br>**June 13, 2023 at 4:00 p.m. (ET)** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER,
### PURSUANT TO BANKRUPTCY RULES 9006 AND 9027,
### FURTHER EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS
### MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452

The debtors and debtors in possession (collectively, the "Debtors" ) in the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 from the current deadline of May 30, 2023 (the "Current Removal Deadline") through and including August 28, 2023.  In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to Rule 9013- 1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Rules 9006 and 9027.

## BACKGROUND

3.      On November 30, 2022 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 12, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Chapter 11 Cases (the "Committee").  *See* [Docket No. 54].  The U.S. Trustee filed amended notices of appointment for the Committee on January 18 and 25, 2023, and March 16, 2023.  *See* [Docket Nos. 201, 213, & 299].  No request has been made for the appointment of a trustee or examiner in the Chapter 11 Cases.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      Additional factual background relating to the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration*

30370211.1

*of Carol Brault in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 15]

(the "First Day Declaration").

6.      After the Petition Date, the Debtors initiated a Court-supervised bidding and sale

process (the "Sale Process") for substantially all of the Debtors' assets (the "Assets") [Docket No.

85].  The Sale Process culminated in the sale (the "Sale") of the Assets to Project Crush Acquisition

Corp LLC [Docket No. 149] (the "Purchaser") which was approved by the Court pursuant to an

order entered on January 18, 2023 [Docket No. 203] (the "Sale Order") and closed on January 23,

2023.

7.      Following the closing of the Sale, the Debtors and the Committee have been

working on the terms of a chapter 11 plan that will provide for, among other things, distribution

of the Debtors' remaining assets to creditors.  The Debtors have also been working with the

Purchaser to perform the Debtors' obligations under that certain *Transition Services Agreement*

(the "TSA") entered into between the Debtors and the Purchaser in connection with the Sale.

Debtor BWSC, LLC continues to operate its business pursuant to the TSA, and the Purchaser

remains obligated to satisfy related costs and expenses, as required by the TSA.

## PRIOR EXTENSION REQUEST

8.      The Court has previously granted one extension of the removal deadline

[Docket No. 296], which extended the period during which the Debtors may remove actions

pursuant to 28 U.S.C. § 1452 through and including May 30, 2023, without prejudice to the

Debtors' right to seek further extensions thereof.

## RELIEF REQUESTED

9.      By this Motion, the Debtors request entry of the Proposed Order, further extending

the period within which the Debtors may remove actions and related proceedings by approximately

30370211.1

3

ninety (90) days, through and including August 28, 2023,[2] without prejudice to the rights of the

Debtors and their estates to seek further extensions of the time within which to remove actions and

related proceedings.

## BASIS FOR RELIEF

10.     Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil

actions.  Specifically, section 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other
> than a proceeding before the United States Tax Court or a civil action
> by a governmental unit to enforce such governmental unit's police or
> regulatory power, to the district court for the district where such civil
> action is pending, if such district court has jurisdiction of such claim or
> cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).  Bankruptcy Rule 9027(a)(2) further provides, in pertinent part that:

> [i]f the claim or cause of action in a civil action is pending when a case
> under the [Bankruptcy] Code is commenced, a notice of removal may
> be filed only within the longest of (A) 90 days after the order for relief
> in the case under the Code, (B) 30 days after entry of an order
> terminating a stay, if the claim or cause of action in a civil action has
> been stayed under § 362 of the Code, or (C) 30 days after a trustee
> qualifies in a chapter 11 reorganization case but not later than 180 days
> after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

11.     Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time

periods, such as the Debtors' removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a
> specified period by [the Bankruptcy Rules] or by a notice given
> thereunder or by order of court, the court for cause shown may at
> any time in its discretion . . . with or without motion or notice order
> the period enlarged if the request therefor is made before the
> expiration of the period originally prescribed or as extended by a
> previous order.

---

[2]  Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Current Removal Deadline shall automatically extend the Current Removal Deadline until the Court acts on this Motion without the necessity for entry of a bridge order.

Fed. R. Bankr. P. 9006(b)(1).  Accordingly, the Court is authorized to grant the relief requested herein.  *See Raff v. Gordon*, 58 B.R. 988, 991 (Bankr. E.D. Pa. 1986) (stating that the period within which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (same); *see also Doan v. Loomis (In re Fort Dodge Creamery Co.)*, 117 B.R. 438, 442–43 (Bankr. N.D. Iowa 1990) (implying that the time period within which a removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19, 26 (Bankr. N.D.N.Y. 1988) (same).

12.     The Debtors are currently unaware of any actions pending in the courts of certain states and federal districts (each, an "Action," and collectively, the "Actions").  However, out of an abundance of caution, the Debtors believe that it is prudent to seek a further extension of the time established by Bankruptcy Rule 9027 to protect the rights of the Debtors and their estates to remove any Actions, to the extent such Actions exist or the Debtors become aware of any Action, while the Chapter 11 Cases are pending.

13.     The Debtors submit that further extending the Current Removal Deadline is in the best interests of the Debtors, their estates, and their creditors.  Since the commencement of the Chapter 11 Cases, the Debtors' management and professional advisors have devoted a significant amount of effort towards maximizing the value of their estates for the benefit of all stakeholders. Since the Court entered its order establishing the Current Removal Deadline, the Debtors have been (i) working diligently with the Committee on the terms of a chapter 11 plan; (ii) evaluating claims in connection with the claims reconciliation process; (iii) responding to creditor demands; (iv) filing required financial disclosures; (v) performing obligations under the TSA; and

(vi) handling the various other tasks related to the administration of the Debtors' bankruptcy estates and the Chapter 11 Cases.

14.     The Debtors believe that it is in the best interest of their estates, and creditors to preserve the status quo and extend the Current Removal Deadline.  Such extension will afford the Debtors an opportunity to make fully informed decisions concerning the removal of any Actions, and will assure that the Debtors and their estates do not forfeit the valuable rights afforded to them under 28 U.S.C. § 1452.  Furthermore, the Debtors submit that granting the extension requested herein will not prejudice the rights of any adversaries in the Actions because such parties may not prosecute such Actions absent relief from the automatic stay.  In addition, nothing herein will prejudice any party to any Action that the Debtors may ultimately attempt to remove from seeking the remand of such Action under 28 U.S.C. § 1452(b) at the appropriate time.

15.     For the reasons set forth above, the Debtors submit that extending the Current Removal Deadline through and including August 28, 2023, is prudent and in the best interests of the Debtors, their estates, and creditors.

## **NOTICE**

16.     Notice of this Motion will be given to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) all known parties to the Actions or their counsel, if known; and (iv) parties who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, further extending the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 through and including August 28, 2023, and granting such other and further relief as the Court may deem just and proper.

Dated:  May 30, 2023
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Shella Borovinskaya*
Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Joshua B. Brooks (No. 6765)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
           mlunn@ycst.com
           amielke@ycst.com
           jbrooks@ycst.com
           sborovinskaya@ycst.com

*Counsel to the Debtors and Debtors in Possession*