**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | <u>**Hearing Date**</u>:<br>**June 26, 2023 at 2:00 p.m. (ET)** |
| | <u>**Objection Date**</u>:<br>**June 20, 2023 at 4:00 p.m. (ET)** |

**DEBTORS' AND OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' JOINT MOTION FOR ENTRY OF AN ORDER (I) APPROVING
THE COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN
ON AN INTERIM BASIS; (II) ESTABLISHING SOLICITATION AND
TABULATION PROCEDURES; (III) APPROVING THE FORM OF
BALLOT AND SOLICITATION MATERIALS; (IV) ESTABLISHING
THE VOTING RECORD DATE; (V) FIXING THE DATE, TIME, AND
PLACE FOR THE CONFIRMATION HEARING AND THE
DEADLINE FOR FILING OBJECTIONS THERETO;
<u>AND (VI) GRANTING RELATED RELIEF</u>**

The above-captioned affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") and the Official Committee of Unsecured Creditors (the "<u>Committee</u>", and together with the Debtors, the "<u>Plan Proponents</u>") appointed in these chapter 11 cases (the "<u>Chapter 11 Cases</u>") hereby file this motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Solicitation Procedures Order</u>"), (i) approving the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of Winc, Inc. and Its Affiliated Debtors* (as may be amended, modified, or supplemented, the "<u>Disclosure Statement and</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

Plan"),[2] filed contemporaneously herewith, on an interim basis; (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Disclosure Statement and Plan; (iii) approving the form of ballot and solicitation materials; (iv) establishing a voting record date; (v) fixing the date, time, and place for the combined hearing (the "Confirmation Hearing") to approve and confirm the Disclosure Statement and Plan, including approving the adequacy of the disclosures therein on a final basis, and establishing the deadline for filing objections related thereto; and (vi) granting related relief.  In support of the Motion, the Plan Proponents respectfully state as follows:[3]

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Plan Proponents consent to the entry of a final order by the Court in connection with the Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement and Plan.

[3]  A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Motion are set forth in greater detail in the *Declaration of Carol Brault in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration"), which is incorporated herein by reference.

2.      The statutory and legal predicates for the relief requested herein are sections 105(a), 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002(b), 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3017-2.

## BACKGROUND

### A.      General Background

3.      On November 30, 2022 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 12, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee, which was subsequently reconfigured. *See* Docket Nos. 54, 201 & 213.  No request has been made for the appointment of a trustee or examiner in the Chapter 11 Cases.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      Additional factual background relating to the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the First Day Declaration.

### B.      Sale of Substantially All of the Debtors' Assets

6.      As discussed in the First Day Declaration, prior to the Petition Date, the Debtors commenced a marketing process to explore a sale of their assets (the "Sale Process").  To further the Sale Process, on December 7, 2022, the Debtors filed a motion [Docket No. 47] for the entry

of an order approving, among other things, bidding procedures in connection with the sale of the Debtors' assets.

7.     On December 22, 2022, the Court entered its *Order (I) Approving Bidding Procedures in Connection with Sale of the Debtors' Assets and Related Bid Protections; (II) Approving Form and Manner of Notice; (III) Scheduling Auction and Sale Hearing; (IV) Authorizing Procedures Governing Assumption and Assignment of Certain Contracts and Unexpired Leases; and (V) Granting Related Relief* [Docket No. 85] (the "Bidding Procedures Order"), and the Debtors conducted a sale/marketing process in accordance with the bidding procedures.  Bids were due on January 9, 2023.

8.     On January 10, 2023, after not receiving any qualified bids, in accordance with the Bidding Procedures Order, the Debtors filed the *Notice of Successful Bidder* [Docket No. 149], announcing the designation of Project Crush Acquisition Corp LLC (the "Purchaser") as the Successful Bidder for the sale (the "Sale") of substantially all of the Debtors' assets.

9.     On January 18, 2023, the Bankruptcy Court entered an order [Docket No. 203] (the "Sale Order") approving (a) the Sale to the Purchaser pursuant to that certain *Asset Purchase Agreement*, dated January 17, 2023 (as amended, the "APA"), which was attached to the Sale Order as Exhibit A; and (b) a settlement term sheet among the Debtors, Purchaser, and Committee, which resolved, among other things, the Committee's objection to certain vendor payments and the Sale.  On January 23, 2023, the Sale closed.

