**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>**June 26, 2023 at 4:00 p.m. (ET)** |

**SIXTH MONTHLY FEE APPLICATION OF RPA ASSET MANAGEMENT
SERVICES, LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO
THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD FROM
MAY 1, 2023 THROUGH MAY 31, 2023**

| | |
|---|---|
| Name of Applicant: | RPA Asset Management Services, LLC |
| Authorized to Provide Professional Services to: | The above-captioned debtors and debtors-in-possession |
| Date of Retention: | November 30, 2022 (order entered on January 4, 2023) |
| Time Period Covered by Fee Application: | May 1, 2023 through May 31, 2023 |
| Total Compensation Sought During the Fee Application Period: | $28,334.00 |
| Total Expenses Sought During the Fee Application Period: | $0.00 |

This is a(n):  _X_ monthly    ___ interim    ___ final application

This monthly application includes 15.3 hours with a value of $9,793.50 incurred in connection with the preparation of Fee Applications.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

30439252.1

**PRIOR APPLICATIONS**

| Date Filed; Docket No. | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 1/13/2023 Docket No. 176 | 12/1/2022 - 12/31/2022 | $237,434.00 | $5,593.31 | $237,434.00 | $5,593.31 |
| 2/9/2023 Docket No. 231 | 1/1/2023 – 1/31/2023 | $282,022.00 | $1,559.60 | $282,022.00 | $1,559.60 |
| 3/21/2023 Docket No. 307 | 2/1/2023 – 2/28/2023 | $72,415.00 | $72.57 | $72,415.00 | $72.57 |
| 4/21/2023 Docket No. 331 | 3/1/2023 – 3/31/2023 | $60,061.00 | $72.57 | Pending | Pending |
| 5/12/2023 Docket No. 354 | 4/1/2023 – 4/30/2023 | $48,931.00 | $79.88 | Pending | Pending |

**MONTHLY COMPENSATION BY PROFESSIONAL**
**MAY 1, 2023 THROUGH MAY 31, 2023**

| Professional | Title | Hourly Rate Billed in Application | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| John Policano | Executive Director | $1,125.00 | 4.3 | $4,837.50 |
| Kevin Pleines | Director | $695.00 | 2.3 | $1,598.50 |
| Chris Walker | Director | $595.00 | 35.9 | $21,360.50 |
| Jaclyn Hill | Support Staff | $215.00 | 2.5 | $537.50 |
| | | | **Total Fees** | **$28,334.00** |

**COMPENSATION BY PROJECT CATEGORY**
**MAY 1, 2023 THROUGH MAY 31, 2023**

| | Category | Hours | Fees |
|---|---|---|---|
| A | Operations Analysis and Review | 0.00 | - |
| B | DIP Budget/Credit Agreement and Cash Flow Reporting | 0.90 | $625.50 |
| C | Creditor, Lender, or Equity Holder Inquiries | 0.00 | - |
| D | Calls/Meetings with US Trustee and/or Staff | 0.00 | - |
| E | Calls/Meetings with Company, Board, Counsel and/or Staff | 0.90 | $625.50 |
| F | Statements/Schedules and MORs | 11.50 | $7,160.50 |
| G | Preparation and Review of Bankruptcy Documents and Related Filings | 0.00 | - |
| H | Financial Review and Analysis | 0.00 | - |
| I | Asset Sale Process | 0.00 | - |
| J | Attendance at Court Hearings or Depositions | 0.00 | - |
| K | Employee Management | 0.00 | - |
| L | Case Administration | 17.20 | $11,083.00 |
| M | Calls/Meetings with Lenders and Lender Advisors/Counsel | 0.00 | - |
| N | Analysis and Related Work re: Plan and Exit | 14.50 | $8,839.50 |
| O | Contract Review and Analysis | 0.00 | - |
| P | Calls/Meetings or Response to Inquiries from UCC Advisors | 0.00 | - |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>June 26, 2023 at 4:00 p.m. (ET) |

**SIXTH MONTHLY FEE APPLICATION OF RPA ASSET MANAGEMENT SERVICES, LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD FROM MAY 1, 2023 THROUGH MAY 31, 2023**

