## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 376** |

**CERTIFICATION OF COUNSEL SUBMITTING *REVISED*
ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN
ON AN INTERIM BASIS; (II) ESTABLISHING SOLICITATION AND TABULATION
PROCEDURES; (III) APPROVING THE FORM OF BALLOT AND SOLICITATION
MATERIALS; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) FIXING THE
DATE, TIME, AND PLACE FOR THE CONFIRMATION HEARING AND THE
DEADLINE FOR FILING OBJECTIONS THERETO; AND
(VI) GRANTING RELATED RELIEF**

On June 5, 2023, the above-captioned debtors and debtors in possession (collectively,

the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") filed the

*Debtors' and Official Committee of Unsecured Creditors' Joint Motion for Entry of an Order*

*(I) Approving the Combined Disclosure Statement and Joint Chapter 11 Plan on an Interim Basis;*

*(II) Establishing Solicitation and Tabulation Procedures; (III) Approving the Form of Ballot and*

*Solicitation Materials; (IV) Establishing the Voting Record Date; (V) Fixing the Date, Time, and*

*Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto; and*

*(VI) Granting Related Relief* [Docket No. 376] (the "Motion") with the United States Bankruptcy

Court for the District of Delaware (the "Court").  Attached as Exhibit A to the Motion was a

proposed form of order approving the Motion (the "Proposed Order").  Responses to the entry of

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

the Proposed Order were to be filed and served no later than 4:00 p.m. (ET) on June 20, 2023 (the "Objection Deadline").

Prior to the Objection Deadline, the Debtors received informal comments (the "Responses") to the Proposed Order and *Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* [Docket No. 375] (the "Disclosure Statement and Plan") from the Office of the United States Trustee and the U.S. Securities and Exchange Commission (together, the "Interested Parties"). The Debtors and the Committee have amended the Proposed Order and exhibits attached thereto, a copy of which is attached hereto as **Exhibit 1**[2] (collectively, the "Revised Proposed Order") and the Disclosure Statement and Plan to resolve the Responses. The Debtors have circulated the Revised Proposed Order to the Interested Parties and confirmed that such parties do not object to its entry.

Accordingly, the Debtors hereby respectfully request, pursuant to Rule 3017-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, that the Court enter the Revised Proposed Order at its earliest convenience without further notice or a hearing.

*[Signature page follows]*

---

[2] For ease of reference, attached hereto as **Exhibit 2** is a copy of the Revised Proposed Order marked against the Proposed Order, including all applicable exhibits.

Dated:   June 22, 2023                YOUNG CONAWAY STARGATT & TAYLOR, LLP
         Wilmington, Delaware

*/s/ Allison S. Mielke*
Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Joshua B. Brooks (No. 6765)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
        mlunn@ycst.com
        amielke@ycst.com
        jbrooks@ycst.com
        sborovinskaya@ycst.com

*Counsel to the Debtors and*
*Debtors in Possession*

# **EXHIBIT 1**

## **Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 376** |

### ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS; (II) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES; (III) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) FIXING THE DATE, TIME, AND PLACE FOR THE CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO; AND (VI) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the Plan Proponents for entry of an order:  (i) approving the Disclosure Statement and Plan, on an interim basis; (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Disclosure Statement and Plan; (iii) approving the form of ballot and solicitation materials; (iv) establishing a voting record date; (v) fixing the date, time, and place for the Confirmation Hearing and the deadline for filing objections related thereto; and (vi) granting related relief; and sufficient cause appearing therefor,

### THE COURT HEREBY FINDS AS FOLLOWS:

A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated as of February 29, 2012.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Disclosure Statement and Plan, as applicable.

30468749.3

B.      Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.      This Court may, consistent with Article III of the United States Constitution issue a final order in connection with the Motion.

D.      Venue of the proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E.      The relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest.

F.      The notice of the Motion and the Confirmation Hearing were served as set forth in the Motion, and such notice constitutes good and sufficient notice to all interested parties and complies with Bankruptcy Rules 2002 and 3017, and no other or further notice need be provided.

G.      The form of ballot attached hereto as **Exhibit 1** (the "Ballot"):  (i) is consistent with Official Form No. 14; (ii) adequately addresses the particular needs of the Chapter 11 Cases; (iii) is appropriate for Holders of Claims in Class 3 of the Plan (the "Voting Class"); and (iv) complies with Bankruptcy Rule 3017(d).

H.      The Ballot need not be provided to Holders of Claims or Interests in Classes 1, 2, 4, 5(a), 5(b), and 5(c) (collectively, the "Non-Voting Classes"), as such Non-Voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Disclosure Statement and Plan in accordance with section 1126(f) of the Bankruptcy Code or (ii) impaired but will neither retain nor receive any property under the Disclosure Statement and Plan and, thus, are conclusively deemed to have rejected the Disclosure Statement and Plan under section 1126(g) of the Bankruptcy Code.

I.       The period during which the Plan Proponents may solicit votes to accept or reject the Disclosure Statement and Plan, as established by this Order, provides sufficient time for the Holders of Claims in the Voting Class to make an informed decision to accept or reject the Disclosure Statement and Plan and submit a Ballot in a timely fashion, and the solicitation provided by this Order is consistent with section 1126 of the Bankruptcy Code.

J.       The Tabulation Procedures (defined below) for the solicitation and tabulation of votes to accept or reject the Disclosure Statement and Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

K.       The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Notice, under the circumstances, constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.       The relief requested in the Motion is granted as set forth herein.

**<u>Conditional Approval of Disclosure Statement and Plan</u>**

2.       The Disclosure Statement and Plan is approved on an interim basis as containing adequate information for solicitation purposes under sections 105 and 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2.   Any objections to the adequacy of information contained in the Disclosure Statement on a final basis are expressly reserved for consideration at the Confirmation Hearing, unless overruled on the record at the hearing to approve the Disclosure Statement and Plan on an interim basis, if applicable.

**Approval of the Confirmation Timeline**

3.      The Bankruptcy Court shall conduct the Confirmation Hearing for (i) final approval

of the Disclosure Statement and Plan as containing adequate information and (ii) confirmation of

the Disclosure Statement and Plan.  The Confirmation Hearing is hereby scheduled for **August 3,**

**2023 at 10:00 a.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued

from time to time without further notice other than by (a) announcing any adjourned date at the

Confirmation Hearing (or any continued hearing) or (b) filing a notice on the docket of the Chapter

11 Cases.

4.      The following dates and deadlines, are hereby approved:

| Event | Proposed Date |
|---|---|
| Voting Record Date | **June 26, 2023** (or the date the Proposed Solicitation Procedures Order is entered) |
| Date by Which Solicitation Will be Mailed | **June 29, 2023** (or within three business days of entry of the Proposed Solicitation Procedures Order) |
| Deadline to File Objections to Claims for Voting Purposes | **June 30, 2023** |
| Deadline to File Rule 3018 Motions | **July 13, 2023 at 4:00 p.m. (ET)** |
| Deadline for Plan Proponents to Respond to any Rule 3018 Motion | **July 20, 2023 at 4:00 p.m. (ET)** |
| Deadline to File Plan Supplement | **July 20, 2023** |
| Voting Deadline | **July 27, 2023 at 4:00 p.m. (ET)** |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosures | **July 27, 2023 at 4:00 p.m. (ET)** |
| Deadline to File Voting Report, Form of Confirmation Order, Confirmation Brief, and any Replies in Support of Confirmation | **August 1, 2023 at 12:00 p.m. (ET)** (or two business days prior to the Confirmation Hearing) |
| Confirmation Hearing | **August 3, 2023 at 10:00 a.m. (ET)** (or as soon as possible thereafter) |

### **Approval of the Solicitation Procedures**

5.       The Ballot, substantially in the form attached hereto as **Exhibit 1**, is approved.

6.       The Confirmation Notice, in substantially the form attached hereto as **Exhibit 2**, is approved.

7.       The notice to be provided to Holders of Claims and Interests in the Non-Voting Classes, in substantially the form attached hereto as **Exhibit 3** (the "Notice of Non-Voting Status"), is approved.

8.       Pursuant to Bankruptcy Rule 3017(d), **June 26, 2023 at 4:00 p.m. (prevailing Eastern Time)** shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Packages and vote on the Disclosure Statement and Plan (the "Record Date").

9.       With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

10.      On or prior to the date that is three (3) business days following entry of this Order (the "Service Date"), the Voting Agent shall serve, by first class mail, the Solicitation Packages to Holders of Claims in the Voting Class.  The Solicitation Packages shall contain copies of:  (a) the Confirmation Notice; (b) the Disclosure Statement and Plan, with all exhibits thereto; (c) this

Order, without exhibits; (c) the Ballot; and (d) a pre-paid, pre-addressed return envelope.[3] Further, on or prior to the Service Date, the Voting Agent shall serve, by first class mail, the Notice of Non-Voting Status to Holders of Claims or Interests in the Non-Voting Classes. The Plan Proponents shall not be required to distribute Solicitation Packages to (a) the Holders of Claims or Interests in the Non-Voting Classes and (b) those persons or entities listed at addresses for which previous mailings have been returned as undeliverable, unless the Plan Proponents receive written notice of accurate addresses for such persons or entities prior to the Voting Record Date. The Plan Proponents and Voting Agent are also not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including undeliverable Ballots) or Confirmation Notices.

11.     On or prior to the Service Date, the Voting Agent shall serve, by first class mail, the Confirmation Notice to the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package: (a) all persons or entities that have filed, or are deemed to have filed a Proof of Claim or request for allowance of Claim as of the Record Date; (b) all persons or entities listed on the Schedules as holding a Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) other known Holders of Claims and Interests; (g) all entities known to the Debtors to hold or assert a lien or other interest in the Debtors' property; and (h) any other parties that have requested notice pursuant to Bankruptcy Rule 2002; *provided*, *however*, in lieu of mailing the Confirmation Notice to the DTC Customers that are not Holders of Claims in the Voting Class, the Plan Proponents are

---

[3] The Disclosure Statement and Plan and the Order, will be provided in pdf format on a flash drive or in paper format, and all other documents will be provided in paper format.

authorized to serve the Confirmation Notice on such DTC Customers by email service not later than three (3) business days after entry of this Order.

12.     To be counted as a vote to accept or reject the Disclosure Statement and Plan, a Ballot must be properly executed, completed, and delivered to the Voting Agent in accordance with the instructions on the Ballot so that it is actually received no later than **4:00 p.m. (prevailing Eastern Time) on July 27, 2023** (the "Voting Deadline").

