# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 22-11238 (LSS)<br>(Jointly Administered)<br><br>**Objection Deadline: July 14, 2043 @ 4:00 pm**<br>**Hearing Date: Only in the event necessary** |

**COMBINED FIFTH MONTHLY APPLICATION[2] OF COHNREZNICK LLP AS FINANCIAL ADVISORS AND COHNREZNICK CAPITAL MARKETS SECURITIES, LLC AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE <u>PERIOD FROM APRIL 1, 2023 THROUGH MAY 31, 2023</u>**

| | |
|---|---|
| **Name of Applicant:** | CohnReznick LLP and CohnReznick Capital Markets Securities, LLC |
| **Authorized to Provide Professional Services to:** | Official Committee of Unsecured Creditors |
| **Date of Retention:** | February 10, 2023 *nunc pro tunc* to December 20, 2022 |
| **Period for which Compensation and Reimbursement is Sought:** | April 1, 2023 through May 31, 2023 |
| **Amount of Compensation Sought as Actual, Reasonable and Necessary:** | $31,522.50[3] |
| **Interim Payment of Fees Requested (80%):** | $25,218.00 |
| **Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary:** | $40.10 |
| **This is a[n]☑ monthly ☐ interim ☐ final application** | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2] CohnReznick LLP ("CohnReznick") and CohnReznick Capital Market Securities, LLC ("CRC") (collectively, "CohnReznick") files this combined fifth monthly fee application in compliance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* Docket No. 126.

[3] As an accommodation to the Committee, the normal billing rates for CohnReznick LLP ("CR") and for CohnReznick Capital Markets Securities, LLC ("CRC") (collectively, "CohnReznick") are capped at a blended rate of $675.00 per hour. Due to CohnReznick's capped blended rate of $675 per hour, the 1st monthly statement application reflects a reduction of excess fees of $9,134.50 and the 2nd monthly statement application reflects a reduction of excess fees of $31,684.50, for a total carry over of excess fees in the amount of $40,819.00. A portion of the excess carry-over has been applied to the 3rd and 4th monthly statement applications, leaving an excess fee carry-over balance of $22,997.50. The amount of $13,029.00 has been applied from the excess fee carry-over balance to the combined 5th monthly statement application for the months of April through May 2023. After applying same, the excess fee carry-over balance is $9,968.50 and remains to be used.

## SUMMARY OF PRIOR MONTHLY FEE APPLICATIONS

| Monthly / Date Filed / Docket No. | Period Covered | Fees and Expenses Requested | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Remaining Unpaid | |
|---|---|---|---|---|---|---|---|---|---|
| | | Fees Requested at 100% | Expenses Requested | Fees Allowed / Awarded at 80% | Expenses Awarded | Fees | Expenses | Fees | Expenses |
| 1st Monthly Statement Application 2/14/23 DI #239 | 12/20/22 - 12/31/22 | $52,177.50 | $0.00 | $41,742.00 | $0.00 | $41,742.00 | | $10,435.50 | |
| 2nd Monthly Statement Application 2/14/23 DI#240 | 01/01/23 – 01/31/23 | $80,257.50 | $380.50 | $64,206.00 | $380.50 | $64,586.50 | | $16,051.50 | |
| 3rd Monthly Statement Application 4/13/23 DI#320 | 02/01/23 – 02/28/23 | $46,642.50 | $0.00 | $37,314.00 | $0.00 | $0.00 | | $37,314.00 | |
| 4th Monthly Statement Application 4/28/23 DI#339 | 03/01/23 – 03/31/23 | $20,452.30 | $0.00 | $16,362.00 | $0.00 | $0.00 | | $16,362.00 | |

## SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| # | Date Filed / Docket No. | Period Covered | Total Fees & Expenses Requested | | | Amount Paid | | | Amount Outstanding |
|---|---|---|---|---|---|---|---|---|---|
| | | | Fees (@ 100%) | Fees (@ 80%) | Expenses (@ 100%) | Fees | Expenses | Total | |
| 1 | 04/14/23 DI #325 | 12/20/22 – 02/28/23 | $179,077.50 | $105,948.00 | $380.50 | $105,948.00 | $380.50 | $106,328.50 | $73,129.50 |

