**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| WINC, INC. *et al.*,[1] | Case No. 22-11238 (LSS) |
| | |
| | (Jointly Administered) |
| Debtors. | |
| | **Objection Deadline: July 17, 2023 at 4:00 p.m. (ET)** |
| | **Hearing Date: Only in the event necessary.** |

**COMBINED FIFTH MONTHLY APPLICATION OF A.M. SACCULLO LEGAL, LLC**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES WITH RESPECT TO SERVICES RENDERED AS CO-COUNSEL**
**TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE**
**PERIOD APRIL 1, 2023, THROUGH MAY 31, 2023**

| | |
|---|---|
| Name of Applicant: | A.M. Saccullo Legal, LLC |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | Order entered February 10, 2023, effective as of December 15, 2022 |
| Period for which Compensation and Reimbursement are sought: | April 1, 2023 through May 31, 2023 |
| Amount of Compensation sought as actual, reasonable and necessary: | $19,063.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $672.34 |

This is an:    _x_  Monthly             ___ interim             ___ final application.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

## SUMMARY OF PRIOR MONTHLY APPLICATIONS

| # | Date Filed | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 244 | 02/14/2023 | 12/15/2022 - 12/31/2022 | $51,070.00 | $335.01 | N/A | N/A |
| 245 | 02/14/2023 | 1/1/2023 – 1/31/2023 | $71,698.50 | $345.76 | N/A | N/A |
| 319 | 04/13/2023 | 2/1/2023 – 2/28/2023 | $36,400.00 | $2,308.40 | N/A | N/A |
| 324 | 04/28/2023 | 3/1/2023 – 3/31/2023 | $7,425.00 | $118.00 | N/A | N/A |
| TOTAL | | | $166,593.50 | $3,107.17 | N/A | N/A |

## COMPENSATION BY INDIVIDUAL

| Name & Year Admitted | Hours Billed | Hourly Rate | Amount of Fee |
|---|---|---|---|
| Anthony M. Saccullo Admitted 2001 | 3.4 | $605.00 | $2,057.00 |
| Mark T. Hurford Admitted 1994 | 30.1 | $565.00 | $17,006.50 |
| Thomas Kovach Admitted 2000 | 0.0 | $565.00 | $0.00 |
| Douglas W. Squasoni Admitted in New York and New Jersey 2001 | 0.0 | $565.00 | $0.00 |
| Mary (Meg) Augustine Admitted 2003 | 0.0 | $525.00 | $0.00 |
| **TOTAL** | **33.5** | | **$19,063.50** |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis & Recovery | 0.0 | $0.00 |
| Asset Disposition | 0.0 | $0.00 |
| Business Operations | 0.0 | $0.00 |
| Case Administration | 2.1 | $1,186.50 |
| Claims Administration | 0.0 | $0.00 |
| Court Hearings | 1.3 | $734.50 |
| Creditor Communications | 0.0 | $0.00 |
| DIP Lien Investigation | 0.0 | $0.00 |

| | | |
|---|---:|---:|
| DIP/Cash Collateral | 0.0 | $0.00 |
| Employee Issues | 0.0 | $0.00 |
| Executory Contract/Leases | 0.0 | $0.00 |
| Litigation | 0.0 | $0.00 |
| Non-Working Travel | 0.0 | $0.00 |
| Plan & Disclosure Statement | 9.6 | $5,560.00 |
| Retention/Fee Applications | 6.5 | $3,672.50 |
| Retention/Fee App – Other Firms | 14.0 | $7,910.00 |
| Stay Relief | 0.0 | $0.00 |
| **TOTAL:** | **33.5** | **$19,063.50** |

### EXPENSE SUMMARY

| Expense Category | Provider, if applicable | Total Expenses For the Monthly Period |
|---|:---:|---:|
| Outside Paralegal, Reproduction & Courier Service | Parcels | $672.34 |
| Video Deposition Service | Reliable | $0.00 |
| Filing Fees | United States District Court | $0.00 |
| PACER Fees | | $0.00 |
| **Total:** | | **$672.34** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC. *et al.*,[2]<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: July 17, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: Only in the event necessary.** |

**COMBINED FIFTH MONTHLY APPLICATION OF A.M. SACCULLO LEGAL, LLC**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES WITH RESPECT TO SERVICES RENDERED AS CO-COUNSEL**
**TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE**
**PERIOD APRIL 1, 2023, THROUGH MAY 31, 2023**

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals (the "**Interim Compensation Order**") [D.I. 126], the law firm of A.M. Saccullo Legal, LLC ("**AMSL**") hereby submits this fifth combined monthly application ("**Application**") for allowance of compensation for professional legal services rendered as co-counsel to the Official Committee of Unsecured Creditors (the "**Committee**"), in the amount of $19,063.50, together with reimbursement of actual and necessary expenses incurred in the amount of $672.34, for the period commencing April 1, 2023 through May 31, 2023 (the "**Fee Period**").   In support of this Application, AMSL respectfully represents as follows:

---

[2]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

**JURISDICTION AND BASIS FOR RELIEF**

1.      This Court has subject-matter jurisdiction to hear and determine this Application under 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b), and this Court has constitutional authority to hear and decide this Application.  Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The legal authorities supporting the relief sought herein are §§ 330, 331, 503(b)(2), and 507(a)(2) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Local Rule 2016-2, and the Interim Compensation Order.

