# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 376** |

### ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS; (II) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES; (III) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) FIXING THE DATE, TIME, AND PLACE FOR THE CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO; AND (VI) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the Plan Proponents for entry of an order: (i) approving the Disclosure Statement and Plan, on an interim basis; (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Disclosure Statement and Plan; (iii) approving the form of ballot and solicitation materials; (iv) establishing a voting record date; (v) fixing the date, time, and place for the Confirmation Hearing and the deadline for filing objections related thereto; and (vi) granting related relief; and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated as of February 29, 2012.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Disclosure Statement and Plan, as applicable.

30468749.4

B. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. This Court may, consistent with Article III of the United States Constitution issue a final order in connection with the Motion.

D. Venue of the proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E. The relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest.

F. The notice of the Motion and the Confirmation Hearing were served as set forth in the Motion, and such notice constitutes good and sufficient notice to all interested parties and complies with Bankruptcy Rules 2002 and 3017, and no other or further notice need be provided.

G. The form of ballot attached hereto as **Exhibit 1** (the "Ballot"): (i) is consistent with Official Form No. 14; (ii) adequately addresses the particular needs of the Chapter 11 Cases; (iii) is appropriate for Holders of Claims in Class 3 of the Plan (the "Voting Class"); and (iv) complies with Bankruptcy Rule 3017(d).

H. The Ballot need not be provided to Holders of Claims or Interests in Classes 1, 2, 4, 5(a), 5(b), and 5(c) (collectively, the "Non-Voting Classes"), as such Non-Voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Disclosure Statement and Plan in accordance with section 1126(f) of the Bankruptcy Code or (ii) impaired but will neither retain nor receive any property under the Disclosure Statement and Plan and, thus, are conclusively deemed to have rejected the Disclosure Statement and Plan under section 1126(g) of the Bankruptcy Code.

I.       The period during which the Plan Proponents may solicit votes to accept or reject the Disclosure Statement and Plan, as established by this Order, provides sufficient time for the Holders of Claims in the Voting Class to make an informed decision to accept or reject the Disclosure Statement and Plan and submit a Ballot in a timely fashion, and the solicitation provided by this Order is consistent with section 1126 of the Bankruptcy Code.

J.       The Tabulation Procedures (defined below) for the solicitation and tabulation of votes to accept or reject the Disclosure Statement and Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

K.       The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Notice, under the circumstances, constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.       The relief requested in the Motion is granted as set forth herein.

**Conditional Approval of Disclosure Statement and Plan**

2.       The Disclosure Statement and Plan is approved on an interim basis as containing adequate information for solicitation purposes under sections 105 and 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2.  Any objections to the adequacy of information contained in the Disclosure Statement on a final basis are expressly reserved for consideration at the Confirmation Hearing, unless overruled on the record at the hearing to approve the Disclosure Statement and Plan on an interim basis, if applicable.

## Approval of the Confirmation Timeline

3. The Bankruptcy Court shall conduct the Confirmation Hearing for (i) final approval of the Disclosure Statement and Plan as containing adequate information and (ii) confirmation of the Disclosure Statement and Plan. The Confirmation Hearing is hereby scheduled for **August 3, 2023 at 10:00 a.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time without further notice other than by (a) announcing any adjourned date at the Confirmation Hearing (or any continued hearing) or (b) filing a notice on the docket of the Chapter 11 Cases.

4. The following dates and deadlines, are hereby approved:

| Event | Proposed Date |
|---|---|
| Voting Record Date | **June 26, 2023** (or the date the Proposed Solicitation Procedures Order is entered) |
| Date by Which Solicitation Will be Mailed | **June 29, 2023** (or within three business days of entry of the Proposed Solicitation Procedures Order) |
| Deadline to File Objections to Claims for Voting Purposes | **June 30, 2023** |
| Deadline to File Rule 3018 Motions | **July 13, 2023 at 4:00 p.m. (ET)** |
| Deadline for Plan Proponents to Respond to any Rule 3018 Motion | **July 20, 2023 at 4:00 p.m. (ET)** |
| Deadline to File Plan Supplement | **July 20, 2023** |
| Voting Deadline | **July 27, 2023 at 4:00 p.m. (ET)** |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosures | **July 27, 2023 at 4:00 p.m. (ET)** |
| Deadline to File Voting Report, Form of Confirmation Order, Confirmation Brief, and any Replies in Support of Confirmation | **August 1, 2023 at 12:00 p.m. (ET)** (or two business days prior to the Confirmation Hearing) |
| Confirmation Hearing | **August 3, 2023 at 10:00 a.m. (ET)** (or as soon as possible thereafter) |

**Approval of the Solicitation Procedures**

5. The Ballot, substantially in the form attached hereto as **Exhibit 1**, is approved.

6. The Confirmation Notice, in substantially the form attached hereto as **Exhibit 2**, is approved.

7. The notice to be provided to Holders of Claims and Interests in the Non-Voting Classes, in substantially the form attached hereto as **Exhibit 3** (the "Notice of Non-Voting Status"), is approved.

