**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 402** |

**NOTICE OF (I) INTERIM APPROVAL OF COMBINED DISCLOSURE
STATEMENT AND PLAN; AND (II) THE HEARING TO CONSIDER (A) FINAL
APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND PLAN
AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION
OF THE COMBINED DISCLOSURE STATEMENT AND PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

Commencing on November 30, 2022 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

A. **APPROVAL OF DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS**

1. On June 27, 2023, the Court entered an order (the "Solicitation Procedures Order"), which, among other things, approved, on an interim basis, the *Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement and Plan")[2] filed by the Debtors and the Official Committee of Unsecured Creditors (the "Committee") appointed in the Debtors' chapter 11 cases (the "Chapter 11 Cases").

2. **Copies of the Disclosure Statement and Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://dm.epiq11.com/Winc, or upon request to the Debtors' claim and voting agent, Epiq Corporate Restructuring, LLC, by (i) telephone at (855) 608-2412 (US & Canada) or +1 (503) 461-3028 (outside U.S. & Canada) or (ii) email at WincInfo@epiqglobal.com.**

B. **THE HEARING TO CONSIDER (I) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATION AND (II) CONFIRMATION OF THE DISCLOSURE STATEMENT AND PLAN**

3. **Confirmation Hearing**. A hearing (the "Confirmation Hearing") to consider (a) final approval of the Disclosure Statement and Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Disclosure Statement and Plan will be held before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom No. 2, 824 North Market Street, Wilmington, Delaware 19801, on **August 3, 2023 at 10:00 a.m. (prevailing Eastern Time)**. The Confirmation Hearing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement and Plan.

may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

4. **Voting Deadline**. Only Holders of Claims in Class 3 (General Unsecured Claims) are entitled to vote to accept or reject the Disclosure Statement and Plan. The deadline for the submission of such votes is July 27, 2023 at 4:00 p.m. (prevailing Eastern Time).

5. **Parties Not Entitled to Vote**. Holders of Unimpaired Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Secured Claims) are deemed to accept the Disclosure Statement and Plan. Holders of Impaired Claims or Interests in Class 4 (Intercompany Claims), Class 5(a) (Interests in Winc), Class 5(b) (Interests in BWSC), and Class 5(c) (Interests in Winc Lost Poet) will receive no distribution under the Disclosure Statement and Plan on account of such Claims and Interests and are deemed to reject the Disclosure Statement and Plan. In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Professional Fee Claims, and Priority Tax Claims, as described in the Disclosure Statement and Plan, have not been classified and, therefore, Holders of such Claims are not entitled to vote to accept or reject the Disclosure Statement and Plan. The respective treatment of such unclassified Claims is set forth in Article VI of the Disclosure Statement and Plan.

6. **Objections to Confirmation**. Objections to confirmation of the Disclosure Statement and Plan, including any objection to the adequacy of the disclosures in the Disclosure Statement and Plan, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Court and served on the Notice Parties[3] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on July 27, 2023**. Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

**PLEASE BE ADVISED THAT ARTICLE XIV OF THE DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:**

**Section 14.1(a): Notwithstanding any other provision of the Plan, consistent with the Debtors' organizational documents and to the fullest extent permitted by applicable law, the Exculpated Parties shall not have or incur any liability to, or be subject to any right of action by, any Person, Entity, Holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or agents acting in such capacity, or Affiliates, or any of their successors or assigns, for any act or omission occurring on or after the Petition Date and on or before the Effective Date relating to, in any way, or arising from (i) the Chapter 11 Cases, (ii) formulating, negotiating or implementing the Plan or any contract, instrument, or other agreement or document created or entered into in connection with the Plan, (iii) the sale of the Debtors' assets pursuant to the 363 Sale, (iv) any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring, sale or liquidation of the Debtors, (v) the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, Confirmation of the Plan, Consummation of the Plan, or (vi) the administration of the Plan or the property to be distributed under the Plan, except for any action taken by the Exculpated Parties that is determined**

---

[3] The Notice Parties are: (a) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com) and Allison S. Mielke, Esq. (amielke@ycst.com); (b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE, 19801, Attn: Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov); and (c) counsel to the Committee, (i) ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019, Attn: George P. Angelich, Esq. (george.angelich@afslaw.com); 800 Boylston Street, 32nd Floor, Boston, MA 01299, Attn: Justin A. Kesselman, Esq. (justin.kesselman@afslaw.com) and James E. Britton, Esq. (james.britton@afslaw.com), and (ii) A.M. Saccullo Legal LLC, 27 Crimson King Drive, Bear, DE 19701, Attn: Anthony M. Saccullo, Esq. (ams@saccullolegal.com) and Mark T. Hurford, Esq. (mark@saccullolegal.com).

