```
                     UNITED STATES BANKRUPTCY COURT
                          DISTRICT OF DELAWARE


IN RE:                               .  Chapter 11
                                     .  Case No. 22-11238 (LSS)
WINC, INC., et al.,                  .
                                     .  (Jointly Administered)
                                     .
                                     .  Courtroom No. 2
                                     .  824 Market Street
                       Debtors.      .  Wilmington, Delaware 19801
                                     .
                                     .  Monday, June 26, 2023
. . . . . . . . . . . . . . . . . .  .  2:02 p.m.

                          TRANSCRIPT OF HEARING
             BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN
                  CHIEF UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Debtors: | Allison S. Mielke, Esquire |
| | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| | Rodney Square |
| | 1000 North King Street |
| | Wilmington, Delaware 19801 |
| | |
| For the U.S. Trustee: | Richard L. Schepacarter, Esquire |
| | UNITED STATES DEPARTMENT OF JUSTICE |
| | OFFICE OF THE UNITED STATES TRUSTEE |
| | J. Caleb Boggs Federal Building |
| | 844 King Street |
| | Suite 2207, Lockbox 35 |
| | Wilmington, Delaware 19801 |

(APPEARANCES CONTINUED)

| | |
|---|---|
| Audio Operator: | Brandon J. McCarthy, ECRO |
| | |
| Transcription Company: | Reliable |
| | The Nemours Building |
| | 1007 N. Orange Street, Suite 110 |
| | Wilmington, Delaware 19801 |
| | Telephone: (302)654-8080 |
| | Email: gmatthews@reliable-co.com |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

```
 1  APPEARANCES (CONTINUED):

 2  For the Official
    Committee of
 3  Unsecured Creditors:       Justin A. Kesselman, Esquire
                               ARENTFOX SCHIFF, LLP
 4                             800 Boylston Street
                               32nd Floor
 5                             Boston, Massachusetts 02199

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

INDEX

MOTIONS: PAGE

Agenda Item 2: Debtors' and Official Committee of Unsecured Creditors' Joint Motion for Entry of an Order (I) Approving the Combined Disclosure Statement and Joint Chapter 11 Plan on an Interim Basis; (II) Establishing Solicitation and Tabulation Procedures; (III) Approving the Form of Ballot and Solicitation Materials; (IV) Establishing the Voting Record Date; (V) Fixing the Date, Time, and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto; and (VI) Granting Related Relief [D.I. 376; 6/5/23] 4

Court's Ruling: 17

Transcriptionist's Certificate 19

```
1              (Proceedings commenced at 2:02 p.m.)
2                     THE CLERK:  Please rise.
3                     THE COURT:  Please be seated.
4              Ms. Mielke?
5                     MS. MIELKE:  Good afternoon, Your Honor.
6                     THE COURT:  I understand it's just us -- no
7  Zoom --
8                     MS. MIELKE:  That's right.
9                     THE COURT:  -- isn't that nice?
10                    MS. MIELKE:  No tech issues today.  That should be
11 nice.
12                    THE COURT:  No tech issues.
13                    MS. MIELKE:  All right.  Well, good afternoon.
14 Allison Mielke with Young Conaway, on behalf of the debtors.
15             We have one matter going forward today; it's the
16 debtors' motion for interim approval of the disclosure
17 statement and approval of solicitation procedures.  The
18 combined DS and plan is a joint effort with the Committee and
19 the debtors.  We've worked collaboratively over the last few
20 months to put together a plan that we feel is the most
21 efficient means to liquidate the remainder of the debtors'
22 estates.  And we've tried to keep it fairly noncontroversial,
23 so we'll see what Your Honor has to say, but hopefully, we
24 think it's a pretty straightforward plan.
25             Under the plan, the debtors are proposing to
```

