# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WINC, INC. *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline**: August 8, 2023 at 5:00 p.m. (ET)<br>**Hearing Date**: Only in the event necessary |

### SUMMARY OF SIXTH MONTHLY APPLICATION OF ARENTFOX SCHIFF LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM JUNE 1, 2023 THROUGH JUNE 30, 2023

| | |
|---|---|
| Name of Applicant: | ArentFox Schiff LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | January 8, 2023 (*nunc pro tunc* to December 15, 2022) |
| Period for which Compensation and Reimbursement are sought: | June 1, 2023 through June 30, 2023 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $22,132.50 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $0.00 |

This is a(n):　　__X__ monthly　　____ interim　　____ final application

The total time expended for fee application preparation is approximately 10.5 hours and the corresponding compensation requested is approximately $4,753.00.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

AFDOCS:198499503.1

**PRIOR MONTHLY FEE APPLICATIONS FILED**

| Date Filed | Period Covered | Requested | | Approved | | Amount of Holdback |
| --- | --- | --- | --- | --- | --- | --- |
| | | Fees | Expenses | Fees | Expenses | |
| 02/14/23 | 12/15/22 – 12/31/22 | $112,517.50 | $959.67 | $90,014.00 | $959.67 | $22,503.50 |
| 02/14/23 | 01/01/23 – 01/31/23 | $192,305.00 | $1,299.65 | $153,844.00 | $1,299.65 | $38,461.00 |
| 04/13/23 | 02/01/23 – 02/28/23 | $56,905.00 | $0.00 | $45,524.00 | $0.00 | $11,381.00 |
| 04/28/23 | 03/01/23 – 03/31/23 | $21,619.50 | $0.00 | $17,295.60 | $0.00 | $4,323.90 |
| 06/24/23 | 04/01/23 – 05/31/23 | $24,151.50 | $0.00 | N/A | N/A | $4,830.30 |

AFDOCS:198499503.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC. *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline**: August 8, 2023 at 5:00 p.m. (ET)<br>**Hearing Date**: Only in the event necessary |

**SIXTH MONTHLY APPLICATION OF ARENTFOX SCHIFF LLP,
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR INTERIM ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED
DURING THE PERIOD FROM JUNE 1, 2023 THROUGH JUNE 30, 2023**

ArentFox Schiff LLP ("ArentFox Schiff"), counsel to the Official Committee of Unsecured Creditors (the "Committee") of Winc, Inc. ("Winc") and its debtor affiliates (collectively, the "Debtors"), hereby submits its sixth monthly application (the "Application") pursuant to (i) sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Procedure for the District of Delaware (the "Local Rules"), (iv) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 126] (the "Compensation Order"), and (v) the *Guidelines for Reviewing Applications for Compensation Filed Under 11 U.S.C. § 330*, effective May 17, 1996 (the "Guidelines") for interim allowance of compensation for services rendered in the aggregate amount of $22,132.50 and for reimbursement of actual and necessary expenses incurred by ArentFox Schiff in connection

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

therewith in the amount of $0.00 for the period from June 1, 2023 through June 30, 2023 (the "Compensation Period").  In support of this Application, ArentFox Schiff respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code sections 1103 and 330, Bankruptcy Rule 2016, and Local Rule 2016-2.

**BACKGROUND**

4. On December 1, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5. On December 12, 2022, the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee and, on December 15, 2022, the Committee selected ArentFox Schiff as its counsel.

6. On February 8, 2023, the Court approved the retention of ArentFox Schiff as counsel to the Committee *nunc pro tunc* to December 15, 2022 [Docket No. 229].

AFDOCS:198499503.1

**RELIEF REQUESTED**

7. By this Application, ArentFox Schiff seeks (i) interim allowance and award of compensation for the professional services rendered by ArentFox Schiff as attorneys during the Compensation Period in the amount of $22,132.50, representing 26.3 hours of professional services and 9.6 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by ArentFox Schiff during the Compensation Period in connection with the rendition of such professional and paraprofessional services in the amount of $0.00.

8. ArentFox Schiff seeks payment of 80% of its fees ($17,706.00) and 100% of its expenses ($0.00) relating to services rendered during the Compensation Period.

