## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 403** |

## NOTICE OF FILING OF PLAN SUPPLEMENT

The above-captioned debtors and debtors-in-possession (the "Debtors") submits this plan supplement (the "Plan Supplement") in support of, and in accordance with, the *Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* [Docket No. 403] (as may be amended, supplemented, or modified from time to time, the "Plan").[2] The documents contained in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan. These documents have not yet been approved by the Bankruptcy Court. If the Plan is confirmed by the Bankruptcy Court, the documents contained in this Plan Supplement will be approved by the Bankruptcy Court pursuant to the Confirmation Order.

The Plan Supplement contains the following documents, each as may be amended, modified, or supplemented from time to time in accordance with the Plan:

| Exhibit | Plan Supplement Document |
|---|---|
| A | Creditor Trust Agreement |
| B | Identity and Proposed Compensation of Creditor Trustee |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2] Capitalized terms used but not defined herein, including the exhibits attached hereto, shall have the meanings ascribed to them in the Plan.

| C | Identity and Proposed Compensation of Post-Effective Date Debtor Representative |
|---|---|
| D | Schedule of Retained Causes of Action |

Subject to the terms and conditions of the Plan, the Debtors reserve all rights to amend, revise, or supplement the Plan Supplement, and any of the documents and designations contained herein, at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court.

Dated:  July 20, 2023

*/s/ Allison S. Mielke*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Joshua B. Brooks (No. 6765)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Emails:  mnestor@ycst.com
        mlunn@ycst.com
        amielke@ycst.com
        jbrooks@ycst.com
        sborovinskaya@ycst.com

*Counsel for the Debtors and Debtors in Possession*

## EXHIBIT A

**Creditor Trust Agreement**

## CREDITOR TRUST AGREEMENT

THIS CREDITOR TRUST AGREEMENT (the "Agreement") is entered into on this [*] day of July 2023, by and among Winc, Inc. ("Winc"), BWSC, LLC ("BWSC"), and Winc Lost Poet LLC ("Winc Lost Poet," and collectively with Winc and BWSC, the "Debtors"; each individually, a "Debtor"); the Official Committee of Unsecured Creditors (the "Committee") appointed in the Debtors' chapter 11 cases (collectively, the "Chapter 11 Cases"), which are jointly administered under Case No. 22-11238 in the Bankruptcy Court (as defined below); and Brian K. Ryniker, in his capacity as Creditor Trustee under the Plan (as defined below) (the "Creditor Trustee," and collectively with the Debtors and the Committee, the "Parties").

W I T N E S S E T H:

WHEREAS, on November 30, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby commencing the Chapter 11 Cases;

WHEREAS, on June 5, 2023, the Debtors filed the Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Debtor Affiliates [Docket No. 375] (as may be amended, supplemented, or modified from time to time, the "Plan") with the Bankruptcy Court;

WHEREAS, on August [*], 2023, the Bankruptcy Court entered an order confirming the Plan [Docket No. *] (as may be amended or modified, the "Confirmation Order"). Copies of the Plan and Confirmation Order are attached hereto as **Exhibits A** and **B**, respectively, and are incorporated herein by reference;

WHEREAS, the Plan provides for, among other things, the establishment of a creditor trust (the "Creditor Trust") for the benefit of its Beneficiaries (defined below) and the appointment of the Creditor Trustee, as the fiduciary responsible for administering the Creditor Trust;

WHEREAS, the Creditor Trustee has agreed to act as trustee under this Agreement for purposes provided for herein and in the Plan;

WHEREAS, the Creditor Trust is established for the sole purpose of administering Creditor Trust Assets (defined below) and implementing the Creditor Trust Functions (defined below), in accordance with Treasury Regulations Section 301.7701-4(d), with no objective or authority to continue or engage in the conduct of a trade or business; and

WHEREAS, the Creditor Trust is intended to qualify as a liquidating trust within the meaning of Treasury Regulations Section 301.7701-4(d) that is a "grantor trust" for U.S. federal income tax purposes, subject to the Creditor Trustee's discretion to elect to treat the Creditor Trust or any Creditor Trust Asset (in whole or in part) as a Disputed Ownership Fund (defined below) for U.S. federal income tax purposes in accordance with Section 3.7 herein.

NOW, THEREFORE, for and in consideration of the promises and mutual covenants herein contained, pursuant to the Plan, the Parties do hereby covenant and agree as follows:

## ARTICLE I

### Definitions; Interpretive Rules.

1.1    <u>Terms Defined in Plan</u>.  Any capitalized term used and not defined herein shall have the meaning assigned to it in the Plan.

1.2    <u>Interpretive Rules</u>.  For purposes of this Agreement, except as otherwise expressly provided herein or unless the context otherwise requires: (a) references to "Articles", "Sections", and other subdivisions, without reference to a particular document, are to be designated Articles, Sections, and other subdivisions of this Agreement; (b) the use of the term "including" means "including but not limited to"; and (c) the words "herein", "hereof", "hereunder", and other words of similar import refer to this Agreement as a whole and not to any particular provision (unless otherwise specified).  The enumeration and headings contained in this Agreement are for convenience of reference only and are not intended to have any substantive significance in interpreting this Agreement.  The singular shall include the plural and the plural the singular, when the context so requires, and the feminine, the masculine, and the neuter genders shall be mutually inclusive.

## ARTICLE II

### Establishment of the Creditor Trust, Appointment of the Creditor Trustee

2.1    <u>Establishment of the Creditor Trust</u>.  Pursuant to the Plan, the Parties hereby establish the Creditor Trust.  On the Effective Date, the Creditor Trust will become effective, in order to carry out the Creditor Trust Functions. The Creditor Trust is organized and established as a trust for the benefit of the Beneficiaries and is intended to qualify as a liquidating trust within the meaning of Treasury Regulation Sections 301.7701-4(d), subject to the Creditor Trustee's discretion to elect to treat the Creditor Trust or any of the Creditor Trust Assets (in whole or in part) as a Disputed Ownership Fund for U.S. federal income tax purposes in accordance with Section 3.7 herein.  The Creditor Trust will not be deemed a successor-in-interest of the Estates for any purpose other than as specifically set forth in the Plan and this Agreement; *provided, however*, that the Creditor Trust shall be deemed to be substituted as the party-in-lieu of each of the Debtors or the Post-Effective Date Debtors, as applicable, with respect to the Creditor Trust Assets, including, but not limited to: (i) motions, contested matters, and adversary proceedings pending in the Bankruptcy Court; (ii) any and all tax or regulatory filings, including without limitation any state or federal returns or ERISA-related filings, and legacy accounts of the Debtors at the state and or federal level (for the purposes of closing, reporting, or making payments related to the Debtors' Estates) related thereto; and (iii) all matters pending in any courts, tribunals, forums, or administrative proceedings outside of the Bankruptcy Court, in each case without the need or requirement for the Creditor Trustee on behalf of the Creditor Trust to file motions or substitutions of parties or counsel in each such matter; *provided*, in each of (i) – (iii), such matters involve Creditor Trust Assets.  This Agreement and the Creditor Trust created under the Plan are hereby declared to be irrevocable

and the Debtors shall not have any right at any time to withdraw any of the property held hereunder or to revoke, annul, or cancel the Creditor Trust created under the Plan in whole or in part, or to alter, amend, or modify this Agreement in any respect.

2.2    Appointment of Creditor Trustee.  Brian K. Ryniker is hereby appointed to serve as the Creditor Trustee of the Creditor Trust and he hereby accepts such appointment. On the Effective Date and automatically and without further action, the Creditor Trustee will have full power and authority as the Creditor Trustee of the Creditor Trust in accordance with the Plan and this Agreement to take any and all actions as he believes may be necessary, desirable or appropriate with respect to the Creditor Trust and the Creditor Trust Assets, subject to the terms of the Plan and this Agreement.

2.3    Vesting of Creditor Trust Assets.  On the Effective Date, pursuant to the Plan and sections 1123, 1141 and 1146(a) of the Bankruptcy Code, the Post-Effective Date Debtors, the Estates, or such other party as provided in the Plan, will transfer, grant, assign, convey, set over, and deliver to the Creditor Trustee, for the benefit of the Creditor Trust, all of the Debtors' and Estates' right, title and interest in and to the Creditor Trust Assets, which comprise: (i) the Debtors' Cash as of the Effective Date; (ii) all prepayments, deposits, refunds and other rights arising under or related to Excluded Assets; (iii) all rights of the Debtors to tax refunds and credits; (iv) all rights and interests in any of the Debtors' D&O Liability Insurance Policies and other insurance policies (including any proceeds and refunds with respect to such policies), other than insurance policies transferred to Project Crush under the APA, if any; (v) all Retained Causes of Action and any proceeds resulting therefrom; (vi) the Debtors' books and records (other than those transferred to Project Crush under the APA), including computer generated or computer maintained books, records and data, legal and accounting files maintained by any professional of the Debtors and other of the Debtors' books and records maintained by or in the possession of third parties, and any and all rights to access and copy all legacy data (including without limitation emails) of the Debtors transferred to Project Crush under the APA (collectively, the "Books and Records"); (vii) the New Common Stock; (viii) all of the Debtors' rights to privilege and privileged communications with any party as of the Effective Date; and (ix) any other Excluded Assets under the APA.  For the avoidance of doubt, Creditor Trust Assets shall not include funds in the Professional Fee Escrow Account, any Transferred Assets or BWSC Assets.  Upon the Effective Date, the Creditor Trust will be vested with all right, title, and interest in the Creditor Trust Assets, and such property will become the property of the Creditor Trust free and clear of all Claims, liens, charges, other encumbrances, and interests, except as set forth in the Plan.  Nothing contained herein, in the Plan, or in the Debtors' governance documents (including any bylaws or articles of incorporation) shall prevent the Debtors, Post-Effective Date Debtors, or the Estates from assigning any assets, including rights, claims, and causes of action, to the Creditor Trust.

2.4    Trust Name.  The trust created hereby shall be known as the "Club W Creditor Trust," in which name the Creditor Trustee may, among other things, carry out the Creditor Trust Functions, conduct the business of the Creditor Trust, retain the Trust Professionals (defined below), pay fees and costs incurred by the Trust Professionals, make and execute contracts on behalf of the Creditor Trust, sue and be sued on behalf of the Creditor Trust, wind up the affairs of the Debtors, Post-Effective Date Debtors, and the Creditor Trust, and take

such other actions as the Creditor Trust or Creditor Trustee is authorized to take under the Plan and this Agreement.

