# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| WINC, INC., *et al.*, | : | Case No. 22-11238 (LSS) |
| | : | |
| | : | **Hearing Date: August 3, 2023, at 10:00 a.m.** |
| Debtors. | : | **Confirmation Obj.: July 27, 2023, at 4:00 p.m.** |
| | : | |

## OBJECTION BY THE UNITED STATES TO COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF WINC, INC. AND ITS AFFILIATED DEBTORS

The United States, on behalf of the Internal Revenue Service ("IRS"), by and through the undersigned attorneys, files this objection to the Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and its Affiliated Debtors ("Plan") proposed by the Debtors and the Official Committee of Unsecured Creditors. [Docket No. 375]. In support of its objection, the United States avers as follows:

## BACKGROUND

1. On November 30, 2022, ("Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. [Docket No. 1].

2. On January 18, 2023, the Court entered the Order Authorizing: (I) the Sale of the Debtors Assets Free and Clear of all Liens, Claims, Encumbrances, and other Interests; (II) the Debtors to Enter into and Perform their Obligations under the Project Crush Acquisition Corp LLC Asset Purchase Agreement and Related Documents; (III) the Debtors to Assume and Assign Certain

Contracts and Unexpired Leases; (IV) Waiver of the Stay Periods under Bankruptcy Rules 6004(h) and 6006(d); and (V) Granting Related Relief ("Sale Order"). [Docket 203].

3. On June 5, 2023, the Debtors filed the Plan.

4. On March 23, 2023, the Court entered an order setting May 30, 2023, as the Governmental Unit Bar Date ("Government Bar Date"). [Docket 277].

5. The United States is a party in interest in this matter. IRS records indicate that the Debtors have not filed their 2022 federal income tax return. The 2022 federal income tax return Form 1120 due date has been extended to October 15, 2023. The Debtors' 2023 federal income tax return, the year in which the sale of the Debtors' assets occurred, is not yet due.

6. **The Plan does not comply with 11 U.S.C. § 511**.

The Bankruptcy Code requires the payment of interest on pre-petition and post-petition tax claims. [11 U.S.C. § 511]. The Plan specifies that, for purposes of computing distributions under the Plan, a claim that is Allowed shall not include interest, costs, fees, or charges on such claim after the Petition Date. [Plan, Article I, Section 1.6]. Moreover, unless provided for in the Plan, the Plan states that no post-petition interest shall accrue or be paid on claims and no holder of a claim shall be entitled to interest accruing on or after the Petition Date on any claim. [Plan, Article X, section 10.2]. The Plan fails to provide for the payment of interest on any pre-petition and post-petition tax claims of the United States. [Plan, Article VI, sections 6.1 and 6.2].

These Plan provisions impair the rights of creditors who do not receive the interest that they would otherwise be entitled to in accordance with the Bankruptcy Code. The United States objects to the Plan to the extent that it fails to provide for the payment of an adequate rate of interest on the claims of the United States. See 11 U.S.C. section 1129(a)(9)(A) and (C) and section 511;

2

United States v. Friendship College, Inc., 737 F.2d 430 (4th Cir. 1984); In re Mark Anthony Construction, Inc., 886 F.2d 1101 (9th Cir. 1989).

7. **The Plan does not comply with 11 U.S.C. 1129(a)(9)(A).**

Section 1129(a)(9)(A) provides that holders of administrative expense claims will receive payment on the effective date of the Plan. Conversely, the Plan provides except as set forth in Article VI, administrative claims shall be paid as soon as practical after the Supplemental Administrative Claim Bar Date. The United States objects to the Plan to the extent its administrative claims are not paid on the Effective Date or as soon as practicable thereafter.

8. **The Plan does not comply with 11 U.S.C. § 503(b)(1)(D) and Rule 3002-1(a) of the Delaware Local Bankruptcy Rules**.

The creation of the Supplemental Administrative Expense Claim Bar Date in the Plan does not comply with the Bankruptcy Code and the Delaware Local Bankruptcy Rules. The Plan provides:

> …The Effective Date Notice shall set forth the Supplemental Administrative Claim Bar Date and shall constitute notice of such Bar Date. Absent further Bankruptcy Court order, any Administrative Claim arising after the Initial Administrative Claim Bar Date not filed by the Supplemental Administrative Claim Bar Date shall be deemed waived and the Holder of such Administrative Claim shall be forever barred from receiving payment on account thereof. [Plan, Article VI, section 6.1(a)].

