**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 403, 404 429 & 440** |

**DECLARATION OF CAROL BRAULT IN SUPPORT OF CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF WINC, INC. AND ITS AFFILIATED DEBTORS**

I, Carol Brault, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, to the best of my knowledge and belief, that:

1. I am currently serving as a consultant to the Debtors and am authorized to submit this declaration (the "Declaration") on behalf of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). I previously served as the Debtors' Chief Financial Officer ("CFO") until the closing of the Court-approved sale in January 2023. Before serving as CFO, I served as the Debtors' Vice President of Finance from February 2018 to April 2021.

2. Given my former role with the Debtors as CFO and my current role as a consultant to the Debtors, I am familiar with the Debtors' business and financial affairs. Subsequent to the closing of the sale of substantially all of the Debtors' assets, which is discussed in detail below, I have been actively involved in supporting the Debtors in a consultant capacity. I submit this Declaration in support of confirmation of the *Combined Disclosure Statement and*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

*Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* (as may be amended, supplemented, or modified from time to time, the "Combined Disclosure Statement and Plan").[2]

3. Except as otherwise noted, all matters set forth herein are based on (a) my personal knowledge and belief; (b) my review of the relevant documents including the Combined Disclosure Statement and Plan; (c) information supplied to me by other members of the Debtors' former management or the Debtors' advisors; (d) my view, based on my personal and professional experience and knowledge of the Debtors' business and financial condition; or (e) with respect to matters involving the requirements for confirmation of the Combined Disclosure Statement and Plan under the Bankruptcy Code, my reliance on the advice and information supplied to me by counsel. If called to testify, I could and would testify to the facts set forth herein.

**BACKGROUND**

4. On November 30, 2022 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5. On December 12, 2022, the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors in the Chapter 11 Cases (as amended from time to time, the "Committee", and together with the Debtors, the "Plan Proponents"). No request has been made for the appointment of a trustee or an examiner.

6. On January 19, 2023, the Court entered an order approving the sale of substantially all of the Debtors' assets to Project Crush Acquisition Corp LLC ("PCAC"). *See* Docket No. 203. The sale closed on January 23, 2023, and the Debtors entered into that certain *Transition Services Agreement* (the "TSA"), effective as of January 23, 2023, among PCAC,

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Combined Disclosure Statement and Plan.

Project Crush Wholesale Sub, LLC, Project Crush DTC Sub, LLC ("DTC Sub"), and BWSC, LLC. The TSA provides for BWSC, LLC's continued operation under certain business and regulatory licenses through the earlier of (i) a time period sufficient to transfer such licenses to PCAC and/or one of its affiliates; and (ii) January 31, 2024 (the "TSA Period"). During the TSA Period, PCAC assumed liability for fees and expenses incurred in connection with services performed by BWSC, LLC pursuant to the TSA.

7. On June 5, 2023, the Plan Proponents filed the Combined Disclosure Statement and Plan. On June 27, 2023, the Court entered an order, which, among other things, approved the Disclosure Statement and Plan on an interim basis for solicitation purposes (the "Solicitation Procedures Order"). *See* Docket No. 402. The Plan Proponents commenced solicitation on or about June 29, 2023. To the best of my knowledge, the Plan Proponents complied with the solicitation and noticing procedures approved through the Solicitation Procedures Order, as well as the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law, as evidenced by the affidavits of service filed by the Claims Agent on July 7, 2023 [Docket No. 413] and July 12, 2023 [Docket No. 415].

**THE COMBINED DISCLOSURE STATEMENT AND PLAN**

8. I have reviewed and am generally familiar with the terms and provisions of the Combined Disclosure Statement and Plan. I understand that the Combined Disclosure Statement and Plan is the result of extensive, arm's-length negotiations among the Debtors and other interested parties, including, but not limited to, the Committee. These negotiations were conducted at all times in good faith and with the objective of ensuring maximum recoveries of all of the Debtors' stakeholders, the timely and efficient liquidation of the Debtors' remaining assets, and the wind down of the Estates.

## I. The Combined Disclosure Statement and Plan Satisfies the Confirmation Requirements.

9. Upon review of the Combined Disclosure Statement and Plan and after having discussions with the Debtors' advisors, I believe that the Combined Disclosure Statement and Plan satisfies all applicable provisions of the Bankruptcy Code and should be confirmed.

