**<u>EXHIBIT B</u>**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref.  Docket Nos. 403 & 444** |

**ORDER APPROVING AND CONFIRMING THE COMBINED DISCLOSURE
STATEMENT AND JOINT CHAPTER 11 PLAN OF WINC, INC.
AND ITS AFFILIATED DEBTORS**

Upon consideration of the (i) *Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* [Docket No. 444] (as amended, modified or supplemented, the "Combined Disclosure Statement and Plan"),[2] attached hereto as **Exhibit A**; and (ii) *Debtors' and Official Committee of Unsecured Creditors' Joint Motion for Entry of an Order (I) Approving the Combined Disclosure Statement and Joint Chapter 11 Plan on an Interim Basis; (II) Establishing Solicitation and Tabulation Procedures; (III) Approving the Form of Ballot and Solicitation Materials; (IV) Establishing the Voting Record Date; (V) Fixing the Date, Time, and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto; and (VI) Granting Related Relief* [D.I. 376] (the "Solicitation Procedures Motion") filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") and the Official Committee of Unsecured Creditors appointed in the Debtors' Chapter 11 Cases (the "Committee," and together with the Debtors, the "Plan Proponents"); and this Court, by order dated June 27, 2023 [D.I. 402] (the "Solicitation Procedures Order"), having conditionally

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2]  Capitalized terms used not defined herein shall have the meanings given to them in the Combined Disclosure Statement and Plan or in the Solicitation Procedures Order, as applicable.

approved the Combined Disclosure Statement and Plan for solicitation purposes and authorizing the Debtors to solicit approvals for the Combined Disclosure Statement and Plan; and the Debtors having filed the documents comprising the Plan Supplement on July 20, 2023 [D.I. 429] and July 28, 2023 [D.I. 440]; and having considered the *Declaration of Carol Brault in Support of Confirmation of the Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* [D.I. 446]; and having considered the creditor support for the Combined Disclosure Statement and Plan as evidenced on the record and in the *Declaration of Emily Young of Epiq Corporate Restructuring, LLC Regarding the Solicitation and Tabulation of Ballots Cast on Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* [D.I. 445] (the "Voting Declaration"); and there being filed no objections or reservations of rights pertaining to final approval and confirmation of the Combined Disclosure Statement and Plan; and a hearing having been held on August 3, 2023 regarding final approval and confirmation of the Combined Disclosure Statement and Plan (the "Hearing"); and upon the evidence adduced and proffered and the arguments of counsel made at the Hearing; and this Court having reviewed all documents in connection with confirmation and having heard all parties desiring to be heard; and upon the record in the Chapter 11 Cases; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor; this Court hereby makes the following:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.    The findings and conclusions set forth herein and on the record of the Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 1334(a) and 157(1) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  Venue of these proceedings and the Chapter 11 Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2) and this Court may enter a final order hereon under Article III of the U.S. Constitution.

C.      On June 5, 2023, the Debtors filed the initial version of the Combined Disclosure Statement and Plan [D.I. 375], which was later revised on June 27, 2023 [D.I. 403] and August 1, 2023 [D.I. 444].  The filing of the Combined Disclosure Statement and Plan satisfies the requirements of Bankruptcy Rule 3016 and Local Rule 3017-2.

D.      As evidenced by the affidavits of service filed on July 7, 2023 [D.I. 413] and July 12, 2023 [D.I. 415] (together, the "Affidavits of Service"), and the Voting Declaration, the Debtors caused the Ballots to be distributed as required by sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Local Rules, all other applicable provisions of the Bankruptcy Code, the Solicitation Procedures Order, and all other rules, laws and regulations applicable to such solicitation.   The solicitation materials were transmitted in accordance with the Solicitation Procedures Order.   Sufficient time in accordance with the applicable Bankruptcy Rules and Local Rules was provided for the Voting Class to accept, reject or object to confirmation of the Combined Disclosure Statement and Plan.  Such transmittal and service was adequate and sufficient under the circumstances and no other or further notice is or shall be required.

E.      As evidenced by the Affidavits of Service, the Debtors have provided proper, adequate, and sufficient notice of the Combined Disclosure Statement and Plan and

Confirmation Hearing, as required by Bankruptcy Rule 3017(d), to all Holders of Claims and Interests and all other parties in interest, and no other or further notice is or shall be required.

F.    The solicitation of acceptance or rejection of the Combined Disclosure Statement and Plan has been fair, properly conducted, in good faith, and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, the Solicitation Procedures Order, and all other rules, laws and regulations applicable to such solicitation.

