**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC. et al,[1]<br><br>              Debtors. | ) Chapter 11<br>)<br>) Case No. 22-11238 (LSS)<br>) (Jointly Administered)<br>)<br>) Hearing: September 28, 2023 @ 2:30pm (ET)<br>) Obj. Deadline: September 14, 2023 @ 4:00pm (ET)<br>)<br>) |

**JOINT MOTION OF CLUB W CREDITOR TRUST AND**
**POST-EFFECTIVE DATE DEBTOR REPRESENTATIVE FOR**
**ENTRY OF AN ORDER, PURSUANT TO BANKRUPTCY RULES 9006**
**AND 9027, FURTHER EXTENDING THE PERIOD TO REMOVE ACTIONS**
**PURSUANT TO 28 U.S.C. § 1452**

Brian K. Ryniker, as Creditor Trustee of the Club W. Creditor (the "Creditor Trust"), and Brian Ayers, as Post-Effective Date Debtor Representative ("Debtor-Representative" and together with the Creditor Trust, "Movants") in each case pursuant to that certain *Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization of Winc, Inc. and Its Affiliated Debtors* [Docket No.444] (the "Plan") filed in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases") commenced by Winc, Inc. and its affiliates (collectively, "Debtors"), hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached as Exhibit A hereto (the "Proposed Order"), pursuant to Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the period within which the Debtors, their estates, the Creditor Trustee, and/or the Creditor Trust, as applicable, may remove actions pursuant to 28 U.S.C. § 1452 from the current deadline of August 28, 2023 (the "Current Removal Deadline") through and including January 25, 2024. In support of this Motion, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). In accordance with Section 9.5 of the Plan, the Debtor Winc Lost Poet, LLC was dissolved as the Effective Date (as defined therein).

Movants respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Movants confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Bankruptcy Rules 9006 and 9027.

## BACKGROUND

4. On November 30, 2022 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5. No request has been made for the appointment of a trustee or examiner in the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. Additional factual background relating to the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Carol Brault in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").

7. After the Petition Date, the Debtors initiated a Court-supervised bidding and sale

process (the "Sale Process") for substantially all of the Debtors' assets (the "Assets") [Docket No. 85]. The Sale Process culminated in the sale (the "Sale") of the Assets to Project Crush Acquisition Corp LLC [Docket No. 149] (the "Purchaser") which was approved by the Court pursuant to an order entered on January 18, 2023 [Docket No. 203] (the "Sale Order") and closed on January 23, 2023.

8. On August 3, 2023, the Plan was confirmed by the Bankruptcy Court by Order dated August 3, 2023 [Docket No. 457] and became effective on August 9, 2023 (the "Effective Date").

9. Following confirmation of the Plan, the Movants commenced their respective roles under the Plan and are working with Purchaser to perform the Debtors' obligations under that certain *Transition Services Agreement* (the "TSA") entered into between the Debtors and the Purchaser in connection with the Sale. Debtor BWSC, LLC continues to operate its business in accordance with the TSA, and the Purchaser remains obligated to satisfy related costs and expenses, as required by the TSA.

10. In accordance with and pursuant to Section 9.4 of the Plan, as of the Effective Date, the Creditor Trust Assets, including, but not limited to, the Retained Causes of Action (each as defined in the Plan), and all rights to and interests therein, were transferred to and vested in the Creditor Trust. In accordance with and pursuant to Section 9.5 of the Plan, as of the Effective Date, the Post-Effective Date Debtor Representative was appointed to oversee the operations, and ultimate wind down and dissolution, of the Post-Effective Date Debtors. The Creditor Trustee and the Post-Effective Date Debtor Representative bring this Motion jointly, as extension of the removal deadline is in the mutual best interest of the Debtors, their estates, their creditors, the Beneficiaries of the Creditor Trust, and all other parties-in-interest, as the extension of the Current

Removal Deadline will govern and apply to actions that are Creditor Trust Assets vested in the Creditor Trust as of the Effective Date and administered by the Creditor Trustee.

## PRIOR EXTENSION REQUEST

11. The Court has previously granted two extensions of the removal deadline [Docket Nos. 296 and 387], which extended the period to remove actions pursuant to 28 U.S.C. § 1452 through and including August 28, 2023, without prejudice to the right to seek further extensions thereof.

