**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.:  22-11238 (LSS)<br>(Jointly Administered)<br><br>**Objection Deadline: September 28, 2023 @ 4:00 pm ET**<br>**Hearing Date: September 28, 2023 @ 2:30 pm (ET)** |

**SUMMARY OF THIRD INTERIM AND FINAL FEE APPLICATION[2] OF
COHNREZNICK LLP AS FINANCIAL ADVISORS AND COHNREZNICK CAPITAL
MARKETS SECURITIES, LLC AS INVESTMENT BANKER TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES
RENDERED DURING THE (I) INTERIM PERIOD FROM JUNE 1, 2023 THROUGH
AND INCLUDING AUGUST 8, 2023, AND (II) FINAL PERIOD FROM
<u>DECEMBER 20, 2022 THROUGH AND INCLUDING AUGUST 8, 2023</u>**

| *General Information* | |
|---|---|
| Name of Applicant: | CohnReznick LLP and CohnReznick Capital Markets Securities, LLC |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Petition Date: | November 30, 2022 |
| Date of Retention: | *February 10, 2023 nunc pro tunc* to December 20, 2022 |
| Prior Applications: | 2 |
| *Summary of Fees and Expenses Sought in this Application – Third Interim Period* | |
| Period for which Compensation and Reimbursement is Sought: | June 1, 2023 through August 8, 2023 ("**3rd Interim Period**") |
| Amount of Compensation Sought as Actual, Reasonable and Necessary for the **3rd Interim Period** | |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[2]  CohnReznick LLP ("CohnReznick") and CohnReznick Capital Market Securities, LLC ("CRC") (collectively, "CohnReznick") files this Third Interim and Final Fee Application in compliance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* Docket No. 126.

| (Including Holdback): | $47,317.50[3] |
|---|---|
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for the **3rd Interim Period:** | $61.40 |
| Total Compensation and Expense Reimbursement Requested During the 3rd Interim Period (Including Holdback): | $47,378.90 |

| *Summary of Fees and Expenses Paid Relating to the Third Interim Period* | |
|---|---|
| Compensation Sought for the 3rd Interim Period Previously Paid Pursuant to Interim Compensation Order But Not Yet Allowed (80% of Fees): | $0.00 |
| Expenses Sought for the 3rd Interim Period Previously Paid Pursuant to Interim Compensation Order But Not Yet Allowed (100% of Expenses): | $0.00 |
| Total Compensation and Expenses Sought for the 3rd Interim Period Previously Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $0.00 |
| Total Compensation and Expenses Sought for the 3rd Interim Period Not Yet Paid: | $47,378.90[4] |

| *Summary of Rates and Timekeepers in the Third Interim Period* | |
|---|---|
| Capped Blended Rate in this Final Application for all professionals, excluding paraprofessionals | $675.00[3] |
| Capped Blended Rate During the 3rd Interim Period for All Timekeepers | $675.00[3] |
| Number of Timekeepers During the 3rd Interim Period: | 5 (4 professionals and 1 paraprofessional) |

---

[3] As an accommodation to the Committee, the normal billing rates for CohnReznick LLP ("CR") and for CohnReznick Capital Markets Securities, LLC ("CRC") (collectively, "CohnReznick") are capped at a blended rate of $675.00 per hour. Due to CohnReznick's capped blended rate of $675 per hour, the 1st monthly statement application reflects a reduction of excess fees of $9,134.50 and the 2nd monthly statement application reflects a reduction of excess fees of $31,684.50, for a total carry over of excess fees in the amount of $40,819.00. A portion of the excess carry-over has been applied to the 3rd, 4th monthly statement applications, and combined 5th monthly statement application, leaving an excess carry-over balance of $9,968.50. The amount of $5,546.00 has been applied from the excess fee carry-over balance to the third interim fee application for the period from June 1, 2023 through and including August 8, 2023. After applying same, the excess fee carry-over balance is $4,422.50 and remains to be used.

[4]      The total compensation and expenses sought for the third interim period has not yet been presented to the Court and is included in this Application.

| | |
|---|---|
| Interim or Final Period | Interim |
| **Summary of Fees and Expenses Sought for the Final Period** | |
| Period for which Compensation and Reimbursement is Sought in this Application: | December 20, 2022 through and including August 8, 2023 ("**Final Period**") |
| Total Amount of Compensation Sought as Actual, Reasonable and Necessary for the **Final Period (Including Holdbacks):** | $278,370.00[3] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for the **Final Period:** | $482.00 |
| Total Compensation and Expense Reimbursement Requested for the **Final Period (Including Holdbacks):** | $278,852.00 |
| Capped Blended Rate in this Final Application for all professionals, excluding paraprofessionals | $675.00[3] |
| Capped Blended rate in this application for all Timekeepers | $675.00[3] |
| Number of Timekeepers Included in this Application for the Final Period: | 7 (5 professionals and 2 paraprofessional) |
| Number of Timekeepers Billing Fewer than 15 Hours to the Case for the Final Period: | 1 |
| Increase in Rates Since Date of Retention | 0 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate the amount of compensation attributable to any rate increase | No |
| **Summary of Fees and Expenses Allowed Pursuant to Prior Applications** | |
| Total Amount of Compensation for the Final Period Approved Pursuant to Interim Compensation Order: | $184,842.00 (80%) |
| Total Amount of Expenses for the Final Period Approved Pursuant to Interim Compensation Order: | $420.60 |
| Total Compensation and Expenses for the Final Period Approved Pursuant to Interim Compensation Order to Date: | $185,262.60 |
| Total Allowed Compensation for the Final Period | $0.00 (80%) |

| | |
|---|---|
| Paid to Date (But Not Yet Awarded): | |
| Total Allowed Expenses for the Final Period Paid to Date (But Not Yet Awarded): | $0.00 |
| Total Allowed Compensation and Expenses for the Final Period Paid to Date (But Not Yet Awarded): | $0.00 |
| **This is a[n]☐ monthly ☑ interim ☑ final application** | |

