**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC. *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11238 (LSS)<br>(Jointly Administered)<br><br>**Objection Deadline: September 18, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: September 28, 2023 at 2:30 p.m. (ET)** |

**SECOND COMBINED INTERIM AND FINAL APPLICATION OF A.M. SACCULLO
LEGAL, LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES WITH RESPECT TO SERVICES RENDERED AS CO-COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

| | |
|---|---|
| Name of Applicant: | A.M. Saccullo Legal, LLC |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Petition Date: | November 30, 2022 |
| Date of Retention: | Order entered February 10, 2023, effective as of December 15, 2022 |
| Period for which Interim Compensation and Reimbursement are sought: | March 1, 2023 through August 9, 2023 |
| Amount of Interim Compensation sought as actual, reasonable and necessary: | $53,445.50 |
| Amount of Interim Expense Reimbursement sought as actual, reasonable and necessary: | $1,081.38 |
| Compensation sought in this Interim Application already paid pursuant to the interim compensation order but not yet allowed: | $0.00 |
| Expenses sought in this Interim Application already paid pursuant to the interim compensation order but not yet allowed: | $0.00 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

| | |
|---|---|
| Total compensation approved by interim order to date: | $159,168.50 |
| Total expenses approved by interim order to date: | $2,989.17 |
| Blended rate in this Interim Application for all attorneys: | $569.17 |
| Period for which Final Compensation and Reimbursement are sought: | December 15, 2022 through August 9, 2023 |
| Amount of Total Compensation sought as actual, reasonable and necessary: | $212,614.00 |
| Amount of Total Expense Reimbursement sought as actual, reasonable and necessary: | $4,070.55 |
| Blended rate in this Final Application for all attorneys: | $556.14 |
| Number of professionals included in this Interim Application: | 4 |
| Number of professionals billing fewer than 15 hours to the case during the Fee Period: | 3 |
| Are any rates higher than those approved or disclosed at retention? | No. The rate increase for calendar year 2023 was disclosed at retention. |

This is an:      __ Monthly            _X_ interim            _X_ final application.

## SUMMARY OF PRIOR MONTHLY APPLICATIONS

| Docket # | Date Filed | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 244 | 02/14/2023 | 12/15/2022 - 12/31/2022 | $51,070.00 | $335.01 | $51,070.00 | $335.01 |
| 245 | 02/14/2023 | 1/1/2023 – 1/31/2023 | $71,698.50 | $345.76 | $71,698.50 | $345.76 |
| 319 | 04/13/2023 | 2/1/2023 – 2/28/2023 | $36,400.00 | $2,308.40 | $36,400.00 | $2,308.40 |
| 324 | 04/28/2023 | 3/1/2023 – 3/31/2023 | $7,425.00 | $118.00 | N/A | N/A |
| 400 | 06/26/2023 | 4/01/2023 – 5/31/2023 | $19,063.50 | $672.34 | N/A | N/A |
| 428 | 07/20/2023 | 6/1/2023 – 6/31/2023 | $6,836.50 | $145.36 | N/A | N/A |
| TOTAL | | | $192,493.50 | $3,924.87 | $159,168.50 | $2,989.17 |

## SUMMARY OF PRIOR INTERIM APPLICATION

| Docket # | Date Filed | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 324 | 04/14/2023 | 12/15/2022 - 2/28/2023 | $159,168.50 | $2,989.17 | $159,168.50 | $2,989.17 |
| TOTAL | | | | | $159,168.50 | $2,989.17 |

## COMPENSATION BY INDIVIDUAL FOR COMBINED INTERIM

| Name & Year Admitted | Hours Billed | Hourly Rate | Amount of Fee |
|---|---|---|---|
| Anthony M. Saccullo Admitted 2001 | 12.8 | $605.00 | $7,744.00 |
| Mark T. Hurford Admitted 1994 | 77.3 | $565.00 | $43,674.50 |
| Thomas Kovach Admitted 2000 | 0.0 | $565.00 | $0.00 |
| Douglas W. Squasoni Admitted in New York and New Jersey (2001) | 0.8 | $565.00 | $452.00 |
| Mary (Meg) Augustine Admitted 2003 | 3.0 | $525.00 | $1,575.00 |
| **TOTAL** | **93.9** | | **$53,445.50** |
| **Interim Blended Rate:** | **$569.17** | | |

