### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>　　　　　　　　　Debtors. | ) Chapter 11<br>)<br>) Case No. 22-11238 (LSS)<br>)<br>) Jointly Administered<br>)<br>) **Hearing Date:**<br>) September 28, 2023 at 2:30 p.m. (ET)<br>)<br>) **Objection Deadline:**<br>) September 19, 2023 at 4:00 p.m. (ET)<br>)<br>) Ref. Docket Nos. 230 & 322 |

**SUMMARY OF SECOND CONSOLIDATED MONTHLY AND FINAL FEE APPLICATION OF EPIQ CORPORATE RESTRUCTURING, LLC, ADMINISTRATIVE ADVISOR TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES FOR (I) THE MONTHLY PERIOD FROM FEBRUARY 1, 2023 THROUGH AUGUST 9, 2023 AND (II) THE FINAL FEE PERIOD FROM NOVEMBER 30, 2022 THROUGH AND INCLUDING AUGUST 9, 2023**

| | |
|---|---|
| Name of Applicant: | **Epiq Corporate Restructuring, LLC** |
| Authorized to provide professional services to: | **Debtors and Debtors in Possession** |
| Date of Retention: | **Order entered on January 4, 2023 retaining Epiq Corporate Restructuring, LLC effective as of the Petition Date [D.I. 131]** |
| Monthly period for which compensation and reimbursement is sought: | **February 1, 2023 through August 9, 2023** |
| Amount of monthly compensation sought as actual, reasonable, and necessary: | **$19,353.60** |
| Amount of monthly expense reimbursement sought as actual, reasonable, and necessary: | **$1,787.52** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these Chapter 11 Cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

30703815.1

| | |
|---|---|
| Final fee period for which compensation and reimbursement is sought: | **November 30, 2022 through August 9, 2023** |
| Amount of final compensation sought as actual, reasonable, and necessary: | **$38,165.40** |
| Amount of final expense reimbursement sought as actual, reasonable, and necessary: | **$1,787.52** |
| Total compensation approved to date: | **$18,811.80** |
| Total amount of compensation paid to date: | **$18,811.80** |
| Amount of unpaid compensation sought as actual, reasonable, and necessary: | **$19,353.60** |
| Amount of unpaid expenses sought as actual, reasonable, and necessary: | **$1,787.52** |

This is a     __X__ monthly ____ interim __X__ final application

Prior Applications Filed:

| Date Filed/ Docket No. | CNO Filed | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|---|
| | | | Fees | Expenses | Fees | Expenses |
| First Consol. 2/9/2023 [D.I. 230] | 03/02/2023 [D.I. 269] | 11/30/2022 - 1/31/2023 | $18,811.80 | $0.00 | $18,811.80 | $0.00 |
| **TOTAL** | | | **$18,811.80** | **$0.00** | **$18,811.80** | **$0.00** |

30703815.1

**COMPENSATION BY INDIVIDUAL RENDERING SERVICES**
**FOR THE PERIOD FROM FEBRUARY 1, 2023 THROUGH AUGUST 9, 2023**

| Name of Professional Individual | Position | Year Assumed Position | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Emily Young | Solicitation Consultant | 2009 | $192.00 | 48.90 | $9,388.80 |
|  |  |  | $96.00 | 12.00 | $1,152.00 |
| Jeremy Rackauckas | Solicitation Consultant | 2021 | $192.00 | 12.90 | $2,476.80 |
| John Chau | Solicitation Consultant | 2013 | $192.00 | 4.60 | $883.20 |
| Joseph Arena | Solicitation Consultant | 2011 | $192.00 | 1.80 | $345.60 |
| Stephenie Kjontvedt | Solicitation Consultant | 2008 | $192.00 | 6.20 | $1,190.40 |
| Thomas Vazquez | Solicitation Consultant | 2008 | $192.00 | 15.90 | $3,052.80 |
| Brian Hunt | Director/V.P. Consulting | 2008 | $192.00 | 4.50 | $864.00 |
| **Total:** |  |  |  | **106.80** | **$19,353.60** |
| **Blended Rate:** |  |  |  |  | **$181.21** |

