IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 22-11238 (LSS) |
| | ) | |
| WINC, INC. et al,[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Objection Deadline:** |
| | ) | **January 12, 2024 at 5:00pm (ET)** |
| | ) | |

## NOTICE OF (I) DELAYED ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PLEASE TAKE NOTICE THAT** on December 7, 2022, the above-captioned debtors and debtors in possession (each, a "Debtor" and, collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") their motion for entry of (a) an order (I) Approving Bidding Procedures in Connection with the Sale of the Debtors' Assets and Related Bid Protections, (II) Approving Form and Manner of Notice, (III) Scheduling Auction and Sale Hearing, (IV) Authorizing Procedures Governing Assumption and Assignment of Certain Contacts and Unexpired Leases, and (V) Granting Related Relief; and (B) An Order (I) Approving Purchase Agreements, and (II) Authorizing a Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests [Docket No. 47] (the "Sale Motion").

**PLEASE TAKE FURTHER NOTICE THAT** on December 28, 2022, the Debtors filed with the Bankruptcy Court and served their Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale [Docket No. 91], which provided counterparties to the Debtors' unexpired leases and executory contracts with notice of the possible assumption and assignment of their unexpired leases and/or executory contracts and the Debtors' proposed amounts necessary to cure any defaults in connection therewith, and which notice was supplemented on January 10, 2023 [Docket No. 151] and January 16, 2023 [Docket No. 183].

**PLEASE TAKE FURTHER NOTICE THAT** on January 18, 2023, the Bankruptcy Court entered its Order Authorizing (I) The Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (II) The Debtors to Enter Into and Perform Their Obligations Under the Project Crush Acquisition Corp LLC Asset Purchase Agreement and Related Documents; (III) The Debtors to Assume and Assign Certain Contracts and Unexpired

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). In accordance with Section 9.5 of the Plan, the Debtor Winc Lost Poet, LLC was dissolved as the Effective Date (as defined therein).

Leases; (IV) Waiver of the Stay Periods Under Bankruptcy Rules 6004(h) and 6006(d); And (V) Granting Related Relief [Docket No. 203] (the "Sale Order"), which among other things granted the Sale Motion and approved the sale of substantially all of the Debtors' assets to Project Crush Acquisition Corp. or its designee (the "Purchaser").

**PLEASE TAKE FURTHER NOTICE THAT**, in accordance with the terms of the Sale Order and the Purchase Agreement (as defined therein), the Purchaser was entitled to designate certain executory contracts and unexpired leases of the Debtors as "Delayed Assumption Contracts" to be (a) assumed and assigned to the Purchaser or its Designee, or (b) rejected, at a later date following the Closing of the Sale (collectively, the "Delayed Designation Contracts");

**PLEASE TAKE FURTHER NOTICE THAT**, on August 1, 2023, the Debtors filed their Revised Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and its Affiliated Debtors [Docket No. 444] (the "Plan"), which among other things provided that the Debtors would file and serve a Notice of Delayed Assumption on the Delayed Assumption Contract Counterparties informing such counterparties of the deadline to object to the assumption and assignment of the Delayed Assumption Contracts to the Purchaser or its designee, which deadline would be fourteen (14) days after service of the Notice of Delayed Assumption, and which Plan included as Exhibit A thereto a list of the Delayed Assumption Contracts;

**PLEASE TAKE FURTHER NOTICE THAT**, on August 3, 2023, the Bankruptcy Court entered its Order Approving and Confirming the Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors [Docket No. 457] (the "Confirmation Order"), which confirmed the Plan as provided for therein;

**PLEASE TAKE FURTHER NOTICE THAT**, attached hereto as **Exhibit 1** is a list of Delayed Assumption Contracts that the Debtors will assume and assign to the Purchaser or its designee, together with the corresponding cure amount (each a "Proposed Cure Amount"), if any, that the Debtors believe is required to be paid to the applicable Delayed Assumption Contract Counterparty to each of the Delayed Assumption Contracts under Section 365(b)(1)(A) and (B) of the Bankruptcy Code (the "Cure Schedule"). **In accordance with the terms of the Purchase Agreement, the Sale Order, the Transition Services Agreement attached as Exhibit B-1 thereto, the Plan, and the Confirmation Order, none of the Debtors, the Reorganized Debtors, the Post-Effective Date Debtor Representative, the Creditor Trust, and/or the Creditor Trustee (each as defined in the Plan) shall be responsible for or liable to any Delayed Assumption Contract Counterparty (or any other party) for payment of any Proposed Cure Amount, and all such Proposed Cure Amounts shall be paid by the Purchaser or its designee on or prior to the date that such Delayed Assumption Contract is assumed by the Purchaser or its designee**;

**PLEASE TAKE FURTHER NOTICE THAT** each Delayed Assumption Contract Counterparty shall have until 5:00 p.m. (prevailing Eastern Time) on **January 12, 2024** (the "Contract Objection Deadline") to object to the assumption and assignment of its contract on any grounds, including, without limitation, the amount of the Proposed Cure Amount, but excluding any objection as to adequate assurance of future performance under section 365(b)(1) of the Bankruptcy Code or the identity of the Purchaser (each, a "Contract Objection"). Any such

