**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WINC, INC. et al,[1] | ) Chapter 11<br>)<br>) Case No. 22-11238 (LSS) (Jointly<br>) Administered)<br>)<br>)<br>) **Hearing: March 11, 2024 @ 2:00 p.m. (ET)**<br>) **Obj. Deadline: February 13, 2024 @ 4:00 p.m. (ET)**<br>)<br>) |

**MOTION OF THE CLUB W. CREDITOR TRUST
FOR AN ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS**

Brian Ryniker (the "Creditor Trustee"), as trustee of the Club W. Creditor Trust (the "Creditor Trust") established in the chapter 11 cases (the "Bankruptcy Cases") of Winc, Inc. and its debtor affiliates (the "Debtors") jointly administered under Case No. 22-11238, hereby submits this motion (the "Motion") for entry of an order, pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3007 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 9006-1 and 9006-2 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules"), the Plan, the Confirmation Order (as defined herein), and the Creditor Trust Agreement (as defined herein), and seeks entry of an order (the "Order"), substantially in the form annexed hereto as **Exhibit A**, extending the deadline (the "Claims Objection Deadline") to file objections to the allowance of any claim (the "Claims") filed against the Debtors' estate by one hundred and eighty (180) days through and including August 3, 2024. In support of the Motion, the Trust respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). In accordance with Section 9.5 of the Plan, the Debtor Winc Lost Poet, LLC was dissolved as the Effective Date (as defined therein).

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and paragraph XV of the Plan. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a) and 502, Bankruptcy Rules 3007 and 9006, Local Rules 9006-1 and 9006-2, and section 11.2 of the Confirmed Plan.

**BACKGROUND**

4. On November 30, 2022, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The cases are jointly administered under Case No. 22-11238.

5. On July 20, 2023, the Debtors filed their *Notice of Filing of Plan Supplement* [Docket No. 429]. Attached thereto as "Exhibit A" was a Creditor Trust Agreement by and among the Debtors, the Debtors' Official Committee of Unsecured Creditors, and the Creditor Trustee (the "Creditor Trust Agreement"). Section 6.5 of the Creditor Trust Agreement provides that "the Creditor Trustee may request that the Bankruptcy Court extend the Claims Objection Deadline with respect to any or all of such Disputed Claims."

6. On August 1, 2023, the Debtors filed their *Revised Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* [Docket No. 444] (as may be amended, modified, or supplemented, the "Plan").

7. On August 3, 2023, the Court held a hearing to consider confirmation of the Plan and, on the same date, entered the *Order Approving and Confirming the Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* (the "Confirmation Order") [Docket No. 457], which confirmed the Plan and approved the Creditor Trust Agreement.

8. On August 9, 2023 (the "Effective Date"), the Debtors filed a notice that the Plan had become effective. On the Effective Date, under section 9.6 of the Plan, the Debtors assigned and transferred absolutely and unconditionally to the Creditor Trust all Creditor Trust Assets. Further, under sections 9.7 and 9.8 of the Plan, the Trustee was empowered to oversee the Claims resolution and objection process, including, without limitation, the ability to object to, seek to subordinate, compromise, or settle any or all Claims against the Debtors or the Estate. Moreover, under sections 11.1 and 11.2 of the Plan, objections to, and requests for estimation of, Claims against the Debtors may be interposed and prosecuted by the Trustee. Section 1.27 of the Plan also established a Claims Objection Deadline that is one-hundred-eighty (180) days after the Effective Date. Section 11.2 of the Plan provides that the Claims Objection Deadline may be extended by the Bankruptcy Court upon motion by the Creditor Trust, as applicable.

## RELIEF REQUESTED

9. By this Motion, the Creditor Trust seeks entry of an order, pursuant to Bankruptcy Code sections 105(a) and 502, Bankruptcy Rules 3007 and 9006, Local Rules 9006-1 and 9006-2, section 6.5 of the Creditor Trust Agreement and section 11.2 of the Plan, extending the Claims Objection Deadline by one hundred and eighty (180) days through and including August 3, 2024, without prejudice to request additional extensions.[2] The Creditor Trust continues to review the data in its possession, request and receive data from other entities that may be integral to the Creditor Trust's Claims analysis, and prepare objections to claims that cannot be resolved. It is essential that the Creditor Trust preserves its rights to object to or seek estimation of the Claims in the interim.

---

[2] Pursuant to Local Rule 9006-2, since this Motion was filed before the expiration of the period, the time is automatically extended until the Court acts on the Motion.

**BASIS FOR RELIEF**

10. Pursuant to the Plan, the Creditor Trust is working towards completing the reconciliation of all remaining Claims. The Claims Objection Deadline is currently February 5, 2024. The Creditor Trustee requests an extension of the Claims Objection Deadline for a period of one hundred and eighty (180) days through and including August 3, 2024.

11. Bankruptcy Code Section 105(a) provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Furthermore, this Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

12. Bankruptcy Rule 9006(b) grants this Court with discretion to lengthen the time within which "an act is required or allowed to be done." Fed. R. Bankr. 9006(b)(1). It provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . .

*Id.* Bankruptcy courts are generally liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been negligent, dilatory, or acting in bad faith. *See generally* 10 Collier on Bankruptcy, ¶ 9006.06[3], at 9006-14 (15th rev. ed. 2001). As discussed below, good and sufficient cause exists to extend the Claims Objection Deadline to allow the Creditor Trustee additional time to file and serve objections to Claims.

