# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WINC, INC. et al,[1] | ) Chapter 11<br>)<br>) Case No. 22-11238 (LSS)<br>)<br>) (Jointly Administered)<br>)<br>) Hearing: March 11, 2024 @ 2:00 p.m.<br>) Obj. Deadline: February 20, 2024 @ 4:00 p.m.<br>) |

**FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE CLUB W. CREDITOR TRUST SEEKING ENTRY OF AN ORDER DISALLOWING AND EXPUNGING CERTAIN CLAIMS (DUPLICATE, AMENDED OR SUPERSEDED CLAIMS)**

> **THIS OBJECTION SEEKS TO DISALLOW, REDUCE, EXPUNGE, AND/OR RECLASSIFY CERTAIN SCHEDULED AND/OR FILED PROOFS OF CLAIM.**
>
> **PARTIES RECEIVING THE OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE SCHEDULES ANNEXED TO THE OBJECTION TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL TO THE CREDITOR TRUST, JUSTIN A. KESSELMAN OF ARENTFOX SCHIFF LLP AT (617) 973-6102 OR justin.kesselman@afslaw.com.**

The Club W. Creditor Trust (the "Creditor Trust") established by the *Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* [Docket No. 444] (as amended, supplemented, or modified, the "Plan") confirmed in the above-captioned cases jointly administered under Case No. 22-11238 (the "Chapter 11 Cases"), by counsel, hereby files this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). In accordance with Section 9.5 of the Plan, the Debtor Winc Lost Poet, LLC was dissolved as the Effective Date (as defined therein).

omnibus objection (the "Omnibus Objection") and, pursuant to sections 105(a), 502, and 558 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order Approving and Confirming the Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors* [Docket No. 457] (the "Confirmation Order"), seeks entry of an order sustaining the Omnibus Objection (the "Proposed Order"), substantially in the form annexed hereto as **Exhibit B**, disallowing and expunging the proofs of claim identified on **Schedule 1** to the Proposed Order (the "Duplicate, Amended or Superseded Claims," or "the "Disputed Claims").

In support of the relief sought in this Omnibus Objection with regard to Disputed Claims, the Creditor Trust submits the Declaration of Brian Ryniker, annexed hereto as Exhibit A (the "**Ryniker Declaration**"), and respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 502, and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 and Local Rule 3007-1.

2

**BACKGROUND**

4. On November 30, 2022, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The cases are jointly administered under Case No. 22-11238.

5. On December 28, 2022, the Debtors filed their Schedules of Assets and Liabilities (the "Schedules").

6. By order dated March 6, 2023 [Docket No. 277] (the "Bar Date Order"), the Court established April 5, 2023 (the "General Bar Date") as the deadline by which all non-governmental entities must file proofs of prepetition claims (whether administrative, secured, unsecured or priority) against the Debtors' estates. The Bar Date Order also established May 30, 2023 (the "Governmental Unit Bar Date") as the deadline for all governmental units to file proofs of prepetition claims against the Debtors' estates. In accordance with the Bar Date Order, the Debtors served written notice of the General Bar Date and the Governmental Unit Bar Date upon all known entities holding potential prepetition claims against the Debtors on March 7 2023. *See* Affidavit of Service [Docket No. 300].

7. On August 3, 2023, the Court entered the Confirmation Order confirming the Plan.

8. On August 9, 2023 (the "Effective Date"), the Plan became effective. *See Notice of (A) Order Confirming the Combined Disclosure Statement and Joint Chapter 11 Plan of Winc, Inc. and Its Affiliated Debtors and (B) Occurrence of Effective Date* [Docket No 462]. On the Effective Date, the Creditor Trust was established and Brian Ryniker was appointed creditor trustee (the "Creditor Trustee") pursuant to the Creditor Trust Agreement (the "Creditor Trust Agreement"). The Creditor Trust, through the Creditor Trustee, is authorized to review, reconcile, and compromise claims against the bankruptcy estate pursuant to Section 9.6 of the Plan.