## C.     The Disclosure Statement and Plan

10.     Concurrently with the Motion, the Plan Proponents filed the Disclosure Statement and Plan.  The Plan provides for the following classification and treatment of Claims and Interests:

| Class/ Designation | Plan Treatment | Status | Voting Rights |
|---|---|---|---|
| **Class 1**: Priority Non-Tax Claims | Each Holder of an Allowed Class 1 Priority Non-Tax Claim shall receive in full and final satisfaction and settlement of and in exchange for such Allowed Class 1 Claim: (A) Cash equal to the amount of such Allowed Priority Non-Tax Claim; or (B) such other treatment which the Debtors, Post-Effective Date Debtors, or the Creditor Trustee, as applicable, and the Holder of such Allowed Priority Non-Tax Claim have agreed upon in writing. | Unimpaired | Not Entitled to Vote (Presumed to Accept the Plan) |
| **Class 2**: Secured Claims | Each Holder of an Allowed Class 2 Secured Claim shall receive in full and final satisfaction and settlement of and in exchange for such Allowed Class 2 Secured Claim: (A) Cash equal to the amount of such Allowed Secured Claim; or (B) such other treatment which the Debtors, Post-Effective Date Debtors, or the Creditor Trustee, as applicable, and the Holder of such Allowed Secured Claim have agreed upon in writing. | Unimpaired | Not Entitled to Vote (Presumed to Accept the Plan) |
| **Class 3**: General Unsecured Claims | Unless the Holder of an Allowed Class 3 General Unsecured Claim agrees to a different treatment, as soon as practicable after the Effective Date, each Holder of an Allowed Class 3 General Unsecured Claim shall receive Cash equal to its pro rata share of the GUC Cash Distribution Amount. | Impaired | Entitled to Vote |
| **Class 4**: Intercompany Claims | Holders of Intercompany Claims shall receive no Distribution on account of their Intercompany Claims. | Impaired | Not Entitled to Vote (Deemed to Reject the Plan) |
| **Class 5(a)**: Interests in Winc | On the Effective Date, all Interests in Winc shall be cancelled as of the Effective Date, and the Holders thereof shall receive no Distribution on account of such Interests. | Impaired | Not Entitled to Vote (Deemed to Reject the Plan) |
| **Class 5(b)**: Interests in BWSC | On the Effective Date, all Interests in BWSC will be reinstated and vest in Reorganized Winc solely for corporate governance purposes, and the Holders thereof shall receive no Distribution on account of such Interests. | Impaired | Not Entitled to Vote (Deemed to Reject the Plan) |

| Class/ Designation | Plan Treatment | Status | Voting Rights |
|---|---|---|---|
| **Class 5(c):** Interests in Winc Lost Poet | On the Effective Date, all Interests in Winc Lost Poet shall be cancelled as of the Effective Date, and the Holders thereof shall receive no Distribution on account of such Interests. | Impaired | Not Entitled to Vote (Deemed to Reject the Plan) |

11.     As set forth above, Holders of Claims in Class 3 (the "<u>Voting Class</u>") are the only Holders of Claims and Interests entitled to vote on the Disclosure Statement and Plan.  All other Holders of Claims or Interests are not entitled to vote on the Disclosure Statement and Plan because those Holders either (a) hold a Claim that is not classified under the Disclosure Statement and Plan, (b) hold a Claim that is unimpaired under the Disclosure Statement and Plan and are conclusively presumed to accept the Disclosure Statement and Plan under section 1126(f) of the Bankruptcy Code, or (c) hold an Interest that is impaired under the Disclosure Statement and Plan, are not receiving a distribution, and are deemed to reject the Disclosure Statement and Plan under section 1126(g) of the Bankruptcy Code.

12.     The Disclosure Statement and Plan provide a summary of the Chapter 11 Cases, the Debtors' assets and liabilities, and an estimate of distributions to Holders on account of Allowed Claims.  The Disclosure Statement and Plan further provides Holders of Claims who are eligible to vote with sufficient detail to vote to accept or reject the Disclosure Statement and Plan on an informed basis.  Accordingly, the Plan Proponents propose the Disclosure Statement and Plan and seek a combined hearing as the most efficient means to conclude the Chapter 11 Cases.