Pursuant to sections 330 and 331 of title 11 of the United States Code, §§ 101–1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), RPA Asset Management Services, LLC ("RPA") hereby files this *Sixth Application of RPA Asset Management Services, LLC for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Financial Advisor to the Debtors and Debtors-in-Possession for the Period from May 1, 2023 Through May 31, 2023* (the "Application"). By the Application, RPA moves the United States Bankruptcy Court for the District of Delaware (the "Court") for reasonable compensation for professional services rendered as financial advisor to the above-captioned affiliated debtors and debtors in possession (the "Debtors") in the amount of $28,334.00, together with reimbursement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

30439252.1

for actual and necessary expenses incurred in the amount of $0.00, for the period of May 1, 2023 through and including May 31, 2023 (the "Fee Period").

1. Pursuant to Local Rule 2016-2, this Application is supported by the certification of John Policano, attached hereto as **Exhibit 1**. In further support of this Application, RPA respectfully represents as follows:

## BACKGROUND

2. On November 30, 2022, each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

3. On December 16, 2022, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of RPA Asset Management Services, LLC as Financial Advisor to the Debtors, Effective as of the Petition Date* [Docket No. 64].

4. On January 4, 2023, the Court issued its *Order Authorizing the Employment and Retention of RPA Asset Management Services, LLC as Financial Advisor to the Debtors, Effective as of the Petition Date* [Docket No. 130] (the "Retention Order"). The Retention Order authorizes RPA to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

5. On January 4, 2023, the Court issued its *Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* [Docket No. 126].

## COMPENSATION PAID AND ITS SOURCE

6. All services for which RPA requests compensation were performed for or on behalf of the Debtors.

7. During the period covered by this Application, RPA has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. Pursuant to Bankruptcy Rule 2016(a), RPA has not shared, nor has RPA agreed to share, (i) any compensation it has received or may receive with another party or person other than with the partners and associates of RPA or (ii) any compensation another person or party has received or may receive.

**FEE STATEMENTS**

8. The fee statement (the "Fee Statement") for the Fee Period is attached hereto as **Exhibit 2**. This statement contains daily time logs describing the time spent by each professional for this period. To the best of RPA's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, Local Rule 2016-2, all other applicable Bankruptcy Rules, and the guidelines adopted by the Office of the United States Trustee.

**SUMMARY OF SERVICES RENDERED**

9. The professionals who have rendered professional services in these cases during the Fee Period are as follows: John Policano, Kevin Pleines, Chris Walker and Jaclyn Hill.

10. Services provided by RPA, by and through the above-named persons, to the Debtors during the Fee Period include: (i) preparation and review of the Debtors' cash flow budget; (ii) financial analysis related to the sale of the Debtors' assets and participation on calls related to the sale of the Company; (iii) interaction with the Debtors' management team and staff, and providing advice and guidance related to the bankruptcy and requirements thereof; (iv) interaction with the advisors to the Official Committee of Unsecured Creditors, and responding to due diligence inquiries; and (v) preparation of analysis for use in bankruptcy documents.

11. The services rendered by RPA during the Fee Period can be grouped into the categories set forth below. These categories are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit C** of the Fee Statement. The summary provided herein is not intended to be a detailed description of the work performed. Rather, the summary is merely a guideline offered to the Court and other interested parties with respect to the services performed by RPA during the Fee Period.

A. **Operations Analysis and Review**

Fee Period Fees: $0             Total Hours: 0.00

12. No time was spent on this category during the Application Period.

B. **DIP Budget/Credit Agreement and Cash Flow Reporting**

Fee Period Fees: $625.50        Total Hours: 0.90

13. This category includes all time spent on matters relating to the DIP Credit Agreement, analysis of cash flows of the Debtors and preparation and review of analysis, and discussions of, liquidity requirements.