13.     The following procedures shall be used in tabulating the votes to accept or reject the Disclosure Statement and Plan (the "Tabulation Procedures").  Each Holder of a Claim in the Voting Class shall be entitled to vote the amount of its Claim as of the Record Date.  Solely for purposes of voting on the Disclosure Statement and Plan, and not for the purpose of making Distributions on account of a Claim, and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including claims objections and adversary proceedings, with respect to all Holders of Claims in the Voting Class against the Debtors, the temporarily allowed amount of a Claim used to tabulate acceptance or rejection of the Plan should be as follows:

(a)     The amount of the Claim listed in the Debtors' Schedules; provided that such Claim is not scheduled as contingent, unliquidated, undetermined, undisputed, or in the amount of $0.00, and such Claim has not been superseded by a timely filed Proof of Claim.

(b)     The undisputed, non-contingent, unpaid and liquidated amount specified in a Proof of Claim against the Debtors, timely filed with the Court or the Voting Agent by the applicable Bar Date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed by June 30, 2023 (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

(c)     If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and

the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

(d)     If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018. Any motion pursuant to Bankruptcy Rule 3018 seeking to temporarily allow a Claim for voting purposes must be filed and served in accordance with the Proposed Solicitation Procedures Order.

(e)     Except as otherwise provided in subsection (d) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in an unknown, blank, or undetermined amount, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(f)     Proofs of Claim filed for $0.00 are not entitled to vote.

(g)     Except as otherwise provided in subsection (d) hereof, with respect to a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim, but the Claim is the subject of a claim objection filed by June 30, 2023, the Plan Proponents request, that  such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline.

(h)     Notwithstanding anything to the contrary contained herein, to the extent that a Holder holds duplicate Claims in the Voting Class against the Debtors (by virtue of one or more timely-filed proofs of claim, the Schedules, or a combination of both), such Holder shall be deemed to hold a single Claim in the Voting Class, and shall be provided with one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicative Claims.

(i)     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

(j)     Except as otherwise ordered by the Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Plan Proponents (each in their sole discretion).

(k)     Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted.

(l)     Any Ballot cast by a person or entity that does not hold a Claim in the Voting Class will not be counted.

(m)    Any unsigned Ballot will not be counted, provided that any Ballot validly submitted through the E-Balloting Portal will be deemed signed.

(n)     Any Ballot transmitted to the Voting Agent by facsimile or other electronic means (other than through the E-Balloting Portal) will not be counted.

(o)     Any Ballot that does not indicate an acceptance or rejection of the Disclosure Statement and Plan, or that indicates both an acceptance and rejection of the Disclosure Statement and Plan, will not be counted.

(p)     Whenever a claimant casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

(q)     If a claimant casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

(r)     Any claimant who had delivered a valid Ballot voting on the Plan may withdraw or change such vote solely in accordance with Bankruptcy Rule 3018(a).

(s)     Each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot.

(t)     Claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Disclosure Statement and Plan.

(u)     The Plan Proponents further propose that, subject to any contrary order of the Court and except as otherwise set forth herein, they may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Voting Agent.

14.     Upon completion of the balloting, the Voting Agent shall certify the amount and number of allowed claims of the Voting Classes accepting or rejecting the Disclosure Statement and Plan, including all votes not counted and the reason for not counting such votes. The Plan

Proponents shall cause such certification to be filed with the Court prior to the Confirmation Hearing, but no later than **August 1, 2023 at 12:00 p.m. (prevailing Eastern Time)**.

15.     If any Holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such Holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Combined Disclosure Statement and Plan (a "Rule 3018 Motion") no later than **July 13, 2023 at 4:00 (prevailing Eastern Time) and** serve the Rule 3018 Motion on the Debtors.  The Plan Proponents (and, with respect to filing a response, any other party in interest) shall then (i) have until **July 20, 2023 at 4:00 (prevailing Eastern Time)** to file and serve any responses to such Rule 3018 Motions, and (ii) coordinate with the Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Confirmation Hearing.  Any Ballot submitted by a Holder of a Claim that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying claim or equity interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

16.     Objections to approval and confirmation of the Disclosure Statement and Plan on any grounds, including adequacy of the disclosures therein, if any, must (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) comply with the Bankruptcy Rules and the Local Rules; and (d) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following (collectively, the "Notice Parties"): (a) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com);

(b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE, 19801, Attn:    Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov); and (c) counsel to the Committee, (i) ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019, Attn: George P. Angelich, Esq. (george.angelich@afslaw.com); 800 Boylston Street, 32nd Floor, Boston, MA 01299, Attn:  Justin A.    Kesselman,    Esq.    (justin.kesselman@afslaw.com)    and    James    E.    Britton,    Esq. (james.britton@afslaw.com), and (ii) A.M. Saccullo Legal LLC, 27 Crimson King Drive, Bear, DE 19701, Attn: Anthony M. Saccullo, Esq. (ams@saccullolegal.com) and Mark T. Hurford, Esq. (mark@saccullolegal.com), by no later than **4:00 p.m. (prevailing Eastern Time) on July 27, 2023** (the "Confirmation Objection Deadline")**.**

17.    The Plan Proponents shall, if they deem necessary in their discretion, file a reply to any objections or brief in support of approval of the Disclosure Statement and Plan by no later than **12:00 p.m. (prevailing Eastern Time) on August 1, 2023** (or two (2) business days prior to the date of any adjourned Confirmation Hearing).

18.    The Plan Proponents are authorized to make non-substantive and ministerial changes to the Disclosure Statement and Plan, Confirmation Notice, Ballot, and related documents without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Disclosure Statement and Plan and any other materials included in the Solicitation Package prior to their distribution; *provided* that the Debtors shall provide notice to the Office of the United States Trustee of any such non-substantive, ministerial, or immaterial changes.

19.    The Plan Proponents are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order.

20.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21.    The Court shall retain jurisdiction to hear and determined all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

# EXHIBIT 1

**Class 3 (General Unsecured Claims) Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |

**CLASS 3 (GENERAL UNSECURED CLAIMS) BALLOT FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF WINC, INC. AND ITS AFFILIATED DEBTORS**

> **TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT" AS DEFINED BELOW) MUST BE <u>ACTUALLY</u> RECEIVED BY EPIQ CORPORATE RESTRUCTURING, LLC BY THE VOTING DEADLINE OF JULY 27, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

This ballot (the "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (the "Debtors") and the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases (the "Committee", and together with the Debtors, the "Plan Proponents") to solicit your vote to accept or reject the *Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* [Docket No. ●] filed by the Plan Proponents (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Disclosure Statement and Plan").[2] Copies of the Disclosure Statement and Plan may be obtained free of charge on the dedicated webpage of Epiq Corporate Restructuring, LLC (the "Voting Agent") at https://dm.epiq11.com/Winc or upon request to the Voting Agent by (i) telephone at (855) 608-2412 (US & Canada) or +1 (503) 461-3028 (outside U.S. & Canada) or (ii) email at WincInfo@epiqglobal.com.[3]

The Disclosure Statement and Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class who vote on the Disclosure Statement and Plan and if the Disclosure Statement and Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Disclosure Statement and Plan if it finds that the Disclosure Statement and Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Disclosure Statement and Plan and (ii) otherwise satisfies the requirements of section 1129(b) Bankruptcy Code.

**<u>VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT</u>**

1. For your vote to count, you must:
   a. Submit your Ballot by <u>either</u>:
      i. Completing, executing, and submitting this paper Ballot ("Paper Ballot") by mail, overnight courier, or hand delivery to the following addresses: (i) if by First-Class Mail: Winc, Inc., c/o Epiq Ballot Processing, P.O. Box 4422, Beaverton, OR 97076-4422, or (ii) if by Hand Delivery or Overnight Mail: Winc, Inc., c/o Epiq Ballot Processing, 10300 SW Allen Blvd., Beaverton, OR 97005; <u>or</u>

      ii. Submitting an electronic Ballot (an "E-Ballot") through the Voting Agent's dedicated, E-Ballot portal (the "E-Balloting Portal"). To submit your Ballot through the E-Balloting Portal, visit https://dm.epiq11.com/Winc, click on the "E-Ballot" section of the website and follow the instructions to submit your E-Ballot.
         - IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:

            Unique E-Ballot ID#:_____

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Disclosure Statement and Plan.

[3] Copies of the Disclosure Statement and Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

30468749.3

- Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable. If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

- The E-Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

b. In the boxes provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Disclosure Statement and Plan by checking the appropriate box;

c. Review and sign the acknowledgements in Item 3 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required for your vote to be counted. For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid and original signature. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the General Unsecured Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

d. **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *received* by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, July 27, 2023 at 4:00 p.m. (prevailing Eastern Time)**. If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Plan Proponents' discretion. If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

2. You must vote all your Claims within a single Class under the Disclosure Statement and Plan either to accept or reject the Disclosure Statement and Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Disclosure Statement and Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject Disclosure Statement and the Plan likewise will not be counted. **Further, inconsistent, duplicate Ballots with respect to the same Claim shall not be counted.**

3. The Ballot does not constitute and will not be deemed a Proof of Claim or an assertion of a Claim or Equity Interest.

4. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

5. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6. PLEASE RETURN YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

7. IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL (WINCINFO@EPIQGLOBAL.COM), OR (III) BY TELEPHONE AT  (855) 608-2412 (US & CANADA) OR +1 (503) 461-3028 (OUTSIDE U.S. & CANADA). DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE. THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

### NOTICE REGARDING CERTAIN INJUNCTION AND EXCULPATION PROVISIONS
### IN THE DISCLOSURE STATEMENT AND PLAN

8. PLEASE BE ADVISED THAT THE DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN INJUNCTION AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

Section 14.1(a) of the Plan contains the following exculpation provision:

**Notwithstanding any other provision of the Plan, consistent with the Debtors' organizational documents and to the fullest extent permitted by applicable law, the Exculpated Parties shall not have or incur any liability to, or be subject to any right of action by, any Person, Entity, Holder of a Claim or an Interest, or any other party in interest, or any of their respective agents,**

30468749.3

2

employees, representatives, financial advisors, attorneys, or agents acting in such capacity, or Affiliates, or any of their successors or assigns, for any act or omission occurring on or after the Petition Date and on or before the Effective Date relating to, in any way, or arising from (i) the Chapter 11 Cases, (ii) formulating, negotiating or implementing the Plan or any contract, instrument, or other agreement or document created or entered into in connection with the Plan, (iii) the sale of the Debtors' assets pursuant to the 363 Sale, (iv) any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring, sale or liquidation of the Debtors, (v) the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, Confirmation of the Plan, Consummation of the Plan, or (vi) the administration of the Plan or the property to be distributed under the Plan, except for any action taken by the Exculpated Parties that is determined by Final Order to constitute gross negligence or willful misconduct (including, but not limited to, fraud). The Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting the Exculpated Parties from liability. Notwithstanding any other provision in the Plan, Disclosure Statement, or Confirmation Order to the contrary, including Section 14.1(c) of the Plan, the Confirmation Order and Plan shall serve as a permanent injunction against any Entity seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to this Section 14.1(a) of the Plan.