2

**SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS**
**APRIL 1, 2023 THROUGH AND INCLUDING MAY 31, 2023**

| Name of Professional | Title/Position | Total Hours | Hourly Billing Rate* | Total Compensation |
|---|---|---|---|---|
| Kevin Clancy | Partner | 4.1 | $995 | $4,079.50 |
| Vinni Toppi | Partner | 0.2 | $995 | $199.00 |
| Molly Jobe | Director | 2.6 | $875 | $2,275.00 |
| Paula Lourenco | Paraprofessional | 39.8 | $300 | $11,940.00 |
| | Total | 46.7 | | $18,493.50 |
| Carry Over of Excess Fees-Portion Applied*/3 | | | | $(13,029.00)[3] |
| Blended Fees after Carry Over*/3 | | | | $31,522.50 |
| | | | | |
| | | | | **$31,522.50** |
| Capped Blended Rate (All Timekeepers) | | | $675.00*/3 | |
| | | | | |
| * As an accommodation to the Committee, the normal hourly billing rates for CohnReznick LLP and for CohnReznick Capital Markets Securities, LLC are capped at a blended rate of $675 per hour. | | | | |

*[Remainder of Page Left Intentionally Blank]*

3

| SUMMARY BY ACTIVITY CODE CATEGORY<br>APRIL 1, 2023 THROUGH AND INCLUDING MAY 31, 2023 | | |
|---|---|---|
| **Description** | **Hours** | **Fees** |
| Analyze Assets and Liabilities | 1.0 | $935.00 |
| Case Administration (including retention matters) | 2.3 | $944.00 |
| Document Review/Index | 20.9 | $6,270.00 |
| Evaluate Sale of Debtors' Assets/Liquidation | 0.1 | $87.50 |
| Litigation Matters/Attendance at Court | 0.3 | $298.50 |
| Monthly and Interim Fee Applications | 18.9 | $6,990.50 |
| Operating Reports/Results | 1.1 | $986.50 |
| Plan and Disclosure Statement | 1.2 | $1,194.00 |
| Review/Analyze Budget | 0.1 | $87.50 |
| Review/Analyze Historical Information | 0.8 | $700.00 |
| **Services Total:** | **46.7** | **$18,493.50** |

**EXPENSE SUMMARY**
**APRIL 1, 2023 THROUGH AND INCLUDING MAY 31, 2023**

| Expense Category | Service Provider | Total Expenses |
|---|---|---|
| Pacer | | $40.10 |
| | **TOTAL EXPENSES** | **$40.10** |

*[Remainder of Page Left Intentionally Blank]*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,<br><br>Debtors. [4] | Chapter 11<br><br>Case No.: 22-11238 (LSS)<br>(Jointly Administered)<br><br>**Objection Deadline: July 14, 2043 @ 4:00 pm**<br>**Hearing Date: Only in the event necessary** |

**COMBINED FIFTH MONTHLY APPLICATION OF COHNREZNICK LLP AS FINANCIAL ADVISORS AND COHNREZNICK CAPITAL MARKETS SECURITIES, LLC AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM APRIL 1, 2023 THROUGH MAY 31, 2023**

CohnReznick LLP ("CohnReznick"), as Financial Advisors and CohnReznick Capital Markets Securities, LLC ("CRC"), as investment banker (collectively, "CohnReznick") to the Official Committee of Unsecured Creditors (the "Committee") of Winc, Inc. ("Winc") and its debtor affiliates (collectively, the "Debtors"), hereby submits its combined fifth monthly application (the "Application") pursuant to (i) sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Procedure for the District of Delaware (the "Local Rules"), (iv) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 126] (the "Compensation Order"), and (v) the *Guidelines for Reviewing Applications for Compensation Filed Under 11 U.S.C. § 330*, effective May 17, 1996 (the "Guidelines") for interim allowance of

---

[4]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

5

compensation for services rendered in the aggregate amount of $31,522.50[5] and for reimbursement of actual and necessary expenses incurred by CohnReznick in connection therewith in the amount of $40.10 for the period from April 1, 2023 through May 31, 2023 (the "Compensation Period"). In support of this Application, CohnReznick respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code sections 1103 and 330, Bankruptcy Rule 2016, and Local Rule 2016-2.