**BACKGROUND**

3.      On December 1, 2022, each of the Debtors filed a voluntary petition (the "**Chapter 11 Cases**") for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

4.      On December 12, 2022, the Office of the United States Trustee for Region 3 notified the Court that, pursuant to 11 U.S.C. § 1102, it had appointed the Committee.  [D.I. 213]. On December 15, 2022, the Committee selected ArentFox Schiff LLP to serve as its counsel in the Chapter 11 Cases and for AMSL to serve as co-counsel.

5.      On January 13, 2023, the Committee filed the *Application of the Official Committee of Unsecured Creditors for an Order Authorizing the Employment and Retention of A.M. Saccullo Legal, LLC, as its Co-Counsel Effective as of December 15, 2022* [D.I. 173] (the "**Retention Application**").

6.      On February 10, 2023, this Court entered the *Order Approving Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of A.M. Saccullo Legal, LLC, as its Co-Counsel, Effective as of December 15, 2022* [D.I. 234].

**SUMMARY OF PROFESSIONAL COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES REQUESTED**

7.      Attached hereto as Exhibit A, is a detailed statement of AMSL's fees incurred during the Fee Period.  AMSL rendered 33.50 hours of professional services during the Fee Period, resulting in fees totaling $19,063.50.

8.      The services rendered by AMSL during the Fee Period are grouped into categories set forth in Exhibit A.  The statement complies with the requirements set forth in Rule 2016 of the Federal Rules of Bankruptcy Procedure, Local Rule 2016-2, the Guidelines adopted by the U.S. Trustee, and the Interim Compensation Order, including through the use of itemized time entries and separate matter numbers for different project types.  All services for which compensation is requested by AMSL were performed for and on behalf of the Committee.

9.      In addition, Exhibit A also provides a detailed summary of AMSL's out of pocket expenses incurred during the Fee Period.  AMSL requests reimbursement for actual and necessary expenses incurred during the Fee Period in the amount of $672.34.  Pursuant to the Local Rules, AMSL represents that it charges $0.10 per page for copies.  AMSL does not charge its clients for incoming facsimile transmissions.  AMSL has negotiated a discounted rate for Westlaw computer-assisted legal research.  AMSL passes through on an exact cost basis all computer-assisted research charges.  As described in the Retention Application, AMS does not employ para-professionals—the services customarily rendered by para-professionals are rendered by a third-party service

provider, at a pre-negotiated expense.  These expenses are passed through to the Debtors without mark-up for AMSL, and the actual charges are in compliance with the relevant Local Rules, if any.

10.    During the Fee Period, AMSL received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever with respect to the matters covered by this Application.  There is no agreement or understanding between AMSL and any other person, other than the attorneys of AMSL, as described in the Retention Application, for the sharing of compensation to be received for services rendered in these Chapter 11 cases.

11.    The fees charged by AMSL in these Chapter 11 cases are billed in accordance with its existing billing rates and procedures in effect during the Fee Period.  The hourly rates and corresponding rate structure AMSL uses in these cases are the same as the hourly rates and corresponding rate structure that AMSL uses in other restructuring matters, as well as similar complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

12.    The billing rates are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

## VALUATION OF SERVICES

13.    AMSL rendered 33.5 hours of professional services during the Fee Period.

14.    The attorneys who rendered services are identified on Exhibit A, attached hereto. The hourly rates set forth therein are AMSL's normal hourly rates of compensation for work of this character.  The reasonable value of the services rendered by AMSL during the Fee Period is $19,063.50.

15.    AMSL believes that the time and expense entries included in Exhibit A attached hereto are in compliance with the requirements of Del. Bankr. L.R. 2016-2.

16.    The professional services performed by AMSL were necessary and appropriate to the administration of this Chapter 11 cases.  Compensation for these services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.

17.    To the extent time for services rendered or expenses incurred during the Fee Period were not processed prior to the preparation of this Application, or to the extent AMSL has, for any other reason, not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Fee Period, AMSL reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## CONCLUSION

WHEREFORE, A.M. Saccullo Legal, LLC respectfully requests that the Court enter an Order (a) approving this Application and allowing on an interim basis the request for $15,923.14, representing 80% of the total amount of fees and 100% of the expenses incurred during the Fee Period; and (b) granting such other and further relief as the Court deems just and proper.

Dated: June 26, 2023                                  Respectfully submitted,
Wilmington, Delaware                            A.M. SACCULLO LEGAL, LLC

                                                              */s/ Mark T. Hurford*
                                                              Anthony M. Saccullo (DE No. 4141)
                                                              Mark T. Hurford (DE No. 3299)
                                                              27 Crimson King Drive
                                                              Bear, DE 19701
                                                              Tel: (302) 836-8877
                                                              AMS@Saccullolegal.com
                                                              Mark@saccullolegal.com
                                                              *Co-Counsel for the Official Committee of*
                                                              *Unsecured Creditors*

**DECLARATION**

I, Mark T. Hurford, certify as follows:

1.      I am Special Counsel in the applicant firm, A.M. Saccullo Legal, LLC ("**AMSL**"), and have been admitted to the Bar of the State of Delaware since 1994. I make this certification in accordance with Local Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

2.      I have personally performed many of the legal services rendered by AMSL to the Committee in connection with these chapter 11 cases and am familiar with other work performed on at AMSL.

3.      The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed Local Rule 2016-2, and, to the best of my knowledge, information and belief formed upon the basis of my participation in these cases, as well as after reasonable inquiry, the facts set forth in the Application materially comply with the provisions of the Local Rules, the Bankruptcy Code, and this Court's orders.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: June 26, 2023                   */s/ Mark T. Hurford* _____
                                           Mark T. Hurford, Esq.