8. Pursuant to Bankruptcy Rule 3017(d), **June 26, 2023 at 4:00 p.m. (prevailing Eastern Time)** shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Packages and vote on the Disclosure Statement and Plan (the "Record Date").

9. With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

10. On or prior to the date that is three (3) business days following entry of this Order (the "Service Date"), the Voting Agent shall serve, by first class mail, the Solicitation Packages to Holders of Claims in the Voting Class. The Solicitation Packages shall contain copies of: (a) the Confirmation Notice; (b) the Disclosure Statement and Plan, with all exhibits thereto; (c) this

Order, without exhibits; (c) the Ballot; and (d) a pre-paid, pre-addressed return envelope.[3] Further, on or prior to the Service Date, the Voting Agent shall serve, by first class mail, the Notice of Non-Voting Status to Holders of Claims or Interests in the Non-Voting Classes. The Plan Proponents shall not be required to distribute Solicitation Packages to (a) the Holders of Claims or Interests in the Non-Voting Classes and (b) those persons or entities listed at addresses for which previous mailings have been returned as undeliverable, unless the Plan Proponents receive written notice of accurate addresses for such persons or entities prior to the Voting Record Date. The Plan Proponents and Voting Agent are also not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including undeliverable Ballots) or Confirmation Notices.

11.  On or prior to the Service Date, the Voting Agent shall serve, by first class mail, the Confirmation Notice to the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package: (a) all persons or entities that have filed, or are deemed to have filed a Proof of Claim or request for allowance of Claim as of the Record Date; (b) all persons or entities listed on the Schedules as holding a Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) other known Holders of Claims and Interests; (g) all entities known to the Debtors to hold or assert a lien or other interest in the Debtors' property; and (h) any other parties that have requested notice pursuant to Bankruptcy Rule 2002; *provided*, *however*, in lieu of mailing the Confirmation Notice to the DTC Customers that are not Holders of Claims in the Voting Class, the Plan Proponents are

---

[3] The Disclosure Statement and Plan and the Order, will be provided in pdf format on a flash drive or in paper format, and all other documents will be provided in paper format.

30468749.4

authorized to serve the Confirmation Notice on such DTC Customers by email service not later than three (3) business days after entry of this Order.

12. To be counted as a vote to accept or reject the Disclosure Statement and Plan, a Ballot must be properly executed, completed, and delivered to the Voting Agent in accordance with the instructions on the Ballot so that it is actually received no later than **4:00 p.m. (prevailing Eastern Time) on July 27, 2023** (the "Voting Deadline").

13. The following procedures shall be used in tabulating the votes to accept or reject the Disclosure Statement and Plan (the "Tabulation Procedures"). Each Holder of a Claim in the Voting Class shall be entitled to vote the amount of its Claim as of the Record Date. Solely for purposes of voting on the Disclosure Statement and Plan, and not for the purpose of making Distributions on account of a Claim, and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including claims objections and adversary proceedings, with respect to all Holders of Claims in the Voting Class against the Debtors, the temporarily allowed amount of a Claim used to tabulate acceptance or rejection of the Plan should be as follows:

    (a) The amount of the Claim listed in the Debtors' Schedules; provided that such Claim is not scheduled as contingent, unliquidated, undetermined, undisputed, or in the amount of $0.00, and such Claim has not been superseded by a timely filed Proof of Claim.

    (b) The non-contingent and liquidated amount specified in a Proof of Claim against the Debtors, timely filed with the Court or the Voting Agent by the applicable Bar Date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed by June 30, 2023 (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

    (c) If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and

      the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

(d)      If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018. Any motion pursuant to Bankruptcy Rule 3018 seeking to temporarily allow a Claim for voting purposes must be filed and served in accordance with the Proposed Solicitation Procedures Order.

(e)      Except as otherwise provided in subsection (d) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in an unknown, blank, or undetermined amount, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(f)      Proofs of Claim filed for $0.00 are not entitled to vote.

(g)      Except as otherwise provided in subsection (d) hereof, with respect to a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim, but the Claim is the subject of a claim objection filed by June 30, 2023, the Plan Proponents request, that such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution.