**by Final Order to constitute gross negligence or willful misconduct (including, but not limited to, fraud). The Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting the Exculpated Parties from liability. Notwithstanding any other provision in the Plan, Disclosure Statement, or Confirmation Order to the contrary, including Section 14.1(c) of the Plan, the Confirmation Order and Plan shall serve as a permanent injunction against any Entity seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to this Section 14.1(a) of the Plan.**

**"Exculpated Parties" shall mean in each of their capacities as such, (a) the Debtors, (b) current and former managers, directors and officers of the Debtors, (c) current and former members of the Committee, (d) Professionals retained by the Debtors pursuant to an Order of the Bankruptcy Court, and (e) Professionals retained by the Committee pursuant to an Order of the Bankruptcy Court.**

**Section 14.1(c): <u>Non-Discharge of the Debtors; Injunction</u>. In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors (except for the Claims and Interests of Project Crush in connection with the BWSC Assets). Consistent with the preceding sentence, no Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Entity under the Plan. All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.**

**Except as otherwise expressly provided for in the Plan or with respect to obligations imposed pursuant to the Plan, all Entities are permanently enjoined, on and after the Effective Date, through and until the date upon which all remaining property of the Debtors' Estates has been liquidated and distributed to creditors or otherwise in accordance with the terms of the Plan and the Plan has been fully administered, subject to further extension by motion on notice, with all parties' rights with respect to such extension reserved, on account of any Claim or Interest, from:**

> **(1)   commencing or continuing in any manner any action or other proceeding of any kind against any of the Estates, Post-Effective Date Debtors, the Creditor Trust, and each of their successors and assigns, assets, and properties;**
>
> **(2)   enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Estate, Post-Effective Date Debtor, the Creditor Trust, their successors and assigns, and any of their assets and properties;**
>
> **(3)   creating, perfecting or enforcing any encumbrance of any kind against any Estate, Post-Effective Date Debtor, Creditor Trust, their successors and assigns, and any of their assets and properties;**
>
> **(4)   asserting any right of setoff or subrogation of any kind against any obligation due from any Estate, Post-Effective Date Debtor, Creditor Trust, their successors and assigns, or against any of their assets and**

**properties, except to the extent a right to setoff or subrogation is asserted with respect to a timely filed proof of Claim.**

**Any Entity that incurs damages as a result of any willful violation of such injunction may seek actual damages and, in appropriate circumstances, may seek punitive damages from the willful violator.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE DISCLOSURE STATEMENT AND PLAN, INCLUDING THE EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE XIV THEREOF.**

*[signature page follows]*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
*/s/ Allison S. Mielke*
Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Joshua B. Brooks (No. 6765)
Shella Borovinskaya (No. 6758)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Emails: mnestor@ycst.com
 mlunn@ycst.com
 amielke@ycst.com
 jbrooks@ycst.com
 sborovinskaya@ycst.com

*Counsel for the Debtors and Debtors in Possession*

-and-

**ARENTFOX SCHIFF LLP**
George P. Angelich (admitted *pro hac vice*)
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Telephone: (212) 457-5423
Email: george.angelich@afslaw.com

Justin A. Kesselman (admitted *pro hac vice*)
James E. Britton (admitted *pro hac vice*)
800 Boylston Street, 32nd Floor
Boston, MA 02199
Telephone: (617) 973-6102
Emails: justin.kesselman@afslaw.com
 james.britton@afslaw.com

**A.M. SACCULLO LEGAL, LLC**
Mark T. Hurford (No. 3299)
27 Crimson King Drive
Bear, DE 19701
Telephone: (302) 836-8877
Facsimile: (302) 836-8787
Email: mark@saccullolegal.com

*Counsel for the Official Committee of Unsecured Creditors*