1  transfer their assets to a liquidating trust, net of payments
2  for administrative expenses and secured and priority claims,
3  and that will be administered by a liquidating trustee.
4            There's also a provision in the plan that calls
5  for the appointment of a post-effective date debtor -- like a
6  post-effective date administrator representative.  The
7  purpose of that is to have a separate individual who's
8  responsible for administering the Chapter 11 cases for a
9  short period of time while the debtors finish and complete
10 their obligations under the transition services agreement,
11 pursuant to their sale of their assets.
12           The DS -- as you know, the standard for approval
13 of the DS for purposes of today is whether it contains
14 adequate information for creditors to determine whether they
15 should vote in favor or against the plan.  We believe that
16 the DS does provide sufficient information.  At this point,
17 it provides a summary of all of the classes of claims.  It
18 provides a summary of the treatment.
19           We've estimated the amount of proposed or filed
20 claims in the Chapter 11 cases.  We've provided a liquidation
21 analysis, as well as estimated recoveries under the plan.  We
22 believe that this information provides sufficient information
23 for purposes of the standard under 1125(b) to make a
24 determination of whether to vote for or against the plan.
25           As we've mentioned, or I mentioned, we think the

1 plan is pretty uncontroversial.  We have not included any of
2 the releases and the exculpation is limited to estate
3 fiduciaries.
4         In addition, the DS complies with Local
5 Rule 3017-2.  We are doing a combined plan and DS.  We have
6 or will be providing the notice required under 3017-2.  The
7 SEC has had actual notice of the plan and we have received
8 comments from both, the U.S. Trustee and the SEC, which we
9 have incorporated into revised drafts of the plan and order,
10 which we have submitted to you under COC.  So, we believe, at
11 this point, the plan is fully consensual, although, we'll
12 see, and we believe we've resolved all comments to the
13 disclosure statement portion, as well.
14         For a moment -- I mean, it is a joint plan, so
15 I'll step aside if the Committee has anything further that
16 they'd like to add at this point and then I'd be happy to
17 walk you through the blacklines, if necessary.
18         THE COURT:  Thank you.
19         Let me hear from the Committee.
20         MR. KESSELMAN:  Thank you, Your Honor.  Justin
21 Kesselman on behalf of the Official Committee of Unsecured
22 Creditors.
23         The Committee supports the plan.  The Committee
24 was happy to jointly subscribe to the joint disclosure
25 statement and plan and thinks that this is the result of a

1  fair settlement that occurred during the case, a
2  collaborative effort of the Committee and the debtors to come
3  up with a plan that gives creditors the best opportunity to
4  see value from the estate, and the Committee, you know,
5  jointly requests with the debtor that the Court approve
6  solicitation of the plan in accordance with the disclosure
7  statement.
8              THE COURT:  Thank you.
9              MR. KESSELMAN:  Thank you, Your Honor.
10             THE COURT:  Mr. Schepacarter, any comments?
11             MR. SCHEPACARTER:  Good afternoon, Your Honor.
12 Richard Schepacarter for the United States Trustee.
13             It's my understanding in discussions with
14 Ms. Leamy from our office who's primarily in charge of this
15 case, that we have no issues with the disclosure statement.
16 I'm not aware of any issues confirmation-wise, but I'll
17 reserve, like I always do, I'll reserve the right for our
18 office to object in the case that we need to object at the
19 time of confirmation.
20             THE COURT:  Thank you.
21             MR. SCHEPACARTER:  Thank you, Your Honor.
22             THE COURT:  Ms. Mielke, I do have just a couple of
23 questions with respect to the disclosure statement and plan.
24 And although I agree it seems very straightforward and I
25 appreciate the parties working together to come to a jointly

1 sponsored plan, I don't need you to walk me through the
2 redline; I've looked at it.  But one of the questions I have
3 is -- one of the redlined sections.  It's on page -- I'm
4 looking at the redline -- on page 11, it's the definition of
5 "disallowed," Section 1.59, and I just want to make sure I
6 understand that definition.
       So, the new Sub 5:
       "The claim is -- shall be disallowed which is --
9 which was required to be filed by order of the Bankruptcy
10 Court, but as to which such proof of claim or proof of
11 interest was not timely or properly filed."
       I'm not sure -- I mean, "timely," I know what that
13 means -- what does "properly filed" mean?
       MS. MIELKE:  I imagine this is a comment from the
15 United States Trustee, so the way I interpret what this
16 provision says is that, basically, the bar date order is
17 going to apply and what the bar date order requires, in terms
18 of what needs to be done in order to file a proper proof of
19 claim and have it be a valid proof of claim is what the
20 standard will be.
       THE COURT:  Okay.  And then the Sub 6, well, Sub 6
22 is -- yeah, the new Sub 6, I guess, is -- I'm not sure what
23 that is actually doing.
       MS. MIELKE:  I think this is limiting the
25 disallowance of a contested claim until the Court has entered