9. As stated in the Declaration of George P. Angelich, Esq. (the "Angelich Declaration"), annexed hereto as **Exhibit A**, all services for which compensation is requested by ArentFox Schiff were performed for or on behalf of the Committee.

10. ArentFox Schiff has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application for the Compensation Period. There is no agreement or understanding between ArentFox Schiff and any persons other than the partners of ArentFox Schiff for the sharing of compensation to be received for services rendered in these cases.

**SUMMARY OF SERVICES RENDERED**

11. This Application provides a brief summary of the services rendered by ArentFox Schiff on behalf of the Committee during the Compensation Period by category. While it is not possible or practical to describe each and every activity undertaken by ArentFox Schiff, ArentFox Schiff has maintained contemporaneous time records, which include a detailed chronology of the daily services rendered describing the precise nature of the work, the specific

tasks performed, and the time expended by each attorney and paraprofessional. A copy of the time records for the Compensation Period is annexed hereto as **Exhibit B**.[2] A breakdown of the hours and fees by attorney and paraprofessional is annexed hereto as **Exhibit C**.

12. A schedule setting forth the number of hours expended by ArentFox Schiff professionals in each of the project categories utilized in these cases, and the aggregate fees associated with each category is attached hereto as **Exhibit D**.

### A. Case Management and Operating Reports

Fees: $179.50          Total Hours: 0.50

13. This category includes time expended by ArentFox Schiff on a variety of activities relating to day-to-day management and prosecution of the chapter 11 cases. Services rendered in this project category during the Compensation Period include, among other things, calendaring of critical dates and hearing registration.

### B. Committee and Debtor Communications, Conference

Fees: $4,034.00          Total Hours: 5.80

14. The Committee's professionals held regular meetings to discuss and consider strategy in connection with the Debtors' cases as well as to ensure efficient administration and avoid duplication. These meetings involved considerable preparatory work regarding agendas, task lists and follow-up discussions and meetings. Furthermore, ArentFox Schiff and the other Committee professionals were in regular contact with the Debtors' professionals regarding upcoming issues and how they may be efficiently resolved.

---

[2] ArentFox Schiff may redact from its invoices certain descriptions of services that are confidential or privileged. To the extent ArentFox Schiff includes a redacted invoice in this Application, it will provide an un-redacted version to the U.S. Trustee and for *in camera* inspection by the Court.

      **C.**  **Creditor Inquiries**

      Fees: $114.00   Total Hours: 0.20

15. In connection with this category of services, ArentFox Schiff recorded a small amount of time spent communicating with certain creditors who reached out with questions concerning their claims against the Debtors, their treatment under the Debtors' plan of liquidation, and the voting process.

      **D.**  **Claims Administration and Objections**

      Fees: $288.00   Total Hours: 0.60

16. During the Compensation Period, ArentFox Schiff reviewed and analyzed governmental claims filed to date.

      **E.**  **Fee Applications**

      Fees: $4,753.00   Total Hours: 10.50

17. During the Compensation Period, ArentFox Schiff prepared its combined fifth monthly fee application and its second interim fee application. Preparation of these documents required reviewing and revising ArentFox Schiff's invoices for services, extensive internal communication, and communications with the Committee's other professionals with respect to the timing for filing.

      **F.**  **Disclosure Statement and Plan Matters and Solicitation**

      Fees: $12,764.00   Total Hours: 18.30

18. During the Compensation Period, ArentFox Schiff continued to revise its comments to drafts of the Debtors' plan and disclosure statement, and a Liquidation Trust Agreement. ArentFox Schiff engaged in extensive review of the proposed terms of the draft disclosure statement and plan following the Debtors' reversions on prior comments, including

certain tax treatment issues, and held internal discussions and discussions with local counsel concerning the same and how such terms would impact creditors. ArentFox Schiff then engaged in discussions, both over phone and e-mail, with Debtors' counsel concerning consensual resolutions to the same.

## STATUTORY BASIS FOR COMPENSATION

19.     The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016. ArentFox Schiff seeks compensation for actual, necessary professional services rendered and reimbursement of reasonable expenses incurred on behalf of the Committee during the Compensation Period.

20.     Section 331 of the Bankruptcy Code permits professionals employed by the Bankruptcy Court to apply for interim compensation under the standards set forth in section 330. Section 330(a)(1) of the Bankruptcy Code allows for the following: "(A) reasonable compensation for actual, necessary services rendered by . . . [an] attorney and by any paraprofessional person employed by such [attorney]; and (B) reimbursement for actual, necessary expenses."