ARTICLE III

**Creditor Trust, Purpose, Administration**

3.1     <u>Purpose of the Creditor Trust</u>.  The Creditor Trust shall be established for the purpose of liquidating the Creditor Trust Assets, which includes prosecuting any Retained Causes of Action to maximize recoveries for the benefit of the Creditor Trust's Beneficiaries, and making Distributions in accordance with the Plan to the Beneficiaries, with no objective to continue or engage in the conduct of a trade or business in accordance with Treas. Reg. § 301.7701-4(d).  The Creditor Trust is intended to qualify as a "grantor trust" for federal income tax purposes consistent with Internal Revenue Service Revenue Procedure 94-45, 1994-2 C.B. 684, and, to the extent permitted by applicable law, for state and local income tax purposes, with the Creditor Trust's Beneficiaries treated as grantors and owners of the trust, subject to the Creditor Trustee's discretion to elect to treat the Creditor Trust or any Creditor Trust Asset (in whole or in part) as a Disputed Ownership Fund for U.S. federal income tax purposes in accordance with Section 3.7 herein..

3.2     <u>Governance of the Creditor Trust</u>.  The Creditor Trust will be administered by the Creditor Trustee, who shall, in an expeditious but orderly manner, carry out the Creditor Trust Functions, liquidate and convert to Cash the Creditor Trust Assets, make timely distributions in accordance with the provisions of the Plan and not unduly prolong the duration of the Creditor Trust or the Chapter 11 Cases.

3.3     <u>Purpose of this Agreement and Creditor Trust Functions</u>.  The parties hereby enter into this Agreement for the purposes of establishing the Creditor Trust contemplated by the Plan and authorizing the Creditor Trustee to, among other things, implement and carry out the following: (a) open bank accounts in the name of the Creditor Trust, establish reserves and, notwithstanding anything under Section 345 of the Bankruptcy Code, have the sole discretion to decide (but not the obligation) to invest some or all of the cash held by the Creditor Trust; (b) retain and pay professionals (which, for the avoidance of doubt, may include professionals previously retained by the Committee or who are members of the Creditor Trustee's own firm) as necessary to carry out the purposes of the Creditor Trust; (c) prepare and file tax returns for the Creditor Trust and the Debtors or Post-Effective Date Debtors, as needed; (d) request and obtain access to the  books and records of the Debtors not otherwise provided as of the Effective Date (e) object to, reconcile, seek to subordinate, compromise or settle any or all claims and administer distributions to Holders of Claims, including filed Claims and scheduled Claims (regardless of whether they were scheduled as undisputed, noncontingent, or liquidated); (f) evaluate, file, litigate, settle, or otherwise pursue any Retained Causes of Action; (g) make Distributions as provided under the Plan and this Agreement; (h) seek to collect, or enforce the Creditor Trust's rights and remedies under, the Creditor Trust Assets; (i) manage, distribute or liquidate the Creditor Trust Assets; (j) wind-up the affairs of the Creditor Trust and dissolve it under applicable law, including forwarding any relevant materials in connection with employee benefits to the proper parties; (k) appoint a successor to the Post-Effective Date Debtor Representatives for any of the Post-Effective Date Debtors, if necessary, pursuant to and in

accordance with the terms of the Plan; (l) elect to treat any portion of the Creditor Trust and/or Creditor Trust Assets (in either case, in whole or in part) as a Disputed Ownership Fund (as defined in Section 3.7 herein) for U.S. federal income tax purposes; (m) terminate and wind down any Debtor retirement plan not otherwise transferred pursuant to the 363 Sale, including but not limited to any 401(k) plan or pension plan; (n) use Creditor Trust Assets, in the Creditor Trustee's reasonable business judgment, to purchase and maintain customary insurance coverage (including, without limitation, purchasing any errors and omissions insurance), if available, for the protection of the Persons or Entities serving as Creditor Trustee on and after the Effective Date; and (o) such other responsibilities as may be necessary and proper to carry out the provisions of this Agreement and the Plan, but only to the extent consistent with this Agreement and the Plan (collectively, the "Creditor Trust Functions").  All Creditor Trust Functions and related activities of the Creditor Trustee shall be reasonably necessary to, and consistent with, the accomplishment of these purposes; all of such purposes benefit the Creditor Trust.  Except as set forth herein, nothing contained herein shall be deemed to limit the authority of the Creditor Trustee.

3.4    Administration of the Creditor Trust Assets.  From and after the Effective Date, the Creditor Trustee shall take all steps necessary to liquidate all Creditor Trust Assets and distribute the proceeds in accordance with the Plan, Confirmation Order, and this Agreement, including prosecuting, litigating, settling or otherwise liquidating and reducing the Creditor Trust Assets to money, or abandoning the Creditor Trust Assets on such terms and for such consideration as the Creditor Trustee deems to be reasonable and in the best interests of the Beneficiaries.

3.5    Authority of the Creditor Trustee.  The Creditor Trustee will serve as a fiduciary to the Beneficiaries of the Creditor Trust and will be empowered to implement the Creditor Trust Functions.

3.6    Expenses of the Creditor Trust.  The Creditor Trust Assets will be used to pay all liabilities, costs and expenses of the Creditor Trust, including compensation then due and payable to the Creditor Trustee, his agents, representatives, the Trust Professionals (defined herein) and employees and all costs, expenses, and liabilities incurred by the Creditor Trustee in connection with the performance of his duties.  The reasonable fees and expenses of the Creditor Trustee and his counsel, Trust Professionals, and agents will be paid out of the Creditor Trust Assets, without need of Bankruptcy Court approval, subject to the terms set forth in Section 4.18 herein.

3.7    Tax Treatment of Creditor Trust.  For United States federal and applicable state income tax purposes, the transfer of the Creditor Trust Assets to the Creditor Trust pursuant to and in accordance with the Plan shall be treated as a taxable disposition of such assets directly to and for the benefit of the Beneficiaries.  Pursuant to Section 11.7, valuations of any such Creditor Trust Assets, and any other Creditor Trust Assets actually or deemed transferred by the Creditor Trust, shall be consistently applied among the Creditor Trust, Debtors, and Beneficiaries for all federal income tax purposes.  The Creditor Trust is intended to qualify as a liquidating trust that is treated as a "grantor trust" for federal income tax purposes, and the Creditor Trustee shall use his best efforts to operate and maintain the Creditor Trust in compliance with all applicable guidelines regarding liquidating trusts issued by the Internal

Revenue Service (including Revenue Procedure 94-45, 1994-2 C.B. 684); *provided, however*, that the Creditor Trustee may (a) timely elect to treat any portion or all of the Creditor Trust and/or any Creditor Trust Assets (in either case, in whole or in part) as a "disputed ownership fund" within the meaning of Treasury Regulations Section 1.468B-9(c)(2)(ii) for federal income tax purposes (the "Disputed Ownership Fund"); or (b) timely elect to report as a separate trust or sub-trust or other entity (based, in part, on the advice of Trust Professionals). If an election is made to report the Creditor Trust and/or any Creditor Trust Assets (in either case, in whole or in part) as a Disputed Ownership Fund, the Creditor Trust shall comply with all federal and state reporting and tax compliance requirements of the Disputed Ownership Fund, including but not limited to the filing (under a specially established tax identification number distinct from that established for the Creditor Trust) of a separate federal tax return for the Disputed Ownership Fund and the payment of any federal and/or state income taxes that may come due. Accordingly, other than the portion of the Creditor Trust Assets comprising the Disputed Ownership Fund, each Beneficiary shall be treated for U.S. federal income tax purposes, (i) as a direct recipient of an allocable portion of the undivided interest in each of the assets transferred to the Creditor Trust and then as having immediately contributed such assets to the Creditor Trust, and (ii) thereafter, as a grantor and deemed owner of the Creditor Trust and thus, the direct owner of an allocable portion of the undivided interests in each of the assets held by the Creditor Trust. The Beneficiaries will be treated as the grantors and owners of the Creditor Trust. All parties (including the Creditor Trustee, the Debtors, and the Beneficiaries) shall report for United States federal, state and local income tax purposes consistently with foregoing. The Creditor Trustee may request an expedited determination of taxes of the Debtors, the Disputed Ownership Fund, or of the Creditor Trust under Bankruptcy Code section 505(b) for all tax returns filed for, or on behalf of, the Debtors or the Post-Effective Date Debtors, the Disputed Ownership Fund, and the Creditor Trust for all taxable periods through the dissolution of the Creditor Trust. The Creditor Trustee may elect for the Creditor Trust to be treated as a partnership or a corporation, other entity, or Disputed Ownership Fund, for tax purposes only, if the Creditor Trustee determines in its reasonable discretion that such election is permitted under applicable law and would be in the best interests of the Beneficiaries of the Creditor Trust.

        3.8    <u>Incorporation of Plan</u>. The Plan is hereby incorporated into this Agreement and made a part hereof by this reference.

        3.9    <u>Post-Effective Date Debtor Representatives</u>. The Creditor Trustee shall have the power to terminate and replace the Post-Effective Date Debtor Representative in accordance with the terms of this Agreement, the Plan, and the Confirmation Order.

## ARTICLE IV
## Duties, Rights and Powers of Creditor Trustee

        4.1    <u>Status of the Creditor Trustee</u>. The Creditor Trustee shall be a "representative of the estate" as that phrase is used in section 1123(b)(3)(B) of the Bankruptcy Code with respect to the rights and powers granted in this Agreement and in the Plan and Confirmation Order. Except as otherwise set forth in the Plan and Confirmation Order, the Creditor Trust shall be the successor-in-interest to the Debtors or the Post-Effective Date Debtors, as applicable, with respect to all Creditor Trust Assets, including all Retained Causes of Action that were or could have been commenced by the Debtors or the Estates prior to the

Effective Date and shall be deemed substituted for the same as the party in any such actions. All actions, claims, rights or interests constituting Creditor Trust Assets are preserved and retained and may be enforced by the Creditor Trust on behalf of Beneficiaries both on behalf of the Creditor Trust and as the representative of the Debtors, Post-Effective Date Debtors, and/or the Estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, as applicable. The Creditor Trust shall be a party-in-interest as to all matters over which the Bankruptcy Court has jurisdiction and shall be the only party to have standing to file, prosecute, settle, or compromise all Creditor Trust Assets, including all Retained Causes of Action and objections to Claims, including but not limited to General Unsecured Claims and First Tier Claims.