The United States objects to the Plan because it purports to set an administrative claims bar date for taxes, penalties and fines described in 11 U.S.C. Section 503(b)(1)(B) and (C) in contravention of Section 503(b)(1)(D) of the Bankruptcy Code. This provision, as well as the Initial Administrative Claim Bar Date, violates not only Section 503(b)(1)(D) of the Bankruptcy

Code but Delaware Local Bankruptcy Rule 3002-1(a).  Delaware Local Rule 3002-1(a) provides in pertinent part:

> Chapter 11 Administrative Claims. Notwithstanding any provision of a plan of reorganization, any motion, notice, or court order in a specific case, the government shall not be required to file any proof of claim or application for allowance for any claims covered by Section 503 (b) (1) (B), (C), or (D).

9. **The Plan does not comply with 11 U.S.C. § 502(c)**.

The Plan subjects all claims that are contingent or unliquidated to an estimation process that is broader in scope than is contemplated in Sections 502(c) and (j) of the Bankruptcy Code. [Plan, Article XI, section 11.3].  Section 502(c) of the Bankruptcy Code provides:

> (c) There shall be estimated for purpose of allowance under this section –
> (1)   Any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case; or
>
> (2)   Any right to payment arising from a right to an equitable remedy for breach of performance.

Section 502(j) of the Bankruptcy Code provides:

> (j) A claim that has been allowed or disallowed may be reconsidered for cause.  A reconsidered claim may be allowed or disallowed according to the equities of the case.  Reconsideration of a claim under this subsection does not affect the validity of any payment or transfer from the estate made to a holder of an allowed claim on account of such allowed claim that is not reconsidered, but if a reconsidered claim is allowed and is of the same class as such holder's allowed claim until the holder of such reconsidered and allowed claim receives payment on account of such claim proportionate in value to that already received by such other holder.  This subsection does not alter or modify the trustee's right to recover from a creditor any excess payment or transfer to such creditor.

The Plan eliminates the concept of estimating contingent and unliquidated claims the fixing or liquidation of which would "unduly delay the administration of the case" and provides that the

Creditor Trust may "at any time" request estimation of claims. The Plan states that if the Bankruptcy Court estimates a claim, that estimated amount shall constitute the Allowed amount of such claim, presumably circumventing the 502(j) protections of the Bankruptcy Code. Creditors are entitled to have a claim that has been allowed or disallowed to be reconsidered for cause. The United States objects to the Plan because the estimation procedures deprive creditors of their rights under the Bankruptcy Code.

10. **Non-Debtor Releases**.

The United States objects to any third-party non-debtor limitation of liability, discharge, injunction, exculpation, and release provisions set forth in the Plan. Although this is a liquidating Plan and the Debtors are not entitled to a discharge, the Plan provides for third-party injunctions, exculpations, and releases. [11 U.S.C. § 1141(d)(3)]. While the Third Circuit stopped short of adopting a per se rule that a non-debtor release in a reorganization plan is not permissible (as other circuits have done), it held that, at most, such a provision could only be valid in "extraordinary" cases. Gillman v. Continental Airlines (In re Continental Airlines), 203 F.3d 203, 212 (3d Cir. 2000). At minimum, Continental held that such a nonconsensual release of non-debtor entities must contain all of the following "hallmarks": "fairness, necessity to the reorganization, and specific factual findings to support these conclusions." Id. at 214; see also In re Wash. Mut., Inc., 442 B.R. 314, 351-52 (Bankr. D. Del. 2011) (collecting cases). This Court has interpreted Continental's holding on non-debtor releases to mean that "limiting the liability of non-debtor parties is a rare thing that should not be considered absent a showing of exceptional circumstances in which several key factors are present." In re Genesis Health Ventures, Inc., 266 B.R. 591, 608 (Bankr. D. Del. 2001) (emphasis added). This Court has previously held that a non-debtor release