### A. The Combined Disclosure Statement and Plan Fully Complies with the Applicable Provisions of the Bankruptcy Code (§ 1129(a)(1)).

10. I understand that section 1129(a)(1) of the Bankruptcy Code requires a chapter 11 plan to comply with all applicable provisions of the Bankruptcy Code. As explained below, the Combined Disclosure Statement and Plan complies with the requirements of sections 1122, 1123, and 1129 of the Bankruptcy Code, as well as other applicable provisions.

#### 1. The Combined Disclosure Statement and Plan Satisfies the Classification Requirements of Section 1122 of the Bankruptcy Code.

11. It is my understanding that section 1122 of the Bankruptcy Code requires that "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class" provided that there is a "rational basis" to do so. I understand that the "substantially similar" requirement does not require that similar claims be grouped together but merely that the class be homogenous.

12. Each Class under the Combined Disclosure Statement and Plan comprises Claims that are substantially similar within the Class, and the Classes under the Combined Disclosure Statement and Plan were not constructed to inappropriately influence votes on the Combined Disclosure Statement and Plan or for any other maleficent purposes.

**2. Specification of Classes, Impairment, and Treatment (Section 1123(a)(1)–(3)).**

13. Articles II, VI and VII of the Combined Disclosure Statement and Plan specify in detail the classification of Claims and Interests, whether such Claims and Interests are Impaired, and the treatment that each Class will receive under the Combined Disclosure Statement and Plan. Accordingly, I believe that the Combined Disclosure Statement and Plan satisfies each of the requirements set forth in section 1123(a)(1)–(3) of the Bankruptcy Code.

**3. Equal Treatment within Classes (Section 1123(a)(4)).**

14. I understand that, unless the holder of a particular claim or interest agrees to less favorable treatment, section 1123(a)(4) of the Bankruptcy Code requires that a plan provide the same treatment for each claim or interest within a particular class. The Combined Disclosure Statement and Plan provides that all Holders of Allowed Claims or Allowed Interests will receive the same rights and treatment as other Holders of Allowed Claims or Allowed Interests within such Holders' respective Class. Accordingly, the Combined Disclosure Statement and Plan satisfies each of the requirements set forth in section 1123(a)(4) of the Bankruptcy Code.

**4. Means for Implementation (Section 1123(a)(5)).**

15. I understand that section 1123(a)(5) of the Bankruptcy Code requires that a chapter 11 plan provide adequate means for a plan's implementation. The Combined Disclosure Statement and Plan provides for adequate means for implementation of the Combined Disclosure Statement and Plan. Articles IX–XII and various other provisions of the Combined Disclosure Statement and Plan (a) detail the appointment of the Creditor Trustee and Post-Effective Date Debtor Representative, and authorize the Debtors or the Creditor Trust, as applicable, to liquidate any of the Debtors' remaining assets, distribute the proceeds thereof, and ultimately wind up the

Debtors; and (b) establish procedures for, among other things, distribution of assets and reconciliation of proofs of Claims filed in the Chapter 11 Cases.

16. Section 9.2 of the Combined Disclosure Statement and Plan proposes to substantively consolidate the Estates for purposes of the Combined Disclosure Statement and Plan, including Distributions. Based on the balloting results, I understand that consolidation here is consensual because each Class that will be affected by the proposed consolidation has voted to accept the Combined Disclosure Statement and Plan. Absent the substantive consolidation proposed under the Combined Disclosure Statement and Plan, the process of winding down the Estates and administering Distributions would be more time consuming and costly. In light of the limited resources available to administer the Creditor Trust and Post-Effective Date Debtors, and the expense involved in winding down the Estates and administering Distributions, I believe that substantive consolidation of the Debtors' assets and liabilities will maximize recoveries.

17. Section 9.4 of the Combined Disclosure Statement and Plan provides for the appointment of the Post-Effective Date Debtor Representative and the Creditor Trustee, whom the Debtors identified in the *Notice of Filing Plan Supplement* [Docket No. 429]. I believe that the appointment of such individuals is consistent with public policy and in the best interests of the Debtors' creditors.