G.    The Combined Disclosure Statement and Plan complies with all of the applicable provisions of the Bankruptcy Code including, but not limited to those regarding the (i) proper classification of Claims and Interests (sections 1122, 1123(a)(i) of the Bankruptcy Code); (ii) specification of Unimpaired Classes (section 1123(d)(2) of the Bankruptcy Code); (iii) specification of treatment of Impaired Classes (section 1123(a)(3) of the Bankruptcy Code); (iv) provision for the equal treatment of each Claim or Interest within a particular class (section 1123(a)(4) of the Bankruptcy Code); (v) provision for adequate and proper means of implementation (section 1123(a)(5) of the Bankruptcy Code); (vi) prohibition against the issuance of non-voting equity securities (section 1123(a)(6) of the Bankruptcy Code); (vii) manner of selection of the Creditor Trustee and the Post- Effective Date Debtor Representative (section 1123(a)(7) of the Bankruptcy Code); and (viii) inclusion of additional Plan provisions permitted to effectuate and implement the transactions contemplated by the Combined Disclosure Statement and Plan (section 1123(b) of the Bankruptcy Code); and, thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(1) of the Bankruptcy Code.

H.    As required by section 1129(a)(2) of the Bankruptcy Code, the Plan Proponents have complied with the Bankruptcy Code, Bankruptcy Rules, Local Rules, Solicitation

Procedures Order, all other rules, laws and regulations applicable to such solicitation, and other orders of this Court.

I.      The Combined Disclosure Statement and Plan has been proposed in good faith and in compliance with applicable provisions of the Bankruptcy Code and not by any means forbidden by law, thus satisfying section 1129(a)(3) of the Bankruptcy Code.

J.      Any payments made or promised by the Debtors for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Combined Disclosure Statement and Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to approval of this Court as reasonable, thus satisfying section 1129(a)(4) of the Bankruptcy Code.

K.      The identity of, and the terms of the proposed compensation to be paid to, the Creditor Trustee and the Post-Effective Date Debtor Representative is consistent with the interests of the Debtors' creditors and Holders of Interests and with public policy and thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

L.      The provisions of section 1129(a)(6)of the Bankruptcy Code are inapplicable to the Chapter 11 Cases.

M.      As evidenced by the Combined Disclosure Statement and Plan and at the Hearing, each Holder of a Claim or Interest in each Impaired Class has either accepted the Combined Disclosure Statement and Plan or will receive or retain under the Combined Disclosure Statement and Plan property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors liquidated under chapter 7 on such date. Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

N.     Class 3 voted to accept the Combined Disclosure Statement and Plan.  The Claims in Classes 1 and 2 are not Impaired under the Combined Disclosure Statement and Plan and the Holders of such Claims are, therefore, deemed to have accepted the Combined Disclosure Statement and Plan under section 1126(f) of the Bankruptcy Code, thus satisfying section 1129(a)(8) of the Bankruptcy Code.  The remaining Classes of Claims and Interests are Impaired by the Combined Disclosure Statement and Plan and are not entitled to receive or retain any property under the Combined Disclosure Statement and Plan and, therefore, are deemed to have rejected the Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code.  As found and determined below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the Combined Disclosure Statement and Plan may be confirmed notwithstanding the fact that such Classes are Impaired and are deemed to have rejected the Combined Disclosure Statement and Plan.

O.     Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the treatment of Claims under the Combined Disclosure Statement and Plan of the type specified in sections 507(a)(1) and 507(a)(3)–(a)(8) of the Bankruptcy Code, if any, complies with the provisions of section 1129(a)(9) of the Bankruptcy Code.

P.     At least one Impaired Class of Claims has accepted the Combined Disclosure Statement and Plan, determined without including any acceptances of the Combined Disclosure Statement and Plan by any insider.  Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

Q.      The Combined Disclosure Statement and Plan provides for adequate means for its implementation, is feasible and, thus, satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

R.      No Debtor offered "retiree benefits," as that term is used in the Bankruptcy Code, was required to pay a domestic support obligation, or is an individual.  Accordingly, sections 1129(a)(13)–(15) of the Bankruptcy Code are inapplicable.

S.      The Debtors are moneyed, business, or commercial corporations. Accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable.

T.      The primary purpose of the Combined Disclosure Statement and Plan is not the avoidance of taxes or the requirements of Section 5 of the Securities Act of 1933.