## RELIEF REQUESTED

12. The Creditor Trustee, as successor-in-interest to the Debtors with respect to the Retained Causes of Action, and the Post-Effective Date Debtor Representative, as the operator of Reorganized BWSC appointed under the Plan, are the appropriate parties to request a further extension of the removal deadline following the occurrence of the Effective Date. By this Motion, the Movants request entry of the Proposed Order, further extending the period to remove actions and related proceedings by approximately 150 days without prejudice to seeking further extensions of the time within which to remove actions and related proceedings.[2]

## BASIS FOR RELIEF

13. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, section 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

---

[2] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Current Removal Deadline shall automatically extend the Current Removal Deadline until the Court acts on this Motion without the necessity for entry of a bridge order.

4

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in pertinent part that:

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

14. Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1). Accordingly, the Court is authorized to grant the relief requested herein. *See Raff v. Gordon*, 58 B.R. 988, 991 (Bankr. E.D. Pa. 1986) (stating that the period within which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (same); *see also Doan v. Loomis (In re Fort Dodge Creamery Co.)*, 117 B.R. 438, 442–43 (Bankr. N.D. Iowa 1990) (implying that the time period within which a removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19, 26 (Bankr. N.D.N.Y. 1988) (same).

15. The Movants are currently unaware of any actions pending in the courts of certain states and federal districts (each, an "Action," and collectively, the "Actions"). However, out of an abundance of caution, the Movants believe that it is prudent to seek a further extension of the

time established by Bankruptcy Rule 9027 to remove any Actions, to the extent such Actions exist, or the Movants become aware of any Action, while the Chapter 11 Cases are pending. While Movants are not aware of any Actions currently pending, Movants may commence one or more adversary proceedings.

16. The Movants submit that further extending the Current Removal Deadline is in the best interests of their stakeholders. The Plan just recently became effective and the Movants have commenced their respective roles in these Chapter 11 Cases. Since the Court entered its order establishing the Current Removal Deadline, the Debtors and the Creditor Trustee, as applicable, have (i) worked diligently with the Committee on the terms of the Plan and obtained confirmation of the Plan; (ii) continued to evaluate claims in connection with the claims reconciliation process; (iii) responded to creditor inquiries; (iv) filed required financial disclosures; (v) performed tasks and activities under the TSA; and (vi) handled the various other tasks related to the administration of the Debtors' bankruptcy estates, the Creditor Trust, and the Chapter 11 Cases.

17. The Movants believe that it is in the best interest of their stakeholders to preserve the status quo and extend the Current Removal Deadline. Such extension will afford the Movants an opportunity to make fully informed decisions concerning the removal of any Actions and will assure that the Movants do not forfeit the valuable rights afforded to them under 28 U.S.C. § 1452. Furthermore, the Movants submit that granting the extension requested herein will not prejudice the rights of any adversaries in the Actions because such parties may not prosecute such Actions absent relief from the automatic stay. In addition, nothing herein will prejudice any party to any Action that the Movants may ultimately attempt to remove from seeking the remand of such Action under 28 U.S.C. § 1452(b) at the appropriate time.

18. For the reasons set forth above, the Movants submit that extending the Current

Removal Deadline through and including January 25, 2024, is prudent and in the best interests of their stakeholders.

## NOTICE

19. Notice of this Motion will be given to: (i) the Office of the United States Trustee; (ii) all known parties to the Actions or their counsel, if known; and (iii) parties who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Movants submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Movants respectfully request entry of the Proposed Order, further extending the period within which the Movants may remove actions pursuant to 28 U.S.C. § 1452 through and including January 25, 2024, and granting such other and further relief as the Court may deem just and proper.

Dated: August 28, 2023

**A.M. SACCULLO LEGAL, LLC**

*/s/ Mark T. Hurford*
Mark T. Hurford, Esq. (No. 3299)
27 Crimson King Drive
Bear, DE 19701
Tel: (302) 836-8877
Fax: (302) 836-8787
mark@saccullolegal.com

*Counsel for Brian K. Ryniker, in his Capacity as Creditor Trustee of the Club W Creditor Trust*

and

**CAROTHERS & HAUSWIRTH LLP**

*/s/ Gregory W. Hauswirth*
Gregory W. Hauswirth (No. 5679)
Patrick W. Carothers (PA ID No. 85721)
1007 N. Orange Street, 4th Foor
Wilmington, DE 19801
Direct: 302.332.7181
Facsimile: 412.910.7510
ghauswirth@ch-legal.com
pcarothers@ch-legal.com

*Counsel for Bryan Ayers, the Post-Confirmation Debtor Representative*