## SUMMARY OF PRIOR MONTHLY APPLICATIONS

| Monthly / Date Filed / Docket No. | Period Covered | Fees and Expenses Requested | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Remaining Unpaid (inclusive of Holdback Fees) | |
|---|---|---|---|---|---|---|---|---|---|
| | | Fees Requested at 100% | Expenses Requested | Fees Allowed / Awarded at 80% | Expenses Awarded | Fees | Expenses | Fees | Expenses |
| 1st Monthly Application 2/14/23 DI #239 | 12/20/22 - 12/31/22 | $52,177.50 | $0.00 | $41,742.00 | $0.00 | $41,742.00 | $0.00 | | |
| 2nd Monthly Application 2/14/23 DI#240 | 01/01/23 – 01/31/23 | $80,257.50 | $380.50 | $64,206.00 | $380.50 | $64,586.50 | $0.00 | | |
| 3rd Monthly Application 4/13/23 DI#320 | 02/01/23 – 02/28/23 | $46,642.50 | $0.00 | $37,314.00 | $0.00 | $46,642.50 | $0.00 | | |
| **Subtotal: 1st Interim Period** | **12/20/22 – 02/28/23** | **$179,077.50** | **$380.50** | **$105,948.00** | **$380.50** | **$179,458.00** | **$0.00** | | |
| 4th Monthly Application 4/28/23 DI #339 | 03/01/23 - 03/31/23 | $20,452.50 | $0.00 | $16,362.00 | $0.00 | $0.00 | | $20,452.50 | |
| 5th Combined Monthly Application 2/14/23 DI #239 | 04/01/23 - 05/31/23 | $31,522.50 | $40.10 | $25,218.00 | $40.10 | $0.00 | | $31,562.60 | |
| **Subtotal: 2nd Interim Period** | **03/01/23 – 05/31/23** | **$51,975.00** | **$40.10** | **$41,580.00** | **$40.10** | **$0.00** | | **$52,015.10** | |

| Monthly / Date Filed / Docket No. | Period Covered | Fees and Expenses Requested | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Remaining Unpaid (inclusive of Holdback Fees) | |
|---|---|---|---|---|---|---|---|---|---|
| | | Fees Requested at 100% | Expenses Requested | Fees Allowed / Awarded at 80% | Expenses Awarded | Fees | Expenses | Fees | Expenses |
| 3rd Interim Application[5] | 06/01/23 - 08/08/23 | $47,317.50 | $61.40 | $0.00 | $0.00 | $0.00 | | $47,378.90[5] | |
| **TOTAL** | | **$278,370.00** | **$482.00** | **$147,528.00** | **$420.60** | **$179,458.00** | | **$99,394.00** | |

## SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| # | Date Filed and Docket No. | Period Covered | Total Fees and Expenses Requested | | Approved By Court Order | | Total Fees and Expenses Paid to Date | | Total Fees and Expenses Remaining Unpaid | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved | Fees | Expenses | Fees | Expenses |
| 1 | 04/14/23 DI #325 | 12/20/22 – 02/28/23 | $179,077.50 | $380.50 | $179,055.50 | $380.50 | $179,458.00 | | $0.00 | |
| 2 | 07/19/23 DI #425 | 03/01/23 – 05/31/23 | $51,975.00 | $40.10 | $0.00 | $0.00 | $0.00 | | $52,015.10 | |
| **TOTAL** | | | **$231,052.50** | **$420.60** | **$179,055.50** | **$380.50** | **$179,458.00** | | **$52,015.10** | |

Summary of Any Objections to Monthly Fee Statements:  None

Compensation and Expenses Sought in This Application Not Yet Paid: $99,394.00

---

[5] The total compensation and expenses sought for the third interim period has not yet been presented to the Court and is included in this Application.

**SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS**
**FOR THE *THIRD INTERIM PERIOD***
**JUNE 1, 2023 THROUGH AND INCLUDING AUGUST 8, 2023**

| Name of Professional | Title/Position | Total Hours | Hourly Billing Rate* | Total Compensation |
|---|---|---|---|---|
| Kevin Clancy | Partner | 15.9 | $995 | $15,820.50 |
| Vinni Toppi | Partner | 2.3 | $995 | $2,288.50 |
| Molly Jobe | Director | 12.4 | $875 | $10,850.00 |
| Lydia Swonke | Senior Associate | 3.5 | $575 | $2,012.50 |
| Paula Lourenco | Paraprofessional | 36.0 | $300 | $10,800.00 |
| | **Total** | **70.1** | | **$41,771.50** |
| Carry-Over Reduction of Excess Fees*/[3] | | | | $5,546.00[3] |
| Blended Fees after Carry-Over*/[3] | | | | $47,317.50 |
| | | | | |
| | | | | **$47,317.50** |
| Capped Blended Rate (All Timekeepers) | | | $675.00*/[3] | |
| | | | | |
| * As an accommodation to the Committee, the normal hourly billing rates for CohnReznick LLP and for CohnReznick Capital Markets Securities, LLC are capped at a blended rate of $675 per hour. | | | | |