## COMPENSATION BY PROJECT FOR CATEGORY FOR COMBINED INTERIM

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis & Recovery | 0.0 | $0.00 |
| Asset Disposition | 0.0 | $0.00 |
| Business Operations | 0.0 | $0.00 |
| Case Administration | 3.2 | $1,808.00 |
| Claims Administration | 0.6 | $347.00 |
| Court Hearings | 1.7 | $964.50 |
| Creditor Communications | 1.5 | $863.50 |
| DIP Lien Investigation | 0.0 | $0.00 |
| DIP/Cash Collateral | 0.0 | $0.00 |
| Employee Issues | 0.2 | $113.00 |
| Executory Contract/Leases | 0.3 | $169.5 |
| Litigation | 1.3 | $734.50 |
| Non-Working Travel | 0.0 | $0.00 |
| Plan & Disclosure Statement | 50.2 | $28,727.00 |
| Retention/Fee Applications | 10.4 | $5,876.00 |
| Retention/Fee App – Other Firms | 24.5 | $13,842.50 |
| Stay Relief | 0.0 | $0.00 |
| **TOTAL:** | **93.9** | **$53,445.50** |

## COMBINED INTERIM EXPENSE SUMMARY

| Expense Category | Provider, if applicable | Total Expenses For the Monthly Period |
|---|---|---|
| Outside Paralegal, Reproduction & Courier Service | Parcels | $1,081.38 |
| Video Deposition Service | Reliable | $0.00 |
| Filing Fees | United States District Court | $0.00 |
| PACER Fees |  | $0.00 |
| **Total:** |  | **$1,081.38** |

## COMPENSATION BY INDIVIDUAL FOR FINAL APPLICATION

| Name & Year Admitted | Hours Billed | Hourly Rate | Amount of Fee |
|---|---|---|---|
| Anthony M. Saccullo<br>Admitted 2001 | 2022 Hours: 36.7<br>2023 Hours: 30.0 | 2022 Rate: $550.00<br>2023 Rate: $605.00 | $20,185.00<br>$18,150.00 |
| Mark T. Hurford<br>Admitted 1994 | 2022 Hours: 59.5<br>2023 Hours: 210.2 | 2022 Rate: $515.00<br>2023 Rate: $565.00 | $30,642.50<br>$118,763.00 |
| Thomas Kovach<br>Admitted 2000 | 2023 Hours: 7.2 | 2023 Rate: $565.00 | $4,068.00 |
| Douglas W. Squasoni<br>Admitted in New York<br>and New Jersey (2001) | 2023 Hours: 12.7 | 2023 Rate: $565.00 | $7,175.50 |
| Mary (Meg) Augustine<br>Admitted 2003 | 2022 Hours: 0.5<br>2023 Hours: 25.5 | 2022 Rate: $485.00<br>2023 Rate: $525.00 | $242.50<br>$13,387.50 |
| **TOTAL** | **382.30** | | **$212,614.00** |
| **Final Blended Rate:** | **$556.14** | | |

## COMPENSATION BY PROJECT FOR CATEGORY FOR FINAL APPLICATION

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis & Recovery | 0.0 | $0.00 |
| Asset Disposition | 69.3 | $37,863.00 |
| Business Operations | 0.0 | $0.00 |
| Case Administration | 18.0 | $9,710.00 |
| Claims Administration | 3.3 | $1,896.50 |
| Court Hearings | 1.7 | $964.50 |
| Creditor Communications | 13.8 | $7,854.00 |
| DIP Lien Investigation | 51.2 | $27,793.50 |
| DIP/Cash Collateral | 18.5 | $9,972.00 |
| Employee Issues | 0.2 | $113.00 |
| Executory Contract/Leases | 1.3 | $734.50 |
| Litigation | 34.5 | $19,121.50 |
| Non-Working Travel | 0.0 | $0.00 |
| Plan & Disclosure Statement | 88.8 | $50,593.00 |

| | | |
|---|---:|---:|
| Retention/Fee Applications | 23.1 | $13,015.50 |
| Retention/Fee App – Other Firms | 58.6 | $32,983.00 |
| Stay Relief | 0.0 | $0.00 |
| **TOTAL:** | **382.3** | **$212,614.00** |