**COMPENSATION BY PROJECT CATEGORY**
**FOR THE PERIOD FROM FEBRUARY 1, 2023 THROUGH AUGUST 9, 2023**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| 495 – Balloting/Solicitation Consultation | 102.50 | $18,528.00 |
| 642 – Fee Application Preparation | 4.30 | $825.60 |
| **TOTAL** | **106.80** | **$19,353.60** |

30703815.1

## EXPENSE SUMMARY
## FOR THE PERIOD FROM FEBRUARY 1, 2023 THROUGH AUGUST 9, 2023

| Expenses Category | Total Expenses |
|---|---|
| Transportation/Meals | $240.34 |
| Hotel | $309.38 |
| Airfare | $1,237.80 |
| **TOTAL DISBURSEMENTS** | **$1,787.52** |

## COMPENSATION BY INDIVIDUAL RENDERING SERVICES
## FOR THE PERIOD FROM NOVEMBER 30, 2022 THROUGH AUGUST 9, 2023

| Name of Professional Individual | Position | Hourly Billing Rate (including changes) [2] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Emily Young | Solicitation Consultant | $192.00 | 48.90 | $9,388.80 |
| | | $96.00 | 12.00 | $1,152.00 |
| Jeremy Rackauckas | Solicitation Consultant | $192.00 | 12.90 | $2,476.80 |
| John Chau | Solicitation Consultant | $192.00 | 4.60 | $883.20 |
| Joseph Arena | Solicitation Consultant | $192.00 | 1.80 | $345.60 |
| Stephenie Kjontvedt | Solicitation Consultant | $192.00 | 6.50 | $1,248.00 |
| Thomas Vazquez | Solicitation Consultant | $192.00 | 17.40 | $3,340.80 |
| Brian Hunt | Director/V.P. Consulting | $192.00 | 4.50 | $864.00 |
| | | $175.00 | 73.00 | $12,775.00 |
| Kevin Streseman | Director/V.P. Consulting | $192.00 | 1.80 | $345.60 |
| Regina Amporfro | Senior Consultant II | $165.00 | 32.00 | $5,345.60 |
| **Total:** | | | **215.40** | **$38,165.40** |
| **Blended Rate:** | | | | **$177.18** |

---

[2] An increase to Epiq's professional service rates became effective on January 2, 2023 pursuant to paragraph 3.2 of Epiq's Standard Services Agreement (as annexed to the *Order Authorizing the Debtors to Retain and Employ Epiq Corporate Restructuring, LLC as Administrative Advisor Effective as of Petition Date*, [Docket No. 131]).

30703815.1

**COMPENSATION BY PROJECT CATEGORY**
**FOR THE PERIOD FROM NOVEMBER 30, 2022 THROUGH AUGUST 9, 2023**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| 495 - Balloting/Solicitation Consultation | 104.30 | $18,873.60 |
| 642 – Fee Application Preparation | 4.30 | $825.60 |
| 645 - Schedule/Sofa Prep | 106.80 | $18,466.20 |
| **TOTALS** | **215.40** | **$38,165.40** |

**EXPENSE SUMMARY**
**FOR THE PERIOD FROM NOVEMBER 30, 2022 THROUGH AUGUST 9, 2023**

| Expenses Category | Total Expenses |
|---|---|
| Transportation/Meals | $240.34 |
| Hotel | $309.38 |
| Airfare | $1,237.80 |
| **TOTAL DISBURSEMENTS** | **$1,787.52** |

30703815.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC., *et al.*,[1]<br><br>　　　　　　　　　Debtors. | ) Chapter 11<br>)<br>) Case No. 22-11238 (LSS)<br>)<br>) Jointly Administered<br>)<br>) **Hearing Date:**<br>) **September 28, 2023 at 2:30 p.m. (ET)**<br>)<br>) **Objection Deadline:**<br>) **September 19, 2023 at 4:00 p.m. (ET)**<br>)<br>) **Ref. Docket Nos. 230 & 322** |

**SECOND CONSOLIDATED MONTHLY AND FINAL FEE APPLICATION OF EPIQ CORPORATE RESTRUCTURING, LLC, ADMINISTRATIVE ADVISOR TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES FOR (I) THE MONTHLY PERIOD FROM FEBRUARY 1, 2023 THROUGH AUGUST 9, 2023 AND (II) THE FINAL FEE PERIOD FROM NOVEMBER 30, 2022 THROUGH AND INCLUDING AUGUST 9, 2023**

Pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1330 (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals*, dated January 4, 2023 [Docket No. 126] (the "**Interim Compensation Order**"),[2] Epiq Corporate Restructuring, LLC ("**Epiq**"), administrative agent for the above-captioned debtors (collectively, the "**Debtors**"), hereby files this application (the "**Application**") for (i) allowance of

---

[1]　The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these Chapter 11 Cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2]　Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

30703815.1

compensation in the amount of $19,353.60 and reimbursement of expenses in the amount of $1,787.52 for the period February 1, 2023 through August 9, 2023 (the "**Monthly Fee Period**"), and (ii) final allowance of compensation in the amount of $38,165.40 and reimbursement of expenses in the amount of $1,787.52 for the period November 30, 2022 through August 9, 2023 (the "**Final Fee Period**").  In support of this Application, Epiq respectfully represents as follows:

## JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).

2.  Venue of these cases and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3.  The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-2.  Pursuant to Local Rule 9013-1(f), Epiq consents to the entry of a final judgement or order with respect to this Application if it is determined that this Court would lack Article III jurisdiction to enter such final judgement or order absent the consent of the parties.

## BACKGROUND

**A.    The Chapter 11 Cases**

4.  On November 30, 2022 (the "**Petition Date**"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  The Chapter 11 Cases are being jointly administered.

5. On December 12, 2022, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Committee**") in the Chapter Cases [Docket No. 54].[3] No trustee or examiner has been appointed in the Chapter 11 Cases.

6. On August 3, 2023, the Court entered the *Order Approving and Confirming the Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* [Docket No. 457] (the "**Confirmation Order**"), thereby confirming the Plan. On August 9, 2023 (the "**Effective Date**"), the Plan became effective. *See* Docket No. 462.

7. Section VI.6.1.C of the Plan provides that all chapter 11 case professionals must file final requests for payment of compensation and reimbursement of expenses by the Professional Fee Claims Bar Date, which is forty-five (45) days after the Effective Date (*i.e.*, September 23, 2023). *See* Plan, § VI.6.1.C. This Application represents Epiq's second consolidated monthly and final request for payment of compensation and reimbursement of expenses in the Chapter 11 Cases.

**B.     The Retention of Epiq**

8. On December 16, 2022, the Debtors applied [Docket No. 65] (the "**Epiq 327 Retention Application**") to the Court for an order authorizing the Debtors to retain and employ Epiq as their administrative advisor, effective as of the Petition Date. On January 4, 2023, the Court entered an order [Docket No. 131] (the "**Epiq 327 Retention Order**") authorizing such retention.[4]

---

[3] On January 18, 2023, the U.S. Trustee filed the *First Amended Notice of Appointment of Official Committee of Unsecured Creditors* in the Chapter 11 Cases [Docket No. 201]. On January 25, 2023, the U.S. Trustee filed the *Second Amended Notice of Appointment of Official Committee of Unsecured Creditors* in the Chapter 11 Cases [Docket No. 213]. On March 16, 2023, the U.S. Trustee filed the *Second Amended Notice of Appointment of Official Committee of Unsecured Creditors* in the Chapter 11 Cases [Docket No. 299].

[4] In addition to being retained as administrative advisor, on October 15, 2021, Epiq was retained, pursuant to 28 U.S.C. § 156(c), to serve as claims and noticing agent in these Chapter 11 Cases [Docket No. 34] (the "**Claims and Noticing Agent Order**"). In accordance with the Claims and Noticing Agent Order, all fees and expenses

30703815.1

9. The Epiq 327 Retention Order authorized Epiq to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses. Other than the payments received for amounts set forth in its First Monthly Fee Application (as defined herein), Epiq has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Epiq and any other person, other than the partners of Epiq, for the sharing of compensation to be received for services rendered in these areas. All services for which compensation is requested by Epiq as administrative advisor were performed for or on behalf of the Debtors.