Contract Objection must be filed and served on the following parties (collectively, the "Objection Notice Parties"), so as to be actually received by the Contract Objection Deadline:

(a) counsel for the Purchaser, Cooley LLP, 110 N. Wacker Drive, Suite 4200, Chicago, IL 60606, Attn: Eric Walker, Esq. (ewalker@cooley.com) and Joseph Brown, Esq. (jbrown@cooley.com); and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899, Attn: Derek C. Abbott, Esq. (dabbott@mnat.com) and Curtis S. Miller, Esq. (cmiller@mnat.com);

(b) counsel for the Creditor Trustee, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor New York, NY 10019 Attn: George Angelich, Esq (george.angelich@afslaw.com); 800 Boylston Street, 32nd Floor, Boston, MA 02199 Attn: Justin Kesselman, Esq. (justin.kesselman@afslaw.com) and James Britton, Esq. (james.britton@afslaw.com); A.M. Saccullo Legal LLC, 27 Crimson King Dr., Bear, DE 19701 Attn: Anthony M. Saccullo, Esq. (ams@saccullolegal.com) and Mark Hurford (mark@saccullolegal.com); and

(c) counsel for the Post-Effective Date Debtor Representative, Carothers & Hauswirth LLP, 1007 N. Orange Street, 4th Floor, Wilmington, DE 19801 Attn: Patrick W. Carothers (pcarothers@ch-legal.com) and Gregory W. Hauswirth (ghauswirth@ch-legal.com).

**PLEASE TAKE FURTHER NOTICE THAT nothing contained in this notice or on the exhibits hereto shall constitute a waiver of any rights of the Debtors, the Reorganized Debtors, their estates, or the Creditor Trust or an admission with respect to the Debtors' chapter 11 cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws.**

**If no Contract Objection is timely received with respect to a Delayed Assumption Contract: (i) the Delayed Assumption Contract Counterparty to such Delayed Assumption Contract shall be deemed to have consented to the assumption by the Debtors and assignment to the Purchaser (or its designee) of the Delayed Assumption Contract, and be forever barred from asserting any objection with regard to such assumption and assignment (including, without limitation, with respect to adequate assurance of future performance; (ii) any and all defaults under the Delayed Assumption Contract and any and all pecuniary losses related thereto shall be deemed cured and compensated pursuant to sections 365(b)(1)(A) and (B) of the Bankruptcy Code upon payment of the Proposed Cure Amount set forth in this Cure Notice for such Delayed Assumption Contract; and (iii) the Proposed Cure Amount set forth in this Cure Notice for such Delayed Assumption Contract shall be controlling, notwithstanding anything to the contrary in such Delayed Assumption Contract, or any other related document, and the Delayed Assumption Contract Counterparty shall be deemed to have consented to the Proposed Cure Amount and shall be forever barred from**

asserting any other claims related to such Delayed Assumption Contract against the Debtors, the Reorganized Debtors, their estates, the Creditor Trust, or the Purchaser, or the property of any of them, that existed prior to the entry of the order resolving the Contract Objections.

**PLEASE TAKE FURTHER NOTICE THAT**, attached hereto as **Exhibit 2**, is a list of Delayed Assumption Contracts which the Purchaser has designated for rejection (each, a "Rejected Contract" and collectively the "Rejected Contracts").  The Rejected Contracts will be deemed rejected by the Debtors as of the date of this Notice.

**PLEASE TAKE FURTHER NOTICE THAT**, in accordance with the Plan and the terms of the Order (I) Establishing Deadlines for Filing Proofs of Claim and (II) Approving the Form, Timing, and Manner of Notice Thereof [Docket No. 277] (the "Bar Date Order") entered by the Bankruptcy Court on March 6, 2023, **any Delayed Assumption Contract Counterparty to a Rejected Contract shall have until 5:00 p.m. (prevailing eastern time) on January 28, 2024 to file a Proof of Claim on account of any damages arising from or related to the rejection of such Rejected Contract in accordance with the forms and terms set forth in the Bar Date Order. Failure to timely file such Proof of Claim may result in such Delayed Assumption Contract Counterparty forever being barred from asserting any claim with respect to any amounts arising from or related to the rejection of such Rejected Contract against the Debtors, the Reorganized Debtors, their estates, and the Creditor Trust.**

**PLEASE TAKE FURTHER NOTICE THAT**, if you would like to obtain copies of the Sale Motion, the Sale Order, the Plan, the Confirmation Order, the Bar Date Order, or any other pleadings or orders of the Bankruptcy Court, they are publicly available, for a fee via PACER at: http:/www.deb.uscourts.gov, or free of charge from the claims agent at https://dm.epiq11.com/Winc. Such documents and pleadings may also be obtained by calling the Debtors' restructuring hotline at (855) 608-2412 (toll-free) or (503) 461-3028 (international).

Dated: December 29, 2023

        CAROTHERS &
        HAUSWIRTH LLP

        */s/ Gregory W. Hauswirth*
        Gregory W. Hauswirth (No. 5679)
        1007 N. Orange Street, 4th Foor
        Wilmington, DE 19801
        Direct: 302.332.7181
        Facsimile: 412.910.7510
        ghauswirth@ch-legal.com

        *Counsel for Bryan Ayers, the Post-Confirmation Debtor Representative*