13. Further, the Plan expressly authorizes this Court to extend the Claims Objection Deadline. Specifically, section 11.2 of the Plan provides that:

4

> All Objections to Claims shall be Filed on or before the Claim Objection Deadline, **which date may be extended one or more times by the Bankruptcy Court upon a motion filed by the Creditor Trust on or before the Claim Objection Deadline with notice only to those parties entitled to notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the filing of such motion**. If a timely Objection has not been Filed to a proof of Claim or the Schedules have not been amended with respect to a Claim that was scheduled by the Debtors but was not set forth in the Schedules by the Debtors as contingent, unliquidated, or disputed, then the Claim to which the proof of Claim or the Claim set forth in the Schedules relates will be treated as an Allowed Claim. Nothing contained herein shall limit the right of the Creditor Trust to object to Claims, if any, filed or amended after the Claim Objection Deadline.

Plan, § 11.2 (emphasis added).

14. The Claims reconciliation process is underway. The Creditor Trust has undertaken a comprehensive analysis of the Claims filed in the Debtor's chapter 11 case in order to ascertain Claims that may need to be disallowed, reduced, and/or reclassified. Concurrently with that reconciliation process, the Creditor Trust was also forced to attend to and resolve issues concerning its Transition Services Agreement, including resolving issues concerning access to certain books and records. As the Court will recall, the Transition Services Agreement was entered into in connection the sale of substantially all of the Debtors' assets in order to continue the Debtors' corporate existence while the buyer effectuated certain licensing requirements and other transfers. There were several discussions between the Debtors, the Creditor Trust, and the buyers concerning, among other things, the access to, and cost associated with, various books and records. Although the Creditor Trust is pleased to report its belief that all such issues have been resolved and any issues concerning the Transition Services Agreement are behind it, the Creditor Trust needs more time to finish reviewing its records, follow up for additional information, and analyze the Claims for potential objections. Accordingly, the Creditor Trust requests an extension of the Claims Objection Deadline, as contemplated by the Plan, the Confirmation Order, and the Creditor

Trust Agreement, in order allow adequate time to review the documents in its possession, ascertain whether further documents may be needed, request and receive any such further documents, and generally complete a fulsome and diligent analysis of the Claims.

15. The Creditor Trust will be filing, in short order, the *First Omnibus Objection (Non-Substantive) of the Club W. Creditor Trust Seeking Entry of an Order Disallowing and Expunging Certain Claims (Duplicate, Amended, or Superseded Claims)* (the "First Omnibus Objection"). The First Omnibus Objection objects to those Claims for which the Creditor Trust has already ascertained the basis of an objection and for which the Bankruptcy Code and Rules permit the filing of an omnibus objection.

16. The requested extension of the Claims Objection Deadline will provide the Creditor Trust with additional time to consensually resolve the remaining Claims if and where appropriate, while at the same time providing the Creditor Trust with the opportunity to fully analyze the Claims and determine the factual and legal basis for further potential objections. Consensual resolution of outstanding Claims will conserve judicial resources, eliminate the burdens on this Court that would accompany unnecessary claims litigation, and minimize related expenses that otherwise would be incurred by the Creditor Trust. Where a consensual resolution of the Claims is not practical, the Creditor Trust will prepare, file, and prosecute objections to the remaining Claims.

17. For the above reasons, the Creditor Trust believes that a one hundred and eighty-day extension of the deadline to file and serve objections to all Claims, through and including August 3, 2024, is appropriate.

18. The Creditor Trustee reserves its right to seek a further extension of the time to file and serve objections to the Claims upon motion filed with this Court.

## NO PRIOR REQUEST

19.     No prior request for the relief requested herein has been made by the Creditor Trustee to this Court or any other court.

## NOTICE

20.     Notice of this Motion will be provided to (1) the United States Trustee for Region 3; and (2) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.

21.     The Creditor Trustee respectfully submits that no other or further notice of this Motion is required.

*[remainder of the page intentionally left blank]*

**CONCLUSION**

WHEREFORE, the Creditor Trustee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, Extending the Claims Objection Deadline through and including August 3, 2024, and granting such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: January 30, 2024<br>Wilmington, Delaware | */s/ Mark T. Hurford*<br>Mark T. Hurford (DE No. 3299)<br>**A.M. SACCULLO LEGAL, LLC**<br>27 Crimson King Drive<br>Bear, DE 19701<br>Telephone: (302) 836-8877<br>Facsimile: (302) 836-8787<br>Email: Mark@saccullolegal.com<br><br>George P. Angelich (*Pro Hac Vice*)<br>ARENTFOX SCHIFF LLP<br>1301 Avenue of the Americas, 42nd Floor<br>New York, NY 10019<br>Telephone : (212) 457-5423<br>Email: George.Angelich@afslaw.com<br><br>Justin A. Kesselman (*Pro Hac Vice*)<br>James E. Britton (*Pro Hac Vice*)<br>ARENTFOX SCHIFF LLP<br>800 Boylston Street, 32nd Floor<br>Boston, MA 02199<br>Telephone: (617) 973-6102<br>Email: Justin.Kesselman@afslaw.com<br>            James.Britton@afslaw.com<br><br>*Counsel for Brian K. Ryniker, in his Capacity as Creditor Trustee of the Club W Creditor Trust* |