9. The Creditor Trust Agreement provides, among other things, that the Creditor Trust "may, but is not required to, set off or recoup against any Claim and the payments or other distributions to be made under the Plan in respect of such Claim, claims of any nature whatsoever that arose before the Petition Date that the Estates or the Creditor Trust may have against the Holder of such Claim." Creditor Trust Agreement, § 6.10.

10. Article 9.2 of the Plan provides, *inter alia*, for the substantive consolidation of the each of the Debtors for Distributions on Allowed Claims.

11. To date, 1,072 proofs of claim have been filed in the Bankruptcy Cases. The Creditor Trust anticipates that it will object to a number of these proofs of claim, both on the bases enumerated in Bankruptcy Rule 3007(d) as well as on additional grounds.

12. The current deadline for objecting to claims is February 5, 2024, subject to the Creditor Trust's right to seek an extension. *See* Plan at §§ 1.27, 11.1.

## RELIEF REQUESTED

13. By this Omnibus Objection, the Creditor Trust requests entry of the Proposed Order, pursuant to sections 105(a), 502, and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, Local Rule 3007-1 and the Bar Date Order, (i) disallowing and expunging the Disputed Claims identified on Schedule 1 to the Proposed Order; and (ii) granting related relief.

## BASIS FOR RELIEF

14. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

15. If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden of demonstrating the validity of the claim. See *In re Oneida, Ltd.,* 400

B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No 09 Civ. 2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010). The ultimate burden of persuasion as to the validity of a claim rests with the claimant. *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir.), *aff'd*, 242 F.3d 367 (2d Cir. 2000).

16. Bankruptcy Rule 3007(e) provides that an omnibus objection shall (a) state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection, (b) list the claimants alphabetically and by category of claims, providing a cross-reference to claim numbers, (c) clearly articulate the grounds of the objection, (d) identify the objector by name and the grounds for the objection in the title, (e) be numbered consecutively, and (f) contain objections to no more than 100 claims. Fed. R. Bankr. P. 3007(e)(1)-(6).

17. Pursuant to Bankruptcy Rule 3007(d), objections may be made to more than one claim in an omnibus objection if the objections

> are based solely on the grounds that the claims should be disallowed, in whole or in party, because they (1) duplicate other claims; (2) they have been filed in the wrong case; (3) they have been amended by subsequently filed proofs of claim; (4) they were not timely filed; (5) they have been satisfied or released during the case in accordance with the Code, the applicable rules, or a court order; (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance; (7) they are interest, rather than claims; or (8) they assert priority in an amount that exceeds the maximum amount under § 507 of the Code.

Fed. R. Bankr. P. 3007(d).

18. Over the course of its review of outstanding claims, the Creditor Trust has identified certain claims that should be modified or disallowed and expunged. As set forth in the Ryniker Declaration, each Proof of Claim has been reviewed for compliance with the Bankruptcy Code, the Bankruptcy Rules, the Bar Date Order, and the Debtors' books and records. This review has shown that certain Proofs of Claim do not accurately reflect the estate's liabilities, as described

5

below. Accordingly, the Creditor Trust brings the following claim objections on behalf of the bankruptcy estate:

## OBJECTIONS TO CLAIMS

19. The Creditor Trust objects to the Duplicate, Amended or Superseded Claims listed on Schedule 1 to the Proposed Order because such claims are either (i) duplicative and seek multiple recoveries for a single liability against the Debtors, or (ii) are amended and superseded by subsequently filed Proofs of Claim. The Creditor Trust has determined that disallowing and expunging the Duplicate, Amended or Superseded Claims will create a more accurate claims register and promote efficient case administration.

20. Each Duplicate, Amended, or Superseded Claim identified on Schedule 1 is listed with a corresponding "Surviving Claim." The Creditor Trust's objection to Duplicate, Amended, or Superseded Claims does not challenge or otherwise impact the validity of Surviving Claims. The Creditor Trust reserves all rights to file subsequent objections challenging the validity of any Surviving Claims, or to object to any Surviving Claims on any other basis identified in this Omnibus Objection.