## **RELIEF REQUESTED**

13.     By the Motion, the Plan Proponents seek entry of the Proposed Solicitation Procedures Order: (i) approving the Disclosure Statement and Plan, including the adequacy of the disclosures for purposes of solicitation, on an interim basis; (ii) establishing procedures for the

solicitation and tabulation of votes to accept or reject the Disclosure Statement and Plan; (iii) approving the form of Ballot (as defined below) and solicitation materials; (iv) establishing a voting record date; (v) fixing the date, time, and place for the Confirmation Hearing and establishing the deadline for filing objections related thereto; and (vi) granting related relief.  A summary of the key dates proposed to be established by the Proposed Solicitation Procedures Order, subject to the Court's availability, is set forth below:

| Event | Proposed Date |
|---|---|
| Voting Record Date | **June 26, 2023** (or the date the Proposed Solicitation Procedures Order is entered) |
| Date by Which Solicitation Will be Mailed | **June 29, 2023** (or within three business days of entry of the Proposed Solicitation Procedures Order) |
| Deadline to File Rule 3018 Motions | **July 13, 2023 at 4:00 p.m. (ET)** |
| Deadline for Plan Proponents to Respond to any Rule 3018 Motion | **July 20, 2023 at 4:00 p.m. (ET)** |
| Deadline to File Plan Supplement | **July 20, 2023** |
| Voting Deadline | **July 27, 2023 at 4:00 p.m. (ET)** |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosures | **July 27, 2023 at 4:00 p.m. (ET)** |
| Deadline to File Confirmation Brief and any Replies in Support of Confirmation | **August 1, 2023 at 12:00 p.m. (ET)** (or two business days prior to the Confirmation Hearing) |
| Confirmation Hearing | **August 3, 2023** (or as soon as possible thereafter) |

## BASIS FOR RELIEF

**A.**     **Interim Approval of the Disclosure Statement and Plan for Solicitation Purposes**

14.    Local Rule 3017-2 prescribes necessary information and other requirements for interim approval of the Disclosure Statement and Plan for solicitation purposes.  *See* Del. Bankr. L.R. 3017-2(b) (identifying certain requirements for interim approval of a combined disclosure

statement and plan for solicitation purposes). The Plan Proponents submit that the information and procedures set forth in the Motion satisfy the requirements of Local Rule 3017-2 because the Plan Proponents propose a liquidating plan and the Motion, Disclosure Statement and Plan provides (as applicable), among other things, (i) a period of at least fourteen (14) days to object to the relief requested in the Motion; (ii) service of the Motion upon the U.S. Trustee, the U.S. Securities and Exchange Commission, and all parties entitled to notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002; (iii) publication of notices in the Chapter 11 Cases, including notice of the Confirmation Hearing, on the home page of the website of the Debtors' claims agent, Epiq Corporate Restructuring, LLC ("Epiq" or the Voting Agent"); (iv) certain voting procedures, as detailed below; (v) a certification that final approval of the adequacy and confirmation of the Disclosure Statement and Plan will comply with Bankruptcy Rule 2002(b); and (vi) a proposed order, which establishes, among other things, a voting record date and a voting deadline that is not more than ten (10) days before the Confirmation Hearing, in satisfaction of Local Rule 3017-2(c). *See* Del. Bankr. L.R. 3017(c) (mandating the establishment of a voting record date and a voting deadline in a proposed solicitation procedures order).

15.     Section 1125 of the Bankruptcy Code requires that a disclosure statement be approved by the bankruptcy court as containing "adequate information" prior to a debtor's solicitation of acceptances or rejections of a plan. 11 U.S.C. § 1125(b). "Adequate information" is defined in the Bankruptcy Code as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

16.    In evaluating whether a disclosure statement provides "adequate information," courts adhere to Bankruptcy Code's instruction that making this determination is a flexible exercise based on the facts and circumstances of each case and is within the broad discretion of the court.  *See, e.g.*, *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321–22 (3d Cir. 2003); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of New York v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case."); *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991) (stating that a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.").

17.    The Disclosure Statement and Plan provides the pertinent information necessary for eligible Holders of Claims to make an informed decision about whether to vote to accept or reject the Disclosure Statement and Plan.  Specifically, the Disclosure Statement and Plan provides, among other things, information regarding:

- an overview of the major events that occurred prior to, and during the course of, these Chapter 11 Cases (Article III);
- a summary of the classification and treatment of all Classes of Claims and Interests (Article VII);
- an estimate of distributions to the Holders of Allowed Claims (Article X);
- the provisions governing distributions under the Disclosure Statement and Plan (Article X); and

- the means for implementation of the Disclosure Statement and Plan (Article IX).