C. **Creditor, Lender or Equity Holder Inquiries**

Fee Period Fees: $0.00          Total Hours: 0.00

14. No time was spent on this category during the Application Period.

D. **Calls/Meetings with US Trustee and/or Staff**

Fee Period Fees: $0             Total Hours: 0.00

15. No time was spent on this category during the Application Period.

E. **Calls/Meetings with Company, Board, Counsel and/or Staff**

Fee Period Fees: $625.50        Total Hours: 0.90

16.   This category includes all time spent on matters relating to preparation, participation, and leading of discussions, calls, meetings, and communications with the Debtors' staff, management, board (and subcommittee) and other advisors relating to various topics.

F.   **Statements/Schedules and MORs**

**Fee Period Fees: $7,160.50**          **Total Hours: 11.50**

17.   This category includes all time spent preparation and/or review of Statements of Financial Affairs, Schedules of Assets and Liabilities and Monthly Operating Reports.

G.   **Preparation and Review of Bankruptcy Documents and Related Filings**

**Fee Period Fees: $0**          **Total Hours: 0.00**

18.   No time was spent on this category during the Application Period.

H.   **Financial Review and Analysis**

**Fee Period Fees: $0**          **Total Hours: 0.00**

19.   No time was spent on this category during the Application Period.

I.   **Asset Sale Process**

**Fee Period Fees: $0**          **Total Hours: 0.00**

20.   No time was spent on this category during the Application Period.

J.   **Attendance at Court Hearings or Depositions**

**Fee Period Fees: $0**          **Total Hours: 0.00**

21.   No time was spent on this category during the Application Period.

K.   **Employee Management**

**Fee Period Fees: $0**          **Total Hours: 0.00**

22.   No time was spent on this category during the Application Period.

L.   **Case Administration**

**Fee Period Fees: $11,083.00**          **Total Hours: 17.20**

23. This category includes time spent by professionals dealing with administrative matters related to the bankruptcy cases, preparation of fee applications and client matters.

**M.    Calls/Meetings with Lenders and Lender Advisors/Counsel**

**Fee Period Fees: $0**            **Total Hours: 0.00**

24. No time was spent on this category during the Application Period.

**N.    Analysis and Related Work re: Plan and Exit**

**Fee Period Fees: $8,839.50**        **Total Hours: 14.50**

25. This category includes time spent by professionals on analysis and preparation of documents or other information related to the Debtors' chapter 11 plan and disclosure statement.

**O.    Contract Review and Analysis**

**Fee Period Fees: $0**            **Total Hours: 0.00**

26. No time was spent on this category during the Application Period.

**P.    Calls/Meetings or Response to Inquiries from UCC Advisors**

**Fee Period Fees: $0**            **Total Hours: 0.00**

27. No time was spent on this category during the Application Period.

## VALUATION OF SERVICES

28. RPA professionals have expended a total of 45.0 hours in connection with this matter during the Fee Period, as follows:

| Professional | Title | Hourly Rate Billed in Application | Total Billed Hours |
|---|---|---|---|
| John Policano | Executive Director | $1,125.00 | 4.30 |
| Kevin Pleines | Director | $695.00 | 2.30 |
| Chris Walker | Director | $595.00 | 35.90 |
| Jaclyn Hill | Support Staff | $215.00 | 2.50 |
| | | **Total Billed Hours** | **45.00** |

The nature of the work performed by these persons is fully set forth in **Exhibit B** of the Fee Statement. These are RPA's normal hourly rates for work of this character.

## ACTUAL AND NECESSARY EXPENSES

29. RPA incurred expenses totaling $0.00 during the Fee Period.

30. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 sets forth the criteria for the award of compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (a) the time spent on such services; the rates charged for such services;
>
> (b) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (c) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (d) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (e) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

31. In the instant case, RPA respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Debtors and were performed economically, effectively, and efficiently. RPA further submits that the compensation

requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors.  Therefore, in accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by RPA is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services in other cases under this title.  Moreover, RPA has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Local Rule.  The Debtors have reviewed this Application and do not object to approval of the fees and expenses requested herein.

WHEREFORE, RPA respectfully requests that the Court authorize that the amounts sought herein be approved for payment and for such other and further relief as this Court may deem just and proper.

Dated:  June 6, 2023

>*/s/ John Policano*
>John Policano
>RPA Asset Management Services, LLC