"Exculpated Parties" shall mean in each of their capacities as such, (a) the Debtors, (b) current and former managers, directors and officers of the Debtors, (c) current and former members of the Committee, (d) Professionals retained by the Debtors pursuant to an Order of the Bankruptcy Court, and (e) Professionals retained by the Committee pursuant to an Order of the Bankruptcy Court.

Section 14.1(c) of the Plan contains the following injunction:

<u>Non-Discharge of the Debtors; Injunction</u>. Non-Discharge of the Debtors; Injunction. In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors (except for the Claims and Interests of Project Crush in connection with the BWSC Assets). Consistent with the preceding sentence, no Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Entity under the Plan. All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.

Except as otherwise expressly provided for in the Plan or with respect to obligations imposed pursuant to the Plan, all Entities are permanently enjoined, on and after the Effective Date, through and until the date upon which all remaining property of the Debtors' Estates has been liquidated and distributed to creditors or otherwise in accordance with the terms of the Plan and the Plan has been fully administered, subject to further extension by motion on notice, with all parties' rights with respect to such extension reserved, on account of any Claim or Interest, from:

1.  commencing or continuing in any manner any action or other proceeding of any kind against any of the Estates, Post-Effective Date Debtors, the Creditor Trust, and each of their successors and assigns, assets, and properties;

2.  enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Estate, Post-Effective Date Debtor, the Creditor Trust, their successors and assigns, and any of their assets and properties;

3.  creating, perfecting or enforcing any encumbrance of any kind against any Estate, Post-Effective Date Debtor, Creditor Trust, their successors and assigns, and any of their assets and properties;

4.  asserting any right of setoff or subrogation of any kind against any obligation due from any Estate, Post-Effective Date Debtor, Creditor Trust, their successors and assigns, or against any of their assets and properties, except to the extent a right to setoff or subrogation is asserted with respect to a timely filed proof of Claim.

Any Entity that incurs damages as a result of any willful violation of such injunction may seek actual damages and, in appropriate circumstances, may seek punitive damages from the willful violator.

3

***YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE DISCLOSURE STATEMENT AND PLAN, INCLUDING THE INJUNCTION AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.***

Class 3 Ballot

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1, 2, AND 3.  IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Voting Amount.**  The undersigned certifies that, as of June 26, 2023, the undersigned was a Holder of a Class 3 General Unsecured Claim in the amount set forth below:[1]

Voting Amount (in U.S. Dollars): $ _____

**Item 2.  Vote on Plan.**  The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box only):

☐  **Accept** the Disclosure Statement and Plan                    ☐  **Reject** the Disclosure Statement and Plan

**Item 3.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Disclosure Statement and Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Disclosure Statement and Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Disclosure Statement and Plan or indicates both acceptance and rejection of the Disclosure Statement and Plan will not be counted for voting purposes.

_____                    _____
Name of Creditor                                                            Telephone Number

_____                    _____
Signature                                                                        Email Address

_____
If by Authorized Agent, Name and Title

_____                    _____
Name of Institution                                                        Date Completed

_____
Street Address

_____
City, State, Zip Code

---

[1] For voting purposes only; subject to tabulation rules.

## **EXHIBIT 2**

**Confirmation Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ___** |

**NOTICE OF (I) INTERIM APPROVAL OF COMBINED DISCLOSURE**
**STATEMENT AND PLAN; AND (II) THE HEARING TO CONSIDER (A) FINAL APPROVAL**
**OF THE COMBINED DISCLOSURE STATEMENT AND PLAN**
**AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION**
**OF THE COMBINED DISCLOSURE STATEMENT AND PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

Commencing on November 30, 2022 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

I.     **APPROVAL OF DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS**

1.     On [•], 2023, the Court entered an order (the "Solicitation Procedures Order"), which, among other things, approved, on an interim basis, the *Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement and Plan")[2] filed by the Debtors and the Official Committee of Unsecured Creditors (the "Committee") appointed in the Debtors' chapter 11 cases (the "Chapter 11 Cases").

2.     **Copies of the Disclosure Statement and Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://dm.epiq11.com/Winc, or upon request to the Debtors' claim and voting agent, Epiq Corporate Restructuring, LLC, by (i) telephone at (855) 608-2412 (US & Canada) or +1 (503) 461-3028 (outside U.S. & Canada) or (ii) email at WincInfo@epiqglobal.com.**

II.     **THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE DISCLOSURE STATEMENT AND PLAN**

3.     **Confirmation Hearing**. A hearing (the "Confirmation Hearing") to consider (a) final approval of the Disclosure Statement and Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Disclosure Statement and Plan will be held before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom No. 2, 824 North Market Street, Wilmington, Delaware 19801, on **August 3, 2023 at 10:00 a.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement and Plan.

open court of the adjourned date at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

4. **Voting Deadline**. Only Holders of Claims in Class 3 (General Unsecured Claims) are entitled to vote to accept or reject the Disclosure Statement and Plan. The deadline for the submission of such votes is July 27, 2023 at 4:00 p.m. (prevailing Eastern Time).

5. **Parties Not Entitled to Vote**. Holders of Unimpaired Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Secured Claims) are deemed to accept the Disclosure Statement and Plan. Holders of Impaired Claims or Interests in Class 4 (Intercompany Claims), Class 5(a) (Interests in Winc), Class 5(b) (Interests in BWSC), and Class 5(c) (Interests in Winc Lost Poet) will receive no distribution under the Disclosure Statement and Plan on account of such Claims and Interests and are deemed to reject the Disclosure Statement and Plan. In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Professional Fee Claims, and Priority Tax Claims, as described in the Disclosure Statement and Plan, have not been classified and, therefore, Holders of such Claims are not entitled to vote to accept or reject the Disclosure Statement and Plan. The respective treatment of such unclassified Claims is set forth in Article VI of the Disclosure Statement and Plan.

6. **Objections to Confirmation**. Objections to confirmation of the Disclosure Statement and Plan, including any objection to the adequacy of the disclosures in the Disclosure Statement and Plan, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Court and served on the Notice Parties[3] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on July 27, 2023**. Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

**PLEASE BE ADVISED THAT ARTICLE XIV OF THE DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:**

**Section 14.1(a): Notwithstanding any other provision of the Plan, consistent with the Debtors' organizational documents and to the fullest extent permitted by applicable law, the Exculpated Parties shall not have or incur any liability to, or be subject to any right of action by, any Person, Entity, Holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or agents acting in such capacity, or Affiliates, or any of their successors or assigns, for any act or omission occurring on or after the Petition Date and on or before the Effective Date relating to, in any way, or arising from (i) the Chapter 11 Cases, (ii) formulating, negotiating or implementing the Plan or any contract, instrument, or other agreement or document created or entered into in connection with the Plan, (iii) the sale of the Debtors' assets pursuant to the 363 Sale, (iv) any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring, sale or liquidation of the Debtors, (v) the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, Confirmation of the Plan, Consummation of the Plan, or (vi) the administration of the Plan or the property to be distributed under the Plan, except for any action taken by the Exculpated Parties that is determined by Final Order to constitute gross negligence or willful misconduct (including, but not limited to,**

---

[3] The Notice Parties are: (a) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com); (b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE, 19801, Attn: Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov); and (c) counsel to the Committee, (i) ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019, Attn: George P. Angelich, Esq. (george.angelich@afslaw.com); 800 Boylston Street, 32nd Floor, Boston, MA 01299, Attn: Justin A. Kesselman, Esq. (justin.kesselman@afslaw.com) and James E. Britton, Esq. (james.britton@afslaw.com), and (ii) A.M. Saccullo Legal LLC, 27 Crimson King Drive, Bear, DE 19701, Attn: Anthony M. Saccullo, Esq. (ams@saccullolegal.com) and Mark T. Hurford, Esq. (mark@saccullolegal.com).

fraud).  The Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting the Exculpated Parties from liability.  Notwithstanding any other provision in the Plan, Disclosure Statement, or Confirmation Order to the contrary, including Section 14.1(c) of the Plan, the Confirmation Order and Plan shall serve as a permanent injunction against any Entity seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to this Section 14.1(a) of the Plan.

"Exculpated Parties" shall mean in each of their capacities as such, (a) the Debtors, (b) current and former managers, directors and officers of the Debtors, (c) current and former members of the Committee, (d) Professionals retained by the Debtors pursuant to an Order of the Bankruptcy Court, and (e) Professionals retained by the Committee pursuant to an Order of the Bankruptcy Court.

Section 14.1(c):  Non-Discharge of the Debtors; Injunction.  In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors.  Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors (except for the Claims and Interests of Project Crush in connection with the BWSC Assets).  Consistent with the preceding sentence, no Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Entity under the Plan.  All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.

Except as otherwise expressly provided for in the Plan or with respect to obligations imposed pursuant to the Plan, all Entities are permanently enjoined, on and after the Effective Date, through and until the date upon which all remaining property of the Debtors' Estates has been liquidated and distributed to creditors or otherwise in accordance with the terms of the Plan and the Plan has been fully administered, subject to further extension by motion on notice, with all parties' rights with respect to such extension reserved, on account of any Claim or Interest, from:

    (1)    commencing or continuing in any manner any action or other proceeding of any kind against any of the Estates, Post-Effective Date Debtors, the Creditor Trust, and each of their successors and assigns, assets, and properties;

    (2)    enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Estate, Post-Effective Date Debtor, the Creditor Trust, their successors and assigns, and any of their assets and properties;

    (3)    creating, perfecting or enforcing any encumbrance of any kind against any Estate, Post-Effective Date Debtor, Creditor Trust, their successors and assigns, and any of their assets and properties;

    (4)    asserting any right of setoff or subrogation of any kind against any obligation due from any Estate, Post-Effective Date Debtor, Creditor Trust, their successors and assigns, or against any of their assets and properties, except to the extent a right to setoff or subrogation is asserted with respect to a timely filed proof of Claim.