## BACKGROUND

4. On December 1, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[5] As an accommodation to the Committee, the normal billing rates for CohnReznick LLP ("CR") and for CohnReznick Capital Markets Securities, LLC ("CRC") (collectively, "CohnReznick") are capped at a blended rate of $675.00 per hour. Due to CohnReznick's capped blended rate of $675 per hour, the 1st monthly statement application reflects a reduction of excess fees of $9,134.50 and the 2nd monthly statement application reflects a reduction of excess fees of $31,684.50, for a total carry over of excess fees in the amount of $40,819.00. A portion of the excess carry-over has been applied to the 3rd and 4th monthly statement applications, leaving an excess fee carry-over balance of $22,997.50. The amount of $13,029.00 has been applied from the excess fee carry-over balance to the combined 5th monthly statement application for the months of April through May 2023. After applying same, the excess fee carry-over balance is $9,968.50 and remains to be used.

5. On December 12, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") notified the Court that it had appointed the Committee in accordance with 11 U.S.C. § 1102. [Docket. No. 54]. On March 16, 2023, the U.S. Trustee filed *Third Amended Notice of Appointment of Committee of Unsecured Creditors* pursuant to § 1102(a)(1). [Docket No. 299].

6. On December 15, 2022, the Committee selected Arent Fox LLP and A.M. Saccullo Legal, LLC, as its proposed counsel in these cases.

7. On December 20, 2022, the Committee selected CohnReznick as its financial advisors and CRC as its investment banker in these cases.

8. On February 10, 2023, the Court approved the retention of CohnReznick *nunc pro tunc* to December 20, 2022 [Docket No. 174 and Order Docket No. 233].

**RELIEF REQUESTED AND BASIS FOR RELIEF**

9. By this application, CohnReznick seeks (i) interim allowance and award of compensation for the professional services rendered by CohnReznick as financial advisors and CRC as investment banker during the Compensation Period in the amount of $31,522.50[5], representing 6.9 hours of professional services and 39.8 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by CohnReznick during the Compensation Period in connection with the rendition of such professional and paraprofessional services in the amount of $40.10.

10. CohnReznick seeks payment of eighty percent (80%) of its fees ($25,218.00) and one hundred percent (100%) of its expenses ($40.10) relating to services rendered during the Compensation Period.

11. In support of this Application and pursuant to Local Rule 2016-2, CohnReznick submits the declaration of Kevin P. Clancy of CR, which certification is annexed hereto as **Exhibit A**.

12. In further support of this Application and pursuant to Local Rule 2016-2, CRC submits the declaration of Jeffrey R. Manning, Sr., of CRC, which certification is annexed hereto as **Exhibit A1**.

13. CohnReznick has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application for the Compensation Period. Pursuant to Bankruptcy Rule 2016(a), CohnReznick has not shared, nor has CohnReznick agreed to share, (i) any compensation it has received or may receive with another party or person other than with the partners and principals or (ii) any compensation another person or party has received or may receive in these chapter 11 cases.

14. All services for which compensation is requested by CohnReznick were performed for or on behalf of the Committee.

## SUMMARY OF SERVICES RENDERED

15. This application provides a brief summary of the services rendered by CohnReznick on behalf of the Committee during the Compensation Period by category. While it is not possible or practical to describe each and every activity undertaken by CohnReznick, CohnReznick maintains contemporaneous time records which include a detailed chronology of the daily services rendered describing the precise nature of the work, the specific tasks performed, and the time expended by each professional and paraprofessional. A summary of compensation by timekeeper

is annexed hereto as **Exhibit B**, and a summary of compensation requested by project category is annexed hereto as **Exhibit C** for the Compensation Period in this Application.

16. The itemized time records recorded in increments of one-tenth of an hour for CohnReznick professionals and paraprofessionals performing services during the Compensation Period by project category is annexed hereto in **Exhibit D.**

17. In classifying services into tasks, CohnReznick attempted to place the services performed in the category that most closely relate to the services provided.