(h)      Notwithstanding anything to the contrary contained herein, to the extent that a Holder holds duplicate Claims in the Voting Class against the Debtors (by virtue of one or more timely-filed proofs of claim, the Schedules, or a combination of both), such Holder shall be deemed to hold a single Claim in the Voting Class, and shall be provided with one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicative Claims.

(i)      For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

(j)      Except as otherwise ordered by the Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Plan Proponents (each in their sole discretion).

(k)      Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted.

    (l)    Any Ballot cast by a person or entity that does not hold a Claim in the Voting Class will not be counted.

    (m)    Any unsigned Ballot will not be counted, provided that any Ballot validly submitted through the E-Balloting Portal will be deemed signed.

    (n)    Any Ballot transmitted to the Voting Agent by facsimile or other electronic means (other than through the E-Balloting Portal) will not be counted.

    (o)    Any Ballot that does not indicate an acceptance or rejection of the Disclosure Statement and Plan, or that indicates both an acceptance and rejection of the Disclosure Statement and Plan, will not be counted.

    (p)    Whenever a claimant casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

    (q)    If a claimant casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

    (r)    Any claimant who had delivered a valid Ballot voting on the Plan may withdraw or change such vote solely in accordance with Bankruptcy Rule 3018(a).

    (s)    Each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot.

    (t)    Claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Disclosure Statement and Plan.

    (u)    The Plan Proponents further propose that, subject to any contrary order of the Court and except as otherwise set forth herein, they may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Voting Agent.

14.    Upon completion of the balloting, the Voting Agent shall certify the amount and number of allowed claims of the Voting Classes accepting or rejecting the Disclosure Statement and Plan, including all votes not counted and the reason for not counting such votes. The Plan Proponents shall cause such certification to be filed with the Court prior to the Confirmation Hearing, but no later than **August 1, 2023 at 12:00 p.m. (prevailing Eastern Time)**.

30468749.4

15. If any Holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such Holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Combined Disclosure Statement and Plan (a "Rule 3018 Motion") no later than **July 13, 2023 at 4:00 (prevailing Eastern Time)** and serve the Rule 3018 Motion on the Debtors. The Plan Proponents (and, with respect to filing a response, any other party in interest) shall then (i) have until **July 20, 2023 at 4:00 (prevailing Eastern Time)** to file and serve any responses to such Rule 3018 Motions, and (ii) coordinate with the Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Confirmation Hearing. Any Ballot submitted by a Holder of a Claim that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying claim or equity interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

16. Objections to approval and confirmation of the Disclosure Statement and Plan on any grounds, including adequacy of the disclosures therein, if any, must (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) comply with the Bankruptcy Rules and the Local Rules; and (d) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following (collectively, the "Notice Parties"): (a) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com); (b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE, 19801, Attn: Jane M. Leamy, Esq.

30468749.4

(jane.m.leamy@usdoj.gov); and (c) counsel to the Committee, (i) ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019, Attn: George P. Angelich, Esq. (george.angelich@afslaw.com); 800 Boylston Street, 32nd Floor, Boston, MA 01299, Attn: Justin A. Kesselman, Esq. (justin.kesselman@afslaw.com) and James E. Britton, Esq. (james.britton@afslaw.com), and (ii) A.M. Saccullo Legal LLC, 27 Crimson King Drive, Bear, DE 19701, Attn: Anthony M. Saccullo, Esq. (ams@saccullolegal.com) and Mark T. Hurford, Esq. (mark@saccullolegal.com), by no later than **4:00 p.m. (prevailing Eastern Time) on July 27, 2023** (the "Confirmation Objection Deadline")**.**

17. The Plan Proponents shall, if they deem necessary in their discretion, file a reply to any objections or brief in support of approval of the Disclosure Statement and Plan by no later than **12:00 p.m. (prevailing Eastern Time) on August 1, 2023** (or two (2) business days prior to the date of any adjourned Confirmation Hearing).

18. The Plan Proponents are authorized to make non-substantive and ministerial changes to the Disclosure Statement and Plan, Confirmation Notice, Ballot, and related documents without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Disclosure Statement and Plan and any other materials included in the Solicitation Package prior to their distribution; *provided* that the Debtors shall provide notice to the Office of the United States Trustee of any such non-substantive, ministerial, or immaterial changes.

19. The Plan Proponents are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order.

20. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

30468749.4

21. The Court shall retain jurisdiction to hear and determined all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

**Dated: June 27th, 2023**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

30468749.4