1   an order determining that it is disallowed or it's paid.
2              THE COURT:  So, it disallowed -- it's a disallowed
3   claim unless the entity, unless the creditor pays the amount
4   or turns it over, and in such case, until such time as such
5   objection or adversary proceeding against the entity has been
6   settled.
7              I'm confused by that language.  We can work it out
8   at confirmation.  I'll just say I'm confused by that
9   language.  I thought the state of the law here was your claim
10  is not disallowed unless and until there's a judgment and you
11  haven't paid it.  So, in the interim, you have an allowed
12  claim.  If the -- if there's a purported preference action,
13  for example, and you're never sued, well, you have an allowed
14  claim.
15             So I thought it had to -- I thought the state of
16  the law was that you have an allowed claim unless and until
17  there's a preference action that's filed and there's a
18  judgment against the defendant entered, in which case, then
19  we know that it falls within those categories and then the
20  person has to pay it back.  I thought that was the state of
21  the law and I'm not sure if this reflects it.  I just found
22  the language confusing, but --
23             MS. MIELKE:  I will -- I don't know that we need
24  to decide this for purposes of today.
25             THE COURT:  Agreed.

1              MS. MIELKE:  But let me -- I'm mostly just
2    concerned that Ms. Leamy, obviously, requested this
3    language --
4              THE COURT:  Yes.
5              MS. MIELKE:  -- and she's not here --
6              THE COURT:  Yes.
7              MS. MIELKE:  -- so, I don't want to say something
8    that might, one way or the other, affect whatever the purpose
9    of what she was trying to get at here.  So why don't I circle
10   up with Ms. Leamy when she is back in town next week and we
11   can, you know, propose some language in advance of the
12   confirmation order so that Your Honor can see.
13             THE COURT:  Yes, if that's necessary -- and maybe
14   I'm just misreading --
15             MS. MIELKE:  Vaccinate.
16             THE COURT:  -- but if it's necessary, that's fine.
17   I agree, we don't have to handle it today.
18             A question I do have that arises from this plan,
19   and you mentioned it in terms of there being a post-effective
20   date administrator, is what's the timing on the transition
21   services agreement?
22             MS. MIELKE:  The outside date for the TSA is
23   January 31st, so it's a pretty short period of time.
24             THE COURT:  Okay.  Is that in here somewhere?
25             MS. MIELKE:  It is in the sale documents and it

1  sort of incorporates that concept.  If you would like us to,
2  we can identify that the outside date -- the problem is that
3  it's either/or, so it could actually be earlier if licenses
4  are obtained and, you know, we have what we need and can
5  finish complying, it could be as early as next week.  But the
6  outside date is January 31st.
7             THE COURT:  Let's put an outside date in here.  I
8  think that's important information for parties to know, that
9  it's not -- you know, it's, at best, 6 months, maybe, 7
10 months.
11            MS. MIELKE:  Very well.
12            THE COURT:  Okay.  Does that, then, also
13 correspond to the delayed assumption date?
14            MS. MIELKE:  It does.
15            THE COURT:  Okay.  So let's make sure it's also
16 indicated in there in that section, as well.
17       (Pause)
18            THE COURT:  In Section 11.7 on page 65, the
19 redline shows that the noticed concept was changed a little.
20 So, it says, "As long as notice of satisfaction of claim is
21 filed."  I think it needs to say, "and served."
22            Okay.  I'm looking at the order now, page 7, new
23 paragraph 13, it looks like, and I'm in the redline.  Sub B,
24 and these are the tabulation, what will be tabulated.
25 Temporarily allowed amount of the claim shall be, as follows.