21.     Section 330(a)(3)(A) of the Bankruptcy Code provides that,

> [i]n determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [Title 11]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed . . . and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title [11].

11 U.S.C. § 330(a)(3).

AFDOCS:198499503.1

22.    Congress intended that bankruptcy attorneys be compensated at the market rate for comparable services in non-bankruptcy cases. *See In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996) (citing In re UNR Indus., Inc., 986 F.2d 207, 208–09 (7th Cir. 1993)); see also *In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13, 21–22 (Bankr. S.D.N.Y. 1991) (Conrad, J.). The policy of section 330 is to ensure that qualified attorneys will "not be deterred from taking bankruptcy cases due to a failure to pay adequate compensation." *Ames Dep't Stores*, 76 F.3d at 72 (*citing UNR Indus.*, 986 F.2d at 210).

23.    As demonstrated in ArentFox Schiff's time records for the Compensation Period, the services were performed efficiently and effectively and were done at the request of the Committee in furtherance of the fiduciary obligations or statutory duty of the Committee and were necessary and beneficial to the bankruptcy estates. ArentFox Schiff believes that the foregoing rates for the services rendered are in accord with the market rates that the majority of law firms charge their clients for such services.

## ACTUAL AND NECESSARY EXPENSES

24.    During the Compensation Period, ArentFox Schiff incurred $0.00 in expenses on behalf of the Committee. While representing the Committee in these cases, ArentFox Schiff will limit its photocopying expenses to $.10 per page for black and white copies and $.80 for color copies and its charges for out-going facsimile transmissions to $1.00 per page, in accordance with the Local Rules.

25.    It is ArentFox Schiff's policy to charge its clients in all areas of practice for expenses incurred in connection with their clients' cases. The expenses charged to clients include, among other things, telecommunications, express mail, messenger services, photocopying costs, travel expenses, working meals, computerized research, and transcription

7

costs. ArentFox Schiff will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to ArentFox Schiff's other clients. ArentFox Schiff believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. In providing a reimbursable expense, ArentFox Schiff does not make a profit on that expense, whether the service is performed by ArentFox Schiff in-house or through a third party.

26. ArentFox Schiff believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, ArentFox Schiff believes that such charges are in accordance with the guidelines of the American Bar Association ("ABA"), as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges

### NOTICE

27. ArentFox Schiff has served this application in accordance with the Interim Compensation Order and the Bankruptcy Local Rules. ArentFox Schiff submits that no further notice is required.

### NO PRIOR REQUEST

28. No prior request for the relief sought in this Application has been made to this or any other court.

**WHEREFORE**, ArentFox Schiff respectfully requests that the Court:

(a) approve, on an interim basis, the allowance of $22,132.50 for compensation for professional services rendered to the Committee during the period from June 1, 2023 through and including June 30, 2023;

(b) approve the reimbursement of ArentFox Schiff's out-of-pocket expenses incurred in connection with the rendering of such services during the period from June 1, 2023 through and including June 30, 2023, in the amount of $0.00; and

(c) authorize and direct the Debtors to immediately pay to ArentFox Schiff the amount of $17,706.00, which is equal to the sum of 80% of ArentFox Schiff's fees and 100% of ArentFox Schiff's expenses incurred during the Compensation Period.

Dated: July 19, 2023

By: */s/ Mark T. Hurford*
Mark T. Hurford (DE No. 3299)
**A.M. SACCULLO LEGAL, LLC**
27 Crimson King Drive
Bear, DE 19701
Telephone: (302) 836-8877
Facsimile: (302) 836-8787
Email: Mark@saccullolegal.com


-and-

9

George P. Angelich (*pro hac vice*)
**ARENTFOX SCHIFF LLP**
1301 Avenue of the Americas, 42nd Floor
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: George.Angelich@afslaw.com

Justin A. Kesselman *(pro hac vice)*
James E. Britton *(pro hac vice)*
**ARENTFOX SCHIFF LLP**
The Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199
Telephone: (617) 973-6102
Email: Justin.Kesselman@afslaw.com
         James.Britton@afslaw.com

*Counsel for the Official Committee of Unsecured Creditors*