4.2     Duties of the Creditor Trustee. The Creditor Trustee shall have the exclusive right and duty to administer and liquidate the Creditor Trust Assets; file, prosecute, litigate, compromise, settle, and abandon Retained Causes of Action and other Creditor Trust Assets; pursue and oversee the objections and resolution of all Claims, including but not limited to General Unsecured Claims, Secured Claims, Priority Tax Claims, Priority Non-Tax Claims, Administrative Claims, and Professional Fee Claims and related processes; and collect all income and make distributions as provided under this Agreement, the Plan, and Confirmation Order.

4.3     Standard of Care.  The Creditor Trustee shall exercise its rights and powers vested in it by this Agreement and use reasonable business judgment in the exercise of his duties. Subject to applicable law, the Creditor Trustee shall not be liable to the Creditor Trust or any Beneficiary for any act he or she may do or omit to do as a Creditor Trustee while acting in good faith and in the exercise of his reasonable business judgment. The foregoing limitation on liability will apply equally to the agents, and/or employees of the Creditor Trustee and Trust Professionals (defined herein) acting on behalf of the Creditor Trustee in the fulfillment of the Creditor Trustee's duties hereunder. Nothing in this Agreement shall be deemed to prevent the Creditor Trustee from taking, or failing to take, any action that, based upon the advice of counsel or other Trust Professionals, the Creditor Trustee determines it is obligated to take (or fail to take) in the performance of any fiduciary or similar duty which the Creditor Trustee owes to the Beneficiaries.

4.4     Bond.  The Creditor Trustee shall not be required to post a bond.

4.5     Creditor Trustee's Rights and Powers.  The Creditor Trustee shall act on behalf of the Creditor Trust and to the extent and except as otherwise provided for under the Plan, shall be vested with all rights, powers, privileges, and benefits afforded to the Estates and/or a "trustee" under sections 704 and 1106 of the Bankruptcy Code, including, without limitation, attorney-client and work product privilege, and he shall be vested with any such rights, powers, privileges, and benefits of the Debtors and their Estates with respect to the Creditor Trust Functions. The Creditor Trustee shall have all the powers and authority set forth herein, in the Plan, and in the Confirmation Order necessary to effect the disposition, orderly liquidation, and/or distribution of all Creditor Trust Assets and proceeds thereof and make certain Distributions in accordance with the Plan. Nothing in this Agreement shall be deemed to prevent the Creditor Trustee from taking, or failing to take, any action that, based upon the advice of counsel or other Trust Professionals, the Creditor Trustee determines it is obligated to take (or fail to take) in the performance of any fiduciary or similar duty which the Creditor

30591218.1

Trustee owes the Beneficiaries. As of the Effective Date, the rights and powers of the Creditor Trustee shall include, subject to the limitations set forth in the Plan or Confirmation Order, the right and power, without further Bankruptcy Court approval, to effectuate the Creditor Trust Functions, including:

(a)      Sell, liquidate, transfer, assign, distribute or otherwise reduce to Cash the Creditor Trust Assets, or any part thereof, in accordance with the Plan and this Agreement;

(b)      Review, reconcile, object, settle, seek to subordinate, and resolve all Claims, including but not limited to First Tier Claims and General Unsecured Claims, whether filed or scheduled (and regardless of whether they were scheduled as undisputed, noncontingent or liquidated), and whether or not the objections have been commenced prior to the Effective Date;

(c)      Substitute, or cause the Creditor Trust to substitute in, as the real party in interest in any Retained Causes of Action, objections to Claims, and other proceedings commenced by or against the Debtors or the Committee prior to the Effective Date;

(d)      Investigate, file, prosecute, compromise, settle, or otherwise pursue all Claims and Causes of Action, including but not limited to the Retained Causes of Action or other legal rights that constitute Creditor Trust Assets, whether or not the Retained Causes of Action have been commenced prior to the Effective Date;

(e)      Calculate and make interim and final distributions to the holders of Allowed Claims in accordance with the terms of the Plan, Confirmation Order and this Agreement;

(f)      Calculate and make Distributions to Beneficiaries hereunder from the Creditor Trust Assets in accordance with the terms of the Plan, Confirmation Order and this Agreement;

(g)      Seek an estimation of contingent, unliquidated, or equitable Claims under section 502(c) of the Bankruptcy Code;

(h)      Manage, maintain, administer and invest any portion of the Creditor Trust Assets reduced to Cash, which investment powers of the Creditor Trustee are limited by Section 4.14 herein;

(i)      Establish, maintain and administer any reserves created on the Effective Date and create any reserves for payments required to be made pursuant to the Plan or this Agreement, including on account of any Disputed Claims, including the Disputed Ownership Fund;

(j)      Maintain and administer the Cash in the Creditor Trust or Disputed Ownership Fund;

(k)      Enforce, carry out, and comply with the terms of the Plan, Confirmation Order, and this Agreement;

(l)     Enforce, carry out and perform the Creditor Trustee's duties and Creditor Trust Functions under this Agreement and the Plan, which includes, but is not limited to, responding to questions in connection with the Debtors' 2022 taxes, and forwarding any relevant materials in connection with employee benefits to the proper parties;

(m)     Negotiate, incur, and pay the expenses and obligations of the Creditor Trust, including professional fees, out of the Creditor Trust Assets;

(n)     Retain and pay counsel or special counsel, financial advisors or accountants, and employ other individuals and Trust Professionals in connection with the administration or the liquidation, and pay all reasonable and necessary costs of any litigation directly or indirectly involving the Debtors or Estates, or the Creditor Trust Assets;

(o)     Prepare and deliver written statements or notices, required by law or by the terms of this Agreement to be delivered to Beneficiaries, subject to the Creditor Trustee's discretion to elect to treat the Creditor Trust or any Creditor Trust Assets (in whole or in part) as a Disputed Ownership Fund for U.S. federal income tax purposes in accordance with Section 3.7 hereof;

(p)     Establish, maintain, administer and, as appropriate, destroy documents and records;

(q)     Compile and maintain the official claims register, including for purposes of making initial and subsequent Distributions under the Plan; *provided, however*, that the Creditor Trustee may, in its sole discretion, select the Claims Agent (or other Trust Professional) to provide this service to the Creditor Trust;

(r)     Seek authority from the Bankruptcy Court to close the Chapter 11 Cases in accordance with the Bankruptcy Code and the Bankruptcy Rules;

(s)     If at any time the Creditor Trustee determines, in reliance upon such professionals as the Creditor Trustee may determine, that the expense of administering the Creditor Trust so as to make a final distribution to the Beneficiaries is likely to exceed the value of the assets remaining in the Creditor Trust, the Creditor Trustee may  (i) reserve any amounts necessary to discharge its duties under this Agreement, the Plan, and the Confirmation Order, and apply to the Bankruptcy Court for authority to close the Chapter 11 Cases (either for individual Debtors or in their entirety), (ii) donate a balance to a charitable organization exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code of 1986, as amended,  that is unrelated to the Creditor Trust and/or the Creditor Trustee, and (iii) close the Chapter 11 Cases in accordance with the Bankruptcy Code and Bankruptcy Rules;

(t)     Hold legal title to any and all rights of the Beneficiaries in or arising from the Creditor Trust or Creditor Trust Assets;

(u)     Execute and file any and all documents, regulatory filings and transfer applications and take any and all other actions related to, or in connection with, the liquidation of the Creditor Trust Assets, the exercise of the Creditor Trustee's powers granted herein and the

enforcement of any and all instruments, contracts, agreements, claims, or causes of action relating to the Creditor Trust or the Creditor Trust Assets;

(v)     Open and maintain bank accounts and deposit funds, draw checks and make disbursements in accordance with this Agreement and the Plan;

(w)     File, if necessary, any and all tax and information returns with respect to the Creditor Trust treating the Creditor Trust as a grantor trust pursuant to Treasury Regulations Section 1.671-4(a) and pay taxes properly payable by the Creditor Trust, if any, and make distributions to Beneficiaries net of any such taxes, subject to the Creditor Trustee's discretion to elect to treat the Creditor Trust or any of the Creditor Trust Assets (in whole or in part) as a Disputed Ownership Fund for federal income tax purposes in accordance with Section 3.7 herein;

(x)     In the event the Creditor Trustee determines that any of the Beneficiaries of the Creditor Trust may, will or has become subject to adverse tax consequences, take such actions that in his reasonable business judgment will, or are intended to, alleviate such adverse tax consequences, such as dividing the Creditor Trust Assets into several trusts or other structures and/or paying certain Beneficiaries in a manner different than that originally contemplated hereunder (but not otherwise inconsistent with the provisions of this Agreement or the Plan), provided, however, the Creditor Trustee shall be under no obligation to take any such actions described above in this subparagraph;

(y)     Withhold from the amount allocable, payable or distributable to any Entity such amount as may be sufficient or required to pay any tax or other charge which the Creditor Trustee has determined, in his reasonable business judgment, is required to be withheld therefrom under the income tax laws of the United States or of any state or political subdivision thereof, and to pay or deposit such withheld tax with the appropriate governmental authority.  In the exercise of his reasonable business judgment, the Creditor Trustee may enter into agreements with taxing or other governmental authorities for the payment of such amounts as may be withheld in accordance with the provisions hereof;

(z)     Seek any relief from or resolution of any disputes concerning the Debtors, the Plan, the Creditor Trust, or the Creditor Trust Assets by the Bankruptcy Court or any other court with proper jurisdiction;

(aa)     Seek to collect, or enforce the Creditor Trust's rights and remedies under or in relation to, the Creditor Trust Assets, including but not limited to the Retained Causes of Action;

(bb)     Appear and participate in any proceeding before the Bankruptcy Court or any other court with proper jurisdiction with respect to any matter regarding or relating to this Agreement, the Plan, Confirmation Order, the Debtors, the Creditor Trust, or the Creditor Trust Assets; and

(cc)     Otherwise take such other actions as the Creditor Trustee shall deem reasonably necessary or desirable to administer the Creditor Trust and to implement the Plan, Confirmation Order, the terms of this Agreement, wind up the affairs of the Creditor Trust and

effect the closing of the Chapter 11 Cases or to carry out the Creditor Trust Functions and related obligations and to exercise its rights in accordance with and subject to the Plan and Confirmation Order, including but not limited to the appointment of a successor Post-Effective Date Debtor Representative for any/each of the Post-Effective Date Debtors, as necessary, and shall perform all of the duties, responsibilities and obligations as set forth in this Agreement.