over a creditor's objection "would not pass muster." Wash. Mut., 442 B.R. at 352 ("This Court has previously held that it does not have the power to grant a third-party release of a non-debtor."). Where this Court has even contemplated approval of a non-consensual release, it has required the following factors be present to justify the "rare" release: "(1) the non-consensual release was necessary to the success of the reorganization, (2) the releases have provided a critical financial contribution to the Debtor's plan, (3) the releases' financial contribution is necessary to make the plan feasible, and (4) the release is fair to the non-consenting creditors, i.e., whether the non-consenting creditors received reasonable compensation in exchange for the releases." In re Tribune Co., 464 B.R. 126, 177-78 (Bankr. D. Del. 2011); see also Genesis Health Ventures, 266 B.R. at 607-09. For the Court to infer consent from nonresponsive creditors and equity holders, the Debtors must make a showing under contract principles that the Court may construe silence as acceptance. In re Emerge Energy Services LP, et al., Case No. 19-11563, page 23, (Bankr.D.Del. 2019) [Docket No. 671]. Here, setting aside the question of whether the Debtors have made such a showing against all creditors generally (and it has not), the Debtors make no adequate showing of a single factor, let alone all of the Tribune/Genesis/Emerge factors, that justifies the extraordinary release of non-debtors in these liquidating cases with respect to their potential liability to the United States.

11. **Exclusive Jurisdiction.**

The United States objects to the Plan to the extent that it provides for the retention of exclusive jurisdiction. [Plan, Article XV]. See 28 U.S.C. 1334. While "the bankruptcy court plainly [may retain] jurisdiction to interpret and enforce its own prior orders," Travelers Indem. Co. v. Bailey, 129 S. Ct. 2195, 2205 (2009), it may not divest other courts of their concurrent

jurisdiction to interpret bankruptcy court orders.  Rather, if for example, the United States, post-confirmation, asserts liabilities in a non-bankruptcy court of competent jurisdiction, that court may hear and determine all issues raised in the action, including whether the defendant can rely on the confirmation order as an affirmative defense.  Adjudication of such a defense is a proceeding over which the bankruptcy court, as a unit of the district court, has "original but not exclusive jurisdiction."  28 U.S.C. § 1334(b) (emphasis added); see also Stern v. Marshall, 131 S.Ct. 2594 (2011); In re Mystic Tank Lines Corp., 544 F.3d 524 (3d Cir. 2008) ("No provision of the Bankruptcy Code requires the Bankruptcy Court to hear all 'related to' claims . . . the only aspect of the bankruptcy proceeding over which the district courts and their bankruptcy units have exclusive jurisdiction is 'the bankruptcy petition itself.'") (citing In re Wood, 825 F.2d 90, 92 (5th Cir.1987)); In re Combustion Eng'g, Inc., 391 F.3d 190, 224-225 (3d Cir. 2004), as amended (Feb. 23, 2005) ("Section 105(a) permits a bankruptcy court to 'issue any order, process or judgment that is necessary or appropriate to carry out the provisions' of the Bankruptcy Code.  But as the statute makes clear, § 105 does not provide an independent source of federal subject matter jurisdiction."); In re Skyline Woods Country Club, 636 F.3d 467 (8th Cir. 2011); Whitehouse v. LaRoche, 277 F.3d 568, 576 (1st Cir. 2002).  The imposition of restrictive jurisdictional provisions impair creditors.

12. **Setoff**.

The United States objects to the Plan to the extent it fails to preserve the setoff and recoupment rights of the United States. Confirmation of a plan does not extinguish setoff claims when they are timely asserted.  In re Continental Airlines, 134 F.3d at 542 (3d Cir. 1998).  Like other creditors, the United States has the common law right to setoff mutual debts.  "The