18. Pursuant to Section 9.5 of the Combined Disclosure Statement and Plan, the responsibilities of the Post-Effective Date Debtor Representative will include: (a) liquidating and/or winding down the remaining affairs of the Post-Effective Date Debtors, as appropriate; (b) effecting the dissolution of the Post-Effective Date Debtors; (c) overseeing the filing of final tax returns, if any; (d) executing and delivering any documents necessary to effectuate and further evidence the terms and conditions of the Combined Disclosure Statement and Plan; (e) filing and

obtaining an order closing the Chapter 11 Cases as soon as practicable; and (f) exercising such other powers as may be vested in the Post-Effective Date Debtor Representative pursuant to the Combined Disclosure Statement and Plan, or as the Post-Effective Date Debtor Representative reasonably deems to be necessary and proper to carry out the provisions of the Combined Disclosure Statement and Plan.

19. Section 9.7 of the Combined Disclosure Statement and Plan provides that the Creditor Trust shall be established for the purpose of (a) administering, pursuing, or liquidating the Creditor Trust Assets; (b) winding down, liquidating, and dissolving the Post-Effective Date Debtors; (c) reconciling and objecting to Claims as provided for in the Plan; (d) prosecuting any Retained Causes of Action to maximize recoveries for the benefit of the Beneficiaries; and (e) making Distributions to the Beneficiaries. As a fiduciary of the Beneficiaries, the Creditor Trustee must administer the Creditor Trust in a manner that maximizes value.

20. The precise terms governing the execution of these transactions are set forth in the applicable definitive documents. As a result, it is my belief that the Combined Disclosure Statement and Plan satisfies the requirements set forth in section 1123(a)(5) of the Bankruptcy Code.

**5. Issuance of Non-Voting Securities (Section 1123(a)(6)).**

21. I am advised that section 1123(a)(6) of the Bankruptcy Code requires that a corporate debtor's chapter 11 plan provide that a reorganized debtor's charter is to include a prohibition against issuing non-voting equity securities and related protections for preferred shareholders. I understand that this provision is inapplicable to the Chapter 11 Cases. On the Effective Date, all remaining assets and the fiduciary duties, authority, power, and incumbency of any and all persons acting as directors and/or managers and officers of the Debtors shall be deemed to have been terminated and shall vest in the Creditor Trust, Creditor Trustee or the Post-Effective

Date Debtor Representative, as appropriate, according to the terms of the Combined Disclosure Statement and Plan. The Creditor Trustee and Post-Effective Date Debtor Representative shall be responsible for implementing the Combined Disclosure Statement and Plan, making Distributions thereunder, and winding down the businesses and affairs of the Debtors. Because the Debtors are not issuing any non-voting securities under the Combined Disclosure Statement and Plan, it is my understanding that section 1123(a)(6) of the Bankruptcy Code does not apply to the Combined Disclosure Statement and Plan.

**6. Selection of Directors and Officers (Section 1123(a)(7)).**

22. I understand that section 1123(a)(7) of the Bankruptcy Code requires that a chapter 11 plan contain only provisions related to selecting directors and officers that are consistent with the interests of creditors and equity security holders and with public policy. The Combined Disclosure Statement and Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code. Section 9.3 of the Combined Disclosure Statement and Plan provides that Reorganized Winc shall be deemed to be the sole member and manager of Reorganized BWSC, the Post-Effective Date Debtor Representative shall be the sole officer and director of Reorganized Winc, the Creditor Trust shall be the sole stockholder of Reorganized Winc, the Post-Effective Date Debtor Representative of BWSC shall be the sole officer of BWSC, and the Post-Effective Date Debtor Representative shall perform the functions of a Liquidating Trustee to wind up the affairs of Post-Effective Date Winc Lost Poet. Additionally, the Debtors have disclosed in advance of the Confirmation Hearing the identity and proposed compensation of the Post-Effective Date Debtor Representative and the Creditor Trustee. Thus, the Combined Disclosure Statement and Plan satisfies the requirements set forth in section 1123(a)(7) of the Bankruptcy Code.