U.      The Plan Proponents have acted in good faith with respect to the formulation, solicitation and confirmation of the Combined Disclosure Statement and Plan pursuant to section 1125(e) of the Bankruptcy Code.

V.      Holders of Claims and Interests in Classes 4, 5(a), 5(b), and 5(c) are deemed to have rejected the Combined Disclosure Statement and Plan.  Based upon the evidence proffered, adduced, and presented by the Debtors at the Confirmation Hearing, the Combined Disclosure Statement and Plan does not discriminate unfairly and is fair and equitable with respect to the aforementioned Classes, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code. Thus, the Combined Disclosure Statement and Plan may be confirmed notwithstanding the deemed rejection of the Combined Disclosure Statement and Plan by the Holders of Claims and Interests in Classes 4, 5(a), 5(b), and 5(c).

W.      The transactions contemplated pursuant to the Combined Disclosure Statement and Plan are essential elements of the Combined Disclosure Statement and Plan,

proposed in good faith, critical to the Combined Disclosure Statement and Plan, and in the best interests of the Debtors, their Estates, all Holders of Claims, all Holders of Interests, and all other parties in interest. All of the documents to be executed and delivered in connection with such transactions were negotiated and proposed, and will be or have been entered into, in good faith, without collusion, and from arm's-length bargaining positions. All of such documents are, or will be, valid, binding, and enforceable agreements.

X.      Section 9.2 of the Combined Disclosure Statement and Plan provides for the substantive consolidation of the Debtors for all purposes related to the Combined Disclosure Statement and Plan, as set forth threin, including, without limitation, voting, confirmation, and Distributions thereunder. Based on the record of the Chapter 11 Cases, the acceptance of the Combined Disclosure Statement and Plan by the Voting Classes, and in the absence of any objections by parties impacted by the consolidation to such request, this Court finds that such substantive consolidation of the Debtors and their Estates is justified and appropriate in the Chapter 11 Cases for purposes of the Combined Disclosure Statement and Plan and the Distributions thereunder.

Y.      As a result of the foregoing, the Combined Disclosure Statement and Plan satisfies all applicable confirmation requirements.

Z.      This Court may retain jurisdiction over the matters set forth in Article XV of the Combined Disclosure Statement and Plan.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.      The Combined Disclosure Statement and Plan is approved and confirmed pursuant to section 1129 of the Bankruptcy Code. All ancillary Combined Disclosure Statement

and Plan documents necessary for implementing the Combined Disclosure Statement and Plan, including those in the Plan Supplement, are approved.

2.    The Combined Disclosure Statement and Plan is approved on a final basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

3.    Any objections to the adequacy of the information contained in the Combined Disclosure Statement and Plan or confirmation of the Combined Disclosure Statement and Plan not otherwise withdrawn, resolved or otherwise disposed of are overruled and denied.

4.    Subject to the provisions of the Combined Disclosure Statement and Plan, in accordance with section 1141(a) of the Bankruptcy Code, and notwithstanding any otherwise applicable law, upon the occurrence of the Effective Date, the terms of the Combined Disclosure Statement and Plan and this Confirmation Order shall be binding upon, and inure to the benefit of (i) the Debtors and the Post-Effective Date Debtors; (ii) the Creditor Trust; (iii) any and all Holders of Claims or Interests (irrespective of whether any of such Claims or Interests are Impaired under the Combined Disclosure Statement and Plan or whether the Holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Combined Disclosure Statement and Plan, or whether such Holders filed a proof of claim or interest); (iv) any other Entity giving, acquiring or receiving property under the Combined Disclosure Statement and Plan; (v) any and all non-Debtor parties to any Executory Contract; (vi) the Creditor Trustee, in his capacity as such; (vii) the Post-Effective Date Debtor Representative, in his capacity as such; and (viii) the respective Affiliates, officers, directors, agents, representatives, attorneys, successors or assigns, if any, of any of the foregoing.

5.    The Debtors shall remain debtors-in-possession under the Bankruptcy Code until the Effective Date.  As of the Effective Date, the Post-Effective Date Debtors, Post-Effective

Date Debtor Representative, and/or the Creditor Trustee, as applicable, are hereby authorized to wind up the Debtors' affairs and may make distributions after the Effective Date in accordance with this Confirmation Order and the Combined Disclosure Statement and Plan. The terms of the Combined Disclosure Statement and Plan shall govern the classification of Claims and Interests for purpose of Distributions to be made thereunder.