*[Remainder of Page Left Intentionally Blank]*

| SUMMARY BY ACTIVITY CODE CATEGORY FOR THE *THIRD INTERIM PERIOD* JUNE 1, 2023 THROUGH AND INCLUDING AUGUST 8, 2023 | | |
|---|---|---|
| **Description** | **Hours** | **Fees** |
| Analyze Assets and Liabilities | 0.4 | $350.00 |
| Analyze/Reconcile Claims | 0.3 | $262.50 |
| Case Administration (including retention matters) | 5.4 | $4,268.00 |
| Document Review/Index | 20.0 | $6,000.00 |
| Evaluate Sale of Debtors' Assets/Liquidation | 5.0 | $4,747.00 |
| General Telephone Conference | 4.5 | $4,249.50 |
| Monthly and Interim Fee Applications | 13.8 | $4,974.00 |
| Operating Reports/Results | 2.7 | $2,398.50 |
| Plan and Disclosure Statement | 5.6 | $5,488.00 |
| Prepare/Review Cashflow Projections | 5.4 | $3,783.00 |
| Prepare/Review Flash Report for Period Ending | 1.1 | $1,010.50 |
| Review/Analyze Budget | 5.9 | $4,240.50 |
| **Services Total:** | **70.1** | **$41,771.50** |

**EXPENSE SUMMARY**
**FOR THE *THIRD INTERIM PERIOD***
**JUNE 1, 2023 THROUGH AND INCLUDING AUGUST 8, 2023**

| Expense Category | Service Provider | Total Expenses |
|---|---|---|
| Pacer | | $61.40 |
| | **TOTAL EXPENSES** | **$61.40** |

*[Remainder of Page Left Intentionally Blank]*

**SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS**
**FOR THE *FINAL PERIOD***
**DECEMBER 20, 2022 THROUGH AND INCLUDING AUGUST 8, 2023**

| Name of Professional | Title/Position | Total Hours | Hourly Billing Rate* | Total Compensation |
|---|---|---|---|---|
| Kevin Clancy | Partner | 88.1 | $995 | $87,659.50 |
| Vinni Toppi | Partner | 55.9 | $995 | $55,620.50 |
| Jeffrey R. Manning | CRC Managing Director, CTP | 45.0 | $925 | $41,625.00 |
| Molly Jobe | Director | 42.3 | $875 | $37,012.50 |
| Lydia Swonke | Senior Associate | 23.8 | $575 | $13,685.00 |
| Paula Lourenco | Paraprofessional | 150.9 | $300 | $45,270.00 |
| Maria Valle | Paraprofessional | 6.4 | $300 | $1,920.00 |
| | **Total** | **412.4** | | **$282,792.50** |
| Carry-Over Reduction of Excess Fees*/[3] | | | | $(4,422.50)[3] |
| Blended Fees after Carry-Over*/[3] | | | | $278,370.00 |
| | | | | |
| | | | | **$278,370.00** |
| Capped Blended Rate (All Timekeepers) | | | $675.00*/[3] | |
| | | | | |
| * As an accommodation to the Committee, the normal hourly billing rates for CohnReznick LLP and for CohnReznick Capital Markets Securities, LLC are capped at a blended rate of $675 per hour. | | | | |

*[Remainder of Page Left Intentionally Blank]*

| SUMMARY BY ACTIVITY CODE CATEGORY<br>FOR THE *FINAL PERIOD*<br>JUNE 1, 2023 THROUGH AND INCLUDING AUGUST 8, 2023 | | |
|---|---|---|
| **Description** | **Hours** | **Fees** |
| Analyze Assets and Liabilities | 4.7 | $4,508.50 |
| Analyze/Reconcile Claims | 3.3 | $3,187.50 |
| Attendance at Committee Meetings | 8.4 | $7,910.00 |
| Case Administration (including retention matters) | 29.6 | $14,348.50 |
| DIP Facility | 17.5 | $16,539.50 |
| Dividend Analysis | 5.9 | $5,606.50 |
| Document Request/Response | 7.3 | $7,144.50 |
| Document Review/Index | 82.8 | $29,983.00 |
| Evaluate Sale of Debtors' Assets/Liquidation | 29.9 | $28,486.50 |
| General Telephone Conference | 10.9 | $10,157.50 |
| Litigation Matters/Attendance at Court | 7.6 | $7,229.00 |
| Monthly and Interim Fee Applications | 62.1 | $23,564.50 |
| Operating Reports/Results | 14.8 | $10,760.00 |
| Other Contested Matters | 4.5 | $4,162.50 |
| Plan and Disclosure Statement | 30.3 | $29,675.50 |
| Prepare/Review Cash Collateral Budgets | 0.2 | $199.00 |
| Prepare/Review Cashflow Projections | 8.5 | $6,867.50 |
| Prepare/Review Flash Report for Period Ending | 15.3 | $14,803.50 |
| Prepare of Proposed Transactions of Debtors | 25.9 | $22,621.50 |
| Review/Analyze Budget | 14.0 | $12,084.00 |
| Review/Analyze Historical Information | 16.9 | $11,853.50 |
| Travel at 50% of actual | 12.0 | $11,100.00 |
| **Services Total:** | **412.4** | **$282,792.50** |