**EXPENSE SUMMARY**

| Expense Category | Provider, if applicable | Total Expenses For the Monthly Period |
|---|---|---:|
| Outside Paralegal, Reproduction & Courier Service | Parcels | $2,321.65 |
| Video Deposition Service | Reliable | $1,748.90 |
| Filing Fees | United States District Court | $0.00 |
| PACER Fees | | $0.00 |
| **Total:** | | **$4,070.55** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: <br><br> WINC, INC. *et al.*,[2] <br><br> Debtors. | Chapter 11 <br><br> Case No. 22-11238 (LSS) <br><br> (Jointly Administered) <br><br> **Objection Deadline: September 18, 2023 at 4:00 p.m. (ET)** <br> **Hearing Date: September 28, 2023 at 2:30 p.m. (ET)** |
|---|---|

**SECOND COMBINED INTERIM AND FINAL APPLICATION OF A.M. SACCULLO LEGAL, LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES WITH RESPECT TO SERVICES RENDERED AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals (the "**Interim Compensation Order**") [D.I. 126], the law firm of A.M. Saccullo Legal, LLC ("**AMSL**") hereby submits this second combined interim and final application ("**Interim and Final Application**") for allowance of compensation for professional legal services rendered and expenses incurred as co-counsel to the Official Committee of Unsecured Creditors (the "**Committee**"). More specifically, for: (i) allowance of interim compensation in the amount of $53,445.50 and reimbursement of expenses in the amount of $1,081.38 for the period March 1, 2023 through August 9, 2023 (the "**Second Combined Interim Fee Period**"); and (ii) final approval of all compensation in the amount of $212,614.00 and reimbursement of expenses in the amount of $4,070.55 for the period from December 15, 2022 through August 9, 2023 (the "**Final**

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.

**Fee Period**").  In support of this Interim and Final Application, AMSL respectfully represents as follows:

## JURISDICTION AND BASIS FOR RELIEF

1. This Court has subject-matter jurisdiction to hear and determine this Application under 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b), and this Court has constitutional authority to hear and decide this Application.  Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2. The legal authorities supporting the relief sought herein are §§ 330, 331, 503(b)(2), and 507(a)(2) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Local Rule 2016-2, and the Interim Compensation Order.

## BACKGROUND

3. On December 1, 2022, each of the Debtors filed a voluntary petition (the "**Chapter 11 Cases**") for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

4. On December 12, 2022, the Office of the United States Trustee for Region 3 notified the Court that, pursuant to 11 U.S.C. § 1102, it had appointed the Committee.  [D.I. 213].  On December 15, 2022, the Committee selected ArentFox Schiff LLP to serve as its counsel in the Chapter 11 Cases and for AMSL to serve as co-counsel.

5. On January 13, 2023, the Committee filed the *Application of the Official Committee of Unsecured Creditors for an Order Authorizing the Employment and Retention of A.M. Saccullo*

*Legal, LLC, as its Co-Counsel Effective as of December 15, 2022* [D.I. 173] (the "**Retention Application**").

6. On February 10, 2023, this Court entered the *Order Approving Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of A.M. Saccullo Legal, LLC, as its Co-Counsel, Effective as of December 15, 2022* [D.I. 234].

7. Pursuant to the Interim Compensation Order, professionals may request monthly compensation and reimbursement. Such requests are to be served on certain identified parties (the "**Notice Parties**") for review. If no objection to a professional's request is received within twenty (20) days of such request, the Debtor is authorized to pay 80% of the fees and 100% of the expenses requested.

8. The Interim Compensation Order provides that retained professionals shall apply for compensation for professional services rendered and reimbursement of expenses incurred in compliance with sections 330 and 331 of the Bankruptcy Code for prior months not previously included in an interim fee application. The Interim Compensation Order also provides that professionals shall file final applications for compensation and reimbursement by such deadline as may be established by the Plan or order of this Court.