C. **The Interim Compensation Order**

10. On January 4, 2023, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* [Docket No. 126] (as defined above, the "**Interim Compensation Order**"), which sets forth the procedures for interim compensation and reimbursement of expenses in the Chapter 11 Cases.

**RELIEF REQUESTED**

11. By this Application, Epiq seeks approval and allowance of compensation in the amount of $19,353.60 for professional services rendered during the period from February 1, 2023 through August 9, 2023 (the "**Monthly Period**"). Epiq also seeks final approval and allowance of compensation in the amount of $38,165.40 for professional services rendered during the Final Fee Period, including any and all holdbacks. Pursuant to the Interim Compensation Order, and as detailed in the chart below, Epiq filed one consolidated monthly fee application (the "**First**

---

related to Epiq's notice and claims agent services will be paid by the Debtors in the ordinary course of business without the need for a fee application or monthly statement. As such, none of Epiq's notice and claims agent fees or expenses are included in this Application.

30703815.1

Monthly Fee Application") that has not been heard by the Court for final approval. *See* Docket No. 230.

| Docket No. / Date Filed | CNO Docket No. / Date Filed | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|---|
| | | | Fees | Expenses | Fees | Expenses |
| First Consol. 2/9/2023 [D.I. 230] | 3/02/2023 [D.I. 269] | 11/30/2022 – 1/31/2023 | $18,811.80 | $0.00 | $18,811.80 | $0.00 |
| **TOTAL** | | | **$18,811.80** | **$0.00** | **$18,811.80** | **$0.00** |

12. In support of this request for the final allowance of all fees incurred by Epiq during the Final Fee Period, Epiq incorporates herein by reference the First Monthly Fee Application, together with the corresponding certificate of no objection with respect to the same.

### DESCRIPTION OF SERVICES RENDERED

**A.    Second Monthly Fee Application**

13. During the Monthly Fee Period, Epiq professionals ("**Epiq Professionals**") expended a total of 106.80 hours for which compensation is requested. A schedule setting forth the number of hours expended by each Epiq professional who rendered services to the Debtors during the Monthly Fee Period, their respective hourly rates, and the aggregate fees incurred by each such individual is attached hereto as **Exhibit A**. A schedule setting forth project categories utilized by Epiq in these Chapter 11 Cases, the aggregate number of hours expended by the professionals of Epiq by project category, and the aggregate fees for each project category is attached hereto as **Exhibit B**. A schedule specifying the categories of expenses for which Epiq is seeking reimbursement and the total amount for each category is attached hereto as **Exhibit C**. The time detail describing the work performed during the Monthly Fee Period is attached hereto as **Exhibit D**.

30703815.1

**B.     Final Fee Application**

14.     During the Final Fee Period, Epiq Professionals expended a total of 215.40 hours, among other things, preparing for and completing the solicitation process, assisting in the preparation of the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (together, the "**Schedules and Statements**"), and preparing fee applications, as set forth in greater detail below.

**(i)        495 – Balloting/Solicitation Consultation**

Fees:            $18,873.60
Total Hours:   104.30

15.     During the Final Fee Period, Epiq Professionals devoted time to matters related to the solicitation process, including but not limited to: (i) preparing for the mailing of solicitation materials; (ii) reviewing post-solicitation issues, including receiving and processing ballots submitted in connection with the Plan; (iii) tabulating and auditing all votes cast; (iv) preparing and finalizing the vote certification for filing with the Court; and (v) attendance at the hearing to consider confirmation of the Plan as a declarant in support of confirmation.

16.     Epiq Professionals devoted a total of 104.30 hours to balloting and solicitation matters during the Final Fee Period, for which compensation in the amount of $18,873.60 is sought.

**(ii)       642 – Fee Application Preparation**

Fees:            $825.60
Total Hours:   4.30

17.     During the Final Fee Period, Epiq Professionals devoted time to matters relating to the preparation of Epiq fee and expense applications.

18. Epiq Professionals devoted a total of 4.30 hours to fee application preparation during the Final Fee Period, for which compensation in the amount of $825.60 is sought.