## RESPONSES TO OBJECTIONS

21. Filing and Service of Responses. To contest an objection to a Disputed Claim, a claimant must file and serve a written response to the objection (a "Response") so that it is received by **Tuesday, February 20, 2024 at 4:00 p.m. (Prevailing Eastern Time)**. Each Response shall be filed and served upon the undersigned counsel to the Creditor Trust. Responses shall include:

   a. a caption setting forth the name of the Bankruptcy Court, the name of the Debtor, and the case number;

    b.   the name of the claimant and description of the basis for the amount of the Disputed Claim;

    c.   a concise statement setting forth the reasons why the objection should not be sustained, including the specific factual and legal bases for any opposition to the requested relief;

    d.   all documentation or other evidence of the Disputed Claim upon which the claimant will rely in opposing this Omnibus Objection at the Hearing;

    e.   the address(es) to which the Creditor Trust must return any reply to the Response; and

    f.   the name, address, and telephone number of the person (which may be the claimant or his/her/its legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Disputed Claim on behalf of the claimant.

22.    <u>Timely Response Required</u>. If a claimant fails to file and serve a timely Response in compliance with paragraph 20 above, the Creditor Trust will present to the Bankruptcy Court an appropriate order modifying or expunging the Disputed Claim without further notice to the claimant or a hearing.

23.    <u>Service Address</u>.  If a Response contains an address for the claimant different from that stated on the objected to Proof of Claim, the address in the Response shall constitute the service address for future service of papers upon that claimant until the Creditor Trust or its professionals receive written notice from the claimant or the claimant's counsel of a changed service address.

AFDOCS:199135081.2

## SEPARATE CONTESTED MATTER

24. To the extent that a response is filed regarding any Disputed Claim and the Creditor Trust is unable to resolve any such response, each such Disputed Claim, and the Objection as it pertains to Disputed Claims, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Creditor Trust requests that any order entered by the Court regarding an objection asserted in this Omnibus Objection be deemed a separate order with respect to each proof of claim.

## COMPLIANCE WITH LOCAL RULE 3007-1

25. The undersigned representative of A.M. Saccullo Legal, LLP ("AMSL") certifies that he has reviewed the requirements of Local Rule 3007-1 and that the First Omnibus Objection substantially complies with that Local Rule. To the extent that the First Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, AMSL believes such deviations are not material and respectfully requests that any such requirement be waived.

## NOTICE

26. Under Bankruptcy Rule 3007, the Creditor Trust will provide at least thirty (30) day notice of this Omnibus Objection to: (a) the United States Trustee; and (b) the Claimants identified on Schedule 1 to the Proposed Order. No previous motion for the relief sought herein has been made to this Court or any other court. In light of the nature of the relief requested herein, the Creditor Trust respectfully submits that no further notice is necessary.

AFDOCS:199135081.2

**CONCLUSION**

27.  For the reasons set forth above and in the Ryniker Declaration, the Creditor Trust requests entry of an order, substantially in the form attached hereto as **Exhibit B**, (a) disallowing and expunging the Duplicate, Amended, or Superseded Claims set forth on Schedule 1 to the Proposed Order; and (b) granting such other relief as the Court deems proper.

| | |
|---|---|
| Dated: January 30, 2024<br>Wilmington, Delaware | **A.M. SACCULLO LEGAL, LLC**<br><br>*/s/ Mark T. Hurford*<br>Mark T. Hurford (DE No. 3299)<br>27 Crimson King Drive<br>Bear, DE 19701<br>Telephone: (302) 836-8877<br>Facsimile: (302) 836-8787<br>Email: Mark@saccullolegal.com<br><br>George P. Angelich (*Pro hac vice)*<br>ARENTFOX SCHIFF LLP<br>1301 Avenue of the Americas, 42nd Floor<br>New York, NY 10019<br>Telephone : (212) 457-5423<br>Email: George.Angelich@afslaw.com<br><br>Justin A. Kesselman (*Pro hac vice*)<br>James E. Britton (*Pro hac vice*)<br>ARENTFOX SCHIFF LLP<br>800 Boylston Street, 32nd Floor<br>Boston, MA 02199<br>Telephone: (617) 973-6102<br>Email: Justin.Kesselman@afslaw.com<br>James.Britton@afslaw.com |

AFDOCS:199135081.2