18.     The Plan Proponents respectfully submit that the Disclosure Statement and Plan complies with all aspects of section 1125 of the Bankruptcy Code.  However, at the hearing on the Motion, the Plan Proponents seek only interim approval of the Disclosure Statement and Plan for solicitation purposes.  At the Confirmation Hearing, the Plan Proponents will demonstrate, on a final basis, that the information set forth therein contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

19.     The Plan Proponents are seeking approval of the procedures and timeline requested herein because, among other reasons, the Debtors have limited remaining assets and desire to wind down their estates in an efficient way that will maximize the funds available for distribution to stakeholders.  Accordingly, the Plan Proponents respectfully request that the Court enter the Proposed Solicitation Procedures Order approving, among other things, the Disclosure Statement and Plan on an interim basis.

20.     Any objections or proposed modifications to the interim approval of the Disclosure Statement and Plan shall (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following (collectively, the "Notice Parties"): (a) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn:  Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com); (b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE, 19801, Attn:  Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov); (c) counsel to the Committee, (i) ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019, Attn: George P. Angelich, Esq.

(george.angelich@afslaw.com); 800 Boylston Street, 32nd Floor, Boston, MA 01299, Attn: Justin A. Kesselman, Esq. (justin.kesselman@afslaw.com) and James E. Britton, Esq. (james.britton@afslaw.com), and (ii) A.M. Saccullo Legal LLC, 27 Crimson King Drive, Bear, DE 19701, Attn: Anthony M. Saccullo, Esq. (ams@saccullolegal.com) and Mark T. Hurford, Esq. (mark@saccullolegal.com), by no later than **4:00 p.m. (prevailing Eastern Time) on June 20, 2023**.

## B.    Solicitation Procedures

### i.    *Approval of Form of Solicitation Materials and Ballot*

21.    As detailed above, only one Class of Claims and Interests—Class 3 (General Unsecured Claims)—is Impaired and entitled to vote to accept or reject the Disclosure Statement and Plan. The remaining Classes (collectively, the "Non-Voting Classes") are not entitled to vote on the Disclosure Statement and Plan as they are conclusively presumed to have accepted the Disclosure Statement and Plan in accordance with section 1126(f) of the Bankruptcy Code or deemed to have rejected the Disclosure Statement and Plan in accordance with section 1126(g) of the Bankruptcy Code.

22.    Bankruptcy Rule 3017(d) identifies the materials that must be provided to holders of claims and equity interests for purposes of soliciting votes and providing adequate notice of the hearing on confirmation of a plan:

> Upon approval of a disclosure statement,—except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1)    the disclosure statement approved by the court;
>
> (2)    the plan or a court-approved summary of the plan;

(3)    notice of the time within which acceptances and rejections of the plan may be filed; and

(4)    any other information as the court may direct, including any court order approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with [Bankruptcy] Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . . .

Fed. R. Bankr. P. 3017(d).

23.    The Plan Proponents propose that the following materials be mailed no later than three (3) business days following entry of the Proposed Solicitation Procedures Order (the "Service Date") by the Debtors' claims and voting agent, Epiq, to Holders of Claims in the Voting Class (collectively, a "Solicitation Package"):

(a)    the notice of, among other things, the Confirmation Hearing and related objection procedures (the "Confirmation Notice"), substantially in the form attached to the Proposed Solicitation Procedures Order as **Exhibit 2**;

(b)    the Disclosure Statement and Plan, with all exhibits thereto;

(c)    the Solicitation Procedures Order, without exhibits,

(d)    the form of ballot attached to the Proposed Solicitation Procedures Order as **Exhibit 1** (the "Ballot");[4]

(e)    a pre-paid, pre-addressed return envelope; and

(f)    any other documents and materials that the Court may direct or approve, including supplemental materials filed by the Plan Proponents.

---

[4] The Ballot is substantially similar to Official Form No. 14, but has been modified to be consistent with the specific provisions of the Disclosure Statement and Plan and the facts of these Chapter 11 Cases.