**Any Entity that incurs damages as a result of any willful violation of such injunction may seek actual damages and, in appropriate circumstances, may seek punitive damages from the willful violator.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE DISCLOSURE STATEMENT AND PLAN, INCLUDING THE EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE XIV THEREOF.**

*[signature page follows]*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/

Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Joshua B. Brooks (No. 6765)
Shella Borovinskaya (No. 6758)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone:  (302) 571-6600
Emails: mnestor@ycst.com
        mlunn@ycst.com
        amielke@ycst.com
        jbrooks@ycst.com
        sborovinskaya@ycst.com

*Counsel for the Debtors and Debtors in Possession*

-and-

**ARENTFOX SCHIFF LLP**

/s/

George P. Angelich (admitted *pro hac vice*)
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Telephone:  (212) 457-5423
Email:  george.angelich@afslaw.com

Justin A. Kesselman (admitted *pro hac vice*)
James E. Britton (admitted *pro hac vice*)
800 Boylston Street, 32nd Floor
Boston, MA 02199
Telephone:  (617) 973-6102
Emails:  justin.kesselman@afslaw.com
        james.britton@afslaw.com

**A.M. SACCULLO LEGAL, LLC**

Mark T. Hurford (No. 3299)
27 Crimson King Drive
Bear, DE 19701
Telephone:  (302) 836-8877
Facsimile:  (302) 836-8787
Email:  mark@saccullolegal.com

*Counsel for the Official Committee of Unsecured Creditors*

30468749.3

**<u>EXHIBIT 3</u>**

**Notice of Non-Voting Status**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |

### NOTICE OF NON-VOTING STATUS TO HOLDERS OF
### CLASS 1, 2 & 4 CLAIMS & CLASS 5(a), 5(b) & 5(c) INTERESTS

**PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession (the "Debtors") and the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee") filed the *Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement and Plan").[2]    On, [●], the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Solicitation Procedures Order"), which, among other things, approved the Disclosure Statement and Plan on an interim basis and authorized the Debtors and Committee to solicit votes to accept or reject the Disclosure Statement and Plan from the Holders of Claims in the Voting Class (as defined in the Solicitation Procedures Order).

**YOU ARE OR MIGHT BE THE HOLDER OF EITHER (A) CLAIMS IN CLASSES OF UNIMPAIRED CLAIMS PRESUMED TO ACCEPT THE DISCLOSURE STATEMENT AND PLAN, OR (B) CLAIMS AND INTERESTS IN CLASSES OF IMPAIRED CLAIMS DEEMED TO REJECT THE DISCLOSURE STATEMENT AND PLAN.  SUCH HOLDERS OF CLAIMS AND INTERESTS ARE NOT ENTITLED TO VOTE ON THE DISCLOSURE STATEMENT AND PLAN.  THE FOLLOWING IS A SUMMARY OF THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE DISCLOSURE STATEMENT AND PLAN FOR PURPOSES OF VOTING.**

| Class | Claim or Interest | Summary of Treatment |
|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired *Presumed to Accept Plan* |
| 2 | Secured Claims | Unimpaired *Presumed to Accept Plan* |
| 3 | General Unsecured Claims | Impaired *Entitled to Vote on Plan* |
| 4 | Intercompany Claims | Impaired *Deemed to Reject Plan* |
| 5(a) | Interests in Winc | Impaired *Deemed to Reject Plan* |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2]  All capitalized terms used but not otherwise defined herein have the meanings set forth in the Disclosure Statement and Plan.

| Class | Claim or Interest | Summary of Treatment |
|-------|-------------------|---------------------|
| 5(b) | Interests in BWSC | Impaired<br>***Deemed to Reject Plan*** |
| 5(c) | Interests in Winc Lost Poet | Impaired<br>***Deemed to Reject Plan*** |

**UNDER THE TERMS OF THE DISCLOSURE STATEMENT AND PLAN, HOLDERS OF CLAIMS IN CLASSES 1 AND 2 ARE UNIMPAIRED UNDER THE DISCLOSURE STATEMENT AND PLAN AND THEREFORE, PURSUANT TO THE DISCLOSURE STATEMENT AND PLAN AND BANKRUPTCY CODE SECTION 1126(f), ARE (I) PRESUMED TO HAVE ACCEPTED THE DISCLOSURE STATEMENT AND PLAN AND (II) NOT ENTITLED TO VOTE ON THE DISCLOSURE STATEMENT AND PLAN.**

**UNDER THE TERMS OF THE DISCLOSURE STATEMENT AND PLAN, HOLDERS OF CLAIMS IN CLASSES 4 AND HOLDERS OF INTERESTS IN CLASSES 5(a), 5(b) AND 5(c) ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF THEIR CLAIMS OR INTERESTS IN THOSE CLASSES AND THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTION 1126(g), ARE (I) DEEMED TO HAVE REJECTED THE DISCLOSURE STATEMENT AND PLAN AND (II) NOT ENTITLED TO VOTE ON THE DISCLOSURE STATEMENT AND PLAN.**

**PLEASE BE ADVISED THAT ARTICLE XIV OF THE DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:**

**Section 14.1(a):  Notwithstanding any other provision of the Plan, consistent with the Debtors' organizational documents and to the fullest extent permitted by applicable law, the Exculpated Parties shall not have or incur any liability to, or be subject to any right of action by, any Person, Entity, Holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or agents acting in such capacity, or Affiliates, or any of their successors or assigns, for any act or omission occurring on or after the Petition Date and on or before the Effective Date relating to, in any way, or arising from (i) the Chapter 11 Cases, (ii) formulating, negotiating or implementing the Plan or any contract, instrument, or other agreement or document created or entered into in connection with the Plan, (iii) the sale of the Debtors' assets pursuant to the 363 Sale, (iv) any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring, sale or liquidation of the Debtors, (v) the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, Confirmation of the Plan, Consummation of the Plan, or (vi) the administration of the Plan or the property to be distributed under the Plan, except for any action taken by the Exculpated Parties that is determined by Final Order to constitute gross negligence or willful misconduct (including, but not limited to, fraud).  The Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting the Exculpated Parties from liability.  Notwithstanding any other provision in the Plan, Disclosure Statement, or Confirmation Order to the contrary, including Section 14.1(c) of the Plan, the Confirmation Order and Plan shall serve as a permanent injunction against any Entity seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to this Section 14.1(a) of the Plan.**

**"Exculpated Parties" shall mean in each of their capacities as such, (a) the Debtors, (b) current and former managers, directors and officers of the Debtors, (c) current and former members of the**

Committee, (d) Professionals retained by the Debtors pursuant to an Order of the Bankruptcy Court, and (e) Professionals retained by the Committee pursuant to an Order of the Bankruptcy Court.

**Section 14.1(c):**  **Non-Discharge of the Debtors; Injunction.**  In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors.  Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors (except for the Claims and Interests of Project Crush in connection with the BWSC Assets).  Consistent with the preceding sentence, no Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Entity under the Plan.  All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.

Except as otherwise expressly provided for in the Plan or with respect to obligations imposed pursuant to the Plan, all Entities are permanently enjoined, on and after the Effective Date, through and until the date upon which all remaining property of the Debtors' Estates has been liquidated and distributed to creditors or otherwise in accordance with the terms of the Plan and the Plan has been fully administered, subject to further extension by motion on notice, with all parties' rights with respect to such extension reserved, on account of any Claim or Interest, from:

  (1)  commencing or continuing in any manner any action or other proceeding of any kind against any of the Estates, Post-Effective Date Debtors, the Creditor Trust, and each of their successors and assigns, assets, and properties;

  (2)  enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Estate, Post-Effective Date Debtor, the Creditor Trust, their successors and assigns, and any of their assets and properties;

  (3)  creating, perfecting or enforcing any encumbrance of any kind against any Estate, Post-Effective Date Debtor, Creditor Trust, their successors and assigns, and any of their assets and properties;

  (4)  asserting any right of setoff or subrogation of any kind against any obligation due from any Estate, Post-Effective Date Debtor, Creditor Trust, their successors and assigns, or against any of their assets and properties, except to the extent a right to setoff or subrogation is asserted with respect to a timely filed proof of Claim.

Any Entity that incurs damages as a result of any willful violation of such injunction may seek actual damages and, in appropriate circumstances, may seek punitive damages from the willful violator.

YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE DISCLOSURE STATEMENT AND PLAN, INCLUDING THE EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE XIV THEREOF.