18. Moreover, the following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed. Rather, it merely is an attempt to highlight certain of those areas in which services were rendered, as well as to identify certain of the matters and issues that CohnReznick was required to address during the Compensation Period.

   A. **Analyze Assets and Liabilities**

   | Total Hours | Fees |
   |---|---|
   | 1.0 | $935.00 |

19. During the Compensation Period, CohnReznick expended *de minimis* time in this category, (i) review filed claims schedules and filed claims.

   B. **Case Administration (including retention matters)**

   | Total Hours | Fees |
   |---|---|
   | 2.3 | $944.00 |

20. During the Compensation Period, CohnReznick expended time attending to various case administration matters in furtherance of these Chapter 11 Cases, including, among others, (i) communications with committee counsel and other professionals to discuss third, fourth and fifth monthly statements, applications and related information, (ii) reviewed docket notices and

9

pleadings, and (iii) performing other necessary administrative tasks. CohnReznick's attention to the administrative matters reflected in this category enabled CohnReznick's team to coordinate in an efficient manner.

### C. Document Review/Index

| Total Hours | Fees |
|---|---|
| 20.9 | $6,270.00 |

21. During the Compensation Period, CohnReznick expended time devoted to reviewing and analyzing information, including, among others, (i) reviewed and analyzed court docket pleadings and related information, (ii) reviewed professionals' fees and related information, (iii) performed other necessary document review, and related information, and (iv) performed other necessary related tasks.

### D. Evaluate Sale of Debtors' Assets/Liquidation

| Total Hours | Fees |
|---|---|
| 0.1 | $87.50 |

22. During the Compensation Period, CohnReznick expended *de minimis* time in this category, (i) communication with committee counsel regarding status of liquidation analysis.

### E. Litigation Matters/Attendance at Court

| Total Hours | Fees |
|---|---|
| 0.3 | $298.50 |

23. During the Compensation Period, CohnReznick expended *de minimis* time in this category, (i) review counsel communication regarding hearing.

### F. Monthly and Interim Fee Applications

| Total Hours | Fees |
|---|---|
| 18.9 | $6,990.50 |

24.    During the Compensation Period, CohnReznick expended time in this category related to services, including among others, (i) communicating with committee counsel and other professionals regarding its monthly fee statement applications and related information in accordance with the interim compensation order, (ii) review and analysis of documents for preparation of its fourth and fifth monthly statement application/fee statement, (iii) review and analysis of documents for preparation of its first interim fee application, (iv) communicated with committee counsel regarding monthly fee statements/applications and timeline, and (v) performing other necessary tasks.

### G. Operating Reports/Results

| Total Hours | Fees |
|---|---|
| 1.1 | $986.50 |

25.    During the Compensation Period, CohnReznick expended *de minimis* time in this category, (i) reviewed and analysis of vendor payments and related information, (ii) communicated with committee counsel and other professionals regarding administrative payables and related information, and (iii) performed other related tasks.

### H. Plan and Disclosure Statement

| Total Hours | Fees |
|---|---|
| 1.2 | $1,194.00 |

26.    During the Compensation Period, CohnReznick expended *de minimis* time in this category, (i) review updated plan of reorganization and trust agreement and communicated with counsel, and (ii) performed other related tasks.

### I. Review/Analyze Budget

| Total Hours | Fees |
|---|---|
| 0.1 | $87.50 |

27. During the Compensation Period, CohnReznick expended *de minimis* time in this category, (i) review status of liquidation budget, and (ii) performed other related tasks.

J. **Review/Analyze Historical Information**

| Total Hours | Fees |
|---|---|
| 0.8 | $700.00 |

28. During the Compensation Period, CohnReznick expended *de minimis* time in this category related to services, (i) review and analysis of post-closing administrative payments and related information.

## STATUTORY BASIS FOR COMPENSATION

29. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016. CohnReznick seeks compensation for actual, necessary professional services rendered and reimbursement of reasonable expenses incurred on behalf of the Committee during the Compensation Period.