1  So, B, "The undisputed, noncontingent, unpaid, and liquidated
2  amount specified in a proof of claim."
3          So, I don't understand "undisputed" in that
4  context.  If it's in the proof of claim, it's in the proof of
5  claim.  I get "noncontingent."  I'm not sure I get "unpaid"
6  and then the "timely" concept, I think if you want to object
7  to timely, you should file an objection.
8          MS. MIELKE:  The point being that if it's
9  disputed, you'd file an objection?
10         THE COURT:  Right.  Because this is based on
11 someone's proof of claim and I have yet to see a proof of
12 claim where someone says, I'm filing this disputed proof of
13 claim.  It may be contingent.  It may be unliquidated or
14 partially unliquidated.  So we're going to, for balloting,
15 you're going to count the amount of the liquidated claim.
16         MS. MIELKE:  Yeah, I understand your point.  I
17 think it's fine so long as it's -- the language in there is
18 "not subject of an objection," I think, what is an objection?
19 There's some flexibility there.  So I think that's probably
20 fine.
21         Does the Committee have any objection?
22         MR. KESSELMAN:  Well, I just -- as long as it's in
23 here that if there is a pending objection --
24         THE COURT:  It is.
25         MS. MIELKE:  It is.

1          THE COURT:  It says it's one of these claims and
2  is not the subject of an objection.
3          MR. KESSELMAN:  Right.  So that's fine.
4          THE COURT:  Right.
5          MR. KESSELMAN:  Yeah.
6          THE COURT:  That's what I'm saying, the
7  "undisputed" doesn't make sense in the context of a proof of
8  claim.  The objection may make it disputed.
9          MR. KESSELMAN:  Right.
10         THE COURT:  And the same thing with "unpaid."  I
11 mean, presumably, if it's been paid, there will be a notice
12 of satisfaction or perhaps an objection.  But by that, I mean
13 the debtor should not be evaluating proofs of claim that have
14 been filed for voting purposes and making their own
15 decisions.
16         In order for it to be not counted, there has to be
17 an objection or a notice of satisfaction or something.
18         MS. MIELKE:  It'll be the face value, absent the
19 debtors filing something --
20         THE COURT:  Exactly.
21         MS. MIELKE:  -- to put everyone on notice.
22         THE COURT:  Exactly.
23         MS. MIELKE:  Understood.
24         THE COURT:  And Sub G on the next page, "If an
25 objection is filed, the claim is temporarily disallowed for

1 voting purposes only."  That's fine.  And then there's a --
2 people can bring their motion.
3         "And not for purposes of allowance or a
4 distribution, except to the extent that in the manner, as may
5 be set forth in such objection."
6         Why am I talking about that?  Why do we need to
7 have that in the voting tabulation procedures?
8     (No verbal response)
9         THE COURT:  I'm starting to get this, but I think
10 it's somewhat new, so it must be showing up in people's forms
11 that, all of a sudden, we're disallowing for all purposes at
12 the voting tabulation stage.
13         MS. MIELKE:  Yes, I do get your point, Your Honor.
14 I think it's really just a built-in flexibility.  I mean, I
15 think I can envision a scenario where you file a claim
16 objection that's for all purposes and then if there's some
17 conflicting language with the voting tabulation procedures
18 and then you have to do cartwheels to figure out, Well, is it
19 this or is it that?
20         I think that's all that this is intended to -- I
21 don't think this does harm to anyone.  It basically, unless
22 I'm reading it incorrectly, it's controlled -- the exception
23 is controlled by an order of the Court, so I don't know that
24 it even matters.  I mean, I appreciate it could go both ways.
25 It doesn't really matter and we could just strike it, to your

1 point, but I don't know that it does any harm, either.

2         THE COURT:  Well, but the exception is I think it
3 could.  I think it could do some harm.

4         It's "as ordered by the Court before the voting
5 deadline."  And, normally, I don't get to substantive
6 objections.