The above-enumerated powers of the Creditor Trustee shall be broadly interpreted, and in any applicable instance shall be interpreted as taking any action or causing the Creditor Trust to take such action. Any actions authorized on behalf of the Creditor Trustee may be taken by the Creditor Trust at the direction of the Creditor Trustee.

4.6    Limitation on Creditor Trustee's Authority. Notwithstanding anything in this Agreement to the contrary, the Creditor Trustee shall not take any action that will cause the Creditor Trust to fail to qualify as a "liquidating trust" for United States federal income tax purposes, subject to the Creditor Trustee's discretion to elect to treat the Creditor Trust or any of the Creditor Trust Assets (in whole or in part) as a Disputed Ownership Fund for federal income tax purposes in accordance with Section 3.7 herein.

4.7    Estimation of Claims. In accordance with the terms of the Plan, the Creditor Trustee may at any time request that the Bankruptcy Court estimate any Claim pursuant to section 502(c) of the Bankruptcy Code to the extent that such Claim has not already been adjudicated by the Bankruptcy Court on the same grounds. In the event that the Bankruptcy Court estimates any such Claim, the amount so estimated shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Creditor Trustee may pursue supplementary proceedings to object to the allowance of such Claim. All of the aforementioned objection, estimation, and resolution procedures are intended to be cumulative and not exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn, or resolved by any mechanism approved by the Bankruptcy Court.

4.8    Limitations on the Creditor Trustee's Liabilities. After the Effective Date and to the maximum extent provided by law, the Creditor Trustee and the Creditor Trustee's respective representatives and professionals, including accountants, financial advisors, and legal advisors, shall not be responsible and shall not have any liability whatsoever to any person for any loss or liability the Debtors, the Estates, or the Creditor Trust may sustain or incur, except as otherwise provided in Section 4.12 of this Agreement.

4.9    Selection of Agents. The Creditor Trustee may select, retain, employ, replace or terminate, and determine compensation for, any professionals, including accountants, financial advisors, legal advisors, brokers, consultants, claims agents, custodians, investment advisors, asset services, auditors, and other agents, as the Creditor Trustee deems necessary, which for the avoidance of doubt, may also include without limitation any professionals who are members of the Creditor Trustee's own firm, as well as any Estate Professional (as defined herein) retained by the Creditor Trust (collectively, the "Trust Professionals") to assist it in carrying out his duties, including any professional retained by the Debtors or the Committee in connection with the Chapter 11 Cases (each an "Estate Professional") in accordance with

applicable non-bankruptcy law and rules of professional conduct; *provided* that the Debtors and the Committee hereby waive any conflicts of interest with respect to the Creditor Trust's retention of any Estate Professional.  Subject to the Plan and this Agreement, the Creditor Trustee may pay the salaries, fees, and expenses of such persons or firms out of the Creditor Trust Assets, without further Bankruptcy Court approval.  The Creditor Trustee shall not be liable for any loss to the Debtors, the Estates, or the Creditor Trust or any person interested therein, including Beneficiaries, by reason of any mistake or default of any such agent or consultant or Trust Professional.  The Creditor Trustee shall not be liable for any act taken or omitted to be taken, or suggested to be done, in accordance with advice or opinions rendered by any Trust Professionals regardless of whether such advice or opinions were in writing.

       4.10    Signature.  As of the Effective Date, the Creditor Trustee shall have the signature power and authority on behalf of the Creditor Trust to (a) open and close accounts with any banking, financial or investment institution; (b) make deposits and withdrawals of cash and other property into or from any such account; (c) make or endorse checks with respect to any such account; (d) complete and file any regulatory agreement or governmental form as may be required; and (e) effectuate purchases and sales of securities and give security purchase and sale orders to brokers or any other third parties, and the exercise of such power and authority shall be deemed to be authorized by and to represent the decision of the Creditor Trustee then entitled to make such decision.

       4.11    Maintenance of Register.  The Creditor Trustee shall at all times maintain or cause to be maintained a register of the names, addresses, and amount of the Beneficiaries.

       4.12    Liability of Creditor Trustee.

       (a)    Liability; Indemnification.  The Creditor Trustee, the Trust Professionals, Post-Effective Date Debtor Representatives, and the Creditor Trustee's agents and representatives shall not in any way be liable for any acts or omissions to act except by reason of their bad faith, gross negligence, willful misconduct, reckless disregard of duty, self-dealing, fraud, or a criminal act in the performance of their duties under the Plan, Confirmation Order, or this Agreement, including by any of the foregoing, if applicable, in their role as Disbursing Agent under the Plan, in each case as determined by a final non-appealable court order from a court of competent jurisdiction.  The Creditor Trust shall indemnify the Creditor Trustee, the Trust Professionals, Post-Effective Date Debtor Representatives, and the Creditor Trustee's agents and representatives and hold them harmless from and against any and all liabilities, expenses, claims, damages and losses incurred by them as a result of actions taken or omissions to act by them in such capacity or otherwise related to this Agreement or the Creditor Trust; *provided, however*, the Creditor Trustee, the Trust Professionals, Post-Effective Date Debtor Representatives, and the Creditor Trustee's agents and representatives shall not be entitled to indemnification if such liabilities, expenses, claims, damages and losses were incurred by reason of such parties' bad faith, gross negligence, willful misconduct, reckless disregard of duty, self-dealing, fraud, or a criminal act in the performance of their duties under the Plan, Confirmation Order, or this Agreement, in each case as determined by a final non-appealable court order from a court of competent jurisdiction.  The Creditor Trust shall indemnify and hold harmless any Entity who was, or is, a party, or is threatened to be made a party, to any pending or contemplated action, suit or proceeding, whether civil, criminal, administrative or investigative,

by reason of the fact that such Entity is or was the Creditor Trustee, a Trust Professional, the Post-Effective Date Debtors, the Post-Effective Date Debtor Representatives, and the Creditor Trustee's agent or representative, against all costs, expenses, judgments, fines and amounts paid in settlement actually and reasonably incurred by such Entity in connection with such action, suit or proceeding, or the defense or settlement of any claim, issue or matter therein, to the fullest extent permitted by applicable law, except if such costs and expenses, judgments, fines or amounts paid in settlement are found in a final, non-appealable judgment by a court of competent jurisdiction to have resulted from such parties' bad faith, gross negligence, reckless disregard of duty, criminal acts, willful misconduct, self-dealing, or fraud. Costs or expenses incurred by any Entity entitled to the benefit of the provisions of this Section 4.12 in defending any such action, suit or proceeding may be paid by the Creditor Trust incurred and advance of the institution or final disposition of such action, suit or proceeding, if authorized by the Creditor Trustee, subject to providing an undertaking to repay all such advanced amounts if it is subsequently determined that such Entity is not entitled to indemnification under this Section 4.12. Any dispute regarding such indemnification of the Creditor Trustee, the Trust Professionals, Post-Effective Date Debtor Representatives, and the Creditor Trustee's agents and representatives shall be resolved only by the Bankruptcy Court, which shall retain jurisdiction over matters relating to the indemnification provided under this Section 4.12. The Creditor Trustee may in his business judgment purchase and maintain insurance on behalf of any Entity who is or was a beneficiary of this provision. Promptly after receipt by an indemnified party or parties (the "Indemnified Party") of notice of any claim, or notice of commencement of any action, suit, or proceeding by an Entity other than the Creditor Trustee, in respect of which the Indemnified Party may seek indemnification from the Creditor Trust pursuant to this Section 4.12, the Indemnified Party, if not the Creditor Trust, shall notify the Creditor Trustee of such claim, action, suit or proceeding and shall thereafter promptly convey all further communications and information in respect thereof to the Creditor Trustee. If the Indemnified Party is the Creditor Trustee, the Creditor Trustee shall notify the Bankruptcy Court of such claim, action, suit, or proceeding and shall thereafter promptly convey all further communications and information in respect thereof to the Bankruptcy Court. The Creditor Trustee shall, if it so elects, have sole control at the expense of the Creditor Trust over the contest, settlement, adjustment, or compromise of any claim, action, suit, or proceeding in respect of which this Section 4.12 requires that the Creditor Trust indemnify the Indemnified Party. If the Creditor Trustee is the Indemnified Party, he shall obtain the written approval of Bankruptcy Court before settling, adjusting, or compromising any claim, action suit, or proceeding in respect of which this Section 4.12 requires that the Creditor Trust indemnify the Indemnified Party. The Indemnified Party shall cooperate with the reasonable requests of the Creditor Trustee in connection with such contest, settlement, adjustment, or compromises, provided that (a) the Indemnified Party (if not the Creditor Trustee) may, if it so elects, employ counsel at its own expense to assist in (but not control) the handling of such claim, action, suit, or proceeding, (b) the Creditor Trustee shall obtain the prior written approval of the Indemnified Party before entering into any settlement, adjustment, or compromise of such claim, action, suit, or proceeding, or ceasing to defend against such claim, action, suit, or proceeding, if pursuant thereto, or as a result thereof, injunction or other relief would be imposed upon the Indemnified Party, and (c) the Indemnified Party shall obtain the prior written approval of the Creditor Trustee, or, if the Creditor Trustee is the Indemnified Party, the prior written approval of the Bankruptcy Court, before entering into any settlement, adjustment or compromise of such claim, action, suit, or proceeding, or ceasing to defend against such claim, action, suit, or proceeding,

and no such settlement, adjustment, or compromise shall be binding on the Creditor Trust without such approval. Any payment to an Indemnified Party arising pursuant to this Section 4.12 shall be paid from any portion of the Creditor Trust Assets reduced to Cash.

(b)     No Liability for Acts of Predecessor.  No successor Creditor Trustee shall be in any way responsible for the acts or omissions of any Creditor Trustee in office prior to the date on which such person becomes a Creditor Trustee, nor shall it be obligated to inquire into the validity or propriety of any such act or omission, unless such successor Creditor Trustee expressly assumes such responsibility.  Any successor Creditor Trustee shall be entitled to accept as conclusive any final accounting and statement of the Creditor Trust Assets furnished to such successor Creditor Trustee by such predecessor Creditor Trustee and shall further be responsible only for those Creditor Trust Assets included in such statement.