government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." United States v. Munsey Trust Co. of Washington, D.C., 332 U.S. 234 (1947) (citing Gratiot v. United States, 40 U.S. (15 Pet) 336, 370, 10 L.Ed. 759 (1841)); see also Amoco Prod. Co. v. Fry, 118 F.3d 812, 817 (D.C. Cir. 1997). This right – "which is inherent in the federal government – is broad and 'exists independent of any statutory grant of authority to the executive branch.'" Marre v. United States, 117 F.3d 297, 302 (5th Cir. 1997) (quoting United States v. Tafoya, 803 F.2d 140 (5th Cir. 1986)). Hence, the United States can setoff mutual prepetition debts and claims as well as postpetition debts and claims. Zions First Nat'l Bank, N.A. v. Christiansen Bros. (In re Davidson Lumber Sales, Inc.), 66 F.3d 1560, 1569 (10th Cir. 1995); Palm Beach County Bd. of Pub. Instruction (In re Alfar Dairy, Inc.), 458 F.2d 1258, 1262 (5th Cir.), cert. denied, 409 U.S. 1048 (1972); Mohawk Indus., Inc. v. United States (In re Mohawk Indus., Inc.), 82 B.R. 174, 178-79 (Bankr. D. Mass. 1987). The Plan makes no provision for these rights. Such treatment is impermissible, because Section 553 of the Bankruptcy Code preserves the right of setoff in bankruptcy as it exists outside bankruptcy, Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995), neither expanding nor constricting it, United States v. Maxwell, 157 F.3d 1099, 1102 (7th Cir. 1998). "[T]he government of the United States suffers no special handicap under § 553 of the Bankruptcy Code," id. at 1103, that alters this principle. Moreover, because "[s]etoff occupie[s] a favored position in our history of jurisprudence," Bohack Corp. v. Borden, Inc., 599 F.2d 1160, 1164 (2d Cir. 1979), courts do not interfere with its exercise absent "the most compelling circumstances." Niagara Mohawk Power Corp. v. Utica Floor Maintenance, Inc. (In re Utica Floor Maintenance, Inc.), 41 B.R. 941, 944 (N.D.N.Y. 1984); see also New Jersey Nat'l Bank v. Gutterman (In re Applied Logic Corp.),

576 F.2d 952 (2d Cir. 1978) ("The rule allowing setoff ... is not one that courts are free to ignore when they think application would be unjust."). Compelling circumstances generally entail criminal conduct or fraud by the creditor. In re Whimsy, Inc., 221 B.R. 69 (S.D.N.Y. 1998). No such compelling circumstances are present here, and accordingly, the Plan must provide for and preserve the federal government's setoff rights. Failure to do so violates Section 1129(a)(1). ("The court shall confirm a plan only if . . . the plan complies with the applicable provisions of this title.").

13. **The Plan does not comply with 11 U.S.C. § 505(b).**

The Plan provides that the Creditor Trustee may request an expedited determination of taxes of the Debtors or of the Creditor Trust under Bankruptcy Code section 505(b) for all tax returns filed for, or on behalf of, the Debtors and the Creditor Trust for all taxable periods through the dissolution of the Creditor Trust. [Plan, Article IX, section 9.10(i)]. The Debtors are attempting to broaden the parameters of section 505(b) of the Bankruptcy Code which only contemplates an expedited determination of tax liability incurred during the administration of the estate. The United States objects to the Plan to the extent that it fails to comply with the Bankruptcy Code.

14. **The Debtors must file federal tax returns.**

The Plan acknowledges that the U.S. federal income tax consequences of the Plan are complex and subject to significant uncertainties. [Plan, Article V, section 5.7]. The Debtors have not filed tax returns that, once filed, could have material consequences to the size and nature of any IRS claims against the Debtors. The United States objects to the confirmation of the Plan unless and until all outstanding tax returns are filed.

15. **No prospective tax determination.**

The Plan devotes multiple pages to the discussion of tax considerations. The Plan contains blanket pronouncements about tax treatment. For example, the Plan provides that neither the Post-Effective Date Representative nor the Post-Effective Date Debtors shall be required to pay any taxes or fees in order to terminate Post-Effective Date Winc Lost Poet's existence. [Plan, Article III, section 3.3(h)]. The Bankruptcy Court lacks jurisdiction to make such prospective determinations. The United States objects to the Plan to the extent it seeks to bind the United States to any characterization or determination of a Plan transaction for federal tax purposes. The United States further objects to the Plan to the extent it seeks to excuse any party from compliance with federal law.

## CONCLUSION

16. **The Plan does not comply with Section 1129(a)(1) of the Bankruptcy Code.**

For the reasons stated above, the Plan does not comply with the applicable provisions of Title 11 and therefore cannot be confirmed pursuant to Section 1129(a)(1) of the Bankruptcy Code.

**WHEREFORE**, the United States respectfully requests that the Court deny confirmation of the Plan and grant such other and further relief as the Court deems necessary and just.

DAVID C. WEISS
United States Attorney

BY: */s/ Ellen Slights*
Ellen W. Slights (DE Bar No. 2782)
Assistant United States Attorney

Dated: July 27, 2023