**B. The Plan Proponents Complied with the Solicitation Requirements of the Bankruptcy Code (Section 1129(a)(2)).**

23. It is my understanding that section 1129(a)(2) of the Bankruptcy Code requires that a party in interest receive the plan or a summary of the plan and a court-approved disclosure statement prior to or at the time of the solicitation period. On June 27, 2023, the Bankruptcy Court entered the Solicitation Procedures Order, which, among other things, approved the Combined Disclosure Statement and Plan on an interim basis for solicitation purposes and approved the Debtors' solicitation procedures. The Plan Proponents commenced solicitation on or about June 29, 2023. To the best of my knowledge, the Plan Proponents complied with the solicitation and noticing procedures approved through the Solicitation Procedures Order, as well as the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law, as evidenced by the affidavits of service filed by Epiq Corporate Restructuring, LLC on July 7, 2023 [Docket No. 413] and July 12, 2023 [Docket No. 415].

24. Moreover, I understand that, pursuant to section 1126 of the Bankruptcy Code, only holders of allowed claims and equity interests in impaired classes that will receive or retain property under a plan on account of such claims or equity interests may vote to accept or reject a plan. The Plan Proponents did not solicit votes from Holders of Claims in Class 1 and Class 2, who are Unimpaired and conclusively presumed to have accepted the Combined Disclosure Statement Plan. The Plan Proponents likewise did not solicit votes from Holders of Claims or Interests in Class 4 (Intercompany Claims), Class 5(a) (Interests in Winc), Class 5(b) (Interests in BWSC), and Class 5(c) (Interests in Winc Lost Poet) (collectively, the "Non-Voting Classes"), who are Impaired under the Combined Disclosure Statement and Plan and are deemed to reject the Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code. The Plan Proponents only solicited votes from Holders of Claims in Class 3

(General Unsecured Claims) (the "Voting Class") because the Voting Class is Impaired and entitled to vote under the Combined Disclosure Statement and Plan. I understand that no party has objected on the asserted basis that the Voting Class was not entitled to vote or that any of the Non-Voting Classes was entitled to do so.

25. The Plan Proponents complied with the applicable provisions of the Bankruptcy Code, and the Combined Disclosure Statement and Plan satisfies section 1129(a)(2) of the Bankruptcy Code. Section 1129(a)(2) encompasses the disclosure and solicitation requirements set forth in section 1125 and the plan acceptance requirements set forth in section 1126 of the Bankruptcy Code. The Plan Proponents have satisfied the requirements set forth in sections 1125(g) and 1126(b) of the Bankruptcy Code, as applicable.

**1. The Combined Disclosure Statement and Plan Contains Adequate Information.**

26. The Combined Disclosure Statement and Plan provides adequate information to parties in interest. The Combined Disclosure Statement and Plan contains, among other things, descriptions and summaries of: (a) the classification and treatment of Claims and Interests under the Combined Disclosure Statement and Plan, including who is entitled to vote and how to vote on the Combined Disclosure Statement and Plan; (b) the Debtors' corporate history, structure, and business overview; (c) events leading to and occurring during the pendency of the Chapter 11 Cases; (d) certain important effects of Confirmation of the Combined Disclosure Statement and Plan; (e) the exculpations and injunctions contemplated by the Combined Disclosure Statement and Plan; (f) a description of the procedures for soliciting votes to accept or reject the Combined Disclosure Statement and Plan; and (g) certain financial information about the Debtors, including a liquidation analysis.

27. For the reasons set forth above, the Combined Disclosure Statement and Plan contains adequate information within the meaning of section 1125(a) of the Bankruptcy Code, meets the requirements set forth in section 1126(b)(2) of the Bankruptcy Code, and should be approved.

**2. Solicitation of the Combined Disclosure Statement and Plan Complied with the Bankruptcy Code and Was Conducted in Good Faith.**

28. The Plan Proponents at all times engaged in arm's-length, good-faith negotiations of the Combined Disclosure Statement and Plan and appropriately solicited its acceptance in compliance with section 1125 of the Bankruptcy Code. Accordingly, I believe that the Bankruptcy Court should grant the Plan Proponents the protections provided under section 1125(e) of the Bankruptcy Code.

**C. The Plan Proponents Proposed the Combined Disclosure Statement and Plan in Good Faith (Section 1129(a)(3)).**

29. I understand that section 1129(a)(3) of the Bankruptcy Code requires that a chapter 11 plan be proposed in good faith and not by any means forbidden by law. I believe that forthright actions and wholesome intentions guided the proposal of the Combined Disclosure Statement and Plan under difficult circumstances. Throughout these Chapter 11 Cases, the Debtors have upheld their fiduciary duties to stakeholders and protected the interests of all constituents to maximize recoveries. The Combined Disclosure Statement and Plan was proposed in good faith and from arm's-length bargaining positions, void of collusion, fraud, or attempt to take unfair advantage of any party. The Combined Disclosure Statement and Plan also evinces that extensive and challenging arm's-length negotiations was a keystone exercise among the Debtors and the Committee, with a focus on maximizing estate value for the benefit of all stakeholders, realizing the highest possible recoveries, and resolving critical issues in the Chapter 11 Cases. As a result

of these efforts by sophisticated parties, the Combined Disclosure Statement and Plan is the culmination of vigorous negotiations.