6.      The appointment of Brian K. Ryniker as the Creditor Trustee and Brian Ayers as the Post-Effective Date Debtor Representative and the terms of the proposed compensation thereof are hereby approved. The Creditor Trustee and the Post-Effective Date Debtor Representative shall have such rights, powers, and duties and shall receive such compensation as is provided for in the Combined Disclosure Statement and Plan, this Confirmation Order, and the Creditor Trust Agreement.

7.      Except as otherwise expressly provided under the Combined Disclosure Statement and Plan or herein, any and all Executory Contracts that have not been assumed or assumed and assigned by the Debtors as of the Effective Date shall be deemed rejected effective as of the Effective Date. For the avoidance of doubt, to the extent executory, the APA, TSA, MSA, and/or other ancillary documents that are related to the 363 Sale, shall be assumed by the Debtors or the Post-Effective Date Debtors, as applicable.

8.      On the Effective Date, the Committee shall be dissolved as provided by Section 16.7 of the Combined Disclosure Statement and Plan and the members of the Committee and the Professionals retained by the Committee shall be deemed released from their respective fiduciary obligations, duties, and responsibilities, subject to the rights set forth therein. Notwithstanding the foregoing, Professionals retained by the Committee shall be entitled to prosecute their respective Professional Fee Claims.

9.      On the Effective Date, the engagement of each Professional retained by the Debtors shall be terminated without further order of the Bankruptcy Court; *provided*, *however*, such Professional shall be entitled to prosecute their respective Professional Fee Claims.

10.     As of the Effective Date, each member of the existing board of directors or managers, as applicable, and other governing bodies of each of the Debtors shall be deemed to have been removed, in each case without any further action required on the part of the Debtors or the Debtors' directors, officers, managers, shareholders, or members, and without further notice to or order of this Court, act or action under applicable law, regulation, order, rule or the vote, consent, authorization or approval of any person or Entity.

11.     Unless required to be filed by an earlier date by another order of this Court, any Holder of an Administrative Claim, other than a Professional Fee Claim or a claim for U.S. Trustee Fees, must (a) file with this Court a request for payment of such Administrative Claim (an "Administrative Claim Request") so as to be received by the Administrative Claim Bar Date, which shall be 5:00 p.m. (prevailing Eastern Time) on the date that is forty-five (45) days after the Effective Date Notice is filed and served and (b) serve such Administrative Claims Request on (i) the Creditor Trust, (ii) the U.S. Trustee, and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002.  Such request must include at a minimum:  (a) the name of the Debtor(s) that are purported to be liable for the Administrative Claim; (b) the name of the Holder of the Administrative Claim; (c) the amount of the Administrative Claim; (d) the basis of the Administrative Claim; and (e) all supporting documentation for the Administrative Claim.  Any Administrative Claim that is not timely filed as set forth above will be forever barred, and Holders of such Administrative Claims will not be able to assert such Claims in any manner against the Creditor Trust, Creditor Trustee, the Post-Effective Date Debtors, the Post-Effective Date Debtor

Representative, the Debtors, or their Estates, or their respective successors or assigns or their respective property.

12.    Unless required to be filed by an earlier date by another order of this Court, all Professional Fee Claims must be (a) filed on or before 5:00 p.m. (prevailing Eastern Time) on the date that is forty-five (45) days after the Effective Date Notice is filed with this Court; and (b) served on (i) the Creditor Trust (to the extent filed after the Effective Date), (ii) the U.S. Trustee, (iii) counsel to the Debtors, and (iv) counsel to the Committee.  Parties will have twenty-one (21) days to object to the Professional Fee Claims.  After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior orders of this Court in the Chapter 11 Cases, this Court shall determine the Allowed amounts of such Professional Fee Claims.  Any request for payment of a Professional Fee Claim that is not timely filed as set forth above will be forever barred, and holders of such Professional Fee Claims will not be able to assert such Claims in any manner against the Creditor Trust, the Creditor Trustee, the Post-Effective Date Debtor Representative, the Debtors, or their Estates, or their respective successors or assigns or their respective property.

13.    The substantive consolidation of the Debtors, as set forth in Section 9.2 of the Combined Disclosure Statement and Plan, for purposes of confirming and consummating the Plan, is approved pursuant to sections 105(a), 541, 1123 and 1129 of the Bankruptcy Code.

14.    This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Combined Disclosure Statement and Plan.  To the fullest extent permitted by applicable law, each federal, state, commonwealth, local, or other governmental agency is hereby authorized to accept any and all documents and

instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Combined Disclosure Statement and Plan and this Confirmation Order, and the Post-Effective Date Debtors, Creditor Trustee, or Trust, as applicable, shall not be required to pay any fee or assessment with respect thereto.