### EXPENSE SUMMARY
### FOR THE *FINAL PERIOD*
### JUNE 1, 2023 THROUGH AND INCLUDING AUGUST 8, 2023

| Expense Category | Service Provider | Total Expenses |
|---|---|---|
| Pacer | | $482.00 |
| | **TOTAL EXPENSES** | **$482.00** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,<br><br>Debtors.[6] | Chapter 11<br><br>Case No.:  22-11238 (LSS)<br>(Jointly Administered)<br><br>**Objection Deadline: September 28, 2023 @ 4:00 pm ET**<br>**Hearing Date: September 28, 2023 @ 2:30 pm (ET)** |

**SUMMARY OF THIRD INTERIM AND FINAL FEE APPLICATION[7] OF
COHNREZNICK LLP AS FINANCIAL ADVISORS AND COHNREZNICK CAPITAL
MARKETS SECURITIES, LLC AS INVESTMENT BANKER TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES
RENDERED DURING THE (I) INTERIM PERIOD FROM JUNE 1, 2023 THROUGH
AND INCLUDING AUGUST 8, 2023, AND (II) FINAL PERIOD FROM
DECEMBER 20, 2022 THROUGH AND INCLUDING AUGUST 8, 2023**

1.      CohnReznick LLP ("CohnReznick"), as Financial Advisors and CohnReznick Capital Markets Securities, LLC ("CRC"), as investment banker (collectively, "CohnReznick") to the Official Committee of Unsecured Creditors (the "Committee") of Winc, Inc. ("Winc") and its debtor affiliates (collectively, the "Debtors"), hereby submits its third and final application (the "Application") pursuant to (i) sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Procedure for the District of Delaware (the "Local Rules"), (iv) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 126] (the

---

[6]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

[7]   CohnReznick LLP ("CohnReznick") and CohnReznick Capital Market Securities, LLC ("CRC") (collectively, "CohnReznick") files this Third Interim and Final Fee Application in compliance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* Docket No. 126.

"Compensation Order"), and (v) the *Guidelines for Reviewing Applications for Compensation Filed Under 11 U.S.C. § 330*, effective May 17, 1996 (the "Guidelines") for (i) interim allowance of compensation for services rendered to the Committee for the period June 1, 2023 through and including August 8, 2023 (the "Third Interim Period") and for reimbursement of expenses incurred in connection therewith, and (ii) final allowance of compensation for services rendered to the Committee for the period from December 20, 2022 through and including August 8, 2023 (the "Final Period") and for reimbursement of expenses incurred in connection therewith. In support of this Application and pursuant to Local Rule 2016-2, CohnReznick submits the declaration of Kevin P. Clancy of CR, which declaration is attached hereto as **Exhibit A** and incorporated by reference into this Application. Also, in support of this Application and pursuant to Local Rule 2016-2, CRC submits the declaration of Jeffrey R. Manning, Sr., of CRC, which declaration is attached hereto as **Exhibit A1** and incorporated by reference into this Application. In further support of this Application, CohnReznick respectfully represents as follows:

## JURISDICTION

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

3.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    The statutory bases for the relief requested herein are Bankruptcy Code sections 1103 and 330, Bankruptcy Rule 2016, and Local Rule 2016-2.

## BACKGROUND

5.      On December 1, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      On December 12, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") notified the Court that it had appointed the Committee in accordance with 11 U.S.C. § 1102. [Docket. No. 54].  On March 16, 2023, the U.S. Trustee filed *Third Amended Notice of Appointment of Committee of Unsecured Creditors* pursuant to § 1102(a)(1). [Docket No. 299].

7.      On December 15, 2022, the Committee selected Arent Fox LLP and A.M. Saccullo Legal, LLC, as its proposed counsel in these cases.

8.      On December 20, 2022, the Committee selected CohnReznick as its financial advisors and CRC as its investment banker in these cases.

9.      On February 10, 2023, the Court approved the retention of CohnReznick *nunc pro tunc* to December 20, 2022 [Docket No. 174].

## STATUS OF CASE

10.      On August 3, 2023, the Court entered the *Order Approving and Confirming The Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* [Docket No. 457] (the "Confirmation Order"). On August 9, 2023 the Plan was effective (the "Effective Date").

## PRIOR MONTHLY APPLICATIONS FILED

11.     On February 14, 2023, CohnReznick filed and served the *First Monthly Application of CohnReznick LLP As Financial Advisors and CohnReznick Capital Market Securities, LLC As Investment Banker To The Official Committee Of Unsecured Creditors For Interim Allowance Of Compensation And Reimbursement Of Expenses For Services Rendered During The Period From December 20, 2022 Through December 31, 2022* [Docket No. 239] (the "First Monthly Application"), pursuant to which CohnReznick sought payment of (i) $41,742.00 (80% of $52,177.50) as compensation for professional services rendered, and (ii) $0.00 for reimbursement of expenses. CohnReznick did not receive any objections to the First Monthly Application and received payment in respect thereof on March 10, 2023.