9. By Order dated August 3, 2023 (the "**Confirmation Order**") the Court confirmed the *Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc and its Affiliated Debtors* (the "**Plan**") [DI 457].

10. On August 9, 2023, the "**Effective Date**" of the Plan occurred, thereby making the Plan effective according to its terms.

**SUMMARY OF SECOND COMBINED INTERIM FEE PERIOD**

11.     All services for which AMSL seeks compensation were performed for or on behalf of the Committee and were necessary, reasonable, and beneficial to the Committee and its constituency.  AMSL provided the Notice Parties with the following monthly fee applications in accordance with the Interim Compensation Order:

| Docket No. | Date Filed | Period Covered | Fees Requested | Expenses Requested | CNO Docket No. | Unpaid Amounts Sought to be Paid |
|---|---|---|---|---|---|---|
| 324 | 04/28/2023 | 3/1/2023 – 3/31/2023 | $7,425.00 | $118.00 | 363 | $7,543.00 |
| 400 | 06/26/2023 | 4/01/2023 – 5/31/2023 | $19,063.50 | $672.34 | 473 | $19,735.84 |
| 428 | 07/20/2023 | 6/1/2023 – 6/31/2023 | $6,836.50 | $145.36 | 474 | $6,981.86 |
|  |  | TOTAL | $33,325.00 | $935.70 |  | $34,260.70 |

12.     AMSL did not file monthly fee applications for the following periods:

| Period Covered | Fees Requested | Expenses Requested |
|---|---|---|
| 7/1/2023 – 7/31/2023 | $11,736.00 | $145.36 |
| 8/1/2023 – 8/9/2023 | $8,384.50 | $0.00 |
| TOTAL | $20,120.50 | $145.36 |

13.     The time and expense detail for the March 1, 2023 through August 9, 2023 are attached hereto as Exhibit A.  AMSL believes that the time and expense entries are in compliance with the requirements of Del. Bankr. L.R. 2016-2.

**SUMMARY OF FINAL FEE PERIOD**

14.     All services for which AMSL seeks final approval were performed for or on behalf of the Committee and were necessary, reasonable, and beneficial to the Committee and its constituency.

| Period Covered | Fees Requested | Expenses Requested |
|---|---|---|
| 12/15/2022 – 8/9/2023 | $212,614.00 | $4,070.55 |

4

15. The fees charged by AMSL in these Chapter 11 cases are billed in accordance with its existing billing rates and procedures in effect during the Second Combined Interim Fee Period. The hourly rates and corresponding rate structure AMSL uses in this case are the same as the hourly rates and corresponding rate structure that AMSL uses in other restructuring matters, as well as similar complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. The billing rates are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

## RELIEF REQUESTED

16. By this Interim and Final Application, AMSL seeks the Court's approval of allowance $53,445.50 in fees for services rendered during the Second Combined Interim Fee Period and reimbursement of $1,081.38 for reasonable and necessary expenses. AMSL also seeks an order authorizing and directing the Debtors to pay those amounts.

17. In addition, AMSL seeks final approval of all compensation for services rendered during the Final Fee Period in the amount of $212,614.00 and reimbursement of all expenses in the amount of $4,070.55.

## SERVICES PROVIDED BY AMSL

18. During the Final Fee Period, AMSL performed significant reasonable and necessary work for the Committee. AMSL's work focused on, among other tasks:

   (a)   providing legal advice regarding local rules, practices, and procedures;

   (b)   reviewing and commenting on drafts of documents to ensure compliance with local rules, practices, and procedures;

(c)  filing documents as requested by Committee counsel and coordinating for service of documents;

(d)  preparing certificates of no objection, and related documents;

(e)  preparing documents and pleadings for hearings;

(f)  appearing for Court and at any meeting of creditors on behalf of the Committee in its capacity as co-counsel to the Committee;

(g)  monitoring the docket for filings and coordinating with co-counsel and Committee professionals on pending matters;

(h)  monitoring pending applications, motions, hearing dates and other matters and the deadlines associated with same and any necessary coordination for pending matters; and

(i)  providing additional support to co-counsel, as requested.

## EXPENSES INCURRED BY AMSL

19.  Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by the professionals employed in a chapter 11 case. AMSL requests reimbursement for actual and necessary expenses incurred during the Final Fee Period in the amount of $4,070.55.