### (iii)     645 – Schedule/SOFA Preparation

Fees:           $18,466.20
Total Hours:   106.80

19. During the Final Fee Period, Epiq Professionals devoted time to work related to the preparation and filing of the Debtors' Schedules and Statements. Epiq Professionals worked closely with the Debtors' advisors to gather the necessary data, and then analyzed and compiled that data for inclusion in the Schedules and Statements.

20. Epiq Professionals devoted a total of 106.80 hours to preparing the Schedules and Statements during the Final Fee Period, for which compensation in the amount of $18,466.20 is sought.

21. A schedule setting forth the number of hours expended by each Epiq professional who rendered services to the Debtors during the Final Fee Period, their respective hourly rates, and the aggregate fees incurred by each such individual is attached hereto as **Exhibit E**. A schedule setting forth project categories utilized by Epiq in these Chapter 11 Cases, the aggregate number of hours expended by the professionals of Epiq by project category, and the aggregate fees for each project category is attached hereto as **Exhibit F**. A schedule specifying the categories of expenses for which Epiq is seeking final allowance and the total amount for each category is attached hereto as **Exhibit G**. The time detail describing the work performed during the Final Period is attached hereto as **Exhibit H**.

### Actual and Necessary Expenses for the Final Fee Period

22. Epiq incurred a total of $1,787.52 in actual and necessary expenses in connection with representing the Debtors during the Final Fee Period.

30703815.1

23. Epiq believes that its efforts on behalf of the Debtors in these cases were necessary and that its fees and expenses are reasonable and appropriate and should therefore be approved in full by the Court.

## EPIQ'S REQUESTED COMPENSATION SHOULD BE ALLOWED

24. Bankruptcy Code section 330 provides that a court may award a professional employed under Bankruptcy Code section 327 "reasonable compensation for actual necessary service rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Bankruptcy Code section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

25. In accordance with the factors enumerated above, Epiq respectfully submits that

30703815.1

the compensation requested in this Application is fair and reasonable given (i) the complexity of the Chapter 11 Cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the costs of comparable services outside of bankruptcy. The rates charged during the Final Fee Period are Epiq's normal hourly rates for work of this nature. The reasonable value of the services rendered by Epiq to the Debtors during the Final Fee Period is $38,165.40 and the sum of $1,787.52 as 100% reimbursement of actual necessary costs and expenses, for a total of $39,952.92 and that such sums be authorized for payment and for such other and further relief as this Court may deem just and proper.

26. Epiq also respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates. Epiq further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefitted the Debtors, their estates, and their constituents. Epiq further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties-in-interest. Accordingly, Epiq respectfully submits that approval of the compensation sought herein is warranted and should be approved.

## NOTICE

27. The Debtors will serve notice of this Application on the U.S. Trustee and all other parties entitled to notice under the Plan or pursuant to Local Rule 2002-1(b).

## CERTIFICATE OF COMPLIANCE AND WAIVER

28. The undersigned representative of Epiq certifies that he has reviewed the requirements of Local Rule 2016-2 and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of

Local Rule 2016-2, Epiq believes that such deviations are not material and respectfully requests that any such requirement be waived.

## CONCLUSION

WHEREFORE, Epiq respectfully requests the Court enter an order (a) granting the Application and authorizing compensation in the amount of $38,165.40 and the sum of $1,787.52 as reimbursement of actual necessary costs and expenses, for a total of $39,952.92 for the Final Fee Period; and (b) granting such other and further relief as the Court deems just and proper.

Dated: August 29, 2023                             **EPIQ CORPORATE RESTRUCTURING, LLC**


*/s/ Brian Hunt*
Brian Hunt
Consulting Director
777 Third Avenue, 12th Floor
New York, NY 10017

*Administrative Advisor to the Debtors*

30703815.1

## CERTIFICATION

I, Brian Hunt, certify as follows:

1. I am a Consulting Director of Epiq Corporate Restructuring, LLC ("**Epiq**").

2. I am thoroughly familiar with the work performed on behalf of the Debtors as administrative advisor by the professionals and paraprofessionals of Epiq.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information, and belief.

4. I certify that I have reviewed the requirements of Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") and that the foregoing Application complies with Local Rule 2016-2.

Dated: August 29, 2023

> */s/ Brian Hunt*
> Brian Hunt
> Consulting Director
> Epiq Corporate Restructuring, LLC