At the discretion of the Debtors, the Disclosure Statement and Plan, and the Solicitation Procedures Order, may be provided in pdf format on a flash drive, or in paper format. The Ballot and the Confirmation Hearing Notice will be provided in paper format.

24.    The Plan Proponents request that they not be required to transmit Solicitation Packages to Holders of Claims or Interests in the Non-Voting Classes and propose sending such parties the Confirmation Notice, including by email only where the Plan Proponents have an email address for any such Holders.  Further, in lieu of mailing the Confirmation Notice to the direct to consumer ("DTC") Customers that are not holders of Class 3 Claims, the Plan Proponents propose to serve the Confirmation Notice on the DTC Customers by email service not later than three (3) business days after entry of the Solicitation Procedures Order.  The Confirmation Notice sets forth, among other things, the manner in which a copy of the Disclosure Statement and Plan and the Solicitation Procedures Order may be obtained free of charge through the website maintained by the Voting Agent or upon request to the Voting Agent.

*ii.    Establishment of Voting Deadline*

25.    Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . . ."  Fed. R. Bankr. P. 3017(c).  The Debtors will complete the plan solicitation period by mailing the Ballot (and other approved solicitation materials) to the Voting Class no later than the Service Date.  Based on this schedule, the Plan Proponents propose that any Ballot cast must be properly executed, completed, and delivered by mail, overnight courier, personal delivery, or E-Ballot (as defined below) to the Voting Agent in accordance with the instructions set forth in the Ballot, so that the Ballot is actually *received* no later than **4:00 p.m. (prevailing Eastern Time) on July 27, 2023** (the "Voting Deadline").  This date will give Holders of Claims in the Voting Class sufficient time to review the solicitation materials and vote.

26.    In addition to accepting paper Ballots by mail, overnight courier, and personal delivery, the Plan Proponents request authorization to accept Ballots from Holders of Claims in the Voting Class by electronic Ballot (an "E-Ballot") transmitted solely through a customized online balloting portal on the Debtors' case website to be maintained by Epiq (the "E-Balloting Portal"). Parties entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the E-Ballot, which allows a Holder to submit an electronic signature. The instructions for submission of E-Ballots will be set forth on the Ballot. The encrypted Ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

*iii.    Approval of Tabulation Procedures*

27.    The Plan Proponents propose that the following procedures set forth in the subsequent paragraph be utilized in tabulating the votes to accept or reject the Disclosure Statement and Plan (the "Tabulation Procedures").

28.    The Plan Proponents propose that each Holder of a Claim in the Voting Class shall be entitled to vote the amount of its Claim as of the Record Date (as defined below). Accordingly, solely for purposes of voting on the Disclosure Statement and Plan, and not for the purpose of making Distributions on account of a Claim, and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including claims objections and adversary proceedings, with respect to all Holders of Claims in the Voting Class against the Debtors, the Plan Proponents propose that the temporarily allowed amount of a Claim used to tabulate acceptance or rejection of the Plan should be as follows:

(a)    The amount of the Claim listed in the Debtors' Schedules; provided that such Claim is not scheduled as contingent, unliquidated, undetermined,

undisputed, or in the amount of $0.00, and such Claim has not been superseded by a timely filed Proof of Claim.

(b)     The undisputed, non-contingent, unpaid and liquidated amount specified in a Proof of Claim against the Debtors, timely filed with the Court or the Voting Agent by the applicable Bar Date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed by July 27, 2023 (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

(c)     If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.  Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

(d)     If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018.  Any motion pursuant to Bankruptcy Rule 3018 seeking to temporarily allow a Claim for voting purposes must be filed and served in accordance with the Proposed Solicitation Procedures Order.

(e)     Except as otherwise provided in subsection (d) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in an unknown, blank, or undetermined amount, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(f)     Proofs of Claim filed for $0.00 are not entitled to vote.

(g)     Except as otherwise provided in subsection (d) hereof, with respect to a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim, but the Claim is the subject of a claim objection filed by July 27, 2023, the Plan Proponents request, that  such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline.

(h)     Notwithstanding anything to the contrary contained herein, to the extent that a Holder holds duplicate Claims in the Voting Class against the Debtors (by

virtue of one or more timely-filed proofs of claim, the Schedules, or a combination of both), such Holder shall be deemed to hold a single Claim in the Voting Class, and shall be provided with one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicative Claims.