  Objections, if any, to confirmation of the Disclosure Statement and Plan, including the exculpation and injunctions provided for in Section 14.1 of the Disclosure Statement and Plan, must

**(i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties so as to be actually received before 4:00 p.m. (ET) on July 27, 2023:  (a) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn:  Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com); (b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE, 19801, Attn:  Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov); and (c) counsel to the Committee, (i) ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019, Attn:  George P. Angelich, Esq. (george.angelich@afslaw.com); 800 Boylston Street, 32nd Floor, Boston, MA 01299, Attn: Justin A. Kesselman, Esq. (justin.kesselman@afslaw.com) and James E. Britton, Esq. (james.britton@afslaw.com), and (ii) A.M. Sacullo Legal LLC, 27 Crimson King Drive, Bear, DE 19701, Attn: Anthony M. Sacullo, Esq. (ams@sacullolegal.com) and Mark T. Hurford, Esq. (mark@sacullolegal.com).**

   **Copies of the Disclosure Statement and Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://dm.epiq11.com/Winc, or upon request to the Debtors' claim and voting agent, Epiq Corporate Restructuring, LLC, by (i) telephone at (855) 608-2412 (US & Canada) or +1 (503) 461-3028 (outside U.S. & Canada) or (ii) email at WincInfo@epiqglobal.com.**

*[signature page follows]*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/_____

Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Joshua B. Brooks (No. 6765)
Shella Borovinskaya (No. 6758)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone:  (302) 571-6600
Emails: mnestor@ycst.com
        mlunn@ycst.com
        amielke@ycst.com
        jbrooks@ycst.com
        sborovinskaya@ycst.com

*Counsel for the Debtors and Debtors in Possession*

-and-

**ARENTFOX SCHIFF LLP**

/s/_____

George P. Angelich (admitted *pro hac vice*)
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Telephone:  (212) 457-5423
Email:  george.angelich@afslaw.com

Justin A. Kesselman (admitted *pro hac vice*)
James E. Britton (admitted *pro hac vice*)
800 Boylston Street, 32nd Floor
Boston, MA 02199
Telephone:  (617) 973-6102
Emails:  justin.kesselman@afslaw.com
        james.britton@afslaw.com

**A.M. SACCULLO LEGAL, LLC**

Mark T. Hurford (No. 3299)
27 Crimson King Drive
Bear, DE 19701
Telephone:  (302) 836-8877
Facsimile:  (302) 836-8787
Email:  mark@saccullolegal.com

*Counsel for the Official Committee of Unsecured Creditors*

# **EXHIBIT 2**

## **Blackline**

30482262.2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. —— 376** |

### ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS; (II) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES; (III) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) FIXING THE DATE, TIME, AND PLACE FOR THE CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO; AND (VI) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the Plan Proponents for entry of an order:  (i) approving the Disclosure Statement and Plan, on an interim basis; (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Disclosure Statement and Plan; (iii) approving the form of ballot and solicitation materials; (iv) establishing a voting record date; (v) fixing the date, time, and place for the Confirmation Hearing and the deadline for filing objections related thereto; and (vi) granting related relief; and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated as of February 29, 2012.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Disclosure Statement and Plan, as applicable.

B.    Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.    This Court may, consistent with Article III of the United States Constitution issue a final order in connection with the Motion.

D.    Venue of the proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E.    The relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest.

F.    The notice of the Motion and the Confirmation Hearing were served as set forth in the Motion, and such notice constitutes good and sufficient notice to all interested parties and complies with Bankruptcy Rules 2002 and 3017, and no other or further notice need be provided.

G.    The form of ballot attached hereto as **Exhibit 1** (the "Ballot"): (i) is consistent with Official Form No. 14; (ii) adequately addresses the particular needs of the Chapter 11 Cases; (iii) is appropriate for Holders of Claims in Class 3 of the Plan (the "Voting Class"); and (iv) complies with Bankruptcy Rule 3017(d).

H.    The Ballot need not be provided to Holders of Claims or Interests in ~~the~~ Classes 1, 2, 4, 5(a), 5(b), and 5(c) (collectively, the "Non-Voting Classes"), as such Non-Voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Disclosure Statement and Plan in accordance with section 1126(f) of the Bankruptcy Code or (ii) impaired but will neither retain nor receive any property under the Disclosure Statement and Plan and, thus, are conclusively deemed to have rejected the Disclosure Statement and Plan under section 1126(g) of the Bankruptcy Code.

I.      The period during which the Plan Proponents may solicit votes to accept or reject the Disclosure Statement and Plan, as established by this Order, provides sufficient time for the Holders of Claims in the Voting Class to make an informed decision to accept or reject the Disclosure Statement and Plan and submit a Ballot in a timely fashion, and the solicitation provided by this Order is consistent with section 1126 of the Bankruptcy Code.

J.      The Tabulation Procedures (defined below) for the solicitation and tabulation of votes to accept or reject the Disclosure Statement and Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

K.      The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Notice, under the circumstances, constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The relief requested in the Motion is granted as set forth herein.

**<u>Conditional Approval of Disclosure Statement and Plan</u>**

2.      The Disclosure Statement and Plan is approved on an interim basis as containing adequate information for solicitation purposes under sections 105 and 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2. <u>Any objections to the adequacy of information contained in the Disclosure Statement on a final basis are expressly reserved for consideration at the Confirmation Hearing, unless overruled on the record at the hearing to approve the Disclosure Statement and Plan on an interim basis, if applicable.</u>

**<u>Approval of the Confirmation Timeline</u>**

3.      The Bankruptcy Court shall conduct the Confirmation Hearing for (i) final approval of the Disclosure Statement and Plan as containing adequate information and (ii) confirmation of the Disclosure Statement and Plan.  The Confirmation Hearing is hereby scheduled for **August 3, 2023 at [●] 10:00 a.m.** **(prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time without further notice other than by (a) announcing any adjourned date at the Confirmation Hearing (or any continued hearing) or (b) filing a notice on the docket of the Chapter 11 Cases.

4.      The following dates and deadlines, are hereby approved:

| Event | Proposed Date |
|---|---|
| Voting Record Date | **June 26, 2023** (or the date the Proposed Solicitation Procedures Order is entered) |
| Date by Which Solicitation Will be Mailed | **June 29, 2023** (or within three business days of entry of the Proposed Solicitation Procedures Order) |
| <u>Deadline to File Objections to Claims for Voting Purposes</u> | **<u>June 30, 2023</u>** |
| Deadline to File Rule 3018 Motions | **July 13, 2023 at 4:00 p.m. (ET)** |
| Deadline for Plan Proponents to Respond to any Rule 3018 Motion | **July 20, 2023 at 4:00 p.m. (ET)** |
| Deadline to File Plan Supplement | **July 20, 2023** |
| Voting Deadline | **July 27, 2023 at 4:00 p.m. (ET)** |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosures | **July 27, 2023 at 4:00 p.m. (ET)** |
| Deadline to File <u>Voting Report, Form of Confirmation Order,</u> Confirmation Brief , and any Replies in Support of Confirmation | **August 1, 2023 at 12:00 p.m. (ET)** (or two business days prior to the Confirmation Hearing) |
| Confirmation Hearing | **August 3, 2023 <u>at 10:00 a.m. (ET)</u>** (or as soon as possible thereafter) |

**Approval of the Solicitation Procedures**

5.        The Ballot, substantially in the form attached hereto as **Exhibit 1**, is approved.

6.        The Confirmation Notice, in substantially the form attached hereto as **Exhibit 2**, is approved.

7.        The notice to be provided to Holders of Claims and Interests in the Non-Voting Classes, in substantially the form attached hereto as **Exhibit 3** (the "Notice of Non-Voting Status"), is approved.

7.8.        Pursuant to Bankruptcy Rule 3017(d), **June 26, 2023 at 4:00 p.m. (prevailing Eastern Time)** shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Packages and vote on the Disclosure Statement and Plan (the "Record Date").

8.9.        With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

9.10.        On or prior to the date that is three (3) business days following entry of this Order (the "Service Date"), the Voting Agent shall serve, by first class mail. the Solicitation Packages to Holders of Claims in the Voting Class containing.   The Solicitation Packages shall contain copies of:  (a) the Confirmation Notice; (b) the Disclosure Statement and Plan, with all exhibits thereto; (c) this Order, without exhibits; (c) the Ballot; and (d) a pre-paid, pre-addressed return

envelope.[3]  Further, on or prior to the Service Date, the Voting Agent shall serve, by first class mail, the Notice of Non-Voting Status to Holders of Claims or Interests in the Non-Voting Classes.

[3]The Plan Proponents shall be excused from distributing not be required to distribute Solicitation Packages to (a) the Holders of Claims or Interests in the Non-Voting Classes and (b) those persons or entities listed at addresses for which previous mailings have been returned as undeliverable, unless the Plan Proponents receive written notice of accurate addresses for such persons or entities prior to the Voting Record Date.  The Plan Proponents and Voting Agent are also not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including undeliverable Ballots) or Confirmation Notices.  In lieu of mailing the Confirmation Notice to the DTC Customers that are not holders of Class 3 Claims, the Plan Proponents are authorized to serve the Confirmation Notice on such DTC Customers by email service not later than three (3) business days after entry of this Order.

10.11.  On or prior to the Service Date, the Voting Agent shall serve, by first class mail, the Confirmation Notice to the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package: (a) all persons or entities that have filed, or are deemed to have filed a Proof of Claim or request for allowance of Claim as of the Record Date; (b) all persons or entities listed on the Schedules as holding a Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) other known Holders of Claims and Interests; (g) all entities known to the Debtors to hold or assert a

---

[3] The Disclosure Statement and Plan and the Order, will be provided in pdf format on a flash drive or in paper format, and all other documents will be provided in paper format.

[3] The Disclosure Statement and Plan, and the Order, will be provided in pdf format on a flash drive or in paper format, and all other documents will be provided in paper format.

lien or other interest in the Debtors' property; and (h) any other parties that have requested notice pursuant to Bankruptcy Rule 2002*; provided, however,* in lieu of mailing the Confirmation Notice to the DTC Customers that are not Holders of Claims in the Voting Class, the Plan Proponents are authorized to serve the Confirmation Notice on such DTC Customers by email service not later than three (3) business days after entry of this Order.

11.12.  To be counted as a vote to accept or reject the Disclosure Statement and Plan, a Ballot must be properly executed, completed, and delivered to the Voting Agent in accordance with the instructions on the Ballot so that it is actually received no later than **4:00 p.m. (prevailing Eastern Time) on July 27, 2023** (the "Voting Deadline").

1.13.  The following procedures shall be used in tabulating the votes to accept or reject the Disclosure Statement and Plan (the "Tabulation Procedures").  Each Holder of a Claim in the Voting Class shall be entitled to vote the amount of its Claim as of the Record Date.  Solely for purposes of voting on the Disclosure Statement and Plan, and not for the purpose of making Distributions on account of a Claim, and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including claims objections and adversary proceedings, with respect to all Holders of Claims in the Voting Class against the Debtors, the temporarily allowed amount of a Claim used to tabulate acceptance or rejection of the Plan should be as follows:

(a)     The amount of the Claim listed in the Debtors' Schedules; provided that such Claim is not scheduled as contingent, unliquidated, undetermined, undisputed, or in the amount of $0.00, and such Claim has not been superseded by a timely filed Proof of Claim.

(b)     The undisputed, non-contingent, unpaid and liquidated amount specified in a Proof of Claim against the Debtors, timely filed with the Court or the Voting Agent by the applicable Bar Date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed by July 27June 30, 2023 (or, if such Claim has

been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

(c) If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

(d) If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018. Any motion pursuant to Bankruptcy Rule 3018 seeking to temporarily allow a Claim for voting purposes must be filed and served in accordance with the Proposed Solicitation Procedures Order.