30. Section 331 of the Bankruptcy Code permits professionals employed by the Bankruptcy Court to apply for interim compensation under the standards set forth in section 330. Section 330(a)(1) of the Bankruptcy Code allows for the following: "(A) reasonable compensation for actual, necessary services rendered by. . . [an] professional and by any paraprofessional person employed by such [attorney]; and (B) reimbursement for actual, necessary expenses."

31. Section 330(a)(3)(A) of the Bankruptcy Code provides that,

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;

> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonably based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title [11].

11 U.S.C. § 330(a)(3).

32. The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citations and internal quotations omitted).

33. In assessing the "reasonableness" of the fees requested, courts have looked to a number of factors, including those first enumerated by the Fifth Circuit in *Am. Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of Am.*), 544 F.2d 1291, 1298-99 (5th Cir. 1977), superseded by statute as stated in *Barron & Newburger, P.C. v. Tex. Skyline, Ltd.* (*In re Woerner*), 783 F.3d 266 (5th Cir. 2015), and thereafter adopted by most courts. *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In*

*re Cuisine Magazine, Inc.*, 61 B.R. 210, 212-13 (Bankr. S.D.N.Y 1986) (same); *see generally* 3 Collier on Bankruptcy ¶ 330.03[9] (enumerating *First Colonial* and *Johnson* as the "leading cases to be considered in determining a reasonable allowance of compensation").

34.   As demonstrated in CohnReznick's itemized time records for the Compensation Period, the services were performed efficiently and effectively and were done at the request of the Committee in furtherance of the fiduciary obligations or statutory duty of the Committee and were necessary and beneficial to the bankruptcy estates. CohnReznick believes that the foregoing rates for the services rendered are in accordance with the market rates that the majority of professional services firms charge their clients for such services.

### ACTUAL AND NECESSARY EXPENSES

35.   During the Compensation Period CohnReznick incurred $40.10 in expenses on behalf of the Committee. A summary that itemizes all expenses that CohnReznick advanced on behalf of the Committee during the Compensation Period and lists them by category is annexed hereto as **Exhibit E**.

36.   In connection with the reimbursement of actual, reasonable and necessary expenses, it is CohnReznick's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to CohnReznick's clients include, among other things, telephone and telecopier, toll and other charges, mail and express mail charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, out-of-town travel expenses, and computerized research. CohnReznick charges Debtors' estate for these expenses at rates consistent with those charged to CohnReznick's other bankruptcy clients, which rates are equal to or less than the rates charged by CohnReznick to its non-bankruptcy clients. CohnReznick believes

that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. In providing a reimbursable expense, CohnReznick does not make a profit on that expense, whether the service is performed by CohnReznick in-house or through a third party.

## NOTICE

37. CohnReznick has served this application in accordance with the Interim Compensation Order and the Bankruptcy Rules. CohnReznick submits that no other or further notice is necessary.

## NO PRIOR REQUEST

38. No prior Application for the relief sought herein has been made to this or any other Court.

*[Remainder of Page Left Intentionally Blank]*

## CONCLUSION

**WHEREFORE**, CohnReznick and CRC respectfully request that the Court:

a) approve, on an interim basis, the allowance of $3,522.50 for compensation for professional services rendered to the Committee during the period from April 1, 2023 through and including May 31, 2023;

b) approve the reimbursement of CohnReznick and CRC's out-of-pocket expenses incurred in connection with the rendering of such services during the period from April 1, 2023 through and including May 31, 2023, in the amount of $40.10; and

c) authorize and direct the Debtors to immediately pay to CohnReznick and CRC the amount of $25,218.00, which is equal to the sum of 80% of CohnReznick and CRC's fees and 100% of CohnReznick and CRC's expenses incurred during the Compensation Period.

Dated: June 24, 2023  
Parsippany, New Jersey

**COHNREZNICK LLP**

By: */s/ Kevin Clancy*  
14 Sylvan Way  
Parsippany, New Jersey 07054  
Phone: (732)672-0874  
Email: Kevin.Clancy@CohnReznick.com

*Financial Advisors and Investment*  
*Bankers for the Official Committee of*  
*Unsecured Creditors*