7         MS. MIELKE:  Yeah, that's fair.  Perhaps, maybe
8 just "as ordered by the Court."

9         THE COURT:  I think it should say, "And not for
10 purposes of allowance or distribution," except, I think
11 that's where it should end.  If you want to have some
12 exception, which I really don't think there should be, it
13 would be subject to, absolutely subject to further order of
14 the Court at an appropriate time.

15         That's why I think it goes beyond what it needs to
16 do.  We're concerned here with balloting and whether somebody
17 can vote, not their distribution on their claim.  And that
18 doesn't mean that that motion can't subsequently, or the
19 objection can't be subsequently adjudicated on the merits for
20 the allowance or disallowance of the claim in full, but I
21 don't like this.  As I said, I'm starting to see this and I
22 don't like it because I think it's bringing in a different
23 concept into voting and people shouldn't have to be concerned
24 at all about whether their claim is going to be disallowed by
25 virtue of an order that's just dealing with voting.

1           MS. MIELKE:  Understood.  We'll strike "except to
2   the extent" through the remainder of that sentence.
3           THE COURT:  Okay.  I'm okay with paragraph H with
4   this caution, and paragraph H deals with duplicative claims.
5   And the debtor simply counting one claim is it needs to be
6   truly duplicative, and about half the times that I get claims
7   objections based on duplicativeness, at least some of the
8   claims that are subject to the objection are not duplicative
9   when I review them.  So, if you're going to rely on this and
10  they're duplicative, then that should be noted in the voting
11  declaration.
12          And, for example, claims against two different
13  debtors are not duplicative.
14          MS. MIELKE:  Your Honor, we have (indiscernible)
15  that instance and we're addressing it, so that's not an issue
16  here.
17          THE COURT:  Right.  Claims that are an
18  administrative claim and a prepetition claim are not
19  duplicative and, yet, I get those objections all the time.
20          MS. MIELKE:  I think that's pretty clear under the
21  Local Rules, too, but I understand.
22          THE COURT:  Yes, but I get them.
23          So that's why I'm saying if you're making that
24  judgment call, you better make sure that judgment call is
25  correct.

1             Okay.  Those are the comments and the questions
2  that I had; otherwise, I am prepared to preliminarily approve
3  the disclosure statement, as containing information
4  sufficient for those entitled to vote on the plan to be able
5  to make an informed decision with respect to their vote.  So
6  I will enter the form of order.
7             I think it may need to be slightly tweaked because
8  of the exhibits, because those were exhibits, or that's in
9  the order.  Actually, it's in the order.  So it needs to be
10 slightly tweaked to conform to the discussion that we've had.
11 But when I get that, I will sign off on it and we'll get it
12 entered on the docket.
13            MS. MIELKE:  Okay.  Thank you, Your Honor.  I
14 appreciate your time.
15            THE COURT:  Thank you.
16            I understand we have our confirmation hearing on
17 August 3rd.  That is a week where I do not necessarily have
18 my courtroom, because we're on the rotation schedule, but we
19 will circle up with you on that and let you know how that's
20 going to proceed.  It's summer, so everybody's schedules are
21 up in the air.  So, hopefully we'll find another courtroom.
22            If all else fails, we'll have a Zoom hearing, but
23 we'll try to get you into a courtroom.
24            MS. MIELKE:  Okay.
25            THE COURT:  Okay.

1          MS. MIELKE:  Thank you very much, Your Honor.
2          Have had a great day.
3          THE COURT:  Thank you.  You, too.
4          COUNSEL:  Thank you, Your Honor.
5          THE COURT:  Thank you.
6          We're adjourned.
7      (Proceedings concluded at 2:27 p.m.)

<pre>
1                        CERTIFICATION
2            I certify that the foregoing is a correct
3   transcript from the electronic sound recording of the
4   proceedings in the above-entitled matter to the best of my
5   knowledge and ability.
6
7   /s/ William J. Garling                      June 28, 2023
8   William J. Garling, CET-543
9   Certified Court Transcriptionist
10  For Reliable
</pre>