(c)     No Implied Obligations.  The Creditor Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, in the Plan and Confirmation Order, and no other or further covenants or obligations shall be implied into this Agreement.  The Creditor Trustee shall not be responsible in any manner whatsoever for the correctness of any recitals, statements, representations, or warranties herein or in any documents or instrument evidencing or otherwise constituting a part of the Creditor Trust Assets.  The Creditor Trustee makes no representations as to the value of the Creditor Trust Assets or any part thereof, nor as to the validity, execution, enforceability, legality, or sufficiency of this Agreement; and the Creditor Trustee shall incur no liability or responsibility with respect to any such matters.

(d)     Reliance by Creditor Trustee on Documents or Advice of Counsel or Other Entities.  Except as otherwise provided herein, the Creditor Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, and other paper or document reasonably believed to be genuine and to have been signed or presented by the proper party or parties, and shall have no liability or responsibility with respect to the form, execution, or validity thereof.  None of the provisions hereof shall require the Creditor Trustee to expend or risk his own funds or otherwise incur financial liability or expense in the performance of any duties hereunder.

(e)     Exculpation.  No Holder of a Claim or Interest or any other party in interest will have, or otherwise pursue, any claim or cause of action against the Creditor Trustee, the Creditor Trust, the Trust Professionals, the Post-Effective Date Debtor Representatives, the Post-Effective Date Debtors, or the Creditor Trustee's agents and representatives, for making payments and Distributions in accordance with this Agreement or for fulfilling any functions incidental to implementing the provisions of the Plan or the Creditor Trust Agreement, including by any of the foregoing in their role as Disbursing Agent, if applicable, except for any acts or omissions to act that are the result of bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud, or self-dealing, in each case as determined by a final non-appealable court order from a court of competent jurisdiction.

(f)     No Personal Obligation for Debtor's Liabilities.  Beneficiaries or other persons dealing with the Creditor Trustee in his capacity as Creditor Trustee within the scope of this Agreement shall look solely to the Creditor Trust Assets to satisfy any liability incurred by

the Creditor Trustee to such person in carrying out the terms of this Agreement, and the Creditor Trustee shall have no personal or individual obligation to satisfy any such liability.

4.13    <u>Establishment of Trust Accounts</u>.  The Creditor Trustee shall establish or cause to be established and maintained any accounts needed in connection with carrying out the purposes of the Creditor Trust (the "<u>Trust Account</u>").  Such accounts shall be maintained only at FDIC insured financial institutions and shall bear a designation clearly indicating that the funds deposited therein are held for the benefit of the Creditor Trust.

4.14    <u>Investment of Cash</u>.  Cash in the Trust Accounts and any other amounts contemplated by this Agreement shall be maintained in United States dollars or shall be invested by the Creditor Trustee in (a) direct obligations of, or obligations guaranteed by, the United States of America, including Government Money Market Funds, (b) obligations of any agency or corporation that is or may hereafter be created by or pursuant to an act of Congress of the United States of America as an agency or instrumentality thereof, or (c) such other obligations or instruments as may from time to time be permitted under section 345 of the Bankruptcy Code; <u>provided that</u> the Creditor Trustee may, to the extent necessary to implement the provisions of the Plan and this Agreement, deposit moneys in demand deposits, time accounts or checking accounts at any banking institution or trust company having combined capital stock and surplus in excess of $100,000,000 based upon its most recently available audited financial statements, regardless of whether such investments and deposits are insured or as otherwise provided in Section 4.13 above.  Such investments shall mature in such amounts and at such times as the Creditor Trustee, in his business judgment, shall deem appropriate to provide funds when needed to transfer funds in accordance with the Plan and Confirmation Order, make payments to the Trust Accounts or make Distributions in accordance with this Agreement and the Plan and Confirmation Order.  The Creditor Trust may not retain cash or cash equivalents in excess of a reasonable amount as determined by the Creditor Trustee in its sole discretion needed to satisfy Claims and contingent liabilities or to maintain the value of the Creditor Trust Assets in liquidation or maintain or fund an adequate and sufficient reserve.  Notwithstanding anything to the contrary herein, the scope of any such investment shall be limited to include only those investments that a liquidating trust, within the meaning of Treasury Regulations Section 301.7701-4(d), may be permitted to hold, pursuant to Section 3.09 of Internal Revenue Service Revenue Procedure 94-45 or the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise.  For the avoidance of doubt, notwithstanding any permissions or obligations (in either case, whether express or implied) under section 345 of the Bankruptcy Code, the Creditor Trustee shall have no duty or obligation to invest any of the Creditor Trust Assets, and failure to invest any such assets shall not constitute a breach of duty on behalf of the Creditor Trust or the Creditor Trustee.

4.15    <u>Tax Returns</u>.

(a)    From and after the Effective Date, to the extent required, the Creditor Trustee shall be responsible for the preparation and filing of any and all federal and state tax returns or other filings as required by law to be filed on behalf of the Creditor Trust.  Such returns filed on behalf of the Creditor Trust shall be consistent with the treatment of the Creditor Trust as a liquidating trust within the meaning of Treasury Regulations Section 301.7701-4(d) that is a grantor trust pursuant to Treasury Regulations Section 1.671-4(a) (other than with

respect to the Disputed Ownership Fund, which shall be consistent with the treatment of the Disputed Ownership Fund as a "disputed ownership fund" within the meaning of Treasury Regulations Section 1.468B-9), and to the extent permitted by applicable law, report consistently with the foregoing for state and local income tax purposes.

(b)     Allocations of Creditor Trust taxable income among the Beneficiaries of the Creditor Trust, as set forth in the Plan (including any taxable income in respect of a reserve established for disputed claims, other than taxable income allocable to the Disputed Ownership Fund) shall be determined by reference to the manner in which an amount of Cash representing such taxable income would be distributed (were such Cash permitted to be distributed at such time) if, immediately prior to such deemed distribution, the Creditor Trust had distributed all its assets (valued at their tax book value, and other than assets allocable to the Disputed Ownership Fund) to the holders of the applicable Creditor Trust Interests, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Creditor Trust. Similarly, taxable loss of the Creditor Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating distribution of the remaining Creditor Trust Assets.  The tax book value of the Creditor Trust Assets for purposes of this Section 4.15(b) shall equal their fair market value on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the Internal Revenue Code of 1986, as amended, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

4.16   Compensation for Creditor Trustee.  The Creditor Trustee shall be paid fair and reasonable compensation for services rendered on behalf of the Creditor Trust, to the extent such services are consistent with this Agreement.  The terms of the compensation of the Creditor Trustee shall be as set forth on **Exhibit C** hereto.  Any change in compensation set forth in **Exhibit C** is void and without effect unless such change in compensation is requested by motion to the Bankruptcy Court, on appropriate notice, and approved by a Final Order of the Bankruptcy Court. The Creditor Trustee shall be entitled to reasonable and actual out-of-pocket expenses, to be paid monthly from the Creditor Trust Assets, pursuant to Sections 4.17 and 4.18 and related provisions of this Agreement.

4.17   Reimbursements.   The Creditor Trustee, any agents or consultants employed pursuant to this Agreement, and Trust Professionals shall be reimbursed from the Creditor Trust Assets for all reasonable out-of-pocket expenses incurred in the performance of their duties hereunder in addition to any compensation received pursuant to Section 4.18 and related provisions of this Agreement.

4.18   Reimbursement of the Creditor Trustee's and Trust Professionals' Fees and Expenses.  Pursuant to the terms of the Plan, Confirmation Order, and this Agreement, the Creditor Trustee may pay from the Creditor Trust Assets all reasonable fees and expenses incurred in connection with the duties and actions of the Creditor Trustee, including, but not limited to, fees and expenses of any Trust Professionals retained under this Agreement and fees and expenses to pay insurance, taxes and other expenses arising in the ordinary course of business in maintaining, liquidating, disposing of, and distributing the Creditor Trust Assets and compensation to the Creditor Trustee.  The Creditor Trustee may pay or reimburse all

compensation, fees, and expenses of the Creditor Trust authorized under this Agreement without need for further approval by the Bankruptcy Court.

ARTICLE V

**Beneficiaries**

5.1     Identification of Beneficiaries.    The Creditor Trust is created for the benefit of each Holder of a Claim entitling such Holder to a Creditor Trust Interest, as set forth in the Plan, fixed as of the date of entry of the Confirmation Order, to the extent such Claim entitling such Holder to a Creditor Trust Interest is determined to be an Allowed Claim (the "Beneficiaries"). For the avoidance of doubt, Holders of Allowed First Tier Claims are not Beneficiaries hereunder, but shall be paid by the Creditor Trust to the extent such Allowed Claims have not been satisfied in full on or before the Effective Date.  The Beneficiaries shall each have an undivided beneficial interest, as provided in the Plan, in the assets of the Creditor Trust (a "Beneficial Interest").  All Distributions shall be made in accordance with the terms of the Plan, the Confirmation Order and this Agreement.

5.2     Rights of Beneficiaries.  Each Beneficiary shall be entitled to participate in the rights due to a Beneficiary hereunder.  Each Beneficiary shall take and hold its Beneficial Interest subject to all in the terms and provisions of this Agreement and the Plan.  The Beneficial Interests shall not be certificated.  No Beneficiary shall have legal title to any part of the Creditor Trust Assets.  The interest of a Beneficiary is in all respects personal property, and upon the death, insolvency or incapacity of an individual Beneficiary, such Beneficiary's Beneficial Interest shall pass to the legal representative of such Beneficiary.  A Beneficiary shall have no title to, or any right to possess, manage or control, the Creditor Trust Assets, or any portion thereof or interest therein, except as expressly provided herein.  No surviving spouse, heir, or devisee of any deceased Beneficiary shall have any right of dower, homestead or inheritance, or of partition, or any other right, statutory or otherwise, in the Creditor Trust Assets, but the whole title to all the Creditor Trust Assets shall be vested in the Creditor Trustee and the sole interest of the Beneficiaries shall be the rights and benefits provided to such persons under this Agreement and the Plan.