30. I understand that the Combined Disclosure Statement and Plan contemplates an outcome consistent with the objectives and purposes of the Bankruptcy Code and will be implemented in compliance with applicable law.

**D. The Combined Disclosure Statement and Plan Provides that the Debtors' Payment of Professional Fees and Expenses Are Subject to Court Approval (Section 1129(a)(4)).**

31. I understand that section 1129(a)(4) of the Bankruptcy Code requires court approval of certain fees and expenses that either a plan proponent, debtor, or person receiving property distributions under the plan has paid as reasonable. It is my understanding that all previous payments by the Debtors for services, costs, or expenses in connection with the Chapter 11 Cases, including all claims of retained professionals, are subject to the Bankruptcy Court's approval as reasonable. In addition, Section 6.1(c) of the Combined Disclosure Statement and Plan provides that Professionals shall file all final requests for payment of Professional Fee Claims no later than 45 days after the filing and service of the Effective Date Notice, thereby providing an adequate period of time for interested parties to review such Professional Fee Claims. Accordingly, I understand that the Combined Disclosure Statement and Plan complies fully with the requirements set forth in section 1129(a)(4) of the Bankruptcy Code.

**E. The Plan Proponents Have Complied with the Governance Disclosure Requirement (Section 1129(a)(5)).**

32. I am aware that section 1129(a)(5) of the Bankruptcy Code requires (a) that a plan proponent disclose the identity and affiliation of any individual proposed to serve as a director or officer of the debtor, or a successor thereto, under a chapter 11 plan; (b) that the appointment or continuance of such officers and directors be consistent with the interests of

creditors and equity security holders and with public policy; and (c) that a plan proponent disclose the identities or affiliations of insiders to be employed or retained as directors and officers by the debtors and the nature of any compensation for such insider.

33. The Combined Disclosure Statement and Plan and the Plan Supplement satisfy the requirements set forth in section 1129(a)(5) of the Bankruptcy Code, to the extent applicable, as the Debtors disclosed the identity and compensation of the Post-Effective Date Debtor Representative and the Creditor Trustee in the Plan Supplement.

**F. The Combined Disclosure Statement and Plan Does Not Require the Government to Approve Rate Changes (Section 1129(a)(6)).**

34. I have been advised that the Debtors are not subject to regulations that would invoke section 1129(a)(6) of the Bankruptcy Code's requirement that they seek regulatory approval for rate changes provided for under the Combined Disclosure Statement and Plan. The Combined Disclosure Statement and Plan does not propose any rate changes. Accordingly, I understand that section 1129(a)(6) is not applicable to the Combined Disclosure Statement and Plan.

**G. Voting Requirements (Section 1129(a)(7)).**

35. I have been advised that with respect to each Class of Claims and Interests that is Impaired under the Combined Disclosure Statement and Plan, each Holder of a Claim or Interest has either accepted the Combined Disclosure Statement and Plan or, to the extent that such Holder has not accepted the Combined Disclosure Statement and Plan, such Holder will receive under the Combined Disclosure Statement and Plan at least as much as would be received in a chapter 7 liquidation. This is based on my understanding and belief that a liquidation under chapter 7 of the Bankruptcy Code would increase costs to the Debtors' estates and likely cause delay and uncertainty in the prosecution of the Debtors' bankruptcy cases. The Debtors' consummation of

a chapter 11 plan is imminent. On the other hand, a chapter 7 trustee would need to retain professionals and familiarize himself or herself with the Debtors' affairs and the status of the Chapter 11 Cases, which would result in substantial costs to the Debtors' estates. Moreover, the addition of a chapter 7 trustee at this stage in the Chapter 11 Cases would likely provide little additional benefit, as substantially all of the Debtors' assets have already been liquidated, and the Combined Disclosure Statement and Plan already provides for the appointment of a Post-Effective Date Debtor Representative to wind down the Estates in a cost-effective manner and a Creditor Trustee to, among other things, oversee Distributions and liquidation of any remaining assets of value.