15. To the fullest extent permitted by section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to, in contemplation of, or in connection with the Combined Disclosure Statement and Plan shall not be subject to any stamp tax, document recording tax, conveyance fee, intangibles, or similar tax, real estate transfer tax, sales or use tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment in the United States, and this Confirmation Order hereby directs the appropriate state or local government officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

15.    To the fullest extent permitted by section 1146(a) of the Bankruptcy Code, any issuance, transfer, or exchange of security, or the making or delivery of an instrument of transfer under the Combined Disclosure Statement and Plan may not be taxed under any law imposing a stamp tax or similar tax.

16.    The Debtors are hereby authorized to execute, deliver, file or record such documents, contracts, instruments, releases, and other agreements, and to take such other actions, as may be necessary or appropriate to effectuate, implement, or further evidence the terms and conditions of the Combined Disclosure Statement and Plan.  On and after the Effective Date, the Creditor Trustee and the Post-Effective Date Debtor Representative, as applicable, are authorized

30563047.8

and empowered to issue, execute, file, and deliver or record such documents, contracts, instruments, releases, and other agreements in the name of and on behalf of the Debtors.

17.     Each term and provision of the Combined Disclosure Statement and Plan, as it may have been altered or interpreted by the terms of this Confirmation Order, is:  (i) valid and enforceable pursuant to its terms; (ii) integral to the Combined Disclosure Statement and Plan; and (iii) non-severable and mutually dependent.

18.     This Court hereby retains jurisdiction of the Chapter 11 Cases and all matters arising under, arising out of, or related to, the Chapter 11 Cases and the Combined Disclosure Statement and Plan (i) as provided for in Article XV of the Combined Disclosure Statement and Plan, (ii) as provided for in this Confirmation Order, and (iii) for the purposes set forth in sections 1127 and 1142 of the Bankruptcy Code.

19.     The exculpation, injunction, and indemnification provisions contained in the Combined Disclosure Statement and Plan are expressly incorporated into this Confirmation Order as if set forth in full and are hereby authorized and approved and shall be effective and binding on all persons or entities, to the extent provided therein.

20.     Notwithstanding any provision to the contrary in the Plan, the Plan Supplement, this Order or any implementing Plan documents (collectively, "Documents"):  As to the United States and the Commonwealth of Pennsylvania, Department of Revenue (together, the "Authorities"), nothing in the Documents shall: (1) discharge, release, enjoin, impair or otherwise preclude (a) any liability to the Authorities that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code ("claim"), (b) any claim of the Authorities arising after the Effective Date, or (c) any liability of any entity or person under police or  regulatory statutes or regulations to any Governmental Unit (as defined by section 101(27) of the Bankruptcy Code) as

30563047.8

14

the owner, lessor, lessee or operator of property or rights to property that such entity owns, operates

or leases after the Confirmation Date; (2) release, nullify, preclude or enjoin the enforcement of

any police or regulatory power; (3) release, enjoin, impair or discharge any non-Debtor from any

claim, liability, suit, right or Cause of Action of the Authorities, or enjoin or impair the prosecution,

enforcement or collection of any such claim, liability, suit, right, or Cause of Action against any

non-Debtor; (4) affect any setoff or recoupment rights of the Authorities and such rights are

preserved; (5) require the Authorities to file an administrative claim in order to receive payment

for any liability described in section 503(b)(1)(B) and (C) pursuant to section 503(b)(1)(D) of the

Bankruptcy Code; (6) constitute an approval or consent by the Authorities without compliance

with all applicable legal requirements and approvals under non-bankruptcy law; (7) be construed

as a compromise or settlement of any liability, claim, Cause of Action or interest of the Authorities;

(8) confer exclusive jurisdiction to the Bankruptcy Court with respect to any federal rights, suits,

interests, claims, liabilities and Causes of Action, except to the extent set forth in 28 U.S.C. § 1334

(as limited by any other provisions of the United States Code); or (9) modify the scope of sections

502 or 505 of the Bankruptcy Code with respect to the claims of the Authorities.