12.     On February 14, 2023, CohnReznick filed and served the *Second Monthly Application of CohnReznick LLP As Financial Advisors and CohnReznick Capital Market Securities, LLC As Investment Banker To The Official Committee Of Unsecured Creditors For Interim Allowance Of Compensation And Reimbursement Of Expenses For Services Rendered During The Period From January 1, 2023 Through January 31, 2023* [Docket No. 240] (the "Second Monthly Application"), pursuant to which CohnReznick sought payment of (i) $64,206.00 (80% of $80,257.50) as compensation for professional services rendered, and (ii) $380.50 for reimbursement of expenses. CohnReznick did not receive any objections to the Second Monthly Application and received payment in respect thereof on March 10, 2023.

13.     On April 13, 2023, CohnReznick filed and served the *Third Monthly Application of CohnReznick LLP As Financial Advisors and CohnReznick Capital Market Securities, LLC As Investment Banker To The Official Committee Of Unsecured Creditors For Interim Allowance Of Compensation And Reimbursement Of Expenses For Services Rendered During The Period From*

*February 1, 2023 Through February 28, 2023* [Docket No. 320] (the "Third Monthly Application"), pursuant to which CohnReznick sought payment of (i) $37,314.00 (80% of $46,642.50) as compensation for professional services rendered, and (ii) $0.00 for reimbursement of expenses. As of the date of this Application, CohnReznick has not received any objections to the Third Monthly Application.

14.    On April 28, 2023, CohnReznick filed and served the *Fourth Monthly Application of CohnReznick LLP As Financial Advisors and CohnReznick Capital Market Securities, LLC As Investment Banker To The Official Committee Of Unsecured Creditors For Interim Allowance Of Compensation And Reimbursement Of Expenses For Services Rendered During The Period From March 1, 2023 Through March 31, 2023* [Docket No. 339] (the "Fourth Monthly Application"), pursuant to which CohnReznick sought payment of (i) $20,452.50 (80% of $16,362.00) as compensation for professional services rendered, and (ii) $0.00 for reimbursement of expenses. As of the date of this Application, CohnReznick has not received any objections to the Fourth Monthly Application.

15.    On June 24, 2023, CohnReznick filed and served the *Combined Fifth Monthly Application of CohnReznick LLP As Financial Advisors and CohnReznick Capital Market Securities, LLC As Investment Banker To The Official Committee Of Unsecured Creditors For Interim Allowance Of Compensation And Reimbursement Of Expenses For Services Rendered During The Period From April 1, 2023 Through May 31, 2023* [Docket No. 394] (the "Combined Fifth Monthly Application"), pursuant to which CohnReznick sought payment of (i) $31,522.50 (80% of $25,218.00) as compensation for professional services rendered, and (ii) $40.10 for reimbursement of expenses. As of the date of this Application, CohnReznick has not received any objections to the Combined Fifth Monthly Application.

16.     CohnReznick's Monthly Statements for the period covering June 1, 2023 through August 8, 2023, the Third Interim Period were not filed and have not yet been presented to the Court but are now made part of and reflected in the Application's Third and Final Period, pursuant to which CohnReznick seeks payment of (i) $47,317.50 as compensation for professional services rendered and (ii) $61.40 for reimbursement of expenses.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

17.     By this application, CohnReznick requests (i) interim allowance and award of compensation for the professional services rendered by CohnReznick as financial advisors and CRC as investment banker during the Third Interim Period in the amount of $47,317.50[8], representing 34.1 hours of professional services and 36.0 hours of paraprofessional services; (ii) reimbursement of actual and necessary expenses incurred by CohnReznick during the Third Interim Period in connection with the rendition of such professional and paraprofessional services in the amount of $61.40 (iii) final allowance of compensation for services rendered to the Committee in the amount of $278,370.00 and reimbursement of expenses incurred therewith in the amount of $482.00 during the Final Period, which Final Period includes the Third Interim Period. CohnReznick's professionals and paraprofessionals expanded a total of 412.4 hours during the Final Period for which compensation is sought.

18.     The fees charged by CohnReznick and CRC in the Chapter 11 Cases are billed in accordance with CohnReznick and CRC's existing billing rates and procedures. The rates

---

[8] As an accommodation to the Committee, the normal billing rates for CohnReznick LLP ("CR") and for CohnReznick Capital Markets Securities, LLC ("CRC") (collectively, "CohnReznick") are capped at a blended rate of $675.00 per hour. Due to CohnReznick's capped blended rate of $675 per hour, the 1st monthly statement application reflects a reduction of excess fees of $9,134.50 and the 2nd monthly statement application reflects a reduction of excess fees of $31,684.50, for a total carry over of excess fees in the amount of $40,819.00. A portion of the excess carry-over has been applied to the 3rd, 4th monthly statement applications, and combined 5th monthly statement application, leaving an excess carry-over balance of $9,968.50. The amount of $5,546.00 has been applied from the excess fee carry-over balance to the third interim fee application for the period from June 1,

CohnReznick and CRC charge for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates CohnReznick and CRC charge for professionals and paraprofessionals services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

19.      CohnReznick seeks payment of one hundred percent (100%) of its fees (inclusive of the holdbacks) and of its expenses relating to services rendered during the Third Interim Period.

20.      In accordance with the Compensation Order, CohnReznick received payment of an amount equal to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the First, Second and Third Monthly Applications. CohnReznick also received payment of an amount equal to twenty percent (20%) of the holdback fees requested in the First Interim Fee Application.

21.      CohnReznick has received no other payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  Pursuant to Bankruptcy Rule 2016(a), CohnReznick has not shared, nor has CohnReznick agreed to share, (i) any compensation it has received or may receive with another party or person other than with the partners and principals or (ii) any compensation another person or party has received or may receive in these chapter 11 cases.