20.  Pursuant to the Local Rules, AMSL represents that it charges $0.10 per page for copies, $0.10 for each page for out-going facsimile charges and does not pass through to its clients expenses or charges related to incoming facsimile transmissions. AMSL passes through on an exact cost basis all computer-assisted research charges.

## LEGAL BASIS FOR RELIEF REQUESTED

21.  Under 11 U.S.C. § 330(a)(1), the Court may award reasonable compensation for actual, necessary services rendered by professionals employed by the Committee, including

attorneys and paralegals employed by such attorneys based on the nature, extent, and value of the services rendered; time spent on such services; and the cost of comparable services other than in a bankruptcy case. The Court may also award reimbursement for actual, necessary expenses. *Id.*

22. Section 330(a)(3) provides:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

23. The professional services performed by AMSL were necessary and appropriate to the administration of these Chapter 11 cases and were performed in the most expeditious and economical manner possible. Compensation for these services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. Further, the professionals at AMSL have coordinated their activities with Committee's other professionals to avoid undue duplication of effort on behalf of the Committee in the case whenever possible.

24. In accordance with section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(a), there is no agreement or understanding between AMSL and any other person, other than

7

the members of AMSL, for the sharing of compensation to be received for services rendered in this Chapter 11 case.

25. No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by AMSL.

26. AMSL believes that this Interim and Final Application, and the description of services set forth herein of the work performed, is in compliance with the requirements of Delaware Local Rule 2016-2, and the applicable guidelines and requirements of this Honorable Court, the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the Office of the United States Trustee.

27. During the Final Fee Period, AMSL received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever with respect to the matters covered by this Application. There is no agreement or understanding between AMSL and any other person, other than the attorneys of AMSL, as described in the Retention Application, for the sharing of compensation to be received for services rendered in this Chapter 11 case.

## **NOTICE**

28. AMSL has served this application in accordance with the Interim Compensation Order and the Bankruptcy Local Rules. AMSL submits that no further notice is required.

## **CONCLUSION**

WHEREFORE, AMSL respectfully requests that the Court enter an Order approving and allowing the amounts requested herein, as follows:

a) Granting interim approval and allowance of compensation for professional services rendered for the period March 1, 2023 through August 9, 2023, in the amount of **$53,445.50**;

8

b) Granting interim approval and allowance for reimbursement of expenses in the amount of **$1,081.38** for the period March 1, 2023 through August 9, 2023;

c) Granting final approval and allowance of compensation for professional services rendered for the period December 15, 2022 through August 9, 2023, in the amount of **$212,614.00**;

d) Granting final approval and allowance for reimbursement of expenses in the amount of **$4,070.55** for the period December 15, 2022 through August 9, 2023; and

e) Granting such other further relief as the Court deems appropriate.

Dated: August 28, 2023
Wilmington, Delaware

Respectfully submitted,
A.M. SACCULLO LEGAL, LLC

*/s/ Mark T. Hurford*
Anthony M. Saccullo (DE No. 4141)
Mark T. Hurford (DE No. 3299)
27 Crimson King Drive
Bear, DE 19701
Tel: (302) 836-8877
AMS@Saccullolegal.com
Mark@saccullolegal.com

*Co-Counsel for the Official Committee of Unsecured Creditors*

**DECLARATION**

I, Mark T. Hurford, certify as follows:

1. I am Special Counsel in the applicant firm, A.M. Saccullo Legal, LLC ("**AMSL**"), and have been admitted to the Bar of the State of Delaware since 1994. I make this certification in accordance with Local Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

2. I have personally performed many of the legal services rendered by AMSL to the Committee in connection with these chapter 11 cases and am familiar with other work performed on at AMSL.

3. The facts set forth in the foregoing Interim and Final Application are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed Local Rule 2016-2, and, to the best of my knowledge, information and belief formed upon the basis of my participation in these cases, as well as after reasonable inquiry, the facts set forth in the Application materially comply with the provisions of the Local Rules, the Bankruptcy Code, and this Court's orders.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: August 28, 2023         */s/ Mark T. Hurford*
                               Mark T. Hurford, Esq.