(i) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

(j) Except as otherwise ordered by the Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Plan Proponents (each in their sole discretion).

(k) Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted.

(l) Any Ballot cast by a person or entity that does not hold a Claim in the Voting Class will not be counted.

(m) Any unsigned Ballot will not be counted, provided that any Ballot validly submitted through the E-Balloting Portal will be deemed signed.

(n) Any Ballot transmitted to the Voting Agent by facsimile or other electronic means (other than through the E-Balloting Portal) will not be counted.

(o) Any Ballot that does not indicate an acceptance or rejection of the Disclosure Statement and Plan, or that indicates both an acceptance and rejection of the Disclosure Statement and Plan, will not be counted.

(p) Whenever a claimant casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

(q) If a claimant casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

(r) Each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot.

(s) Claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Disclosure Statement and Plan.

> (t)     Subject to any contrary order of the Court and except as otherwise set forth herein, they may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Voting Agent.

29.     The Plan Proponents respectfully submit that the Tabulation Procedures are appropriate and reasonable under the circumstances of the Chapter 11 Cases and should be approved.

### iv.     Establishment of Voting Record Date

30.     Bankruptcy Rule 3017 provides that a bankruptcy court may set the date on which the disclosure statement is approved or another date as the record date for determining which holders of Claims and Interests are entitled to receive solicitation materials, including ballots for voting on a chapter 11 plan.  *See* Fed. R. Bankr. P. 3017(d).

31.     The Plan Proponents propose that the Court establish **June 26, 2023** (or the date upon which Proposed Solicitation Procedures Order is entered) as the record date (the "Voting Record Date") for purposes of determining which Holders of Claims are entitled to receive a Ballot to vote to accept or reject the Disclosure Statement and Plan.  Establishing the Record Date will provide sufficient time for the Debtors and the Voting Agent to ensure that the Solicitation Packages can be mailed by the Service Date.

32.     With respect to any transferred Claim, the Plan Proponents propose that the transferee will be entitled to receive and cast a Ballot on account of such transferred Claim only if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

30436578.1

*v.    Procedures for Temporary Allowance of Claims*

33.    The Debtors propose that any Holder of a Claim that seeks to challenge the temporary allowance of its claim for voting purposes based on the Tabulation Procedures be required to file a motion, pursuant to Bankruptcy Rule 3018(a),[5] for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Disclosure Statement and Plan (a "Rule 3018 Motion"), no later than **4:00 p.m. (prevailing Eastern Time) on July 13, 2023**, and serve the Rule 3018 Motion on the Plan Proponents.  The Plan Proponents (and, with respect to filing a response, any party in interest) will then have: (i) until **4:00 p.m. (prevailing Eastern Time) on July 20, 2023** to file and serve any responses to a Rule 3018 Motion; and (ii) coordinate with the Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Confirmation Hearing.  In accordance with Bankruptcy Rule 3018, the Plan Proponents further propose that any Ballot submitted by a Holder of a Claim that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Procedures and other applicable provisions contained herein unless and until the underlying claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

**C.    Confirmation Hearing, Confirmation Objection Deadline, and Notice Thereof**

34.    Bankruptcy Rule 3017 provides that, on or before the approval of a disclosure statement, a bankruptcy court "may fix the date for the hearing on confirmation."  *See* Fed. R. Bankr. P. 3017(c).  Section 105 of the Bankruptcy Code expressly authorizes a court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the bankruptcy court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and

---

[5]    Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purposes of accepting or rejecting a plan."

economically." *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combined them in other cases."); *In re Luminent Mortg. Capital Inc.*, Case No. 08-21389 (Bankr. D. Md. May 15, 2009). In addition, Local Rule 3017-2 expressly permits a debtor to file a combined plan and disclosure statement, and requires, among other things, that the debtor provide no less than fourteen (14) days' notice of the deadline to object to the relief requested herein, and no less than thirty-five (35) days' notice of the hearing to consider confirmation of a combined disclosure statement and plan and the adequacy of the disclosures contained therein. Del. Bankr. L. R. 3017-2(b)(i) and (iv).

35.    Bankruptcy Rule 2002(b) requires that the Plan Proponents provide notice to all creditors and parties in interest at least twenty-eight (28) days prior to the deadline for filing objections to confirmation of the Disclosure Statement and Plan, and the hearing on the final approval of the Disclosure Statement and Plan. Bankruptcy Rule 2002(d), in turn, requires that equity security holders be given notice of these matters in the manner and form directed by the Court.