(e) Except as otherwise provided in subsection (d) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in an unknown, blank, or undetermined amount, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(f) Proofs of Claim filed for $0.00 are not entitled to vote.

(g) Except as otherwise provided in subsection (d) hereof, with respect to a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim, but the Claim is the subject of a claim objection filed by ~~July 27~~June 30, 2023, the Plan Proponents request, that such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline.

(h) Notwithstanding anything to the contrary contained herein, to the extent that a Holder holds duplicate Claims in the Voting Class against the Debtors (by virtue of one or more timely-filed proofs of claim, the Schedules, or a combination of both), such Holder shall be deemed to hold a single Claim in the Voting Class, and shall be provided with one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicative Claims.

(i) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the

Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

(j)     Except as otherwise ordered by the Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Plan Proponents (each in their sole discretion).

(k)     Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted.

(l)     Any Ballot cast by a person or entity that does not hold a Claim in the Voting Class will not be counted.

(m)     Any unsigned Ballot will not be counted, provided that any Ballot validly submitted through the E-Balloting Portal will be deemed signed.

(n)     Any Ballot transmitted to the Voting Agent by facsimile or other electronic means (other than through the E-Balloting Portal) will not be counted.

(o)     Any Ballot that does not indicate an acceptance or rejection of the Disclosure Statement and Plan, or that indicates both an acceptance and rejection of the Disclosure Statement and Plan, will not be counted.

(p)     Whenever a claimant casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

(q)     If a claimant casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

(r)     Any claimant who had delivered a valid Ballot voting on the Plan may withdraw or change such vote solely in accordance with Bankruptcy Rule 3018(a).

(r)(s)   Each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot.

(s)(t)   Claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Disclosure Statement and Plan.

(t)(u)   The Plan Proponents further propose that, subject to any contrary order of the Court and except as otherwise set forth herein, they may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Voting Agent.

12.14.    Upon completion of the balloting, the Voting Agent shall certify the amount and number of allowed claims of the Voting Classes accepting or rejecting the Disclosure Statement and Plan, including all votes not counted and the reason for not counting such votes. The Plan Proponents shall cause such certification to be filed with the Court prior to the Confirmation Hearing, but no later than **August 1, 2023 at 12:00 p.m. (prevailing Eastern Time)**.

13.15.  If any Holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such Holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Combined Disclosure Statement and Plan (a "Rule 3018 Motion") no later than **July 13, 2023 at 4:00 (prevailing Eastern Time)** and serve the Rule 3018 Motion on the Debtors.  The Plan Proponents (and, with respect to filing a response, any other party in interest) shall then (i) have until **July 20, 2023 at 4:00 (prevailing Eastern Time)** to file and serve any responses to such Rule 3018 Motions, and (ii) coordinate with the Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Confirmation Hearing.  Any Ballot submitted by a Holder of a Claim that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying claim or equity interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

14.16.  Objections to approval and confirmation of the Disclosure Statement and Plan on any grounds, including adequacy of the disclosures therein, if any, must (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) comply with the Bankruptcy Rules and the Local Rules; and (d) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon

the following (collectively, the "<u>Notice Parties</u>"): (a) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com); (b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE, 19801, Attn:    Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov); and (c) counsel to the Committee, (i) ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019, Attn: George P. Angelich, Esq. (george.angelich@afslaw.com); 800 Boylston Street, 32nd Floor, Boston, MA 01299, Attn:  Justin A.  Kesselman,  Esq.  (justin.kesselman@afslaw.com)  and  James  E.  Britton,  Esq. (james.britton@afslaw.com), and (ii) A.M. Saccullo Legal LLC, 27 Crimson King Drive, Bear, DE 19701, Attn: Anthony M. Saccullo, Esq. (ams@saccullolegal.com) and Mark T. Hurford, Esq. (mark@saccullolegal.com), by no later than **4:00 p.m. (prevailing Eastern Time) on July 27, 2023** (the "<u>Confirmation Objection Deadline</u>")**.**

~~15.~~17.  The Plan Proponents shall, if they deem necessary in their discretion, file a reply to any objections or brief in support of approval of the Disclosure Statement and Plan by no later than **12:00 p.m. (prevailing Eastern Time) on August 1, 2023** (or two (2) business days prior to the date of any adjourned Confirmation Hearing).

~~16.~~18.  The  Plan  Proponents  are  authorized  to  make  non-substantive  and  ministerial changes to the Disclosure Statement and Plan, Confirmation Notice, Ballot, and related documents without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Disclosure Statement and Plan and any other materials included in the Solicitation Package prior

to their distribution; *provided* that the Debtors shall provide notice to the Office of the United States Trustee of any such non-substantive, ministerial, or immaterial changes.

17.19.  The Plan Proponents are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order.

18.20.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19.21.  The Court shall retain jurisdiction to hear and determined all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

**EXHIBIT 1**

**Class 3 (General Unsecured Claims) Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |

**CLASS 3 (GENERAL UNSECURED CLAIMS) BALLOT FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF WINC, INC. AND ITS AFFILIATED DEBTORS**

---

**TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT" AS DEFINED BELOW) MUST BE <u>ACTUALLY</u> RECEIVED BY EPIQ CORPORATE RESTRUCTURING, LLC BY THE VOTING DEADLINE OF JULY 27, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

---

This ballot (the "<u>Ballot</u>") is being submitted to you by the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") and the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases (the "<u>Committee</u>", and together with the Debtors, the "<u>Plan Proponents</u>") to solicit your vote to accept or reject the *Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* [Docket No. ●] filed by the Plan Proponents (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "<u>Disclosure Statement and Plan</u>").[2] Copies of the Disclosure Statement and Plan may be obtained free of charge on the dedicated webpage of Epiq Corporate Restructuring, LLC (the "<u>Voting Agent</u>") at https://dm.epiq11.com/Winc or upon request to the Voting Agent by (i) telephone at (855) 608-2412 (US & Canada) or +1 (503) 461-3028 (outside U.S. & Canada) or (ii) email at WincInfo@epiqglobal.com.[3]

The Disclosure Statement and Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class who vote on the Disclosure Statement and Plan and if the Disclosure Statement and Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Disclosure Statement and Plan if it finds that the Disclosure Statement and Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Disclosure Statement and Plan and (ii) otherwise satisfies the requirements of section 1129(b) Bankruptcy Code.

**<u>VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT</u>**

1. For your vote to count, you must:
   a. Submit your Ballot by <u>either</u>:
      i. Completing, executing, and submitting this paper Ballot ("<u>Paper Ballot</u>") by mail, overnight courier, or hand delivery to the following addresses: (i) if by First-Class Mail: Winc, Inc., c/o Epiq Ballot Processing, P.O. Box 4422, Beaverton, OR 97076-4422, or (ii) if by Hand Delivery or Overnight Mail: Winc, Inc., c/o Epiq Ballot Processing, 10300 SW Allen Blvd., Beaverton, OR 97005; **<u>or</u>**

      ii. Submitting an electronic Ballot (an "<u>E-Ballot</u>") through the Voting Agent's dedicated, E-Ballot portal (the "<u>E-Balloting Portal</u>"). To submit your Ballot through the E-Balloting Portal, visit https://dm.epiq11.com/Winc, click on the "E-Ballot" section of the website and follow the instructions to submit your E-Ballot.

         • IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:

            Unique E-Ballot ID#:_____

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Disclosure Statement and Plan.

[3] Copies of the Disclosure Statement and Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

- Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot. Please complete and submit an E- Ballot for each E-Ballot ID# you receive, as applicable. If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

- The E-Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

b. In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Disclosure Statement and Plan by checking the appropriate box;

c. Review and sign the acknowledgements in Item 3 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required for your vote to be counted. For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid and original signature. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the General Unsecured Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

d. **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is** *received* **by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, July 27, 2023 at 4:00 p.m. (prevailing Eastern Time)**. If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Plan Proponents' discretion. If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

2. You must vote all your Claims within a single Class under the Disclosure Statement and Plan either to accept or reject the Disclosure Statement and Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Disclosure Statement and Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject Disclosure Statement and the Plan likewise will not be counted. **Further, inconsistent, duplicate Ballots with respect to the same Claim shall not be counted.**

3. The Ballot does not constitute and will not be deemed a Proof of Claim or an assertion of a Claim or Equity Interest.

4. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

5. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6. PLEASE RETURN YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

7. IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL (WINCINFO@EPIQGLOBAL.COM), OR (III) BY TELEPHONE AT (855) 608-2412 (US & CANADA) OR +1 (503) 461-3028 (OUTSIDE U.S. & CANADA). DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE. THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**NOTICE REGARDING CERTAIN INJUNCTION AND EXCULPATION PROVISIONS
IN THE DISCLOSURE STATEMENT AND PLAN**

8. PLEASE BE ADVISED THAT THE DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN INJUNCTION AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

Section 14.1(a) of the Plan contains the following exculpation provision:

**Notwithstanding any other provision of the Plan, consistent with the Debtors' organizational documents and to the fullest extent permitted by applicable law, the Exculpated Parties shall not have or incur any liability to, or be subject to any right of action by, any Person, Entity, Holder of a Claim or an Interest, or any other party in interest, or any of their respective agents,**

employees, representatives, financial advisors, attorneys, or agents acting in such capacity, or Affiliates, or any of their successors or assigns, for any act or omission occurring on or after the Petition Date and on or before the Effective Date relating to, in any way, or arising from (i) the Chapter 11 Cases, (ii) formulating, negotiating or implementing the Plan or any contract, instrument, or other agreement or document created or entered into in connection with the Plan, (iii) the sale of the Debtors' assets pursuant to the 363 Sale, (iv) any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring, sale or liquidation of the Debtors, (v) the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, Confirmation of the Plan, Consummation of the Plan, or (vi) the administration of the Plan or the property to be distributed under the Plan, except for any action taken by the Exculpated Parties that is determined by Final Order to constitute gross negligence or willful misconduct (including, but not limited to, fraud). The Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting the Exculpated Parties from liability. The Notwithstanding any other provision in the Plan, Disclosure Statement, or Confirmation Order to the contrary, including Section 14.1(c) of the Plan, the Confirmation Order and Plan shall serve as a permanent injunction against any Entity seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to this Section 14.1(a) of the Plan.