5.3     Transferability.  Interests in the Creditor Trust shall not be transferred or assigned by a Holder of a Creditor Trust Interest except by will, intestate succession or operation of law; *provided, however*, that a Holder of such Creditor Trust Interest may abandon such Creditor Trust Interest back to the Creditor Trust at its sole discretion.

ARTICLE VI

**Distributions**

6.1     Distributions under the Plan.  Subject to the terms of the Plan and the Confirmation Order, Distributions by the Creditor Trust under the Plan shall be made as follows:

(a)     First, the Creditor Trust, through or as the Disbursing Agent, as applicable, will make Distributions to Holders of Allowed First Tier Claims, to the extent that

such Claims have not been paid in full on or prior to the Effective Date or otherwise in accordance with the Plan.

(b)    After making the Distributions to Holders of Allowed First Tier Claims, as contemplated by Section 6.1(a), the Creditor Trust, through or as the Disbursing Agent, as applicable, will make Distributions to Holders of Claims entitling such Holder to Creditor Trust Interests that are Allowed on and after the Effective Date, to the extent that such Claims have not been paid in full on or prior to the Effective Date or otherwise in accordance with the Plan. Except as otherwise provided by the Plan and Confirmation Order, or this Agreement, the Creditor Trust is required to distribute at least annually (or more frequently as the Creditor Trustee may determine, in his sole discretion) to the Beneficiaries its net income plus all net proceeds from the sale or other disposition of Creditor Trust Assets, except that the Creditor Trust may retain an amount of net proceeds or net income, as determined by the Creditor Trustee in its reasonable business judgment, as reasonably necessary to maintain the value of its assets or to satisfy Claims and contingent liabilities (including disputed Claims), within the meaning of Internal Revenue Service Revenue Procedure 94-45.

(c)    The Creditor Trust will make the Distributions described in Section 6.1(b) either from such accounts or reserves as the Creditor Trustee, in his business judgment, may determine to establish in accordance with the provisions of the Plan and this Agreement.

(d)    The Creditor Trust will make Distributions from the Creditor Trust Assets to Beneficiaries in accordance with each Beneficiary's Pro Rata share of the GUC Cash Distribution Amount, and in accordance with the terms of the Plan.

(e)    Distributions to be made by the Creditor Trust may be made by any Person(s) designated or retained by the Creditor Trust to serve as the Disbursing Agent(s) without the need for any further order of the Bankruptcy Court, in accordance with the terms of the Plan.

(f)    The Creditor Trustee shall be authorized, in his business judgment, to delay Distributions to holders of Beneficial Interests or otherwise determine reasonable distribution dates for such holders, including, without limitation, based upon the status and progress of the liquidation of Creditor Trust Assets, the total number of and/or asserted amounts of Disputed Claims, and any other relevant factors.

6.2    Reserved.

6.3    Distributions on Account of Disputed Claims.    Except as otherwise provided in a Final Order or as agreed by the relevant parties, Distributions on account of Disputed Claims that become Allowed Claims after the Effective Date will be made by the Creditor Trust at such periodic intervals as the Creditor Trustee determines, in its sole discretion, to be reasonably prudent.

6.4    No Distributions Pending Allowance.    Except as provided otherwise in the Plan: (a) no distribution will be made with respect to any Disputed Claim until such Claim becomes an Allowed Claim, and (b) unless determined otherwise by the Creditor Trustee, no

Distribution will be made to any person that holds both (i) an Allowed Claim and (ii) a Disputed Claim until such person's Disputed Claims have been resolved by settlement or Final Order.

6.5     Objection Deadline.   The Creditor Trustee will file all Objections to Disputed Claims, will file all motions to estimate such Claims under section 502(c) of the Bankruptcy Code, on or before the applicable Claims Objection Deadline: provided, however, that the Creditor Trustee may request that the Bankruptcy Court extend the Claims Objection Deadline one or more times with respect to any or all of such Disputed Claims.

6.6     Disputed Claims Reserves.   On and after the Effective Date, the Creditor Trust may maintain Disputed Claims Reserves, including Disputed Ownership Fund (as defined in Section 3.7), with such Cash as the Creditor Trustee estimates to be reasonably necessary to satisfy the distributions that could be required to be made under the Plan (the "Disputed Claims Reserve").   The Disputed Claims Reserves are separate and distinct from any other reserve required to be established by the Plan or this Agreement.   The Creditor Trust may maintain separate Disputed Claims Reserves with respect to different classes of Disputed Claims. Notwithstanding any other term of this Agreement or the Plan, in the event the Creditor Trust establishes Disputed Claims Reserves that the Creditor Trust estimates to be reasonably necessary to satisfy the Distributions that could be required to be made by the Creditor Trust on account of Allowed Claims, then the remaining Cash held by the Creditor Trust shall be available for distribution to Holders of Allowed General Unsecured Claims.

6.7     Settling Disputed Claims.   Subject to Section 4.6 herein, the Creditor Trustee is authorized to settle, or withdraw any Objections to, any Disputed Claims following the Effective Date without need for approval of the Bankruptcy Court.

6.8     Distributions in Cash.   The Creditor Trustee will make any required Cash payments to Beneficiaries or otherwise under this Agreement by a check or wire transfer (including via ACH) or as otherwise required or provided in applicable agreements or customary practices of the Debtors or the Creditor Trust, as applicable.

6.9     Unclaimed Distributions.    All unclaimed property with respect to Distributions made to Beneficiaries will revert to the Creditor Trust free of any restrictions in accordance with the Plan and the Confirmation Order, the Bankruptcy Code or the Bankruptcy Rules.   Upon forfeiture, the Beneficiary with respect to such funds will be forever barred against the Creditor Trust, the Debtors, and the Estates, notwithstanding any federal or state escheat laws to the contrary, and such Beneficiary will have no claim whatsoever against the Creditor Trust, the Debtors, the Estates, or any holder of a Creditor Trust Interest to whom distributions are made by the Creditor Trust.

6.10    Setoff.   Nothing contained in the Plan shall constitute a waiver or release by the Creditor Trust of any right of setoff or recoupment the Estates, the Creditor Trust, or Debtors may have against any creditor.   To the extent permitted by the Plan and applicable law, the Creditor Trustee may, but is not required to, set off or recoup against any Claim and the payments or other distributions to be made under the Plan in respect of such Claim, claims of any nature whatsoever that arose before the Petition Date that the Estates or the Creditor Trust may have against the Holder of such Claim.

6.11    Taxes.  Pursuant to section 346(f) of the Bankruptcy Code, the Creditor Trustee will be entitled to deduct and withhold any federal, state, or local taxes from any payments made with respect to Beneficiaries, as appropriate.  All Beneficiaries holding Claims shall be required to provide any information requested by the Creditor Trustee that is necessary to effect the withholding of such taxes.  All such amounts withheld shall be treated as amounts distributed to such Holder for all purposes of this Agreement.  The Creditor Trustee will be authorized to take all actions necessary to comply with applicable withholding and recording requirements.  If any Holder fails to provide the information necessary to comply with any withholding requirements of any governmental unit within sixty (60) days from the date of first notification to the Holder of the need for such information or for the Cash necessary to comply with any applicable withholding requirements, then such Holder's Distribution shall be treated as unclaimed property in accordance with the Plan or the Confirmation Order or the amount required to be withheld (which may be increased as a result of a Holder's failure to cooperate in providing the requested information or documentation) may be so withheld and turned over to the applicable authority.  Notwithstanding any provision of the Plan, each Holder that has received a distribution of Cash under the Plan will have sole and exclusive responsibility for the satisfaction or payment of any tax obligation imposed by any governmental unit, including income, withholding and other tax obligation, on account of such distribution.  For tax purposes, (a) Distributions received in respect of any Allowed Claim will be allocated first to the principal amount of such Claim, with any excess allocated to unpaid accrued interest, and (b) the Creditor Trust shall treat any Holder of a wage-related Claim as "single with no deductions," irrespective of any prior or current designation on the books and records of the Debtors.

6.12    Legal Proceedings.  If any Retained Causes of Action are asserted and if claims or any other legal proceedings are initiated or prosecuted against any creditor pursuant to the Plan, Confirmation Order, or this Agreement, or asserted as an Objection to any Claim, then notwithstanding anything to the contrary contained in the Plan or Confirmation Order, until such proceeding or contested matter is finally resolved and all payments to the Estates required by such resolution have been made, such creditor shall only receive Distributions under the Plan or Confirmation Order to the extent that the Distributions to which such creditor is otherwise entitled exceed the maximum liability of such creditor to the Estates asserted in such proceedings.

6.13    De Minimis Distributions.  If any interim Distribution under the Plan would be less than $100.00, the Creditor Trustee may withhold such Distribution until a final Distribution is made to such Holder.

6.14    Abandonment.  Notwithstanding anything to the contrary in the Plan or the Confirmation Order, if in the Creditor Trustee's business judgment, any Creditor Trust Assets cannot be sold or distributed in a commercially reasonable manner or the Creditor Trustee believes in good faith that such property has inconsequential value to the Creditor Trust or its Beneficiaries or determines to be too impractical to distribute to Beneficiaries, the Creditor Trustee shall have the right to cause the Creditor Trust to abandon or otherwise dispose of such property, including by donation of such property to a charity.

6.15    Delivery of Distributions.  Subject to Bankruptcy Rule 9010, and except as set forth in the Plan or the Confirmation Order, all Distributions from the Creditor Trust

Assets to Holders of Allowed Claims shall be made to the Holder of each Allowed Claim at the address of such Holder as listed on the Schedules as of the Distribution Record Date, unless the Creditor Trustee has been notified in writing of a change of address, including, without limitation, by the timely filing of a proof of claim by such Holder that provides an address for such Holder different from the address reflected on the Schedules.  In the event that any Distribution to any Holder is returned as undeliverable, the Disbursing Agent shall use reasonable efforts to locate the Holder of an Allowed Claim whose Distribution is returned as undeliverable.  If such reasonable efforts are not successful, no further Distributions should be made unless and until the Creditor Trustee is notified in writing of the then-current address of such Holder, at which time such Distribution shall be made to such Holder without interest; *provided, however*, such Distribution shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of ninety (90) days from the date the such Distribution is made.  After such date, all unclaimed property or interests in property shall revert (notwithstanding any applicable federal or state escheat, abandoned, or unclaimed property laws to the contrary) to the Creditor Trust automatically and without need for a further order by the Bankruptcy Court for distribution in accordance with the Plan and the Confirmation Order, and the Claim of any such Holder to such property or interest in property shall be released, settled, compromised, and forever barred.