36. Accordingly, I believe that Holders of Allowed Claims would receive less than anticipated under the Combined Disclosure Statement and Plan if the Chapter 11 Cases were converted to chapter 7 cases; and therefore, the classification and treatment of Claims and Interests in the Combined Disclosure Statement and Plan comport with section 1129(a)(7) of the Bankruptcy Code. In light of the foregoing, the Combined Disclosure Statement and Plan satisfies the "best interests test" because no Holder of a Claim or Interest in Classes 3 through 5(c) (the Impaired Classes under the Combined Disclosure Statement and Plan) would receive or retain property on account of its Claim or Interest under a liquidation scenario of a value that is more than such party will receive under the Combined Disclosure Statement and Plan.

**H. Priority Cash Payments (Section 1129(a)(9))**

37. I understand that the Bankruptcy Code generally requires that allowed administrative priority claims must be repaid in full in cash on the effective date unless the holder of such claim has agreed to certain other specified treatment. I understand that the Combined Disclosure Statement and Plan contemplates that, as soon as practicable after the Supplemental Administrative Claims Bar Date, to the extent not already paid, each Holder of an Allowed

Administrative Claim (other than Holders of Professional Fee Claims and Claims for fees and expenses pursuant to section 1930 of chapter 123 of title 28 of the United States Code) shall receive in exchange for such Allowed Administrative Claim: (i) Cash equal to the amount of such Allowed Administrative Claim; or (ii) such other treatment as to which the Debtors, the Post-Effective Date Debtor Representative, or the Creditor Trust, as applicable, and the Holder of such Allowed Administrative Claim shall have agreed upon in writing. In addition, no Holders of the types of Claims specified by 1129(a)(9)(B) are Impaired under the Combined Disclosure Statement and Plan and such Claims have been paid in the ordinary course. Furthermore, Allowed Priority Tax Claims will be paid in accordance with the terms set forth in section 1129(a)(9)(C) of the Bankruptcy Code. Accordingly, the Combined Disclosure Statement and Plan fully complies with and satisfies all of the requirements set forth in section 1129(a)(9) of the Bankruptcy Code.

**I. At Least One Class of Impaired, Non-Insider Claims Accepted the Combined Disclosure Statement and Plan (Section 1129(a)(10)).**

38. It is my understanding that section 1129(a)(10) of the Bankruptcy Code requires that, if a class of claims is impaired under a plan, at least one impaired class of claims must accept the plan, excluding acceptance by any insider. Class 3, which is Impaired, voted to accept the Combined Disclosure Statement and Plan. Accordingly, the Combined Disclosure Statement and Plan satisfies the requirements set forth in section 1129(a)(10) of the Bankruptcy Code.

**J. Feasibility (Section 1129(a)(11)).**

39. I understand that section 1129(a)(11) of the Bankruptcy Code requires a court to determine that a chapter 11 plan is feasible and that further liquidation or financial reorganization of the Debtors will not follow confirmation of such plan. It is my understanding the standard to determine the feasibility of a liquidating chapter 11 plan is whether the Debtors

will be able to make the payments required under the Combined Disclosure Statement and Plan, or whether the Combined Disclosure Statement and Plan may be implemented and has a reasonable likelihood of success.

40. I believe that the Combined Disclosure Statement and Plan is feasible. Through the Combined Disclosure Statement and Plan, the Post-Effective Date Debtor Representative or Creditor Trustee, as applicable, will orderly liquidate any remaining assets, wind-down the Estates, and make Distributions to Holders of Allowed Claims in accordance with the Bankruptcy Code and applicable law. I have analyzed the relevant Claims and corresponding plan treatment, and I believe that the Creditor Trustee and the Post-Effective Date Debtor Representative will be able to make all payments under the Combined Disclosure Statement and Plan. Further, PCAC will reimburse the Post-Effective Date Debtors or Creditor Trust, as applicable, for any Claims and fees that are reimbursable under the Sale Documents in accordance with the terms of such Sale Documents. The Creditor Trust Assets will be liquidated and the proceeds thereof will be used to cover the reasonable activities and expenses to be incurred by the Post-Effective Date Debtor Representative and the Creditor Trustee in winding down the Chapter 11 Cases and administering the Creditor Trust. The Debtors will fund the Professional Fee Escrow Account to pay Professional Fee Claims on the Effective Date. The Creditor Trust, through or as the Disbursing Agent, will make Distributions to satisfy payments on and after the Effective Date to Holders of Allowed Claims. For these reasons, I believe that the obligations under the Combined Disclosure Statement and Plan will be satisfied. Accordingly, the Combined Disclosure Statement and Plan satisfies the feasibility requirements set forth in section 1129(a)(11) of the Bankruptcy Code.