21.     Administrative expense claims of the Authorities allowed pursuant to the

Plan or the Bankruptcy Code shall be paid on the Effective Date, or as soon as practicable after

the Effective Date, and shall accrue interest and penalties in accordance with the Bankruptcy Code

and non-bankruptcy law until paid in full.  Priority Tax Claims of the Authorities allowed pursuant

to the Plan or the Bankruptcy Code will be paid in accordance with section 1129(a)(9)(C) of the

Bankruptcy Code.  To the extent such allowed Priority Tax Claims (including any penalties,

interest or additions to tax entitled to priority under the Bankruptcy Code) are not paid in full in

cash on the Effective Date, then such Priority Tax Claims shall accrue interest commencing on the

Effective Date at the rate set forth in section 511 of the Bankruptcy Code. Moreover, nothing shall affect a release, injunction or otherwise preclude any claim whatsoever against any Debtor or any of the Debtors' estates by or on behalf of the Authorities for any liability arising (a) out of prepetition or postpetition tax periods for which a return has not been filed or (b) as a result of a pending audit or audit that may be performed with respect to any prepetition or postpetition tax period. Further, nothing shall enjoin the Authorities from amending any claim against any Debtor or any of the Debtors' estates with respect to any tax liability (a) arising out of prepetition or postpetition tax periods for which a tax return has not been filed or (b) from a pending audit or audit that may be performed with respect to any prepetition or postpetition tax period. Any liability arising (a) out of prepetition or postpetition tax periods for which a return has not been filed or (b) as a result of a pending audit or audit which may be performed with respect to any prepetition or postpetition tax period shall be paid in accordance with section 1129(a)(9)(A) and (C) of the Bankruptcy Code. Without limiting the foregoing but for the avoidance of doubt, the Debtors and the Creditor Trustee shall comply with federal law and nothing contained in the Documents shall be deemed to bind the Authorities to any characterization of any transaction for tax purposes or to determine the tax liability or withholding obligations of any person or entity, including, but not limited to, the Debtors and the Debtors' estates, nor shall the Documents be deemed to have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of this Plan, nor shall anything in the Documents be deemed to have conferred jurisdiction upon the Bankruptcy Court to make determinations as to federal tax liability and federal tax treatment except as provided under section 505 of the Bankruptcy Code.

22.    Nothing contained in the preceding paragraphs shall be construed as a waiver of any rights of the Debtors, the Estates, or the Creditor Trust to object to any claims of the

Authorities, seek to reclassify all or any portion of any such claim, or act as a waiver of any right to seek expedited consideration under section 505 of the Bankruptcy Code.

23.     The failure to reference or discuss any particular provision of the Combined Disclosure Statement and Plan in this Confirmation Order shall have no effect on the validity, binding effect and enforceability or such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Combined Disclosure Statement and Plan.

24.     The provisions of Federal Rule of Civil Procedure 62, as applicable pursuant to Bankruptcy Rule 7062, and Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order.  The period in which an appeal with respect to this Confirmation Order must be filed shall commence immediately upon the entry of this Confirmation Order.

25.     Pursuant to Bankruptcy Rule 2002(f)(7) and 3020(c), the Creditor Trust shall serve the Effective Date Notice, in accordance with Section 13.2 of the Combined Disclosure Statement and Plan.

26.     In the event any provision of the Combined Disclosure Statement and Plan is inconsistent with any document or agreement to be executed pursuant to the Combined Disclosure Statement and Plan, the provisions of the Combined Disclosure Statement and Plan shall control; *provided however*, that this Confirmation Order shall control in the event of any inconsistency between this Confirmation Order and any provision of the Combined Disclosure Statement and Plan.

27.     This Confirmation Order shall be deemed to be a separate confirmation order with respect to each Debtor and it shall be sufficient for the purposes thereof that the Clerk

of this Court enters this Confirmation Order in the docket of the above-captioned jointly administered case.

28.    Subject to the occurrence of the Effective Date, and notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, 8001 or otherwise, immediately upon the entry of this Confirmation Order, the terms of the Combined Disclosure Statement and Plan and this Confirmation Order shall be, and hereby are, immediately effective and enforceable.

29.     The Debtors are authorized to consummate the Combined Disclosure Statement and Plan at any time after the entry of the Confirmation Order, subject to satisfaction or waiver of the conditions precedent to the occurrence of the Effective Date as set forth in Article XIII of the Combined Disclosure Statement and Plan. ~~On the Effective Date and the commencement of Distributions under the Combined Disclosure Statement and Plan, the Combined Disclosure Statement and Plan shall be deemed to be substantially consummated within the meaning in section 1101 and pursuant to section 1127(b) of the Bankruptcy Code.~~

# EXHIBIT A

## Combined Disclosure Statement and Plan

### *Intentionally Omitted*