22.      All services for which compensation is requested by CohnReznick were performed for or on behalf of the Committee.

---

2023 through and including August 8, 2023. After applying same, the excess fee carry-over balance is $4,422.50 and remains to be used.

## SUMMARY OF SERVICES RENDERED

23.     This application provides a brief summary of the services rendered by CohnReznick on behalf of the Committee during the Third Interim Period by category.  While it is not possible or practical to describe each and every activity undertaken by CohnReznick, CohnReznick maintains contemporaneous time records which include a detailed chronology of the daily services rendered describing the precise nature of the work, the specific tasks performed, and the time expended by each professional and paraprofessional.  A summary of compensation by timekeeper is annexed hereto as **Exhibit B**, and a summary of compensation requested by project category is annexed hereto as **Exhibit C** for the Third Interim Period in this Application.

24.     The itemized time records recorded in increments of one-tenth of an hour for CohnReznick professionals and paraprofessionals performing services during the Third Interim Period by project category is annexed hereto in **Exhibit D.**

25.     In classifying services into tasks, CohnReznick attempted to place the services performed in the category that most closely relate to the services provided.

26.     Moreover, the following summary of services rendered during the Third Interim Period is not intended to be a detailed description of the work performed.  Rather, it merely is an attempt to highlight certain of those areas in which services were rendered, as well as to identify certain of the matters and issues that CohnReznick was required to address during the Third Interim Period.

**A.  Analyze Assets and Liabilities**

17

| Total Hours | Fees |
|:---:|:---:|
| 0.4 | $350.00 |

27.     During the Compensation Period, CohnReznick expended *de minimis* amount of time in this category related to services, (i) review of multiple updates to post-effective date waterfall analysis, and (iii) performing other necessary tasks.

### B.  Analyze/Reconcile Claims

| Total Hours | Fees |
|:---:|:---:|
| 0.3 | $262.50 |

28.     During the Compensation Period, CohnReznick expended *de minimis* amount of time in this category related to services, (i) review status of claims, and (iii) performing other necessary tasks.

### C.  Case Administration (including retention matters)

| Total Hours | Fees |
|:---:|:---:|
| 5.4 | $4,268.00 |

29.     During the Compensation Period, CohnReznick expended time attending to various case administration matters in furtherance of these Chapter 11 Cases, including, among others, (i) conducting oral and written communications with counsel for the Committee to discuss and review pending tasks and other work in progress, (ii) communications with committee counsel and other professionals to discuss monthly statements, interim application and related information, and (iii) performing other necessary administrative tasks.   CohnReznick's attention to the administrative matters reflected in this category enabled CohnReznick's team to coordinate in an efficient manner.

### D.  Document Review/Index

| Total Hours | Fees |
|:---:|:---:|
| 20.0 | $6,000.00 |

30.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) reviewed and analyzed court docket pleadings and related information, (ii) performed other necessary document review, document index related to motions and related information, (iii) reviewed professionals' fees and related information, (iv) performed other necessary document review, and related information, and (v) performed other necessary related tasks.

### E.    Evaluate Sale of Debtors' Assets/Liquidation

| Total Hours | Fees |
|:---:|:---:|
| 5.0 | $4,747.00 |

31.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others (i) communicated with committee counsel regarding Amass sale documents and related information, (ii) communicated with other professionasl to discuss status of TSA items and related information, and (iii) performed other related tasks.

### F.   General Telephone Conference

| Total Hours | Fees |
|:---:|:---:|
| 4.5 | $4,249.50 |

32.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others (i) communicating with other professionals to discuss pending tasks and related information, and (ii)  performing other necessary tasks.

### G.  Monthly and Interim Fee Applications

| Total Hours | Fees |
|:---:|:---:|
| 13.8 | $4,974.00 |

33.     During the Compensation Period, CohnReznick expended time in this category related to services, including among others (i) communicating with committee counsel and other professionals regarding its monthly fee statement applications and related information in

accordance with the interim compensation order, (ii)  review and analysis of documents for preparation of its combined fifth and sixth monthly statement applications/fee statements; (iii) review and analysis of documents for preparation of its second interim fee application; (iv) communicated with committee counsel regarding monthly fee statements/applications, second interim application and timelines, and (v) performing other necessary tasks.

### H.  Operating Reports/Results

| Total Hours | Fees |
|---|---|
| 2.7 | $2,398.50 |

34.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others (i) reviewed and analysis of monthly operating reports, summaries and related information; (ii) communicated with other professionals regarding monthly operating reports, and (iii) performed other related tasks.

### I.   Plan and Disclosure Statement

| Total Hours | Fees |
|---|---|
| 5.6 | $5,488.00 |

35.     During the Compensation Period, CohnReznick expended time in this category related to services,  (i) review correspondence from committee counsel regarding SEC comments to plan of reorganization, (ii) review and analysis of declarations and documents for confirmation hearing, and (ii) performed other related tasks.

### J.   Prepare/Review Cashflow Projections

| Total Hours | Fees |
|---|---|
| 5.4 | $3,783.00 |

36.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others (i) reviewed and prepared cash reconciliations for January through June of 2023, (ii) review cash bridge analysis and related information, (iii)

communicated with committee counsel and other professionals regarding cash bridge analysis, and (iv) performed other related tasks.