36.    Consistent with the foregoing authority, the Plan Proponents respectfully request that the Confirmation Hearing to consider confirmation of the Disclosure Statement and Plan, including the adequacy of the disclosures therein, be set for **August 3, 2023**, or as soon as possible thereafter. The Plan Proponents submit that a combined hearing will streamline and expedite the confirmation process, which will inure directly to benefit the Debtors' creditors by hastening the implementation of the Disclosure Statement and Plan and limiting the amount of time that the Debtors remain in chapter 11. A combined hearing will spare the Debtors from additional administrative expenses associated with a two-stage process, promote judicial efficiency and

economy, and provide an increase in the funds available for distribution to Holders of Allowed Claims.

37.    In the interest of orderly procedure, the Plan Proponents further request that objections to confirmation of the Disclosure Statement and Plan on a final basis, including of the adequacy of the disclosures contained therein, if any, must (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Court and served on the Notice Parties, so that they are received no later than **4:00 p.m. (prevailing Eastern Time) on July 27, 2023** (the "Confirmation Objection Deadline").  The Plan Proponents shall, if they deem necessary in their discretion, file a reply to any such objections or brief in support of approval of the Disclosure Statement and Plan by no later than **12:00 p.m. (prevailing Eastern Time) on August 1, 2023** (or two (2) business days prior to the date of any adjourned Confirmation Hearing).

38.    The Confirmation Notice sets forth, among other things, (i) the Confirmation Objection Deadline, (ii) the time, date, and place of the Confirmation Hearing, and (iii) instructions on how to obtain a copy of the Disclosure Statement and Plan free of charge.  The Debtors will cause the Confirmation Notice to be served by the Service Date on the following parties:  (a) all persons or entities that have filed, or are deemed to have filed a Proof of Claim or request for allowance of Claim as of the Record Date; (b) all persons or entities listed on the Schedules as holding a Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) other known Holders of Claims and Interests; (g) all entities known to the Debtors to hold or assert a lien or other interest in the Debtors' property; and (h) any other parties that have requested notice pursuant to Bankruptcy

Rule 2002.  Notwithstanding the foregoing, under the Plan Proponents' proposed timeline set forth herein, the Confirmation Notice will be served at least twenty-eight (28) days prior to the Confirmation Objection Deadline and thirty-five (35) days prior to the Confirmation Hearing.

39.     The Plan Proponents submit that the foregoing procedures for providing notice of the Confirmation Hearing, the Confirmation Objection Deadline, and related matters fully comply with Bankruptcy Rules 2002 and 3017 and the time limits set forth therein, are consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d) with respect to parties that are not entitled to vote on the Plan, and are both fair to Holders of Claims or Interests and other parties in interest and are designed to permit an organized and efficient Confirmation Hearing.  Accordingly, the Plan Proponents respectfully request that the Court approve such notice procedures as appropriate under the circumstances and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## NON-SUBSTANTIVE MODIFICATIONS

40.     The Plan Proponents request authorization to make non-substantive modifications to the Confirmation Notice, Solicitation Packages, and Ballot and related documents without further order of the Court, including modifications to correct typographic and grammatical errors, if any, and to make conforming modifications to the Disclosure Statement and Plan, and any other materials in the Solicitation Packages prior to distribution.

## NOTICE

41.     The Plan Proponents will provide notice of the Motion to: (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the United States Attorney's Office for the District of Delaware; and (iv) all parties who, as of the filing of the Motion, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 at the time of

service.  In light of the nature of the relief requested in the Motion, the Plan Proponents respectfully submit that no further or other notice is necessary.

## **CONCLUSION**

WHEREFORE, the Plan Proponents respectfully request that the Court enter the Proposed Solicitation Procedures Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

*[signature page follows]*

Dated:  June 5, 2023
          Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
*/s/ Allison S. Mielke*
Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Joshua B. Brooks (No. 6765)
Shella Borovinskaya (No. 6758)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone:  (302) 571-6600
Emails: mnestor@ycst.com
          mlunn@ycst.com
          amielke@ycst.com
          jbrooks@ycst.com
          sborovinskaya@ycst.com

*Counsel for the Debtors and Debtors in Possession*