As defined in the Disclosure Statement and Plan:

"Exculpated Parties" shall mean in each of their capacities as such, (a) the Debtors, (b) current and former managers, directors and officers of the Debtors, (c) current and former members of the Committee, (d) Professionals retained by the Debtors pursuant to an Order of the Bankruptcy Court, and (e) Professionals retained by the Committee pursuant to an Order of the Bankruptcy Court.

Section 14.1(c) of the Plan contains the following injunction:

Non-Discharge of the Debtors; Injunction.  Non-Discharge of the Debtors; Injunction.  In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors.  Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors (except for the Claims and Interests of Project Crush in connection with the BWSC Assets).  Consistent with the preceding sentence, no Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Entity under the Plan.  All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.

Except as otherwise expressly provided for in the Plan or in with respect to obligations issued imposed pursuant to the Plan, all Entities are permanently enjoined, on and after the Effective Date, through and until the date upon which all remaining property of the Debtors' Estates has been liquidated and distributed to creditors or otherwise in accordance with the terms of the Plan and the Plan has been fully administered, subject to further extension by motion on notice, with all parties' rights with respect to such extension reserved, on account of any Claim or Interest, from:

(1)1.    commencing or continuing in any manner any action or other proceeding of any kind against any of the Estates, Post-Effective Date Debtors, the Creditor Trust, and each of their successors and assigns, assets, and properties;

(2)2.    enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Estate, Post-Effective Date Debtor, the Creditor Trust, their successors and assigns, and any of their assets and properties;

(3)3.    creating, perfecting or enforcing any encumbrance of any kind against any Estate, Post-Effective Date Debtor, Creditor Trust, their successors and assigns, and any of their assets and properties;

(4)4.    asserting any right of setoff or subrogation of any kind against any obligation due from any Estate, Post-Effective Date Debtor, Creditor Trust, their successors and assigns, or against any of their assets and properties, except to the extent a right to setoff or subrogation is asserted with respect to a timely filed proof of Claim.

Any Entity that incurs damages as a result of any willful violation of such injunction may seek actual damages and, in appropriate circumstances, may seek punitive damages from the willful violator.

Class 3 Ballot

***YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE DISCLOSURE STATEMENT AND PLAN, INCLUDING THE INJUNCTION AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.***

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

**PLEASE COMPLETE ITEMS 1, 2, AND 3.  IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1.  Voting Amount.**  The undersigned certifies that, as of June 26, 2023, the undersigned was a Holder of a Class 3 General Unsecured Claim in the amount set forth below:[1]

Voting Amount (in U.S. Dollars): $ _____

**Item 2.  Vote on Plan.**  The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box only):

☐  **Accept** the Disclosure Statement and Plan          ☐  **Reject** the Disclosure Statement and Plan

**Item 3.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Disclosure Statement and Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Disclosure Statement and Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Disclosure Statement and Plan or indicates both acceptance and rejection of the Disclosure Statement and Plan will not be counted for voting purposes.

_____          _____
Name of Creditor                                                         Telephone Number

_____          _____
Signature                                                                     Email Address

_____
If by Authorized Agent, Name and Title

_____          _____
Name of Institution                                                   Date Completed

_____
Street Address

_____
City, State, Zip Code

---

30468749.1

[1] For voting purposes only; subject to tabulation rules.

**EXHIBIT 2**

**Confirmation Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ___** |

**NOTICE OF (I) INTERIM APPROVAL OF COMBINED DISCLOSURE
STATEMENT AND PLAN; AND (II) THE HEARING TO CONSIDER (A) FINAL APPROVAL
OF THE COMBINED DISCLOSURE STATEMENT AND PLAN
AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION
OF THE COMBINED DISCLOSURE STATEMENT AND PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

Commencing on November 30, 2022 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

**I.    APPROVAL OF DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS**

1.    On [•], 2023, the Court entered an order (the "Solicitation Procedures Order"), which, among other things, approved, on an interim basis, the *Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement and Plan")[2] filed by the Debtors and the Official Committee of Unsecured Creditors (the "Committee") appointed in the Debtors' chapter 11 cases (the "Chapter 11 Cases").

2.    **Copies of the Disclosure Statement and Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://dm.epiq11.com/Winc, or upon request to the Debtors' claim and voting agent, Epiq Corporate Restructuring, LLC, by (i) telephone at (855) 608-2412 (US & Canada) or +1 (503) 461-3028 (outside U.S. & Canada) or (ii) email at WincInfo@epiqglobal.com.**

**II.    THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE DISCLOSURE STATEMENT AND PLAN**

3.    **Confirmation Hearing**.  A hearing (the "Confirmation Hearing") to consider (a) final approval of the Disclosure Statement and Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Disclosure Statement and Plan will be held before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom No. 2, 824 North Market Street, Wilmington, Delaware 19801, on **August 3, 2023 at 10:00 a.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement and Plan.

Debtors in open court of the adjourned date at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

4. **Voting Deadline**. Only Holders of Claims in Class 3 (General Unsecured Claims) are entitled to vote to accept or reject the Disclosure Statement and Plan. The deadline for the submission of such votes is July 27, 2023 at 4:00 p.m. (prevailing Eastern Time).

5. **Parties Not Entitled to Vote**. Holders of Unimpaired Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Secured Claims) are deemed to accept the Disclosure Statement and Plan. Holders of Impaired Claims or Interests in Class 4 (Intercompany Claims), Class 5(a) (Interests in Winc), Class 5(b) (Interests in BWSC), and Class 5(c) (Interests in Winc Lost Poet) will receive no distribution under the Disclosure Statement and Plan on account of such Claims and Interests and are deemed to reject the Disclosure Statement and Plan. In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Professional Fee Claims, and Priority Tax Claims, as described in the Disclosure Statement and Plan, have not been classified and, therefore, Holders of such Claims are not entitled to vote to accept or reject the Disclosure Statement and Plan. The respective treatment of such unclassified Claims is set forth in Article VI of the Disclosure Statement and Plan.

6. **Objections to Confirmation**. Objections to confirmation of the Disclosure Statement and Plan, including any objection to the adequacy of the disclosures in the Disclosure Statement and Plan, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Court and served on the Notice Parties[3] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on July 27, 2023**. Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

**PLEASE BE ADVISED THAT ARTICLE XIV OF THE DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:**

**Section 14.1(a):   Notwithstanding any other provision of the Plan, consistent with the Debtors' organizational documents and to the fullest extent permitted by applicable law, the Exculpated Parties shall not have or incur any liability to, or be subject to any right of action by, any Person, Entity, Holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or agents acting in such capacity, or Affiliates, or any of their successors or assigns, for any act or omission occurring on or after the Petition Date and on or before the Effective Date relating to, in any way, or arising from (i) the Chapter 11 Cases, (ii) formulating, negotiating or implementing the Plan or any contract, instrument, or other agreement or document created or entered into in connection with the Plan, (iii) the sale of the Debtors' assets pursuant to the 363 Sale, (iv) any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring, sale or liquidation of the Debtors, (v) the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, Confirmation of the Plan, Consummation of the Plan, or (vi) the administration of the Plan or the property to be distributed under the Plan, except for any action taken by the Exculpated Parties that is determined by Final Order to constitute gross negligence or willful misconduct (including, but not limited to, fraud). The Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with**

---

[3] The Notice Parties are:  (a) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn:  Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com); (b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE, 19801, Attn:  Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov); and (c) counsel to the Committee, (i) ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019, Attn:  George P. Angelich, Esq. (george.angelich@afslaw.com); 800 Boylston Street, 32nd Floor, Boston, MA 01299, Attn: Justin A. Kesselman, Esq. (justin.kesselman@afslaw.com) and James E. Britton, Esq. (james.britton@afslaw.com), and (ii) A.M. Sacullo Legal LLC, 27 Crimson King Drive, Bear, DE 19701, Attn: Anthony M. Sacullo, Esq. (ams@saculloolegal.com) and Mark T. Hurford, Esq. (mark@saculloolegal.com).

respect to their duties and responsibilities.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting the Exculpated Parties from liability.  ~~The~~ Notwithstanding any other provision in the Plan, Disclosure Statement, or Confirmation Order to the contrary, including Section 14.1(c) of the Plan, the Confirmation Order and Plan shall serve as a permanent injunction against any Entity seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to this Section 14.1(a) of the Plan.

"Exculpated Parties" shall mean in each of their capacities as such, (a) the Debtors, (b) current and former managers, directors and officers of the Debtors, (c) current and former members of the Committee, (d) Professionals retained by the Debtors pursuant to an Order of the Bankruptcy Court, and (e) Professionals retained by the Committee pursuant to an Order of the Bankruptcy Court.

Section 14.1(c):  Non-Discharge of the Debtors; Injunction.  In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors.  Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors (except for the Claims and Interests of Project Crush in connection with the BWSC Assets).  Consistent with the preceding sentence, no Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Entity under the Plan.  All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.

Except as otherwise expressly provided for in the Plan or ~~in~~ with respect to obligations ~~issued imposed~~ pursuant to the Plan, all Entities are permanently enjoined, on and after the Effective Date, through and until the date upon which all remaining property of the Debtors' Estates has been liquidated and distributed to creditors or otherwise in accordance with the terms of the Plan and the Plan has been fully administered, subject to further extension by motion on notice, with all parties' rights with respect to such extension reserved, on account of any Claim or Interest, from:

(1)     commencing or continuing in any manner any action or other proceeding of any kind against any of the Estates, Post-Effective Date Debtors, the Creditor Trust, and each of their successors and assigns, assets, and properties;

(2)     enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Estate, Post-Effective Date Debtor, the Creditor Trust, their successors and assigns, and any of their assets and properties;

(3)     creating, perfecting or enforcing any encumbrance of any kind against any Estate, Post-Effective Date Debtor, Creditor Trust, their successors and assigns, and any of their assets and properties;~~and~~

(4)     asserting any right of setoff or subrogation of any kind against any obligation due from any Estate, Post-Effective Date Debtor, Creditor Trust, their successors and assigns, or against any of their assets and properties, except to the extent a right to setoff or subrogation is asserted with respect to a timely filed proof of Claim.