      6.16   No Distribution in Excess of Amount of Allowed Claim. Notwithstanding anything to the contrary in the Plan, no Holder of an Allowed Claim entitling such Holder to a Creditor Trust Interest shall receive, on account of such Allowed Claim, Distributions in excess of the Allowed amount of such Claim.

ARTICLE VII

**Removal or Resignation of the Creditor Trustee**

      7.1   Removal of the Creditor Trustee.    The Creditor Trustee appointed pursuant to the Plan, Confirmation Order and this Agreement may be removed for "cause" upon order of the Bankruptcy Court after notice and opportunity for a hearing.  For purposes of this Agreement, the term "cause" shall mean (a) the Creditor Trustee's gross negligence, criminal acts, bad faith, self-dealing, reckless disregard of duty, fraud, willful misconduct or willful failure to perform his duties under the Plan, the Confirmation Order and this Agreement, in each case as finally determined by a court order from a court of competent jurisdiction or (b) the Creditor Trustee's misappropriation or embezzlement of any Creditor Trust Assets or the proceeds thereof as finally determined by a court order from a court of competent jurisdiction.  If a Creditor Trustee is removed for cause, such Creditor Trustee shall not be entitled to any accrued but unpaid fees, reimbursements or other compensation under this Agreement or otherwise.  If the Creditor Trustee is removed by the Bankruptcy Court other than for "cause", or is unwilling or unable to serve (a) by virtue of his inability to perform his duties under this Agreement due to death, illness, or other physical or mental disability, or (b) for any other reason whatsoever other than for "cause," subject to a final accounting, the Creditor Trustee shall be entitled to all accrued and unpaid fees, reimbursement, and other compensation, to the extent incurred or arising or relating to events occurring before such removal, and to any out-of-pocket expenses reasonably incurred in connection with the transfer of all powers and duties and all rights to any successor Creditor Trustee.

7.2     Resignation of the Creditor Trustee.  The Creditor Trustee may resign as Creditor Trustee at any time by giving thirty (30) calendar days prior written notice thereof (the "Notice Period") to the Bankruptcy Court, all Beneficiaries, and any post-Confirmation service list (the "Notice"); *provided, however*, that such resignation shall only become effective upon (a) the appointment of a successor Creditor Trustee, who shall be identified and recommended by the resigning Creditor Trustee in the Notice, which Notice shall also include an affidavit of disinterestedness and an engagement letter setting forth proposed terms of engagement of the successor Creditor Trustee that are consistent with this Agreement, the Plan, and Confirmation Order, or (b) entry of order of the Bankruptcy Court authorizing such resignation.  Beneficiaries of the Creditor Trust, as well as the United States Trustee for Region 3, shall have standing to object to the proposed successor Creditor Trustee within the Notice Period, and Beneficiaries shall also have standing to propose alternative recommendations for successor Creditor Trustee within the Notice Period, provided that, such alternative recommendations shall satisfy the requirements set forth herein and comply in all respects with this Agreement, the Plan, and the Confirmation Order.  If the Creditor Trustee resigns from his position hereunder, subject to a final accounting, he shall be entitled to all accrued unpaid fees, reimbursement, and other compensation to the extent incurred or arising or relating to events occurring before such resignation, and any fees and out-of-pocket expenses reasonably incurred in connection with the transfer of all powers and duties to the successor Creditor Trustee.

7.3     Successor to the Creditor Trustee.  In the event of the resignation, removal or death of the Creditor Trustee, and upon request and proper notice by the resigning Creditor Trustee or a Beneficiary, as applicable, the Bankruptcy Court may designate a disinterested person to serve as the successor Creditor Trustee.  Within three (3) business days of such designation by the Bankruptcy Court, the successor Creditor Trustee shall execute and file (a) an affidavit of disinterestedness; and (b) an engagement letter setting forth proposed terms of engagement that are consistent with this Agreement, the Plan, and Confirmation Order. Thereupon, the successor Creditor Trustee, without any further act, will become fully vested with all of the rights, powers, duties, and obligations of his or her predecessor.

## ARTICLE VIII

### Effect of the Agreement on Third Parties

8.1     There is no obligation on the part of any person dealing with the Estates, the Debtors, the Creditor Trustee, or the Trust Professionals, to see to the application of the money or other consideration paid or delivered to the Creditor Trustee, or any agent of the Creditor Trustee, or to inquire into the validity, expediency, or propriety of any such transaction, or the authority of the Creditor Trustee, or any agent of the Creditor Trustee, to enter into or consummate the same, except upon such terms as the Creditor Trustee may deem advisable.

## ARTICLE IX

### Waiver

9.1     No failure or delay of any Party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver by such Party of any

right or remedy pursuant thereto.  Resort to one form of remedy shall not constitute a waiver of alternative remedies.

## ARTICLE X

### Termination of the Agreement and Amendment

10.1    Termination of the Agreement.  This Agreement (other than Section 4.12, 4.18 and related provisions) shall terminate and the Creditor Trust shall dissolve and terminate and be of no further force or effect upon the earlier to occur of (a) the final Distribution of all monies and other Creditor Trust Assets in accordance with the terms of this Agreement, the Plan and Confirmation Order; and (b) entry of a Final Order of the Bankruptcy Court terminating and dissolving the Creditor Trust as provided under the terms of this Agreement and the Plan.  The Creditor Trust will terminate no later than the fifth (5th) anniversary of the Effective Date, *provided, however*, that, on or prior to such termination, the Bankruptcy Court, upon motion by the Creditor Trustee, may within six (6) months of the beginning of such extended term, extend the term of the Creditor Trust for a fixed period if it is necessary to facilitate or complete the liquidation and Distribution of the Creditor Trust Assets, *provided further, however*, that the aggregate of all such extensions shall not exceed three (3) years (i.e. for a maximum total of eight (8) years from the Effective Date), unless the Creditor Trustee receives a favorable ruling from the Internal Revenue Service that any further extension would not adversely affect the status of the Creditor Trust as a grantor trust for federal income tax purposes.  The Creditor Trustee will not unduly prolong the duration of the Creditor Trust and will at all times endeavor to resolve, settle or otherwise dispose of all Disputed Claims and all Creditor Trust Assets, to effect distributions to Beneficiaries in accordance with the terms hereof, the Plan and Confirmation Order and to terminate the Creditor Trust as soon as practicable in a prompt and timely fashion.

10.2    Powers Upon Termination of Creditor Trust.  Upon termination of the Creditor Trust, and solely for the purpose of liquidating and winding up the affairs of the Creditor Trust, the Creditor Trustee shall continue to act as such until his duties under this Agreement have been fully performed or its role as Creditor Trustee is otherwise terminated under this Agreement.  Upon motion by the Creditor Trustee, the Bankruptcy Court may enter an order relieving the Creditor Trustee, and the Creditor Trustee's agents and employees, of any further duties, discharging the Creditor Trustee, notwithstanding the preceding sentence.

10.3    Amendment of the Agreement.  Except as otherwise set forth herein, any provisions of this Agreement may be amended, modified, terminated, revoked, or altered only pursuant to an Order of the Bankruptcy Court.  Notwithstanding this Section 10.3, any amendments to this Agreement shall not be inconsistent with the purpose and intention of the Creditor Trust to liquidate in an expeditious but orderly manner the Creditor Trust Assets in accordance with Treasury Regulations Section 301.7701-4(d) and this Agreement. Notwithstanding the foregoing, this Agreement may be amended by the Parties hereto to correct any obvious error or technical defect without further approval of the Bankruptcy Court.

# ARTICLE XI

## Miscellaneous

11.1    <u>Intention of Parties to Establish the Creditor Trust</u>.  This Agreement is not intended to create, and shall not be interpreted as creating, an association, partnership or joint venture of any kind.  It is intended as a trust to be governed and construed in all respects as a trust.

11.2    <u>Filing Documents</u>.  A copy of this Agreement and all amendments thereof shall be maintained in an office or residence of the Creditor Trustee and shall be available for inspection upon reasonable written request provided to the Creditor Trustee seeking such inspection.

11.3    <u>Books and Records</u>.

(a)    On the Effective Date, the Post-Effective Date Debtors shall provide to the Creditor Trust the Books and Records, or copies thereof, in the Post-Effective Date Debtors' possession, custody, or control, relating to Claims and Retained Causes of Action, as set forth in the Plan and this Agreement.

(b)    By no later than the Effective Date, the Debtors shall instruct any third parties or professionals possessing any Books and Records, to permit access to such Books and Records as may be reasonably requested by the Creditor Trustee, *provided* that the Creditor Trustee shall only request such Books and Records or access thereto to the extent reasonably necessary to the Creditor Trustee's performance of its duties hereunder, and *provided, further*, that the out-of-pocket expenses of complying with any such request shall be borne by the party upon whom the request is made, absent agreement to the contrary or unless otherwise provided in the Sale Documents.

(c)    The Creditor Trust will maintain reasonably good and sufficient books and records in respect to matters related to the Creditor Trust Functions. The Creditor Trustee may, without Bankruptcy Court approval, destroy any documents that each believes are no longer required to effectuate the terms and conditions of the Plan. Upon the entry of a final decree closing the Chapter 11 Cases, unless otherwise ordered by the Bankruptcy Court, the Creditor Trustee may destroy or otherwise dispose of all records maintained by them.

11.4    <u>Tax Identification Numbers</u>.  The Creditor Trustee may require any Beneficiary to furnish to the Creditor Trustee, (i) its employer or taxpayer identification number as assigned by the Internal Revenue Service, and (ii) such other information, records or documents necessary to satisfy the Creditor Trustee's tax reporting obligations (including certificates of non-foreign status).  The Creditor Trustee may condition the payment of any Distribution to any Beneficiary upon receipt of such identification number and requested documents.

11.5    <u>U.S. Trustee Fees and Post-Confirmation Reports</u>.  After the Effective Date, the Creditor Trust shall pay any U.S. Trustee Fees due for the post-Effective Date period in

accordance with the Plan, and any such fees shall be paid until entry of a final decree or an order converting or dismissing the Chapter 11 Cases (either individually or collectively).  After the Effective Date, the Creditor Trustee will file post-confirmation status reports with respect to the Creditor Trust in the form of a post-confirmation operating report acceptable to the U.S. Trustee, on a quarterly basis up to the entry of a final decree closing the Chapter 11 Cases or termination of the Creditor Trust, whichever occurs first.