**K. The Combined Disclosure Statement and Plan Provides for the Payment of Certain Statutory Fees (Section 1129(a)(12)).**

41. I understand that section 1129(a)(12) of the Bankruptcy Code requires the payment of all fees payable under 28 U.S.C. § 1930. The Combined Disclosure Statement and Plan provides that all fees required under 28 U.S.C. § 1930 will be paid on the Effective Date or when such fees come due in the ordinary course, and I believe that the Creditor Trust or the Post-Effective Date Debtor Representative, as applicable, have adequate means to make such payments. Accordingly, the Combined Disclosure Statement and Plan satisfies the requirements set forth in section 1129(a)(12) of the Bankruptcy Code.

**L. The Combined Disclosure Statement and Plan Complies with Section 1129(a)(13) of the Bankruptcy Code.**

42. It is my understanding that section 1129(a)(13) of the Bankruptcy Code requires that any applicable retiree benefits will continue to be paid post-effective date at the level established by agreement or by court order pursuant to section 1114 of the Bankruptcy Code at any time prior to confirmation of the plan, for the duration of the period which the debtor has obligated itself. The Debtors do not have any retiree benefit programs within the meaning of section 1114 of the Bankruptcy Code. Accordingly section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Debtors.

**M. Sections 1129(a)(14) Through 1129(a)(16) of the Bankruptcy Code Do Not Apply to the Combined Disclosure Statement and Plan.**

43. I understand that sections 1129(a)(14) and 1129(a)(15) of the Bankruptcy Code apply only to debtors that are individuals, and that section 1129(a)(16) of the Bankruptcy Code applies only to debtors that are nonprofit entities or trusts. The Debtors are not individuals or nonprofit entities or trusts. Accordingly, sections 1129(a)(14)–(16) of the Bankruptcy Code are inapplicable to the Debtors.

**N. The Combined Disclosure Statement and Plan Satisfies the "Cram Down" Requirements of Section 1129(b) of the Bankruptcy Code.**

44. I understand that in the event that less than all classes of impaired claims or interests accept a plan, section 1129(b) of the Bankruptcy Code provides that a court may confirm a plan if it does not discriminate unfairly and provides fair and equitable treatment to each rejecting impaired class.

45. The Combined Disclosure Statement and Plan does not discriminate unfairly with respect to each Class of Claims or Interests that is Impaired and has not accepted the Combined Disclosure Statement and Plan—*i.e.*, Class 4 (Intercompany Claims), Class 5(a) (Interests in Winc), Class 5(b) (Interests in BWSC), and Class 5(c) (Interests in Winc Lost Poet). The Combined Disclosure Statement and Plan's treatment of these Classes is proper because all similarly situated Holders of Claims or Interests will receive substantially equivalent treatment and the Combined Disclosure Statement and Plan's classification scheme rests on a legally acceptable rationale. Further, the "fair and equitable" standard has been met. To the extent any Impaired rejecting Class of Claims or Interests is not paid in full, no Class junior to the Impaired rejecting Class will receive any Distribution under the Combined Disclosure Statement and Plan on account of its junior Claim or Interest.

**O. The Combined Disclosure Statement and Plan Complies with the Remaining Provisions of Section 1129 of the Bankruptcy Code (§ 1129(c)–(e)).**

46. The Combined Disclosure Statement and Plan satisfies the remaining provisions of section 1129 of the Bankruptcy Code. Only one plan has been proposed, thus section 1129(c) of the Bankruptcy Code is not relevant.