### K.  Prepare/Review Flash Report for Period Ending

| Total Hours | Fees |
|---|---|
| 1.1 | $1,010.50 |

37.    During the Compensation Period, CohnReznick expended *de minimis* amount of time in this category related to services, including, among others (i) reviewed waterfall update and related documents, (ii) communicated with committee counsel and other professionals regarding waterfall update, and (iii) performed other related tasks.

### L.  Review/Analyze Budget

| Total Hours | Fees |
|---|---|
| 5.9 | $4,240.50 |

38.    During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) review correspondence on cash, sources and uses and related information, (ii) communicated with committee counsel and other professionals regarding budget and related, and (iii) performing other necessary related tasks.

### ACTUAL AND NECESSARY EXPENSES

39.    During the Third Interim Period CohnReznick incurred $61.40 in expenses on behalf of the Committee. A summary that itemizes all expenses that CohnReznick advanced on behalf of the Committee during the Third Interim Period and lists them by category is annexed hereto as **Exhibit E.**

40.    In connection with the reimbursement of actual, reasonable and necessary expenses, it is CohnReznick's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its

clients. The expenses charged to CohnReznick's clients include, among other things, telephone and telecopier, toll and other charges, mail and express mail charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, out-of-town travel expenses, and computerized research. CohnReznick charges Debtors' estate for these expenses at rates consistent with those charged to CohnReznick's other bankruptcy clients, which rates are equal to or less than the rates charged by CohnReznick to its non-bankruptcy clients. CohnReznick believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. In providing a reimbursable expense, CohnReznick does not make a profit on that expense, whether the service is performed by CohnReznick in-house or through a third party.

## STATUTORY BASIS FOR COMPENSATION

41.    The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016.  CohnReznick seeks compensation for actual, necessary professional services rendered and reimbursement of reasonable expenses incurred on behalf of the Committee during the Third Interim Period.

42.    Section 331 of the Bankruptcy Code permits professionals employed by the Bankruptcy Court to apply for interim compensation under the standards set forth in section 330. Section 330(a)(1) of the Bankruptcy Code allows for the following: "(A) reasonable compensation for actual, necessary services rendered by. . . [an] professional and by any paraprofessional person employed by such [attorney]; and (B) reimbursement for actual, necessary expenses."

43.    Section 330(a)(3)(A) of the Bankruptcy Code provides that,

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A)  the time spent on such services;

(B)  the rates charged for such services;

(C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)  whether the compensation is reasonably based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title [11].

11 U.S.C. § 330(a)(3).

44.    The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citations and internal quotations omitted).

45.    In assessing the "reasonableness" of the fees requested, courts have looked to a number of factors, including those first enumerated by the Fifth Circuit in *Am. Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of Am.*), 544 F.2d 1291, 1298-99 (5th Cir. 1977), superseded by statute as stated in *Barron & Newburger, P.C. v. Tex. Skyline, Ltd.* (*In re*

23

*Woerner)*, 783 F.3d 266 (5th Cir. 2015), and thereafter adopted by most courts. *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212-13 (Bankr. S.D.N.Y 1986) (same); *see generally* 3 Collier on Bankruptcy ¶ 330.03[9] (enumerating *First Colonial* and *Johnson* as the "leading cases to be considered in determining a reasonable allowance of compensation").

46.     As demonstrated in CohnReznick's itemized time records for the Third Interim Period, the services were performed efficiently and effectively and were done at the request of the Committee in furtherance of the fiduciary obligations or statutory duty of the Committee and were necessary and beneficial to the bankruptcy estates.  CohnReznick believes that the foregoing rates for the services rendered are in accordance with the market rates that the majority of professional services firms charge their clients for such services.

47.     CohnReznick respectfully submits that a consideration of these factors should result in the Court's allowance of the full compensation sought in this Application.

    a.  <u>Time and Labor Required</u>.  CohnReznick billed a total of 34.1 hours of professional services and 36.0 hours of paraprofessional and other non-legal services during the Third Interim Period.  As evidenced by this Application, CohnReznick professionals and paraprofessionals worked diligently and efficiently without unnecessary duplication of efforts throughout the Third Interim Period.  This is especially true when considering the nature and complexity of the issues that arose in the Chapter 11 Cases during the Third Interim Period.

    b.  <u>Novelty and Difficulty of the Questions</u>.  The work performed by CohnReznick has involved issues of varying complexity, as described herein and, also as set forth in substantial detail in the attached billing detail.

    c.  <u>Skill Requisite to Perform the Legal Services Properly</u>.  CohnReznick believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of CohnReznick's practice and its creative approach to the resolution of issues has contributed to the successful administration of the Chapter 11 Cases. The cases involve a number of complex issues which required considerable knowledge and

expertise in the area of debtors' and creditors' rights under Chapter 11 of the Bankruptcy Code.

d. <u>Preclusion of Other Employment by Applicant Due to Acceptance of the Case</u>. The professionals and paraprofessionals of CohnReznick and CRC have devoted a substantial amount of time and resources to these cases, to the possible preclusion of involvement in other matters.

e. <u>Customary Fee</u>. The rates CohnReznick charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates CohnReznick charges for professional and paraprofessional services rendered in comparable nonbankruptcy matters. CohnReznick's fee structure also is equivalent to the fee structure used by CohnReznick for restructuring, workout, bankruptcy, insolvency and comparable matters, as well as similar complex corporate and litigation matters, whether in-court or otherwise, regardless of whether a fee application is required. The firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise and severe time pressures, as is the case here. CohnReznick's rate structure is similar to the rate structure used by other, similar firms that work on other, similar matters.