**Any Entity that incurs damages as a result of any willful violation of such injunction may seek actual damages and, in appropriate circumstances, may seek punitive damages from the willful violator.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE DISCLOSURE STATEMENT AND PLAN, INCLUDING THE EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE XIV THEREOF.**

*[signature page follows]*

30468749.3

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/*_____

Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Joshua B. Brooks (No. 6765)
Shella Borovinskaya (No. 6758)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone:  (302) 571-6600
Emails: mnestor@ycst.com
            mlunn@ycst.com
            amielke@ycst.com
            jbrooks@ycst.com
            sborovinskaya@ycst.com

*Counsel for the Debtors and Debtors in Possession*

-and-

**ARENTFOX SCHIFF LLP**

*/s/*_____

George P. Angelich (admitted *pro hac vice*)
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Telephone:  (212) 457-5423
Email:  george.angelich@afslaw.com

Justin A. Kesselman (admitted *pro hac vice*)
James E. Britton (admitted *pro hac vice*)
800 Boylston Street, 32nd Floor
Boston, MA 02199
Telephone:  (617) 973-6102
Emails:  justin.kesselman@afslaw.com
            james.britton@afslaw.com

**A.M. SACCULLO LEGAL, LLC**

Mark T. Hurford (No. 3299)
27 Crimson King Drive
Bear, DE 19701
Telephone:  (302) 836-8877
Facsimile:  (302) 836-8787
Email:  mark@saccullolegal.com

*Counsel for the Official Committee of Unsecured Creditors*

30468749.3

# EXHIBIT 3

## Notice of Non-Voting Status

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| _____ Debtors. | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF
CLASS 1, 2 & 4 CLAIMS & CLASS 5(a), 5(b) & 5(c) INTERESTS**

**PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession (the "Debtors") and the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee") filed the *Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement and Plan").[2]  On, [●], the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Solicitation Procedures Order"), which, among other things, approved the Disclosure Statement and Plan on an interim basis and authorized the Debtors and Committee to solicit votes to accept or reject the Disclosure Statement and Plan from the Holders of Claims in the Voting Class (as defined in the Solicitation Procedures Order).

**YOU ARE OR MIGHT BE THE HOLDER OF EITHER (A) CLAIMS IN CLASSES OF UNIMPAIRED CLAIMS PRESUMED TO ACCEPT THE DISCLOSURE STATEMENT AND PLAN, OR (B) CLAIMS AND INTERESTS IN CLASSES OF IMPAIRED CLAIMS DEEMED TO REJECT THE DISCLOSURE STATEMENT AND PLAN.  SUCH HOLDERS OF CLAIMS AND INTERESTS ARE NOT ENTITLED TO VOTE ON THE DISCLOSURE STATEMENT AND PLAN.  THE FOLLOWING IS A SUMMARY OF THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE DISCLOSURE STATEMENT AND PLAN FOR PURPOSES OF VOTING.**

| Class | Claim or Interest | Summary of Treatment |
|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired *Presumed to Accept Plan* |
| 2 | Secured Claims | Unimpaired *Presumed to Accept Plan* |
| 3 | General Unsecured Claims | Impaired *Entitled to Vote on Plan* |
| 4 | Intercompany Claims | Impaired *Deemed to Reject Plan* |
| 5(a) | Interests in Winc | Impaired *Deemed to Reject Plan* |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2]  All capitalized terms used but not otherwise defined herein have the meanings set forth in the Disclosure Statement and Plan.

| Class | Claim or Interest | Summary of Treatment |
|---|---|---|
| 5(b) | Interests in BWSC | Impaired<br>***Deemed to Reject Plan*** |
| 5(c) | Interests in Wine Lost Poet | Impaired<br>***Deemed to Reject Plan*** |

**UNDER THE TERMS OF THE DISCLOSURE STATEMENT AND PLAN, HOLDERS OF CLAIMS IN CLASSES 1 AND 2 ARE UNIMPAIRED UNDER THE DISCLOSURE STATEMENT AND PLAN AND THEREFORE, PURSUANT TO THE DISCLOSURE STATEMENT AND PLAN AND BANKRUPTCY CODE SECTION 1126(f), ARE (I) PRESUMED TO HAVE ACCEPTED THE DISCLOSURE STATEMENT AND PLAN AND (II) NOT ENTITLED TO VOTE ON THE DISCLOSURE STATEMENT AND PLAN.**

**UNDER THE TERMS OF THE DISCLOSURE STATEMENT AND PLAN, HOLDERS OF CLAIMS IN CLASSES 4 AND HOLDERS OF INTERESTS IN CLASSES 5(a), 5(b) AND 5(c) ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF THEIR CLAIMS OR INTERESTS IN THOSE CLASSES AND THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTION 1126(g), ARE (I) DEEMED TO HAVE REJECTED THE DISCLOSURE STATEMENT AND PLAN AND (II) NOT ENTITLED TO VOTE ON THE DISCLOSURE STATEMENT AND PLAN.**

**PLEASE BE ADVISED THAT ARTICLE XIV OF THE DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:**

**Section 14.1(a): Notwithstanding any other provision of the Plan, consistent with the Debtors' organizational documents and to the fullest extent permitted by applicable law, the Exculpated Parties shall not have or incur any liability to, or be subject to any right of action by, any Person, Entity, Holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or agents acting in such capacity, or Affiliates, or any of their successors or assigns, for any act or omission occurring on or after the Petition Date and on or before the Effective Date relating to, in any way, or arising from (i) the Chapter 11 Cases, (ii) formulating, negotiating or implementing the Plan or any contract, instrument, or other agreement or document created or entered into in connection with the Plan, (iii) the sale of the Debtors' assets pursuant to the 363 Sale, (iv) any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring, sale or liquidation of the Debtors, (v) the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, Confirmation of the Plan, Consummation of the Plan, or (vi) the administration of the Plan or the property to be distributed under the Plan, except for any action taken by the Exculpated Parties that is determined by Final Order to constitute gross negligence or willful misconduct (including, but not limited to, fraud). The Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting the Exculpated Parties from liability. Notwithstanding any other provision in the Plan, Disclosure Statement, or Confirmation Order to the contrary, including Section 14.1(c) of the Plan, the Confirmation Order and Plan shall serve as a permanent injunction against any Entity seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to this Section 14.1(a) of the Plan.**

**"Exculpated Parties" shall mean in each of their capacities as such, (a) the Debtors, (b) current and former managers, directors and officers of the Debtors, (c) current and former members of the**

Committee, (d) Professionals retained by the Debtors pursuant to an Order of the Bankruptcy Court, and (e) Professionals retained by the Committee pursuant to an Order of the Bankruptcy Court.

Section 14.1(c):  Non-Discharge of the Debtors; Injunction.  In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors.  Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors (except for the Claims and Interests of Project Crush in connection with the BWSC Assets).  Consistent with the preceding sentence, no Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Entity under the Plan.  All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.

Except as otherwise expressly provided for in the Plan or with respect to obligations imposed pursuant to the Plan, all Entities are permanently enjoined, on and after the Effective Date, through and until the date upon which all remaining property of the Debtors' Estates has been liquidated and distributed to creditors or otherwise in accordance with the terms of the Plan and the Plan has been fully administered, subject to further extension by motion on notice, with all parties' rights with respect to such extension reserved, on account of any Claim or Interest, from:

    (1)      commencing or continuing in any manner any action or other proceeding of any kind against any of the Estates, Post-Effective Date Debtors, the Creditor Trust, and each of their successors and assigns, assets, and properties;

    (2)      enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Estate, Post-Effective Date Debtor, the Creditor Trust, their successors and assigns, and any of their assets and properties;

    (3)      creating, perfecting or enforcing any encumbrance of any kind against any Estate, Post-Effective Date Debtor, Creditor Trust, their successors and assigns, and any of their assets and properties;

    (4)      asserting any right of setoff or subrogation of any kind against any obligation due from any Estate, Post-Effective Date Debtor, Creditor Trust, their successors and assigns, or against any of their assets and properties, except to the extent a right to setoff or subrogation is asserted with respect to a timely filed proof of Claim.

Any Entity that incurs damages as a result of any willful violation of such injunction may seek actual damages and, in appropriate circumstances, may seek punitive damages from the willful violator.

YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE DISCLOSURE STATEMENT AND PLAN, INCLUDING THE EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE XIV THEREOF.

Objections, if any, to confirmation of the Disclosure Statement and Plan, including the exculpation and injunctions provided for in Section 14.1 of the Disclosure Statement and Plan, must

(i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties so as to be actually received before 4:00 p.m. (ET) on July 27, 2023:  (a) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn:  Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com); (b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE, 19801, Attn:  Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov); and (c) counsel to the Committee, (i) ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019, Attn:  George P. Angelich, Esq. (george.angelich@afslaw.com); 800 Boylston Street, 32nd Floor, Boston, MA 01299, Attn: Justin A. Kesselman, Esq. (justin.kesselman@afslaw.com) and James E. Britton, Esq. (james.britton@afslaw.com), and (ii) A.M. Saccullo Legal LLC, 27 Crimson King Drive, Bear, DE 19701, Attn: Anthony M. Saccullo, Esq. (ams@saccullolegal.com) and Mark T. Hurford, Esq. (mark@saccullolegal.com).

Copies of the Disclosure Statement and Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://dm.epiq11.com/Winc, or upon request to the Debtors' claim and voting agent, Epiq Corporate Restructuring, LLC, by (i) telephone at (855) 608-2412 (US & Canada) or +1 (503) 461-3028 (outside U.S. & Canada) or (ii) email at WincInfo@epiqglobal.com.

*[signature page follows]*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/*

Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Joshua B. Brooks (No. 6765)
Shella Borovinskaya (No. 6758)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone:  (302) 571-6600
Emails: mnestor@ycst.com
        mlunn@ycst.com
        amielke@ycst.com
        jbrooks@ycst.com
        sborovinskaya@ycst.com

*Counsel for the Debtors and Debtors in Possession*

-and-

**ARENTFOX SCHIFF LLP**

*/s/*

George P. Angelich (admitted *pro hac vice*)
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Telephone:  (212) 457-5423
Email:  george.angelich@afslaw.com

Justin A. Kesselman (admitted *pro hac vice*)
James E. Britton (admitted *pro hac vice*)
800 Boylston Street, 32nd Floor
Boston, MA 02199
Telephone:  (617) 973-6102
Emails:  justin.kesselman@afslaw.com
        james.britton@afslaw.com

**A.M. SACCULLO LEGAL, LLC**

Mark T. Hurford (No. 3299)
27 Crimson King Drive
Bear, DE 19701
Telephone:  (302) 836-8877
Facsimile:  (302) 836-8787
Email:  mark@saccullolegal.com

*Counsel for the Official Committee of Unsecured Creditors*