11.6    Privilege.

(a)    Subject to the terms of the Plan and solely with respect to the Creditor Trust Functions, the Debtors' rights to privilege and privileged communications with any party as of the Effective Date (the "Privilege Counterparty"), including but not limited to corporate privileges, confidential information, attorney-client privilege, work product doctrine protections or other privileges or immunities inuring to the benefit of the Debtors or attaching to documents or communications of the Debtors (whether electronic or hard copy), shall be transferred to the Creditor Trust and shall be shared between the Creditor Trustee and the Debtors.  Upon notice to the Post-Effective Date Debtor Representative and the Privilege Counterparty and a reasonable opportunity to object, the Creditor Trustee is authorized to assert or waive any such privilege or doctrine, as necessary or appropriate for the administration of the Creditor Trust, and such information request shall be made solely for the purpose of carrying out the Creditor Trustee's duties hereunder, that the Creditor Trustee shall act in good faith and shall use his best efforts to tailor as narrowly as possible any request so as not to be unduly invasive or burdensome to the professional upon whom the request is made.

(b)    All of the Committee's privileges, including, but not limited to, corporate privileges, confidential information, work product protections, attorney-client privileges, and other immunities or protections relating to the Retained Causes of Action shall be vested in the Creditor Trust as applicable without waiver, limitation or release on the Effective Date.

11.7    Valuation of the Creditor Trust Assets.  After the Effective Date, but in no event later than the due date for timely filing of the Creditor Trust's first federal income tax return (taking into account applicable tax filing extensions), the Creditor Trustee shall (i) determine the fair market value of the Creditor Trust Assets as of the Effective Date, based on the Creditor Trustee's good faith determination (in conjunction with guidance provided by Trust Professionals, if any); and (ii) establish appropriate means to apprise the Beneficiaries of such valuation; provided, however, that no such valuation will be required if the Creditor Trustee elects to treat the Creditor Trust and/or all of the Creditor Trust Assets as a Disputed Ownership Fund. The valuation, if established pursuant to the terms of this Section 11.7, shall be used consistently by all Parties (including, without limitation, the Debtors, the Creditor Trust, the Creditor Trustee, and the Beneficiaries) for all federal income tax purposes.

11.8    Governing Law.  THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF DELAWARE, WITHOUT REFERENCE TO ITS CONFLICT OF LAW PROVISIONS, AND THE OBLIGATIONS, RIGHTS AND REMEDIES OF THE PARTIES HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH SUCH LAWS.

11.9    <u>Severability</u>.    If any one or more of the provisions herein, or the application thereof in any circumstances, is held invalid, illegal or unenforceable in any respect for any reason, the validity, legality and enforceability of any such provision in every other respect, and of the remaining provisions, shall not be in any way impaired or affected.  In such event, there shall be added as part of this Agreement a provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible and be legal, valid and enforceable.  The effective date of the added provision shall be the date upon which the prior provision was held to be invalid, illegal or unenforceable.

11.10    <u>Entire Agreement</u>.  This Agreement (including the recitals), the Plan and the Confirmation Order constitute the entire agreement of the Parties and there are no representations, warranties, covenants, or obligations except as set forth herein or therein.  This Agreement, the Plan, and the Confirmation Order supersede all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, of the Parties hereto, relating to any transaction contemplated hereunder.  In the event of any inconsistency between the terms of this Agreement, the Plan, and the Confirmation Order, the terms of the Confirmation Order shall govern.  In the event of any inconsistency between the terms of this Agreement and the Plan, the terms of the Plan shall govern; *provided, however*, that the Creditor Trustee may amend, modify, and/or correct the terms hereof to supersede the Plan and/or the Confirmation Order, with the approval of the Bankruptcy Court and notice to any affected party.  Except as otherwise specifically provided herein, nothing in this Agreement is intended or shall be construed to confer upon or to give any person other than the Parties hereto and their respective heirs, administrators, executors, successors, and assigns any rights or remedies under or by reason of this Agreement.

11.11    <u>Jurisdiction; Venue</u>.  Each Party hereto irrevocably agrees that any suit, action or proceeding with respect to this Agreement shall be brought exclusively in the United States Bankruptcy Court for the District of Delaware, and by execution and delivery of this Agreement, each Party (a) irrevocably submits to each such jurisdiction and venue, (b) waives, to the fullest extent permitted by law, any objection that it may have to the laying of the venue of any such suit, action or proceeding brought in such court has been brought in an inconvenient forum, and (c) agrees that final judgment in any such suit, action or proceeding brought in such a court shall be conclusive and binding upon it and may be enforced in any court to the jurisdiction of which such Party is subject by a suit upon such judgment, *provided that* service of process is effected as otherwise permitted by law.

11.12    <u>Notices</u>.  Unless otherwise expressly specified or permitted by the terms hereof, any notice, request, submission, instruction or other document to be given hereunder by a Party shall be in writing and shall be deemed to have been given, (a) when received if given in person, (b) upon delivery, if delivered by a nationally known commercial courier service providing next day delivery service (such as Federal Express), or (c) upon delivery, or refusal of delivery, if deposited in the U.S. mail, certified or registered mail, return receipt requested, postage prepaid:

**If to the Creditor Trustee, addressed as follows:**

Brian Ryniker

RK Consultants LLC
1178 Broadway
3rd Floor #1505
New York, NY 10001

With a copy to its counsel:

George P. Angelich, Esq.
ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019

Justin A. Kesselman, Esq.
James E. Britton, Esq.
ArentFox Schiff LLP
800 Boylston Street, 32nd Floor
Boston, MA 02199

or to such other individual or address as a Party hereto may designate for itself by notice given as herein provided.

     11.13    WAIVER OF JURY TRIAL.  EACH PARTY TO THIS AGREEMENT HEREBY IRREVOCABLY WAIVES ALL RIGHTS TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED THEREBY.

     11.14    Further Assurances.  Each Party hereto (and its respective successors and assigns) shall, upon the Creditor Trustee's reasonable request, execute, acknowledge and deliver, or cause to be executed, acknowledged and delivered, such further instruments, and do or cause to be done, such further acts, as may be necessary to carry out the purposes of this Agreement and to vest in the Creditor Trustee the powers and duties contemplated hereunder.

     11.15    Exculpatory Provisions and Survival Thereof.  Whether or not expressly therein so provided, any and all exculpatory provisions, immunities and indemnities, payment provisions and any limitations and negations of liability contained in this Agreement, in each case inuring to the benefit of the Creditor Trustee and/or the Post-Effective Date Debtor Representatives, shall survive (i) the termination or revocation of this Agreement, and (ii) as to any person who has served as Creditor Trustee and/or Post-Effective Date Debtor Representative, the resignation or removal of such person as Creditor Trustee and/or Post-Effective Date Debtor Representative, as applicable.

     11.16    Headings.  The headings of the various Articles and Sections herein are for convenience of reference only and shall not define or limit any of the terms or provisions hereof.

11.17    <u>Successors and Assigns</u>.    All covenants and agreements contained herein shall, as applicable, be binding upon, and inure to the benefit of the Committee, the Creditor Trustee and its successors, the Estates, the Debtors, the Post-Effective Date Debtors, and their successors, all as herein provided.

11.18    <u>Separate Counterparts</u>.    This Agreement may be executed by the Parties hereto in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument. An electronic signature of any Party, including a conformed signature, shall be considered to have the same binding legal effect as an original signature.

IN WITNESS WHEREOF, the undersigned have either executed and acknowledged this Agreement or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

CREDITOR TRUSTEE:

By: _____
Name: Brian Ryniker

DEBTORS AND DEBTORS IN POSSESSION:

Winc, Inc.

By: _____
Name:
Title:

BWSC, LLC

By: Winc, Inc., its sole member

By: _____
Name:
Title: Authorized Person

Winc Lost Poet, LLC

By: Winc, Inc., its managing member

By: _____
Name:
Title: Authorized Person

CREDITORS' COMMITTEE:

By: _____
      Name:
      Title: Chairperson

**EXHIBIT C**

<u>**CREDITOR TRUSTEE COMPENSATION TERMS**</u>

| Fixed Monthly Trustee Fee | |
|---|---|
| Months 1-3 | $10,000 per month. |
| Months 4-9 | The lesser of (i) actual fees, and (ii) $10,000 per month, calculated each month on a rolling basis. |
| Months 10-17 | $7,500 per month. |
| Months 18+ | The lesser of (i) actual fees, and (ii) $7,500 per month. |

The Creditor Trustee shall be entitled to charge its customary hourly rates (which hourly rates range between $100 per hour to $450 per hour) in connection with work actually performed outside of the scope of this Agreement but in furtherance of Creditor Trust Functions, including, but not limited to, preparing declarations, preparing expert witness reports, and/or attending hearings related to avoidance actions and claims.

## **EXHIBIT B**

### **Identity and Proposed Compensation**
### **of Creditor Trustee**

The Creditor Trustee shall be Brian K. Ryniker of RK Consultants, LLC.

The compensation of the Creditor Trustee shall be as follows:

| Fixed Monthly Trustee Fee | |
| --- | --- |
| Months 1-3 | $10,000 per month. |
| Months 4-9 | The lesser of (i) actual fees, and (ii) $10,000 per month, calculated each month on a rolling basis. |
| Months 10-17 | $7,500 per month. |
| Months 18+ | The lesser of (i) actual fees, and (ii) $7,500 per month. |

The Creditor Trustee shall be entitled to charge its customary hourly rates (which hourly rates range between $100 per hour to $450 per hour) in connection with work actually performed outside of the scope of this Agreement but in furtherance of Creditor Trust Functions, including, but not limited to, preparing declarations, preparing expert witness reports, and/or attending hearings related to avoidance actions and claims.

**<u>EXHIBIT C</u>**

**Identity and Proposed Compensation of
Post-Effective Date Debtor Representative**

The Post-Effective Date Debtor Representative shall be Brian Ayers of Rock Creek Advisors.

The compensation of the Post-Effective Date Debtor Representative shall be $450 / per hour.

30533040.3

## **EXHIBIT D**

**Schedule of Retained Causes of Action**

***[To Come]***