47. The Combined Disclosure Statement and Plan is not proposed to avoid taxes or the application of section 5 of the Securities Act of 1933. Further, I do not believe any Governmental Unit, nor any other party, has raised any objection to the Combined Disclosure

Statement and Plan on these grounds. I therefore submit that the Combined Disclosure Statement and Plan satisfies the requirements set forth in section 1129(d) of the Bankruptcy Code.

48. Finally, section 1129(e) of the Bankruptcy Code is inapplicable because none of the Chapter 11 Cases are a "small business case."

## II. The Discretionary Contents of the Combined Disclosure Statement and Plan Are Appropriate (Section 1123(b)).

49. It is my understanding that section 1123(b) of the Bankruptcy Code provides authority for certain discretionary provisions included in the Combined Disclosure Statement and Plan.

### A. Rejection of Executory Contracts and Unexpired Leases.

50. Section 12.1 of the Combined Disclosure Statement and Plan provides that on the Effective Date, all Executory Contracts of the Debtors shall be deemed rejected, pursuant to the Confirmation Order, as of the Effective Date, except to the extent (a) an Executory Contract is assumed under the Combined Disclosure Statement and Plan; (b) the debtors previously assumed, assumed and assigned or rejected such Executory Contract; (c) prior to the Effective Date, the Debtors have filed a motion to assume, assume and assign, or reject an Executory Contract and the Court has not ruled on such motion; or (d) an Executory Contract has been assumed by PCAC in connection with the Sale, unless such Executory Contract has been designated a Delayed Assumption Contract and has not been assumed as of the Delayed Assumption Date. I believe that rejection of the Debtors' remaining Executory Contracts will benefit the Debtors' Estates because the Estates are being, and will be, liquidated, and the Debtors have no further need for their remaining contracts or leases.

**B. Exculpation.**

51. The Combined Disclosure Statement and Plan includes certain exculpation and limitation of liability provisions. The Exculpated Parties have provided many valuable contributions to the progress of the Chapter 11 Cases, including assisting in stewarding the Debtors through the bankruptcy process, negotiating and implementing settlements with various parties, pursuing and closing the Sale, pursuing Confirmation of the Combined Disclosure Statement and Plan, and otherwise preserving Estate assets for the benefit of all stakeholders.

52. Each party receiving exculpation under the Combined Disclosure Statement and Plan is a fiduciary of the Estates, and I believe that the protection from liability provided for under the Combined Disclosure Statement and Plan is appropriate in light of the efforts provided by the Exculpated Parties in the Chapter 11 Cases, the Combined Disclosure Statement and Plan process, and their fiduciary relationship with the Debtors and their Estates.

53. For these varying contributions, I believe the exculpations included as part of the Combined Disclosure Statement and Plan are fair, equitable, and reasonable.

**C. Injunction.**

54. Section 14.1 of the Combined Disclosure Statement and Plan generally enjoins all persons or entities from commencing or continuing any suit, action, or other proceeding related to claims exculpated by the Combined Disclosure Statement and Plan and against property to be distributed pursuant to the Plan, as provided for in section 14.1(c) (the "Injunction"). I believe that enforcement of the exculpation provisions contained in section 14.1 of the Combined Disclosure Statement and Plan requires the Injunction to ensure that (a) property to be distributed pursuant to the Plan is free and clear of claims and interests against the Debtors; and (b) parties subject to the exculpations after the Effective Date are protected from any potential litigation addressed by the exculpation provisions. Without the Injunction, the power of the Combined

Disclosure Statement and Plan's exculpation provisions would be diminished. In addition, in accordance with the Solicitation Procedures Order, each Holder of a Claim or Interest was provided with conspicuous notice that contained, in bold font, the express language of the exculpation provisions contained in section 14.1 of the Combined Disclosure Statement and Plan.

55. Accordingly, I submit that the Injunction is narrowly tailored and should be approved together with the exculpation provision.

**CONCLUSION**

56. I believe that the Combined Disclosure Statement and Plan will enable the Holders of Allowed Claims to realize the highest possible recoveries under the circumstances of the Chapter 11 Cases. I therefore conclude that the Combined Disclosure Statement and Plan is in the best interests of all stakeholders and respectfully request that the Court enter an order confirming the Combined Disclosure Statement and Plan.

I certify under penalty of perjury that, based upon my knowledge, information, and belief as set forth in this Declaration, the foregoing is true and correct.

Dated: August 1, 2023

*/s/ Carol Brault*
Carol Brault
Authorized Person