f. <u>Whether the Fee Is Fixed or Contingent</u>. Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are contingent pending final approval by the Court and are subject to adjustment depending upon the services rendered and the results obtained. CohnReznick and CRC accepted this engagement on an hourly basis, with no retainer. CohnReznick and CRC's fees and expenses are subject to Court approval. CohnReznick and CRC's fees, however, are not otherwise contingent.

g. <u>Time Limitations Imposed by the Client or Other Circumstances</u>. Certain deadlines have been applicable herein pursuant to Court orders and/or other provisions of Chapter 11 Cases.

h. <u>Amount Involved and Results Obtained</u>. CohnReznick professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors.

i. <u>Experience, Reputation and Ability of Attorneys</u>. CohnReznick has extensive experience in bankruptcy matters. CohnReznick and CRC's reputation and ability are well known in the industry.

j. <u>"Undesirability" of the Cases</u>. This factor is not applicable to the Chapter 11 Cases.

k. <u>Nature and Length of Professional Relationship</u>.  CohnReznick and CRC were employed by the Committee on December 20, 2022 after the commencement of the Chapter 11 Cases. CohnReznick was employed to provide financial advisory services to the Committee and CRC was employed to provide investment banking services to the Committee.

l. <u>Awards in Similar Cases</u>.  CohnReznick believes that this third interim application is in keeping with similar applications for compensation and reimbursement by financial advisors to committees and by investment bankers to the committee in other bankruptcy courts in similar cases.

48.    The above narrative portions of this Application is intended to serve as a summary recapitulation of the major areas of CohnReznick and CRC's activities and responsibilities. The exhibits provide complete recapitulation of the acts taken by CohnReznick and CRC on behalf of the Committee during the Third Interim Period.

49.    For the reasons set forth above, the services rendered by CohnReznick were necessary and beneficial to the Committee and consistently performed in a timely manner.  The compensation sought in this Application is reasonable in light of the value of such services to the Committee, CohnReznick's demonstrated skill and expertise in the bankruptcy field (as well as other areas of expertise relevant to the Chapter 11 Cases) and the customary compensation charged by comparably skilled professionals at CohnReznick and CRC.  Accordingly, CohnReznick respectfully submits that the Court should approve the compensation for professional services and reimbursement of expenses sought herein.

50.    CohnReznick further states pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedures that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners and principals of CohnReznick, or (b) any compensation another person or party has received or may receive.

51.    Further, CRC states pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedures that it has not shared, nor agreed to share (a) any compensation it has received or

may receive with another party or person, other than with the principals of CRC, or (b) any

compensation another person or party has received or may receive.

## STATEMENT OF COHNREZNICK

52.     The following is provided in response to the request for additional information set

forth in  ¶ C.5. of the U.S. Trustee Guidelines.

**A.     Did you agree to any variations from, or alternatives to, your standard customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.**

CohnReznick and CRC's billing rates, fees, and terms for this engagement are consistent with standard billing rates, fees, and terms used for other engagements.

**B.     Have any of the professionals included in this Fee Application varied their hourly rate based on the geographic location of the bankruptcy case?**

No professional, paraprofessional or timekeeper from CohnReznick or CRC during the Third Interim Period covered by this Application has varied their hourly rates based  on  the geographic location of these Chapter 11 Cases.

**C.     Does this fee application include time or fees related to reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify hours and fees.**

This Application includes a reasonable amount of time and fees related to reviewing to ensure compliance with the UST Guidelines.

**D.     Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.**

This Application does not include time and fees related to reviewing time records to redact any privileged or other confidential information.

**E.**    **If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?**

No, this Application does not include a rate increase since CohnReznick and CRC's retention.

<u>**NOTICE**</u>

53.    CohnReznick has served this application in accordance with the Interim Compensation Order and the Bankruptcy Rules. CohnReznick submits that no other or further notice is necessary.

*[Remainder of Page Left Intentionally Blank]*

## <u>CONCLUSION</u>

**WHEREFORE**, CohnReznick and CRC respectfully request that the Court:

(a)    approve, an interim allowance in the amount of $47,317.50 for compensation for professional services rendered to and on behalf of the Committee during the Third Interim Period from June 1, 2023 through and including August 8, 2023;

(b)    approve the reimbursement of CohnReznick and CRC's out-of-pocket expenses incurred in connection with the rendering of such services during the Third Interim Period from June 1, 2023 through and including August 8, 2023, in the amount of $61.40;

(c)    for a total interim award of $47,378.90;

(d)    final allowance of compensation for professional services rendered during the Final Period in the amount of $278,370.00 and expense reimbursement in the amount of $482.00;

(e)    authorizing payment of these allowed fees and expenses to CohnReznick; and

(f)    such other and further relief as the Court deems just, proper and equitable.

Dated: August 28, 2023
       Parsippany, New Jersey

By:    */s/ Kevin Clancy*                 
       14 Sylvan Way
       Parsippany, New Jersey 07054
       Phone: (732)672-0874
       Email: Kevin.Clancy@CohnReznick.com

       *Financial Advisors and Investment*
       *Bankers for the Official Committee of*
       *Unsecured Creditors*